-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DIRECTV, LLC, AT&T, INC., AT&T SERVICES, INC., AND AT&T COMMUNICATIONS, LLC,<br><br>*Defendants.* | Case No. 2:22-cv-00075-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; AND DISH NETWORK SERVICE L.L.C.,<br><br>*Defendants.* | Case No. 2:22-cv-00076-JRG-RSP<br>(Member Case) |

**JOINT MOTION FOR
LIMITED EXPEDITED VENUE DISCOVERY AND
EXTENSIONS OF TIME TO RESPOND TO DISH'S MOTION TO TRANSFER**

Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") and Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C.'s (collectively, "DISH" or "Defendants") jointly move for limited expedited venue discovery and extensions of time to respond to DISH's Motion to Transfer under 28 U.S.C. § 1404(a)  (Dkt. No. 25) (the "Motion to Transfer").

-1-

312475386.1

## I.   Limited Venue Discovery Is Warranted Under the Circumstances

Entropic filed its complaint against DISH on March 9, 2022, alleging infringement of U.S. Patent Nos. 7,130,576; 7,542,715; and 8,792,008. Dkt. No. 1.  On April 27, 2022, DISH filed the Motion to Transfer.  As part of DISH's Motion, DISH seeks an order from the Court transferring the case to the District of Colorado pursuant to 28 U.S.C. § 1404(a). *See* Dkt. No. 25.

In its Motion to Transfer, DISH raises various issues concerning the convenience of the District of Colorado.  DISH submitted three declarations in support of its Motion to Transfer, including two attorney declarations and the declaration of Dan Minnick, which provides information about certain DISH employees and ex-employees located in Colorado. DISH also provides information about various third parties who are not in Colorado and who may have relevant information in this case.

Here, Entropic seeks discovery to fairly respond to DISH's Motion, including discovery to determine the relevance of various documents, employees, and ex-employees DISH argues are in Colorado.  Entropic also seeks discovery to determine the location of key third party witnesses and other sources of proof that are not in Colorado. Entropic can only use publicly available information to oppose the Motion to Transfer, whereas DISH has access to both publicly available and internal confidential (and non-confidential) information to support its Motion. Limited venue discovery will also permit the Court to have a more complete record to analyze the issues raised in DISH's Motion.  Entropic therefore believes that limited venue discovery is warranted under the circumstances. *See Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) ("discovery 'could . . . add[ ] [ ]significant facts' that might bear on the jurisdictional determination." (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000))); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to

312475386.1

ascertain the facts bearing on such issues."). While DISH does not believe venue discovery is needed, to avoid burdening the Court with a dispute, it has agreed to the below.

The parties have jointly arrived at the following agreed plan for expedited venue discovery:

1. Deposition of Dan Minnick on his venue declaration and as DISH's 30(b)(6) witness on venue, for up to 7 hours;

2. 7 total venue interrogatories to Defendants, responses due 14 days from service;

3. 7 total venue requests for production to Defendants, responses due 14 days from service;

4. 15 venue requests for admission to Plaintiff, responses due 14 days from service;

5. Should Plaintiff provide a declaration in support of its opposition to the motion to transfer, a deposition of up to 7 hours of plaintiff's declarant (in his or her individual capacity on his or her declaration and as the 30(b)(6) witness of plaintiff on venue) within 7 days of service of service of the declaration; and

6. Depositions and other discovery of all third parties shall be conducted during the regular period of time allotted for fact discovery;

The parties have also jointly agreed that venue discovery, with the exception of Defendants' deposition of Plaintiff referenced in point 5, above, shall be completed within 60 days of the order permitting venue discovery to begin.[1]

The parties have also jointly agreed to the following extensions of time for opposition and reply briefs:

7. Plaintiff's opposition to the Motion to Transfer will be due 14 days from the initial 60 day completion of venue discovery; and

8. Defendant's reply to the Motion to Transfer will be due 14 days from service of the Plaintiff's opposition.

---

[1] The parties currently disagree about whether venue discovery should count against overall case discovery limitations, but will address that issue in the context of the proposed discovery order if the issue remains after Rule 26(f) discussions.

The parties respectfully request that the Court order the agreed limited venue discovery and extensions of time described above.

Should the Court deny the present motion, Entropic alternatively requests that its deadline to respond to DISH's Motion to Transfer be extended to seven days after any Court order denying this motion.

## II.   Conclusion

For the foregoing reasons, the parties request that the Court allow the expedited venue discovery and extensions of time to file opposition and reply briefs requested herein.

Dated: May 12, 2022                                    Respectfully submitted,

  /s/  James Shimota *(by permission Wesley Hill)*
James Shimota – Lead Attorney
Jason Engel
George Summerfield
Devon Beane
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
devon.beane@klgates.com

Brian Bozzo
**K&L GATES LLP**
210 Sixth Ave.
Pittsburgh, PA 15222
Tel.: (412) 355-6500
Fax: (412) 355-6501
brian.bozzo@klgates.com

Wesley Hill
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy

312475386.1

Longview, TX 75604
Tel: (903) 757-6400
Fax (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

/s/ *Amanda Tessar (by permission Wesley Hill)*
Matthew Bernstein, CA Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real #300
San Diego, CA 92130
Telephone: (858) 720-5721
Facsimile: (858) 720-5799

Amanda Tessar, CO Bar No. 33173
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: (303) 291-2357
Facsimile: (303) 291-2457

Melissa Richards Smith, Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties worked together via email to negotiate Plaintiff's request for limited venue discovery and extensions of time to respond to DISH's Motion to Transfer. The parties reached agreement on the limited venue discovery and extensions of time Plaintiff seeks. Accordingly, this motion is jointly submitted.

/s/ Wesley Hill

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on May 12, 2022 via electronic delivery to all counsel of record.

/s/ Wesley Hill