## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, AT&T, INC.,<br>AT&T SERVICES, INC, and<br>AT&T COMMUNICATIONS LLC,<br><br>Defendants. | **Case No. 2:22-cv-00075-JRG**<br><br>**JURY TRIAL DEMANDED** |

### DIRECTV'S ANSWER AND DEFENSES TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant DIRECTV, LLC ("DIRECTV" or "Defendant"), by and through its attorneys, answers the First Amended Complaint for Patent Infringement (Dkt. 20, "FAC") filed by Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") and assert defenses as follows:

### ANSWER

### <u>GENERAL DENIAL</u>

Unless specifically admitted below, DIRECTV[1] denies each and every allegation in the FAC. To the extent the headings of the FAC are construed as allegations, they are each denied. DIRECTV specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable damage for which DIRECTV is responsible.

---

[1]  In the FAC, Plaintiff refers to Defendant as "DirecTV, LLC" (and "DirecTV" as shorthand). The correct name of Defendant is "DIRECTV, LLC" (or "DIRECTV").

**NATURE OF THE ACTION**

1.       DIRECTV admits that this is a civil action in which Plaintiff purports to allege patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* of U.S. Patent Nos. 7,130,576 ("the '576 Patent"), 7,542,715 ("the '715 Patent"), and 8,792,008 ("the '008 Patent") (collectively "the Patents-in-Suit").   DIRECTV denies all allegations of infringement in the FAC.

**THE PARTIES**

2.       DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the FAC and, therefore, denies all allegations of Paragraph 2 of the FAC.

3.       DIRECTV admits the allegations of Paragraph 3 of the FAC.

4.       DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FAC and, therefore, denies all allegations of Paragraph 4 of the FAC.

5.       The parties have agreed to dismiss AT&T Inc. as a named defendant.   To the extent a response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the FAC and, therefore, denies all allegations of Paragraph 5 of the FAC.

6.       DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the FAC and, therefore, denies all allegations of Paragraph 6 of the FAC.

7.       The parties have agreed to dismiss AT&T Communications, LLC as a named defendant.   To the extent a response is required, DIRECTV is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FAC and, therefore, denies all allegations of Paragraph 7 of the FAC.

8.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the FAC including, but not limited to, the issue that the term "locations" is not clear, and, therefore, denies all allegations of Paragraph 8 of the FAC.

9.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the FAC including, but not limited to, the issue that the term "facilities" is not clear, and, therefore, denies all allegations of Paragraph 9 of the FAC.

10.     DIRECTV admits that it may presently be served with process through CT Corp. System at 1999 Bryan St. Suite 900, Dallas, Texas 75201.  DIRECTV denies the remaining allegations of Paragraph 10 of the FAC.

11.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the FAC including, but not limited to, the issue that the term "physical locations" is not clear, and, therefore, denies all allegations of Paragraph 11 of the FAC.

12.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the FAC and, therefore, denies all allegations of Paragraph 12 of the FAC.

13.     DIRECTV denies the allegations of Paragraph 13 of the FAC.

14.     DIRECTV denies the allegations of Paragraph 14 of the FAC.

15.     DIRECTV denies the allegations of Paragraph 15 of the FAC.

16.     DIRECTV denies the allegations of Paragraph 16 of the FAC.

17.     DIRECTV denies that a Senior Area Sales Manager works in this District and that DIRECTV employees work in Allen, Texas.  DIRECTV admits that employees of DIRECTV may work in this District from time to time.  DIRECTV otherwise denies the allegations of Paragraph 17 of the FAC.

18.     DIRECTV admits that a limited number of DIRECTV employees in this District occupy office space that is leased or subleased by DIRECTV from AT&T.  DIRECTV admits that a limited number of employees of DIRECTV may work remotely in this District.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the FAC and therefore denies the same.

19.     DIRECTV admits that it may supply employees working at offices and remotely, including in this District, with certain equipment.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to AT&T set forth in Paragraph 19 of the FAC and therefore denies the same.

20.     DIRECTV admits that, as of the date of this Answer, the webpage located at https://www.directv.com/DTVAPP/global/findRetailer.jsp?assetId=cms_find_retailer    states, "Want to visit us in person?  Get expert advice from one of our AT&T retail stores in your area." DIRECTV otherwise denies the allegations of Paragraph 20 of the FAC.

21.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the FAC and, therefore, denies all allegations of Paragraph 21 of the FAC.

22.     DIRECTV admits that certain independent third parties are authorized to sell DIRECTV products and services around the country, including in this District.  DIRECTV otherwise denies the allegations of Paragraph 22 of the FAC.

23.     DIRECTV denies the allegations of Paragraph 23 of the FAC.

24.     DIRECTV denies the allegations of Paragraph 24 of the FAC.

25.     DIRECTV denies that authorized dealers must regularly reapply and show they continue to be appropriate representatives of the DIRECTV brand.   DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the FAC and therefore denies the same.

26.     DIRECTV denies the allegations of Paragraph 26 of the FAC.

27.     DIRECTV admits that TNT Internet & TV in Marshall, Texas is a dealer of certain DIRECTV products and services.  DIRECTV denies the remaining allegations of Paragraph 27 of the FAC.

28.     DIRECTV denies the allegations of Paragraph 28 of the FAC.

29.     DIRECTV denies the allegations of Paragraph 29 of the FAC.

30.     DIRECTV denies the allegations of Paragraph 30 of the FAC.

31.     DIRECTV admits that employees of DIRECTV may provide troubleshooting on equipment located at LRFs, including in this District.  DIRECTV otherwise denies the allegations of Paragraph 31 of the FAC.

32.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the FAC and, therefore, denies all allegations of Paragraph 32 of the FAC.

33.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the FAC and, therefore, denies all allegations of Paragraph 33 of the FAC.

34.     DIRECTV admits that prospective customers for DIRECTV satellite service can sign up and schedule home installation in certain AT&T-branded stores.  DIRECTV is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the FAC and therefore denies the same.

35.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the FAC and, therefore, denies all allegations of Paragraph 35 of the FAC.

36.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the FAC and, therefore, denies all allegations of Paragraph 36 of the FAC.

37.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the FAC and, therefore, denies all allegations of Paragraph 37 of the FAC.

38.     DIRECTV admits that hyperlinks with the word "TV" on the webpage https://www.att.com redirects to the webpage https://www.directv.com.  DIRECTV otherwise denies the allegations of Paragraph 38 of the FAC.

39.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the FAC and, therefore, denies all allegations of Paragraph 39 of the FAC.

40.     DIRECTV denies the allegations of Paragraph 40 of the FAC.

41.     DIRECTV admits that prior to the divestiture of DIRECTV (which occurred prior to the filing of this action), AT&T evaluated third parties to become authorized to sell DIRECTV branded products and services.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the FAC and therefore denies the same.

42.     DIRECTV denies the allegations of Paragraph 42 of the FAC.

43.     DIRECTV admits that, as of the date of this Answer, the webpage located at https://www.att.com/att/newdealer/ states, "AT&T continues to innovate with first-rate products like DIRECTV®, AT&T Mobility, AT&T Fiber, Business Solutions, and FirstNet Services. DIRECTV otherwise denies the allegations of Paragraph 43 of the FAC.

44.     DIRECTV denies the allegations of Paragraph 44 of the FAC.

45.     DIRECTV denies the allegations of Paragraph 45 of the FAC.

46.     DIRECTV admits that Trademark Registration No. 5835109 is a trademark with both the AT&T globe logo and the word "DIRECTV," and that according to the U.S. Patent and Trademark website it is registered to AT&T Intellectual Property II, L.P and AT&T Intellectual Property, LLC.  DIRECTV otherwise denies the allegations of Paragraph 46 of the FAC.

47.     DIRECTV denies the allegations of Paragraph 47 of the FAC.

48.     DIRECTV admits that AT&T employees are on the Board of Managers for DIRECTV.  DIRECTV otherwise denies the allegations of Paragraph 48 of the FAC.

49.     DIRECTV admits that pursuant to an agreement, certain employees of DIRECTV perform services for AT&T for which AT&T compensates DIRECTV, and vice versa.  DIRECTV otherwise denies the allegations of Paragraph 49 of the FAC.

50.     DIRECTV admits that a limited number of DIRECTV employees occupy certain office space that is leased or subleased by DIRECTV from AT&T.  DIRECTV otherwise denies the allegations of Paragraph 50 of the FAC.

51.     DIRECTV denies the allegations of Paragraph 51 of the FAC.

52.     DIRECTV admits that, as of the date of this Answer, the link "Internet bundles" under "SATELLITE TV" on the webpage https://www.directv.com/satellite/technology/ redirects to the webpage https://www.att.com/bundles/directv-internet/.  DIRECTV otherwise denies the allegations of Paragraph 52 of the FAC.

## JURISDICTION AND VENUE

53.     To the extent Plaintiff brings a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, DIRECTV does not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  DIRECTV otherwise denies the allegations of Paragraph 53 of the FAC.

54.     The allegations of Paragraph 54 contain legal conclusions to which no response is required.  To the extent a response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 54 of the FAC and therefore denies the same.  Additionally, DIRECTV denies the allegations of Paragraph 54 of the FAC relating to DIRECTV, including any implication that DIRECTV's conduct constitutes an act of infringement of any valid and enforceable patent.

55.     DIRECTV admits that customers can subscribe to certain satellite television services[2] on DIRECTV's website.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 of the FAC and therefore denies the same.

56.     DIRECTV admits that AT&T is authorized to sell certain DIRECTV-branded satellite television services at certain AT&T owned or authorized retail locations.  DIRECTV otherwise denies the allegations of Paragraph 56 of the FAC.

57.     DIRECTV admits that customers in this District can have certain DIRECTV-branded satellite television services installed.  DIRECTV otherwise denies the allegations of Paragraph 57 of the Complaint.

---

[2]  DIRECTV specifically denies that the Accused Satellite Television Services, as defined in the FAC, infringe any claim of any Patent-in-Suit.

58.     DIRECTV admits that it has transacted business in the State of Texas, including in this District.  DIRECTV otherwise denies the allegations of Paragraph 58 of the FAC.

59.     DIRECTV denies the allegations of Paragraph 59 of the FAC.

60.     DIRECTV admits that it may presently be served with process through CT Corp. System at 1999 Bryan St. Suite 900, Dallas, Texas 75201.  DIRECTV otherwise denies the allegations of Paragraph 60 of the FAC.

61.     DIRECTV admits that it operates a website that offers certain satellite television services and that the website can be accessed through the continental United States, including in the State of Texas and in this District.  DIRECTV otherwise denies the allegations of Paragraph 61 of the FAC.

62.     The allegations of Paragraph 62 contain legal conclusions to which no response is required.  To the extent a response is required, DIRECTV denies the allegations of Paragraph 62 of the FAC.

63.     The allegations of Paragraph 63 contain legal conclusions to which no response is required.  To the extent a response is required, DIRECTV denies the allegations of Paragraph 63 of the FAC.

64.     DIRECTV denies the allegations of Paragraph 64 of the FAC.

65.     DIRECTV denies the allegations of Paragraph 65 of the FAC.

66.     DIRECTV denies the allegations of Paragraph 66 of the FAC.

67.     DIRECTV admits that customers in this District can obtain certain DIRECTV-branded satellite television services.  DIRECTV otherwise denies the allegations of Paragraph 67 of the FAC.

68.     DIRECTV denies the allegations of Paragraph 68 of the FAC.

69.     DIRECTV admits that residents in this District may hear and/or view advertisements for DIRECTV products and/or services.   DIRECTV otherwise denies the allegations of Paragraph 69 of the FAC.

70.     DIRECTV admits that customers in this District can obtain certain DIRECTV-branded satellite television services.  DIRECTV otherwise denies the allegations of Paragraph 70 of the FAC.

71.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the FAC and, therefore, denies all allegations of Paragraph 71 of the FAC.

72.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the FAC and, therefore, denies all allegations of Paragraph 72 of the FAC.

73.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the FAC and, therefore, denies all allegations of Paragraph 73 of the FAC.

74.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the FAC and, therefore, denies all allegations of Paragraph 74 of the FAC.

75.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the FAC and, therefore, denies all allegations of Paragraph 75 of the FAC.

76.     The allegations of Paragraph 76 contain legal conclusions to which no response is required.  To the extent a response is required, DIRECTV is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the FAC and, therefore, denies all allegations of Paragraph 76 of the FAC.

77.     The allegations of Paragraph 77 contain legal conclusions to which no response is required.  To the extent a response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the FAC and, therefore, denies all allegations of Paragraph 77 of the FAC.

78.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the FAC and, therefore, denies all allegations of Paragraph 78 of the FAC.

79.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the FAC and, therefore, denies all allegations of Paragraph 79 of the FAC.

80.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the FAC and, therefore, denies all allegations of Paragraph 80 of the FAC.

81.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the FAC and, therefore, denies all allegations of Paragraph 81 of the FAC.

82.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the FAC and, therefore, denies all allegations of Paragraph 82 of the FAC.

83.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the FAC and, therefore, denies all allegations of Paragraph 83 of the FAC.

84.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the FAC and, therefore, denies all allegations of Paragraph 84 of the FAC.

85.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the FAC and, therefore, denies all allegations of Paragraph 85 of the FAC.

## THE PATENTS-IN-SUIT

86.     DIRECTV admits that the '576 patent, on its face, is titled "Signal Selector and Combiner for Broadband Content Distribution" and purports to have issued on October 31, 2006. DIRECTV denies that the '576 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 86 of the FAC and therefore denies the same.

87.     DIRECTV admits that an *ex parte* reexamination certificate for the '576 Patent purports to have been issued on August 11, 2009.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 87 of the FAC and therefore denies the same.

88.     DIRECTV admits that Exhibit A purports to be a copy of the '576 Patent. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 88 of the FAC and therefore denies the same.

89.     DIRECTV admits that the '715 patent, on its face, is titled "Signal Selector and Combiner for Broadband Content Distribution" and purports to have issued on June 2, 2009. DIRECTV further admits that Exhibit B purports to be a copy of the '715 Patent.  DIRECTV denies that the '715 Patent was duly and legally issued by the USPTO.  DIRECTV is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of the FAC and therefore denies the same.

90.     DIRECTV admits that the '008 patent, on its face, is titled "Method and Apparatus for Spectrum Monitoring" and purports to have issued on July 29, 2014.  DIRECTV further admits that Exhibit C purports to be a copy of the '008 Patent.  DIRECTV denies that the '008 Patent was duly and legally issued by the USPTO.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 90 of the FAC and therefore denies the same.

91.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the FAC and, therefore, denies all allegations of Paragraph 91 of the FAC.

## ENTROPIC'S LEGACY AS A SATELLITE INNOVATOR

92.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the FAC and, therefore, denies all allegations of Paragraph 92 of the FAC.

93.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the FAC and, therefore, denies all allegations of Paragraph 93 of the FAC.

94.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the FAC and, therefore, denies all allegations of Paragraph 94 of the FAC.

95.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the FAC and, therefore, denies all allegations of Paragraph 95 of the FAC.

96.    DIRECTV admits that it had agreements and a commercial relationship with Entropic Communications Inc.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 96 of the FAC and therefore denies the same.

97.    DIRECTV admits that MaxLinear, Inc. is purported to have acquired Entropic Communications Inc. around 2015.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 97 of the FAC and therefore denies the same.

98.    DIRECTV admits that it has used parts supplied by Entropic Communications Inc. and MaxLinear, Inc. in certain of its products.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 98 of the FAC and therefore denies the same.

99.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the FAC and, therefore, denies all allegations of Paragraph 99 of the FAC.

### <u>FIRST CAUSE OF ACTION</u>
### (Infringement of the '576 Patent by AT&T and DIRECTV)

100.    Paragraphs 1–99 of DIRECTV's Answer are incorporated by reference as if set forth herein.

101.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the FAC and, therefore, denies all allegations of Paragraph 101 of the FAC.

102.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the FAC—including, but not limited to, because none of the technical terms in Paragraph 102 are sufficiently defined in the FAC and the

allegations do not specify a specific system or timeframe—and, therefore, denies all allegations of Paragraph 102 of the FAC.

103.     DIRECTV admits that the '576 Patent states, "In a satellite receiving system, program channels are selected from one or more broadband signals and combined with other selected channels and transmitted from a first unit, for example an outdoor unit, to a second unit, for example a gateway, server, or set-top box, using a single cable."  DIRECTV denies that it implements the single wire transmission described and claimed in the '576 Patent.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 103 of the FAC and therefore denies the same.

104.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the FAC with respect to DIRECTV, including because the FAC does not sufficiently define "signal selector and combiner" (SSC), and therefore denies the same.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 104 of the FAC and therefore denies the same.

105.     DIRECTV is without knowledge or information sufficient to form a belief as to whether it has made, used, imported, supplied, distributed, sold, offered for sale, and leased SSC devices that perform the Accused Satellite Television Services, including because the FAC does not sufficiently define "signal selector and combiner" (SSC), and therefore DIRECTV denies such allegations.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 105 of the FAC and therefore denies the same.

106.     DIRECTV denies the allegations of Paragraph 106 of the FAC.

107.     DIRECTV denies the allegations of Paragraph 107 of the FAC.

108.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the FAC and, therefore, denies all allegations of Paragraph 108 of the FAC.

109.    DIRECTV denies the allegations of Paragraph 109 of the FAC.

110.    DIRECTV denies the allegations of Paragraph 110 of the FAC.

111.    DIRECTV denies that it received the letters addressed to Michael Hartman in Exhibits G and H to the FAC.  DIRECTV admits that the original Complaint in this Action was served on CT Corp. System on March 10, 2022.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 111 of the FAC and therefore denies the same.  DIRECTV denies the remaining allegations of Paragraph 111 of the FAC.

112.    DIRECTV denies the allegations of Paragraph 112 of the FAC.

113.    DIRECTV denies the allegations of Paragraph 113 of the FAC.

114.    DIRECTV denies the allegations of Paragraph 114 of the FAC.

115.    DIRECTV denies the allegations of Paragraph 115 of the FAC.

116.    DIRECTV denies the allegations of Paragraph 116 of the FAC.

117.    DIRECTV denies the allegations of Paragraph 117 of the FAC.

118.    DIRECTV admits that, on their faces, U.S. Patent Nos. 8,997,157, 8,238,813, and 8,024,759 cite the '576 Patent.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the FAC and therefore denies the same.

119.    DIRECTV denies the allegations of Paragraph 119 of the FAC.

120.    DIRECTV denies the allegations of Paragraph 120 of the FAC.

121.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the FAC and, therefore, denies all allegations of Paragraph 121 of the FAC.

## SECOND CAUSE OF ACTION
### (Infringement of the '715 Patent by AT&T and DIRECTV)

122.    Paragraphs 1–121 of DIRECTV's Answer are incorporated by reference as if set forth herein.

123.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the FAC and, therefore, denies all allegations of Paragraph 123 of the FAC.

124.    DIRECTV admits that the '715 Patent states: "A channel selecting and combining solution is used in the outdoor unit where one or more transponder channels are selected from each LNB output. The transponder channel or channels needed from each LNB are selected by a filter. Each selected transponder signal may be translated to a new channel frequency. The selected transponder channels are combined to form a composite signal. All of the selected, translated, and combined transponder channels are transmitted over a single cable to a gateway unit that extracts the channels to distribute to the IRDs."  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 124 of the FAC and therefore denies the same.

125.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the FAC with respect to DIRECTV, including because the FAC does not sufficiently define "signal selector and combiner" (SSC), and therefore denies the same.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 125 of the FAC and therefore denies the same.

126.    DIRECTV is without knowledge or information sufficient to form a belief as to whether it has made, used, imported, supplied, distributed, sold, offered for sale, and leased gateway systems that perform the Accused Satellite Television Services, including because the FAC does not sufficiently define "gateway systems that perform the Accused Satellite Television Services," and therefore DIRECTV denies such allegations.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 126 of the FAC and therefore denies the same.

127.    DIRECTV denies the allegations of Paragraph 127 of the FAC.

128.    DIRECTV denies the allegations of Paragraph 128 of the FAC.

129.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the FAC and, therefore, denies all allegations of Paragraph 129 of the FAC.

130.    DIRECTV denies the allegations of Paragraph 130 of the FAC.

131.    DIRECTV denies the allegations of Paragraph 131 of the FAC.

132.    DIRECTV denies that it received the letters addressed to Michael Hartman in Exhibits G and H to the FAC.  DIRECTV admits that the original Complaint in this Action was served on CT Corp. System on March 10, 2022.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 132 of the FAC and therefore denies the same.  DIRECTV denies the remaining allegations of Paragraph 132 of the FAC.

133.    DIRECTV denies the allegations of Paragraph 133 of the FAC.

134.    DIRECTV denies the allegations of Paragraph 134 of the FAC.

135.    DIRECTV denies the allegations of Paragraph 135 of the FAC.

136.    DIRECTV denies the allegations of Paragraph 136 of the FAC.

137.   DIRECTV denies the allegations of Paragraph 137 of the FAC.

138.   DIRECTV admits that, on their faces, U.S. Patent Nos. 7,987,486, 8,238,813, and 8,789,115 cite the '715 Patent.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 138 of the FAC and therefore denies the same.

139.   DIRECTV denies the allegations of Paragraph 139 of the FAC.

140.   DIRECTV denies the allegations of Paragraph 140 of the FAC.

141.   DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the FAC and, therefore, denies all allegations of Paragraph 141 of the FAC.

### THIRD CAUSE OF ACTION
### (Infringement of the '008 Patent by AT&T and DIRECTV)

142.   Paragraphs 1–141 of DIRECTV's Answer are incorporated by reference as if set forth herein.

143.   DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the FAC and, therefore, denies all allegations of Paragraph 143 of the FAC.

144.   DIRECTV admits that the '008 Patent states, "A system, such as a satellite reception assembly or customer premises gateway, may comprise an analog-to-digital converter operable to digitize a signal spanning an entire television spectrum (e.g., cable television spectrum or satellite television spectrum) comprising a plurality of television channels. The system may comprise a signal monitor operable to analyze a signal to determine a characteristic of the signal." DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 144 of the FAC and therefore denies the same.

145.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the FAC with respect to DIRECTV, including because the FAC does not sufficiently define "monitoring equipment" or "monitoring devices," and therefore denies the same.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 145 of the FAC and therefore denies the same.

146.    DIRECTV is without knowledge or information sufficient to form a belief as to whether it has made, used, imported, supplied, distributed, sold, offered for sale, and leased monitoring devices that perform the Accused Satellite Television Services, including because the FAC does not sufficiently define "monitoring devices that perform the Accused Satellite Television Services," and therefore DIRECTV denies such allegations.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in Paragraph 146 of the FAC and therefore denies the same.

147.    DIRECTV denies the allegations of Paragraph 147 of the FAC.

148.    DIRECTV denies the allegations of Paragraph 148 of the FAC.

149.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the FAC and, therefore, denies all allegations of Paragraph 149 of the FAC.

150.    DIRECTV denies the allegations of Paragraph 150 of the FAC.

151.    DIRECTV denies the allegations of Paragraph 151 of the FAC.

152.    DIRECTV denies that it received the letters addressed to Michael Hartman in Exhibits G and H to the FAC.  DIRECTV admits that the original Complaint in this Action was served on CT Corp. System on March 10, 2022.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to AT&T set forth in

Paragraph 152 of the FAC and therefore denies the same.   DIRECTV denies the remaining allegations of Paragraph 152 of the FAC.

153.    DIRECTV denies the allegations of Paragraph 153 of the FAC.

154.    DIRECTV denies the allegations of Paragraph 154 of the FAC.

155.    DIRECTV denies the allegations of Paragraph 155 of the FAC.

156.    DIRECTV denies the allegations of Paragraph 156 of the FAC.

157.    DIRECTV denies the allegations of Paragraph 157 of the FAC.

158.    DIRECTV denies the allegations of Paragraph 158 of the FAC.

159.    DIRECTV denies the allegations of Paragraph 159 of the FAC.

160.    DIRECTV denies the allegations of Paragraph 160 of the FAC.

161.    DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the FAC and, therefore, denies all allegations of Paragraph 161 of the FAC.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

A response is not required to Plaintiff's demand for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

A response is not required to Plaintiff's prayer for relief.   To the extent that a response is deemed required, DIRECTV denies that Plaintiff is entitled to the relief it seeks or to any relief at all for the allegations made in the FAC.   DIRECTV has not infringed any valid and enforceable claim of any Patent-in-Suit, and Plaintiff is not entitled to any remedy or recovery.   Plaintiff's prayer should therefore be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## AFFIRMATIVE AND OTHER DEFENSES

DIRECTV asserts the following affirmative and other defenses.  Assertion of a defense is not a concession that DIRECTV has the burden of proving the matter asserted.  In addition to the defenses described below, DIRECTV expressly reserves the right to allege additional defenses as they become known.

### FIRST DEFENSE
### (Failure to State a Claim)

The FAC, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

DIRECTV has not infringed and currently does not infringe, either directly, jointly or indirectly, any valid and enforceable claim of any Patent-in-Suit that Plaintiff has asserted or will properly assert that DIRECTV infringes, literally or under the doctrine of equivalents or in any other manner.

### THIRD DEFENSE
### (Invalidity and Patent Ineligibility)

All claims of the Patents-in-Suit are invalid and patent ineligible for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, 112, and/or 116.

### FOURTH DEFENSE
### (Prosecution History Estoppel / Prosecution Disclaimer / Ensnarement)

Plaintiff is barred by the doctrine of prosecution history estoppel, prosecution disclaimer, and/or ensnarement from contending that any claim of the Patents-in-Suit covers any product, service, or method practiced, manufactured, used, sold, or offered for sale by DIRECTV, in any manner inconsistent with arguments made by the patent applicant or assignees in prosecuting the

patent, with respect to any subject matter surrendered during prosecution of the patent, or in such a manner that would ensnare the prior art.

## FIFTH DEFENSE
### (Equitable Defenses)

Plaintiff's claims for relief against DIRECTV are barred in whole or in part by the equitable doctrines of estoppel, unclean hands, waiver, and/or implied waiver.

## SIXTH DEFENSE
### (Release, License, and Exhaustion)

Plaintiff's claims for relief against DIRECTV are barred in whole or in part by release, license, or exhaustion, express or implied, and/or restrictions on double recovery.  For example, on information and belief, components in the Accused Satellite Television Services are provided by suppliers that are licensed under one or more of the Patents-in-Suit.

## SEVENTH DEFENSE
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against DIRECTV under 35 U.S.C. § 285.

## EIGHTH DEFENSE
### (Limitation on Damages)

In the event DIRECTV is found to infringe any valid and enforceable claim of any Patent-in-Suit, any such damages are limited by, without limitation 35 U.S.C. §§ 286 and 287.

## NINTH DEFENSE
### (No Willful or Egregious Infringement)

Plaintiff is not entitled to enhanced damages, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, and/or characteristic of a pirate.

## TENTH DEFENSE
### (Lack of Standing)

To the extent that Plaintiff did not, or does not, hold all substantial rights, title, and interest in one or more of the Patents-in-Suit, Plaintiff lacks standing to bring, or maintain, this lawsuit in connection with such patent.

## ELEVENTH DEFENSE
### (Action Barred by 28 U.S.C. § 1498)

Plaintiff's claims for relief against DIRECTV are barred in whole or in part by 28 U.S.C. § 1498.

## TWELFTH DEFENSE
### (Reservation of Defenses)

DIRECTV reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents-in-Suit based on inequitable conduct, based on discovery and further factual investigation in this action.

## DEMAND FOR A JURY TRIAL

DIRECTV demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, DIRECTV seeks the following relief:

A.     That the Complaint against DIRECTV be dismissed in its entirety with prejudice;

B.     That this Court find and enter a declaration that all claims of the Patents-in-Suit that Plaintiff has asserted or will properly assert against DIRECTV are invalid and patent ineligible pursuant to Title 35 of the United States Code;

C.      That this Court find that DIRECTV has not infringed and does not infringe, in any manner, any valid and enforceable asserted claim of any Patent-in-Suit;

D.      That this Court find the asserted claims of the Patents-in-Suit unenforceable against DIRECTV;

E.      That Plaintiff take nothing by reason of its Complaint;

F.      That DIRECTV be awarded under 35 U.S.C. § 285 its reasonable attorneys' fees and costs of suit incurrent in this action, as Plaintiff's conduct as set forth above renders this an exceptional case;

G.      That DIRECTV be awarded its costs of suit;

H.      That this Court enter a judgment against Plaintiff in favor of DIRECTV in all respects; and

I.      Any such other relief as the Court deems to be just and proper.

DATED:  May 16, 2022

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Katherine Q. Dominguez*

Benjamin Hershkowitz
Katherine Q. Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com

Brian Buroker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
bburoker@gibsondunn.com

Nathan R. Curtis (#24078390)
Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
ncurtis@gibsondunn.com
ayang@gibsondunn.com

**THE DACUS FIRM, P.C.**

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
ddacus@dacusfirm.com

*Counsel for Defendant DIRECTV, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed electronically on May 16, 2022, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Katherine Q. Dominguez*