**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC, AT&T, INC., AT&T SERVICES, INC, and AT&T COMMUNICATIONS LLC, <br><br> Defendants. | **Case No. 2:22-cv-00075-JRG** <br><br> **JURY TRIAL DEMANDED** |

**AT&T SERVICES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant AT&T Services, Inc. ("AT&T" or "Defendant"),[1] by and through its attorneys, answers the First Amended Complaint for Patent Infringement (Dkt. 20, "FAC") filed by Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") and assert defenses as follows:

**ANSWER**

**GENERAL DENIAL**

Unless specifically admitted below, AT&T denies each and every allegation in the FAC. To the extent the headings of the FAC are construed as allegations, they are each denied. AT&T specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable damage for which AT&T is responsible.

---

[1]  The parties have agreed to dismiss named defendants AT&T Inc. and AT&T Communications. As used herein, the term "AT&T" does not include AT&T Inc. or AT&T Communications, LLC.

## NATURE OF THE ACTION

1.      AT&T admits that this is a civil action in which Plaintiff purports to allege patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* of U.S. Patent Nos. 7,130,576 ("the '576 Patent"), 7,542,715 ("the '715 Patent"), and 8,792,008 ("the '008 Patent") (collectively "the Patents-in-Suit").  AT&T denies all allegations of infringement in the FAC.

## THE PARTIES

2.      AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the FAC and, therefore, denies all allegations of Paragraph 2 of the FAC.

3.      AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the FAC and, therefore, denies all allegations of Paragraph 3 of the FAC.

4.      AT&T admits AT&T Services, Inc. and AT&T Communications, LLC are direct or indirect subsidiaries of AT&T Inc.  AT&T denies the remaining allegations of Paragraph 4 of the FAC.

5.      The parties have agreed to dismiss AT&T Inc. as a named defendant, and therefore no response is required.  To the extent a response is required, AT&T admits the allegations of Paragraph 5 of the FAC.

6.      AT&T admits the allegations of Paragraph 6 of the FAC.

7.      The parties have agreed to dismiss AT&T Communications, LLC as a named defendant, and therefore no response is required.  To the extent a response is required, AT&T admits the allegations of Paragraph 7 of the FAC.

8.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the FAC and, therefore, denies all allegations of Paragraph 8 of the FAC.

9.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the FAC and, therefore, denies all allegations of Paragraph 9 of the FAC.

10.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the FAC and, therefore, denies all allegations of Paragraph 10 of the FAC.

11.     AT&T admits that AT&T-branded stores are located in this District.  AT&T denies the remaining allegations of Paragraph 11 of the FAC.

12.     AT&T admits that AT&T Services, Inc. may presently be served with process through CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  AT&T denies the remaining allegations of Paragraph 12 of the FAC.

13.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the FAC and, therefore, denies all allegations of Paragraph 13 of the FAC.

14.     AT&T admits that an AT&T-branded store is currently located at 1712 E Grand Ave, Marshall, Texas 75670 and that DIRECTV products and services can be obtained at such store.  AT&T denies the remaining allegations of Paragraph 14 of the FAC.

15.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the FAC and, therefore, denies all allegations of Paragraph 15 of the FAC.

16.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the FAC and, therefore, denies all allegations of Paragraph 16 of the FAC.

17.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the FAC and, therefore, denies all allegations of Paragraph 17 of the FAC.

18.     AT&T admits that a limited number of DIRECTV employees in this District occupy office space that is leased or subleased by DIRECTV from AT&T.  AT&T denies that it has any control over employees of DIRECTV, whether working in office leased or subleased by DIRECTV from AT&T or otherwise.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the FAC and therefore denies the same.

19.     AT&T denies supplying DIRECTV employees with equipment.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the FAC and therefore denies the same.

20.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the FAC and, therefore, denies all allegations of Paragraph 20 of the FAC.

21.     AT&T admits that AT&T-branded stores are located in this District at which DIRECTV products and services can be obtained.  AT&T denies the remaining allegations of Paragraph 21 of the FAC.

22.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the FAC and, therefore, denies all allegations of Paragraph 22 of the FAC.

23.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the FAC and, therefore, denies all allegations of Paragraph 23 of the FAC.

24.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the FAC and, therefore, denies all allegations of Paragraph 24 of the FAC.

25.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FAC and, therefore, denies all allegations of Paragraph 25 of the FAC.

26.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the FAC and, therefore, denies all allegations of Paragraph 26 of the FAC.

27.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the FAC and, therefore, denies all allegations of Paragraph 27 of the FAC.

28.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the FAC and, therefore, denies all allegations of Paragraph 28 of the FAC.

29.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the FAC and, therefore, denies all allegations of Paragraph 29 of the FAC.

30.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the FAC and, therefore, denies all allegations of Paragraph 30 of the FAC.

31.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the FAC and, therefore, denies all allegations of Paragraph 31 of the FAC.

32.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which AT&T products and services can be obtained.  AT&T denies the remaining allegations of Paragraph 32 of the FAC.

33.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which DIRECTV products and services can be obtained. AT&T denies the remaining allegations of Paragraph 33 of the FAC.

34.     AT&T admits that AT&T-branded stores are located in this District at which DIRECTV products and services can be obtained and that personnel at these stores can schedule installation for new customers.  AT&T denies the remaining allegations of Paragraph 34 of the FAC.

35.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which customers can sign up for DIRECTV streaming or satellite services.  AT&T denies the remaining allegations of Paragraph 35 of the FAC.

36.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which customers can sign up for DIRECTV services.  AT&T denies the remaining allegations of Paragraph 36 of the FAC.

37.     AT&T admits that an AT&T-branded stores is currently located in Tyler, Texas at which information regarding DIRECTV services is available.  AT&T denies the remaining allegations of Paragraph 37 of the FAC.

38.     AT&T admits that hyperlinks with the word "TV" on the webpage https://www.att.com redirects to the webpage https://www.directv.com.  AT&T otherwise denies the allegations of Paragraph 38 of the FAC.

39.     AT&T admits that DIRECTV branded products and services are available at AT&T-branded stores in this District.  AT&T otherwise denies the allegations of Paragraph 39 of the FAC.

40.     AT&T admits that DIRECTV branded products and services are available at AT&T-branded stores in this District.  AT&T otherwise denies the allegations of Paragraph 40 of the FAC.

41.     AT&T admits that prior to the divestiture of DIRECTV, AT&T entities evaluated third parties to become authorized to sell DIRECTV branded products and services.  AT&T otherwise denies the allegations of Paragraph 41 of the FAC.

42.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the FAC and, therefore, denies all allegations of Paragraph 42 of the FAC.

43.     AT&T admits that, as of the date of this Answer, the webpage located at https://www.att.com/att/newdealer/ states, "AT&T continues to innovate with first-rate products like DIRECTV®, AT&T Mobility, AT&T Fiber, Business Solutions, and FirstNet Services.  AT&T otherwise denies the allegations of Paragraph 43 of the FAC.

44.     AT&T denies the allegations of Paragraph 44 of the FAC.

45.     AT&T denies the allegations of Paragraph 45 of the FAC.

46.     AT&T admits that Trademark Registration No. 5835109 is a trademark with both the AT&T globe logo and the word "DIRECTV," and that according to the U.S. Patent and

Trademark website it is registered to AT&T Intellectual Property II, L.P and AT&T Intellectual Property, LLC.  AT&T otherwise denies the allegations of Paragraph 46 of the FAC.

47.     AT&T denies the allegations of Paragraph 47 of the FAC.

48.     AT&T admits that AT&T employees are on the Board of Managers for DIRECTV. AT&T otherwise denies the allegations of Paragraph 48 of the FAC.

49.     AT&T admits that pursuant to an agreement, certain employees of AT&T perform services for DIRECTV for which DIRECTV compensates AT&T, and vice versa.  AT&T otherwise denies the allegations of Paragraph 49 of the FAC.

50.     AT&T admits that DIRECTV leases office space from AT&T for some of its employees for which DIRECTV compensates AT&T.  AT&T otherwise denies the allegations of Paragraph 50 of the FAC.

51.     AT&T denies the allegations of Paragraph 51 of the FAC.

52.     AT&T admits that, as of the date of this Answer, the link "Internet bundles" under "SATELLITE TV" on the webpage https://www.directv.com/satellite/technology/ redirects to the webpage https://www.att.com/bundles/directv-internet/.  AT&T otherwise denies the allegations of Paragraph 52 of the FAC.

## JURISDICTION AND VENUE

53.     To the extent Plaintiff brings a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, AT&T does not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  AT&T otherwise denies the allegations of Paragraph 53 of the FAC.

54.     The allegations of Paragraph 54 contain legal conclusions to which no response is required.  To the extent a response is required, for purposes of this Action only, AT&T does not challenge that it is subject to personal jurisdiction in this District.  AT&T otherwise denies the

allegations of Paragraph 54 of the FAC, including any implication that AT&T's conduct constitutes an act of infringement of any valid and enforceable patent.

55.     AT&T admits that certain satellite television services[2] are available for subscription online from AT&T's website as part of bundles with AT&T products and services.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 of the FAC and therefore denies the same.

56.     AT&T admits that AT&T-branded stores are located in this District, including at 1712 E Grand Ave, Marshall, Texas 75670, at which certain satellite television services can be obtained.   AT&T otherwise denies the allegations of Paragraph 56 of the FAC.

57.     AT&T admits that certain satellite television services are provided to customers in this District.   AT&T denies that devices for satellite television services are provided to customers at AT&T-branded stores in this District.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 57 of the FAC and therefore denies the same.

58.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the FAC and, therefore, denies all allegations of Paragraph 58 of the FAC.

59.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the FAC and, therefore, denies all allegations of Paragraph 59 of the FAC.

---

[2]  AT&T specifically denies that the Accused Satellite Television Services, as defined in the FAC, infringe any claim of any Patent-in-Suit.

60.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the FAC and, therefore, denies all allegations of Paragraph 60 of the FAC.

61.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the FAC and, therefore, denies all allegations of Paragraph 61 of the FAC.

62.     The allegations of Paragraph 62 contain legal conclusions to which no response is required.  To the extent a response is required, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the FAC and, therefore, denies all allegations of Paragraph 62 of the FAC.

63.     The allegations of Paragraph 63 contain legal conclusions to which no response is required.  To the extent a response is required, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the FAC and, therefore, denies all allegations of Paragraph 63 of the FAC.

64.     AT&T denies the allegations of Paragraph 64 of the FAC.

65.     AT&T denies the allegations of Paragraph 65 of the FAC.

66.     AT&T denies the allegations of Paragraph 66 of the FAC.

67.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the FAC and, therefore, denies all allegations of Paragraph 67 of the FAC.

68.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the FAC and, therefore, denies all allegations of Paragraph 68 of the FAC.

69.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the FAC and, therefore, denies all allegations of Paragraph 69 of the FAC.

70.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the FAC and, therefore, denies all allegations of Paragraph 70 of the FAC.

71.     AT&T admits that its headquarters are in the State of Texas and that it has transacted business in this District.  AT&T otherwise denies the allegations of Paragraph 71 of the FAC.

72.     The allegations of Paragraph 72 contain legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 72 of the FAC.

73.     AT&T admits AT&T-branded stores are located in this District and that AT&T may presently be served with process through CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  AT&T denies the remaining allegations of Paragraph 73 of the FAC.

74.     AT&T admits that AT&T-branded stores are located in this District.  AT&T denies the remaining allegations of Paragraph 74 of the FAC.

75.     AT&T admits that it operates a website that offers the certain satellite television services and that the website can be accessed in the State of Texas and in this District.  AT&T otherwise denies the allegations of Paragraph 75 of the FAC.

76.     The allegations of Paragraph 76 contain legal conclusions to which no response is required.  To the extent a response is required, for purposes of this Action only, AT&T does not challenge the Court's exercise of personal jurisdiction over AT&T.  AT&T otherwise denies the allegations of Paragraph 76 of the FAC.

77.     For purposes of this Action only, AT&T does not challenge the propriety of venue in the Eastern District of Texas pursuant to 28 U.S.C. § 1400(b).  But AT&T denies that this District is the most convenient forum.

78.     AT&T admits that an AT&T-branded store is located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703.  AT&T denies the remaining allegations of Paragraph 78 of the FAC.

79.     AT&T admits that AT&T-branded stores are located in this District.  AT&T denies the remaining allegations of Paragraph 79 of the FAC.

80.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which certain satellite television services can be obtained. AT&T denies the remaining allegations of Paragraph 80 of the FAC.

81.     AT&T admits that an AT&T-branded store is currently located at 8922 S Broadway Ave Ste. 112, Tyler, Texas 75703 at which certain satellite television services can be obtained in a bundle with internet services.  AT&T denies the remaining allegations of Paragraph 81 of the FAC.

82.     AT&T admits that residents in this District may hear and/or view advertisements for DIRECTV products and/or services.  AT&T otherwise denies the allegations of Paragraph 82 of the FAC.

83.     AT&T denies the allegations of Paragraph 83 of the FAC.

84.     AT&T admits that AT&T-branded stores are located in this District.  AT&T denies the remaining allegations of Paragraph 84 of the FAC.

85.     AT&T admits that customers in this District can obtain certain satellite television services.  AT&T otherwise denies the allegations of Paragraph 85 of the FAC.

## THE PATENTS-IN-SUIT

86.     AT&T admits that the '576 patent, on its face, is titled "Signal Selector and Combiner for Broadband Content Distribution" and purports to have issued on October 31, 2006. AT&T denies that the '576 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 86 of the FAC and therefore denies the same.

87.     AT&T admits that an *ex parte* reexamination certificate for the '576 Patent purports to have been issued on August 11, 2009.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 87 of the FAC and therefore denies the same.

88.     AT&T admits that Exhibit A purports to be a copy of the '576 Patent.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 88 of the FAC and therefore denies the same.

89.     AT&T admits that the '715 patent, on its face, is titled "Signal Selector and Combiner for Broadband Content Distribution" and purports to have issued on June 2, 2009. DIRECTV further admits that Exhibit B purports to be a copy of the '715 Patent.   AT&T denies that the '715 Patent was duly and legally issued by the USPTO.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of the FAC and therefore denies the same.

90.     AT&T admits that the '008 patent, on its face, is titled "Method and Apparatus for Spectrum Monitoring" and purports to have issued on July 29, 2014.   AT&T further admits that Exhibit C purports to be a copy of the '008 Patent.   AT&T denies that the '008 Patent was duly and legally issued by the USPTO.   AT&T is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations set forth in Paragraph 90 of the FAC and therefore denies the same.

91.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the FAC and, therefore, denies all allegations of Paragraph 91 of the FAC.

## ENTROPIC'S LEGACY AS A SATELLITE INNOVATOR

92.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the FAC and, therefore, denies all allegations of Paragraph 92 of the FAC.

93.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the FAC and, therefore, denies all allegations of Paragraph 93 of the FAC.

94.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the FAC and, therefore, denies all allegations of Paragraph 94 of the FAC.

95.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the FAC and, therefore, denies all allegations of Paragraph 95 of the FAC.

96.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the FAC and, therefore, denies all allegations of Paragraph 96 of the FAC.

97.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the FAC and, therefore, denies all allegations of Paragraph 97 of the FAC.

98.     AT&T admits that it has used parts supplied by Entropic Communications Inc. and MaxLinear, Inc. in its certain of its products.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 98 of the FAC and therefore denies the same.

99.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the FAC and, therefore, denies all allegations of Paragraph 99 of the FAC.

## FIRST CAUSE OF ACTION
### (Infringement of the '576 Patent by AT&T and DIRECTV)

100.     Paragraphs 1–99 of AT&T's Answer are incorporated by reference as if set forth herein.

101.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the FAC and, therefore, denies all allegations of Paragraph 101 of the FAC.

102.     AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the FAC—including, but not limited to, because none of the technical terms in Paragraph 102 are sufficiently defined in the FAC and the allegations do not specify a specific system or timeframe—and, therefore, denies all allegations of Paragraph 102 of the FAC.

103.     AT&T admits that the '576 Patent states, "In a satellite receiving system, program channels are selected from one or more broadband signals and combined with other selected channels and transmitted from a first unit, for example an outdoor unit, to a second unit, for example a gateway, server, or set-top box, using a single cable."   AT&T denies that it implements the single wire transmission described and claimed in the '576 Patent.   AT&T is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 103 of the FAC and therefore denies the same.

104.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 with respect to AT&T, including because the FAC does not sufficiently define "signal selector and combiner" (SSC), and therefore denies the same.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to DIRECTV set forth in Paragraph 104 of the FAC and therefore denies the same.

105.    AT&T denies the allegations of Paragraph 105 of the FAC.

106.    AT&T denies the allegations of Paragraph 106 of the FAC.

107.    AT&T denies the allegations of Paragraph 107 of the FAC.

108.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the FAC and, therefore, denies all allegations of Paragraph 108 of the FAC.

109.    AT&T denies the allegations of Paragraph 109 of the FAC.

110.    AT&T denies the allegations of Paragraph 110 of the FAC.

111.    AT&T admits that it received a letter dated March 9, 2022 from James A. Shimota on behalf of Entropic Communications LLC, which identified the '576 Patent as "the subject of a lawsuit which will be filed today."   AT&T admits that it received an undated letter from Boris Teksler of Entropic Communications, LLC, which identified the '576 Patent as "the subject of a patent infringement action Entropic will file today." AT&T admits that the original Complaint in this Action was served on CT Corp. System on March 10, 2022.  AT&T denies the remaining allegations of Paragraph 111 of the FAC.

112.    AT&T denies the allegations of Paragraph 112 of the FAC.

113.    AT&T denies the allegations of Paragraph 113 of the FAC.

114.    AT&T denies the allegations of Paragraph 114 of the FAC.

115.    AT&T denies the allegations of Paragraph 115 of the FAC.

116.    AT&T denies the allegations of Paragraph 116 of the FAC.

117.    AT&T denies the allegations of Paragraph 117 of the FAC.

118.    AT&T admits that, on their faces, U.S. Patent Nos. 8,997,157, 8,238,813, and 8,024,759 cite the '576 Patent.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the FAC and therefore denies the same.

119.    AT&T denies the allegations of Paragraph 119 of the FAC.

120.    AT&T denies the allegations of Paragraph 120 of the FAC.

121.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the FAC and, therefore, denies all allegations of Paragraph 121 of the FAC.

<u>SECOND CAUSE OF ACTION</u>
**(Infringement of the '715 Patent by AT&T and DIRECTV)**

122.    Paragraphs 1–121 of AT&T's Answer are incorporated by reference as if set forth herein.

123.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the FAC and, therefore, denies all allegations of Paragraph 123 of the FAC.

124.    AT&T admits that the '715 Patent states: "A channel selecting and combining solution is used in the outdoor unit where one or more transponder channels are selected from each LNB output. The transponder channel or channels needed from each LNB are selected by a filter. Each selected transponder signal may be translated to a new channel frequency. The selected

transponder channels are combined to form a composite signal. All of the selected, translated, and combined transponder channels are transmitted over a single cable to a gateway unit that extracts the channels to distribute to the IRDs." AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 124 of the FAC and therefore denies the same.

125.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the FAC with respect to AT&T, including because the FAC does not sufficiently define "signal selector and combiner" (SSC), and therefore denies the same. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to DIRECTV set forth in Paragraph 125 of the FAC and therefore denies the same.

126.   AT&T denies the allegations of Paragraph 126 of the FAC.

127.   AT&T denies the allegations of Paragraph 127 of the FAC.

128.   AT&T denies the allegations of Paragraph 128 of the FAC.

129.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the FAC and, therefore, denies all allegations of Paragraph 129 of the FAC.

130.   AT&T denies the allegations of Paragraph 130 of the FAC.

131.   AT&T denies the allegations of Paragraph 131 of the FAC.

132.   AT&T admits that it received a letter dated March 9, 2022 from James A. Shimota on behalf of Entropic Communications LLC, which identified the '576 Patent as "the subject of a lawsuit which will be filed today." AT&T admits that it received an undated letter from Boris Teksler of Entropic Communications, LLC, which identified the '576 Patent as "the subject of a patent infringement action Entropic will file today." AT&T admits that the original Complaint in

this Action was served on CT Corp. System on March 10, 2022.  AT&T denies the remaining allegations of Paragraph 132 of the FAC.

133.   AT&T denies the allegations of Paragraph 133 of the FAC.

134.   AT&T denies the allegations of Paragraph 134 of the FAC.

135.   AT&T denies the allegations of Paragraph 135 of the FAC.

136.   AT&T denies the allegations of Paragraph 136 of the FAC.

137.   AT&T denies the allegations of Paragraph 137 of the FAC.

138.   AT&T admits that, on their faces, U.S. Patent Nos. 7,987,486, 8,238,813, and 8,789,115 cite the '715 Patent.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 138 of the FAC and therefore denies the same.

139.   AT&T denies the allegations of Paragraph 139 of the FAC.

140.   AT&T denies the allegations of Paragraph 140 of the FAC.

141.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the FAC and, therefore, denies all allegations of Paragraph 141 of the FAC.

## THIRD CAUSE OF ACTION
### (Infringement of the '008 Patent by AT&T and DIRECTV)

142.   Paragraphs 1–141 of AT&T's Answer are incorporated by reference as if set forth herein.

143.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the FAC and, therefore, denies all allegations of Paragraph 143 of the FAC.

144.   AT&T admits that the '008 Patent states, "A system, such as a satellite reception assembly or customer premises gateway, may comprise an analog-to-digital converter operable to

digitize a signal spanning an entire television spectrum (e.g., cable television spectrum or satellite television spectrum) comprising a plurality of television channels. The system may comprise a signal monitor operable to analyze a signal to determine a characteristic of the signal." AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 144 of the FAC and therefore denies the same.

145. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the FAC with respect to AT&T, including because the FAC does not sufficiently define "monitoring equipment" or "monitoring devices," and therefore denies the same. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to DIRECTV set forth in Paragraph 145 of the FAC and therefore denies the same.

146. AT&T denies the allegations of Paragraph 146 of the FAC.

147. AT&T denies the allegations of Paragraph 147 of the FAC.

148. AT&T denies the allegations of Paragraph 148 of the FAC.

149. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the FAC and, therefore, denies all allegations of Paragraph 149 of the FAC.

150. AT&T denies the allegations of Paragraph 150 of the FAC.

151. AT&T denies the allegations of Paragraph 151 of the FAC.

152. AT&T admits that it received a letter dated March 9, 2022 from James A. Shimota on behalf of Entropic Communications LLC, which identified the '576 Patent as "the subject of a lawsuit which will be filed today." AT&T admits that it received an undated letter from Boris Teksler of Entropic Communications, LLC, which identified the '576 Patent as "the subject of a patent infringement action Entropic will file today." AT&T admits that the original Complaint in

this Action was served on CT Corp. System on March 10, 2022.  AT&T denies the remaining allegations of Paragraph 152 of the FAC.

153.    AT&T denies the allegations of Paragraph 153 of the FAC.

154.    AT&T denies the allegations of Paragraph 154 of the FAC.

155.    AT&T denies the allegations of Paragraph 155 of the FAC.

156.    AT&T denies the allegations of Paragraph 156 of the FAC.

157.    AT&T denies the allegations of Paragraph 157 of the FAC.

158.    AT&T denies the allegations of Paragraph 158 of the FAC.

159.    AT&T denies the allegations of Paragraph 159 of the FAC.

160.    AT&T denies the allegations of Paragraph 160 of the FAC.

161.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the FAC and, therefore, denies all allegations of Paragraph 161 of the FAC.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

A response is not required to Plaintiff's demand for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

A response is not required to Plaintiff's prayer for relief.  To the extent that a response is deemed required, AT&T denies that Plaintiff is entitled to the relief it seeks or to any relief at all for the allegations made in the FAC.  AT&T has not infringed any valid and enforceable claim of any Patent-in-Suit, and Plaintiff is not entitled to any remedy or recovery.  Plaintiff's prayer should therefore be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## AFFIRMATIVE AND OTHER DEFENSES

AT&T asserts the following affirmative and other defenses.  Assertion of a defense is not a concession that AT&T has the burden of proving the matter asserted.  In addition to the defenses

described below, AT&T expressly reserves the right to allege additional defenses as they become known.

**FIRST DEFENSE**
**(Failure to State a Claim)**

The FAC, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Non-Infringement)**

AT&T has not infringed and currently does not infringe, either directly or indirectly, any valid and enforceable claim of any Patent-in-Suit that Plaintiff has asserted or will properly assert that AT&T infringes, literally or under the doctrine of equivalents or in any other manner.

**THIRD DEFENSE**
**(Invalidity and Patent Ineligibility)**

One or more claims of the Patents-in-Suit are invalid and/or patent ineligible for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, 112, and/or 116.

**FOURTH DEFENSE**
**(Prosecution History Estoppel / Prosecution Disclaimer / Ensnarement)**

Plaintiff is barred by the doctrine of prosecution history estoppel, prosecution disclaimer, and/or ensnarement from contending that any claim of the Patents-in-Suit covers any product, service, or method practiced, manufactured, used, sold, or offered for sale by AT&T, in any manner inconsistent with arguments made by the patent applicant or assignees in prosecuting the patent, with respect to any subject matter surrendered during prosecution of the patent, or in such a manner that would ensnare the prior art.

**FIFTH DEFENSE**
**(Equitable Defenses)**

Plaintiff's claims for relief against AT&T are barred in whole or in part by the equitable doctrines of estoppel, unclean hands, waiver, and/or implied waiver.

**SIXTH DEFENSE**
**(Release, License, and Exhaustion)**

Plaintiff's claims for relief against AT&T are barred in whole or in part by release, license, or exhaustion, express or implied, and/or restrictions on double recovery.  For example, on information and belief, components in the Accused Satellite Television Services are provided by suppliers that are licensed under one or more of the Patents-in-Suit.

**SEVENTH DEFENSE**
**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against AT&T under 35 U.S.C. § 285.

**EIGHTH DEFENSE**
**(Limitation on Damages)**

In the event AT&T is found to infringe any valid and enforceable claim of any Patent-in-Suit, any such damages are limited by, without limitation 35 U.S.C. §§ 286 and 287.

**NINTH DEFENSE**
**(No Willful or Egregious Infringement)**

Plaintiff is not entitled to enhanced damages, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, and/or characteristic of a pirate.

**TENTH DEFENSE**
**(Lack of Standing)**

To the extent that Plaintiff did not, or does not, hold all substantial rights, title, and interest in one or more of the Patents-in-Suit, Plaintiff lacks standing to bring, or maintain, this lawsuit in connection with such patent.

## ELEVENTH DEFENSE
### (Action Barred by 28 U.S.C. § 1498)

Plaintiff's claims for relief against AT&T are barred in whole or in part by 28 U.S.C. § 1498.

## TWELFTH DEFENSE
### (Reservation of Defenses)

DIRECTV reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents-in-Suit based on inequitable conduct, based on discovery and further factual investigation in this action.

## DEMAND FOR A JURY TRIAL

AT&T demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, AT&T seeks the following relief:

A.      That the Complaint against AT&T be dismissed in its entirety with prejudice;

B.      That this Court find and enter a declaration that one or more claims of the Patents-in-Suit that Plaintiff has asserted or will properly assert against AT&T is invalid and/or patent ineligible pursuant to Title 35 of the United States Code;

C.      That this Court find that AT&T has not infringed and does not infringe, in any manner, any valid and enforceable asserted claim of any Patent-in-Suit;

D.      That Plaintiff take nothing by reason of its Complaint;

E.      That AT&T be awarded under 35 U.S.C. § 285 its reasonable attorneys' fees and costs of suit incurrent in this action, as Plaintiff's conduct as set forth above renders this an exceptional case;

F.      That AT&T be awarded its costs of suit;

G.      That this Court enter a judgment against Plaintiff in favor of AT&T in all respects; and

H.      Any such other relief as the Court deems to be just and proper.

DATED:  May 16, 2022                          **GIBSON, DUNN & CRUTCHER LLP**

                                              */s/ Katherine Q. Dominguez*

                                              Benjamin Hershkowitz
                                              Katherine Q. Dominguez
                                              GIBSON, DUNN & CRUTCHER LLP
                                              200 Park Avenue
                                              New York, NY 10166-0193
                                              Telephone: (212) 351-4000
                                              bhershkowitz@gibsondunn.com
                                              kdominguez@gibsondunn.com

                                              Brian Buroker
                                              GIBSON, DUNN & CRUTCHER LLP
                                              1050 Connecticut Ave., N.W.
                                              Washington, D.C. 20036
                                              Telephone: (202) 955-8500
                                              bburoker@gibsondunn.com

                                              Nathan R. Curtis (#24078390)
                                              Audrey Yang
                                              GIBSON, DUNN & CRUTCHER LLP
                                              2001 Ross Ave., Suite 2100
                                              Dallas, TX 75201
                                              Telephone: (214) 698-3100
                                              ncurtis@gibsondunn.com
                                              ayang@gibsondunn.com

                                              **THE DACUS FIRM, P.C.**

                                              Deron R. Dacus
                                              THE DACUS FIRM, P.C.
                                              821 ESE Loop 323, Suite 430
                                              Tyler, TX 75701
                                              Telephone: (903) 705-1117
                                              ddacus@dacusfirm.com

                                              *Counsel for Defendant AT&T Services, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on May 16, 2022, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Katherine Q. Dominguez*