# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:22-cv-00075-JRG |
| *Plaintiff,* | (Lead Case) |
| v. | JURY TRIAL DEMANDED |
| DIRECTV, LLC, AT&T, INC., AT&T SERVICES, INC., AND AT&T COMMUNICATIONS, LLC, | |
| *Defendants.* | |
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:22-cv-00076-JRG-RSP |
| *Plaintiff,* | (Member Case) |
| v. | |
| DISH NETWORK CORP.; DISH NETWORK LLC; AND DISH NETWORK SERVICE LLC, | |
| *Defendants.* | |

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE PURSUANT TO P.R. 3-1 & 3-2**

Pursuant to Patent Rules 3-1 and 3-2, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") hereby provides its Disclosure of Asserted Claims and Infringement Contentions and its Document Production Accompanying Disclosure against Defendants DirecTV, LLC, AT&T, Inc., AT&T Services, Inc., and AT&T Communications, LLC (collectively "DirecTV" or "Defendants").

Plaintiff presents these Infringement Contentions based on Plaintiff's analysis of the facts currently known based on Plaintiff's review of certain publicly available information. Plaintiff

reserves the right to amend or further supplement these disclosures—including to supplement its infringement contentions pursuant to P.R. 3-6—with additional information learned in the course of discovery or further investigation concerning Defendants' products, services and/or source code sufficient to show the operation of Defendants' products.

## I.   ENTROPIC'S P.R. 3-1 DISCLOSURES

### A.   P.R. 3-1(a): Infringed Claims

Subject to ongoing discovery and investigation, Entropic asserts that Defendants infringe literally and/or under the doctrine of equivalents:

i.   Claims 14–23 and 34–42 of U.S. Patent No. 7,130,576 (the "'576 Patent"), (collectively, "Asserted Claims of the '576 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part I.B below. Additionally, Defendants indirectly infringe under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '576 Patent.

ii.   Claims 9–12 of U.S. Patent No. 7,542,715 (the "'715 Patent"), (collectively, "Asserted Claims of the '715 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part I.B below. Additionally, Defendants indirectly infringe under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '715 Patent.

iii.    Claims 1–5, 7, 9–13, 15, 17, and 18 of U.S. Patent No. 8,792,008 (the "'008 Patent"), (collectively, "Asserted Claims of the '008 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part I.B below. Additionally, Defendants indirectly infringe under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '008 Patent.

Entropic reserves the right to supplement its position as to infringement following further discovery and/or claim construction.

### B.    P.R. 3-1(b): Accused Instrumentalities

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that the Asserted Claims of the '576 Patent, the Asserted Claims of the '715 Patent, and the Asserted Claims of the '008 Patent are infringed by Defendants' products and services identified in the charts attached hereto as Exhibits A–C, respectively, ("Accused Instrumentalities"):

i.    **The '576 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '576 Patent, for example, Signal Selector and Combiner ("SSC") devices including SSC-enabled LNBs (for example, SWM5-21 LNB, SWM-13 LNB, and devices that operate in a similar manner) and switches (for example, SWM8, SWM16, SWM30, and devices that operate in a similar manner) capable of operating with SSC-enabled products, such as the HR24, H25, HR34, HR44, HR54, HS17, C31, C41, C41W, C51, C61, C61W, C61K, and devices that operate in a similar manner.

ii.  **The '715 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '715 Patent, for example, gateway systems, which include SSC-enabled LNBs (for example, SWM5-21 LNB, SWM-13 LNB, and devices that operate in a similar manner) and switches (for example, SWM8, SWM16, SWM30, and devices that operate in a similar manner) used with gateways such as the Genie (e.g. the HR24, HR34, HR44, HR54, and devices that operate in a similar manner), and Genie 2 (e.g. the HS17 and devices that operate in a similar manner) receivers and corresponding set top boxes, such as the Genie Client (e.g. the C31, C41, C41W, C51, C61, C61W, C61K, and devices that operate in a similar manner).

iii.  **The '008 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '008 Patent, for example, monitoring devices such as the HR54, HS17, and devices that operate in a similar manner.

Plaintiff reserves the right to supplement its infringement contentions to identify additional products and/or services, if necessary, when it is provided with non-public documents and/or source code from third parties and/or the Defendants via the discovery process.

### C.    P.R. 3-1(c): Preliminary Infringement Charts

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that each element of each infringed claim is found within each Accused Instrumentality as shown in the preliminary infringement charts attached hereto as Exhibits A–C and incorporated herein in its entirety. Plaintiff's identification in the claim charts is exemplary and based upon public information currently available to Plaintiff.

Plaintiff reserves the right to amend its asserted claims and infringement contentions pursuant to P.R. 3-6 as discovery progresses and additional information is gathered.

### D. P.R. 3-1(d): Literal Infringement and Infringement Under the Doctrine of Equivalents

Subject to ongoing discovery and investigation, and based on available information obtained to date, Plaintiff hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A–C unless otherwise stated in those exhibits. As indicated above, discovery is necessary to further develop Plaintiff's infringement positions—either literal or under the doctrine of equivalents—and the Court has yet to issue a claim construction order. Pursuant to P.R. 3-6, Plaintiff expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim after further discovery from the Defendants (and/or third parties) and/or pending this Court's claim construction order.

### E. P.R. 3-1(e): Priority Dates

i. The '576 Patent was filed on November 6, 2002 as U.S. Patent Application Serial No. 10/289,011. The '576 Patent is entitled to priority to at least the following applications: U.S. Provisional Patent Application No. 60/345,965, filed November 7, 2001; U.S. Provisional Patent Application No. 60/333,722, filed November 27, 2001; U.S. Provisional Patent Application No. 60/358,817, filed February 22, 2002.

ii. The '715 Patent was filed on October 26, 2006 as U.S. Patent Application Serial No. 11/553,456, and is a continuation of the '576 Patent filed on November 6, 2002. Accordingly, the '715 Patent is entitled to priority to at least the following applications: U.S. Provisional Patent Application No. 60/345,965, filed November 7, 2001; U.S. Provisional Patent Application No. 60/333,722, filed November 27, 2001; U.S. Provisional Patent Application No. 60/358,817, filed February 22, 2002.

iii.    The '008 Patent was filed on September 10, 2012 as U.S. Patent Application Serial No. 13/607,916. The '008 Patent is entitled to priority to at least the following applications: U.S. Provisional Patent Application No. 61/532,098, filed September 8, 2011.

### F.    P.R. 3-1(f): Right to Rely on Plaintiff's Own Instrumentality

Entropic does not contend that it practices the Asserted Claims of the '576 Patent, the '715 Patent and/or the '008 Patent.

## II.    DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

### A.    Documents Responsive to P.R. 3-2(a)

Plaintiff does not presently possess any relevant, non-privileged documents responsive to P.R. 3-2(a). Plaintiff will supplement this response should any relevant, non-privileged documents be identified in the future.

### B.    Documents Responsive to P.R. 3-2(b)

Plaintiff does not presently possess any relevant, non-privileged documents responsive to P.R. 3-2(b). Plaintiff will supplement this response should any relevant, non-privileged documents be identified in the future.

### C.    Documents Responsive to P.R. 3-2(c)

Pursuant to P.R. 3-2(c), a copy of the file history of the '576 Patent, '715 Patent and '008 Patent have been produced under the following Bates Numbers: ENTROPIC_DTV_0000001 to ENTROPIC_DTV_0000435. In addition, provisional applications to which the Asserted Patents claim priority have been produced under the following Bates Numbers: ENTROPIC_DTV_0000702 to ENTROPIC_DTV_0000847.

## III.    CONCLUSION

The information contained in these disclosures is based on Plaintiff's analysis of the facts

currently known to it based on Plaintiff's review of public information reasonably available to it.

Additional pertinent information about Defendants' Accused Instrumentalities is not available

without engaging in further discovery. Thus, Plaintiff reserves the right to supplement, modify,

and/or amend these disclosures as new information becomes available, and discovery progresses.

Plaintiff anticipates that additional facts and relevant documents will be uncovered that will

warrant supplementing and/or amending these disclosures.


Dated: May 4, 2022                            Respectfully submitted,

                                              /s/ *James Shimota*
                                              James Shimota
                                              Jason Engel
                                              George Summerfield
                                              Devon Beane
                                              **K&L GATES LLP**
                                              70 W. Madison Street, Suite 3300
                                              Chicago, IL 60602
                                              Tel.: (312) 372-1121
                                              Fax: (312) 827-8000
                                              jim.shimota@klgates.com
                                              jason.engel@klgates.com
                                              george.summerfield@klgates.com
                                              devon.beane@klgates.com

                                              Wesley Hill
                                              Texas Bar No. 24032294
                                              **WARD, SMITH & HILL, PLLC**
                                              1507 Bill Owens Pkwy
                                              Longview, TX 75604
                                              Tel: (903) 757-6400
                                              Fax (903) 757-2323
                                              wh@wsfirm.com

-7-

Brian Bozzo
**K&L GATES LLP**
210 Sixth Ave.
Pittsburgh, PA 15222
Tel.: (412) 355-6500
Fax: (412) 355-6501
brian.bozzo@klgates.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served on May 4, 2022 to counsel of record for Defendants via email at the following address:

Deron R. Dacus
The Dacus Firm, P.C.
821 ESE Loop 323, suite 430
Tyler, TX 75701
Email: ddacus@dacusfirm.com


/s/ *James Shimota*
James Shimota