**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br>*Plaintiff,* <br><br> v. <br><br> DIRECTV, LLC, AT&T SERVICES, INC., <br><br> *Defendants.* | Case No. 2:22-cv-00075-JRG <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; AND DISH NETWORK SERVICE L.L.C., <br><br> *Defendants.* | Case No. 2:22-cv-00076-JRG-RSP <br> (Member Case) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Entropic Communications, LLC; Defendants DIRECTV, LLC and AT&T Services, Inc. (collectively, "DIRECTV and AT&T"); and Defendants DISH Network Corporation, DISH Network L.L.C.; and Dish Network Service L.L.C. (collectively, "DISH"),[1] hereafter referred to individually as a "Party" and collectively as "the Parties" to the "Action," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other

---

[1] DISH, on the one hand, and DIRECTV and AT&T, on the other, are referred to individually as "Defendant" and collectively as "Defendants."

1

proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material for which such protection is sought.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Counsels' Eyes Only" shall receive the same treatment as if designated "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order

---

[2] The term "DESIGNATED MATERIAL" is used throughout this Protective Order to refer to

governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the

---

the class of materials designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE," both individually and collectively.

following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)  outside counsel of record in this Action for the Parties;

(b)  employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, who have signed the form attached hereto as Appendix A;

(d)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) such consultant or expert is not involved in competitive decision-making on behalf of a Party; and (3) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with the following materials:

  i. a current curriculum vitae of the consultant or expert;
  ii. a list of all cases in which the consultant or expert has worked in the past four years;
  iii. a list that identifies each person or entity for which the proposed expert or consultant has consulted during the last four years related to multichannel video programming distributors (MVPDs)( (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment of the consultancy);
  vi. a list containing any pending unpublished patent applications in which the consultant or expert is named an inventor or assignee

The above information shall be served on the producing Party at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (e)    independent litigation support services, including persons working for or as court reporters, graphics, or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

    (f)    the Court and its personnel;

    (g)    any mediator who is assigned to hear this matter, and any support staff of such mediator, subject to an agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    (h)    with respect to a particular document, any person shown on the face of the document (or who is otherwise established) to have been an author, sender, or recipient of the document. Such person shall be given access only to the specific document or information therein.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material")[3], the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL - SOURCE CODE."

9. For Protected Material designated RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-h).

10. For Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Except for the limited purposes permitted pursuant to paragraphs 10 (h and k) below, use or possession of any electronic devices capable of recording information (e.g., USB memory stick, cameras or any camera-enabled device, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited in the room containing the stand-alone computer. The producing Party may visually monitor the activities of the receiving Party's representative(s) from outside the source code review room during any review of Source Code Material, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. Additionally, except as provided in paragraph 10(k) below, for the named parties to this Litigation, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel within the continental United States; The Producing Party may not monitor what code is being reviewed by the Receiving Party's representative(s) and no provision in this section gives the Producing Party

---

[3] For the avoidance of doubt, "Source Code Material" includes non-public computer code, scripts, assembly code, binaries, pseudo code, and object code.

    the right to inspect or review any notes and/or other work product of the Receiving Party. Nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

(b) Unless otherwise agreed, prior to the first inspection of any Source Code Material, the receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  Thereafter, the receiving Party shall provide at least seven (7) days' notice prior to any further inspection of Source Code Material.  No fewer than two (2) business days prior to inspecting Source Code Material, the receiving Party shall identify the names of all persons who will be present on behalf of a receiving Party at that inspection.  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action; The "stand-alone "computer(s) shall have pre-installed commercially reasonable text editing and spreadsheet programs (e.g., Microsoft Office or OpenOffice) and Adobe Acrobat.

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may retype or reproduce no more than 20 consecutive lines (and 50 lines total) of Source Code Material than is necessary in a pleading, motion, expert report, discovery document, deposition transcript, or other document filed with the Court, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules,

---

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

procedures and orders.

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except that the limited number of individual lines permitted to be included in Source Code Documents pursuant to subsection (e) above may be re-typed as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party may request a paper copy of Source Code Material that is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but the receiving Party shall not request paper copies for the purpose of reviewing the Source Code Material in the first instance. The receiving Party may request no more than 25 consecutive pages or an aggregate total of more than 300 pages, of such printouts during the duration of the case without prior written approval by the producing Party. Should a receiving Party request printouts in excess of the totals above, the parties agree to meet and confer in good faith regarding the request. The Producing Party shall not act unreasonably with respect to agreeing for the larger block. When a request for printouts is made, the producing Party shall have five (5) days to review any such request and provide in writing any objections to the request. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed request. The objecting Party shall have the burden of proving the need for a protective order. To the extent the receiving Party obtains any paper copy of Source Code Material, such paper copies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i) The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material during review, but may not copy substantial portions of the Source Code into the notes, provided that such notes are marked "RESTRICTED CONFIDENTIAL - SOURCE CODE" and are treated as Source Code Material. For purposes of this provision, "substantial" shall mean five or more consecutive lines of code OR more than ten lines from every twenty-five lines of code. A producing Party is not permitted to inspect the notes of a receiving Party's outside counsel and/or experts to determine compliance with this provision.

No other written or electronic record of the Source Code Material is permitted, except as otherwise provided herein. With respect to notes taken during a review, no notes may be taken on the stand-alone computer containing Source Code Material. If requested in advance by the receiving Party, the producing Party will provide a second stand-alone computer without Source Code Material on which the receiving Party's outside counsel and/or experts shall be entitled to take notes. Such notes may be printed at the conclusion of the review session.

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(k) The receiving Party, at its own expense, may request that the producing Party install licensed software on the Source Code Computers to assist with review of the producing Party's Source Code. Such request shall be subject to the approval of the producing Party, which shall not be unreasonably withheld. To allow the Producing Party reasonable time to prepare the Source Code Computers, the receiving Party must provide the Producing Party the computer medium (CD or DVD) containing the requested software tools at least fourteen (14) days in advance of the inspection. Such timely requests for the installation of such software will not be unreasonably denied so long as the requested software is compatible with the operating system and other software necessary to make the Source Code available for inspection, installed on the Source Code Computers, and does not side-step any of the security features enabled on the Source Code Computers (e.g., enable connection and use of USB thumb drives). The producing Party will install and confirm installation of said software on the Source Code Computers prior to the date the receiving Party seeks access.

(l) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(m) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a

    LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11. Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive any Defendant's Protected Material that is designated RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY and/or RESTRICTED CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the contents of any Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not engage in any Prosecution Activity pertaining to satellite television technology, such as low-noise block downconverters (LNBs), switches, and set-top boxes, at a customer's premises on behalf of any party during the pendency of this Action and for two years after its conclusion, including any appeals. Prosecution Activity shall mean any activity related to (1) the preparation or prosecution (for any person or entity) of patent applications or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, or reissue application before any domestic or foreign patent office; and/or (2) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense. For the avoidance of doubt, the provisions above shall not be deemed to preclude persons who have received Defendant's HIGHLY SENSITIVE MATERIAL from participating directly or indirectly in post grant

proceedings relating to the patents-in-suit, or of any patent that claims priority, in whole or part, to the patent-in-suit, so long as such persons are not involved in the amendment of claims or drafting of new claims. To ensure compliance with the purpose of this provision, Plaintiff and any attorney representing it shall create an "Ethical Wall" between those persons with access to any Defendant's HIGHLY SENSITIVE MATERIAL and any individuals of Plaintiff or of Plaintiff's attorney's law firm(s) who engage in any Prosecution Activity pertaining to satellite television technology, such as low-noise block downconverters (LNBs), switches, and set-top boxes, at a customer's premises on behalf of any party.

12. To the extent that one Defendant provides DESIGNATED MATERIAL under the terms of this Order to the Plaintiff, the Plaintiff shall not share that material with the other Defendant absent express written permission from the producing Defendant. This Order does not confer any right to any one Defendant to access the DESIGNATED MATERIAL of the other Defendant. For the avoidance of doubt, in no case shall any information designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL - SOURCE CODE" by one Defendant be provided to the other Defendant by any Party or counsel absent explicit agreement from the Party designating the information. Without the express prior written consent of the Defendant that produced the DESIGNATED MATERIAL, no expert or consultant retained by a Defendant in this matter shall have access to DESIGNATED MATERIAL produced by another Defendant in this matter. Notwithstanding the foregoing, nothing shall prevent Plaintiff from filing materials with the Court and serving materials so filed on counsel for the parties in this case.

13. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Disclosures among Defendants' counsel of work-product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere inadvertent production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. In addition, information that contains privileged matter or attorney work-product shall be returned or destroyed promptly if such information appears on its face to have been inadvertently produced.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized

to have access thereto to any person who is not authorized for such access under this Order.

15. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities, unless and until such documents, information, and material become publicly available or otherwise lawfully comes into the possession of the receiving party (for example, due to independent development by or on behalf of the receiving party).

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a

deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL," unless the testimony refers, relates, or otherwise regards Source Code Material, in which case the transcript shall be treated as "RESTRICTED CONFIDENTIAL - SOURCE CODE."

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary, and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. A third party's use of this Protective Order to protect its own confidential information does not entitle that third party access to the confidential information produced by any Party in this case.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - OUTSIDE

      COUNSELS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.

24. The provisions of this Order shall remain in place after the termination of this litigation, and this Court will retain jurisdiction for enforcement of the Order and the resolution of any dispute relating thereto. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Notwithstanding the above, nothing in this order shall require outside counsel to destroy copies of court filings and orders, correspondence, attorney work product, e-mails including attachments, trial, discovery and hearing transcripts and exhibits, written discovery responses and exhibits, expert reports, or any contentions relating to infringement or invalidity, except that any trial, discovery and hearing exhibits or exhibits to any court filings, expert reports, or written discovery responses that contain Source Code Material must be returned or destroyed.  Nothing in this order shall require a Receiving Party to return or destroy information that is stored in a backup or disaster recovery system that is not intended for day-to-day access by users. Any such archived copies that contain or constitute DESIGNATED MATERIAL remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials.

25. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege or any objection to production of documents on any basis.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional

protection of DESIGNATED MATERIAL.

30. Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own "DESIGNATED MATERIAL" for any purpose.

31. If a court or other governmental body subpoenas or otherwise orders a receiving Party to produce documents or things embodying Protected Material, the receiving Party shall immediately give notice in writing to the producing Party or Parties. If no application to prevent compliance with the order is made to this Court within 10 days of the notice, the Receiving Party may thereafter comply with the order. If application is made to this Court within 10 days, the Receiving Party shall await resolution of the matter by this Court.

32. The computation of any time period prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

33. Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Protective Order.

**So ORDERED and SIGNED this 13th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DIRECTV, LLC, AT&T SERVICES, INC.,<br><br>*Defendants.* | Case No. 2:22-cv-00075-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; AND DISH NETWORK SERVICE L.L.C.,<br><br>*Defendants.* | Case No. 2:22-cv-00076-JRG-RSP<br>(Member Case) |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence,

      will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____