## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff,* | Case No. 2:22-cv-00075-JRG |
| | (Lead Case) |
| v. | |
| | JURY TRIAL DEMANDED |
| DIRECTV, LLC, AT&T, INC., AT&T SERVICES, INC., AND AT&T COMMUNICATIONS, LLC, | |
| *Defendants.* | |
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff,* | Case No. 2:22-cv-00076-JRG-RSP |
| | (Member Case) |
| v. | |
| DISH NETWORK CORP.; DISH NETWORK LLC; AND DISH NETWORK SERVICE LLC, | |
| *Defendants.* | |

## JOINT MOTION FOR LIMITED EXPEDITED VENUE DISCOVERY AND EXTENSIONS OF TIME TO RESPOND TO DIRECTV'S MOTION TO TRANSFER AND AT&T'S AND DIRECTV'S MOTION TO SEVER AND STAY OR, ALTERNATIVELY FOR TRANSFER

Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") and Defendants DIRECTV, LLC, and AT&T Services, Inc., (collectively, "Defendants") jointly move for limited expedited venue discovery and extensions of time to respond to DIRECTV, LLC's Motion Pursuant to 28 U.S.C. § 1404(a) To Transfer Venue to the Central District of California (Dkt. No. 52) (the "Transfer Motion") and DIRECTV, LLC and AT&T Services Inc.'s Motion to Sever and Stay or, Alternatively for Transfer (Dkt. No. 53) (the "Stay Motion").

-1-

1. **Limited Venue Discovery Is Warranted Under the Circumstances**

Entropic filed its complaint against Defendants on March 9, 2022, alleging infringement of U.S. Patent Nos. 7,130,576; 7,542,715; and 8,792,008. Dkt. No. 1.  On June 3, 2022, Defendants filed their Transfer Motion and Stay Motion.  As part of the Transfer Motion, DIRECTV seeks an order from the Court transferring the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). *See* Dkt. No. 52.  As part of the Stay Motion, Defendants seek an order severing and staying Entropic's claims against AT&T or, in the alternative, transferring the case against Defendants in its entirety to the Central District of California. *See* Dkt. No. 53.

In its Transfer Motion, DIRECTV raises various issues concerning the convenience of the Central District of California.  DIRECTV submitted three declarations in support of its motion, which provide information about certain DIRECTV employees and ex-employees located in California. DIRECTV also provides information about various third parties who may have relevant information in this case.

In its Stay Motion, Defendants raise various issues concerning the relationship between DIRECTV and AT&T and the convenience of the Central District of California. AT&T submitted two declarations in support of its motion, which provide information about DIRECTV and AT&T's relationship and the activities of AT&T, including in the Central District of California.

Here, Entropic seeks discovery to fairly respond to the Transfer Motion and the Stay Motion, including discovery to determine the relevance of various documents, employees, and ex-employees and to determine the relationship between AT&T and DIRECTV.  Entropic also seeks discovery to determine the location of key third party witnesses and other sources of proof. Entropic can only use publicly available information to oppose the Transfer Motion and the Stay Motion, whereas Defendants have access to both publicly available and internal confidential (and non-confidential) information to support its motions. Limited venue discovery will also permit the

Court to have a more complete record to analyze the issues Defendants raise in their motions. Limited venue discovery is, therefore, warranted under the circumstances. *See Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) ("discovery 'could . . . add[ ] [ ]significant facts' that might bear on the jurisdictional determination." (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000))); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

The parties have jointly arrived at the following agreed plan for expedited venue discovery:

1. Deposition of Jeffrey Seto with respect to his venue declaration and as DIRECTV's 30(b)(6) witness on no more than 10 topics related to venue, for up to 7 hours;

2. Up to 7 total venue interrogatories to DIRECTV and AT&T, with responses due 30 days from service;

3. Up to 7 total venue requests for production to DIRECTV and AT&T, with responses due 30 days from service;

4. 15 venue requests for admission to Plaintiff, responses due 30 days from service;

5. Should Plaintiff provide a declaration in support of its opposition to the Transfer Motion or Stay Motion, a deposition of up to 7 hours of plaintiff's declarant (in his or her individual capacity on his or her declaration and as the 30(b)(6) witness of plaintiff on venue) within 7 days of service of the declaration; and

6. Depositions and other discovery of all third parties shall be conducted during the regular period of time allotted for fact discovery.

The parties have also jointly agreed that venue discovery, with the exception of Defendant's deposition of Plaintiff referenced in point 5, above, shall be completed within 60 days of the order permitting venue discovery to begin.

The parties have also jointly agreed to the following extensions of time for opposition and reply briefs:

1.  Plaintiff's opposition to the Transfer Motion (Dkt. No. 52) and the Stay Motion (Dkt. No. 53) will be due 14 days from the initial 60 day completion of venue discovery; and

2.  Defendant's reply to the Transfer Motion and the Stay Motion will be due 14 days from service of the Plaintiff's opposition.

The parties respectfully request that the Court order the agreed limited venue discovery and extensions of time described above.

Should the Court deny the present motion, Entropic alternatively requests that its deadline to respond to the Transfer Motion and the Stay Motion be extended to seven days after any Court order denying this motion.

### 7.  Conclusion

For the foregoing reasons, the parties request that the Court allow the expedited venue discovery and extensions of time to file opposition and reply briefs requested herein.

Dated: June 21, 2022

Respectfully submitted,

| | |
|---|---|
| /s/  James Shimota by permission Wesley Hill | **GIBSON, DUNN & CRUTCHER LLP** |
| James Shimota | /s/ Benjamin Hershkowitz by permission Wesley Hill |
| Jason Engel | Benjamin Hershkowitz |
| George Summerfield | Katherine Q. Dominguez |
| Devon Beane | GIBSON, DUNN & CRUTCHER LLP |
| **K&L GATES LLP** | 200 Park Avenue |
| 70 W. Madison Street, Suite 3300 | New York, NY 10166-0193 |
| Chicago, IL 60602 | Telephone: (212) 351-4000 |
| Tel.: (312) 372-1121 | bhershkowitz@gibsondunn.com |
| Fax: (312) 827-8000 | kdominguez@gibsondunn.com |
| jim.shimota@klgates.com | |
| jason.engel@klgates.com | Brian Buroker |

george.summerfield@klgates.com
devon.beane@klgates.com

Wesley Hill
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
Fax (903) 757-2323
wh@wsfirm.com

Brian Bozzo
**K&L GATES LLP**
210 Sixth Ave.
Pittsburgh, PA 15222
Tel.: (412) 355-6500
Fax: (412) 355-6501
brian.bozzo@klgates.com

**ATTORNEYS FOR PLAINTIFF**
**ENTROPIC COMMUNICATIONS, LLC**

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
bburoker@gibsondunn.com

Nathan R. Curtis (#24078390)
Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
ncurtis@gibsondunn.com
ayang@gibsondunn.com

**THE DACUS FIRM, P.C.**

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
ddacus@dacusfirm.com

**Counsel for Defendants DIRECTV, LLC**
**and AT&T Services, Inc.**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that the parties worked together via email to negotiate Plaintiff's request for limited venue discovery and extensions of time to respond to the Transfer Motion and the Stay Motion. The parties reached agreement on the limited venue discovery and extensions of time Plaintiff seeks.  Accordingly, Defendants do not oppose the limited venue discovery or extensions of time requested in this Motion.

<u>/s/ Wesley Hill</u>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on June 21, 2022 to counsel of record for Defendants.

<u>/s/ Wesley Hill</u>

312717018.2