# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DIRECTV, LLC, AND, AT&T SERVICES, INC.,<br><br>*Defendants.* | Case No. 2:22-cv-00075-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DISH NETWORK CORP.; DISH NETWORK LLC; AND DISH NETWORK SERVICE LLC,<br><br>*Defendants.* | Case No. 2:22-cv-00076-JRG-RSP<br>(Member Case) |

**ENTROPIC COMMUNICATIONS, LLC'S OPPOSITION TO DIRECTV, LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

DirecTV has moved to transfer this case to the Central District of California. Dkt. No. 52. Entropic brought this case in this Court because it belongs here. It is not disputed that venue is proper here. And the case should remain here, because there is significant judicial economy in allowing this Court to adjudicate both of Entropic's related cases against DirecTV and DISH. However, a number of writs of mandamus issued by the Federal Circuit in the past few months push Entropic not to oppose. Entropic disagrees in the strongest terms with those writs, but Entropic will not run the risk of having a litigation only a few weeks before trial being transferred

1

by writ to a new court to start over. The permissive § 1404(a) should not be interpreted as it has been. But the law is the law until it is changed.

However, Entropic does request that if this case is to be transferred, the entire case (including AT&T), should be sent to the Central District of California together with the consolidated case against DISH Network Corporation, DISH Network L.L.C., and DISH Network Service L.L.C. (collectively "DISH"). *See* ECF Nos. 75, 77. To that limited extent, Entropic opposes the relief requested in the motion.

This Court previously consolidated the cases against DISH and DIRECTV/AT&T for pretrial purposes (Order, ECF No. 21), and the Court should continue to keep them consolidated because they share numerous overlapping factual and legal issues—including the location of relevant evidence.[1] For example, both cases involve the same third-party component suppliers, such as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* DirecTV Mot. to Transfer at 12, ECF No. 52; *and* Pl.'s Opp'n to Mot. for Transfer at 6, ECF No. 73. Thus, testimony and discovery from ▓▓▓▓▓▓ will overlap. DISH and DIRECTV also both assert that their prior relationship with ▓▓▓▓▓▓ may be relevant. *See* DirecTV Mot. to Transfer at 6, ECF No. 52; *and* Pl.'s Opp'n to Mot. For Transfer at 5, ECF No. 73. Thus, testimony and discovery from ▓▓▓▓▓▓ will overlap. And it is undisputed that these third parties (which both cases have in common) are in California. Pl.'s Opp'n to Mot. for Transfer 5, ECF No. 77; DISH's Mot. to Transfer 4 at n. 3, Ex. 7 ECF No. 25. ▓▓▓▓▓▓ is headquartered in Carlsbad, California.

---

[1] AT&T and DIRECTV have also filed a motion to sever the case against it from the case against DIRECTV. Mot. to Sever and Stay, or Alternatively, for Transfer, ECF No. 53. But, as Entropic's concurrently-filed opposition explains, this motion to sever and stay should be denied because AT&T, the former parent of DIRECTV, is not a mere customer.

DISH's Mot. to Transfer 4-5, n. 3, ECF No. 25; DIRECTV Mot. to Transfer 6, ECF No. 52. ▇▇▇▇ is located in Irvine, California, which is in the Central District of California. DIRECTV Mot. to Transfer 5, Ex. 30, ECF No. 52.

In addition, the same patents are asserted in both cases. Both DIRECTV and DISH admit that it is more efficient to have one court rule on claim construction. DIRECTV Mot. to Transfer 15, ECF No. 52; Fed. R. Civ. P. 42(a); DISH's Mot. to Transfer 13, ECF No. 25. There will also be overlap in claim construction issues and witnesses (such as inventors and/or prosecuting attorneys). According to DISH and DIRECTV, four of the surviving inventors are located in "Southern California" with one in Seattle. DISH's Mot. to Transfer 6-7, ECF No. 25; DIRECTV Mot. to Transfer 7, ECF No. 52. There is also no dispute that any relevant documents they may have are at their locations in Southern California or the Seattle area. DIRECTV Mot. to Transfer 7, ECF No. 52; DISH's Mot. to Transfer 7, ECF No. 25. At least one of the surviving prosecuting attorneys as located in San Diego. DIRECTV Mot. to Transfer 7, ECF No. 52. Logically, any relevant documents would be at the same location as the prosecuting attorneys.

Based on the DISH, DIRECTV, and AT&T answers and affirmative defenses filed in this case, there will likely be common defenses asserted by both DISH and DIRECTV including, among others, validity. *Compare* DISH's Answer and Affirm Defenses, ECF No. 37 *with* DIRECTV Answer and Affirm Defenses, ECF No. 39 *and* AT&T Answer and Affirm Defenses, ECF No. 41. In fact, DISH's and DIRECTV's invalidity contentions appear to be substantively the same.[2] The cases are also at the same stage and share a common schedule. "To permit a

---

[2] DISH claims that it is "likely to rely on its own prior art systems, which will differ from DirecTV's." DISH's Mot. to Transfer 13, ECF No. 25. But the invalidity contentions served by both DISH and DIRECTV do not appear to have differences in the purported prior art asserted.

situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

DISH has filed its own transfer motion, but has proposed the District of Colorado as the transferee venue. For the reasons Entropic identified in opposition to DISH's motion to transfer, the District of California is more convenient forum for all parties and transfer to the Central District of California is in the interest of justice. *See* ECF Nos. 73, 78. Thus, although District of Colorado may be more convenient for DISH, any convenience to DISH does not outweigh the convenience to third parties and the judicial economy saved by transferring the consolidated cases to the Central District of California. For example, by moving to transfer to separate forums, DISH and DIRECTV will make the cases significantly more inconvenient for third-party witnesses. *See* Pl.'s Opp'n to Mot. For Transfer at 10-11, ECF No. 73. These witnesses will be forced to produce the same or similar documentary evidence and testimony twice. Many witnesses may also have to travel from Southern California to the District of Colorado for trial. *Id*. These are critical issues related to convenience that DISH and DIRECTV fail to even address.

By way of analogy, in *In re Google Inc.*, the Federal Circuit found that the district court did not abuse its discretion keeping cases with overlapping issues together despite transfer being more convenient for certain defendants because "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective." 412 Fed. App'x 295, 296 (Fed. Cir. 2011). Separating the consolidated cases here would "cut against principles of judicial economy and increase the risk of inconsistent adjudication." *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-CV-289, 2009 WL 440627, at *7 (E.D. Tex. Feb. 23, 2009). Accordingly, transfer of the consolidated cases to the

Central District of California is appropriate. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (finding no abuse of discretion where district court based venue decision on considerations of judicial economy).

For the foregoing reasons, the Court should transfer the entire set of consolidated cases to the Central District of California, not just DIRECTV.

Dated:  September 6, 2022

Respectfully submitted,

 /s/ James Shimota by permission Wesley Hill
James Shimota
Jason Engel
George Summerfield
Devon Beane
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
devon.beane@klgates.com

Nicholas F. Lenning
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Wesley Hill
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 752-6400
Fax (903) 752-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**

                                                  **ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on September 6, 2022 to all counsel of record via the Court's CM/ECF system.

                                                  /s/ Wesley Hill
                                                  Wesley Hill

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Protective Order entered in this case (Dkt. 64).

                                                  /s/ Wesley Hill
                                                Wesley Hill