# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, et al.,<br><br>    Defendants. | **Case No. 2:22-CV-00075-JRG**<br><br>**LEAD CASE** |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION;<br>DISH NETWORK L.L.C.; and<br>DISH NETWORK SERVICE L.L.C.,<br><br>    Defendants. | **Case No. 2:22-CV-00076-JRG**<br><br>**MEMBER CASE** |

**DISH'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S
CROSS-MOTION TO TRANSFER**

- i -

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. THE CENTRAL DISTRICT OF CALIFORNIA IS NOT A PROPER VENUE ..................................... 1

    A. Beaming Satellite Television Signals From Space Cannot Establish Venue ..... 1

    B. Entropic's Veil-Piercing Theory Does Not Pass Muster ................................... 2

III. CALIFORNIA IS NOT MORE CONVENIENT THAN COLORADO ................................................. 4

V. CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

**CASES**

*Alexsam, Inc. v. Simon Prop. Grp. (Tex.), L.P.*,
 No. 2:19-cv-331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) ...................................... 2

*Arigna Tech. v. Volkswagen AG*,
 No. 2:21-cv-54-JRG, 2022 WL 2704943 (E.D. Tex. Jan. 20, 2022) ......................................... 2

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
 267 U.S. 333 (1925) ................................................................................................................ 3

*Chrimar Sys., Inc. v. Dell, Inc.*,
 No. 6:15-cv-639-JRG, 2016 WL 9275408 (E.D. Tex. Feb. 29, 2016) ................................ 2, 5

*In re Cray*, *Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017) ........................................................................................... 3, 4

*Diamond Grading Techs. Inc. v. Am. Gem Soc'y*,
 2:14-cv-1161, 2016 WL 1271568 (E.D. Tex. Mar. 31, 2016) ................................................. 5

*In re DISH Network L.L.C.*,
 No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ................................................... 1

*Holguin v. DISH Network LLC*,
 229 Cal. App.4th 1310 (Cal. Ct. App. Sept. 22, 2014) ............................................................ 4

*In re Nintendo Co.*,
 589 F.3d 1194 (Fed. Cir. 2009) ............................................................................................... 1

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*,
 235 S.W.3d 163 (Tex. 2007) .................................................................................................... 3

*Safety-Kleen Sys., Inc. v. McCoy FreightLiner, Inc.*
 No. 4:10-cv-608, 2011 WL 2009958, *7 (Apr. 11, 2011) ....................................................... 4

*Tajonar v. Echosphere, L.L.C.*,
 No. 3:14-cv-2732, Dkt. No. 3-1 (S.D. Cal. Nov. 18, 2014) ..................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 12(b)(3) ............................................................................................................ 2

## I. INTRODUCTION

Entropic's procedural gymnastics continue with its latest filing. A reply brief is ***not*** the proper vehicle for Entropic's new arguments or evidence, which the Court can simply refuse to consider. But, even if the Court is willing to consider this new material, Entropic *still* has not established proper venue for DISH in the Central District of California ("CDCA"). To the contrary, Entropic's new approach confirms what DISH has said all along: it does not reside in the CDCA, and it does not have regular and established places of business there, so it cannot be sued there. Entropic's weak attempt at "veil-piercing" likewise fails on the merits, as detailed below.

Entropic's arguments as to convenience fare no better. Entropic does not—and cannot—point to anything new to justify its sudden thirst for California. The law has not changed: on near-identical facts to those here, the Federal Circuit ordered mandamus to transfer DISH from Texas to Colorado well before Entropic filed this suit. *In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021). And there are likewise no changed facts: the inventors and California suppliers (Broadcom and MaxLinear) to which Entropic points were known as of the date of, and cited throughout, the complaint. *E.g.*, Dkts. 1-1, ¶¶ 34-35; 1-4 at 4; 1-5 at 3.

## II. THE CENTRAL DISTRICT OF CALIFORNIA IS NOT A PROPER VENUE

### A.  Beaming Satellite Television Signals From Space Cannot Establish Venue

Entropic begins its brief by arguing that since DISH "provid[es] satellite services to the [CDCA]," venue must be proper there. The suggestion that DISH's broadcast of television signals to the entire United States from satellites in outer space could establish venue in the CDCA has no basis in the law, and Entropic cites none. Indeed, this argument would not even be relevant to convenience, much less the propriety of venue in the first place. *See, e.g.*, *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (no local interest where products distributed through U.S.A.).

Entropic's reply makes no other argument that venue can properly be based on DISH's own activities in the CDCA. Its failure to do so concedes the point.

**B.      Entropic's Veil-Piercing Theory Does Not Pass Muster**

Having failed to show proper venue the traditional way, Entropic resorts to a half-hearted attempt to pierce the corporate veil so that it can attribute activities of non-party Dish Network California Corporation ("Dish California") to DISH. To make this argument, Entropic was forced to submit new "evidence" and new law in its reply that is found nowhere in its motion. Entropic, however, has the burden here. The purpose of a reply is simply "to respond to arguments raised, not to present 'new' information." *E.g.*, *Chrimar Sys., Inc. v. Dell, Inc.*, No. 6:15-cv-639-JRG, 2016 WL 9275408 (E.D. Tex. Feb. 29, 2016). The Court should disregard all new information. *See, e.g., Safety-Kleen Sys., Inc. v. McCoy FreightLiner, Inc.*, No. 4:10-cv-608, 2011 WL 2009958, *7 (Apr. 11, 2011) (denying transfer where movant made new arguments in reply brief).

Even if the Court considers the late evidence, Entropic's motion still fails. Entropic makes two arguments in support of veil-piercing: (1) lack of corporate separateness between named DISH defendants and Dish California; and (2) named DISH defendants have ratified locations of Dish California as their own. But Entropic fails to establish venue under either approach.[1] *See Arigna Tech. v. Volkswagen AG*, No. 2:21-cv-54-JRG, 2022 WL 2704943, at *1 (E.D. Tex. Jan. 20, 2022).

As to corporate separateness, Entropic points to overlapping leadership between Dish California and one named DISH defendant, specifically identifying two people, Dkt. 94 at 2, as

---

[1] Entropic suggests that it need only make a *prima facie* showing of proper venue (Reply at 1), but that is wrong. *Arigna* describes the standard needed to survive a Rule 12(b)(3) **motion to dismiss**, but does not permit transfer to a jurisdiction where venue has not been established. To show venue is proper, Entropic must come forward with factual contentions and evidence supporting the conclusion that DISH is headquartered in or has a regular and established place of business in the CDCA. *E.g., Alexsam, Inc. v. Simon Prop. Grp. (Tex.), L.P.*, No. 2:19-cv-331-JRG, 2021 WL 8441707, at *3 (E.D. Tex. Sept. 3, 2021). Entropic has failed to do so.

well as the fact that Dish California lists a Colorado headquarters address.  Entropic offers little else.  For instance, Entropic makes no mention of the many DISH leaders that do ***not*** overlap, even as Entropic's new evidence supports that very point.  Dkt. 94-5 (listing almost 50 DISH executive and senior leaders).  It likewise presents no evidence as to other potentially relevant factors, such as record-keeping (e.g., separate books), transactions between entities, or the extent to which corporate formalities are maintained.  *E.g.*, *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925) (common ownership not determinative of corporate separateness).  Merely having some (or even all) overlapping leaders is ***not*** enough.  *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007) (degree of control necessary to "fuse" organizations is "greater than that normally associated with common ownership and directorship").  And the suggestion that this case should be transferred to the CDCA—instead of Colorado—because the Dish California entity has a headquarters address ***in Colorado*** obviously makes no sense.

Entropic's ratification argument is similarly without merit.  As Entropic acknowledges, *Cray* provides a list of factors that courts consider when determining whether ratification applies. 871 F.3d 1355 (Fed. Cir. 2017).  Relevant considerations include "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place … whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place." *Id*. at 1363.  Entropic has not established that any of these factors are present.  *Cray* also notes that "[m]arketing or advertisements also may be relevant, ***but only to the extent they indicate that the defendant itself holds out a place for its business***." *Id*. (emphasis added).  The only "evidence" that Entropic has provided to show the named DISH entities "ratify" the actions or locations of Dish California is the use of the DISH logo on vans in California.  This "advertising"—to the

extent that it can be characterized as such—is hardly tied to a particular location because vans are necessarily mobile, and it certainly is not tantamount to DISH "itself hold[ing] out a place of business" in the CDCA.[2]  Mere use of a logo does not establish ratification.  *Cray*, 871 F.3d at 1364 (defendant "must actually engage in business" from particular location).

Entropic cites two California cases in support of its ratification argument: *Holguin v. DISH Network LLC*, 229 Cal. App.4th 1310 (Cal. Ct. App. Sept. 22, 2014); and *Tajonar v. Echosphere, L.L.C.*, No. 3:14-cv-2732, Dkt. No. 3-1 (S.D. Cal. Nov. 18, 2014).  Those cases notably did ***not*** address questions of venue or veil-piercing.  *Holguin*, 229 Cal. App.4th 1310 (contract and tort case); *Tajonar*, Dkt. No. 3-1 (arbitration agreement dispute).  In *Holguin*, which involved events from 2006 that have no bearing on today, DISH Network L.L.C. was the party to a contract that was allegedly breached, so Dish ***California*** was dismissed as a party.  *Holguin*, 229 Cal. App.4th at 1316.  But that hardly establishes that the named DISH entities here have consented to or are subject to the venue of the CDCA for all purposes today, more than 15 years later, much less does it establish consent or ratification in ***this*** case.  *Tajonar* is even further afield.  In that case, a DISH affiliate, Echosphere L.L.C., moved to compel arbitration based on an agreement between the plaintiff, on the one hand, and "DISH Network L.L.C. and its affiliates" on the other.  *Tajonar*, Dkt. No. 3-1 at n.1.  Echosphere L.L.C. was expressly a party to and beneficiary of that agreement by that agreed definition, but that does not make all DISH affiliates as one for all purposes.

### III.  CALIFORNIA IS NOT MORE CONVENIENT THAN COLORADO

Entropic's dispute concerning which venue is "more" convenient has devolved into circular arguments about whose convenience is most important.  DISH has emphasized DISH employees

---

[2]  Entropic's own website acknowledges that trademarks can be used under license. http://www.entropic.com/contact.html ("The trademark Entropic is a trademark of MaxLinear, Inc. used under license.").  MaxLinear would presumably take the position that it is not liable for all of Entropic's actions, however.

and former employees, for whom Colorado would be more convenient, as well as third parties for whom California would not be any more convenient than Colorado. Dkt. 88 at 9-10. Entropic emphasizes the convenience of certain third parties, including some inventors and suppliers.

But Entropic ignores that the overall burden for ***all*** parties favors Colorado or, at most, is neutral. Presuming the case is transferred to the CDCA, certain third-party witnesses may have an easier time traveling to the CDCA courthouse (which Entropic now admits may require more than 100 miles of travel). But the burden of travel is not eliminated; it merely shifts from the California witnesses to the Colorado witnesses. Indeed, even for the California witnesses, there may a significant burden to drive 100+ miles through California traffic—and San Diego witnesses who would refuse to travel for a trial will likely not appreciate the "convenience" of travel to Los Angeles. Moreover, in evaluating whether transfer is appropriate, courts focus on the net burden; not on one party to the exclusion of others. *Diamond Grading Techs. Inc. v. Am. Gem Soc'y*, 2:14-cv-1161, 2016 WL 1271568, at *6 (E.D. Tex. Mar. 31, 2016) ("While transferring would reduce the burden for some witnesses, it would proportionally increase the burden for others …."); *Chrimar*, 2016 WL 9275408, at *8 (shift in inconvenience does not justify transfer).

DISH has identified many specific DISH witnesses who may testify in this case. *E.g.*, Dkt. 25-1 at 3. Entropic, by contrast, has failed to specifically identify which engineer at Broadcom or MaxLinear may have relevant information. Colorado is the venue that minimizes the collective burden. At most, this factor is neutral and, in no event, does this factor favor the CDCA.

## V. CONCLUSION

In its conclusion, and with no legal support, Entropic seeks additional discovery. But Entropic already had its shot at venue discovery. No additional discovery should be permitted, and this case should be transferred to Colorado, as originally requested by DISH.

- 6 -

Dated:  September 19, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Amanda Tessar, CO Bar No. 33173
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone:  (303) 291-2300
Facsimile:  (303) 291-2400

Matthew C. Bernstien, CA Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone:  (858) 720-5700
Facsimile:  (858) 720-5799

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C, AND DISH NETWORK SERVICE L.L.C**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served September 19, 2022 to all counsel of record, via the Court's CM/ECF system

*/s/ Melissa R. Smith*
Melissa R. Smith