# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC, and <br> AT&T SERVICES, INC., <br><br> Defendants. | Civil Action No. 2:22-CV-00075-JRG <br><br> LEAD CASE <br><br> JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION; <br> DISH NETWORK L.L.C.; and <br> DISH NETWORK SERVICE L.L.C., <br><br> Defendants. | Civil Action No. 2:22-CV-00076-JRG <br><br> RELATED CASE |

**DIRECTV, LLC'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

There is no dispute that, under current law, Entropic's case against DIRECTV should be transferred to the Central District of California under 28 U.S.C. § 1404(a). In its opposition, Entropic does not contest the relief requested in DIRECTV's motion—*i.e.*, to transfer the case against DIRECTV to the Central District of California. *See* Opp. (Dkt. 91) at 1–3.[1] To the contrary, Entropic reiterates numerous facts in favor of transferring the *DIRECTV* case, including:

- third-party suppliers such as Broadcom are located in the Central District of California (Opp. at 2–3);[2]

- the prior owner of all three asserted patents (MaxLinear) is located in Southern California within 100 miles of the Central District of California (Opp. at 2);[3]

- four of the five surviving inventors live in Southern California (Opp. at 3);

- relevant documents are located in the Central District of California (Opp. at 3);[4] and

- at least one prosecuting attorney lives in San Diego (Opp. at 3).[5]

These facts—among the others emphasized in DIRECTV's motion, which Entropic does not dispute in its opposition—compel transfer to the Central District of California.

Entropic opposes DIRECTV's motion only to the "limited extent" that the consolidated case against DISH Network also be transferred. *See* Opp. at 2. To that end, the majority of Entropic's opposition brief relates more to its cross-motion to transfer the case against DISH

---

[1] In fact, Entropic's proposed order in connection with DIRECTV and AT&T's motion to sever and stay the claims against AT&T seeks an order that "*[a]ll Defendants* [*i.e.*, DIRECTV *and* AT&T] are transferred to the Central District of California." Dkt. 90-10 at 1–2.

[2] *See also* DIRECTV Mot. to Transfer (Dkt. 52) at 5 (identifying Broadcom and MaxLinear as DIRECTV suppliers having offices in the Central District of California).

[3] As explained in DIRECTV's motion, MaxLinear is also a supplier of DIRECTV and Entropic accuses chipsets provided by MaxLinear of infringing. *See* DIRECTV Mot. to Transfer (Dkt. 52) at 5.

[4] *See also* DIRECTV Mot. to Transfer (Dkt. 52) at 1–2, 5–6.

[5] *See also* DIRECTV Mot. to Transfer (Dkt. 52) at 7.

Network to the Central District of California than it relates to DIRECTV's motion. *See* Opp. at 3–5. DIRECTV takes no position on Entropic's cross-motion to transfer the *DISH Network* case. But, whether the case against DISH Network should *also* be transferred has no bearing on whether the case against DIRECTV should be transferred, given that Entropic has **agreed** to transfer of the *DIRECTV* case.[6]

None of the cases cited by Entropic provides any basis to deny the motion to transfer DIRECTV on the merits. For example, *Continental Grain Co. v. The FBL-585*, 364 U.S. 19 (1960), addressed the question of whether, in the context of admiralty law, an in rem admiralty proceeding against a barge should have been transferred under 28 U.S.C. § 1404(a) to the same court in which a proceeding on "precisely the same issues" against the barge owner was proceeding. *Id.* at 26–27. That unique fact pattern is inapplicable here. Similarly, in *In re Google*, the Federal Circuit denied a petition for writ of mandamus compelling a district court to transfer a case with 21 defendants to the Northern District of California, where only seven of the defendants had significant connections to the district. 412 F. App'x 295, 296–97 (Fed. Cir. 2011). Here, Entropic has agreed that all defendants in this case (DIRECTV *and* AT&T) should be transferred to the Central District of California. Thus, *In re Google* is relevant, if at all, to whether *other* cases should also be transferred, which is not at issue in this motion.

For the reasons above, as well as Entropic's agreement in response to DIRECTV and AT&T's motion to sever and stay the case against AT&T to transfer "[a]ll Defendants" to the Central District of California (*see* Dkt. 90-10 at 1–2), this Court should issue an order transferring this case to the Central District of California.

---

[6] *See* Dkt. 90-10 at 1–2 (seeking an order that "[a]ll Defendants are transferred to the Central District of California").

DATED: September 20, 2022          **GIBSON, DUNN & CRUTCHER LLP**

*/s/ Benjamin Hershkowitz*

Benjamin Hershkowitz
Katherine Q. Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com

Brian Buroker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
bburoker@gibsondunn.com

Nathan R. Curtis (#24078390)
Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
ncurtis@gibsondunn.com
ayang@gibsondunn.com

**THE DACUS FIRM, P.C.**

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
ddacus@dacusfirm.com

*Counsel for Defendant DIRECTV, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, I caused to be served by email a copy of the foregoing motion on all counsel who have consented to electronic service.

                                            */s/ Benjamin Hershkowitz*
                                             Benjamin Hershkowitz