| | |
|---|---|
| 1 | JASON C. LO, SBN 219030 |
| 2 |    jlo@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP |
| 3 | 333 South Grand Avenue<br>Los Angeles, CA 90071-3197 |
| 4 | Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| 5 | |
| 6 | BENJAMIN HERSHKOWITZ (admitted *pro hac vice*)<br>   bhershkowitz@gibsondunn.com |
| 7 | KATHERINE Q. DOMINGUEZ (admitted *pro hac vice*)<br>   kdominguez@gibsondunn.com |
| 8 | GIBSON, DUNN & CRUTCHER LLP |
| 9 | 200 Park Avenue<br>New York, NY 10166-0193 |
| 10 | Telephone: 212.351.4000<br>Facsimile: 212.351.4035 |

Attorneys for Defendants DIRECTV, LLC and AT&T Services, Inc.

[Additional Counsel Listed Below]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>DIRECTV, LLC ET AL.,<br><br>            Defendants. | CASE NO. 2:22-CV-07775-JLS-JEM<br><br>**DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE STATUS CONFERENCE**<br><br>SUPPORTING DECLARATION OF JASON C. LO FILED CONCURRENTLY HEREWITH<br><br>[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH<br><br>Hon. John W. Holcomb<br><br>Hearing Date:   November 18, 2022<br>Hearing Time:   1:00 p.m.<br>Courtroom:   9D |

BRIAN BUROKER (admitted *pro hac vice*)
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.955.8500

NATHAN R. CURTIS (admitted *pro hac vice*)
  ncurtis@gibsondunn.com
AUDREY YANG (admitted *pro hac vice*)
  ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

# NOTICE OF *EX PARTE* APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants DIRECTV, LLC and AT&T Services, Inc. (collectively, "Defendants"), by and through their counsel of record, apply *ex parte* pursuant to Central District of California Local Rules 7-19 and 7-19.1 for an order continuing the Status Conference set for November 18, 2022, at 1:00 p.m. Defendants request that the Status Conference be continued and scheduled to occur the week of December 5, 2022, or such later time as meets the Court's convenience.

This *ex parte* application to continue the status conference is based upon this Notice, the attached Application and memorandum in support thereof, the supporting declaration of Jason C. Lo, and such other evidence as may be presented to the Court at any hearing on the Application or of which the Court takes judicial notice.

Dated: November 9, 2022      GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Jason C. Lo*
Jason C. Lo
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
jlo@gibsondunn.com

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.

## *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT

### I.   NAMES AND ADDRESSES OF OPPOSING COUNSEL

Pursuant to Central District of California Local Rule 7-19, the name, address, telephone number, and e-mail address of counsel for the opposing party is as follows:

Christina N. Goodrich (SBN 261722)
K&L GATES LLP
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel.: (310) 552-5547
christina.goodrich@klgates.com

James Shimota
Jason Engel
George Summerfield
K&L GATES LLP
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Nicholas F. Lenning
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 623-7580
nicholas.lenning@klgates.com

Darlene F. Ghavimi
Matthew Blair
K&L GATES LLP
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Plaintiff opposes this Application.

## II. PROCEDURAL HISTORY AND BACKGROUND

This case was transferred to this Court from the Eastern District of Texas and was docketed as case number 2:22-cv-07775 on October 27, 2022. Dkt. 111. The case was reassigned to Judge John W. Holcomb on November 1, 2003. Dkt. 139. On November 3, 2022, the Court entered an order setting a Status Conference for November 18, 2022, at 1:00 p.m. Dkt. 144. The order setting a Status Conference requires the parties to file a Joint Status Report advising the Court on the status of the case post-transfer and "whether they suggest that the Court adopt the schedule entered at ECF No. 71 on the Eastern District of Texas docket, with modifications made to meet this Court's procedures." *Id.*

On November 7, 2022, Defendants' lead counsel, Jason Lo, informed lead counsel for Plaintiff, Christina Goodrich, that he is unable to attend the scheduled Status Conference because he would be traveling at the scheduled time of the Status Conference on a prepaid business trip to Asia. Lo Decl. ¶ 3. Mr. Lo informed Ms. Goodrich that Defendants would like to seek a short continuance of the Status Conference until after Mr. Lo returns from Asia on November 30, 2022. *Id.*

That same day, Defendants learned that another case in which Entropic is the plaintiff, *Entropic Communications, LLC v. DISH Network Corp. et al*, 2:22-cv-07959, was related to this Court. The *DISH* case involves the same patents asserted by Entropic against DIRECTV and AT&T in this case. In an abundance of caution and to facilitate scheduling should the Court decide to hold a status conference for the two cases on the same day, counsel for Defendants confirmed that counsel for DISH would be available during the week of December 5, 2022. Lo Decl. ¶¶ 4–5.

On November 8, 2022, Mr. Lo informed Plaintiff's counsel of DISH's availability during the week of December 5, and requested that the parties stipulate to continue the status conference to December 5. On the afternoon of November 9, 2022, Plaintiff's counsel declined to do so. *Id.* ¶¶ 6–9.

To give the Court sufficient time to reschedule the Status Conference, Defendants filed the present *ex parte* application.

## III. GROUNDS FOR APPLICATION

***Defendants Made Every Effort to Avoid This Motion.*** Defendants recognize that *ex parte* applications are highly disfavored in this District and by this Court, and made multiple efforts to reach an agreement with Plaintiff that would avoid burdening the Court with this application.

Plaintiff initially requested that Defendants coordinate with the parties in the *DISH* matter to ensure that the *DISH* defendants also are available to participate at the Status Conference. Defendants did so, and counsel for the DISH defendants are available at the Court's convenience during the week of December 5, 2022. Lo Decl. ¶¶ 4–5.

Plaintiff then requested that the continued status conference take place no later than November 30, 2022 (*i.e.*, during the time Mr. Lo is in Asia). While Defendants would prefer for counsel to attend the Status Conference in person and without a 16-hour time difference, Defendants represented to Plaintiff, as they do to the Court now, that if the Court desires to hold the Status Conference prior to November 30, 2022, and grants Mr. Lo leave to appear by Zoom, Mr. Lo will make himself available at the Court's convenience other than on November 18 or November 30 (when he will be on an international flight). Lo Decl. ¶ 7.

This afternoon, Plaintiff made another request: that a continuance is contingent on Defendants agreeing to Plaintiff's proposed case schedule. In Docket No. 144, the Court requested the parties' views on "whether they suggest that the Court adopt the schedule entered at ECF No. 71 on the Eastern District of Texas docket, with modifications made to meet this Court's procedures." As a condition of stipulating to a continuance, Plaintiff's counsel requested that Defendants adopt the schedule entered on the Eastern District of Texas docket. For reasons that Defendants will set forth in the forthcoming Joint Status Report, Defendants do not suggest that this Court adopt the prior schedule. Lo Decl. ¶¶ 8–9.

Thus, the parties are at an impasse.

***Good Cause Exists Here.*** This Court's Standing Order states that "[c]ontinuances are granted only on a showing of good cause." Standing Order (Dkt. 165) ¶ 15. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Good cause exists here. After this case was transferred to the Central District of California, Defendants brought on Mr. Lo—who lives, works, and has significant experience litigating in this District—as counsel. Defendants believe they will be best represented at this initial Status Conference by their chosen counsel appearing in person. *See United States v. Coughlan*, No. 93-50283, 32 F.3d 572 (9th Cir. Aug. 3, 1994) (noting a request to continue was "reasonable, having been made for the purpose of accommodating the trial schedule of [the defendant's] counsel of choice, and not for the purpose of delay"). Mr. Lo, however, has prepaid, scheduled business travel to Asia that makes him unable to attend a November 18, 2022 Status Conference. Lo Decl. ¶ 2.

Setting the Status Conference for the week of December 5 would allow Mr. Lo to attend in person and represent Defendants and without requiring Defendants to adopt a case schedule with which they disagree.

***There Is No Urgency to the Status Conference.*** A short continuance of the Status Conference will not prejudice Plaintiff. Plaintiff filed this case against Defendants on March 9, 2022, and does not seek an injunction against Defendants. *See* Dkt. 1. Although the parties have engaged in limited fact discovery, the past seven months have focused mostly on the issue of transfer to this District—not on the merits of the case. A short, two-week continuance will not affect the overall progress of this case.

Moreover, as noted above, a short continuance also will provide the Court an opportunity to determine whether the *DISH* defendants should participate in any scheduling discussions, and whether they should attend the Status Conference.

## IV. NOTICE OF APPLICATION AND OPPOSING PARTY'S POSITION

Defendants' counsel informed counsel for Plaintiff of its need to continue the Status conference on November 7, 2022. Despite its initial agreement to a continuance of the Status Conference, Plaintiff later informed Defendants that they would agree to a continuance only if Defendants agreed that the prior Eastern District of Texas schedule continues to apply going forward. Defendants declined to do so, and Plaintiff opposes this application.

# **CERTIFICATE OF SERVICE**

I, Nathan R. Curtis, an attorney, hereby certify that **DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO CONTINUE STATUS CONFERENCE** was emailed to counsel for Plaintiff Entropic Communications, LLC on November 9, 2022.

By: /s/ *Nathan R. Curtis*
Nathan R. Curtis

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.