JASON C. LO, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

BENJAMIN HERSHKOWITZ (admitted *pro hac vice*)
bhershkowitz@gibsondunn.com
KATHERINE Q. DOMINGUEZ (admitted *pro hac vice*)
kdominguez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:   212.351.4035

Attorneys for Defendants DIRECTV, LLC and AT&T Services, Inc.

[Additional Counsel Listed Below]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>DIRECTV, LLC ET AL.,<br><br>     Defendants. | CASE NO. 2:22-CV-07775-JLS-JEM<br><br>**DECLARATION OF JASON C. LO IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE STATUS CONFERENCE**<br><br>Hon. John W. Holcomb<br><br>Hearing Date: November 18, 2022<br>Hearing Time: 1:00 p.m.<br>Courtroom:  9D |

Gibson, Dunn &
Crutcher LLP

1
2
3
4

BRIAN BUROKER (admitted *pro hac vice*)
    bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.955.8500

5
6
7
8
9
10

NATHAN R. CURTIS (admitted *pro hac vice*)
    ncurtis@gibsondunn.com
AUDREY YANG (admitted *pro hac vice*)
    ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF JASON C. LO</u>

I, Jason C. Lo, declare:

1.      I am an attorney admitted to practice before this Court.  I am a Partner with the law firm of Gibson, Dunn & Crutcher LLP, and I am lead counsel of record for Defendants DIRECTV, LLC and AT&T Services, Inc. in the above-captioned matter.  I am submitting this declaration in support of Defendants' *Ex Parte* Application to Continue Status Conference.  I have personal knowledge of the matters stated herein and if called to testify to such matters, I could and would testify hereto.

2.      This Court set a Status Conference for November 18, 2022.  I have scheduled prepaid business travel to Asia from late in the evening of November 17 to November 30, 2022.  I will be on a plane to Asia during the currently scheduled time of the Status Conference.

3.      Pursuant to Local Rule 7-19, I have conferred with Plaintiff's lead counsel, Christina Goodrich, about this application.  On November 7, 2022, I informed lead counsel for Plaintiff, Christina Goodrich, that I am unable to attend the scheduled Status Conference and that Defendants would like to seek a short continuance of the Status Conference until after I return from my business trip.

4.      Ms. Goodrich initially asked whether I would be willing to coordinate the continuance with counsel for another case in which Entropic is the plaintiff, *Entropic Communications, LLC v. DISH Network Corporation et al.*, No. 2:22-CV-07959.  The *DISH* case recently was related to this Court and involves the same patents asserted by Entropic against the DIRECTV and AT&T defendants in this case.

5.      At Plaintiff's request, I confirmed that counsel for DISH Network also is available to attend a Scheduling Conference the week of December 5, 2022, should the Court desire to consider the cases together.

6.      On November 8, 2022, I informed Plaintiff's counsel of DISH Network's availability during the week of December 5, and requested that the parties enter a

Gibson, Dunn &
Crutcher LLP

1

1    stipulation to continue the Status Conference to December 5, or some other time
2    convenient for the Court.

3        7.    Plaintiff's counsel then requested that the Status Conference be continued
4    to a date no later than November 30, 2022.  Although it is Defendants' preference that
5    counsel appear in person, I informed Plaintiff that other than the periods during which I
6    am in transit, I would participate in a Status Conference prior to November 30, 2022
7    (from Asia) if that suited the Court's convenience.

8        8.    This afternoon, Plaintiff's counsel sought a further condition before they
9    would agree to a continuance.  The Court has inquired "whether [the parties] suggest that
10   the Court adopt the schedule entered at ECF No. 71 on the Eastern District of Texas
11   docket, with modifications made to meet this Court's procedures."  Plaintiff's counsel
12   stated that unless DIRECTV, LLC and AT&T Services, Inc. agreed to the Eastern District
13   of Texas schedule, they could not agree to a continuance.

14       9.    Defendants are unable to accept this condition because Defendants do not
15   believe that this Court should adopt the Eastern District of Texas schedule.  Accordingly,
16   I am informed by Plaintiff's counsel that Plaintiff opposes this application.

17

18       I certify under penalty of perjury under the laws of the United States that the
19   foregoing statements are true.

20

21   Dated: November 9, 2022                    By: _____
22                                                  Jason C. Lo
23

24

25

26

27

28