Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DIRECTV, LLC and AT&T SERVICES, INC., <br><br> Defendants. | Case No. 2:22-cv-07775-JWH-JEM (Lead Case) <br><br> **PLAINTIFF ENTROPIC COMMUNICATION LLC'S RESPONSE TO DIRECTV'S EX PARTE APPLICATION** <br><br> Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br> Defendants. | Case No. 2:22-cv-07959 (Member Case) |

**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S RESPONSE TO EX PARTE APPLICATION FOR RELIEF**

TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-19,** Plaintiff Entropic Communications LLC ("Entropic" or "Plaintiff") will, and hereby does, respectfully submit this response to the Ex Parte Application of Defendants DIRECTV LLC and AT&T Services, Inc. (collectively, "DIRECTV")

Entropic does ***not*** oppose continuing the status conference to accommodate DIRECTV counsel's travel. Entropic ***does oppose*** DIRECTV and DISH seeking to delay this case by refusing to abide by the existing schedule until this Court can weigh in on any modifications to it and now proposing (in the joint status report) a new schedule that pushes out trial by 9 months -- all allegedly due to the transfer to this District.  This case was transferred to this District only a few weeks ago; the existing Scheduling Order has been moving the case along rapidly and Defendants have presumably been preparing in accordance with that schedule. Defendants now seek to delay the orderly progress of this case and completely vacate that schedule. Indeed, DIRECTV's Application seeks not merely to delay the ***hearing***—which Entropic does not oppose—but to eliminate the events set by the existing Order between now and some future unknown hearing date. Defendants are using the overseas business trip of a single lawyer to override the existing Scheduling Order by *fait accompli*. The power to modify the existing Scheduling Order lays solely with this Court.  Thus, it seems only reasonable that, until such time as this Court modifies that Order (if at all), the Parties are bound by it.

## I.   Procedural History and Background

DIRECTV's Application omits and misrepresents numerous key facts, both as to the status of this case and the discussions between the parties that led to DIRECTV's Ex Parte Application.

On April 12, 2022, Judge Gilstrap ordered these cases consolidated "for all pre-trial issues" and the "consolidated Defendants" were added to "the Lead Case", i.e. E.D.

1

**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S RESPONSE TO EX PARTE APPLICATION FOR RELIEF**

Texas Case No. 2:22-cv-00075, now C.D. Cal. Case No. 2:22-cv-07775. ECF No. 21. Since that time, all parties have proceeded in the lead case under that consolidation order, which required all filings to be made in the lead case. Judge Gilstrap consolidated these cases because they involve the same asserted patents and highly related accused products (for example, many of the same or similar chipsets are at issue in the both cases), and therefore there is substantial overlap, including with respect to third party discovery.

On June 2, 2022, Judge Gilstrap entered the parties' agreed Docket Control Order, ECF No. 49, which set numerous deadlines, including commencement of the claim construction process with the exchange of proposed claim terms on December 1, 2022 and a December 22, 2022 deadline to exchange Preliminary Claim Constructions. The Docket Control Order was amended twice for minor changes, resulting in the Second Amended Docket Control Order, ECF No. 71, but the claim construction dates have remained unchanged. The parties have continued under this schedule throughout the case.

On October 24, 2022, Judge Gilstrap transferred these cases to the Central District of California under Section 1404(b), "finding that there exists substantial efficiencies in keeping the consolidated cases together in CDCA," ECF No. 109, agreeing with Entropic that "the differences between the accused products among the Defendants are closer to a Ford and Chevy analogy, rather than an apples and oranges analogy," and noting also that "Plaintiff, DIRECTV, and AT&T agree that the lead case should be transferred to the Central District of California," *id*. at 17. Judge Gilstrap therefore ordered the "entire consolidated case" to be transferred to the Central District of California. *Id*. at 15.

On October 27, 2022, the lead case, now Case No. 2:22-cv-07775, transferred and opened in the Central District of California. It was first assigned to Judge Staton and then transferred to Your Honor on November 1, 2022. ECF No. 139. On October 27, 2022, the Clerk's Office filed notices of *pro hac vice* applications being due for all

1  attorneys in the lead case, including counsel for DISH. On November 3, 2022, this Court
2  set a status conference for November 18, 2022, and directed the parties to meet and
3  confer and file a Joint Status Report advising the Court of the status of this case post-
4  transfer. Specifically, the Court ordered the parties to address whether the Court should
5  adopt the schedule entered at ECF No. 71 on the Eastern District of Texas docket, with
6  modifications made to meet this Court's procedures, and whether the Court should
7  adopt the Local Patent Rules for the Eastern District of Texas for this case. ECF No. 71
8  is the Second Amended Docket Control Order for the consolidated cases.

   On October 31, 2022, Jason Lo filed an appearance for DIRECTV for the first
10 time in this case.[1]

11 On November 3, 2022, the Clerk's Office opened Case No. 2:22-cv-07959, the
12 Dish member case, originally Case No. 2:22-cv-00076 in the Eastern District of Texas.[2]
13 That case was assigned to Judge Mark Scarsi. Counsel for Dish filed their *pro hac vice*
14 applications in both Case No. 2:22-cv-07959 and Case No. 2:22-cv-07775 that same
15 day, November 3.

16 On Monday, November 7, counsel for DIRECTV, Jason Lo, contacted counsel
17 for Entropic to request a continuance of the November 18 Status Conference. *See* the
18 Declaration of James Shimota ("Shimota Decl.") at ¶ 3. On November 8, counsel for
19 DIRECTV    sent to counsel for Entropic a proposed stipulation to continue the Status
20 Conference. *See* Shimota Decl. at ¶ 8.  Since transfer to this District, counsel for
21 Entropic repeatedly made clear that it viewed the DIRECTV and DISH cases as

---

[1] Mr Lo signed the pro hac vice applications for counsel for DirecTV who had previously been involved in this case when it was pending in the Eastern District of Texas and is designated as Local Counsel. *See, e.g.,* ECF Nos. 141, 142, 145.

[2] Beginning on November 4, 2022, Entropic partially learned of Dish's position that the Orders from the Eastern District of Texas no longer apply, including the consolidation order. In particular, Dish's counsel informed Entropic's counsel that Dish did not believe the cases were consolidated and without notice to Entropic had a paralegal contact the Clerk of the Central District of California to open a case for Dish only.

3
**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S RESPONSE TO EX PARTE APPLICATION FOR RELIEF**

1  remaining consolidated under the consolidation order given that that order had not been
2  modified or vacated. *See* the Declaration of Christina N. Goodrich ("Goodrich Decl.")
3  at ¶ 2. Consequently, counsel for Entropic made clear that DISH'S participation in the
4  status conference, and any stipulation to continue it, was required. *Id*. at ¶ 3 On
5  November 8, counsel for Entropic sent redlines to the stipulation to request to continue
6  the status conference to counsel for DIRECTV that, among other things, set forth the
7  procedural posture of the case and added DISH as a required party to the stipulation.
8  *See* Shimota Decl. at ¶ 9. DIRECTV's counsel responded that he disagreed with
9  Entropic's revisions and insisted on reverting back to the initial draft stipulation that he
10 had sent with minor edits. *Id*. at ¶ 10. The parties continued to try to negotiate a
11 stipulation that addressed their concerns, but as far as Entropic was aware, DISH was
12 not participating in the stipulation as their name had been removed from stipulation
13 (after Entriopic added it). *See id*. at ¶ 10-13.

14     Counsel for DIRECTV, DISH, and Entropic met and conferred on the afternoon
15 of November 9. *See* Goodrich Decl. at ¶ 4. Counsel for DISH and DIRECTV stated
16 their position that (1) the consolidation order is no longer in effect, despite not having
17 been modified or vacated, and (2) the parties no longer have to follow the current
18 Docket Control Order until Judge Holcomb issues a new schedule. *See id*. Counsel for
19 Entropic explained why this is problematic in view of the requested continuance—the
20 deadline for the exchange of claim terms, to begin the claim construction process, is
21 December 1, so if Defendants are refusing to follow the existing schedule until the Judge
22 enters a new schedule and also requesting a continuance past the December 1 deadline
23 in the existing schedule, they are effectively forcing a delay to the case schedule. Given
24 the holidays, Defendants' position could cause a delay of a month or more to the
25 *Markman* proceedings, and could also delay or disrupt all remaining deadlines in the
26 schedule. *See* Shimota Decl. at ¶ 14. Counsel for Entropic stated that it does not oppose
27 a continuance to the week of December 5 so long as the parties will exchange claim
28 terms on December 1 under the existing schedule, but that if Defendants refuse to do

so, then Entropic believes the status conference has to take place before December 1. This is the only way to allow the Court the option to keep the case on schedule. *See id.* Counsel for Entropic also asked whether counsel for Defendants are available before November 18th. *See* Goodrich Decl. at ¶ 5. Counsel for Defendants said they'd check and get back to Entropic, but never did, filing the *ex parte* Application instead. *See id.* Counsel for Entropic also explained that the consolidation order remains on the docket of both cases and that it expects DISH to participate in the Joint Status Report and the Status Conference. *See id* at 6. DISH ultimately agreed to do so, but continued to maintain its position that the cases are not consolidated. DISH provided no reasoning as to why the cases should not be consolidated nor did DISH offer any support for its position other than generally stating that it was not the practice in this District. *See id.*

Counsel for Entropic never conditioned a continuance on DIRECTV or DISH agreeing to Entropic's proposed schedule for the case, as DIRECTV's *Ex Parte* Application falsely claims (ECF No. 166-1 at 8; ECF No. 166 at 4), only that the parties follow the existing schedule in the interim—i.e. exchanging proposed claim terms for construction on December 1— to avoid prejudicing Entropic. *See* Shimota Decl. at ¶ 14-15. As Entropic repeatedly explained, doing otherwise forces delay in the case schedule, which Defendants have not denied. *See id.* Entropic also reiterated during the meet and confer that it was willing to conduct the hearing by Zoom to accommodate DIRECTV's counsel. *See id.* at ¶ 14.

**II.     Grounds for Opposition**

Entropic does ***not*** oppose continuing the status conference to accommodate DIRECTV counsel's travel. Entropic ***does oppose*** DIRECTV and DISH seeking to delay this case by refusing to abide by the existing schedule until this Court can weigh in on any modifications to it and now proposing (in the joint status report) a new schedule that pushes out trial by 9 months -- all allegedly due to the transfer to this District.

These cases remain consolidated and the Second Amended Docket Control Order remains in effect until this Court enters a different scheduling order. Indeed, that is black letter law. *See* Wright & Miller, Fed. Prac. & Proc. Juris. § 3846 (4th ed. Apr. 2022 update) ("When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal. This leaves in place whatever already has been done in the transferor court.").

Under the current schedule, which all parties agreed to previously and under which the parties have been operating for months, the parties will exchange proposed claim terms for construction on December 1. But Defendants are both seeking to continue the status conference until the week of December 5 *and* telling Entropic that they will not exchange proposed claim terms for construction on December 1 because they believe the existing case schedule has been implicitly vacated by the transfer. *See* Shimota Decl. at ¶ 14-15; Goodrich Decl. at ¶ 4. In effect, Defendants are seeking to use their counsel's unavailability to impose delay *fait accompli* before this Court even has the opportunity to weigh in. Indeed, delay appears to be Defendants' explicit goal— as Defendants' positions in the Joint Status Report make clear, they are seeking to delay the *Markman* hearing in this case by at least several months and trial by nine months.

Such delay, at a critical juncture in the case, will significantly prejudice Entropic. Entropic has repeatedly sought to offer compromises to avoid that prejudice, including that the status conference take place earlier, that it take place via Zoom, or that the parties simply agree to exchange claim terms on December 1 so that the case schedule is not forcibly delayed by Defendants until such time as the Court can weigh in. *See* Shimota Decl. at ¶ 14-15. Defendants have refused any compromise and instead urge this Court to move the status conference while also endorsing Defendants' view that the current case schedule need not be followed. *See id;* Goodrich Decl. at ¶ 4.

Defendants' position also is farcically inconsistent. On October 31, DIRECTV made a document production to Entropic, designating the documents under the E.D. Tex. Protective Order. Goodrich Decl. at ¶ 7. Defendants therefore apparently believe

6

**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S RESPONSE TO EX PARTE APPLICATION FOR RELIEF**

the Protective Order remains in effect—which makes sense, presumably Defendants would not agree that Entropic may post their technical document productions on the Internet because there is no Protective Order—but, according to Defendants, the Docket Control Order and Consolidation Order have been wiped away. Defendants cannot have it both ways.

### III. Conclusion

Entropic has no objection to continuing the status conference. But Entropic respectfully requests that the Court enforce the existing consolidation and scheduling orders in the meantime to avoid prejudice to Entropic and needless delay to the case. Entropic therefore respectfully requests that the Court clarify that Entropic, DISH, and DIRECTV should proceed with exchanging proposed claim terms for construction on December 1, and otherwise proceed with the existing case schedule and the consolidation order, until the Court enters different orders. Granting DIRECTV's relief without that clarification permits Defendants to manufacture delay in the case schedule without this Court's input and will cause prejudice to Entropic, who wishes to move this case expeditiously towards trial.

Respectfully Submitted,

**K&L GATES LLP**

Dated: November 10, 2022

By: */s/ Christina N. Goodrich*
Christina N. Goodrich
Connor J. Meggs

**K&L GATES LLP**
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA  90067

*Attorneys for Plaintiff Entropic Communications LLC*