Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff Entropic
Communications, LLC*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-07775-JWH-JEM |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | Case Transferred from E.D. Texas (2:22-cv-75-JRG) |
| DIRECTV, LLC and AT&T SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-07959-JWH-JEM |
| Plaintiff, | Case Transferred from E.D. Texas (2:22-cv-76-JRG) |
| v. | JURY TRIAL DEMANDED |
| DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., | Status Conference |
| | Date: November 18, 2022 (*ex parte* application to continue filed) |
| Defendants. | Time: 1:00p.m. |
| | Crtm: 9D (Reagan Bldg) |

Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic"), Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH," Case No. 2:22-cv-07959), Defendant DIRECTV, LLC, and Defendant AT&T Services, Inc. (collectively, "DIRECTV," Case No. 2:22-cv-07775), by and through their respective counsel of record, hereby submit this Joint Status Report in compliance with ECF No. 144.[1] In ECF No. 144, the Court "DIRECTED [the parties] to address matters including but not limited to, whether they suggest that the Court adopt the schedule entered at ECF No. 71 on the Eastern District of Texas docket, with modifications made to meet this Court's procedures, and whether they suggest that the Court adopt the Local Patent Rules for the Eastern District of Texas for this case."

## I.   <u>Case Summary</u>

On March 9, 2022, Entropic filed complaints for patent infringement against DIRECTV (C.A. No. 2:22-cv-75-JRG) and DISH (C.A. No. 2:22-cv-76-JRG) in the United States District Court Eastern District of Texas.[2] Entropic alleges that DISH and DIRECTV, directly and/or indirectly, infringe the asserted claims of three patents: U.S. Patent Nos. 7,130,576 ("the '576 Patent"), 7,542,715 ("the '715 Patent"), and 8,792,008 ("the '008 Patent"). On May 16, 2022, DISH and DIRECTV filed answers denying Entropic's allegations of infringement. *See* ECF Nos. 37 (DISH) and 39 (DIRECTV). On April 12, 2022, Judge Gilstrap ordered the DISH case consolidated for pre-trial purposes with the DIRECTV case, designating the DIRECTV case as the lead case and that all filings be made in that case. ECF No. 21.

DISH and DIRECTV both filed motions to transfer under 28 U.S.C. § 1404(a) for the convenience of the parties, witnesses, and the interests of justice. *See* ECF Nos. 25 (DISH) and 52 (DIRECTV). DISH requested transfer to the District of

---

[1]   Citations to ECF docket entries are to case no. 2:22-cv-07775-JWH-JEM.

[2]   The complaints were amended on March 30, 2022. *See* ECF. No. 20 (C.A. No. 2:22-cv-75-JRG) and ECF. No. 20 (C.A. No. 2:22-cv-76-JRG).

Colorado. DIRECTV requested transfer to the Central District of California. Entropic ultimately cross-moved to transfer to the Central District of California if both the DISH and DIRECTV cases were transferred together because of the alleged overlap in factual and legal issues between the two cases and the presence of third parties in or near the District. *See, e.g.*, ECF Nos. 83 and 91. After briefing and a hearing, Judge Gilstrap issued his order in both the DISH and DIRECTV cases, transferring the entire consolidated case to the Central District of California under Section 1404(a), "finding that there exists substantial efficiencies in keeping the consolidated cases together in CDCA." DIRECTV ECF No. 109; DISH ECF No. 21.

On November 3, 2022, this Court set a status conference for November 18, 2022.  ECF No. 144.  In that docket entry, the Court further provided that "[t]he Parties are DIRECTED to meet and confer forthwith and to file, no later than November 10, 2022, a Joint Status Report advising the Court on the status of this case post-transfer.  In that Joint Report, the parties are DIRECTED to address matters including but not limited to, whether they suggest that the Court adopt the schedule entered at ECF No. 71 on the Eastern District of Texas docket, with modifications made to meet this Court's procedures, and whether they suggest that the Court adopt the Local Patent Rules for the Eastern District of Texas for this case." *Id.*

## II.  <u>Status of this Case Post-Transfer</u>

### A. Status of Discovery

**PLAINTIFF'S POSITION:**

The parties have exchanged discovery in accordance with the Docket Control Order, the Discovery Order, and Protective Order entered by Judge Gilstrap as well as the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and the Local Patent Rules for the Eastern District of Texas. The parties have served multiple rounds of interrogatories and responses thereto. The parties have further produced documents pursuant to Paragraph 3 of the Court's Discovery Order. Notably, Paragraph 3 of the Court's Discovery Order required the parties to produce

certain categories of documents, including those specified under the Local Patent Rules, to "obviate the need for requests for production." ECF No. 50 at 2–3. Pursuant to that, the parties have served numerous letters seeking documents that take the place of requests for production. As of the date of this filing, the parties have collectively produced 42,578 pages of documents—over 40,000 pages of which were produced by Defendants DISH AND DIRECTV:

| Party | Production Volumes | Document Count | Page Count |
|---|---|---|---|
| DIRECTV | 5 | 576 | 21,571 |
| DISH | 5 | 510 | 18,997 |
| Entropic (to DIRECTV) | 4 | 29 | 1,106 |
| Entropic (to DISH) | 5 | 27 | 904 |

Entropic therefore disagrees with Defendants' contention that little fact discovery has occurred in this case.

Discovery remains ongoing and the parties anticipate additional discovery requests and production of documents on a rolling basis. DIRECTV commenced third-party discovery and provided Entropic with notice of a subpoena to Broadcom on November 7, 2022. The parties have also engaged in venue discovery, which is now closed. *See* ECF Nos. 30 and 66. Entropic took a deposition as part of venue discovery that was ordered following DISH's motion to transfer. *See* ECF No. 30. The parties anticipate that further depositions will begin in the near term.

Entropic has served its Patent Initial Disclosures under Eastern District of Texas P.R. 3-1 (Disclosure of Asserted Claims and Infringement Contentions) and P.R. 3-2. Entropic intends to supplement its contentions in the short term based on

the technical documents produced by DISH and DIRECTV in accordance with the Eastern District of Texas Local Patent Rules. DISH and DIRECTV have served Patent Initial Disclosures under Eastern District of Texas P.R. 3-3 (Invalidity Contentions).

There are no currently pending discovery disputes.

**DEFENDANTS' POSITION:**

Outside of limited venue discovery, little fact discovery has occurred to date in this case.  Plaintiff has served six interrogatories on each of DIRECTV, AT&T, and DISH.  DIRECTV and AT&T have each served one set of interrogatories on Plaintiff.  No other written discovery on a party has occurred.  No third-party discovery has occurred in the DISH case, and only one subpoena has been served in the DIRECTV case.

Other than a single deposition related to DISH's motion to transfer, no depositions have occurred, and neither Plaintiff nor Defendants has noticed any depositions under either Rule 30(b)(1) or Rule 30(b)(6).

As required under the then-controlling Patent Rules, Defendants have made initial productions of certain documentation showing the operation of the accused products and copies of the prior art in the invalidity contentions.  Plaintiff has made four modest productions, totaling around only 1,100 pages.  Plaintiff has indicated that it intends to amend its infringement contentions, but has not provided amended contentions to either DISH or DIRECTV, nor has it yet sought leave from the Court to do so.

### B. Discovery Order

**PLAINTIFF'S POSITION:**

The Parties previously negotiated and have been operating under an agreed Discovery Order (ECF No. 50).[3] The Discovery Order reflects the parties' agreed

---

[3]   The parties have not yet negotiated an E-Discovery order pursuant to paragraph 12(a) of the Discovery Order, but Entropic intends to raise this issue promptly.

1   changes to the default discovery limits under the Federal Rules of Civil Procedure.

2   Entropic proposes that the Court confirm that this Order shall remain in effect except

3   that the procedure for resolving discovery disputes (Paragraph 9) shall be governed

4   by the Local Rules for the Central District of California (Local Rule 37) and any

5   applicable orders of the Court (including those set forth by Magistrate Judge

6   McDermott). Entropic has no objection to permitting RFPs under the Federal Rules,

7   as Defendants suggest below, but Paragraphs 5 and 12 of the Discovery Orders reflect

8   negotiated agreements between the parties as to the scope of discovery that the parties

9   have been following for months. Defendants below point out minor inconsistencies

10  that Entropic has agreed can be addressed—such as RFPs and the discovery dispute

11  procedure—in order to attempt to wipe clean the entire agreement and re-negotiate.

12  The parties should continue under their prior agreement.

13  **DEFENDANTS' POSITION:**

14      Defendants request the opportunity to meet and confer with Plaintiff to attempt

15  to agree to a discovery order that is consistent with the rules and practices in the

16  Central District of California.  The Court in the Eastern District of Texas entered its

17  standard discovery order, which allows only limited input from parties on specific

18  discovery limits (*e.g.*, the total number of interrogatories allowed, the total number

19  of hours of depositions allowed, and the like).  *See* ECF No. 50.  The standard Eastern

20  District of Texas discovery order, however, is inconsistent with the rules and

21  practices in this District.  By way of example only, under the default discovery order

22  in the Eastern District of Texas, parties are not permitted to serve requests for

23  production, and instead are expected to disclose certain documents and information

24  without any written requests.  This practice of the Eastern District of Texas is

25  incompatible with the discovery dispute resolution practices of this District, which

26  requires setting forth full text of a discovery request at issue.  *See* L.R. 37-2.1.  The

27  current discovery order (ECF No. 50) also outlines discovery dispute procedures that

28  are no longer applicable following transfer.  *See* ECF No. 50 ¶ 9.  Likewise,

provisions relating to procedural issues like chambers copies of filings differ from the Court's standing order, and the Discovery Order otherwise generally points to, cites, and otherwise reflects other local rules from E.D. Texas that should not apply here.  With such a wide swath of the Discovery Order making no sense in this District, the parties should confer in view of ***this*** Court's (and this District's) default guidance, rules, and practices to agree on procedures that do make sense here.

Plaintiff raises Paragraphs 5 and 12 of the Discovery Order, which are procedural discovery limits (e.g., the number of allowed interrogatories).  Defendants are not attempting to "wipe clean" these limits; to the contrary, Defendants are willing to agree to comparable discovery limits in this District.  But that does not mean that the Discovery Order as a whole should remain operative.

Defendants therefore request the opportunity to meet and confer with Plaintiff in an effort to agree to a new discovery order.

**C. Protective Order**

The parties previously negotiated an agreed Protective Order (ECF No. 64) in the Eastern District of Texas.  The parties request that the Court confirm that this Protective Order remains in effect post-transfer until the parties can address with Magistrate Judge McDermott whether he requires a new order.

**D. Consolidation**

**PLAINTIFF'S POSITION:**

On April 12, 2022, Judge Gilstrap ordered Entropic's case against DISH (No. 2:22-cv-00076) and its case against DIRECTV (No. 2:22-cv-00075) consolidated "for all pre-trial issues," and the "consolidated Defendants" were added to "the Lead Case", i.e. E.D. Texas Case No. 2:22-cv-00075, now C.D. Cal. Case No. 2:22-cv-07775. ECF No. 21. Judge Gilstrap consolidated these cases because they involve the same asserted patents and highly related accused products (for example, many of the same or similar chipsets are at issue in the both cases), and there therefore is substantial overlap, including with respect to third party discovery. Since that time,

1  all parties have proceeded in the lead case under that consolidation order, and there

2  has been no order modifying or dissolving the consolidation order.[4]

3      Entropic requests that the Court confirm that the cases against DIRECTV and

4  DISH remain consolidated for pre-trial purposes under Judge Gilstrap's prior Order

5  (ECF No. 21).  As Judge Gilstrap found, on October 24, 2022, when he transferred

6  these cases to the Central District of California under Section 1404(b), "there exists

7  substantial efficiencies in keeping the consolidated cases together in CDCA." ECF

8  No. 109 at 15.  Judge Gilstrap agreed with Entropic that "the differences between the

9  accused products among the Defendants are closer to a Ford and Chevy analogy,

10  rather than an apples and oranges analogy." ECF No. 109 at 15. Judge Gilstrap

11  therefore ordered the "entire consolidated case" to be transferred to the Central

12  District of California. *Id*. at 15.

13      Entropic further disagrees that it is a standard or efficient practice to require

14  Entropic to make its pretrial filings in separate dockets for each defendant group

15  when the cases were consolidated for pretrial purposes.  Entropic instead requests

16  that pretrial filings be made in the lead case until such time as these cases are severed

17  for trial.

18      Defendants' position—that the existing consolidation and scheduling orders

19  have been implicitly rescinded due to the transfer—is contrary to law. *See* Wright &

20  Miller, Fed. Prac. & Proc. Juris. § 3846 (4th ed. Apr. 2022 update) ("When an action

21  is transferred, it remains in the posture it was in and all further proceedings in the

22  action merely are referred to and determined by the transferee tribunal. This leaves

23  in place whatever already has been done in the transferor court."). Defendants'

24

25  [4] Beginning on November 4, 2022, Entropic partially learned of DISH's position that

26  the Orders from the Eastern District of Texas no longer apply, including the
   consolidation order. In particular, DISH's counsel informed Entropic's counsel that

27  for procedural reasons, DISH did not believe the cases were consolidated in this
   District; and without notice to Entropic, a paralegal for DISH contacted the Clerk of

28  the Central District of California to open a case for DISH only.

1   position is also inconsistent—DIRECTV served a document production on

2   November 1, 2022 and designated documents under the Protective Order entered by

3   the Eastern District of Texas, conceding, apparently, that the Protective Order has

4   not been implicitly rescinded. This slate is not clean—these cases already are

5   consolidated, and have been for many months, and Defendants now are asking this

6   Court to *un*consolidate, based on a misconception of this Court's practices and for

7   the transparent purpose of attempting to create delay in the case schedules. As to

8   Defendants' confidentiality issues, Defendants have never raised this concern

9   previously despite the parties discussing it via email and a meet and confer over the

10  past week and despite these cases having been consolidated since April. Defendants

11  offer the Court no reason to believe any such risk of disclosure exists (or that any

12  disclosure has occurred in the months of consolidation). De-consolidation would be

13  significantly less efficient, create delay, and sow confusion.

14  **DEFENDANTS' POSITION:**

15  Defendants agree that certain pre-trial deadlines (such as a *Markman* hearing

16  date) can apply to both of the cases, and that some coordination between the cases is

17  appropriate, although the accused systems are different and each separate case will

18  need its own trial.

19  In light of the passage of the America Invents Act (which requires separate

20  patent cases for different defendants in most instances), the Marshall Division of the

21  Eastern District of Texas has a specific way of handling multiple patent cases that

22  are filed by a single defendant that is different than how many of the judges in the

23  Central District of California handle this issue.  In the Eastern District of Texas, cases

24  are consolidated for pre-trial purposes under a lead case number, and all case filings

25  (including attorney appearances for all parties) must be made under the lead case

26  number.  This means, for instance, that many of the prior DISH case filings are not

27  under the original DISH case number.  By contrast, in the Central District of

28  California, it is more typical for patent cases by the same plaintiff to be related, but

separate dockets maintained. DISH requests the Court's clarification as to which procedural approach that it prefers here.[5]

Defendants prefer the typical Central District of California practice, such that there will be a clean docket going forward with only documents relating to each Defendant group's case for any appeals. Furthermore, DIRECTV and DISH are competitors, and this case will involve highly confidential technical and financial information. Defendants prefer for such information to be filed on separate dockets to reduce the risk of inadvertent disclosure of one Defendant group's confidential information to the other. But Defendants ultimately defer to the preferences of the Court.

## III.   Case Schedule and Local Patent Rules

**PLAINTIFF'S POSITION:**

The Court should adopt (1) the schedule entered at ECF No. 71 of the Eastern District of Texas docket with modifications made to meet this Court's procedures; and (2) the Eastern District of Texas Local Patent Rules. The Parties have been conducting and exchanging discovery under this schedule and Local Patent Rules of the Eastern District of Texas. It is therefore more efficient to proceed in the same manner following transfer to this Court.

---

[5] This is a purely procedural issue, and DISH has repeatedly tried to work it out with Entropic, including by calling on November 4th to explain the problem. Entropic nevertheless insists on misstating what has happened, as well as the import of the issue, which is minimal. For instance, Entropic says that DISH's paralegal asked the Central District of California clerk to "open a case for DISH only," *supra* at n.4, as if such a case did not already exist or as if there is something improper about calling the administrative clerk's office about a procedural issue. In fact, DISH's query was simply what had happened to the existing case against DISH that Entropic had filed and that had been transferred to this District. DISH did not ask the clerk to assign the case to any particular judge and, in fact, DISH proactively raised with Entropic on the November 4th call what the best mechanism would be to ensure that the DISH case and DIRECTV cases ended up before the same judge. The clerk meanwhile apparently figured out the solution to the issue herself and reassigned the DISH case to this Court. That should have been the end of the discussion, but Entropic continues to attribute positions to DISH that it has never taken.

Entropic proposes the following schedule:

| Event | Docket Control Order | Proposed Schedule |
|---|---|---|
| Exchange Proposed Claim Terms for Construction | December 1, 2022 | December 1, 2022 |
| Exchange Preliminary Claim Constructions | December 22, 2022 | December 22, 2022 |
| File Joint Claim Construction Statement | January 16, 2023 | January 16, 2023 |
| Disclosure of Expert Testimony for Claim Construction | January 16, 2023 | January 16, 2023 |
| File Amended Pleadings | January 24, 2023 | January 24, 2023 |
| Disclosure of Rebuttal Expert Testimony for Claim Construction | February 1, 2023 | February 1, 2023 |
| Response to Amended Pleadings | February 7, 2023 | February 7, 2023 |
| Complete Claim Construction Discovery | February 14, 2023 | February 14, 2023 |

JOINT STATUS REPORT

314025981.1

| Event | Docket Control Order | Proposed Schedule |
|---|---|---|
| Complete Document Production and Exchange Privilege Logs | February 28, 2023 | February 28, 2023 |
| File Opening Claim Construction Brief | February 28, 2023 | February 28, 2023 |
| File Responsive Claim Construction Brief | March 14, 2023 | March 14, 2023 |
| File Reply Claim Construction Brief | March 21, 2023 | March 21, 2023 |
| File Joint Claim Construction Chart | March 28, 2023 | March 28, 2023 |
| Claim Construction Hearing | April 11, 2023 | At the Court's convenience near to April 11, 2023 |
| Opinion of Counsel Defenses | May 2, 2023 | May 2, 2023 |
| Complete Fact Discovery and File Motions to Compel Discovery | May 10, 2023 | May 10, 2023 |

314025981.1

| Event | Docket Control Order | Proposed Schedule |
|-------|---------------------|-------------------|
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | May 17, 2023 | May 17, 2023 |
| Serve Disclosures for Rebuttal Expert Witnesses | June 14, 2023 | June 14, 2023 |
| Complete Expert Discovery | June 28, 2023 | June 28, 2023 |
| File Dispositive Motions | July 10, 2023 | Removed |
| File Motions to Strike Expert Testimony and Daubert Motions | July 10, 2023 | Removed |
| File Response to Dispositive Motions | July 24, 2023 | Removed |
| Serve Pretrial Disclosures (Witness List, Deposition | August 2, 2023 | Removed |

314025981.1

| Event | Docket Control Order | Proposed Schedule |
|---|---|---|
| Designations, and Exhibit List) | | |
| Last Date to Hear Non-Discovery Motions, including dispositive motions, motions to strike, and Daubert motions | N/A | August 11, 2023 (the Friday after 28 days after original July 10 date for filing dispositive motions, motions to strike, and Daubert motions) |
| L.R. 16-2 Meeting of Counsel Before Final Pretrial Conference | N/A | August 18, 2023 or at least 40 days before date set for Final Pretrial Conference |
| Serve Objections to and Rebuttal Pretrial Disclosures | August 16, 2023 | Removed |
| Serve Objections to Rebuttal Pretrial Disclosures | August 23, 2023 | Removed |
| File Motions *in Limine* | August 23, 2023 | Removed |

314025981.1

| Event | Docket Control Order | Proposed Schedule |
|---|---|---|
| File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations | September 5, 2023 | Removed |
| L.R. 16-4 Memorandum of Contentions of Fact and Law, L.R. 16-5 Witness List, L.R. 16-6 Exhibits | N/A | September 8, 2023 or at least 21 days before date set for Final Pretrial Conference |
| L.R. 16-7 Final Pretrial Conference Order | N/A | September 18, 2023 or at least 11 days before date set for Final Pretrial Conference |

314025981.1

| Event | Docket Control Order | Proposed Schedule |
|---|---|---|
| Deadline for Hearing on Motions *in Limine* | N/A | September 22, 2023 or at least one week before date set for Final Pretrial Conference |
| Pretrial Conference | September 11, 2023 | At Court's convenience near to September 29, 2023 (17 days before trial date) |
| L.R. 16-3 Disclosure of Graphic and Illustrative Material | N/A | October 5, 2023 or at least 11 days before trial |
| L.R. 16-10 Each party may serve and file a trial brief | N/A | October 9 or at least 7 days before trial |
| Trial | October 16, 2023 | At the Court's convenience near to October 16, 2023 |

Entropic disagrees with the substantial delays in the case schedule proposed by Defendants.  The current schedule was agreed to by the parties, and the parties have been operating under its deadlines for months.  The parties are on track with respect

to discovery, and there was virtually no delay between entry of the transfer order by Judge Gilstrap on October 24, 2022, ECF No. 109, and assignment to Your Honor on November 1, 2022, ECF No. 139. Defendants nonetheless propose a schedule that would delay trial by nine months for no apparent reason other than delay.

Entropic likewise disagrees with Defendants' position concerning the Local Patent Rules for the Eastern District of Texas.  The parties have been operating under the Local Rules for the Eastern District of Texas for many months and have served infringement contentions and invalidity contentions, among other things under these rules.  This District does not have Local Patent Rules, and it would be inefficient and unreasonable to adopt the Local Patent Rules of a third district in which this case have never been litigated and which the parties could not have expected when making their disclosures under the Local Patent Rules for the Eastern District of Texas. It will be simpler and most efficient for all parties if the parties continue under the same schedule and set of rules, with appropriate modifications. Adopting the Local Patent Rules for the Eastern District of Texas will also provide consistency and reduce complications that a new set of rules may introduce if there are disputes over disclosures that were served under a different set of rules.

Defendants argue that the Eastern District of Texas Local Rules and schedule should not apply because the case "never belonged" in Texas. But this is false. The Eastern District of Texas was a proper forum for this dispute with venue over all Defendants—a fact no Defendant disputed. Entropic conceded only that the Central District of California is a more convenient forum *after* venue discovery was conducted which revealed that fact.  *See* ECF No. 75 at 1.  Notably, no defendant moved to transfer based on improper forum under 1406.   Simply because there are multiple proper forums does not mean the cases never belonged in Texas.  For these same reasons Defendants' accusations of forum-shopping are false and misleading.

1  Simply because the Central District of California is a more convenient forum for

2  these cases does not mean that Plaintiff engaged in forum shopping.

3      Defendants' concern regarding the infringement contentions and *Markman*

4  also is unfounded. Defendants have never previously raised the need to delay

5  *Markman* proceedings due to Entropic's planned supplementation of the

6  infringement contentions, something Defendants have been aware of for since at least

7  early September. As of October 24, when Judge Gilstrap transferred these cases,

8  Defendants had never raised, with either Entropic or the Court, that they believed the

9  *Markman* deadlines beginning December 1 were not feasible (indeed, Entropic is

10 learning of this for the first time today, November 10).

11 **DEFENDANTS' POSITION:**

12     Defendants do not believe that this Court should adopt the schedule entered in

13 the Eastern District of Texas, nor should the Eastern District of Texas Local Patent

14 Rules apply in this District in this case.  After filing these cases in the Eastern District

15 of Texas, Plaintiff conceded that they do not belong there under the current venue

16 rules, going so far to file its own ***cross-motion*** to transfer its own filed case against

17 DISH.  Plaintiff should not now be able to benefit from its failed forum-shopping

18 attempt by getting to apply the rules and schedule of another district and judge to this

19 case.

20     ***Schedule.***  Defendants respectfully request that this Court identify convenient

21 dates for a *Markman* hearing and trials (i.e., separate trials for each Defendant group)

22 in this matter, and that the parties will then meet and confer to work backwards from

23 those dates to propose a complete case schedule.  Defendants believe that a *Markman*

24 hearing in the Summer of 2023 and trials in the two separate cases in the Summer of

25 2024 allows this case to proceed at a quick, but workable, pace, reaching trial just

26 over two years from the filing date of the case.

27     Entropic incorrectly states that Defendants "agreed" to the existing schedule,

28 so it should be adopted here.  But that is an incorrect statement of what happens in

the Eastern District of Texas and what happened in this case.  The Texas court assigned dates for trial, dispositive motions, and the Markman hearing, and nearly all other dates were a predefined number of days or weeks before each of these events. The Eastern District of Texas does not permit the parties to modify many of these dates, even if they were to agree to do so.

There is no reason to adopt the standard schedule entered in the Eastern District of Texas here, moreover.  First, the schedule entered in the Eastern District of Texas is based on a default schedule that applies that district's patent rules and practices to all patent cases filed in that district, regardless of the number of patents in disputes, the complexity of the technology, the amounts in dispute, the amount of party or third-party discovery anticipated, the parties' schedules, whether an injunction is sought, or the myriad of other considerations that courts in this District ordinarily take into account in determining case schedules.

Second, it includes numerous events and dates that do not apply in this District. For example, the Eastern District of Texas schedule includes a date for amending pleadings without leave of the court, where it is the practice of this Court to require a showing in accordance with Federal Rules of Civil Procedure 15(a) and 16(b)(4) to amend pleadings.  The Eastern District of Texas schedule also includes dates for rebuttal claim construction disclosures, a deadline for substantial completion of document discovery, and disclosure of opinion of counsel defenses (among others), which are not standard in this district.

Third, the Eastern District of Texas schedule is also overly aggressive with respect to timing of claim construction and trial for the specific circumstances of this case.  Plaintiff has shown no reason why it needs its claims adjudicated as quickly as under the prior schedule, especially where Plaintiff is not seeking an injunction against any Defendant and the only real case activities to date have related to venue disputes.  Defendants believe that the scheduling orders that are more typical of this District are appropriate for these cases.

Furthermore, DIRECTV and AT&T have written Plaintiff multiple letters identifying fundamental deficiencies in Plaintiff's infringement contentions, which affect DIRECTV and AT&T's ability to understand exactly what features and functionalities of the accused products are being accused of infringement.  As Plaintiff notes above, it intends to supplement its infringement contentions soon for both DIRECTV and DISH, although it has not articulated how.  DIRECTV and AT&T believe it is prejudicial to them to begin the claim construction process before it has fair notice of how Plaintiff is interpreting the patents for purposes of infringement.  DIRECTV and AT&T therefore request that claim construction proceed only after Plaintiff provides adequate infringement contentions, and DIRECTV and AT&T be given an opportunity to consider and, as necessary, supplement invalidity contentions in response to the supplemental infringement contentions.

***Patent Rules.***  Defendants also do not believe that the Patent Rules of the Eastern District of Texas should apply here.  Although Plaintiff filed these cases initially in the Eastern District of Texas, Plaintiff agreed that it was not the proper forum and sought for the entire case to be transferred to this District, which Plaintiff believes is the proper forum.  There is no reason to bring with this case the rules of a jurisdiction that Plaintiff willingly vacated, especially when this District already has developed law and practices related to adjudicating patent cases.

## SIGNATURE CERTIFICATION:

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that the content of this document is acceptable to both Amanda Tessar, counsel for Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. and Jason C. Lo, counsel for Defendants DIRECTV, LLC and AT&T Services, Inc., and that I have obtained both Ms. Tessar's and Mr. Lo's authorization to affix their electronic signatures to this document and file it in this case.

1   Dated:   November 10, 2022         **K&L GATES LLP**

2

3                                       By: */s/ Christina N. Goodrich*

4                                       Christina N. Goodrich (SBN 261722)
                                        **K&L GATES LLP**
5                                       10100 Santa Monica Blvd., 8th Fl.
                                        Los Angeles, CA 90067
6                                       Tel: (310) 552-5547
                                        Fax: (310) 552-5001
7                                       Email: christina.goodrich@klgates.com

8
                                        James Shimota (admitted pro hac vice)
9                                       Jason Engel  (admitted pro hac vice)
                                        George Summerfield  (pro hac vice
10                                      application pending)
                                        **K&L GATES LLP**
11                                      70 W. Madison Street, Suite 3300
                                        Chicago, IL 60602
12                                      Tel.: (312) 372-1121
                                        Fax: (312) 827-8000
13                                      jim.shimota@klgates.com
                                        jason.engel@klgates.com
14                                      george.summerfield@klgates.com

15                                      Nicholas F. Lenning  (pro hac vice
                                        application pending)
16                                      **K&L GATES LLP**
                                        925 Fourth Avenue, Suite 2900
17                                      Seattle, WA 98104
                                        (206) 623-7580
18                                      (206) 370-6006 (fax)
                                        nicholas.lenning@klgates.com
19
                                        Darlene F. Ghavimi  (admitted pro hac
20                                      vice)
                                        Matthew Blair  (pro hac vice application
21                                      pending)
                                        **K&L GATES LLP**
22                                      2801 Via Fortuna, Suite #650
                                        Austin, TX 78746
23                                      (512) 482-6919
                                        (512) 482-6859
24                                      Darlene.ghavimi@klgates.com
                                        Matthew.blair@klgates.com
25
                                        **ATTORNEYS FOR PLAINTIFF**
26                                      **ENTROPIC COMMUNICATIONS,**
27                                      **LLC**

28

314025981.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Jason C. Lo*
Jason C. Lo
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520
jlo@gibsondunn.com

Benjamin Hershkowitz (admitted *pro hac vice*)
bhershkowitz@gibsondunn.com
Katherine Q. Dominguez (admitted *pro hac vice*)
kdominguez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Brian Buroker (*pro hac vice* pending)
bburoker@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.955.8500

Nathan C. Curtis (admitted *pro hac vice*)
ncurtis@gibsondunn.com
Audrey Yang (admitted *pro hac vice*)
ayang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

**ATTORNEYS FOR DEFENDANTS
DIRECTV, LLC AND AT&T SERVICES,
INC.**

1

2
3          By:   */s/ Amanda Tessar*          _
           Amanda Tessar (admitted *pro hac vice*)
4          ATessar@perkinscoie.com
           **PERKINS COIE LLP**
5          1900 Sixteenth Street, Suite 1400
           Denver, CO 80202
6          303-291-2300
           Fax: 303-291-2400
7
8          Matthew C Bernstein
           MBernstein@perkinscoie.com
9          **PERKINS COIE LLP**
           1888 Century Park East Suite 1700
10         Los Angeles, CA 90067-1721
           858-720-5751
11         Fax: 858-720-5799

12

13

14
           **ATTORNEYS FOR DEFENDANTS DISH**
15         **NETWORK CORPORATION, DISH NETWORK,**
           **LLC, AND DISH NETWORK SERVICE, LLC**
16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT

314025981.1