| | |
|---|---|
| 1 | Christina Goodrich (SBN 261722) |
| 2 | Christina.goodrich@klgates.com<br>Connor J. Meggs (SBN 336159) |
| 3 | connor.meggs@klgates.com<br>**K&L GATES LLP** |
| 4 | 10100 Santa Monica Boulevard<br>Eighth Floor |
| 5 | Los Angeles, CA  90067<br>Telephone: +1 310 552 5000 |
| 6 | Facsimile: +1 310 552 5001 |
| 7 | *Attorneys for Plaintiff Entropic Communications, LLC* |
| 8 | [Additional Counsel Listed Below] |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and<br>AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 2:22-cv-07775-JWH-JEM (LEAD CASE)<br><br>**DECLARATION OF JAMES SHIMOTA**<br><br>Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-07959 (MEMBER CASE) |

313984027.1

DECLARATION OF JAMES SHIMOTA

1  James Shimota (pro hac vice application pending)
   Jason Engel  (pro hac vice application pending)
2  George Summerfield  (pro hac vice application pending)
   **K&L GATES LLP**
3  70 W. Madison Street, Suite 3300
   Chicago, IL 60602
4  Tel.: (312) 372-1121
   Fax: (312) 827-8000
5  jim.shimota@klgates.com
   jason.engel@klgates.com
6  george.summerfield@klgates.com

7  Nicholas F. Lenning  (pro hac vice application pending)
   **K&L GATES LLP**
8  925 Fourth Avenue, Suite 2900
   Seattle, WA 98104
9  (206) 623-7580
   (206) 370-6006 (fax)
10 nicholas.lenning@klgates.com

11 Darlene F. Ghavimi  (pro hac vice application pending)
   Matthew Blair  (pro hac vice application pending)
12 **K&L GATES LLP**
   2801 Via Fortuna, Suite #650
13 Austin, TX 78746
   (512) 482-6919
14 (512) 482-6859
   Darlene.ghavimi@klgates.com
15 Matthew.blair@klgates.com

16
17
18
19
20
21
22
23
24
25
26
27
28

313984027.1

DECLARATION OF JAMES SHIMOTA

## DECLARATION OF JAMES SHIMOTA

I, James Shimota, declare:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am a Partner with the law firm of K&L Gates LLP, and I am lead counsel of record for Plaintiff Entropic Communications, LLC in the above-captioned matter. I am submitting this declaration in support of Plaintiff's opposition to the *Ex Parte* Application submitted by Defendants. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2. Throughout this Declaration, I refer to a series of email communications between Christina Goodrich (on behalf of Plaintiff) and Jason Lo (on behalf of Defendants). Attached as Exhibit A is a true and correct copy of the email thread that includes all of these communications.

3. On November 3, 2022, the Court set a status conference for November 18, 2022, at 1:00 p.m. The Court's Order also instructed the parties "to meet and confer forthwith and to file, no later than November 10, 2022, a Joint Status Report advising the Court of the status of this case post-transfer."

4. On November 7, 2022, Jason Lo emailed Plaintiff's counsel and indicated that he would be attending the status conference on behalf of Defendants, but that he would be out of the country from November 18 through November 30. Mr. Lo requested a continuance of the status conference and stated he would be generally flexible between December 2 and December 9.

5. Christina Goodrich responded that same day on behalf of Plaintiff's counsel. She suggested that the parties request the status conference to occur over Zoom so that Mr. Lo would be able to attend. Mr. Lo responded that he was "okay with proceeding by Zoom," but that the hearing would still need to be rescheduled because he would be "on the flight to Asia at the time of the scheduled hearing."

6. I understand that Ms. Goodrich and Mr. Lo subsequently spoke over telephone. After that call, Ms. Goodrich sent another email response. In the email,

Ms. Goodrich indicated that Plaintiffs could stipulate to a brief continuance of the status conference based on Mr. Lo's status as lead counsel and his unavailability on November 18. Ms. Goodrich requested that Defendants send a draft stipulation. In that same email, Ms. Goodrich communicated Plaintiff's position that the parties were still obligated to file the Joint Status Report on November 10, and she indicated that Plaintiff would be sending a draft report the following day.

7. Mr. Lo responded, stating that he "did not intend to convey that [Defendants] thought the existing schedule / deadlines should remain." He indicated Defendants would suggest an alternative schedule as part of the meet and confer process.

8. On Tuesday, November 8, Mr. Lo sent Plaintiff's counsel a draft stipulation. The draft requested that the status conference be continued to a date the week of December 5, 2022. This would have placed the status conference after the December 1 deadline for the parties' exchange of proposed claim construction terms, as set by the E.D. Texas Court's scheduling order.

9. Ms. Goodrich replied that afternoon with Plaintiff's proposed revisions. These revisions were based on three issues, which Ms. Goodrich identified in her email: i) Defendants' draft stipulation did not include any mention of Dish's position; ii) Defendants' proposed continuance was too long, considering the upcoming deadlines set by the prior case schedule; and iii) Defendants' draft stipulation did not confirm whether Mr. Lo was lead counsel.

10. Mr. Lo responded, indicating Defendants' disagreement with Plaintiff's revisions. He asked if Entropic would sign onto Defendants' original draft stipulation (with any alterations to address Plaintiff's unavailability during the week of December 5). "Otherwise… [Defendants] will proceed to request the continuance by motion and let the Court know that the motion is opposed."

11. Ms. Goodrich responded by clarifying that Plaintiff had agreed to the request for a continuance based on Mr. Lo's representation that he was lead trial

counsel. Ms. Goodrich also asked for an explanation as to why Defendants could not agree to a shorter extension.

12. Mr. Lo's response did not confirm whether he was lead trial counsel. Rather, he stated "the case was just transferred here, and the client has asked me to join the matter, and to handle the status conference." With respect to the schedule, Mr. Lo stated only that he would return to the country on November 30 and that Thanksgiving is during the week of November 21.

13. Ms. Goodrich responded again, stating that Plaintiff "continue[s] to be willing to agree to request the hearing be moved to accommodate [Mr. Lo's] unavailability on November 18," but that it was unclear why he could not participate remotely during the month of November. Ms. Goodrich emphasized that continuing the hearing into December would likely cause unnecessary delays to the case schedule. She also reiterated Plaintiff's request that Mr. Lo confirm whether he is lead trial counsel.

14. On Wednesday, November 9, Mr. Lo sent a revised draft stipulation that failed to address Plaintiff's concerns. The parties discussed the matter on a meet-and-confer, during which I offered that Plaintiff would agree to Defendants' proposed continuance, provided that the parties agreed to observe the status quo and adhere to the existing schedule <u>until the status hearing</u>. Specifically, Plaintiff would agree to schedule the status conference during the week of December 5 if Defendants would only agree to proceed with exchanging claim terms on December 1. The next deadline after that would be the exchange of preliminary claim constructions on December 22, at which point the Court would likely have ruled on whether to keep the original schedule. Plaintiff did NOT condition its consent on Defendants waiving their arguments about the full schedule. I also explained during the meet and confer that Plaintiff did not oppose continuing the status conference, but instead that Plaintiff's objection was that Defendants are seeking to force delay in the *Markman* process before this Court has any opportunity to weigh in and that such delay would prejudice

Entropic. Specifically, I explained that Defendants were seeking to effectively vacate the December 1 deadline to exchange proposed claim terms by virtue of their counsel's unavailability. I also offered other compromises, including holding the status conference prior to November 18 or holding it via Zoom. Defendants refused to consider any compromise and instead insisted that the status conference proceed in person no earlier than the week of December 5 and that Defendants would not agree to exchange proposed claim terms for construction on December 1.

15. To be clear, DIRECTV's assertion that Plaintiff stated "a continuance is contingent on Defendants agreeing to Plaintiff's proposed case schedule" is false. Plaintiff stated that, if the status conference cannot proceed until after December 1, that the parties should continue to operate under the current scheduling order in effect, which Defendants refused. Plaintiff has never asked for or conditioned its consent to a continuance on Defendants agreeing to the existing scheduling order in full. Indeed, as reflected in the Joint Status Report, Plaintiff has not proposed that either.

16. After counsel for Defendants indicated that they could not agree to the above compromise, I asked whether Defendants would agree to request an earlier status conference, i.e. before Mr. Lo's trip to Asia. Defendants indicated they would revert back with their availability between now and November 17, but they never did. Defendants filed their *Ex Parte* Application that night.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true.

Dated: November 10, 2022   By: *James A. Shimota*
　　　　　　　　　　　　　　　　James Shimota

# EXHIBIT A

| | |
|---|---|
| **From:** | Goodrich, Christina N. |
| **To:** | Lo, Jason C (EXTERNAL); K&L GATES Electronic Service |
| **Cc:** | Curtis, Nathan R.; Hershkowitz, Benjamin; Dominguez, Kate (EXTERNAL) |
| **Subject:** | Re: Entropic Communications, LLC v. DIRECTV, LLC |
| **Date:** | Wednesday, November 9, 2022 1:25:07 PM |

Hi: Let's discuss during the 2.30 call today. I took a quick look on my phone as I am at a conference - I still didn't see Dish as a party to the stipulation but maybe I missed it.
Best, Christina

**From:** "Lo, Jason" <JLo@gibsondunn.com>
**Subject:** Entropic Communications, LLC v. DIRECTV, LLC
**Date:** 09 November 2022 13:20
**To:** "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "K&L GATES Electronic Service" <Electronic.Service@klgates.com>
**Cc:** "Curtis, Nathan R." <NCurtis@gibsondunn.com>, "Hershkowitz, Benjamin" <BHershkowitz@gibsondunn.com>, "Dominguez, Kate (EXTERNAL)" <KDominguez@gibsondunn.com>


**External Sender:**
Hi Christina:

We are asking for an accommodation here as a professional courtesy, and really would like to turn a simple stipulation into a forum to address substantive disputes. Should Entropic ever need a similar courtesy in the future, we will of course endeavor to do the same.

That being said, and in the interest of compromise, I have taken another shot at the stipulation in which I lay out the parties' preferences and simply let the Judge decide when he would like to have the hearing. Please let us know by 3 PT whether we can agree to the stipulation, and if not, we will file an ex parte motion. Thank you.


**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Sent:** Tuesday, November 8, 2022 21:33
**To:** Lo, Jason; K&L GATES Electronic Service

**Cc:** Curtis, Nathan R.; Hershkowitz, Benjamin; Dominguez, Kate
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

**[WARNING: External Email]**

Dear Jason:  We continue to be willing to agree to request the hearing be moved to accommodate your unavailability on November 18, but remain unclear as to why you cannot participate while you are traveling given that we have agreed to request the hearing be done by Zoom.  If the time of the hearing is an issue, we are willing to work with you on that.  We are concerned that continuing out the hearing to December will be problematic for a number of reasons, not the least of which is the holidays and potential further delays in the orderly progress of this case.  These concerns are further enhanced by what now seems like a fundamental disagreement between the parties pertaining to the status of the case as consolidated.  We simply do not think it is appropriate to continue the hearing out into December with, among other things, such a basic issue left unresolved.

To that end, I still do not see how we can submit a stipulation to continue this hearing without Dish weighing in.  Have they agreed to your request to continue but refused to sign the stipulation?

As for our discussion yesterday and your statements in the first paragraph of your email, I recall you stating that you were lead trial counsel yesterday, which is why we agreed to the continuance given that if you were not lead, there would be no need for the continuance based on your unavailability.  I understand that you became involved recently after transfer to this District, but can you please confirm that you are lead trial counsel in this case?

Best,
Christina

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Tuesday, November 08, 2022 6:15 PM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** Re: Entropic Communications, LLC v. DIRECTV, LLC

Hi Christina:

As you know, the case was just transferred here, and the client has asked me to join the matter, and to handle the status conference.  I intend to take part in the meet and confer discussions the Court has requested, and am prepared to attend any re-scheduled status conference in person.  I understood that you are in the same position.

As to the length of the continuance, my initial email to you noted that I would return to the country on November 30, and of course, Thanksgiving falls on the week of November 21.

We would hope that as a matter of courtesy and professionalism, the above facts are sufficient to agree to a brief continuance.  But if the parties cannot agree, we will request the continuance via an opposed motion.  Thank you.

**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Sent:** Tuesday, November 8, 2022 17:38
**To:** Lo, Jason; K&L GATES Electronic Service
**Cc:** Curtis, Nathan R.; Hershkowitz, Benjamin; Dominguez, Kate
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

**[WARNING: External Email]**

Hi:  Just to confirm, we agreed to your request to continue the hearing based on your representation that you were lead trial counsel.  It is unclear why our requested edits to, for example, confirm that representation in the stipulation, shorten the continuance from what you proposed, and shorten the extension of time to file the joint report are problematic -- can you please explain?

As for the Dish issue, it continues to concern us that it now appears that Defendants are taking the position that the cases are no longer consolidated, even though the consolidation order was never modified or dissolved.

Our edits were not intended to be argumentative.  We remain willing to work with you to accommodate your request, but it can't be on a take it or leave it basis.

Best,
Christina

---

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Tuesday, November 08, 2022 4:28 PM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** Re: Entropic Communications, LLC v. DIRECTV, LLC

Hi Christina:

Please let me know if you have a few minutes to discuss, as I think this is better addressed live.  But in short, these edits turn what is a simple request (continuance to accommodate my being out of the country) into an argumentative filing in which Entropic is asserting positions about consolidation, the case schedule, and the conduct of DISH's counsel.

There are other opportunities and forums to raise those issues.  Moreover, DISH has not been ordered to appear at a November 18, 2022 Status Conference as of yet.  Thus there is no reason for them to sign this document, and we cannot sign on to statements about DISH in this document.  As I noted earlier, and at your request, we have reached out to DISH's counsel and confirmed that they are available the week of December 5, should the Court wish to have a consolidated hearing.  I can certainly include that representation in the stipulation if helpful.

I understand that the parties in the case generally have been courteous in accommodating schedules, and hope to continue that trend.  If Entropic is willing to sign on the stipulation I sent this morning (with any alterations to address your unavailability during the week of December 5) please let me know or call me to discuss.  Otherwise, if we do not hear back by 5:30 PT, we will proceed to request the continuance by motion and let the Court know that the motion is opposed.  Thank you.


**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Sent:** Tuesday, November 8, 2022 15:24
**To:** Lo, Jason; K&L GATES Electronic Service
**Cc:** Curtis, Nathan R.; Hershkowitz, Benjamin; Dominguez, Kate
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

[WARNING: External Email]

Hi:  I have attached our revisions to the draft stipulation.

I did not see any mention of Dish's position in the draft.  Just to confirm, they will need to weigh in

and participate in this stipulation as they are on the docket in this case and have appeared in this case on behalf of Dish (most recently, in the filings of PHV applications). Among other things, it seems unlikely that the Court would grant this type of request without Dish's position because the cases remain consolidated and they are on the docket in this case.

In terms of the new date for the hearing, in looking at the prior case schedule and upcoming deadlines, we do want to have the status conference rescheduled for the very near term.

In terms of your role on the case, we did want to make sure to spell this out because, among other things, otherwise it begs the question as to why another attorney could not appear in your stead.

Finally, we do not think it is necessary to extend out the date to file the joint status report, but are amenable to a short extension to November 15. That being said, until the Court has granted the stipulation, we need to continue to operate under the existing deadlines -- so we would like to proceed with the meet and confer and requested for tomorrow and need to finalize and file the joint report by the current deadline (unless that is moved).

Best regards,
Christina Goodrich

---

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Tuesday, November 08, 2022 9:52 AM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** Re: Entropic Communications, LLC v. DIRECTV, LLC

Hi Christina:

Please find attached a draft of the stipulation. We ran the dates by DISH and they are available the week of December 5 as well. Please let us know if you have proposed changes. Thank you.


**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Sent:** Monday, November 7, 2022 21:01
**To:** Lo, Jason; K&L GATES Electronic Service
**Cc:** Curtis, Nathan R.; Hershkowitz, Benjamin; Dominguez, Kate
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

[WARNING: External Email]

Hi:  We can reach out to Dish on the joint status report and meet and confer, but if you could reach out to them on the stipulation to continue the hearing, that would be great.  Given that there has been no court order modifying or dissolving the prior court order consolidating the cases for pretrial purposes, we view the cases as remaining consolidated.  Additionally, the Dish case has been deemed related and is now before Judge Holcomb.
Best regards,
Christina Goodrich

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Monday, November 07, 2022 4:18 PM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

Hi Christina,

Thanks for the note, and for your accommodation on the status conference in light of my travel schedule.  We will prepare a stipulation for review, and if helpful to others, we are amenable to having the rescheduled hearing take place by Zoom.

I do want to clarify the statement about the Texas schedule below.  One of the things we discussed this morning was consolidation of the DirecTV / Dish cases.  In the course of that discussion, I expressed that as a practical matter, we would not be opposed to the Dish and DirecTV cases proceeding along parallel lines.  As we also discussed, the feasibility of doing so depends on whether the two cases ultimately get related to the same District Court Judge.

I did not think we were discussing whether the schedule and specific deadlines would remain unchanged in the event that the cases do continue on parallel tracks, and did not intend to convey that we thought the existing schedule / deadlines should remain.  Indeed, I had understood that Plaintiff might be amending its infringement contentions, such that the new schedule would need to be adjusted to at least account for that.  If you had raised the issue of the schedule and I didn't track that in our conversation, then I apologize for the miscommunication.  In any event, we will suggest a schedule as part of this meet and confer process.

Finally, we have no objection to Dish participating in the meet and confer and status report process.

Will you be reaching out to them, or would you like us to do so?

Thanks again.

**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Sent:** Monday, November 7, 2022 3:31 PM
**To:** Lo, Jason <JLo@gibsondunn.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate <KDominguez@gibsondunn.com>
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

**[WARNING: External Email]**

Hi Jason:  It was a pleasure speaking with you today.

Thank you for confirming that you are now lead counsel in this case.  Based on this, we can stipulate to a brief continuance of the status conference based on your unavailability on November 18.  We can also stipulate that the rescheduled hearing take place by Zoom (which should increase the chances that it occur in the short term and with all needed counsel present).  Please send over a draft stipulation for our review/revision at your convenience.  I suggest that after you file it tomorrow, we jointly call the CRD to give a heads up that it has been filed.

Given our desire to continue to effectively and efficiently manage this case and that we are still obligated to comply with Judge Holcomb's existing order on the status conference, we will be sending a draft of the joint status report to you tomorrow for your input so that we can discuss during our meet and confer this week -- we would like to schedule it for Wednesday.  Thank you for sharing your position on the Texas order - we agree that the current schedule under the Texas order should remain in place -- we will note that in the draft joint status report.

Finally, with respect to the separate case that Dish had opened, it is our position that the Dish and DirecTV cases remain consolidated as there has been no court order severing them.  As such, Dish's counsel should weigh in on the stipulation to reschedule the status conference and participate in the meet and confer.  I assume you agree.

Best regards,
Christina Goodrich



**Christina N. Goodrich**
Los Angeles Managing Partner
Firmwide Intellectual Property Litigation Practice Group Coordinator
K&L Gates LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
(310) 552-5547
(310) 552-5001
christina.goodrich@klgates.com
www.klgates.com

---

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Monday, November 07, 2022 10:58 AM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

Hi Christina:

Thanks for the quick response. I just tried calling your office but was not able to reach you. Could you please let me know if you have a few minutes to discuss this by phone? I am okay with proceeding by Zoom, but for next Friday, that still does not work as I am on the flight to Asia at the time of the scheduled hearing. And there are some additional logistical issues as well. I am generally available for the next 30 minutes, or we can schedule a specific time for later today. Thank you.

**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

**From:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>

**Sent:** Monday, November 7, 2022 10:33 AM
**To:** Lo, Jason <JLo@gibsondunn.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate <KDominguez@gibsondunn.com>
**Subject:** RE: Entropic Communications, LLC v. DIRECTV, LLC

**[WARNING: External Email]**

Hi Jason:  Thank you for reaching out.  Let's request the Court conduct the hearing by Zoom so that we can all appear.  I realize that Judge Holcomb's FAQs state that he generally holds status conferences by Zoom, but the language in the Order setting our Status Conference implies he will hold it in person -- but that language in his FAQs suggests it is not unusual for him to hold such hearings by Zoom, so I think it would be appropriate to ask for it here.
Best regards,
Christina Goodrich

---

**From:** Lo, Jason <JLo@gibsondunn.com>
**Sent:** Monday, November 07, 2022 8:06 AM
**To:** Goodrich, Christina N. <Christina.Goodrich@klgates.com>; K&L GATES Electronic Service <Electronic.Service@klgates.com>
**Cc:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Dominguez, Kate (EXTERNAL) <KDominguez@gibsondunn.com>
**Subject:** Entropic Communications, LLC v. DIRECTV, LLC


Hi Christina:

I am going to be attending the status conference in the case, but unfortunately will be out of the country next Friday and will not be back until November 30.  I would like to reach out to the Court to request a continuance.  I am generally flexible between December 2 and December 9.  Could you please let me know if Entropic is amenable to a short continuance and what your availability is following Thanksgiving?  We can then reach out to the Court.   Thank you.

**Jason C. Lo**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without

express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm

and/or our privacy policy.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Christina.Goodrich@klgates.com.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.