| | |
|---|---|
| 1 | Christina Goodrich (SBN 261722) |
| | Christina.goodrich@klgates.com |
| 2 | Connor J. Meggs (SBN 336159) |
| | connor.meggs@klgates.com |
| 3 | K&L GATES LLP |
| | 10100 Santa Monica Boulevard |
| 4 | Eighth Floor |
| | Los Angeles, CA  90067 |
| 5 | Telephone: +1 310 552 5000 |
| | Facsimile: +1 310 552 5001 |
| 6 | |
| 7 | **ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC** |
| 8 | [Additional Counsel Listed on Signature Page] |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-07775-JWH-JEM |
| Plaintiff, | **JOINT STATUS REPORT ON THE DISCOVERY ORDER** |
| v. | |
| DIRECTV, LLC and AT&T SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-07959-JWH-JEM |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., | |
| Defendants. | |

Pursuant to the Court's Order (ECF No. 176), the parties have met and conferred on a Discovery Order to replace the Discovery Order previously in place (ECF No. 50). The parties, after extensive conferrals, have reached agreement on all but two sections of the Discovery Order. This Joint Status Report summarizes the parties' positions with respect to each disputed section. A proposed Discovery Order is submitted simultaneously with this report, with the parties' disputes noted/highlighted in it for the Court's convenience.

### 3. Additional Disclosures

*Plaintiff's Position:* Plaintiff proposes that this section remain unchanged from the current Discovery Order (ECF No. 50). Consistent with discovery practices in the Eastern District of Texas, paragraph 3 clarifies that the parties must produce relevant documents and things without awaiting formal Requests for Production. The parties have been operating under these Rules for many months, exchanged numerous letters outlining categories of relevant documents, met and conferred on the scope of these requests, and have made numerous productions pursuant to these letters. The parties should be able to proceed using those letters, which closely mimic formal discovery requests, and move to compel production if necessary under L.R. 37. This does not prohibit the use of formal discovery requests—indeed, Defendants have served RFPs since transfer to California and Entropic has responded. But there is no need to wipe away the parties' discovery in E.D. Texas and start over, forcing the redundant service of RFPs and causing unnecessary delay.

Defendants' position is that Local Rule 37 requires formal discovery requests. This is incorrect. In the event of a discovery dispute, the rule states only that the moving party must "identify each issue and/or discovery request in dispute." The parties are fully capable of presenting their competing discovery positions to the Magistrate under L.R. 37, regardless of whether the discovery request originated in an informal letter or in a formal set of Requests for Production. Defendants' proposal for Paragraph 3 would cause needless delay and force the parties to start over.

1    ***Defendants' Position:***  In this jurisdiction, like most jurisdictions, document
2    discovery is conducted through formal requests for production.  Indeed, since being
3    transferred here, all parties—including Plaintiff and Defendants—have ***already***
4    exchanged and responded to dozens of such requests covering all issues in dispute
5    (including technical, financial, marketing, patent valuation, patent prosecution,
6    licensing, and a host of other topics).  Against that backdrop, it is not clear to
7    Defendants why Plaintiff insists on following the unique approach of the Eastern
8    District of Texas to document discovery even though that approach is inconsistent
9    with this Court's local rules.

10          As context, some judges in the Eastern District of Texas have a unique
11   procedure for patent cases in which parties are expected to produce, "without
12   awaiting a discovery request," "a copy of all documents, data compilations, and
13   tangible things in the possession, custody, or control of the party that are relevant to
14   the pleaded claims or defenses involved in th[e] action."  In these circumstances,
15   parties will sometimes—though there is by no means a requirement to—send a letter
16   listing certain categories of documents that the party expects the opposing party to
17   produce.  Entropic is incorrect that these letters "closely mimic formal discovery
18   requests."  In particular, there is no obligation for a party to either send or respond
19   to such a letter, let alone provide responses and objections as required under Fed. R.
20   Civ. P. 34(b)(2).

21          Although the parties sent such letters to each other in this case, this form of
22   document discovery is incompatible with this District's rules for resolving discovery
23   disputes.  For example, under L.R. 37-1, a party moving to compel on a discovery
24   issue must identify in a letter "each issue and/or discovery request in dispute."
25   Furthermore, under L.R. 37-2, the moving papers where parties are unable to settle
26   differences on discovery disputes must contain "the contentions and points and
27   authorities of each party" on all disputed discovery requests.  The rules provide as
28   an example that "if the sufficiency of an answer to an interrogatory is at issue, the

stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer." Thus, without formal requests for production, with responses and objections by the opposing party, the parties will not be able to present a dispute on a request for production as required by these rules.

Entropic is also incorrect that aligning the Discovery Order with this Court's standard practices will cause unnecessary delay or require the parties to "start over." Since this case was transferred, neither party has sought resolution of a discovery dispute by the assigned Magistrate Judge and there are thus no pending motions that depend on compliance with the rules of the Eastern District of Texas. And there currently is not a date set for the close of fact discovery, and the defendants have collectively produced tens of thousands of documents to Entropic. There is no suggestion that these documents will be retracted. Moreover, Entropic itself has already served Requests for Production on all Defendants, even as it protests that it should not have to do so, and does not explain why it could not continue to serve requests on Defendants for any documents that it believes are missing from the parties' productions. Defendants' request on Paragraph 3 simply aligns discovery practice with this District's specific procedures and will cause no undue delay or problems in this case.

**12.   Proposed Stipulations by the Parties Regarding Discovery**

*Plaintiff's Position:*   The sole dispute concerns ¶ 12(a) of the current Discovery Order, which states that the parties will negotiate in good faith on the terms of an appropriate ESI Order. Defendants propose that this language be removed from the Discovery Order. Plaintiffs propose keeping it.

This provision was the result of the parties' previous negotiations and all parties agreed to this provision. Unfortunately, an ESI Order has not yet been negotiated, but Entropic expects that will be done in the near term. An ESI Order is necessary to govern the production of ESI in this case, including specifying the metadata fields that should be used and agreeing on the scope of email discovery.

***Defendants' Position:***  Defendants are willing to confer regarding an ESI order, but object to the suggestion that one is unequivocally needed and will certainly be entered.  This is a patent case where the key documents are technical in nature and not found in emails.  Relevant financial and marketing information is likewise not generally found in emails.  Expensive and burdensome email productions (and related negotiations regarding custodians and search terms) are simply out of place here.  Notably, the parties (all of whom are represented by sophisticated counsel that are working with e-discovery vendors) have already produced a large volume of documents, including a plethora of technical documents, with certain metadata included.  To the extent Plaintiff has issues with the metadata produced to date, Defendants are willing to confer with Plaintiff to address such issues.  But, to date, Plaintiff has not raised any disputes regarding metadata fields.

Requiring unnecessary procedures and orders benefits nobody.  It just creates unnecessary work and disputes, all of which could be avoided.  Although ESI orders are traditionally required in the Eastern District of Texas, this Court has no standard practice on this issue, so there is no reason to include Plaintiff's proposed Section 12(a) in the Discovery Order.

**SIGNATURE CERTIFICATION:**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that the content of this document is acceptable to both Amanda Tessar, counsel for Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. and Nathan R. Curtis, counsel for Defendants DIRECTV, LLC and AT&T Services, Inc., and that I have obtained both Ms. Tessar's and Mr. Curtis's authorization to affix their electronic signatures to this document and file it in this case.

| | | |
|---|---|---|
| 1 | Dated:  February 2, 2023 | By: */s/ Christina N. Goodrich* |
| 2 | | Christina N. Goodrich (SBN 261722) |
| | | **K&L GATES LLP** |
| 3 | | 10100 Santa Monica Blvd., 8th Fl. |
| 4 | | Los Angeles, CA 90067 |
| | | Tel: (310) 552-5547 |
| 5 | | Fax: (310) 552-5001 |
| 6 | | Email: christina.goodrich@klgates.com |
| 7 | | James Shimota (admitted pro hac vice) |
| | | Jason Engel (admitted pro hac vice) |
| 8 | | George Summerfield (pro hac vice application pending) |
| 9 | | **K&L GATES LLP** |
| 10 | | 70 W. Madison Street, Suite 3300 |
| 11 | | Chicago, IL 60602 |
| | | Tel.: (312) 372-1121 |
| 12 | | Fax: (312) 827-8000 |
| 13 | | jim.shimota@klgates.com |
| | | jason.engel@klgates.com |
| 14 | | george.summerfield@klgates.com |
| 15 | | |
| 16 | | Nicholas F. Lenning (pro hac vice application pending) |
| 17 | | **K&L GATES LLP** |
| | | 925 Fourth Avenue, Suite 2900 |
| 18 | | Seattle, WA 98104 |
| 19 | | (206) 623-7580 |
| 20 | | (206) 370-6006 (fax) |
| | | nicholas.lenning@klgates.com |
| 21 | | |
| 22 | | Darlene F. Ghavimi (admitted pro hac vice) |
| 23 | | Matthew Blair (pro hac vice application pending) |
| 24 | | **K&L GATES LLP** |
| 25 | | 2801 Via Fortuna, Suite #650 |
| | | Austin, TX 78746 |
| 26 | | (512) 482-6919 |
| 27 | | (512) 482-6859 |
| 28 | | |

-7-
JOINT STATUS REPORT ON THE DISCOVERY ORDER

Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

By: */s/ Amanda Tessar*
Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
303-291-2300
Fax: 303-291-2400

Matthew C Bernstein
MBernstein@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
858-720-5751
Fax: 858-720-5799

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

By: */s/ Nathan R. Curtis*

Nathan R. Curtis (admitted *pro hac vice*)
ncurtis@gibsondunn.com
Audrey Yang (admitted *pro hac vice*)
ayang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

|   |   |
|---|---|
| 1 | Jason C. Lo |
| 2 | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 333 South Grand Avenue |
| 3 | Los Angeles, CA 90071-3197 |
| 4 | Telephone: 213.229.7000 |
|   | Facsimile: 213.229.7520 |
| 5 | jlo@gibsondunn.com |
| 6 |   |
|   | Benjamin Hershkowitz (admitted *pro hac* |
| 7 | *vice*) |
|   | bhershkowitz@gibsondunn.com |
| 8 | Katherine Q. Dominguez (admitted *pro* |
| 9 | *hac vice*) |
|   | kdominguez@gibsondunn.com |
| 10 | **GIBSON, DUNN & CRUTCHER LLP** |
| 11 | 200 Park Avenue |
|   | New York, NY 10166-0193 |
| 12 | Telephone: 212.351.4000 |
| 13 | Facsimile: 212.351.4035 |
| 14 |   |
|   | Brian Buroker (*pro hac vice* pending) |
| 15 | bburoker@gibsondunn.com |
|   | **GIBSON, DUNN & CRUTCHER LLP** |
| 16 | 1050 Connecticut Ave., N.W. |
| 17 | Washington, D.C. 20036 |
|   | Telephone: 202.955.8500 |
| 18 |   |
| 19 | **ATTORNEYS FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.** |