Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC and AT&T SERVICES, INC., <br><br> Defendants. | Civil Action No. 2:22-cv-07775-JWH-JEM <br><br> **[PROPOSED] DISCOVERY ORDER** <br><br> JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br> Defendants. | Civil Action No. 2:22-cv-07959-JWH-JEM <br><br> JURY TRIAL DEMANDED |

-1-
**STIPULATED [PROPOSED] DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

    (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee

regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.** **[DISPUTED – Competing proposals for §§3(a) and (b) below]**
**Additional Disclosures.**

[Plaintiff Proposes: <u>Without awaiting a discovery request</u>,[1]] [E]ach party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code for each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

-3-
**STIPULATED [PROPOSED] DISCOVERY ORDER**

identified as software limitations by the party claiming patent infringement.

(b) [Defendant proposes: <u>in response to properly served requests for production,</u>] produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Protective Order entered as ECF No. 64 in the Eastern District of Texas remains in effect.

5. **Discovery Limitations.**

The discovery in this cause is limited to the Federal Rules of Civil Procedure, combined with the following additional explanations and limitations:

(a) Definitions:

　　i. "Plaintiff" refers to Plaintiff Entropic Communications, LLC.

　　ii. "Defendant Group" refers to a group of parties that have been identified as defendants in a common operative complaint, i.e., Defendants DIRECTV, LLC, AT&T Services, Inc. (collectively, "DIRECTV and AT&T") are a "Defendant Group" and Defendants DISH Network Corporation., DISH Network L.L.C.;

               and Dish Network Service L.L.C. (collectively, "DISH") are a "Defendant Group."

        iii.    "Party" refers to any one of (1) Plaintiff; (2) the DISH Defendant Group; or (3) the DIRECTV and AT&T Defendant Group.

(b)    Interrogatories: Plaintiff may serve a maximum of 25 interrogatories on each Defendant Group, including any interrogatories served during venue discovery.  Each Defendant Group may serve a maximum of 25 interrogatories on Plaintiff.

(c)    Requests for Admission: 50 requests per Party (excluding requests for admission for the purpose of authenticating a document or establishing its admissibility, which are unlimited), including any requests served during venue discovery.

(d)    Party Depositions: Plaintiff may take up to 60 total hours of deposition testimony of each Defendant Group (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether of current or former employees of the Defendant Group, but excluding experts), including any depositions taken during venue discovery.  Each Defendant Group may take up to 60 total hours of deposition testimony of Plaintiff (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether of current or former employees–of the Plaintiff, but excluding experts), including any depositions taken during venue discovery.  So long as these cases are consolidated, Defendant Groups will coordinate to ensure that no individual Plaintiff witnesses are deposed multiple times separately.[2]  Each party reserves the right to seek adjustment of these time limits based upon changes to the scope of discovery, or the addition or

---

[2] However, Defendants do not waive the right to seek an additional deposition of any Plaintiff witness to the extent justified by the circumstances, e.g., production of relevant documents following a first deposition.

dismissal of parties. Each deposition of a 30(b)(1) witness shall count as a minimum of 3.5 hours toward the 60 hour total, but each 30(b)(6)-only deposition shall not have a minimum.

(e) Third-Party Depositions: Each Party may take up to 70 hours of third-party deposition testimony. Moreover, the parties can take unlimited depositions on written questions of custodians of business records for third parties.

(f) Experts: Each expert can be deposed for up to 7 hours per report.

(g) The limitations set forth in the Federal Rules of Civil Procedure with respect to the length of depositions will apply, except as modified by this Order. If any party requests more than the total allowed time for a particular deposition, or if any party or side seeks more than its agreed-upon limit of deposition hours as set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

(h) Modification: Any party may later move to modify these limitations for good cause.

(i) Service of Deposition Notices: The Parties agree that current employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena.

**6. Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By May 29, 2023, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the

production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by the Local Rules of the Central District of California with respect to non-dispositive motions. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.** For any discovery disputes, the parties are ordered to comply with the requirements of this District's Local Rule 37, unless directed otherwise by the Magistrate Judge assigned to this case.

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** The parties shall comply with the requirements of this Court's Standing Order with respect to chambers copies of all filings.

12. **[DISPUTED – Competing proposals for §12(a) below]**

    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) E-Discovery Order: [Plaintiff proposes] The parties will negotiate in good faith on the terms of an appropriate Order Regarding E-Discovery ("ESI Order"). [Defendants oppose the inclusion of 12(a).]

    (b) The parties agree that they will serve each other with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third party will provide copies of those documents to each other party within 5 business days of receiving those documents. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least 5 business days' notice of the selected court reporting agency to allow for the coordination of remote depositions, where the parties agree to remote depositions, including the logistics of soft copy exhibits. In the event a deposition occurs remotely, including by agreement of the parties, such a remote deposition shall be treated for all purposes as a deposition conducted under Federal Rule of Civil Procedure 30.

    (c) In accordance with Eastern District of Texas Local Patent Rule 4-3(b), the parties will each serve a disclosure of expert testimony simultaneous with filing of the Joint Claim Construction Statement consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position (to the extent that Defendants present indefiniteness arguments at this time). Later disclosure shall be permitted for any expert who offers opinions in rebuttal to any other parties' expert.

-8-
**STIPULATED [PROPOSED] DISCOVERY ORDER**

(d) The parties agree to accept service of letters, discovery requests, and other documents (except in the case of document required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) via email listserv addresses designated by each of the parties or via email to at least each attorney listed on the docket as attorney of record for the opposing party. The parties further agree that service via this method is deemed to have occurred on the date sent.

(e) The parties agree that in preparing any privilege log (whether pursuant to Paragraph 6 above or otherwise), the preparing party is under no obligation to search for nor to log any privileged document or information that was prepared after the filing of the original complaint (i.e., dated on or after March 9, 2022).

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with the Standing Order of this Court. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference. To the extent that this Court's Standing Order and this Discovery Order differ in any respect, the Standing Order shall govern.

**SIGNATURE CERTIFICATION:**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that the content of this document is acceptable to both Amanda Tessar, counsel for Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. and Nathan R. Curtis, counsel for Defendants DIRECTV, LLC and AT&T Services, Inc., and that I have obtained both Ms. Tessar's and Mr. Curtis's authorization to affix their electronic signatures to this document and file it in this case.

**STIPULATED [PROPOSED] DISCOVERY ORDER**

DATED: February 2, 2023

By: /s/ *Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
Email: christina.goodrich@klgates.com

James Shimota (admitted pro hac vice)
Jason Engel (admitted pro hac vice)
George Summerfield (pro hac vice application pending)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Nicholas F. Lenning (pro hac vice application pending)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted pro hac vice)
Matthew Blair (pro hac vice application pending)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
(512) 482-6919
(512) 482-6859

-10-
**STIPULATED [PROPOSED] DISCOVERY ORDER**

Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

By: */s/ Amanda Tessar*
Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
303-291-2300
Fax: 303-291-2400

Matthew C Bernstein
MBernstein@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
858-720-5751
Fax: 858-720-5799

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

By: */s/ Nathan R. Curtis*

Nathan R. Curtis (admitted *pro hac vice*)
ncurtis@gibsondunn.com
Audrey Yang (admitted *pro hac vice*)
ayang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

**STIPULATED [PROPOSED] DISCOVERY ORDER**

Jason C. Lo
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
jlo@gibsondunn.com

Benjamin Hershkowitz (admitted *pro hac vice*)
bhershkowitz@gibsondunn.com
Katherine Q. Dominguez (admitted *pro hac vice*)
kdominguez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Brian Buroker (*pro hac vice* pending)
bburoker@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.955.8500

**ATTORNEYS FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:

_____
Hon. John W. Holcomb
United States District Court Judge

**STIPULATED [PROPOSED] DISCOVERY ORDER**