# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE JOHN W. HOLCOMB, U.S. DISTRICT JUDGE

ENTROPIC COMMUNICATIONS, LLC, )
Plaintiff, )
Vs. ) No. CV22-07775-JWH
DIRECTTV, LLC, ET AL., )
Defendants. )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE

SANTA ANA, CALIFORNIA

TUESDAY, DECEMBER 13, 2022

MIRIAM V. BAIRD, CSR 11893, CCRA
OFFICIAL U.S. DISTRICT COURT REPORTER
350 WEST FIRST STREET
FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90012
MVB11893@aol.com

The plaintiff's proposed claim construction would happen in April of 2023. As we said in the joint filing, the defendants suggest a Markman sometime in the summer of 2023. So when it comes to the Markman, we're actually not that far apart especially if the Court is saying, you know, we'll move everything by 30 days.

Here's the big difference in approach in the two sides. What the plaintiffs would do is to simultaneously have fact discovery end at about the same time. So while we are still working through their new infringement contentions, figuring out how to coordinate between the two defendants to figure out what terms to construe and get them construed, they would have all of us jam in the fact discovery at the same time.

So our approach is different from that. Our approach is under the typical -- I use that in quotations -- Central District approach, we would not be jamming everything in at the same time. So we would suggest that we do the Markman sometime in the summer of 2023, and then we proceed with the rest of fact discovery, the rest of expert discovery, which leads us sometime into the middle of 2024 for trial. So that's the real difference in approaches between the two sides.

THE COURT: Go ahead, Mr. Shimota.

MR. SHIMOTA: Your Honor, this whole notion that

we've somehow changed our infringement theories is just incorrect. We've supplemented based on the evidence. If anything, our theories are narrower. There are no new products accused. It's the exact same products. We've gotten discovery from defendants in this case. We've -- obviously, you know, when we filed the case, it was based on public information.

We've added in information based on confidential information for the various defendants. Nothing has changed. There's no reason why we cannot proceed in this schedule, and to drag -- what they're suggesting is to basically drag this case out another year.

We told them that we wanted to proceed in the schedule. We told them there are no terms to be construed. They claim that there are terms they want construed. No products has changed. You asked them today. They can't identify them for Your Honor. It's not that complicated of a case. There's not one term they can identify they want construed.

THE COURT: I don't know that I asked them that question.

MR. SHIMOTA: You did. You did ask them and said: What terms do you want construed? We went through the terms, and you said: What terms do you want construed? They said they're not ready to go. They're not ready to provide those

to you today.

THE COURT: Okay.

Ms. Tessar.

MS. TESSAR: I was just going to point out that we're requesting a trial in the summer of 2024, which is not long over two years from when this case was filed. We had a situation here where we spent four or five months doing venue discovery and briefing venue issues. So to me that seems like a pretty prompt and reasonable time to trial.

THE COURT: Well, forgive me for interrupting you, but let me again cut to the chase. The way I'm going to handle this case is let's do claim construction. Then you can turn to your fact discovery.

Now, that doesn't preclude plaintiff from making a summary judgment motion -- well, you've got to comply with the local rules and my standing order. But under local Rule 7-3, you can file it seven days after you have a meet and confer. You can have a meet and confer today and file it a week from today.

But you get one summary judgment motion. I'll give you, kind of one per related party, one for DISH and one for DIRECTV.

If you want to file it immediately, you know, good luck with that, but that's your shot. So I'm not precluding you from doing that.

MS. TESSAR: Good for DISH.

THE COURT: Okay. The next item is response to amended pleadings. For the same reason I noted a moment ago, that's not applicable.

01:51PM Next, complete claim construction discovery. That looks like it's not quite two weeks after the disclosure of rebuttal expert testimony. Let's go two weeks, April 7th to April 21st. Any issues? Problems?

MR. SHIMOTA: No problem, Your Honor. Thank you.

01:51PM MS. TESSAR: I think that should work.

THE COURT: Okay. The next event is complete document production and exchange privilege logs. It looks like it's two weeks later. So if we go April 21st to May 5th.

01:51PM MS. TESSAR: Your Honor, that's one where unless it's limited to claim construction, I think probably that is very, very soon to have that deadline for all fact discovery before we have a Markman hearing. We would suggest -- I mean, that would not be normally a date that would be imposed 01:52PM in this district, so we would suggest for that one that we just remove it like we did for the --

THE COURT: Oh, so you're saying that the Eastern District of Texas deadline to complete document production and exchange privilege logs pertains not merely to claim 01:52PM construction but all discovery?

MS. TESSAR: That's correct.

THE COURT: Okay. Plaintiff, concur?

MR. SHIMOTA: I mean, we're fine moving the fact discovery date as long as we stick with the general schedule. If they want to push fact discovery out further, we're fine with that.

THE COURT: Okay. So I'm not going to set this deadline. I thought it pertained only to claim construction discovery.

MR. SHIMOTA: I -- I might suggest, Your Honor, just for efficiency that we set a date for exchanging privilege logs, though. Is that fine for us to have, to use that date?

MS. TESSAR: Why don't we confer about that.

THE COURT: Meet and confer on that one.

MR. SHIMOTA: Okay.

THE COURT: Now, we've got claim construction briefs. My preference here is to have simultaneous opening briefs and simultaneous responsive briefs. If we do that, under this schedule that first brief is due two weeks after complete claim construction discovery. Is that enough time, or should there be a little bit longer time?

MS. TESSAR: I think for the defendants we'll need longer because we're going to -- I'm assuming you want a joint submission from us. So the process of coordinating

with each other and clients can be -- well, if you want a joint submission, that makes it easier. We may be able to do it faster.

THE COURT: I was -- I was not thinking that it would be a joint submission as between the two defendants. You may have very different positions on some things. I have no idea. You may not know at this point either.

MS. TESSAR: That is absolutely true, Your Honor. I think in the Eastern District of Texas we would have to do it together. But if you prefer it separate, we're happy to do it separate.

THE COURT: I wouldn't say I prefer it separate. If you want to do it separately, I think you can and should. If for some reason you want to do it jointly, that's better for me. It's one less brief to read. But do it separately if you'd like.

MS. TESSAR: Okay. That sounds good. And then I would just say I do think two weeks is a little bit tight.

THE COURT: I think it is, too, but -- Mr. Shimota?

MR. SHIMOTA: You know, if you think it's tight, Your Honor, I mean, at the risk of stating the obvious, we would like to move the schedule as quickly as possible. But if you think you need more time --

THE COURT: Well, note that there is only two rounds of briefing, not three.

MR. SHIMOTA: So three weeks, does that sound --

THE COURT: Three weeks sounds about right to me.

MR. SHIMOTA: Okay.

THE COURT: May 12th? Defendants?

01:55PM MS. TESSAR: We can make May 12th work.

THE COURT: So May 12th will be the deadline for the parties, each party to file its opening claim construction brief. When I say parties, it should be apparent, but I regard AT&T and DIRECTV as related, so their submission would be together.

01:55PM

MR. LO: Yes, Your Honor. We understand that.

THE COURT: Okay. All right. So how much time for the responsive claim construction brief? Three weeks?

MR. SHIMOTA: Three weeks would be fine with us, Your Honor.

01:55PM

MS. TESSAR: I think if we could have a month, that would be better. As you pointed out, we'd get a little time back because of the reply brief that we're not doing.

THE COURT: So let's go four weeks, June 9th. That would be the deadline for the parties' respective responsive claim construction briefs. And then file joint claim construction chart, that looks like it was a week after the last brief. Is that enough time, or two -- because this will be joint plaintiff and defendants?

01:56PM

01:56PM MS. TESSAR: Yeah. I think that that's usually

quick for us to put together, but is that something that you want? The format is just -- it's just a way of summarizing the positions with the constructions. Okay.

THE COURT: I think it would be helpful, yes.

01:56PM MS. TESSAR: Okay.

THE COURT: So let's make that a one-week exercise. So that will be due June 16th. Then the claim construction hearing, I'm going to want at least two weeks. That takes us to June 30th. Let me set this not on a Friday. We've got

01:57PM the 4th of July the next week.

Who among you is coming from out of town? Okay.

MR. SHIMOTA: My mom and dad live in L.A., so I'm more than happy to come on the 4th, Your Honor.

THE COURT: If you want to --

01:57PM MS. TESSAR: I would prefer for me and my own vacation schedule if we could do it that week after the 4th of July.

THE COURT: Okay. Let's do that. Let's say July 11th. Let me look at my calendar and make sure that's

01:57PM okay.

(Pause in proceedings)

MR. LO: Sorry. I had to check a couple dockets here.

THE COURT: Okay. Let's say July 11th at

01:58PM 10:00 a.m. For the time being, let's say 90 minutes per

side. When I say side, I am grouping defendants. We'll play it by ear when we get there. If it takes more time, it takes more time, but that's what you should anticipate in terms if you're going to have a PowerPoint presentation or whatever you're going to do. I obviously will have read and done my best to digest your respective filings.

Yes. Question?

MS. TESSAR: Just a question. What is your view on technical tutorials? Do you want something live? Do you want CDs submitted beforehand? What is your preference?

THE COURT: We've done it different ways. Why don't you meet and confer. And if you have -- if it becomes apparent to the parties jointly that a tech tutorial would be beneficial, see if you can suggest something in advance of this July 11th hearing.

MR. SHIMOTA: We'll do that, Your Honor. Thank you.

THE COURT: All right. That's the last deadline I'm going to set at this point. Let's see what the world looks like when I issue my claim construction order, and then I'll set a case schedule after that.

I don't want to take another year and a half from there. I will expect you to be, you know, once you get the claim construction order teed up for summary judgment motions, if it can be resolved that way, or prepare for

trial.

Okay. So, summarizing, the protective order entered ECF64 will remain in place. Cases are consolidated for pretrial purposes, and everything will be filed in the low-numbered case at this point. Any party can make a motion at any time to sever. We'll expect to revisit consolidation after we get through the Markman -- the claim construction process.

You look pensive, Ms. Tessar.

MS. TESSAR: Well, I know that you've got another hearing. I was going to suggest that for the discovery order, perhaps we can get together following the directions you've given us, submit a proposed order just to make it easier for you since we had a number of issues.

THE COURT: I think that's a good suggestion. Any opposition to that from plaintiff?

MR. SHIMOTA: No opposition, Your Honor.

THE COURT: I think that's a good idea. You kind of know what I'm thinking. So what I'll say in this minute order is that the parties expect to file a stipulated discovery order that will replace ECF50. I mean, in some instances it may be identical, and that's fine.

We talked about the case schedule as far as I'm going to go at this point, and the patent rules. Is it enough for me to say that the substance of the Eastern

District patent rules will remain in effect? The schedule set forth in the patent rules are modified as I've indicated in my -- in the schedule that I've set forth? Will that -- is that sufficient?

02:02PM MS. TESSAR: For now. I imagine there may be situations where we'll need clarification because of conflicts.

MR. SHIMOTA: Yes. That's fine, Your Honor. Thank you.

02:03PM THE COURT: Okay. Let's go with that for now. Please do meet and confer and try to narrow the issues that are in dispute. I appreciate that this is a hard-fought case, and that's what we're here for is to resolve disputes. So I'm happy to do that, but let's narrow them to the extent 02:03PM we can and not fight about things that don't need to be fought about and in particular not expend the Court's resources on those issues.

Okay. What else do we need to accomplish today?

MS. TESSAR: Nothing from DISH.

02:03PM MR. SHIMOTA: Nothing from our perspective, Your Honor. Thank you for your time.

MR. LO: Nothing for DIRECTV as well. Thank you.

THE COURT: One other quick thing. I always raise this at Rule 16 conferences, and that is the prospects of 02:03PM settlement. It strikes me it might be too early to talk