# EXHIBIT B

# K&L GATES

February 22, 2023

Jim A. Shimota
Jim.Shimota@klgates.com

T +1 312 807 4299
F +1 312 827 8071

Re: LR-37 Letter Request to Meet and Confer on Discovery Issues

Counsel for DISH:

In conformity with LR-37, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") seeks to meet and confer with Defendants Dish Network Corp., Dish Network LLC, and Dish Network Services LLC ("DISH") within ten days upon service of this letter. The issues raised in this letter relate to DISH's Responses and Objections to Plaintiff's First Set of Requests for Production (Nos. 1–15). Please provide your availability to meet and confer on Entropic's Request for Production Nos. 15.[1] Entropic intends to move to compel DISH to make the entire Hopper 3 source code available for review under the Protective Order.

## Requests for Production at Issue

### Request for Production No. 15:

The source code for the firmware and any or all other software integrated or used with the Hopper 3 DVR product, including but not limited to the following features identified in the Hopper 3 DVR Product Requirements Document produced by DISH with Bates Number DISH00000967:

- Wide-band Tuner front end (section 1.1, DISH 00000970);

- FSK ODU support (section 1.1, DISH 00000970);

- MoCA 1.1/2.0 network (section 1.1, DISH 00000970);

- DVR sharing over MoCA network (Section 2.1.1, DISH00000971);

- Diagnostics (Section 2.1.2, DISH00000971-972);

---

[1] Entropic reserves the right to address deficiencies in DISH's responses and productions for the other Requests in Entropic's First Set of Requests for Production.

K&L GATES LLP
70 W. MADISON ST.  SUITE 3100  CHICAGO  IL 60602
T +1 312 372 1121  F +1 312 827 8000  klgates.com

- Set Top Box Health Reporting (Section 2.1.2, DISH00000971-972);

- IP Call Back (Section 2.1.2, DISH00000971-972);

- Advanced IP Control Protocol (Section 2.1.2, DISH00000971-972);

- Viewer Measurement (Section 2.1.2, DISH00000971-972);

- DVR Sharing (Section 2.1.2, DISH00000971-972);

- Tuner Sharing (Section 2.1.2, DISH00000971-972); and

- Interactive Support, including interactive triggers, announcement streams, and data tracking and reporting via STB Health (Section 2.1.2, DISH00000973).

**DISH's Response to Request for Production No. 15:**

In response to Request No. 15, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks source code for any aspect of the Hopper 3 product, not only those functionalities accused of infringement, and purports to seek production of source code related to irrelevant features such as MoCA 1.1/2.0 Network, Diagnostics, DVR Sharing, Viewer Measurement, IP Call Back, Tuner Sharing, and Advanced IP control protocol. DISH additionally objects to this Request as an improper request to inspect source code. The Protective Order in this case delineates a specific procedure for requesting inspection of source code that Entropic must follow.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: will make available for inspection source code for the Hopper 3 related the functionality accused of infringement, including code relating to Wide-band Tuner Front End, Hybrid LNB support using FSK Communication Protocol, Set Top Box Health, and Interactive Support.

**Issues Regarding Request for Production No. 15: Incomplete Source Code**

Entropic respectfully requests that DISH withdraw its objections and make its entire Hopper 3 source code available for review pursuant to the Protective Order. If DISH will not so withdraw, Entropic intends to move to compel DISH to make the entire Hopper 3 source code available for review.

**Specific Functionalities.** Dish's determination of what functionalities are relevant is wrong. Entropic provided a list of twelve functionalities that are relevant and even provided specific

February 22, 2023

document citations showing those functionalities. DISH apparently made its own determination that it believes only four of those functionalities are relevant and the other eight are not. DISH has provided no explanation, either in its initial response or in follow-up communications, as to why it believes those eight functionalities are not relevant.

These eight functionalities are highly relevant. The following functionalities relate directly to the selection of signals and the distribution of programs over a digital local area network as claimed in the '715 Patent": MoCA 1.1/2.0 network, DVR Sharing over MoCA network, DVR Sharing, and Tuner Sharing. And the following functionalities relate directly to analyzing digitized signals and reporting characteristics of the digitized signals to the source of the received signal as claimed in the '008 Patent: Diagnostics, IP Call Back, Advanced IP Control Protocol, Viewer Measurement, DVR Sharing, and Tuner Sharing.

Under Rule 26, "[p]arties may obtain discovery regarding *any* non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). A sole statement that these are "irrelevant features," without more, is insufficient, particularly when Entropic has explained why these functionalities are highly relevant. The Court should overrule this objection.

**Burden.** DISH is creating more work for itself, not less. The Hopper 3 code is stored in a single, centralized repository. The least burdensome option would simply be making its entire code available. This is the exact reason why the other defendant in this consolidated case, DIRECTV, is making its entire set-top box source code available. Instead, DISH wants to spend time reviewing and identifying the code files it believes are relevant, and then separate out those files and make only those files available. Indeed, courts have denied requests to compel a party to do what DISH wants to do (review code and identify relevant portions) because it is far too burdensome compared to simply providing access to the code and allowing the requesting party to do that work. *See Int'l Business Machines Corp. v. The Priceline Grp. Inc.*, 2016 WL 6305981, at *1 (D. Del. Sept. 29, 2016) (collecting cases and noting "[i]n similar circumstances, where a plaintiff has access to the source code and the task of requiring a defendant to sift through its source code to identify accused features would be unduly burdensome, courts have denied requests like IBM's here."). This objection is meritless.

DISH's position not only increases its own burden, it will significantly hinder Entropic's ability to review the code and is very likely to lead to multiple code reviews. In Entropic's experience, removing code files from their databases significantly hinders review because code frequently cross-references other files, files that DISH apparently is refusing to make available. DISH's position also raises the significantly likelihood that code files related to the functionalities will be missing, because DISH is selecting individual code files, making follow-up reviews or follow-up disputes very likely.

In sum, DISH's position will significantly increase burden to both parties and is highly likely to cause further disputes and delay.

**"Sensitivity."** DISH negotiated a protective order with stringent protections for the review of source code—protections it sought and Entropic agreed to. That protective order remains in effect. Entropic has complied fully and will continue to do so. Access to the source code therefore will be carefully restricted and there should be no confidentiality concerns. DISH's objection due to the "sensitivity" of the code therefore is meritless.

Entropic respectfully requests that DISH withdraw these objections and make the entire Hopper 3 source code available for review no later than March 8, 2023. If DISH declines, Entropic intends to seek a discovery order compelling such production.

Sincerely,


Jim A. Shimota