# EXHIBIT D

**K&L GATES**

March 3, 2023

Jim A. Shimota
Jim.Shimota@klgates.com

T +1 312 807 4299
F +1 312 827 8071

Amanda Tessar, atessar@perkinscoie.com
Matthew Bernstein, mbernstein@perkinscoie.com
Adam Hester, ahester@perkinscoie.com

Re: LR-37 Letter Request to Meet and Confer on Discovery Issues

Counsel for DISH:

In conformity with LR-37, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") seeks to meet and confer with Defendants Dish Network Corp., Dish Network LLC, and Dish Network Services LLC ("DISH") within ten days upon service of this letter. The issues raised in this letter relate to DISH's Responses and Objections to Plaintiff's Second Set of Requests for Productions (Nos. 16–52). Please provide your availability to meet and confer on Entropic's Request for Production Nos. 16–41, 51, and 52. Entropic reserves the right to later raise DISH's improper objections to certain of these requests, but sends this letter to raise the narrow issue of production of email discovery on two categories of documents.

### Requests for Production at Issue

**Request for Production No. 16:**

All documents, communications, and things that refer or relate to any of the Patents-in-Suit.

**DISH's Response to Request for Production No. 16:**

In response to Request No. 16, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "[a]ll documents, communications, and things" that "refer or relate" to the asserted patents without establishing the scope of the sought information and/or of a reference or relationship. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to the extent this Request seeks information that is equally accessible to Entropic (e.g., published patents and/or patent applications). DISH additionally objects to the extent this Request seeks information not

limited to information within DISH's possession (e.g., documents discussing the asserted patents authored by an unrelated entity).

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH agrees to conduct a reasonable search for non-privileged documents within DISH's control that identify one or more of U.S. Patent Nos. 7,130,576; 7,542,715; and/or 8,792,008.

**Request for Production No. 17:**

All documents, communications, and things that refer or relate to any patents and/or patent applications related to any of the Patents-in-Suit.

**DISH's Response to Request for Production No. 17:**

In response to Request No. 17, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "[a]ll documents, communications, and things" that "refer or relate" to patents related to the asserted patents without establishing the scope of the sought information and/or of a reference or relationship. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to the extent this Request seeks information that is equally accessible to Entropic (e.g., published patents and/or patent applications). DISH additionally objects to the extent this Request seeks information not limited to information within DISH's possession (e.g., documents discussing the asserted patents authored by an unrelated entity). DISH additionally objects to this Request as being substantially duplicative of Request No. 16 and refers to its Response to that Request.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH agrees to conduct a reasonable search for non-privileged documents within DISH's control that reference any patent or patent publication related to one or more of U.S. Patent Nos. 7,130,576; 7,542,715; and/or 8,792,008.

**Request for Production No. 18:**

Documents sufficient to show the technical operation of the DISH Pro Hybrid technology, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 18:**

In response to Request No. 18, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant

March 3, 2023

to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "DISH Pro Hybrid technology," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking and LAN distribution operations of the DISH Pro Hybrid LNBFs and the DPH42 switch, and their use of the BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced documents located upon a reasonable search sufficient to show the operation of digital channel stacking and LAN distribution operations of DISH Pro Hybrid LNBFs and the DPH42 switch, and their use of the BCM4552 chip.

**Request for Production No. 19:**

Documents sufficient to show the technical operation of the DISH Pro Hybrid switch devices, for example the DPH42 Switch and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 19:**

In response to Request No. 19, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "DISH Pro Hybrid switch devices," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it is not limited to specific products (the DPH42 Switch product is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as being

March 3, 2023

duplicative of Request No. 18, at least because the scope of Request No. 19 is engulfed by the scope of Request No. 18. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking and LAN distribution operations of the DPH42 switch and its use of the BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH refers to its Response to Request No. 18 and incorporates its Response to that Request.

## Request for Production No. 20:

Documents sufficient to show the technical operation of the DISH Pro Hybrid LNBF devices, for example the DISH 1000.2 DPH Triple LNBF, the DISH 1000.2 DPH Twin LNBF, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

## DISH's Response to Request for Production No. 20:

In response to Request No. 20, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "DISH Pro Hybrid LNBF devices," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it is not limited to specific products (the DISH 1000.2 DPH Triple LNBF and the DISH 1000.2 DPH Twin LNBF products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as being duplicative of Request No. 18, at least because the scope of Request No. 20 is entirely engulfed by the scope of Request No. 18. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking and LAN distribution operations of the DISH Pro Hybrid LNBFs and their use of the BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH refers to its Response to Request No. 18 and incorporates its Response to that Request.

## Request for Production No. 21:

March 3, 2023

Documents sufficient to show the technical operation of gateway devices capable of distributing content over a network, for example the Hopper, Hopper w/Sling, Hopper Duo, Hopper 3, Super Joey, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 21:**

In response to Request No. 21, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "gateway devices," to the extent that it is an undefined term, subject to interpretation, a claim term that calls for a legal conclusion, and, to the extent DISH understands the term, incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it is not limited to specific products (the Hopper and Joey products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as directed to devices not accused of infringement in Entropic's infringement contentions and, therefore, not relevant to the scope of this case. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking, LAN distribution operations, and full band capture demodulation of the accused Hopper 3 product and its use of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced documents located upon a reasonable search sufficient to show the operation of digital channel stacking, LAN distribution, and full band capture demodulation operations of the Hopper 3, including its use of the BCM45216 chip. To the extent this Request calls for source code of the Hopper 3, DISH refers to its Response to Request No. 15 where DISH agreed to make certain source code of the Hopper 3 available for inspection.

**Request for Production No. 22:**

Documents sufficient to show the technical operation of monitoring devices capable of obtaining spectrum analysis data, for example the Hopper 3 and devices that operate in a similar manner, that are used, sold, or offered for sale by DISH, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 22:**

In response to Request No. 22, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "monitoring devices," to the extent that it is an undefined term, subject to interpretation, and, to the extent DISH understands the term, incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it is not limited to specific products (the Hopper 3 product is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as being duplicative of Request No. 21, at least because the scope of Request No. 22 is entirely engulfed by the scope of Request No. 21. DISH will respond to this Request to the extent it seeks information concerning full band capture demodulation (including spectrum analysis functionality) of the accused Hopper 3 product and its use of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH refers to its Responses to Request Nos. 15 and 21 and incorporates its Responses to those Requests.

**Request for Production No. 23:**

Documents sufficient to show the technical operation of the "STBH Live" feature of the STB Health and/or Grasshopper systems that are used, sold, or offered for sale by DISH, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 23:**

In response to Request No. 23, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "STBH Live," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it is not limited to specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request

insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as directed to devices not accused of infringement in Entropic's infringement contentions and, therefore, not relevant to the scope of this case. DISH will respond to this Request to the extent it seeks information concerning Set-Top Box Health, including the Grasshopper system.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced documents located upon a reasonable search sufficient to show the operation of Set-Top Box Health, including the Grasshopper system. To the extent this Request calls for source code of the Hopper 3 related to Set-Top Box Health, DISH refers to its Response to Request No. 15 where DISH agreed to make source code related to Set-Top Box Health functionality of the Hopper 3 available for inspection.

**Request for Production No. 24:**

Documents sufficient to show the technical operation of set-top box devices capable of requesting and receiving content over a network, for example the Joey, Joey 2, Joey 3, 4K Joey, Super Joey, Wireless Joey, and devices that operate in a similar manner, that are used, sold, or offered for sale by DISH, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**DISH's Response to Request for Production No. 24:**

In response to Request No. 24, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "set-top box devices," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to the use of "set-top box devices" at least insofar as it appears that Entropic's use of the term is inconsistent with the typical definition of the term. DISH additionally objects to this Request at least because it is not limited to specific products (the Joey products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request as being duplicative of Request No. 21, at least because the scope of Request No. 24 appears to be entirely engulfed by the scope of Request No. 21 at

March 3, 2023

least insofar as overlapping products are identified as examples. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking, LAN distribution operations, and full band capture demodulation of the accused Hopper 3 product and its use of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH refers to its Response to Request No. 21 and incorporates its Response to that Request.

**Request for Production No. 25:**

Documents sufficient to show the technical operation of full band capture or full spectrum capture satellite chipsets, for example the Broadcom BCM4552 satellite chipset and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, SoC floorplan schematics, functional diagrams, software and/or hardware level software.

**DISH's Response to Request for Production No. 25:**

In response to Request No. 25, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "full band capture or full spectrum capture satellite," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products (the BCM4552 chip is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, SoC floorplan schematics, functional diagrams, software and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning digital channel stacking operations of the BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced documents located upon a reasonable search sufficient to show digital channel stacking operations of the BCM4552 chip.

**Request for Production No. 26:**

Documents sufficient to show the technical operation of full band capture or full spectrum capture satellite receivers, for example the Broadcom BCM45216 satellite receiver and devices that operate in a similar manner, including but not limited to technical specifications, circuit

schematics, SoC floor plan schematics, functional diagrams, software, and/or hardware level software.

## DISH's Response to Request for Production No. 26:

In response to Request No. 26, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "full band capture or full spectrum capture satellite receivers," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products (the BCM45216 chip is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, SoC floorplan schematics, functional diagrams, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning full band capture demodulation (including spectrum analysis functionality) of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced documents located upon a reasonable search sufficient to show full band capture demodulation (including spectrum analysis functionality) of the BCM45216 chip.

## Request for Production No. 27:

Documents sufficient to show the technical operation of high-definition decoders, for example the Broadcom BCM7340 SoC, BCM7346 SoC, BCM7363 SoC, BCM7374 SoC, BCM7412 SoC, BCM7418 SoC, BCM7420 SoC, BCM7425 SoC, BCM7445 SoC, BCM7448 SoC, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, SoC floor plan schematics, functional diagrams, software, and/or hardware level software.

## DISH's Response to Request for Production No. 27:

In response to Request No. 27, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and

subjective. DISH additionally objects to the use of "high-definition decoders," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality that is not relevant to this case, at least insofar as the BCM components identified in this Request are not implicated by Entropic's infringement allegations in its Complaint. DISH additionally objects to this Request at least because it does not identify specific products (the identified chips are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, SoC floorplan schematics, functional diagrams, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request for requesting information related to products (high-definition decoders) that do not appear to be implicated in Entropic's infringement contentions.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent not already produced, DISH does not agree to produce additional documents responsive to this Request, at least because the subject matter of this Request is not relevant to this case.

**Request for Production No. 28:**

Documents sufficient to show the technical operation of any remote monitoring and/or analysis of the performance of the DISH Pro Hybrid technology, DISH Pro Hybrid switch devices, DISH Pro Hybrid LNBF devices, gateway devices, set-top box devices, and/or monitoring devices at a subscriber's premises, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production No. 28:**

In response to Request No. 28, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the technical operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any remote monitoring and/or analysis," to the extent that it is an undefined term, subject to interpretation, incorporates functionality outside the scope of this case, and is overbroad with respect to the needs of this case. DISH additionally objects to this Request at least because it does not identify specific products (the identified products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, SoC floorplan schematics, functional diagrams, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally

objects to this Request for requesting information related to products (DISH Pro Hybrid products) that do not appear to be implicated in Entropic's infringement contentions with respect to "remote monitoring." DISH will respond to this Request to the extent it seeks information concerning the relevant operation of the Hopper 3 operations with respect to the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents located upon a reasonable search regarding Hopper 3 operations with respect to the BCM45216 chip. As Entropic is aware, however, DISH did not design and does not manufacture the BCM45216, and other third parties are a better source of information regarding that chip than DISH.

**Request for Production No. 29:**

Documents sufficient to show the usage or operation of any reference software platform provided by a third party, including but not limited to Broadcom Corporation, for full band capture or full spectrum capture satellite chipsets, for example the Broadcom BCM4552 satellite chipset and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production No. 29:**

In response to Request No. 29, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the usage or operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any reference software platform provided by a third party … for full band capture or full spectrum capture satellite chipsets," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products (the BCM4552 chip is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, SoC floorplan schematics, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning Broadcom software platforms of the BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents located upon a reasonable search regarding Broadcom software platforms for the BCM4552 chip. As Entropic is aware, however, DISH did

March 3, 2023

not design and does not manufacture the BCM4552 and does not design any related third-party software platforms. Other third parties are a better source of this information than DISH.

**Request for Production No. 30:**

Documents sufficient to show the usage or operation of any reference software platform provided by a third party, including but not limited to Broadcom Corporation, for full band capture or full spectrum capture satellite receivers, for example the Broadcom BCM45216 satellite receiver and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production No. 30:**

In response to Request No. 30, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the usage or operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any reference software platform provided by a third party … for full band capture or full spectrum capture satellite receivers," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products (the BCM45216 chip is listed as only an example), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, SoC floorplan schematics, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning Broadcom software platforms of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents located upon a reasonable search regarding Broadcom software platforms for the BCM45216 chip. As Entropic is aware, however, DISH did not design and does not manufacture the BCM45216 and does not design any related third-party software platforms. Other third parties are a better source of this information than DISH.

**Request for Production No. 31:**

Documents sufficient to show the usage or operation of any reference software platform provided by a third party, including but not limited to Broadcom Corporation, for high-definition decoders, for example the Broadcom BCM7340 SoC, BCM7346, SoC, BCM7363 SoC, BCM7374 SoC, BCM7412 SoC, BCM7418 SoC, BCM7420, SoC, BCM7425 SoC, BCM7445 SoC, BCM7448

March 3, 2023

SoC, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production No. 31:**

In response to Request No. 31, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the usage or operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any reference software platform provided by a third party … for high-definition decoders," to the extent that it is an undefined term, subject to interpretation, and is not relevant to this case, at least insofar as the BCM components identified in this Request are not implicated by Entropic's infringement allegations in its Complaint. DISH additionally objects to this Request at least because it does not identify specific products (the identified chips are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request for requesting information related to products (high-definition decoders) that do not appear to be implicated in Entropic's infringement contentions.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent not already produced, DISH does not agree to produce additional documents responsive to this Request, at least because the subject matter of this Request is not relevant to this case.

**Request for Production No. 32:**

Documents sufficient to show the usage or operation of any reference software platform provided by a third party, including but not limited to Broadcom Corporation, utilized in the firmware and/or software for the gateway devices, for example the Hopper, Hopper w/Sling, Hopper Duo, Hopper 3, Super Joey, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production 32:**

In response to Request No. 32, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant

March 3, 2023

to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the usage or operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any reference software platform provided by a third party … utilized in the firmware and/or software for the gateway devices," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to this Request at least because it does not identify specific products (the identified products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks information concerning Broadcom software of the accused Hopper 3 product and its use of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents located upon a reasonable search regarding Broadcom software platforms for the BCM45216 chip. As Entropic is aware, however, DISH did not design and does not manufacture the BCM45216 and does not design any related third-party software platforms. Other third parties are a better source of this information than DISH.

**Request for Production No. 33:**

Documents sufficient to show the usage or operation of any reference software platform provided by a third party, including but not limited to Broadcom Corporation, utilized in the firmware and/or software for the set-top box devices, for example the Joey, Joey 2, Joey 3, 4K Joey, Super Joey, Wireless Joey, and devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**DISH's Response to Request for Production No. 33:**

In response to Request No. 33, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "sufficient to show the usage or operation," which is vague, ambiguous, and subjective. DISH additionally objects to the use of "any reference software platform provided by a third party … utilized in the firmware and/or software for the set-top box devices," to the extent that it is an undefined term, subject to interpretation, and incorporates functionality outside the scope of this case. DISH additionally objects to the use of "set-top box devices" as undefined, subject to interpretation, and for calling for a legal conclusion. DISH additionally objects to this Request at least because it does not identify specific products (the identified products are listed as only examples), rendering the scope of this Request as vague and ambiguous. DISH

March 3, 2023

additionally objects to this Request insofar as it seeks "technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software," which are overbroad, unduly burdensome, not relevant to the needs of this case, and/or may not exist in the particular form being sought. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH additionally objects to this Request to the extent it is duplicative of Request No. 32. DISH will respond to this Request to the extent it seeks information concerning Broadcom software of the accused Hopper 3 product and its use of the BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH refers to its Response to Request No. 32 and incorporates its Response to that Request.

**Request for Production No. 34:**

All documents, communications, and things that refer or relate to discussions with any third party concerning the full band capture or full spectrum capture satellite chipsets.

**DISH's Response to Request for Production No. 34:**

In response to Request No. 34, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to the use of "any third party," to the extent that it is unconstrained and establishes a significant search burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "full band capture or full spectrum capture satellite chipsets," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks documents, including presentations, from Broadcom to DISH concerning the Broadcom BCM4552 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents, including Broadcom presentations, located upon a reasonable search concerning the Broadcom BCM4552 chip.

**Request for Production No. 35:**

March 3, 2023

All documents, communications, and things that refer or relate to discussions with any third party concerning the full band capture or full spectrum capture satellite receivers.

**DISH's Response to Request for Production No. 35:**

In response to Request No. 35, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to the use of "any third party," to the extent that it is unconstrained and establishes a significant search burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "full band capture or full spectrum capture satellite receivers," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks documents, including presentations, from Broadcom to DISH concerning the Broadcom BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents, including Broadcom presentations, located upon a reasonable search concerning the Broadcom BCM45216 chip.

**Request for Production No. 36:**

All documents, communications, and things that refer or relate to discussions with any third party concerning the high-definition decoders.

**DISH's Response to Request for Production No. 36:**

In response to Request No. 36, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to the use of "any third party," to the extent that it is unconstrained and establishes a significant search burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this

March 3, 2023

Request insofar as it seeks information concerning "high-definition decoders," which is an undefined term, subject to interpretation, overbroad, unduly burdensome, not relevant to this case, and/or may include products not at issue in this case, at least insofar as the "high-definition decoders" are not implicated by Entropic's infringement allegations in its Complaint. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent not already produced, DISH does not agree to produce additional documents responsive to this Request, at least because the subject matter of this Request is not relevant to this case.

### Request for Production No. 37:

All documents, communications, and things that refer or relate to discussions with any third party concerning remote monitoring and/or analysis of performance of Your services at a subscriber's premises.

### DISH's Response to Request for Production No. 37:

In response to Request No. 37, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to the use of "any third party," to the extent that it is unconstrained and establishes a significant search burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "remote monitoring and/or analysis of performance of Your services at a subscriber's premises," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks documents, including presentations, from Broadcom to DISH concerning the Broadcom BCM45216 chip.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents, including Broadcom presentations, located upon a reasonable search concerning the Broadcom BCM45216 chip.

March 3, 2023

**Request for Production No. 38:**

All documents, communications, and things provided to You by any third party supplier of hardware and/or software component(s) You use in the DISH Pro Hybrid technology, DISH Pro Hybrid switch devices, DISH Pro Hybrid LNBF devices, gateway devices, set-top box devices, and/or monitoring devices.

**DISH's Response to Request for Production No. 38:**

In response to Request No. 38, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to the use of "any third party supplier of hardware and/or software component(s)," to the extent that it is unconstrained and establishes a significant search burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "DISH Pro Hybrid technology, DISH Pro Hybrid switch devices, DISH Pro Hybrid LNBF devices, gateway devices, set-top box devices, and/or monitoring devices," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. DISH will respond to this Request to the extent it seeks documents from Broadcom to DISH concerning the Broadcom BCM4552 and BCM45216 chips.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH has already produced all documents, including Broadcom presentations, located upon a reasonable search concerning the Broadcom BCM4552 and BCM45216 chips.

**Request for Production No. 39:**

All documents, communications, and things that refer or Relate to the potential value, validity, alleged invalidity, infringement, alleged non-infringement, enforceability, alleged unenforceability, or claim interpretation of the Patents-in-Suit.

**DISH's Response to Request for Production No. 39:**

In response to Request No. 39, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant

to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "potential value, validity, alleged invalidity, infringement, alleged non-infringement, enforceability, alleged unenforceability, or claim interpretation," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent it is premature, including with respect to expert and other discovery.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH agrees to conduct a reasonable search and to produce non-privileged documents in accordance with all applicable scheduling orders.

**Request for Production No. 40:**

All documents, communications, and things that refer or relate to the DISH Pro Hybrid technology, DISH Pro Hybrid switch devices, DISH Pro Hybrid LNBF devices, gateway devices, set-top box devices, and/or monitoring devices, or any component or features of such products, including but not limited to, any internal or external tests, analyses, studies, comparisons, reports, surveys, forecasts, or business plans.

**DISH's Response to Request for Production No. 40:**

In response to Request No. 40, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "any internal or external tests, analyses, studies, comparisons, reports, surveys, forecasts, or business plans," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH will respond to this Request to the extent it seeks tests, analyses, studies, comparisons, reports, surveys, forecasts, or business plans concerning the adoption of channel stacking functionality of the DPH42 and/or DISH Pro Hybrid LNBFs.

March 3, 2023

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: Given the burdensome and overbroad scope, DISH does not agree to search for and produce documents responsive to this Request as it is currently framed. If Entropic is willing to narrow this Request to a reasonable scope, DISH is willing to meet and confer regarding potential compromises.

**Request for Production No. 41:**

All documents, communications, and things that constitute, refer to, or relate to any study, evaluation, opinion, assertion, or analysis of whether the DISH Pro Hybrid technology, DISH Pro Hybrid switch devices, DISH Pro Hybrid LNBF devices, gateway devices, set-top box devices, and/or monitoring devices are or are not covered by any claim of any of the Patents-in-Suit or Related Patents.

**DISH's Response to Request for Production No. 41:**

In response to Request No. 41, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information related to "[a]ll documents, communications, and things," which is unconstrained by time or type and imparts a significant burden. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request insofar as it seeks information concerning "any study, evaluation, opinion, assertion, or analysis," which is undefined, overbroad, unduly burdensome, not relevant to the needs of this case, and/or may include products not at issue in this case. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request to the extent that it seeks documents that do not exist.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH agrees to conduct a reasonable search and to produce any non-privileged documents responsive to this Request.

**Request for Production No. 51:**

All documents, communications, and things that constitute, refer to, or relate to any Communications between You and any third party, including (AT&T Services, Inc., DIRECTV, LLC and/or their subsidiaries) but not limited to, any such Documents, Communications, and Things Relating to Entropic, the Patents-in-Suit, Related Patents, Accused Instrumentalities, or this Case.

March 3, 2023

**DISH's Response to Request for Production No. 51:**

In response to Request No. 51, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "[a]ll documents, communications, and things," which is overbroad with respect to time and the needs of this case. DISH additionally objects to the phrase "any Communications between You and any third party, including (AT&T Services, Inc., DIRECTV, LLC and/or their subsidiaries)," as vague, overbroad with respect to subject matter and time, unduly burdensome, and ambiguous. DISH additionally object to the term "Case," to the extent it implicates evidence relevant to any contention of Entropic related to a non-DISH Defendant. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to the term "Entropic" which is vague and ambiguous, particularly as there have been multiple entities going by that name. DISH will interpret "Entropic" to mean the named Plaintiff in this case. DISH additionally objects to this request as premature. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent they exist, DISH agrees to conduct a reasonable search for and produce non-privileged communications that are responsive to this Request, at the appropriate time and to the extent such communications are not subject to any applicable privilege and any non-disclosure agreement.

**Request for Production No. 52:**

All other documents, electronically stored information, and tangible things in the possession, custody, or control of Defendants that are relevant to the pleaded defenses involved in this Case.

**DISH's Response to Request for Production No. 52:**

In response to Request No. 52, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "[a]ll documents, electronically stored information, and tangible things," which is overbroad with respect to time and the needs of this case. DISH additionally objects to the phrase "that are relevant to the pleaded defenses involved in this Case," as vague, overbroad, unduly burdensome, and ambiguous. DISH additionally object to the term "Case," to the extent it implicates evidence relevant to any contention of Entropic related to a non-DISH Defendant. DISH additionally objects to this Request to the extent that it seeks information, including post-suit information, protected by the attorney-client privilege, attorney work product, and/or any other

March 3, 2023

applicable privilege or immunity. DISH additionally objects to this request as premature. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: At the appropriate time, DISH agrees to search for and produce documents subject to this Request.

## Issues Regarding Request for Production Nos. 15–41, 51, and 52: Refusal to Produce Email Discovery

All of the above-referenced discovery seeks communications, including emails.  To date, DISH has without justification refused to produce any emails in response to discovery.[1] Without question, the above-referenced requests seek clearly discoverable information, including emails, related to DISH's direct work with Broadcom and communications that are relevant to willfulness.[2] Thus, DISH's refusal to produce any emails in responses to these requests is not well taken. Surely DISH is not contending that it is not required to search for and produce responsive emails simply because it decides not to.  Nor could it possibly contend that Entropic is in the best position to evaluate burden given that, to date, DISH has not provided any reasonable basis to refuse to produce emails.

Entropic has made it clear for months that it believes the parties should enter into an ESI Order to streamline e-discovery.  To that end, on February 6, 2023, Entropic sent DISH a proposed ESI order that included a proposed procedure for addressing email discovery. On February 13, DISH responded that it "continues to believe that an ESI order isn't needed at this time." The following day, Entropic responded asking if DISH intended to produce emails in response to Entropic's discovery requests. On February 20, DISH responded asking if there is a particular issue or topic which Entropic believes merits the burdens and costs associated with email discovery. DISH further stated that with respect to willfulness, Entropic gave notice of the three asserted patents by sending a letter to DISH's General Counsel on the same day that it filed suit. Because of this, DISH stated its belief that email searches do not bear on the issue of willfulness.

On February 27, Entropic responded with specific details as to the email discovery it seeks and why. A copy of that email is attached hereto for convenience.  DISH has not responded.

---

[1] Entropic understands that DISH objects to producing emails and has not searched or produced any emails for any custodian.

[2] Request for Production Nos. 16–41, 51, and 52 relate to communications with Broadcom. Request for Production Nos. 16, 17, 39, and 51 relate to willful infringement.

March 3, 2023

First, Entropic seeks email production of communications related to willfulness. In Entropic's email to DISH, it stated that both Echostar Technologies LLC and Echostar Corporation extensively cite the Asserted Patents during prosecution of their own patents. Many of these patents are now assigned to DISH. The following patents cite to the '576 patent: US20110059690A1; US8087057B2; US8112784B1; EP2887675A1; US20150264323A1; and US9179170B2. And the following patents or patent applications cite to the '715 patent: US20110059690A1 and US9179170B2. Entropic stated in its email to DISH that "[t]hese patent citations demonstrate DISH and its predecessor's knowledge of the Asserted Patents, at least as to the '576 and '715 patents." Entropic intends to seek production of a targeted production of emails regarding these patents and patent applications, and the citation of the Asserted Patents, as well as any other emails referencing the Asserted Patents, which is directly relevant to willful infringement. Further, Entropic has offered to work with DISH to identify a narrow set of custodians to minimize any burden associated with production.

Second, Entropic seeks email production related to DISH's communications with Broadcom. Based on documents produced by DISH to date, it is evident that DISH communicates directly with Broadcom and that Broadcom is modifying and customizing its chips for DISH's specifications. In Entropic's February 27th email, Entropic pointed DISH to document DISH00002325 at 2328, which states that the "BCM4552 will be designed to meet Echostar next generation ODU requirements" and that "[t]he chip will be specified for the ODU environment." Entropic cited to DISH00002438 at 2444, which states that "BCM4552 is a Full Band Capture satellite band/channel stacker optimized for Echostar second generation ODU requirements." Additionally, Entropic identified DISH00002556 at 2559–2562, which mentions specific DISH requirements and shows current BCM4552 compliance. Finally, Entropic directed DISH to DISH00001918, which is a guide provided by Broadcom to DISH on how to set and test the BCM4552 evaluation board, which, on information and belief, was custom-built for DISH so that DISH could confirm that the customized BCM4552 developed for DISH worked to DISH's specifications. DISH has not produced any documents describing the modifications and customizations alluded to in these documents or how they function. Because DISH has insisted that it does not possess such documents and that its production as to Broadcom is complete, Entropic now seeks a targeted production of emails associated with custodians that interact directly with Broadcom. As DISH is well aware, these Broadcom chips, and how they function, is one of the central aspects of this case and they are referenced through Entropic's infringement contentions. There should be no dispute that this information is highly relevant to claims and defenses in this case (and it Entropic notes that DISH has not contested relevance to the RFPs seeking this information). Entropic also has offered to work with DISH to identify a narrow set of custodians to minimize any burden associated with production.

Entropic requests that DISH produce limited email discovery in response to Entropic's Request for Production Nos. 16–41, 51, and 52 regarding DISH's communications with Broadcom and with respect to willfulness. As detailed above, these emails are highly relevant to claims and defenses in this case, the information is not obtainable through other sources, and the requests are not

March 3, 2023

unduly burdensome because Entropic is willing to work with DISH to identify a narrow set of custodians and relevant time periods.

If parties cannot reach agreement, Entropic intends to seek a discovery order compelling DISH to search for and produce the email discovery described above, responsive to Request for Production Nos. 16–41, 51, and 52, namely email communications with Broadcom and communications relevant to willfulness, or provide an express statement that DISH is not withholding responsive documents.

Sincerely,

Jim A. Shimota

March 3, 2023