# EXHIBIT E

# K&L GATES

March 6, 2023

**Via Email**

Matthew C. Bernstein
mbernstein@perkinscoie.com
Perkins Coie LLP
11452 El Camino Real
Suite 300
San Diego, CA 92130-2080

Darlene F. Ghavimi
Partner
Darlene.Ghavimi@klgates.com

T +1 512 482 6919
F +1 512 482 6859

**Re:   Entropic Communications, LLC v. DirecTV, LLC et al.,
2:22-cv-07775-JWH-JEM (C. D. Cal.)
Deficiencies in Defendants' Responses to Plaintiff's Requests for Production (Set One)**

Dear Matthew:

In conformity with LR-37, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") seeks to meet and confer with Defendants Dish Network Corp., Dish Network LLC, and Dish Network Services LLC ("the DISH Defendants") within ten days of the service of this letter. The issues raised in this letter relate to DISH's Responses and Objections to Plaintiff's First Set of Requests for Productions, and more particularly the specific requests identified herein. Please provide your availability to meet and confer on these requests and the points raised by Entropic herein.

To begin with, each of the defendants' responses to the requests identified herein incorporate by reference the defendants' General Objections, Objections to the Definitions, and Objections to the Instructions. However, the DISH Defendants provide no specific explanation of how any of those objections impact the scope of materials that the DISH Defendants may produce, or, indeed, whether any such objections even contribute to the DISH Defendants' current unwillingness to produce *any* documents responsive to the requests identified below. As such, it is Entropic's position that such objections are waived. *See, e.g., Lallemand v. County of Los Angeles,* No. 17-cv-0781, 2018 WL 6136814 at *2 (C.D. Cal. Jan. 12, 2018).

The specific requests at issue in this letter are addressed below:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to any agreements of any kind, whether in draft or final form, that relate to the subject matter of the patents-in-suit, including all license agreements, covenants, releases, settlements, and proposed license agreements (whether or not ultimately executed), comparable license agreements, reports on their comparability to the technology in suit, and related to the Accused Instrumentalities or that you contend are relevant to the determination of damages in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** In response to Request No. 1, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "all documents and communications" about agreements, and further because it seeks all agreements "related to the Accused Instrumentalities" without regard for whether the subject matter of the agreement relates to a specific feature of the Accused Instrumentalities that is allegedly infringing. DISH additionally objects to this Request as vague, ambiguous, overbroad, and unduly burdensome as to the term "subject matter of the patents-in-suit," especially because whatever Entropic intends to convey by "subject matter" is not limited to the claimed subject matter, or even the asserted claims. In providing its Response, DISH will understand this term to refer to digital channel stacking, LAN distribution of television programs, and full band capture demodulation. DISH additionally objects to this Request as generally confusing, vague, and ambiguous, including as to the terms "covenants," "releases," "settlements," "comparable license agreements," and "reports on their comparability to the technology in suit." DISH additionally objects to this Request to the extent it calls for a legal conclusion about what is a "comparable license agreement." DISH additionally objects to this Request to the extent it seeks information protected by the attorneyclient privilege, and/or attorney work product, and/or any other applicable privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will perform a reasonable search for and produce any non-privileged agreements that DISH will rely upon for the issue of damages in this case, any patent license agreements/settlements relating to the subject matter of the patents-in-suit as defined above, and any agreements between DISH and Entropic Inc. DISH will only produce such agreements after complying with any applicable notice and consent obligations of each agreement.

The scope of the request is broader than the limited scope defined by DISH. However, to the extent an agreement is responsive to this request, Entropic is willing to limit the scope of this request to such agreement, as opposed to any additional documents relating to such agreement. Additionally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so.  Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

314820715.3

March 6, 2023

**REQUEST FOR PRODUCTION NO. 2:**

All documents and other information relating to negotiations and/or discussions that took place between You and any non-affiliated business entity or individual during the Relevant Time Period concerning the licensing and/or possible licensing of patented technology from Entropic Communications, Inc. or MaxLinear, including any such documents and other information related to potential licensing arrangements, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** In response to Request No. 2, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "all documents and other information" about licensing negotiations and/or discussions, including discussions that do not involve the patents-in-suit or patents related to them. DISH additionally objects to this Request as vague and ambiguous including as to the terms "discussions," "non-affiliated business entity or individual," "possible licensing," "patented technology," "MaxLinear," and "potential licensing arrangements." Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will perform a reasonable search for and produce any non-privileged communications during the Relevant Time Period with MaxLinear, Inc. and/or Entropic Communications, Inc. that relate to the patents-in-suit, to the extent such communications exist.

This request is not limited to the patents-in-suit, and it is conceivable that there are communications between DISH and either of these entities related to a selection of patents that includes, but does not explicitly refer to the patents-in-suit. Likewise there may be documents that refer to patents in the same family as one or more of the patents-in-suit. Please confirm that you are not limiting your search for documents that specifically call out the patents-in-suit. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 7:**

All valuations, appraisal studies and/or reports, financial analyses, product forecasts, service budgets, business plans, business proposals, planning studies or other strategic documents, including email communications during the Relevant Time Period related to any Accused Instrumentality, whether for internal purposes, for financial reporting purposes, or any other purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** In response to Request No. 7, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly

burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case for myriad reasons, including because it seeks: [1] effectively, "all" financial or business analysis of the Accused Instrumentalities over a six-plus year period; [2] all email communications about each Accused Instrumentality over a six-plus year period; [3] documents and communications relating to analyses of the Accused Instrumentalities without regard for whether the analysis relates to any feature or functionality of the Accused Instrumentality that is allegedly related to infringement; and [4] "forecasts" regarding the Accused Instrumentalities when actual data is available. DISH additionally objects to this Request as vague and ambiguous as to the terms "product forecasts," "service budgets," "planning studies," and "other strategic documents." DISH additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, and/or attorney work product, and/or any other applicable privilege or immunity. DISH additionally objects to this Request as being compound and containing multiple subparts. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Request.

DISH has asserted many objections, but has not stated what objections it is standing on. DISH has not even attempted to produce responsive documents, even as to a narrower scope, but instead has simply refused to produce anything and asked for a meet and confer (which is not sufficient). The information requested is already narrowed in scope to the relevant time period and to specific types of information, and it is unclear based on DISH's response why it believes that it cannot produce any responsive documents. Additionally, the requested information is clearly discoverable because it relates directly to damages for only accused instrumentalities, which is clearly within the scope of the action.  We look forward to our meet and confer call during which we expect DISH to be prepared to discuss in detail its position and be able to negotiate to resolve this dispute, which we will be prepared to do (including but not limited to potentially narrowing the scope of the request, where appropriate and necessary in light of what is disclosed by DISH during the meet and confer). Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 8:**
   All market research concerning customer preferences, customer demand, satisfaction with features, pricing third-party research or consumer surveys and other characteristics for the Accused Instrumentalities during the Relevant Time Period.
   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** In response to Request No. 8, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it effectively seeks "all market research" about the Accused Instrumentalities, including as to features or functions of the Accused

4

Instrumentalities that are not related to Entropic's infringement allegations. DISH additionally objects to this Request as vague and ambiguous as to the terms "preferences," "demand," "satisfaction," and "other characteristics. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will perform a reasonable search for and produce non-privileged documents reflecting customer feedback regarding the Dish Pro Hybrid Products and the Hopper 3 from March 2016 to the present, in addition the sales-related information DISH will search for in response to Request No. 6.

Entropic is willing to limit this request to information for the Accused Instrumentalities as they understand that term, *i.e.,* "DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 STB," as well as any other, similarly functioning DISH products commercially released before the trial in this matter. Entropic also clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information from the DISH Defendants related to the other, consolidated matters. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify and quantify the profits, revenues, costs, uses and sales Defendants incurred two years before and the two years after each Accused Instrumentality was introduced into the market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** In response to Request No. 13, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case in its request for DISH's aggregate sales, profits, revenues, etc., and further to the extent it seeks information "before" and "after" an Accused Instrumentality was released notwithstanding that Entropic alleges multiple Accused Instrumentalities are necessary for infringement. DISH further objects to this Request as seeking information that is already within Entropic's possession, custody, or control, or that is equally available to Entropic from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources. DISH's aggregate financials are publicly available. DISH additionally objects to this Request as generally confusing, vague, and ambiguous as to the term "uses … incurred." Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will perform a reasonable search for and produce documents sufficient to show financial information for DISH's revenues from 2013 (two years before the first Accused Instrumentality was first sold/leased) through the present.

Entropic is willing to meet and confer to discuss the meaning of this Request as it relates to "uses and sales." Additionally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to the marketing and/or advertising of the Accused Instrumentalities, including but not limited to market research studies, sales forecasts/projections and customer advertising campaigns purporting to market the Accused Instrumentalities and other products or services offered by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** In response to Request No. 14, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks "all documents" about DISH's marketing and advertising of the Accused Instrumentalities, and further to the extent it seeks documents regarding the marketing of "other products or services offered by" DISH that are not accused of infringement. DISH additionally objects to this Request as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Request as vague and ambiguous to the extent it identifies "market studies" and "sales projections" as examples of DISH's "marketing and/or advertising." Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will perform a reasonable search for and produce non-privileged, representative documents regarding the marketing of the DISH Pro Hybrid Products and the Hopper 3.

Please confirm that DISH will likewise be searching for and producing responsive studies, forecasts, and projections. Additionally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

Please let me know if you have any questions regarding the foregoing.

Yours sincerely

*Darlene F. Ghavimi*

Partner