# EXHIBIT F

# K&L GATES

March 6, 2023

**Via Email**

Matthew C. Bernstein
mbernstein@perkinscoie.com
Perkins Coie LLP
11452 El Camino Real
Suite 300
San Diego, CA 92130-2080

Darlene F. Ghavimi
Partner
Darlene.Ghavimi@klgates.com

T +1 512 482 6919
F +1 512 482 6859

**Re:** Entropic Communications, LLC v. DirecTV, LLC et al.,
2:22-cv-07775-JWH-JEM (C. D. Cal.)
Deficiencies in Defendants' Responses to Plaintiff's Requests for Production (Set Two)

Dear Matthew:

In conformity with LR-37, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") seeks to meet and confer with Defendants Dish Network Corp., Dish Network LLC, and Dish Network Services LLC ("the DISH Defendants") within ten days of the service of this letter. The issues raised in this letter relate to DISH's Responses and Objections to Plaintiff's Second Set of Requests for Productions, and more particularly the specific requests identified herein. Please provide your availability to meet and confer on these requests and the points raised by Entropic herein.

To begin with, each of the defendants' responses to the requests identified herein incorporate by reference the defendants' General Objections, Objections to the Definitions, and Objections to the Instructions. However, the DISH Defendants provide no specific explanation of how any of those objections impact the scope of materials that the DISH Defendants may produce, or, indeed, whether any such objections even contribute to the DISH Defendants' current unwillingness to produce *any* documents responsive to the requests identified below. As such, it is Entropic's position that such objections are waived. *See, e.g., Lallemand v. County of Los Angeles,* No. 17-cv-0781, 2018 WL 6136814 at *2 (C.D. Cal. Jan. 12, 2018).

The specific requests at issue in this letter are addressed below:

**REQUEST FOR PRODUCTION NO. 44:**

All documents, communications, and things that constitute, refer or relate to marketing or other public communication of DISH's satellite television services, including the provision of signals, programming and content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:** In response to Request No. 44, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information "that constitute, refer or relate to marketing or other public communication of DISH's satellite television services," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally objects to the use of "[a]ll documents, communications, and things," to the extent that it is an undefined term, subject to interpretation, incorporates functionality outside the scope of this case, and is overbroad with respect to the needs of this case. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: Given the burdensome and overbroad scope, DISH does not agree to search for and produce documents responsive to this Request.

Entropic is willing to limit this request to DISH's satellite television services provided using the Accused Instrumentalities as they understand that term, *i.e.,* "DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 STB," as well as any other, similarly functioning DISH products commercially released before the trial in this matter. Entropic also clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information from the DISH Defendants related to the other, consolidated matters. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show Your revenue and net profits Related to DISH's provision of satellite television services, including the provision of signals, programming and content, and Documents indicating how such net profit is calculated for the previous 6 years prior to the filing of this Case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:** In response to Request No. 46, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks

information concerning "Your revenue and net profits Related to DISH's provision of satellite television services," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally object to the term "Case," to the extent it implicates evidence relevant to any contention of Entropic related to a non-DISH Defendant. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: Given the burdensome and overbroad scope, DISH does not agree to search for and produce documents responsive to this Request.

Entropic is willing to limit this request to satellite television services provided by the DISH Defendants using the Accused Instrumentalities as they understand that term, *i.e.,* "DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 STB," as well as any other, similarly functioning DISH products commercially released before the trial in this matter. Entropic also clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information from the DISH Defendants related to the other, consolidated matters. Entropic also notes that this request is limited to documents "sufficient to show" the information sought, which limits the burden on the defendants. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 47:**
Documents sufficient to identify every service plan DISH has offered to customers to provide satellite television services, including the provision of signals, programming and content.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:** In response to Request No. 47, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information concerning "every service plan DISH has offered to customers," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally objects to this Request as it is seeking information about television services, which is not relevant to the needs of this case. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: Given

3

the burdensome and overbroad scope, DISH does not agree to search for and produce documents responsive to this Request.

Entropic is willing to limit this request to service plans for the DISH Defendants' satellite television services provided using the Accused Instrumentalities as they understand that term, *i.e.,* "DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 STB," as well as any other, similarly functioning DISH products commercially released before the trial in this matter. Entropic also clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information from the DISH Defendants related to the other, consolidated matters. Entropic also notes that this request is limited to documents "sufficient to show" the information sought, which limits the burden on the defendants. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 48:**

All documents, communications, and things that refer or relate to any calculation of the reasonable amount of royalty in this case, including any calculation of the royalty rate and/or royalty base.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:** In response to Request No. 48, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information concerning "[a]ll documents, communications, and things that refer or relate to any calculation of the reasonable amount of royalty," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally object to the term "case," to the extent it implicates evidence relevant to any contention of Entropic related to a non-DISH Defendant. DISH additionally objects to this Request as it prematurely seeks information. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic concerning the scope of this Request.

Entropic is willing to limit this request to royalties for the Accused Instrumentalities as they understand that term, *i.e.,* "DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 STB," as well as any other, similarly functioning DISH products commercially released before the trial in this matter, and the DISH Defendants' satellite television services provided using such instrumentalities. Entropic also clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information

4

from the DISH Defendants related to the other, consolidated matters. Entropic is seeking any documents that the DISH Defendants believe are impactful to the calculation of a reasonable royalty in this case.  Entropic is amenable to having these documents served at a later date as part of the parties' final contentions in this matter, assuming the DISH Defendants are willing to make a similar concession to Entropic for similar documents. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 49:**

All documents, communications, and things that refer or relate to any established royalty rate, or any royalty or royalty rate calculated, proposed, considered, charged, or collected by You in connection with any patent covering technology that is comparable to the technology of the Patents-in-Suit

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:** In response to Request No. 49, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information concerning "[a]ll documents, communications, and things that refer or relate to any established royalty rate, or any royalty or royalty rate calculated, proposed, considered, charged, or collected by You," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally objects to the phrase "technology that is comparable to the technology of the Patents-in-Suit" as overly broad with respect to subject matter and time, subject to interpretation, outside the needs of this case, and unduly burdensome. DISH additionally objects to this Request as it prematurely seeks information. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic concerning the scope of this Request.

Entropic is seeking any documents that the DISH Defendants believe relate to an established royalty in this case.  Entropic is willing to limit this request to the agreement(s) setting forth such royalties themselves, as opposed to any additional documents relating to such royalties.  Entropic is also amenable to having these documents served at a later date as part of the parties' final contentions in this matter, assuming the DISH Defendants are willing to make a similar concession to Entropic for similar documents. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

**REQUEST FOR PRODUCTION NO. 50:**

All documents, communications, and things that constitute, refer to, or relate to any license that You contend is comparable to a license that You and Entropic (or a prior owner of the Patents-in-Suit) would have agreed to in a hypothetical negotiation in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:** In response to Request No. 50, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions as set forth above and/or as incorporated by reference. DISH objects to this Request as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case because it seeks information concerning "[a]ll documents, communications, and things that constitute, refer to, or relate to any license that You contend is comparable to a license that You and Entropic … would have agreed to in a hypothetical negotiation," which is vague, ambiguous, subjective, and overbroad with respect to time and the needs of this case. DISH additionally object to the term "case," to the extent it implicates evidence relevant to any contention of Entropic related to a non-DISH Defendant. DISH additionally objects to this Request as it prematurely seeks information. DISH additionally objects to this Request at least because it does not identify specific products, rendering the scope of this Request as vague and ambiguous. DISH additionally objects to this Request to the extent it is duplicative of Request No. 1. DISH additionally objects to this Request to the extent it seeks third party information not in DISH's possession or control. Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic concerning the scope of this Request.

Entropic clarifies that this request is limited to the matter pending between Entropic and the DISH Defendants, and does not seek information from the DISH Defendants related to the other, consolidated matters.  Entropic is seeking any documents that the DISH Defendants believe relate to a license that would be comparable to the hypothetical negotiation in this case. Entropic is willing to limit this request to the allegedly comparable agreement(s) themselves, as opposed to any additional documents relating to such agreements.  Entropic is also amenable to having these documents served at a later date as part of the parties' final contentions in this matter, assuming the DISH Defendants are willing to make a similar concession to Entropic for similar documents. Finally, DISH has not identified which, if any, of the many objections it asserts it is withholding documents on the basis of. Please do so. Should meet and confer efforts not result in a mutually agreeable resolution, Entropic intends to seek an order compelling full compliance with the request as originally written.

Please let me know if you have any questions regarding the foregoing.

Yours sincerely

*Darlene F. Ghavimi*

Partner