Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | Civil Action No. 2:22-cv-07775-JWH-JEM<br><br>**RESPONSE TO DISH'S "REQUEST FOR CLARIFICATION" (DE 184)**<br><br>JURY TRIAL DEMANDED |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | Civil Action No. 2:22-cv-07959-JWH-JEM<br><br>JURY TRIAL DEMANDED |

DISH's filing styled as a "request for clarification" is puzzling.[1] The Court's position on discovery is clear. Discovery is open, for all purposes:

> MR. SHIMOTA [ENTROPIC]: Am I correct in understanding, Your Honor, that fact discovery is going to stop until we do Markman, or are we going to move forward with fact discovery concurrently?
>
> **THE COURT: Well, is anybody asking for an order limiting the discovery that can be done?**
>
> MR. SHIMOTA: We certainly are not.
>
> THE COURT: You're not. **Are defendants?**
>
> **MS. TESSAR [DISH]: We would love that if you're amenable to that. I think it makes a ton of sense to wait and know w[hat] the constructions are before we keep going with a lot of expensive discovery.**
>
> THE COURT: What discovery is plaintiff going to do of defendants' so-called fact discovery, not claim construction related?
>
> MR. SHIMOTA [ENTROPIC]: We would -- there are -- I believe we understand their products, but there's obviously at the -- you know, at the places where there are ambiguities and things, **we'd like to take depositions.** We'd like to start doing that.

---

[1] It is noteworthy that the DirecTV/AT&T co-defendants did not join DISH's "request for clarification."

. . .

THE COURT: Well, hold on one second. So under the Eastern District rules and schedule set up there, you could have done that, correct?

. . .

MR. SHIMOTA: Well, we -- we have their technical documents. We're still getting some of those. They're still completing their production of their technical –

THE COURT: So if Judge Gilstrap had denied the motions to transfer, you would --

MR. SHIMOTA: Yes, we certainly could have taken depositions.

THE COURT: Today you'd be doing fact discovery?

MR. SHIMOTA: Correct.

. . .

**THE COURT: . . . Okay. *So I am not going to limit discovery at this time.* If defendants want to file an appropriate *motion* and establish good cause, I'll listen to that. *Meet and confer first*. The status quo of the default is that there is no limitation on discovery that can be taken once you get past your Rule 26(f) conference, which you did some time ago.**

(Lenning Declaration, Ex. A, December 13, 2022 Status Conference Transcript at 33:1–35:8 (emphasis added).)

As the foregoing makes clear: (1) discovery is open, (2) if defendants want to limit discovery, they must file a motion, and (3) before filing any such motion, they must meet and confer first. DISH ignored all of this. Such blatant disregard for this Court's instructions and clear statements should not be rewarded.

DISH's papers ostensibly request "clarification" but, remarkably, DISH omits the above-referenced exchange from its filing.[2] In fact, DISH's "request" does not seek clarification. Instead, DISH's "request" is a procedurally improper *ex parte* application to limit discovery and for a protective order to bar noticed depositions. DISH filed its "request" without a meet-and-confer (contrary to the Local Rules and the Court's explicit instructions referenced above). Nor does the "request" even attempt to establish good cause. DISH's filing is thus defective both procedurally and substantively.

Procedurally, DISH raised this issue via email for the first time on Monday, March 6, 2023. *See* Lenning Declaration, Exhibit B (The parties' email correspondence). Entropic responded as quickly as it could on March 7th, noting that the Court had rejected DISH's position three months ago, citing the same transcript portions quoted above (and omitted by DISH from its filing). *Id*. Entropic noted that DISH had not filed any motion to limit discovery. At no time during this exchange did DISH give notice of an intent to file an ex parte application, a regularly-noticed motion, or any other procedurally proper filing. *Id*. In fact, it did not advise Entropic of its intent to file its procedurally improper "request." *Id*. Instead, DISH simply filed its "request for clarification" the next day without even asking Entropic to meet and confer, whether through Local Rule 7-3 or 37-1. *Id*. Thus, the Court can simply reject DISH's filing as procedurally defective.

---

[2] It is unclear why DISH requested clarification of the Court's position, but omitted any reference to the foregoing from its papers.

1  Substantively, DISH asks the Court to reverse itself and halt all discovery (that
2  isn't, in DISH's opinion, related to Markman). DISH provides no good cause—the
3  phrase does not even appear in DISH's filing. Nor is there any. Under DISH's plan,
4  discovery would not resume until at least after the Court's Markman decision. The
5  Markman hearing is scheduled for July. Even with extreme effort by the Court to
6  quickly rule, fact discovery would be frozen until August. The parties would have
7  wasted six months, during which time the case would languish on the Court's docket,
8  resulting in a time to trial of approximately 3 years from filing (given that this case
9  has already been pending for a year).

10  DISH's position amounts to punishing Entropic for daring to utilize the time
11  in the case schedule wisely by getting on with discovery. Entropic is not—contrary
12  to rhetoric otherwise—attempting to scorch the earth, or force an end to discovery
13  before the Markman hearing. Entropic is simply not wasting time. Discovery in this
14  case opened ***almost ten months ago*** on May 18, 2022 when the parties passed the
15  Rule 26(f) date, as the Court observed in its comments quoted above. Entropic
16  served RFPs in December and January (RFPs that largely duplicated discovery
17  requests from EDTX served last June), served its Rule 30(b)(1) deposition notices
18  in December, and served its Rule 30(b)(6) deposition notice in January.[3] Lenning
19  Declaration ¶ 2. Entropic is moving forward.  DISH is not.

20  Indeed, Entropic has tried to move this case forward in the ordinary course,
21  but DISH has thwarted those efforts at every turn.  DISH refused to provide Entropic
22  with a date for ***any*** deposition—not a single one. Written discovery has fared no
23  better. Since this case transferred to this District, DISH has produced ***one document***
24  that is not prior art. One. Aside from its technical document production before
25  transfer (to comply with the Eastern District of Texas local rules), DISH has
26  produced zero documents responsive to Entropic's discovery requests. Those

---

[3] DISH's refusal to provide any deposition dates forced Entropic to re-notice the deposition.

requests have been pending since last June, and were re-issued as formal RFPs in this District in December and January. This is not the time nor the motion to explore those failures. Entropic respects the Local Rules relating to discovery disputes and has sent Local Rule 37 letters to DISH accordingly. But as DISH has forced the context into relevance, Entropic notes:

- DISH has produced no financial information at all.
- Source code DISH agreed to provide seven weeks ago has not been made available, and DISH will give no timetable for it.
- Entropic has sought to work with DISH on mutually agreeable dates and locations for the depositions, such as those DISH identified in initial disclosures as possessing relevant information. DISH has refused to schedule a single witness, blithely objecting that depositions are "premature."
- After more than two months of such stonewalling, Entropic tried one last time on February 28th. Entropic stated that if DISH continued to refuse engagement, Entropic would have no choice but to notice these depositions for dates and locations of its choosing. Defendants both ignored the email altogether. Entropic thus moved forward with noticing depositions, to its dismay at having to do so.
- Today, on an unrelated meet and confer, Entropic again stated that it was willing to work with DISH on dates and locations for these depositions and would re-notice the depositions if DISH would provide available dates. DISH refused to provide availability as to any deponents, claiming depositions are inappropriate at this time. Instead, DISH insisted that Entropic withdraw the notices entirely. Lenning Declaration ¶ 3.

DISH is apparently this recalcitrant because it serves DISH's real plan: to stay the entire case. That is not conjecture—it is what DISH has stated in writing. *See* Lenning Declaration, Exhibit B. Discovery that moves forward wrecks that plan. There is no reason to halt a case that is on track with an efficient trial schedule. Thus, the Court's ruling that discovery is open without limitations as to subject is an inconvenience DISH seeks to eliminate under the guise of "clarification."

Halting discovery until August manufactures a crisis later on—the argument will come that discovery is so immature that at least another 6-8 months will be needed. That being so, the next argument will be that, should even one of DISH's IPR's (all raising solely § 103 obviousness grounds) be instituted, the Court may as well stay the entire case anyway because so little has happened—indeed, DISH now apparently wants to stay this entire case before Entropic has even responded to the IPRs and **many months before any institution decisions are due to be made**. Nothing in the Federal Rules, the Local Rules, nor this Court's ruling at the December status conference support DISH's authority to bring it to fruition by unilaterally halting discovery. Nor does DISH's plan respect the Court's dedication to trying cases on reasonable schedules.

There is no reason for the Court to reverse its current ruling. And there is certainly not good cause to limit discovery. Rule 26(c) establishes that discovery may be limited "for good cause" "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Gomez v. Hernandez*, 2020 WL 6541993, at *2 (C.D. Cal. Oct. 9, 2020) (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)). DISH alleges none of those things. DISH will not suffer from undue burden or expense. DISH's only offered reasoning is that it might win some of its claim constructions, which might cause "[c]ertain patent claims or even entire patents" to drop out "depending on how claim

terms are construed." Request at 1. This is plainly insufficient to carry DISH's burden because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Gomez*, 2020 WL 6541993, at *2 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Under DISH's reasoning, any defendant would establish good cause to cut off discovery by vaguely stating it believes it will win on a future motion that could eliminate portions of the case.

## CONCLUSION

Entropic requests that the Court deny DISH's "request" and maintain its current ruling that discovery is not limited as to subject. This case should at least have a chance to be litigated and tried efficiently. Entropic has been attempting to do that, but has been met with stonewalling and refusal to cooperate. Entropic is not seeking to close fact discovery by the time of the Markman hearing, nor taking absurd positions on timing, locations, or limits of discovery. DISH cannot justify its request to halt discovery on these grounds, despite alluding to them. DISH makes no attempt to do so.

Entropic respectfully requests the Court not indulge DISH's gamesmanship, and deny DISH's "request for clarification."

Respectfully submitted,

Dated: March 9, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
Email: christina.goodrich@klgates.com

James Shimota (admitted pro hac vice)
Jason Engel (admitted pro hac vice)
George Summerfield (admitted pro hac vice)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Nicholas F. Lenning (pro hac vice to be pending)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted pro hac vice)
Matthew Blair (admitted pro hac vice)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746

(512) 482-6919
(512) 482-6859
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**