# EXHIBIT H

| | |
|---|---|
| **From:** | Tessar, Amanda (DEN) |
| **To:** | Lenning, Nicholas F. |
| **Cc:** | EntropicKLG; *Entropic-DISH |
| **Subject:** | RE: Entropic/DISH: Discovery, clarification, and motion issues |
| **Date:** | Wednesday, March 8, 2023 10:57:04 AM |

Hi Nick –

Thank you for letting us know Entropic's position on the request for clarification and for confirming the withdrawal of the three deposition notices.

We disagree with Entropic's many of Entropic's characterizations and arguments below, but—in the interests of moving us forward quickly on one of the most time-sensitive issues for now—can you let us know your position on the motion to stay or a time to confer? We are happy to discuss that on tomorrow's scheduled meet-and-confer, if that works for you.

Regards,

--Amanda

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Tuesday, March 7, 2023 11:36 AM
**To:** Tessar, Amanda (DEN) <ATessar@perkinscoie.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic/DISH: Discovery, clarification, and motion issues

Hi Amanda,

Thank you for your email. We disagree with your assertions and I've tried to address each issue separately below. We look forward to working with DISH to resolve these issues and move the case forward.

The discovery schedule. DISH's apparent expectations about pre-Markman discovery, stated for the first time in your email, are incorrect and baseless. As you may recall, at the status conference with Judge Holcomb, you expressly asked about limiting discovery pre-Markman and told the Court "I think it makes a ton of sense to wait and know w[hat] the constructions are before we keep going with a lot of expensive discovery." Hearing Tr. at 33. The Court rejected that request.

The Court stated "I am not going to limit discovery at this time. If defendants want to file an appropriate motion and establish good cause, I'll listen to that. Meet and confer first. The status quo of the default is that there is no limitation on discovery that can be taken once you get past your Rule 26(f) conference, which you did some time ago." Id. at 35. This ruling came in mid-December.

It is now March. Discovery is open and not limited. The Court has not changed its mind since December, and Defendants have made no motion to limit discovery. DISH must comply with its discovery obligations, including by promptly producing all documents responsive to discovery requests that have been pending since last June and producing its witnesses for depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure.

Depositions. We cannot agree to halt discovery, despite DISH's invitation to do so. We will not agree to further delay depositions. As DISH has repeatedly ignored our requests to negotiate deposition dates, we have noticed the depositions and will move forward with the depositions on the dates noticed.

If DISH would like to provide alternate dates for the witnesses in March or April, we are of course willing to attempt accommodation. We are also willing to discuss different locations if LA is inconvenient for the witnesses. Recall that the 30(b)(1) notices were served in December and the 30(b)(6) notice was served in January. Since service, we have been asking DISH for available dates and locations (and designees), and DISH has ignored our requests, claiming depositions were "premature." Last week, we again asked Defendants for available dates and locations for these witnesses, and explicitly stated that we expected to receive a response with dates and locations by the end of the week or we

would have no choice but to re-notice the depositions with dates we select. Defendants again did not respond.

- We will agree to withdraw the notices for Will Beals, Harold Jaramillo, and Ryan Flores now that DISH has confirmed it will not call these witnesses.

- On the issue of producing witnesses twice, as stated above, DISH has failed to produce documents in response to discovery requests that have been pending since last June. If DISH later produces documents responsive to these long-pending discovery requests, Entropic reserves the right to seek to re-depose these witnesses. There is no authority for DISH's apparent belief that it can delay its discovery obligations and unilaterally determine the pace of discovery and the timing for depositions. Entropic shares DISH's desire to only have one deposition for each witness, but Entropic cannot agree that DISH gets to decide when those depositions occur based on when it decides to comply with its discovery obligations. If DISH wants to avoid multiple depositions, we suggest that DISH promptly comply with its long-pending discovery obligations and produce the documents it agreed to provide.

- On former employees, we expect DISH to produce these witnesses on the date they are noticed. DISH listed these individuals in their initial disclosures and stated they "may be contacted through counsel for DISH." And the discovery order negotiated by Defendants defines "former employees" as a "party deposition" not a "third-party" deposition. But most importantly, Entropic noticed their depositions back in December. It is deeply concerning that we are hearing for the first time in March that DISH may not be able to produce these witnesses and your email appears to indicate that DISH has not

even contacted these individuals about their deposition.

Discovery disputes.  We have sent you numerous letters because there are, unfortunately, numerous issues because DISH is not complying with its discovery obligations. For example, DISH has produced zero damages documents and has not made source code available despite a request sent nearly three months ago.

From your email, it appears that this failure to produce is deliberate due to your belief that pre-Markman discovery should "focus on technical document production necessary for the parties to address claim construction." This is contrary to Judge Holcomb's express ruling in December that all discovery is open.

Entropic sent those letters requesting meet and confers because we would like to engage in the meet and confer process to try and reach agreements where possible. We are still open to tangible, meaningful commitments from DISH. However, Entropic cannot permit still further delay in a case that has been pending for a year and we will move to compel if required.

Motion to stay. We will meet and confer with you regarding DISH's intended motion to stay. I am collecting our team's availability and will get back to you promptly with available times.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Tessar, Amanda (DEN) <ATessar@perkinscoie.com>
**Sent:** Monday, March 06, 2023 1:51 PM

**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** Entropic/DISH: Discovery, clarification, and motion issues

Dear Nick,

Over the past month, Entropic has sent almost half a dozen Local Rule 37-1 letters.  It is seemingly ready to jump to motion practice on every issue, rather than working through the normal meet-and-confer process.  Indeed, even for responses to RFPs where DISH offered to meet-and-confer regarding scope and other objections, Entropic sent a Local Rule 37-1 letter.  Simultaneously, Entropic is insisting on moving forward with approximately a dozen depositions and has announced its intention to complete ***all*** fact discovery in this case before the Markman hearing.

This overly aggressive, rushed, scorched-Earth approach is not consistent with the guidance provided by Judge Holcomb at the status conference in mid-December.  By way of reminder, Judge Holcomb declined to set a deadline for substantial completion of document productions, declined to set a deadline for the close of fact discovery, and declined to set a trial date.  He took this approach because he wanted to see what remains of the case after Markman.

Given Entropic's apparent intent to force multiple motions to compel and/or motions for protective order on individual issues one-by-one, DISH intends to request clarification from Judge Holcomb as to his intentions for pre-Markman discovery, which we had expected (consistent with the practice in most courts) would focus on technical document production necessary for the parties to address claim construction, and with depositions not occurring until document productions and source code productions are complete for particular topics or witnesses, and after the Markman hearing.

Additionally, as you are aware, DISH has now filed IPR petitions for all three asserted patents.  In light of those petitions, DISH intends to move to stay this case.  Please provide Entropic's position regarding that motion and/or a time to confer on it by phone.

With respect to the deposition notices served on Friday:

- Our apologies for the delay in identifying the three witnesses that DISH will confirm that it does not presently intend to call at trial.  They are all former employees:  Will Beals, Harold Jamarillo, and Ryan Flores.  Please confirm that Entropic withdraws the deposition notices for those three, per our earlier agreement on that point.
- As noted above, we suggest delaying depositions until after Markman.  At a minimum, it seems that we should agree that depositions will not proceed until DISH's request for clarification to Judge Holcomb is resolved and its motion to stay is decided.
- Additionally, as we have explained before, DISH will not produce witnesses twice.  Given that Entropic has indicated its desire to review source code, the ongoing discussions regarding RFP responses, and other open issues, we do not understand how Entropic can take the position that all depositions for all witnesses on all topics must occur by April 10th.  We need to confer to understand Entropic's position on these issues.
- Two of the remaining seven witnesses are former DISH employees.  These two are Ed

Petruzzelli (who retired a few years ago) and Paul Langer (who recently left DISH).  We anticipate that we will be authorized to accept service of subpoenas for those two when the time comes, but need to confirm.
- When the time comes, none of the DISH witnesses are in LA, which is the location that Entropic has designated for all depositions.  We assume that Entropic will agree, as required, to take depositions of DISH witnesses at locations convenient to them or by video.

Please let us know if and when you would like to confer about any or all of the points above.

Regards,

--Amanda

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.