# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

          HONORABLE JOHN W. HOLCOMB, U.S. DISTRICT JUDGE

ENTROPIC COMMUNICATIONS, LLC,     )
                                  )
                                  )
                                  )
                 Plaintiff,       )
                                  )
                                  )
                                  )
         Vs.                      )   No. CV22-07775-JWH
                                  )
                                  )
                                  )
DIRECTTV, LLC, ET AL.,            )
                                  )
                                  )
                                  )
                 Defendants.      )
                                  )
_____  )



              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                       STATUS CONFERENCE

                     SANTA ANA, CALIFORNIA

                   TUESDAY, DECEMBER 13, 2022




              MIRIAM V. BAIRD, CSR 11893, CCRA
           OFFICIAL U.S. DISTRICT COURT REPORTER
                   350 WEST FIRST STREET
                       FOURTH FLOOR
             LOS ANGELES, CALIFORNIA 90012
                     MVB11893@aol.com
```

|   |   |   |
|---|---|---|
| 1 | **A P P E A R A N C E S** | |
| 2 | | |
| 3 | **ON BEHALF OF THE PLAINTIFF, ENTROPIC COMMUNICATIONS:** | CHRISTINA N. GOODRICH<br>K AND L GATES LLP<br>10100 SANTA MONICA BOULEVARD, 8TH FLOOR<br>LOS ANGELES, CA 90067 |
| 6 | | JAMES A. SHIMOTA<br>K AND L GATES LLP<br>70 WEST MADISON STREET, SUITE 3100<br>CHICAGO, IL 60602 |
| 13 | **ON BEHALF OF THE DEFENDANT, DIRECTTV, LLC, ET AL:** | JASON C. LO<br>GIBSON DUNN AND CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA 90071-3197 |
| 16 | **ON BEHALF OF THE DEFENDANT, DISH NETWORK:** | AMANDA TESSAR<br>PERKINS COIE LLP<br>1900 SIXTEENTH STREET, SUITE 1400<br>DENVER, CO 80202 |

```
01:36PM    1   it the Eastern District of Texas schedule -- and moved it
           2   back 30 days, 45 days, 60 days, but kept basically the same
           3   deltas between the various events?
           4           Ms. Tessar, you -- she stood up first -- so you get
           5   to talk first.
           6           MS. TESSAR:  Thank you.  So DISH's view is, you
           7   know, there's a particular reason that plaintiffs filed in
           8   the Eastern District of Texas, and it's to get a particular
           9   set of rules and a particular approach to scheduling that is
01:37PM   10   very -- I don't want to say cookie cutter, but every case is
          11   treated the same.
          12           THE COURT:  Right.  And it's a tight schedule.
          13           MS. TESSAR:  It's a very tight schedule.
          14           THE COURT:  Is this schedule too tight for your
01:37PM   15   client?
          16           MS. TESSAR:  It is too tight.  You know, we -- we
          17   had a very unusual posture on venue because we moved to
          18   transfer venue, and then they cross-moved.  They admitted
          19   that the case really shouldn't be in the Eastern District of
01:37PM   20   Texas.
          21           THE COURT:  I know.  I read that argument.  And
          22   that's fine.  Again, to cut to the chase, I do not treat
          23   patent cases as cookie cutter.  I mean to cast no aspersions
          24   on those venues that have standard rules.  My personal view
01:37PM   25   is there are cases where, you know, a schedule like this
```

|       |    |                                                                        |
|-------|----|------------------------------------------------------------------------|
|       | 1  | makes perfect sense.  There are cases where it doesn't for a           |
|       | 2  | variety of reasons.                                                    |
|       | 3  | So let's pick a schedule that works for these                          |
|       | 4  | parties.  What I'll -- I do like moving forward smartly and            |
|01:38PM| 5  | getting this process completed.  I'm going to hear from                |
|       | 6  | Mr. Shimota next.  I suspect he's going to say he likes the            |
|       | 7  | schedule or something close to it; is that correct?                    |
|       | 8  | MR. SHIMOTA:  Your Honor, I mean, this notion that                     |
|       | 9  | we filed in Texas should never have been there --                      |
|01:38PM| 10 | THE COURT:  I don't care.  I get it, right?  I                         |
|       | 11 | don't care.                                                            |
|       | 12 | MR. SHIMOTA:  We filed in Texas because we think                       |
|       | 13 | it's a case that should move forward efficiently, right?               |
|       | 14 | Like I said, we're ready.  I'm not kidding.  We don't think            |
|01:38PM| 15 | the terms need to be construed.  We're ready to try this case          |
|       | 16 | as soon as possible, Your Honor.                                       |
|       | 17 | THE COURT:  Well, but --                                               |
|       | 18 | MR. SHIMOTA:  And I get that defendants want to                        |
|       | 19 | have a longer schedule, but if you want to extend the                  |
|01:38PM| 20 | schedule by 30 days, that would be more than fine with us --           |
|       | 21 | 45 days.  We would like to stick with the schedule as much as          |
|       | 22 | possible, Your Honor.                                                  |
|       | 23 | THE COURT:  I was inclined -- Mr. Lo, did you have                     |
|       | 24 | anything to add?                                                       |
|01:39PM| 25 | MR. LO:  Sure.  I wanted to point out one thing.                       |

|  |  |
|---|---|
| 01:39PM | 1 The plaintiff's proposed claim construction would happen in |
|  | 2 April of 2023. As we said in the joint filing, the |
|  | 3 defendants suggest a Markman sometime in the summer of 2023. |
|  | 4 So when it comes to the Markman, we're actually not that far |
|  | 5 apart especially if the Court is saying, you know, we'll move |
|  | 6 everything by 30 days. |
|  | 7        Here's the big difference in approach in the two |
|  | 8 sides. What the plaintiffs would do is to simultaneously |
|  | 9 have fact discovery end at about the same time. So while we |
| 01:39PM | 10 are still working through their new infringement contentions, |
|  | 11 figuring out how to coordinate between the two defendants to |
|  | 12 figure out what terms to construe and get them construed, |
|  | 13 they would have all of us jam in the fact discovery at the |
|  | 14 same time. |
| 01:39PM | 15        So our approach is different from that. Our |
|  | 16 approach is under the typical -- I use that in quotations -- |
|  | 17 Central District approach, we would not be jamming everything |
|  | 18 in at the same time. So we would suggest that we do the |
|  | 19 Markman sometime in the summer of 2023, and then we proceed |
| 01:40PM | 20 with the rest of fact discovery, the rest of expert |
|  | 21 discovery, which leads us sometime into the middle of 2024 |
|  | 22 for trial. So that's the real difference in approaches |
|  | 23 between the two sides. |
|  | 24        THE COURT: Go ahead, Mr. Shimota. |
| 01:40PM | 25        MR. SHIMOTA: Your Honor, this whole notion that |

|  |  |
|---|---|
| 01:40PM | 1  we've somehow changed our infringement theories is just |
|  | 2  incorrect.  We've supplemented based on the evidence.  If |
|  | 3  anything, our theories are narrower.  There are no new |
|  | 4  products accused.  It's the exact same products.  We've |
|  | 5  gotten discovery from defendants in this case.  We've -- |
|  | 6  obviously, you know, when we filed the case, it was based on |
|  | 7  public information. |
|  | 8          We've added in information based on confidential |
|  | 9  information for the various defendants.  Nothing has changed. |
| 01:40PM | 10 There's no reason why we cannot proceed in this schedule, and |
|  | 11 to drag -- what they're suggesting is to basically drag this |
|  | 12 case out another year. |
|  | 13         We told them that we wanted to proceed in the |
|  | 14 schedule.  We told them there are no terms to be construed. |
| 01:40PM | 15 They claim that there are terms they want construed.  No |
|  | 16 products has changed.  You asked them today.  They can't |
|  | 17 identify them for Your Honor.  It's not that complicated of a |
|  | 18 case.  There's not one term they can identify they want |
|  | 19 construed. |
| 01:41PM | 20         THE COURT:  I don't know that I asked them that |
|  | 21 question. |
|  | 22         MR. SHIMOTA:  You did.  You did ask them and said: |
|  | 23 What terms do you want construed?  We went through the terms, |
|  | 24 and you said:  What terms do you want construed?  They said |
| 01:41PM | 25 they're not ready to go.  They're not ready to provide those |

```
                     1   to you today.
                     2            THE COURT:  Okay.
                     3            Ms. Tessar.
                     4            MS. TESSAR:  I was just going to point out that
          01:41PM    5   we're requesting a trial in the summer of 2024, which is not
                     6   long over two years from when this case was filed.  We had a
                     7   situation here where we spent four or five months doing venue
                     8   discovery and briefing venue issues.  So to me that seems
                     9   like a pretty prompt and reasonable time to trial.
          01:41PM   10            THE COURT:  Well, forgive me for interrupting you,
                    11   but let me again cut to the chase.  The way I'm going to
                    12   handle this case is let's do claim construction.  Then you
                    13   can turn to your fact discovery.
                    14            Now, that doesn't preclude plaintiff from making a
          01:42PM   15   summary judgment motion -- well, you've got to comply with
                    16   the local rules and my standing order.  But under local Rule
                    17   7-3, you can file it seven days after you have a meet and
                    18   confer.  You can have a meet and confer today and file it a
                    19   week from today.
          01:42PM   20            But you get one summary judgment motion.  I'll give
                    21   you, kind of one per related party, one for DISH and one for
                    22   DIRECTV.
                    23            If you want to file it immediately, you know, good
                    24   luck with that, but that's your shot.  So I'm not precluding
          01:42PM   25   you from doing that.
```

|          |    |                                                                                  |
|----------|----|----------------------------------------------------------------------------------|
|          | 1  | MR. SHIMOTA:  Am I correct in understanding,                                     |
|          | 2  | Your Honor, that fact discovery is going to stop until we do                     |
|          | 3  | Markman, or are we going to move forward with fact discovery                     |
|          | 4  | concurrently?                                                                    |
| 01:42PM  | 5  | THE COURT:  Well, is anybody asking for an order                                 |
|          | 6  | limiting the discovery that can be done?                                         |
|          | 7  | MR. SHIMOTA:  We certainly are not.                                              |
|          | 8  | THE COURT:  You're not.  Are defendants?                                         |
|          | 9  | MS. TESSAR:  We would love that if you're amenable                               |
| 01:43PM  | 10 | to that.  I think it makes a ton of sense to wait and know                       |
|          | 11 | with the constructions are before we keep going with a lot of                    |
|          | 12 | expensive discovery.                                                             |
|          | 13 | THE COURT:  What discovery is plaintiff going to do                              |
|          | 14 | of defendants' so-called fact discovery, not claim                               |
| 01:43PM  | 15 | construction related?                                                            |
|          | 16 | MR. SHIMOTA:  We would -- there are -- I believe we                              |
|          | 17 | understand their products, but there's obviously at the --                       |
|          | 18 | you know, at the places where there are ambiguities and                          |
|          | 19 | things, we'd like to take depositions.  We'd like to start                       |
| 01:43PM  | 20 | doing that.                                                                      |
|          | 21 | I actually do have a question for Your Honor, just                               |
|          | 22 | logistically --                                                                  |
|          | 23 | THE COURT:  Well, hold on one second.  So under the                              |
|          | 24 | Eastern District rules and schedule set up there, you could                      |
| 01:43PM  | 25 | have done that, correct?                                                         |

| | | |
|---|---|---|
| | 1 | MR. SHIMOTA: Well, we -- we have their technical |
| | 2 | documents. We're still getting some of those. They're still |
| | 3 | completing their production of their technical -- |
| | 4 | THE COURT: So if Judge Gilstrap had denied the |
| 01:43PM | 5 | motions to transfer, you would -- |
| | 6 | MR. SHIMOTA: Yes, we certainly could have taken |
| | 7 | depositions. |
| | 8 | THE COURT: Today you'd be doing fact discovery? |
| | 9 | MR. SHIMOTA: Correct. And the question I have, if |
| 01:44PM | 10 | I could ask, is this one thing that we want to figure out |
| | 11 | concerning local practices. We intend to serve a 30(b)(6) |
| | 12 | notice on specific technical topics. We'd like Your Honor's |
| | 13 | guidance as to whether or not we need to file one omnibus |
| | 14 | 30(b)(6) notice or if you can serve them, you know, break |
| 01:44PM | 15 | them up into discrete topics to be efficient. We can do it |
| | 16 | either way, but that's something that we're -- |
| | 17 | THE COURT: Have you met and conferred about this? |
| | 18 | MR. SHIMOTA: We will -- |
| | 19 | THE COURT: I'm sorry? |
| 01:44PM | 20 | MR. SHIMOTA: No, we have not, Your Honor. |
| | 21 | THE COURT: Okay. Meet and confer on it. |
| | 22 | MR. SHIMOTA: Okay. Thank you. |
| | 23 | THE COURT: If you -- if you cannot reach an |
| | 24 | agreement, then a party can file an appropriate motion or |
| 01:44PM | 25 | seek guidance from Judge McDermott or me as may be |

```
01:45PM    1   appropriate.
           2           Okay.  So I am not going to limit discovery at this
           3   time.  If defendants want to file an appropriate motion and
           4   establish good cause, I'll listen to that.  Meet and confer
01:45PM    5   first.
           6           The status quo of the default is that there is no
           7   limitation on discovery that can be taken once you get past
           8   your Rule 26(f) conference, which you did some time ago.
           9           Okay.  So ordinarily I would hear more from you.
01:45PM   10   But to move this along, I'm inclined to have the parties
          11   stick with the patent rules established in the Eastern
          12   District of Texas with -- but I wanted to discuss a couple of
          13   things.
          14           One was local patent rule 3-1, which has already
01:46PM   15   been the topic of conversation.  And 3-3, invalidity
          16   contentions, mostly a timing issue there.  And 3-6, amending
          17   contentions; 3-7, opinion of counsel defenses.  Then these
          18   are scheduling issues -- 4-1, 4-2, 4-3, 4-4 and 4-5, and 4-6.
          19   Those are all scheduling issues.
01:46PM   20           So I guess what I'm saying is substantively I'm
          21   happy with the Eastern District of Texas rules that you've
          22   been operating under, but schedule wise let's relax the
          23   schedule set forth in here a bit.  And ordinarily I would
          24   tell you to go meet and confer and see if you can come up
01:46PM   25   with a schedule.
```

|  |  |  |
|---|---|---|
| 01:47PM | 1 | I'm concerned that that will not be a successful |
|  | 2 | endeavor, so I'm contemplating just imposing dates on you |
|  | 3 | now.  Hearing silence, let me do that.  So I'm looking at the |
|  | 4 | schedule set forth in the joint status report, page 11.  This |
|  | 5 | is ECF169 in the 7775 case.  So, exchange proposed claim |
|  | 6 | terms for construction, I'm hearing that was not done.  I'm |
|  | 7 | not saying that in an accusatory way, but it was not done. |
|  | 8 | Can that be done by mid-January, plaintiff? |
|  | 9 | MR. SHIMOTA:  Yes, Your Honor. |
| 01:47PM | 10 | MR. LO:  Yes, for defendants. |
|  | 11 | THE COURT:  You sure? |
|  | 12 | MR. LO:  We prefer February, but... |
|  | 13 | THE COURT:  Why don't we say January 27th.  We'll |
|  | 14 | make it the end of January.  So January 27th, 2023, exchange |
| 01:48PM | 15 | proposed claim terms for construction and, as probably less |
|  | 16 | clear than I want it to be, follow the Eastern District rules |
|  | 17 | in terms of what that means and what that requires. |
|  | 18 | The next event is exchange preliminary claim |
|  | 19 | constructions.  Under the Eastern District rules that occurs |
| 01:48PM | 20 | three weeks later.  Is three weeks enough time to prepare for |
|  | 21 | and do that under the circumstances of this case? |
|  | 22 | MS. TESSAR:  Yes, Your Honor. |
|  | 23 | MR. SHIMOTA:  Yes, Your Honor. |
|  | 24 | THE COURT:  Okay.  So that would be February 17th. |
| 01:48PM | 25 | File joint construction statement, that's, what, four weeks, |

|  |  |  |
|---|---|---|
|  | 1 | four weeks later -- my back of the envelope here?  That was |
|  | 2 | three weeks and three days.  So, say, is four weeks enough |
|  | 3 | time if we took that to February -- I'm sorry, March 17th, |
|  | 4 | file joint claim construction statement? |
| 01:49PM | 5 | MR. SHIMOTA:  That would be fine, Your Honor. |
|  | 6 | MR. LO:  Yes, Your Honor. |
|  | 7 | THE COURT:  Okay -- St. Patrick's Day.  And then |
|  | 8 | the same day, disclosure of expert testimony for claim |
|  | 9 | construction, March 17th? |
| 01:50PM | 10 | MR. SHIMOTA:  Yes, Your Honor. |
|  | 11 | MS. TESSAR:  Good for DISH. |
|  | 12 | MR. LO:  Same for DIRECTV. |
|  | 13 | THE COURT:  Okay.  The next event is file amended |
|  | 14 | pleadings.  As the parties noted or at least I think |
| 01:50PM | 15 | defendants noted in the joint statement, I don't set a |
|  | 16 | separate date for that.  I'd say follow Rule 15 and Rule 16 |
|  | 17 | if a party wants to amend pleadings.  So I'm not going to set |
|  | 18 | a date there. |
|  | 19 | The next event is disclosure of rebuttal expert |
| 01:50PM | 20 | testimony for claim construction.  That looks like two and a |
|  | 21 | half weeks later, two and a half weeks after disclosure of |
|  | 22 | expert testimony for claim construction.  Let's go three |
|  | 23 | weeks.  So one, two -- April 7th. |
|  | 24 | MR. SHIMOTA:  That's fine, Your Honor. |
| 01:50PM | 25 | MR. LO:  Fine for DIRECTV, Your Honor. |

|    |    |
|----|----|
| 01:51PM | 1       MS. TESSAR: Good for DISH. |

```
 1              MS. TESSAR:  Good for DISH.
 2              THE COURT:  Okay.  The next item is response to
 3   amended pleadings.  For the same reason I noted a moment ago,
 4   that's not applicable.
 5              Next, complete claim construction discovery.  That
 6   looks like it's not quite two weeks after the disclosure of
 7   rebuttal expert testimony.  Let's go two weeks, April 7th to
 8   April 21st.  Any issues?  Problems?
 9              MR. SHIMOTA:  No problem, Your Honor.  Thank you.
10              MS. TESSAR:  I think that should work.
11              THE COURT:  Okay.  The next event is complete
12   document production and exchange privilege logs.  It looks
13   like it's two weeks later.  So if we go April 21st to
14   May 5th.
15              MS. TESSAR:  Your Honor, that's one where unless
16   it's limited to claim construction, I think probably that is
17   very, very soon to have that deadline for all fact discovery
18   before we have a Markman hearing.  We would suggest -- I
19   mean, that would not be normally a date that would be imposed
20   in this district, so we would suggest for that one that we
21   just remove it like we did for the --
22              THE COURT:  Oh, so you're saying that the Eastern
23   District of Texas deadline to complete document production
24   and exchange privilege logs pertains not merely to claim
25   construction but all discovery?
```

|  |  |
|---|---|
| 1 | MS. TESSAR: That's correct. |
| 2 | THE COURT: Okay. Plaintiff, concur? |
| 3 | MR. SHIMOTA: I mean, we're fine moving the fact |
| 4 | discovery date as long as we stick with the general schedule. |
| 01:52PM 5 | If they want to push fact discovery out further, we're fine |
| 6 | with that. |
| 7 | THE COURT: Okay. So I'm not going to set this |
| 8 | deadline. I thought it pertained only to claim construction |
| 9 | discovery. |
| 01:52PM 10 | MR. SHIMOTA: I -- I might suggest, Your Honor, |
| 11 | just for efficiency that we set a date for exchanging |
| 12 | privilege logs, though. Is that fine for us to have, to use |
| 13 | that date? |
| 14 | MS. TESSAR: Why don't we confer about that. |
| 01:53PM 15 | THE COURT: Meet and confer on that one. |
| 16 | MR. SHIMOTA: Okay. |
| 17 | THE COURT: Now, we've got claim construction |
| 18 | briefs. My preference here is to have simultaneous opening |
| 19 | briefs and simultaneous responsive briefs. If we do that, |
| 01:53PM 20 | under this schedule that first brief is due two weeks after |
| 21 | complete claim construction discovery. Is that enough time, |
| 22 | or should there be a little bit longer time? |
| 23 | MS. TESSAR: I think for the defendants we'll need |
| 24 | longer because we're going to -- I'm assuming you want a |
| 01:53PM 25 | joint submission from us. So the process of coordinating |

40

| | | |
|---|---|---|
| | 1 | with each other and clients can be -- well, if you want a |
| | 2 | joint submission, that makes it easier.  We may be able to do |
| | 3 | it faster. |
| 01:54PM | 4 | THE COURT:  I was -- I was not thinking that it |
| | 5 | would be a joint submission as between the two defendants. |
| | 6 | You may have very different positions on some things.  I have |
| | 7 | no idea.  You may not know at this point either. |
| | 8 | MS. TESSAR:  That is absolutely true, Your Honor. |
| | 9 | I think in the Eastern District of Texas we would have to do |
| 01:54PM | 10 | it together.  But if you prefer it separate, we're happy to |
| | 11 | do it separate. |
| | 12 | THE COURT:  I wouldn't say I prefer it separate. |
| | 13 | If you want to do it separately, I think you can and should. |
| | 14 | If for some reason you want to do it jointly, that's better |
| 01:54PM | 15 | for me.  It's one less brief to read.  But do it separately |
| | 16 | if you'd like. |
| | 17 | MS. TESSAR:  Okay.  That sounds good.  And then I |
| | 18 | would just say I do think two weeks is a little bit tight. |
| | 19 | THE COURT:  I think it is, too, but -- Mr. Shimota? |
| 01:54PM | 20 | MR. SHIMOTA:  You know, if you think it's tight, |
| | 21 | Your Honor, I mean, at the risk of stating the obvious, we |
| | 22 | would like to move the schedule as quickly as possible.  But |
| | 23 | if you think you need more time -- |
| | 24 | THE COURT:  Well, note that there is only two |
| 01:55PM | 25 | rounds of briefing, not three. |

|  |  |  |
|---|---|---|
| 01:55PM | 1 | MR. SHIMOTA:  So three weeks, does that sound -- |
|  | 2 | THE COURT:  Three weeks sounds about right to me. |
|  | 3 | MR. SHIMOTA:  Okay. |
|  | 4 | THE COURT:  May 12th?  Defendants? |
| 01:55PM | 5 | MS. TESSAR:  We can make May 12th work. |
|  | 6 | THE COURT:  So May 12th will be the deadline for |
|  | 7 | the parties, each party to file its opening claim |
|  | 8 | construction brief.  When I say parties, it should be |
|  | 9 | apparent, but I regard AT&T and DIRECTV as related, so their |
| 01:55PM | 10 | submission would be together. |
|  | 11 | MR. LO:  Yes, Your Honor.  We understand that. |
|  | 12 | THE COURT:  Okay.  All right.  So how much time for |
|  | 13 | the responsive claim construction brief?  Three weeks? |
|  | 14 | MR. SHIMOTA:  Three weeks would be fine with us, |
| 01:55PM | 15 | Your Honor. |
|  | 16 | MS. TESSAR:  I think if we could have a month, that |
|  | 17 | would be better.  As you pointed out, we'd get a little time |
|  | 18 | back because of the reply brief that we're not doing. |
|  | 19 | THE COURT:  So let's go four weeks, June 9th.  That |
| 01:56PM | 20 | would be the deadline for the parties' respective responsive |
|  | 21 | claim construction briefs.  And then file joint claim |
|  | 22 | construction chart, that looks like it was a week after the |
|  | 23 | last brief.  Is that enough time, or two -- because this will |
|  | 24 | be joint plaintiff and defendants? |
| 01:56PM | 25 | MS. TESSAR:  Yeah.  I think that that's usually |

|   |   |   |
|---|---|---|
| | 1 | quick for us to put together, but is that something that you |
| | 2 | want?  The format is just -- it's just a way of summarizing |
| | 3 | the positions with the constructions.  Okay. |
| | 4 | THE COURT:  I think it would be helpful, yes. |
| 01:56PM | 5 | MS. TESSAR:  Okay. |
| | 6 | THE COURT:  So let's make that a one-week exercise. |
| | 7 | So that will be due June 16th.  Then the claim construction |
| | 8 | hearing, I'm going to want at least two weeks.  That takes us |
| | 9 | to June 30th.  Let me set this not on a Friday.  We've got |
| 01:57PM | 10 | the 4th of July the next week. |
| | 11 | Who among you is coming from out of town?  Okay. |
| | 12 | MR. SHIMOTA:  My mom and dad live in L.A., so I'm |
| | 13 | more than happy to come on the 4th, Your Honor. |
| | 14 | THE COURT:  If you want to -- |
| 01:57PM | 15 | MS. TESSAR:  I would prefer for me and my own |
| | 16 | vacation schedule if we could do it that week after the 4th |
| | 17 | of July. |
| | 18 | THE COURT:  Okay.  Let's do that.  Let's say |
| | 19 | July 11th.  Let me look at my calendar and make sure that's |
| 01:57PM | 20 | okay. |
| | 21 | (Pause in proceedings) |
| | 22 | MR. LO:  Sorry.  I had to check a couple dockets |
| | 23 | here. |
| | 24 | THE COURT:  Okay.  Let's say July 11th at |
| 01:58PM | 25 | 10:00 a.m.  For the time being, let's say 90 minutes per |

```
01:59PM   1   side.  When I say side, I am grouping defendants.  We'll play
          2   it by ear when we get there.  If it takes more time, it takes
          3   more time, but that's what you should anticipate in terms if
          4   you're going to have a PowerPoint presentation or whatever
          5   you're going to do.  I obviously will have read and done my
          6   best to digest your respective filings.
          7              Yes.  Question?
          8              MS. TESSAR:  Just a question.  What is your view on
          9   technical tutorials?  Do you want something live?  Do you
01:59PM  10   want CDs submitted beforehand?  What is your preference?
         11              THE COURT:  We've done it different ways.  Why
         12   don't you meet and confer.  And if you have -- if it becomes
         13   apparent to the parties jointly that a tech tutorial would be
         14   beneficial, see if you can suggest something in advance of
02:00PM  15   this July 11th hearing.
         16              MR. SHIMOTA:  We'll do that, Your Honor.  Thank
         17   you.
         18              THE COURT:  All right.  That's the last deadline
         19   I'm going to set at this point.  Let's see what the world
02:00PM  20   looks like when I issue my claim construction order, and then
         21   I'll set a case schedule after that.
         22              I don't want to take another year and a half from
         23   there.  I will expect you to be, you know, once you get the
         24   claim construction order teed up for summary judgment
02:00PM  25   motions, if it can be resolved that way, or prepare for
```

```
02:01PM

02:01PM

02:01PM

02:02PM

02:02PM
```

1   trial.
2            Okay.  So, summarizing, the protective order
3   entered ECF64 will remain in place.  Cases are consolidated
4   for pretrial purposes, and everything will be filed in the
5   low-numbered case at this point.  Any party can make a motion
6   at any time to sever.  We'll expect to revisit consolidation
7   after we get through the Markman -- the claim construction
8   process.
9            You look pensive, Ms. Tessar.
10           MS. TESSAR:  Well, I know that you've got another
11  hearing.  I was going to suggest that for the discovery
12  order, perhaps we can get together following the directions
13  you've given us, submit a proposed order just to make it
14  easier for you since we had a number of issues.
15           THE COURT:  I think that's a good suggestion.  Any
16  opposition to that from plaintiff?
17           MR. SHIMOTA:  No opposition, Your Honor.
18           THE COURT:  I think that's a good idea.  You kind
19  of know what I'm thinking.  So what I'll say in this minute
20  order is that the parties expect to file a stipulated
21  discovery order that will replace ECF50.  I mean, in some
22  instances it may be identical, and that's fine.
23           We talked about the case schedule as far as I'm
24  going to go at this point, and the patent rules.  Is it
25  enough for me to say that the substance of the Eastern