| | |
|---|---|
| 1 | Matthew C. Bernstein, Bar No. 199240 |
| 2 | MBernstein@perkinscoie.com<br>PERKINS COIE LLP |
| 3 | 11452 El Camino Real, Ste 300<br>San Diego, California 92130-2080 |
| 4 | Telephone: +1.858.720.5700<br>Facsimile:  +1.858.720.5799 |
| 5 | |
| 6 | **ATTORNEYS FOR DEFENDANTS** |
| 7 | Christina Goodrich (SBN 261722)<br>Christina.goodrich@klgates.com |
| 8 | K&L Gates LLP<br>10100 Santa Monica Boulevard |
| 9 | Eighth Floor<br>Los Angeles, CA  90067 |
| 10 | Telephone: +1 310 552 5000<br>Facsimile: +1 310 552 5001 |
| 11 | **ATTORNEYS FOR PLAINTIFF** |
| 12 | [*Additional counsel on signature page*] |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 15 | ENTROPIC COMMUNICATIONS, LLC, | No. 2:22-cv-07775-JWH-JEM |
| 16 | Plaintiff, | **JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2.1 REGARDING DISH DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| 17 | v. | |
| 18 | DIRECTV, LLC and AT&T SERVICES, INC., | |
| 19 | | Motion Hearing: |
| 20 | Defendants. | Date: April 18, 2023<br>Time: 10:00 a.m. |
| 21 | | Crtm: 640 (Roybal Bldg) |
| 22 | ENTROPIC COMMUNICATIONS, LLC, | |
| 23 | Plaintiff, | No. 2:22-cv-07959-JWH-JEM |
| 24 | v. | Case Transferred from E.D. Texas (2:22-cv-76-JRG) |
| 25 | DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH | |
| 26 | NETWORK SERVICE L.L.C., | |
| 27 | Defendants. | |
| 28 | | |

No. 2:22-cv-07775-JWH-JEM
DISH MOTION FOR PO

# TABLE OF CONTENTS

I.   DISH's Introductory Statement ................................................................. 1

II.  Entropic's Introductory Statement ........................................................... 4

III. DISH's Statement Of The Legal Standard ............................................... 6

IV.  Argument .................................................................................................. 6

    A.   DISH's Argument ............................................................................. 6

    B.   Entropic's argument ......................................................................... 9

        1.   DISH will not suffer from undue expense or burden. ........... 9

        2.   DISH's conduct is sanctionable. ........................................... 13

        3.   The Court should deny the protective order. ....................... 14

# TABLE OF AUTHORITIES

**CASES**

*Al Indus., Inc. v. EnvisionTEC, Inc.*,
  2020 WL 13200196 (C.D. Cal. Dec. 29, 2020) ..................................................9

*Bhd. Mut. Ins. Co. v. Vinkov*,
  No. EDCV191821SBSPX, 2021 WL 1152896 (C.D. Cal. Jan. 13, 2021) .........10

*C.R. Laurence Co., Inc. v. Frameless Hardware*,
  2022 WL 2035955 (C.D. Cal. Jan. 13, 2022) ..........................................11, 12, 13

*Gibbs v. Anderson*,
  2021 WL 6618835 (C.D. Cal. Oct. 8, 2021) ....................................................13

*Gillenwater v. Tommy Hilfiger Retail, LLC*,
  2017 WL 11633491 (C.D. Cal. Aug. 17, 2017) ................................................13

*Hamilton v. TBC Corp.*,
  2018 WL 9815585 (C.D. Cal. Mar. 29, 2018) ..................................................13

*Helo Energy, LLC v. Hoggan*,
  2016 WL 11744946 (C.D. Cal. Mar. 7, 2016) ..................................................13

*Jackson v. Nat'l Express Transit Corp.*,
  2022 WL 18216005 (C.D. Cal. Oct. 11, 2022) .................................................13

*Khan v. Boohoo.com USA, Inc.*,
  2021 WL 3882969 (C.D. Cal. July 28, 2021) ....................................................9

*Laryngeal Mask Co. Ltd. v. LMA North America, Inc.*,
  No. 07-cv-1988, 2008 WL 11337847 (S.D. Cal. Nov. 12, 2008) . (*See also* Exh. J .) ..............................................................................................7

*Moorhead v. Emp. Screenings Servs., Inc.*,
  No. 17-cv-1830, 2018 WL 3533267 (S.D. Cal. July 23, 2018) ........................10

*Paige v. Consumer Programs, Inc.*,
  242 F.R.D. 272 (C.D. Cal. 2008) .......................................................................1

*Paine v. Investment and Administrative Committee of the Walt Disney Co. Sponsored Qualified Benefit Plans*,
  2022 WL 1584495 (C.D. Cal. Mar. 30, 2022) ..................................................13

*Polaris Innovations Ltd. v. Kingston Tech. Co.*,
   No. 16-cv-300-CJC, 2016 WL 11742560 (C.D. Cal. May 3, 2016) .................... 6

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) .................................................................. 6

*Rosenfeld v. Talamantes*,
   2022 WL 16944021 (C.D. Cal. Nov. 14, 2022) ................................................ 13

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 26 ........................................................................... 1, 10, 12, 13, 14

Fed. R. Civ. Proc. 37 ............................................................................................ 1, 14

Local Rule 37 ........................................................................................................ 1, 13

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37-2.1, Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH") and Plaintiff Entropic Communications, LLC hereby submit the following joint stipulation regarding DISH's Motion for Protective Order. Pursuant to Local Rule 37-1, the parties have met and conferred and had ongoing discussions, including a conference held on March 13, 2023, but were unable to reach agreement.

I. **DISH'S INTRODUCTORY STATEMENT**

Entropic has forced DISH to file this motion, wasting party and judicial resources in the process. Specifically, even though this case is in its infancy, with no fact discovery cut-off and neither party having substantially completed document productions, Entropic noticed seven 30(b)(1) depositions and a 30(b)(6) deposition with **105 topics** (relating to virtually all aspects of DISH's business—including the operation of its products and services, sales, marketing, finance, strategy, and licensing) to take place from March 20 to April 12, 2023. (*See* Exhs. B-I.[1]) Entropic refuses to take these depositions off-calendar even as the parties await overall schedule guidance from Judge Holcomb.[2]

More specifically, Entropic announced in emails and by phone that it intended to complete DISH depositions in this case—including more than half of dozen technical depositions and all 105 30(b)(6) topics—by the end of April. (Exh. M (also Dkt. 186-2); Exh. L (also Dkt. 186-1), at ¶3.) It took this position despite the fact that: (a) document productions have not been completed relating to any of the noticed depositions or topics, and disputes about documents are still being negotiated; (b) Entropic insists upon leaving

---

[1] All exhibits cited by DISH are attached to the Bervik Declaration submitted herewith.

[2] Entropic has taken the position that DISH must appear for the depositions ***even if*** this Motion for Protective Order is on file, at the risk of sanctions. That is incorrect. *See* FRCP 37(d)(2) ("A failure described in Rule 37(d)(1)(A) [including to appear for a deposition] is not excused on the ground that the discovery sought was objectionable, **unless the party failing to act has a pending motion for a protective order under Rule 26(c)**.") (emphasis added); *Paige v. Consumer Programs, Inc.*, 242 F.R.D. 272, 275 (C.D. Cal. 2008) ("[I]f plaintiff believed he had good cause not to appear for his deposition …, ***his recourse was to file a motion for a protective order*** ….").

open the possibility that it will recall DISH witnesses later, after additional documents are produced (Exh. S at 3); (c) claim construction proceedings in this patent case are ongoing; (d) negotiations regarding Entropic's 105 wide-ranging 30(b)(6) topics are likewise ongoing, as discussed below; (d) it has not yet reviewed DISH's source code; and (e) DISH has already conferred with Entropic about, and shortly will file, a motion to stay to allow the Patent and Trial Appeal Board to consider validity challenges for all asserted patents. There is no reason why Entropic—a non-practicing entity that recently acquired the asserted patents and seeks only money damages—needs to take all DISH depositions (including all 105 30(b)(6) topics) on the expedited pace demanded, before productions are complete, leaving open the possibility of recalling witnesses, and while Markman proceedings and resolution of DISH's motion to stay are happening in parallel.[3]

Importantly, the questions raised by this Motion are entirely bound up with, and are likely to be entirely resolved by, a Request for Clarification that DISH submitted to Judge Holcomb last week. (*See* Exh. J (Dkt. 184), Exh. K (Dkt. 186).) By way of background, Entropic originally filed this case in the Eastern District of Texas. After many months of fighting about venue, Judge Gilstrap transferred this case to this District in November. Judge Holcomb then held a status conference in mid-December where he set a partial schedule. Namely, he set dates for claim construction briefing and then a claim construction hearing in July. (Exh. O (Dkt. 176).) Because claim construction

---

[3] Entropic partially relented on the idea that **all** DISH depositions must be completed by the end of April on the Friday before DISH served this motion, but its new position is unclear: it wants to set at least some DISH deposition dates but has not said how many or when, or why this would make sense before productions and code review are complete, the motion to stay is resolved, or the Court decides claim constructions. (*See* Exh. N.) Entropic refused to clarify these points when the parties conferred, instead explaining that its position is that ***the noticed*** DISH depositions need to proceed, but reserving the right to seek additional DISH depositions later. That hardly addresses DISH's concerns.

It is possible that some of these issues could be resolved by the parties with more time, but Entropic wields the March 20th start date for depositions as a sword that forces this Motion, given the required timing of discovery motions here.

decisions frequently resolve patent cases entirely, he declined to set a full case schedule, indicating that he would set a date for the close of fact discovery and trial *after* he issues his claim construction decision. (*See* Exh. A (Status Conf. Tr.) at 43:18-21; *see also id.* at 30:7-23; 38:11-39:9; 32:4-35:8.) Although Judge Holcomb agreed that fact discovery could proceed in parallel with claim construction briefing, he made no suggestion that *all* fact discovery should, would, or must be completed by the July hearing, much less that *all* DISH depositions should be completed in March and April before document productions are substantially complete.

Nevertheless, over the past few weeks, Entropic announced its intention to complete *all* DISH fact discovery by July and *all* DISH depositions (including all 105 30(b)(6) topics) in March and April. (Exh. M (also Dkt. 186-2); Exh. L (also Dkt. 186-1), at ¶3.) Consistently with this, Entropic served new deposition notices on the night of Friday, March 3, 2023, setting depositions to begin just two weeks from that date. (Exhs. B-I.) DISH, after conferring with Entropic, then immediately filed its Request for Clarification. (Exh. J, Dkt. 184.) Rather than wait for Judge Holcomb's views, however, Entropic insisted that DISH also file this Motion for Protective Order, since it is DISH's burden to seek a protective order if it will not appear at a properly noticed deposition.

To be clear, DISH understands and does not dispute that some discovery must proceed unless and until this case is stayed or the Court orders otherwise. For instance, claim construction discovery (fact and expert) should and must continue as the parties move towards the Markman hearing in July. Likewise, DISH has already produced thousands of pages of technical documents and is preparing to both produce additional marketing, sales, and license materials responsive to recent RFPs, as well as to make source code available for review in the next few weeks. But what does *not* make sense is blindly moving ahead with depositions at this early stage. Indeed, the level of aggression shown by Entropic on these issues is—so far as DISH is aware—unprecedented in modern patent litigation practice, and for good reason: the burden,

-3-

No. 2:22-cv-07775-JWH-JEM
DISH MOTION FOR PO

waste, and inefficiency caused by this approach is great, as well as entirely unnecessary.

The Court has good cause to quash Entropic's deposition notices and issue an order limiting pre-*Markman* depositions. At a minimum, the Court should quash the notices unless and until Judge Holcomb resolves DISH's Request for Clarification, Dkt. 184 (Exh. J).[4] There is no prejudice to Entropic to waiting for that guidance.

## II. Entropic's Introductory Statement

Last December, DISH asked Judge Holcomb to limit fact discovery in this case for the entire period through the Markman hearing scheduled for July. Judge Holcomb rejected the request, stating:

> I am not going to limit discovery at this time. If defendants want to file an appropriate motion and establish good cause, I'll listen to that. Meet and confer first. The status quo of the default is that there is no limitation on discovery that can be taken once you get past your Rule 26(f) conference, which you did some time ago.

Ex. 1 at 35:2–8. DISH did not follow Judge Holcomb's instructions. DISH did not meet and confer with Entropic and did not file an appropriate motion. Instead, DISH filed a "request for clarification"—which is a procedurally improper document that asked Judge Holcomb to limit discovery. *See* Ex. 13. Given that DISH failed to follow Judge Holcomb's instructions as to how to seek to limit discovery and failed to follow the Local Rules regarding seeking relief from the Court (via a regularly noticed motion or ex parte application), it is highly inappropriate for DISH to now ask this Court to await Judge Holcomb's ruling on a non-existent motion before allowing properly-noticed depositions to proceed.[5]

---

[4] If the Court requires any or all of the noticed depositions to proceed in its ruling on the Request for Clarification, DISH requests that the Court order the parties to confer within ten business days regarding implementation of any clarification order.

[5] If DISH needed clarification, it was required to seek such relief in an ex parte application or regularly-noticed motion. It failed to do so (and failed to meet and confer). It cannot now use its own faulty approach to discovery in this case as an

-4-

Entropic, on the other hand, did follow the Court's guidance. Entropic noticed depositions in December (the 30(b)(1) notices) and January (the 30(b)(6) notices). *See* Exhs. 2–12. For the past three months, Entropic has attempted to engage with DISH and cooperatively schedule these depositions based on availability of the witnesses. DISH has outright refused to provide the availability of even a *single* witness. DISH's sole ground for refusing is the legally improper objection that depositions (all of them!) are "premature." Despite over two months of stonewalling, Entropic tried one last time on February 28th. Entropic stated that if DISH continued to refuse engagement, Entropic would have no choice but to notice these depositions for dates and locations of its choosing. DISH ignored the email altogether. *See* Lenning Declaration, Ex. A at 1. Entropic thus moved forward with noticing depositions for concrete dates, to its dismay at having to do so. Entropic still doesn't desire that path. But what choice does Entropic have? It can either surrender to a DISH-imposed halt to fact discovery—contrary to the Court's clear intentions—or rely upon the default Federal Rules to proceed. Yet even having chosen to proceed, Entropic remains ready and willing to withdraw these notices in favor of mutually agreed-upon dates if DISH will simply provide the witnesses' availability.

Entropic's position has never been that "all fact discovery" or "all depositions" must be completed before the Markman hearing, or in March or April. (It is not taking that position in the consolidated DirecTV case either.) Entropic simply intends to use the months available to proceed forward, instead of effectively staying discovery. But forward movement of any kind is a threat to DISH's bigger plan.

DISH needed to ensure no discovery moved forward so it can claim this case—which has been pending a full year—is in its "early stages" to bolster its planned motion to stay the entire case. DISH last night filed that motion. Ex. 14. Unsurprisingly, DISH cites the fact that no depositions have occurred in support of freezing the case. Ex. 14 at

---

excuse to further delay. DISH has delayed enough. It is time to move forward.

5 ("No depositions have been taken"), 7 ("Many costly aspects of patent litigation, including depositions . . . have not begun."). DISH's extreme recalcitrance regarding depositions thus was a calculated investment. DISH chose to ignore the FRCP and the District Judge's order that discovery is open, hoping it would pay off.

This Court should not reward such blatant gamesmanship. The Court agreed in December that discovery is open, the Federal Rules are clear, and Entropic is entitled to proceed. Of course Entropic wants to be agreeable to witness convenience—it expects the same from DISH—but all its attempts to do so were rejected by DISH. In these circumstances, Entropic must maintain the deposition notices and it intends to move forward on those dates. As addressed below, DISH has made no attempt at all to demonstrate its entitlement to a protective order—DISH does not even dispute Entropic's entitlement to these depositions, it just seeks further delay. The Court should deny relief.

### III. DISH'S STATEMENT OF THE LEGAL STANDARD

District courts have inherent power to "control the disposition of the causes [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "If 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.'" *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. 16-cv-300-CJC, 2016 WL 11742560, at *2 (C.D. Cal. May 3, 2016) (*quoting* Fed. R. Civ. P. 26(c)).

### IV. ARGUMENT

#### A. DISH'S ARGUMENT

This Court has good cause to quash Entropic's deposition notices. As set forth in DISH's Request for Clarification, there is no reason that Entropic needs to complete its depositions of DISH in the next few weeks, given the posture of the case. Entropic will not be prejudiced by an order quashing the deposition notices through at least resolution

of DISH's Request for Clarification, if not beyond.

Starting deposition discovery next week is illogical and wasteful. As described in the Request for Clarification, there are an abundance of open issues that, upon resolution, will dictate the scope of the case, and the scope of what is relevant in the noticed depositions. (*See* Exh. J.)  For instance, DISH provided dozens of pages of responses and objections to Entropic's 105 deposition topics in February (*see* Exh. Q), and the parties are in the process of negotiating those objections (*see* Exh. R).  The topics in question run the gamut, including technical topics about DISH's products (i.e., topics that may need to be repeated post-Markman, depending on the claim constructions adopted, such as Topics 1-4 and 11-30), sales and marketing topics that may fall away if the case is narrowed by the claim construction decision (e.g., Topics 33-45), and topics like "non-infringing alternatives" (e.g., Topic 10) that make no sense in the context of the current posture.  Notably, there is no claim construction order in this case yet, and technical depositions prior to *Markman* are generally considered to be "premature," as "[s]uch topics by their nature should be explored after the Court construes the claims of the patent, not before." *See Laryngeal Mask Co. Ltd. v. LMA North America, Inc.*, No. 07-cv-1988, 2008 WL 11337847, at *3 (S.D. Cal. Nov. 12, 2008) (granting motion for protective order upon finding "good cause" to quash 30(b)(6) deposition notice topics related to technical operation of accused products).  (*See also* Exh. J at 1-2.)

DISH has been diligent in its document search, collection, and production efforts—which Entropic itself initially praised (*see* Exh. L (Dkt. 186-1), ¶2)—but those efforts are necessarily ongoing at this early stage in the case.  Indeed, on non-technical topics, Entropic just served RFPs in late December and late January (despite its sudden and incorrect insistence that this discovery has been owed since last June, which is flat wrong), respectively.  Entropic and DISH are in the process of conferring regarding disputes regarding Entropic's RFPs, many of which are overly broad and not proportional to the needs of the case, and DISH expects these will be resolved in due

course (whether through compromise or motion practice). Entropic has not yet reviewed DISH's source code, although DISH expects that it will be available for review in the next few weeks once the parties conclude negotiations regarding the volume and type of code to be produced. DISH's concern about waste from potential multiple depositions these witness is not hypothetical, moreover, as Entropic has refused to commit to deposing each witness only a single time, citing the potential that DISH may later produce documents (as DISH has said it will do and Entropic is requesting that DISH do) as a basis to seek a second bite at the deposition apple. (*See* Exh. S at 3.)

As mentioned above, DISH is also seeking a stay of all proceedings in view of its administrative challenges to the validity of all three asserted patents, which—if granted—will put a hold on all of the discovery that Entropic seeks. (*See generally* Exh. J.) DISH anticipates that motion will be heard on April 14, 2023, and it is possible that decision will moot this motion.

Just before DISH sent its portions of this Joint Stipulation to Entropic, Entropic forwarded DISH an email chain where Entropic stated its purported agreement with co-defendant DirecTV that DirecTV would produce deposition witnesses soon. DISH understands that the email does not accurately state DirecTV's position on this issue, nor would it matter if it did, since DirecTV is differently situated than DISH with respect to the issues here (including, e.g., because DirecTV has not filed IPRs to date). In any event, Entropic's email appeared to permit DirecTV to offer witnesses ***after Markman***, an approach that Entropic has never offered DISH.

Entropic has never claimed, and it cannot plausibly claim, that it would suffer prejudice from putting off the depositions until DISH's Request for Clarification is resolved. It seeks only money damages, not an injunction (*see* Exh. P (Dkt. 17, First Amended Complaint) at Prayer for Relief), and there is no date set for the close of fact discovery or trial (*see* Exh. O), so there can be no concern that a protective order (and

the concomitant delay of depositions until the appropriate point in the case) would require changing the trial date or extending out the case schedule.

**DISH's Conclusion**: For the above reasons, DISH respectfully requests that the Court quash the pending deposition notices pending any clarification that the Court provides in response to DISH's Request for Clarification, Dkt. 184 (Exh. I). If the Court requires any or all of the noticed depositions to proceed in its ruling on the Request for Clarification, DISH requests that the Court order the parties to confer within 10 business days regarding the implementation of any directives from the Court in that clarification order.

### B.   Entropic's argument

Entropic has no choice but to rely on the default provisions of the Federal Rules of Civil Procedure and move forward with the noticed depositions, because DISH has entirely refused to work with Entropic to schedule any of them—not a single one.

#### 1.   DISH will not suffer from undue expense or burden.

As the party seeking a protective order, DISH "must show 'good cause' to protect the moving party from 'annoyance, embarrassment, oppression, or undue burden or expense." *Al Indus., Inc. v. EnvisionTEC, Inc.*, 2020 WL 13200196, at *1 (C.D. Cal. Dec. 29, 2020). Good cause requires the movant to demonstrate "specific prejudice or harm" if no protective order is granted. *Id*. (quoting *Phillips ex rel Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "Broad unsubstantial allegations of harm are not sufficient." *Id*. And "[a] party seeking to prevent a deposition 'carries a heavy burden to show why discovery should be denied.'" *Khan v. Boohoo.com USA, Inc.*, 2021 WL 3882969, at *2 (C.D. Cal. July 28, 2021) (quoting *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)).

DISH makes no effort at all to meet this standard. Indeed, outside of its "legal standards" section, DISH does not even mention undue burden or expense, nor does it claim that it would suffer any specific prejudice or harm from proceeding with these

depositions. DISH actually flips that around and instead asserts *Entropic* will *not* suffer any prejudice from the protective order issuing. And DISH does not even object to the depositions themselves, just the timing.

Rather than demonstrating specific prejudice or harms, DISH instead generically claims proceeding with depositions is "illogical and wasteful." DISH's concern appears to stem from the risk that its witnesses could be deposed twice because DISH has failed to comply with its discovery obligations and produce documents responsive to discovery requests. That risk is not unfounded, but it too was created—and maintained—solely by DISH.[6]

Any deficiency in DISH's document production that would cause problems with depositions is the fault of no one but DISH. DISH has had nearly 10 months to produce documents, starting with the commencement of fact discovery in the case last May while pending in the Eastern District of Texas.[7] All but one of the 30(b)(1) witnesses noticed by Entropic are those DISH identified in initial disclosures on June 8, 2022 (and further identified by DISH as likely trial witnesses in venue briefing). If DISH knows these witnesses have relevant information, DISH could easily have located and produced any related documents. If it has not done so, it cannot use that dilatory conduct as an excuse to avoid the depositions. *See, e.g., Moorhead*, 2018 WL 3533267, at *2 (agreeing that plaintiff could not have speculatively raised new facts prior to engaging in discovery because such facts "were only in Defendant's possession" and "only known to Defendant prior to such discovery"); *see also Bhd. Mut. Ins. Co. v. Vinkov*, No. EDCV191821SBSPX, 2021 WL 1152896, at *2 (C.D. Cal. Jan. 13, 2021) (denying a

---

[6] It also is worth noting that this argument is legally irrelevant because the Federal Rules specify that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3).

[7] In the Eastern District of Texas, parties are obligated to produce relevant documents without receiving a discovery request.

-10-

motion to quash a deposition notice where movant argued that a deposition was "premature" in spite of movant's own failure to cooperate with discovery).

Nor, of course, is Entropic relying solely upon DISH to self-identify discoverable documents. Nearly nine months ago on June 27, 2022 Entropic served detailed discovery requests in the form of a letter (such letters are standard practice pursuant to the E.D. Texas Local Patent Rules, and DISH served one as well). Those requests largely mirror the ones Entropic later re-issued as formal RFPs after transfer to this District. But DISH has, once again, refused those requests entirely. While it is true that DISH produced certain technical documents automatically required by the Eastern District of Texas local rules, DISH has (for example) produced no economic information at all. And it has produced exactly one document responsive to requests since this case transferred to this District last November.

All of this is neither crazy nor negligent. It is a calculated investment designed to support one goal—DISH seeks to halt this case entirely. As mentioned previously, on March 15 (the night before this submission), DISH filed a motion to stay the case, based upon how little discovery (DISH) has (allowed) to occur. Ex. 14. But the signs were also there in DISH's "Request for Clarification" a week prior, where DISH asserted that *no* written discovery should proceed in this case unless it does "not burden or interfere with the Markman briefing or hearing, or related preparations." Ex. 13 (Dkt. 184) at 4:23–24. In light of the motion to stay, that Request for Clarification and this motion begin to look more like stopgap measures to continue delaying discovery long enough for DISH to get its motion to stay on file and decided.

Regarding deposition refusal, Magistrate Judge Oliver recently addressed nearly identical facts in *C.R. Laurence Co., Inc. v. Frameless Hardware*, 2022 WL 2035955 (C.D. Cal. Jan. 13, 2022). There, defendants moved for a protective order staying noticed depositions and made all of the same arguments DISH does here. Specifically, defendants in *C.R. Laurence* argued "there [was] no good cause for the witnesses to be deposed as

-11-

noticed" because (1) there was a pending motion to stay the case that defendants believed would "likely be granted in a few weeks," (2) "the case [was] in its earliest stages," (3) plaintiff would suffer "minimal or no prejudice from a stay," and (4) "permitting the depositions to go forward at th[at] time [would be] contrary to judicial economy as multiple depositions w[ould] likely be required." *Id*. at *2. Defendants in *C.R. Laurence* asserted, as DISH does here, "there [was] no urgency or compelling need to depose these witnesses now because there is no case schedule, impending discovery cut-off, or any other similar deadline." *Id*.

The Court rejected all of those arguments and concluded the defendants had failed to show good cause and instead sought to "improperly shift[] the burden for seeking a protective order to Plaintiff." *Id*. The Court noted that discovery was open, defendants did not dispute that the depositions fell within the scope of Rule 26(b), nor did they contend the deposition notices violated Rule 26. Because discovery had been open in that case for seven months, the deposition notices were "not premature." Furthermore the Court held that "[a] pending Motion to Stay is not in itself good cause for the requested protective order." *Id*. (citing *Harbert v. Priebe*, 2007 WL 760532, at *1 (N.D. Cal. Mar. 9, 2007)).

Magistrate Judge Oliver also specifically rejected the same argument DISH appears to raise here—that "permitting the depositions to go forward at this time is contrary to judicial economy as multiple depositions will likely be required." *Id*. at *3. The Court rejected this argument because "the timing of a deposition is a strategic decision for a litigant." *Id*. Thus, while "Plaintiff face[d] some risk it may not be able to fully question a deponent and the Court may not permit a second deposition," "that decision is for Plaintiff to make, and does not constitute good cause for issuing the protective order requested by Defendants." *Id*.

The reasoning of *C.R. Laurence* applies directly to this case. Here, as in *C.R. Laurence*, "[t]here is nothing improper with Plaintiffs seeking depositions prior to the

-12-

completion of other discovery," *id.*, and DISH's vague assertions that proceeding with discovery is "illogical and wasteful" are woefully insufficient to establish the specific showing of prejudice or harm that would be caused without a protective order. DISH does not dispute that discovery is open, and does not assert that the deposition notices violate Rule 26. Instead, DISH simply asserts that depositions should not go forward because the case is in its "infancy," DISH thinks it will receive a stay soon (on a motion it filed *after* initiating this motion under Local Rule 37 and three months after the notices were served), and "Entropic will not be prejudiced." Those are the exact same arguments presented by the defendants in *C.R. Laurence* that Magistrate Judge Oliver correctly rejected. Entropic believes the Court should do the same here.

### 2.    DISH's conduct is sanctionable.

As this Court is well aware, "case law [in this Circuit] is clear that a pending motion is not sufficient to excuse appearance" at a deposition. *Hamilton v. TBC Corp.*, 2018 WL 9815585, at *3 (C.D. Cal. Mar. 29, 2018). "The mere filing of a protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition." *Id.* (quoting *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)); *see also Rosenfeld v. Talamantes*, 2022 WL 16944021, at *1 (C.D. Cal. Nov. 14, 2022) (Eick, M.J.) (same); *Jackson v. Nat'l Express Transit Corp.*, 2022 WL 18216005, at *7 (C.D. Cal. Oct. 11, 2022) (Chooljian, M.J.) (same); *Paine v. Investment and Administrative Committee of the Walt Disney Co. Sponsored Qualified Benefit Plans*, 2022 WL 1584495, at *5 (C.D. Cal. Mar. 30, 2022) (Stevenson, Chief M.J.) (same); *Gibbs v. Anderson*, 2021 WL 6618835, at *3 (C.D. Cal. Oct. 8, 2021) (Abrams, M.J.) (same); *Gillenwater v. Tommy Hilfiger Retail, LLC*, 2017 WL 11633491, at *1 (C.D. Cal. Aug. 17, 2017) (Rosenbluth, M.J.) (same); *Helo Energy, LLC v. Hoggan*, 2016 WL 11744946, at *5 n.6 (C.D. Cal. Mar. 7, 2016) (Sagar, M.J.) (same).

DISH's reading of Rule 37(d)(2) is incorrect. The official comments to the Rule expressly state that, with respect to "the last sentence of" Rule 37(d), "the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under the rule depends on obtaining the court's order to that effect." Fed. R. Civ. Pro. 37 (Notes of Advisory Committee on Rules—1993 Amendment). Authority in this District concurs, repeatedly and emphatically rejecting DISH's position that merely filing a motion for a protective order, on the business day preceding the first noticed deposition, relieves it of any obligation to attend.[8] DISH knows this because Entropic repeatedly has told DISH that its position is incorrect and that merely filing the motion does not relieve them of the obligation to attend—even going so far as to actually provide this Court's cases on the subject, cited above. *See* Lenning Declaration, Ex. B at 1.

DISH's conduct *is* sanctionable under Rule 37(d). Entropic could appear next week at the noticed locations, with court reporters and videographers in tow, thus generating expenses and then ask the Court to order compensation. But Entropic is not petty, wasteful, or inefficient (despite DISH's attacks to the contrary). Entropic wants one thing—to move forward with its case on the merits. Thus, while Entropic reserves the right to add DISH's present conduct to any future request for sanctions on findings of an "exceptional case," for today Entropic asks only that the Court not reward DISH's behavior and deny the protective order.

### 3. The Court should deny the protective order.

DISH has not demonstrated good cause sufficient to carry its burden to bar depositions properly noticed under Rule 26(c) in a case where discovery has been open for ten months. The Court therefore should deny the requested relief.

---

[8] Note these notices were served in December and January, and ultimately noticed on these specific dates on March 3, 2023, after numerous attempts to cooperatively schedule depositions were ignored. DISH has had ample time to seek a protective order.

-14-

Dated: March 17, 2023

**PERKINS COIE LLP**

By: */s/ Amanda Tessar*
  Matthew C. Bernstein, Bar No. 199240
  MBernstein@perkinscoie.com
  PERKINS COIE LLP
  11452 El Camino Real, Ste 300
  San Diego, California 92130-2080
  Telephone: +1.858.720.5700
  Facsimile: +1.858.720.5799

  Amanda Tessar (admitted *pro hac vice*)
  ATessar@perkinscoie.com
  Trevor Bervik (admitted *pro hac vice*)
  TBervik@perkinscoie.com
  PERKINS COIE LLP
  1900 Sixteenth Street, Suite 1400
  Denver, Colorado 80202-5255
  Telephone:  +1.303.291.2357
  Facsimile:  +1.303.291.2457

  Daniel T Keese, Bar No. 280683
  DKeese@perkinscoie.com
  Perkins Coie LLP
  1120 NW Couch Street 10th Floor
  Portland, OR 97209-4128
  Telephone: +1.503.727.2000
  Fax: +1.503.727.2222

  Adam Hester, Bar No. 311206
  AHester@perkinscoie.com
  PERKINS COIE LLP
  33 East Main Street, Suite 201
  Madison, WI 53703-3095
  Telephone: +1.650.838.4311
  Facsimile: +1.650.838.4350

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com

James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield *(pro hac vice* pending)
Katherine L. Allor (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 623-7580
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
Matthew Blair (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel: (512) 482-6919
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**