# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3          HONORABLE JOHN W. HOLCOMB, U.S. DISTRICT JUDGE

 4   ENTROPIC COMMUNICATIONS, LLC,     )
                                       )
 5                                     )
                                       )
 6                     Plaintiff,      )
                                       )
 7                                     )
                                       )
 8          Vs.                        )   No. CV22-07775-JWH
                                       )
 9                                     )
                                       )
10   DIRECTTV, LLC, ET AL.,            )
                                       )
11                                     )
                                       )
12                     Defendants.     )
                                       )
13   _____ )

14

15

16             REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                      STATUS CONFERENCE

18                    SANTA ANA, CALIFORNIA

19                 TUESDAY, DECEMBER 13, 2022

20

21

22

23           MIRIAM V. BAIRD, CSR 11893, CCRA
             OFFICIAL U.S. DISTRICT COURT REPORTER
24                  350 WEST FIRST STREET
                        FOURTH FLOOR
25            LOS ANGELES, CALIFORNIA 90012
                    MVB11893@aol.com
```

```
 1                      A P P E A R A N C E S
 2

 3   ON BEHALF OF THE PLAINTIFF,      CHRISTINA N. GOODRICH
     ENTROPIC COMMUNICATIONS:         K AND L GATES LLP
 4                                    10100 SANTA MONICA
                                      BOULEVARD, 8TH FLOOR
 5                                    LOS ANGELES, CA 90067

 6                                    JAMES A. SHIMOTA
                                      K AND L GATES LLP
 7                                    70 WEST MADISON STREET,
                                      SUITE 3100
 8                                    CHICAGO, IL 60602

 9

10

11

12

13   ON BEHALF OF THE DEFENDANT,      JASON C. LO
     DIRECTTV, LLC, ET AL:            GIBSON DUNN AND CRUTCHER
14                                    LLP
                                      333 SOUTH GRAND AVENUE
15                                    LOS ANGELES, CA 90071-3197

16   ON BEHALF OF THE DEFENDANT,      AMANDA TESSAR
     DISH NETWORK:                    PERKINS COIE LLP
17                                    1900 SIXTEENTH STREET,
                                      SUITE 1400
18                                    DENVER, CO 80202

19

20

21

22

23

24

25
```

```
                 1    SANTA ANA, CALIFORNIA; TUESDAY, DECEMBER 13, 2022; 1:00 P.M.
                 2                              ---
                 3             THE CLERK:  Calling CV-22-07775-JWH, Entropic
                 4    Communications, LLC., vs. DIRECTV, LLC, et al; and case
        01:00PM  5    number CV-22-07959-JWH, Entropic Communications, LLC, vs.
                 6    Dish Network Corporation, et al.
                 7             Counsel, please state your appearance for the
                 8    record, beginning with the plaintiff.
                 9             MR. SHIMOTA:  James Shimota appearing on behalf of
        01:01PM  10   plaintiff Entropic from the law firm of K&L Gates.
                 11            THE COURT:  All right.  Good afternoon,
                 12   Mr. Shimota.
                 13            MS. GOODRICH:  Good afternoon, Your Honor.
                 14   Christina Goodrich, K&L Gates, for plaintiffs.
        01:01PM  15            THE COURT:  All right.  Good afternoon,
                 16   Ms. Goodrich.
                 17            MR. LO:  Good afternoon, Your Honor.  In the 7775
                 18   case, Jason Lo from Gibson Dunn for the DIRECTV and the AT&T
                 19   defendants.
        01:01PM  20            THE COURT:  All right.  Mr. Lo, good afternoon.
                 21            MR. LO:  Good afternoon.
                 22            MS. TESSAR:  Hello.  Amanda Tessar from Perkins
                 23   Coie on behalf of the DISH defendants.
                 24            THE COURT:  All right.  And good afternoon,
        01:01PM  25   Ms. Tessar.
```

30

The plaintiff's proposed claim construction would happen in April of 2023.  As we said in the joint filing, the defendants suggest a Markman sometime in the summer of 2023.  So when it comes to the Markman, we're actually not that far apart especially if the Court is saying, you know, we'll move everything by 30 days.

Here's the big difference in approach in the two sides.  What the plaintiffs would do is to simultaneously have fact discovery end at about the same time.  So while we are still working through their new infringement contentions, figuring out how to coordinate between the two defendants to figure out what terms to construe and get them construed, they would have all of us jam in the fact discovery at the same time.

So our approach is different from that.  Our approach is under the typical -- I use that in quotations -- Central District approach, we would not be jamming everything in at the same time.  So we would suggest that we do the Markman sometime in the summer of 2023, and then we proceed with the rest of fact discovery, the rest of expert discovery, which leads us sometime into the middle of 2024 for trial.  So that's the real difference in approaches between the two sides.

THE COURT:  Go ahead, Mr. Shimota.

MR. SHIMOTA:  Your Honor, this whole notion that

| | | |
|---|---|---|
| | 1 | to you today. |
| | 2 | THE COURT: Okay. |
| | 3 | Ms. Tessar. |
| | 4 | MS. TESSAR: I was just going to point out that |
| 01:41PM | 5 | we're requesting a trial in the summer of 2024, which is not |
| | 6 | long over two years from when this case was filed. We had a |
| | 7 | situation here where we spent four or five months doing venue |
| | 8 | discovery and briefing venue issues. So to me that seems |
| | 9 | like a pretty prompt and reasonable time to trial. |
| 01:41PM | 10 | THE COURT: Well, forgive me for interrupting you, |
| | 11 | but let me again cut to the chase. The way I'm going to |
| | 12 | handle this case is let's do claim construction. Then you |
| | 13 | can turn to your fact discovery. |
| | 14 | Now, that doesn't preclude plaintiff from making a |
| 01:42PM | 15 | summary judgment motion -- well, you've got to comply with |
| | 16 | the local rules and my standing order. But under local Rule |
| | 17 | 7-3, you can file it seven days after you have a meet and |
| | 18 | confer. You can have a meet and confer today and file it a |
| | 19 | week from today. |
| 01:42PM | 20 | But you get one summary judgment motion. I'll give |
| | 21 | you, kind of one per related party, one for DISH and one for |
| | 22 | DIRECTV. |
| | 23 | If you want to file it immediately, you know, good |
| | 24 | luck with that, but that's your shot. So I'm not precluding |
| 01:42PM | 25 | you from doing that. |

|  |  |
|---|---|
| 1 | MR. SHIMOTA: Am I correct in understanding, |
| 2 | Your Honor, that fact discovery is going to stop until we do |
| 3 | Markman, or are we going to move forward with fact discovery |
| 4 | concurrently? |
| 01:42PM 5 | THE COURT: Well, is anybody asking for an order |
| 6 | limiting the discovery that can be done? |
| 7 | MR. SHIMOTA: We certainly are not. |
| 8 | THE COURT: You're not. Are defendants? |
| 9 | MS. TESSAR: We would love that if you're amenable |
| 01:43PM 10 | to that. I think it makes a ton of sense to wait and know |
| 11 | with the constructions are before we keep going with a lot of |
| 12 | expensive discovery. |
| 13 | THE COURT: What discovery is plaintiff going to do |
| 14 | of defendants' so-called fact discovery, not claim |
| 01:43PM 15 | construction related? |
| 16 | MR. SHIMOTA: We would -- there are -- I believe we |
| 17 | understand their products, but there's obviously at the -- |
| 18 | you know, at the places where there are ambiguities and |
| 19 | things, we'd like to take depositions. We'd like to start |
| 01:43PM 20 | doing that. |
| 21 | I actually do have a question for Your Honor, just |
| 22 | logistically -- |
| 23 | THE COURT: Well, hold on one second. So under the |
| 24 | Eastern District rules and schedule set up there, you could |
| 01:43PM 25 | have done that, correct? |

|  |  |  |
|---|---|---|
|  | 1 | MR. SHIMOTA: Well, we -- we have their technical |
|  | 2 | documents. We're still getting some of those. They're still |
|  | 3 | completing their production of their technical -- |
|  | 4 | THE COURT: So if Judge Gilstrap had denied the |
| 01:43PM | 5 | motions to transfer, you would -- |
|  | 6 | MR. SHIMOTA: Yes, we certainly could have taken |
|  | 7 | depositions. |
|  | 8 | THE COURT: Today you'd be doing fact discovery? |
|  | 9 | MR. SHIMOTA: Correct. And the question I have, if |
| 01:44PM | 10 | I could ask, is this one thing that we want to figure out |
|  | 11 | concerning local practices. We intend to serve a 30(b)(6) |
|  | 12 | notice on specific technical topics. We'd like Your Honor's |
|  | 13 | guidance as to whether or not we need to file one omnibus |
|  | 14 | 30(b)(6) notice or if you can serve them, you know, break |
| 01:44PM | 15 | them up into discrete topics to be efficient. We can do it |
|  | 16 | either way, but that's something that we're -- |
|  | 17 | THE COURT: Have you met and conferred about this? |
|  | 18 | MR. SHIMOTA: We will -- |
|  | 19 | THE COURT: I'm sorry? |
| 01:44PM | 20 | MR. SHIMOTA: No, we have not, Your Honor. |
|  | 21 | THE COURT: Okay. Meet and confer on it. |
|  | 22 | MR. SHIMOTA: Okay. Thank you. |
|  | 23 | THE COURT: If you -- if you cannot reach an |
|  | 24 | agreement, then a party can file an appropriate motion or |
| 01:44PM | 25 | seek guidance from Judge McDermott or me as may be |

|   |   |
|---|---|
| | 1 appropriate. |
| | 2 Okay. So I am not going to limit discovery at this |
| | 3 time. If defendants want to file an appropriate motion and |
| | 4 establish good cause, I'll listen to that. Meet and confer |
| 01:45PM | 5 first. |
| | 6 The status quo of the default is that there is no |
| | 7 limitation on discovery that can be taken once you get past |
| | 8 your Rule 26(f) conference, which you did some time ago. |
| | 9 Okay. So ordinarily I would hear more from you. |
| 01:45PM | 10 But to move this along, I'm inclined to have the parties |
| | 11 stick with the patent rules established in the Eastern |
| | 12 District of Texas with -- but I wanted to discuss a couple of |
| | 13 things. |
| | 14 One was local patent rule 3-1, which has already |
| 01:46PM | 15 been the topic of conversation. And 3-3, invalidity |
| | 16 contentions, mostly a timing issue there. And 3-6, amending |
| | 17 contentions; 3-7, opinion of counsel defenses. Then these |
| | 18 are scheduling issues -- 4-1, 4-2, 4-3, 4-4 and 4-5, and 4-6. |
| | 19 Those are all scheduling issues. |
| 01:46PM | 20 So I guess what I'm saying is substantively I'm |
| | 21 happy with the Eastern District of Texas rules that you've |
| | 22 been operating under, but schedule wise let's relax the |
| | 23 schedule set forth in here a bit. And ordinarily I would |
| | 24 tell you to go meet and confer and see if you can come up |
| 01:46PM | 25 with a schedule. |

|  |  |
|---|---|
| 1 | MS. TESSAR: Good for DISH. |
| 2 | THE COURT: Okay. The next item is response to |
| 3 | amended pleadings. For the same reason I noted a moment ago, |
| 4 | that's not applicable. |
| 01:51PM  5 | Next, complete claim construction discovery. That |
| 6 | looks like it's not quite two weeks after the disclosure of |
| 7 | rebuttal expert testimony. Let's go two weeks, April 7th to |
| 8 | April 21st. Any issues? Problems? |
| 9 | MR. SHIMOTA: No problem, Your Honor. Thank you. |
| 01:51PM 10 | MS. TESSAR: I think that should work. |
| 11 | THE COURT: Okay. The next event is complete |
| 12 | document production and exchange privilege logs. It looks |
| 13 | like it's two weeks later. So if we go April 21st to |
| 14 | May 5th. |
| 01:51PM 15 | MS. TESSAR: Your Honor, that's one where unless |
| 16 | it's limited to claim construction, I think probably that is |
| 17 | very, very soon to have that deadline for all fact discovery |
| 18 | before we have a Markman hearing. We would suggest -- I |
| 19 | mean, that would not be normally a date that would be imposed |
| 01:52PM 20 | in this district, so we would suggest for that one that we |
| 21 | just remove it like we did for the -- |
| 22 | THE COURT: Oh, so you're saying that the Eastern |
| 23 | District of Texas deadline to complete document production |
| 24 | and exchange privilege logs pertains not merely to claim |
| 01:52PM 25 | construction but all discovery? |

```
 1              MS. TESSAR:  That's correct.
 2              THE COURT:  Okay.  Plaintiff, concur?
 3              MR. SHIMOTA:  I mean, we're fine moving the fact
 4   discovery date as long as we stick with the general schedule.
 5   If they want to push fact discovery out further, we're fine
 6   with that.
 7              THE COURT:  Okay.  So I'm not going to set this
 8   deadline.  I thought it pertained only to claim construction
 9   discovery.
10              MR. SHIMOTA:  I -- I might suggest, Your Honor,
11   just for efficiency that we set a date for exchanging
12   privilege logs, though.  Is that fine for us to have, to use
13   that date?
14              MS. TESSAR:  Why don't we confer about that.
15              THE COURT:  Meet and confer on that one.
16              MR. SHIMOTA:  Okay.
17              THE COURT:  Now, we've got claim construction
18   briefs.  My preference here is to have simultaneous opening
19   briefs and simultaneous responsive briefs.  If we do that,
20   under this schedule that first brief is due two weeks after
21   complete claim construction discovery.  Is that enough time,
22   or should there be a little bit longer time?
23              MS. TESSAR:  I think for the defendants we'll need
24   longer because we're going to -- I'm assuming you want a
25   joint submission from us.  So the process of coordinating
```

|  |  |  |
|---|---|---|
| 01:59PM | 1 | side. When I say side, I am grouping defendants. We'll play |
|  | 2 | it by ear when we get there. If it takes more time, it takes |
|  | 3 | more time, but that's what you should anticipate in terms if |
|  | 4 | you're going to have a PowerPoint presentation or whatever |
|  | 5 | you're going to do. I obviously will have read and done my |
|  | 6 | best to digest your respective filings. |
|  | 7 | Yes. Question? |
|  | 8 | MS. TESSAR: Just a question. What is your view on |
|  | 9 | technical tutorials? Do you want something live? Do you |
| 01:59PM | 10 | want CDs submitted beforehand? What is your preference? |
|  | 11 | THE COURT: We've done it different ways. Why |
|  | 12 | don't you meet and confer. And if you have -- if it becomes |
|  | 13 | apparent to the parties jointly that a tech tutorial would be |
|  | 14 | beneficial, see if you can suggest something in advance of |
| 02:00PM | 15 | this July 11th hearing. |
|  | 16 | MR. SHIMOTA: We'll do that, Your Honor. Thank |
|  | 17 | you. |
|  | 18 | THE COURT: All right. That's the last deadline |
|  | 19 | I'm going to set at this point. Let's see what the world |
| 02:00PM | 20 | looks like when I issue my claim construction order, and then |
|  | 21 | I'll set a case schedule after that. |
|  | 22 | I don't want to take another year and a half from |
|  | 23 | there. I will expect you to be, you know, once you get the |
|  | 24 | claim construction order teed up for summary judgment |
| 02:00PM | 25 | motions, if it can be resolved that way, or prepare for |