# EXHIBIT

# J

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

*Additional Counsel Listed in Signature Block*

**ATTORNEYS FOR DISH NETWORK CORPORATION,
DISH NETWORK L.L.C., AND DISH NETWORK
SERVICE L.L.C.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | No. 2:22-cv-07775-JWH-JEM<br><br>**DISH'S REQUEST FOR CLARIFICATION REGARDING SCHEDULING ORDER**<br><br>Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | No. 2:22-cv-07959-JWH-JEM<br>(Member Case) |

DISH seeks clarification regarding the Court's intentions for pre-Markman discovery in this case. The Court's clarification will likely dispel the need for the parties to file a spate of discovery motions regarding the timing and scope of document productions and depositions.

By way of background, at the Status Conference in this case on December 13, 2022, the Court explained that it wanted to see the fallout from its claim construction order, including its effects on summary judgment motions, before setting a full schedule for this case. It therefore declined Entropic's invitations to set: (a) a deadline for the substantial completion of document productions; (b) a deadline for the close of fact discovery; and (c) a trial date. (*See* Status Conf. Tr., Exh. A[1] at 43:18-21 (explaining that the date for the Markman hearing is "the last deadline I'm going to set at this point. Let's see what the world looks like when I issue my claim construction order, and then I'll set a case schedule after that."); *see also id. at* 30:7-23 (DirecTV argument regarding fact discovery timing); 38:11-39:9 (declining to set deadline for substantial completion of production); 32:4-35:8 (indicating the Court's initial view that, "The way I'm going to handle this case is let's do claim construction. Then you can turn to your fact discovery."; then pivoting to allow some fact discovery to proceed in parallel); *see also* Dkt. 176 (minute order setting schedule through Markman hearing).

The Court's logic for this commonsense approach was that the claim construction hearing in July will presumably affect the size and shape of this case going forward. Certain patent claims or even entire patents may drop out of the case, depending on how claim terms are construed. Additional new discovery might be needed after the claim construction hearing, depending on the constructions adopted. Because it is too early to gauge what will need to be done,

---

[1] All exhibits are attached to the Bervik Declaration submitted with this Request.

the Court logically wanted to wait to set the remainder of the case schedule.

Since the Status Conference, DISH has provided supplemental invalidity contentions, the parties have exchanged claim terms and proposed constructions, and they are in the process of conferring regarding the Joint Claim Construction Statement. Each side has served dozens of RFPs. Over the holidays, Entropic for the first time requested that DISH make source code available for review, and DISH is in the process of negotiating the scope of that request and collecting code.[2] Both sides have served certain third-party subpoenas. Entropic has served ten Rule 30(b)(1) deposition notices on DISH, with depositions starting in less than two weeks, as well as a Rule 30(b)(6) notice that contains *105 separate topics* covering every topic in the case (and more), and DISH has served objections to those topics.

Meanwhile, DISH has also filed *inter partes* review ("IPR") challenges with the Patent Trial and Appeal Board for all three asserted patents, and it has informed Entropic that it will move to stay this case in light of those IPRs. It anticipates filing that motion as soon as Entropic provides its position on it.

Despite the guidance from the Court at the Status Conference and the events since, Entropic recently announced that it intends to complete *all* fact discovery in this case before the Markman hearing in mid-July. And Entropic is behaving accordingly, aggressively pushing forward, despite the fact that its approach is unnecessary in light of the framework that the Court set out for the parties.

As part of its rush to complete all fact discovery, Entropic appears fixated on filing motions to compel against DISH, skipping any attempts to have a normal meet-and-confer on any topic and jumping immediately to the threat of Local Rule

---

[2] DISH has collected source code and is preparing to make available those source code files that relate to functionalities relevant to this case, but there is a brewing dispute about whether code for functionalities that are not relevant to this case must be made available for review, and the parties are in the process of conferring regarding this dispute.

-2-

37-1 motions to compel.[3]  Indeed, in the past two weeks, Entropic has sent five separate Local Rule 37-1 letters that collectively raise dozens of different discovery disputes.  These letters cover a range of topics, including technical document productions, source code, damages data, license productions, the need for email discovery, marketing documents, the sufficiency of DISH's RFP objections, and more.[4]  (Exhs. B to F.)

Meanwhile, Entropic insists on moving forward with depositions on all 105 topics and a plethora of individual depositions—and has announced its stated intention to force DISH to file a series of motions for protective orders for individual and 30(b)(6) depositions.  It takes this position despite the fact that it has not yet reviewed DISH's source code and there appears to be a range of document-related issues on which it plans motions to compel.  DISH has explained that it will not produce the same witness multiple times, and that the parties should wait until the resolutions of the outstanding document disputes and DISH's forthcoming motion to stay and until the Court issues a claim construction order before moving forward with depositions.  Entropic will not listen.  It insisted on serving notices setting depositions for dates from March 20 to April 10, 2023.

---

[3]  Entropic has taken this to such an extreme that, where DISH has responded to overbroad RFPs by offering to confer regarding scope, Entropic has sent a Local Rule 37-1 letter, before it has made any attempt to reach a compromise and before it knows whether an actual dispute exists.  (*See* Exh. D at 2 (Entropic demanding a meet-and-confer under L.R. 37-1 because "DISH's response to RFP No. 7 states that DISH wishes to meet and confer related to this RFP.  Please provide your availability to meet and confer.").)

[4]  Notably, Entropic is in no rush to *provide* discovery; it is only aggressive about *taking* discovery.  DISH has waited for weeks or months for responses to questions or deficiencies that it has raised to Entropic.  Entropic has asked for extra time to prepare its responses to DISH's discovery requests, and DISH has consented to such requests.  To date, Entropic has produced less than 1,100 pages of documents, most of which are just the asserted patents' public file histories.  Given DISH's understanding of the Court's preferences for the timing of events in this case and the impending motion to stay, DISH has not so far moved to compel.

-3-

(Exh. F.) And it now insists that DISH must file motions for protective order and that it will simply re-depose everyone involved after document productions are complete. This makes no sense.

Before the parties inundate the Court with a spate of discovery motions, DISH seeks guidance and clarification regarding the case schedule and the Court's intentions for pre-Markman discovery. Based on the Status Conference, DISH's understanding is that the Court did not intend for the parties to complete *all* discovery before the issuance of a claim construction order. Hence, DISH does not understand the forced urgency from Entropic—especially when this case may soon be stayed and involves only money damages for three purchased patents that are so old that two of them expire in less than a year. DISH believes that depositions should not proceed before document production disputes have been resolved and document productions are complete or substantially complete. Most courts addressing scheduling issues in patent cases today delay the bulk of fact discovery until after Markman, and it is not clear why this case would proceed on a different path, contrary to the initial instincts and leanings of this Court.

DISH therefore requests that the Court clarify the scheduling order found in Docket No. 176 to indicate that:

- Other than expert witnesses who provide a declaration in support of a Markman brief, no depositions will be taken until after the Markman hearing and after productions, including source code, are substantially complete; and

- Until the Markman hearing, written discovery on claim construction issues should be prioritized, and any other written discovery should not burden or interfere with the Markman briefing or hearing, or related preparations.

### LOCAL RULE 7-3 CERTIFICATION

It is not clear that Local Rule 7-3 applies to this Request for Clarification. Nevertheless, DISH conferred with Entropic by email on March 6 and 7, 2023,

regarding the issues raised here, and this motion is made following those discussions by email. Entropic opposes the relief sought here.

DISH understands that DirecTV does not oppose the relief sought here, but that it may make a separate submission to the Court to express its views on these issues relating to the interpretation of the Court's Minute Order.

Dated: March 8, 2023

**PERKINS COIE LLP**

By: /s/ Amanda Tessar
     Amanda Tessar

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
Trevor Bervik (admitted *pro hac vice*)
TBervik@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 140
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Daniel T Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: +1.503.727.2000
Fax: +1.503.727.2222

**ATTORNEYS FOR DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served March 8, 2023 to all counsel of record via ECF.

/s/ *Amanda Tessar*
Amanda Tessar

No. 2:22-cv-7775-JWH-JEM
DISH'S REQUEST FOR CLARIFICATION