# EXHIBIT K

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

*Additional Counsel Listed in Signature Block*

**ATTORNEYS FOR DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | No. 2:22-cv-07775-JWH-JEM<br><br>**DISH'S REPLY REGARDING REQUEST FOR CLARIFICATION REGARDING SCHEDULING ORDER**<br><br>Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | No. 2:22-cv-07959-JWH-JEM<br>(Member Case) |

DISH submits this short reply to address a fundamental problem with Entropic's response brief: The dispute here is not, as Entropic attempts to re-cast it, whether discovery is open. DISH does not debate that and has been actively participating in the discovery process, with multiple disputes about the scope of requests and productions currently in the process of being resolved. Instead, the dispute here is whether ***all*** discovery must be completed before the Markman hearing, as Entropic demands, and ***all*** depositions must be completed in March and April, as Entropic insists. Entropic ignores that reality to distort facts. The Court never suggested that the case would proceed on such an expedited schedule, nor is there any reason for it do so.

Additionally, Entropic's brief is riddled with other errors, problems, and omissions that require immediate correction. These include:

- Entropic states: "[R]emarkably, DISH omits the above-referenced exchange from its filing." That is incorrect. In fact, DISH did cite this portion of the transcript on page 1 of its Request. *See* Dkt. 184 at 1 (citing "32:4-35:8 (indicating the Court's initial view that, "The way I'm going to handle this case is let's do claim construction. Then you can turn to your fact discovery."; ***then pivoting to allow some fact discovery to proceed in parallel***).")) (emphasis added). It is Entropic that ignores both the context of this exchange ***and*** the fact that nothing in this exchange suggests that all discovery must be completed by July and all depositions must be completed in March and April.

- Entropic complains that it did not have notice that DISH was going to request clarification from the Court. But that is exactly what DISH told Entropic that it would do, and exactly what Entropic said that it would oppose. *See* Exh. H at 3/6/23 email ("Given Entropic's apparent intent to force multiple motions to compel and/or motions for protective order on individual issues one-by-one, **DISH intends to request clarification from Judge Holcomb** as to his intentions for pre-Markman discovery ….").

- Entropic misstates the discovery record to suggest that DISH has delayed, but nothing could be further from the truth. DISH complied with all of its Eastern District of Texas discovery obligations, and Entropic never suggested otherwise. Indeed, while in the Eastern District of Texas,

-1-

Entropic initially praised the thoroughness of DISH's technical production. Tessar Decl., ¶2. Since this case was transferred to this District, DISH has responded to all overbroad RFPs from Entropic (and without the extensions that Entropic requested for its own responses), and the parties are in the process of negotiating the scope of what DISH will produce. But DISH certainly has not unilaterally refused to produce documents. It is Entropic's overreaching that is instead forcing extra work and inefficiencies.

- As Entropic knows, DISH has collected source code that could be ready for review this month. The only thing holding up this process is Entropic's overbroad demands for irrelevant code, which the parties are in the process of discussing.

- Entropic does not deny, but ignores, that DISH has repeatedly stated that it does not make sense to blindly push forward with depositions before the parties resolve the outstanding document production disputes.

- Entropic correctly states that it has offered to confer with DISH regarding dates and locations of depositions, but ignores that it has insisted that it will not move the noticed March dates for all DISH depositions (starting on March 20th) unless DISH offers other dates in March and April, such that all depositions will be completed by the end of April. *See* Ex. H at 3/7/2023 email ("If DISH would like to provide alternate dates for the witnesses **in March or April**, we are of course willing to attempt accommodation."); Tessar Decl., ¶3 (confirming that Entropic refused to move the noticed dates unless DISH agreed to other dates in March or April). *Compare* Response at 6 (Entropic ignoring this timing aspect of its position).

- Entropic is the party that is delaying DISH's motion to stay pending IPR. This motion is ready to file, but Entropic refuses to confer until the full seven days have passed for such a conference, even though it will obviously oppose, and it presumably will not waive the 7-day waiting period for the filing of such a motion, stretching the briefing/hearing schedule as long as possible, such that there will not be a decision until after claim construction briefing has started. Entropic is hardly in a position to point fingers in any questions about delay and case schedule at this point.

-2-

No. 2:22-cv-7775-JWH-JEM
DISH'S REPLY RE REQUEST FOR CLARIFICATION

EX K
Page 92

For all of these reasons, DISH requests that the Court provide DISH's requested clarification. Although DISH does not understand that "good cause" is the standard for clarifying the Court's intent, there is clearly good cause for it to do so.

Dated: March 10, 2023

**PERKINS COIE LLP**

By: */s/ Amanda*
   Amanda Tessar

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
Trevor Bervik (admitted *pro hac vice*)
TBervik@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 140
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Daniel T Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: +1.503.727.2000
Fax: +1.503.727.2222

**ATTORNEYS FOR DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served March 10, 2023 to all counsel of record via ECF.

*/s/ Amanda Tessar*
Amanda Tessar

-4-