# EXHIBIT Q

Amanda Tessar, Bar No. 33173
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone:   +1.303.291.2300
Facsimile:   +1.303.291.2400

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:   +1.858.720.5700
Facsimile:   +1.858.720.5799

*Additional Counsel Listed in Signature Block*

**ATTORNEYS FOR DISH NETWORK CORPORATION,
DISH NETWORK L.L.C., AND DISH NETWORK
SERVICE L.L.C.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:22-cv-07775-JWH-JEM |
| Plaintiff, | **DISH DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION** |
| v. | |
| DIRECTV, LLC and AT&T SERVICES, INC., | Assigned to the Hon. John W. Holcomb |
| Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:22-cv-07959-JWH-JEM (Member Case) |
| Plaintiff, | |
| v. | |
| DISH NETWORK CORPORATION, DISH NETWORK L.L.C. and DISH NETWORK SERVICE L.L.C., | |
| Defendants. | |

-1-

1   Pursuant to the Federal Rules of Civil Procedure (including at least Rules 26
2   and 30), the applicable Local Civil Rules of the United States District Court for the
3   Central District of California, and any applicable Standing Orders (collectively, the
4   "applicable rules"), Defendants DISH Network Corporation, DISH Network L.L.C.,
5   and Dish Network Service L.L.C. (collectively, "DISH") respond by and through
6   their counsel to Plaintiff Entropic Communications, LLC's ("Entropic" or
7   "Plaintiff") Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice') in
8   accordance with the requirements of the applicable rules ("Responses").

9   DISH does not agree that the deposition will take place on February 8, 2023–
10  roughly two weeks after DISH was served with the Notice, which contains over one-
11  hundred topics ("Topics") for examination–and objects on that basis.  DISH also
12  objects to providing a witness for multiple depositions.  To the extent DISH provides
13  a witness to testify regarding one or more Topics, any 30(b)(1) deposition of the
14  witness will occur at the same time, or not at all.  Finally, DISH objects to Entropic's
15  mandate that DISH provide it with "ten (10) business days notice before the date of
16  the deposition of the name(s) and title(s) of the designee(s) who will testify on
17  DISH's behalf."  DISH will provide the names of its designees, and their associated
18  Topics, at such times mandated by the applicable rules.

19  DISH objects to the timing of this 30(b)(6) Notice and to Entropic's insistence
20  that 30(b)(6) depositions occur in the immediate future.  Discovery is at its early
21  stages, and there is presently no close of fact discovery set by the case schedule.
22  Entropic only recently served its Supplemental Infringement Contentions, which
23  DISH continues to review.  DISH has identified deficiencies in Entropic's
24  Supplemental Infringement Contentions as to at least one asserted patent, which
25  Entropic has yet to resolve.  Entropic has not yet examined any DISH source code,
26  which DISH is in the process of collecting, but collection has been complicated
27  based on Entropic's confusing and incomplete infringement theories in the deficient
28  Supplemental Infringement Contentions.  No third-party discovery has occurred,

-2-

1  including of the relevant DISH suppliers, which DISH identified to Entropic nearly

2  eight months ago.  No claim construction issues have been briefed, although they

3  have been identified, and the *Markman* hearing is over five months away.  While

4  DISH ultimately agrees herein to provide a witness on certain Topics within this

5  Notice, and expects to reach further agreement with Entropic through the conferral

6  process, DISH objects to providing any such witness now at this stage in the case.

7  ### **GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

8  DISH incorporates by reference each and every General Objection set forth

9  below into each and every specific Response.  Occasionally a specific Response may

10  repeat a General Objection for emphasis or some other reason.  The failure to include

11  any General Objection in any specific Response does not constitute a waiver of any

12  General Objection to that Response.

13  By responding to the Topics, DISH does not waive any objection that may be

14  applicable to 1) the use, for any purpose, by Entropic of any testimony given in

15  Response to Entropic's Topics; or 2) the admissibility, privilege, relevancy,

16  authenticity, or materiality of any of the testimony to any issue in the case.  DISH

17  expressly reserves the right to object to the use of these Responses, the subject matter

18  contained herein, or the testimony provided in connection herewith during any

19  subsequent proceeding, including the trial of this or any other action.

20  DISH is not making any incidental or implied admissions by its Responses to

21  these Topics, except for explicit facts admitted herein.  DISH's Response to any of

22  these Topics, or parts thereof, should not be taken as an admission that DISH accepts

23  or admits the existence of any facts set forth or assumed by any of the Topics.

24  DISH's objections and Responses to Entropic's Topics are made to the best

25  of DISH's current knowledge, understanding, and belief as to the facts and

26  information available to it as of the date of these objections and responses.  If

27  Entropic subsequently asserts an interpretation of any Topic that differs from

28

DISH's understanding, DISH reserves the right to modify or supplement its Response.

DISH objects to the Notice and Entropic's definitions, including any instructions therein, to the extent they purport to impose obligations on DISH and its counsel beyond those imposed by the applicable rules.

By stating that it will provide a witness in Response to any particular Topic, DISH makes no representation that any information relevant to the Topic exists.

DISH objects to the following definitions and incorporates its objections into its Responses to each Request using the definitions.

1.     DISH objects to the definitions of "Defendants," "you," and "your" (and any capitalization thereof) as overly broad, unduly burdensome, and disproportionate to the needs of this Notice.  Here, Entropic's definition includes a number of entities other than DISH's employees and officers, thereby attempting to seek testimony not known to DISH.  DISH will interpret "Defendants," "DISH," "you," and "your" in the Notice to mean the named defendants in this case—*i.e.*, DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C.

2.     DISH objects to the definition of "Plaintiff" to the extent that it seeks to impose on DISH a burden higher than or different from that imposed by the applicable rules.

3.     DISH objects to the definitions of "person" and "persons" to the extent they are unduly broad and purports to impose burdens or requirements upon DISH that exceed or differ from those permitted by the Local Rules and Federal Rule of Civil Procedure 26.  For purposes of responding to this Notice, DISH will understand "person" and "persons" consistent with its ordinary meaning to mean natural person.

4.     DISH objects to the definition of "Third Party" to the extent that it imposes overly broad, unduly burdensome, and disproportionate burdens on DISH with respect to the needs of this Notice.

-4-

5. DISH objects to the definition of "document(s)" to the extent that it seeks to impose on DISH a burden higher than or different from that imposed by the applicable rules.

6. DISH objects to the definition of "communication(s)" to the extent that it seeks to impose on DISH a burden higher than or different from that imposed by the applicable rules.

7. DISH objects to the definitions of "Related Patent," "Related Patents," "Related Application," or "Related Applications" as overly broad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it includes "any patent or patent application filed by or assigned to one or more of the same applicant(s) (or his or her assignees) that refer to any of" the other patents or applications described in the definition. DISH additionally objects to the definition of these terms as vague, ambiguous, and circular, as the first category of patents and applications purportedly included in the definition are those that are "related to any Patent-in-suit." For the purposes of its Responses, DISH will understand these terms to mean "(1) any U.S. or foreign patent or patent application related to any Patent-in- Suit or their applications by way of subject matter or claimed priority date, [or] (2) all parent, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications of the Patents-in-Suit."

8. DISH objects to the definitions of "Accused Instrumentalities," "Accused Instrumentality," and "Accused Product" as vague and ambiguous to the extent that the meaning identified in Entropic's Disclosure of Asserted Claims and Infringement Contentions (including in the operative December 9, 2022 Supplemental Infringement Contentions) contains terminology that does not have any industry meaning and/or uses terminology found only in the asserted patents and therefore is dependent on claim construction and legal conclusions. For example, Entropic uses the term "Signal Selector and Combiner ('SSC') devices" as part of

-5-

its definition of Accused Instrumentalities or Instrumentality.  The phrase "SSC devices" holds no particular meaning to DISH, is not used internally at DISH, and does not identify a particular set of DISH products.  DISH will interpret "Accused Instrumentalities," "Accused Instrumentality" and "Accused Product" as those products that are identified as DISH Pro Hybrid products, namely DISH Pro Hybrid LNBFs and the DPH42 switch, and the Hopper 3 set-top box, as identified in Entropic's Supplemental Infringement Contentions, served on December 9, 2022, which are operative as of the date of these Responses.  DISH further objects that none of its products are SSC devices as the term is used in the asserted patents.  DISH further objects that none of its products are "SSC devices" or "SSC-enabled products," nor do they contain or use "SSC-enabled LNBs" or "SSC-enabled switches," as these terms are used in the asserted patents or by Entropic in its Interrogatories and Infringement Contentions.

9.     DISH objects to the definition of "Accused Services" as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it includes any "service[] provided to customers through the Accused Instrumentalities" that does not relate to the accused functionality or which are provided to customers on accused and not accused products alike.  DISH will interpret "Accused Services" to include the accused functionality of the DISH Pro Hybrid LNBFs, the DPH42 switch, and the Hopper 3 set-top box.

10.     DISH objects to the definitions of "product" or "products" as vague and ambiguous in that it defines something by reference to "a particular function or purpose."  These terms have a plain meaning, and DISH will interpret them in accordance with that plain meaning in preparing its Responses.

11.     DISH objects to the definitions of "thing" or "things" as vague and ambiguous.  These terms have a plain meaning, and DISH will interpret them in accordance with that plain meaning in preparing its Responses.

-6-

12. DISH objects to the definitions of "thing" and "things" to the extent that it seeks to impose on DISH a burden higher than or different from that imposed by the applicable rules.

13. DISH objects to the definitions of "infringe" (and any variant thereof) as overly broad and unduly burdensome to the extent it includes theories of infringement not identified in Entropic's Disclosure of Asserted Claims and Infringement Contentions (including in the operative December 9, 2022 Supplemental Infringement Contentions). DISH will interpret "infringe" (and any variant thereof) to cover only those theories of infringement in Entropic's Supplemental Infringement Contentions.

14. DISH objects to the definitions of "concern," "concerning," "pertain," "pertaining," "relate [to]," "relating [to]," "constitute," "constituting," "refer," "referring," "regard," "regarding," "reflect," "reflecting," "relates to," and "related to," to the extent that each imposes overly broad, unduly burdensome, and disproportionate burdens on DISH with respect to the needs of these Topics. To the extent any Topic is proper, DISH will interpret these terms as including nonprivileged material that is relevant and proportional to the needs of the case.

15. DISH objects to any remaining aspect of Entropic's definitions, including any instructions in them, to the extent they impose obligations beyond those required by the applicable rules.

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

**TOPIC NO. 1:**

All facts and circumstances relating to the research, design, and development of each of the Accused Products.

**RESPONSE TO TOPIC NO. 1:**

In response to Topic 1, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have at a research-, design-, and development-level as least insofar because DISH does not design and/or develop third-party components.  DISH additionally objects to this Topic as overbroad and unduly burdensome due to the phrase "[a]ll facts and circumstances," which is not limited to the scope of this case.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic as overlapping with, and at least partially duplicative of, at least Topics 2, 11, 12, and 15.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 11, 12, and 15, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 2:**

Your product development and/or project management process flow, including creation, kick-off, feasibility, research, development, commercialization of products.

**RESPONSE TO TOPIC NO. 2:**

In response to Topic 2, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "products," as the term appears to consider all products not limited to the scope of this case. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have at a research- and development-level as least insofar because DISH does not design and/or develop third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome due to the phrase "product development and/or project management process flow, including creation, kick-off, feasibility, research, development, [and] commercialization," which is not limited to the scope of this case. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as overlapping with at least Topics 1, 11, 12, and 15.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 11, 12, and 15, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 3:**

The structure, features, functionality, and operation of each Accused Products.

**RESPONSE TO TOPIC NO. 3:**

In response to Topic 3, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have as least insofar because DISH does not control the structure, features, functionality, and/or operation of third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as overlapping with at least Topics 16-20 and 25-28.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 16-20 and 25-28, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 4:**

The manufacture and assembly of each of the Accused Products.

**RESPONSE TO TOPIC NO. 4:**

In response to Topic 4, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs

-10-

1   of this case to the extent it seeks information that DISH does not have as least insofar
2   because DISH does not control the manufacture and assembly of third-party
3   components.  DISH additionally objects to this Topic as overbroad and unduly
4   burdensome for its lack of temporal boundaries.

5   Subject to and without waiver of the foregoing general and specific
6   objections, DISH responds as follows: DISH is willing to meet and confer with
7   Entropic regarding the appropriate scope of this Topic.

8   **TOPIC NO. 5:**

9   All facts and circumstances relating to your first awareness of each of the
10  Patents-in-Suit, including the first date of such knowledge, and any actions taken by
11  Defendants as a result of such knowledge.

12  **RESPONSE TO TOPIC NO. 5:**

13  In response to Topic 5, DISH incorporates the General Objections, Objections
14  to the Definitions, and Objections to the Instructions set forth above.  DISH
15  additionally objects to this Topic as overbroad, unduly burdensome, and neither
16  relevant to the claims and defenses in this case nor proportional to the needs of this
17  case to the extent the term "[a]ll facts and circumstances" is overbroad, unduly
18  burdensome, and not relevant to the needs of this case.  DISH additionally objects
19  to this Topic as overbroad and unduly burdensome for its lack of temporal
20  boundaries.  DISH additionally objects to this Topic to the extent that it seeks
21  testimony that is protected by the attorney-client privilege, work product doctrine,
22  or any other applicable privilege, rule, or duty of confidentiality that precludes
23  disclosure of information.

24  Subject to and without waiver of the foregoing general and specific
25  objections, DISH responds as follows: DISH will provide a witness to testify on this
26  Topic.

27
28

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

**TOPIC NO. 6:**

All facts and circumstances relating to your first awareness of any of the Related Patents or Related Applications, including the first date of such knowledge, and any actions taken by Defendants as a result of such knowledge.

**RESPONSE TO TOPIC NO. 6:**

In response to Topic 6, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.  DISH objects to this Topic as vague, ambiguous, and overbroad as to the terms "Related Patents" and "Related Applications" as set forth in DISH's General Objections.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent the term "[a]ll facts and circumstances" is overbroad, unduly burdensome, and not relevant to the needs of this case.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic.

**TOPIC NO. 7:**

The facts and circumstances surrounding when you first became aware of Entropic, and any communication between you and Entropic before filing of this action.

**RESPONSE TO TOPIC NO. 7:**

In response to Topic 7, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.   DISH

additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case at least to the extent the terms "facts and circumstances" and "any communication" are overbroad, unduly burdensome, and not relevant to the needs of this case.  DISH additionally objects to this Topic as the term "Entropic" is not defined and could refer to multiple entities, such as the Plaintiff or to the predecessor entity also called "Entropic."   To the extent this Topic was intended to refer to plaintiff Entropic Communications LLC, then the information requested is duplicative of information in possession of plaintiff, and DISH objects on that basis. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic with respect to the named plaintiff in this case, specifically "Entropic Communications, LLC."

**TOPIC NO. 8:**

Any nonprivileged study, evaluation, opinion, assertion, or analysis of whether the Accused Instrumentalities are or are not covered by any claim of any of the Patents-in-Suit or Related Patents.

**RESPONSE TO TOPIC NO. 8:**

In response to Topic 8, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.  DISH objects

-13-

to this Topic as vague, ambiguous, and overbroad as to the terms "Accused Instrumentalities" and "Related Patents" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case, nor proportional to the needs of this case to the extent it seeks information not covered by any claim of the asserted patents.  DISH additionally objects to this Topic to the extent it calls for a legal conclusion.  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: All information sought by this Topic is privileged and/or is attorney work product, and DISH will therefore not provide a witness to testify on this Topic.

**TOPIC NO. 9:**

Actions taken to avoid infringement of the Patents-in-Suit, including any redesigns of the Accused Products.

**RESPONSE TO TOPIC NO. 9:**

In response to Topic 9, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs

-14-

of this case to the extent it seeks information not covered by any claim of the asserted patents. DISH additionally objects to this Topic to the extent it calls for a legal conclusion. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: All information sought by this Topic is privileged and/or is attorney work product, and DISH therefore will not provide a witness to testify on this Topic.

**TOPIC NO. 10:**

At any time from the release of Your first Accused Instrumentality to present, any design-arounds or non-infringing alternatives for the Accused Instrumentalities, including the cost to implement such design-arounds or non-infringing alternatives, and the advantages and/or disadvantages of the design-around or non-infringing alternatives to the Accused Instrumentalities from the time You began selling the Accused Instrumentality to present, including any study or analysis of cost, benefit/disadvantage, and availability as well as the reasons why You did/have not implemented such alternative.

**RESPONSE TO TOPIC NO. 10:**

In response to Topic 10, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor

proportional to the needs of this case to the extent it seeks information not covered by any claim of the asserted patents.  DISH additionally objects to this Topic to the extent it calls for a legal conclusion.  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.  DISH additionally objects to this Topic as duplicative of Topic 9.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: All information sought by this Topic is privileged and/or is attorney work product, and DISH therefore will not provide a witness to testify on this Topic.

**TOPIC NO. 11:**

All facts and circumstances relating to the research, design, development, and integration of components or products from third-party Broadcom Inc. ("Broadcom") including, but not limited to, the following Broadcom products: Full Band Capture ("FBC") digital channel stackers (such as, but not limited to, the BCM4552 product).

**RESPONSE TO TOPIC NO. 11:**

In response to Topic 11, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "components or products from third-party Broadcom" as incorporating Broadcom products with no relevance to this case.  DISH will only provide a witness for this Topic, if at all, as to the BCM4552 product.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case at least insofar as this Topic seeks "[a]ll facts and circumstances."   DISH additionally objects to this Topic as

-16-

1  overbroad, unduly burdensome, and neither relevant to the claims and defenses in
2  this case nor proportional to the needs of this case to the extent it seeks information
3  that DISH does not have as least insofar as to "research, design, development, and
4  integration of components," which are in the control of Broadcom.   DISH
5  additionally objects to this Topic as overbroad and unduly burdensome for its lack
6  of temporal boundaries.

7      Subject to and without waiver of the foregoing general and specific
8  objections, DISH responds as follows: DISH will provide a witness to testify on this
9  Topic to the extent that it relates to the BCM4552 product.

10  **TOPIC NO. 12:**

11      All facts and circumstances relating to the research, design, development, and
12  integration of components or products from Broadcom including, but not limited to,
13  the following Broadcom products: satellite FBC tuners (such as but not limited to
14  the BCM45216 and/or BCM4538 products).

15  **RESPONSE TO TOPIC NO. 12:**

16      In response to Topic 12, DISH incorporates the General Objections,
17  Objections to the Definitions, and Objections to the Instructions set forth above.
18  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
19  "components or products from Broadcom" as incorporating Broadcom products with
20  no relevance to this case.   DISH objects to this topic with respect to the "BCM4538"
21  product, which is not relevant to this case.   DISH will only provide a witness for this
22  Topic, if at all, as to the BCM45216 product.   DISH additionally objects to this Topic
23  as overbroad, unduly burdensome, and neither relevant to the claims and defenses in
24  this case nor proportional to the needs of this case at least insofar as this Topic seeks
25  "[a]ll facts and circumstances."   DISH additionally objects to this Topic as
26  overbroad, unduly burdensome, and neither relevant to the claims and defenses in
27  this case nor proportional to the needs of this case to the extent it seeks information
28  that DISH does not have as least insofar as to "research, design, development, and

-17-

integration of components," which are in the control of Broadcom. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the BCM45216 product.

**TOPIC NO. 13:**

Defendants' communications and/or interactions with Broadcom, including but not limited to, Defendants' procurement and integration of Broadcom components in Defendants' Accused Products.

**RESPONSE TO TOPIC NO. 13:**

In response to Topic 13, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the BCM4552 and BCM45216 products. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH additionally objects to this Topic to the extent it calls for product "procurement," which is outside the scope of this case. DISH additionally objects to this Topic as duplicative of Topics 52 and 92. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the BCM4552 and BCM45216 products.

**TOPIC NO. 14:**

Any analysis undertaken by or for Defendants, or communicated to Defendants, comparing the Accused Products to any other devices, including but not limited to multiswitches, LNBFs or IRDs.

**RESPONSE TO TOPIC NO. 14:**

In response to Topic 14, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH additionally objects to this Topic to the extent it calls for information not in DISH's control and in the control of a third party. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 15:**

Defendants' implementation and transition from band stacking technology (e.g., DISH Plus, DISH Pro Plus) to digital channel stacking technology (e.g., DISH Pro Hybrid (DPH)).

**RESPONSE TO TOPIC NO. 15:**

In response to Topic 15, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

-19-

DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH additionally objects to this Topic to the extent it is duplicative of Topics 1 and 2. DISH additionally objects to this Topic as overbroad and unduly burdensome at least insofar as it appears to include third-party information not in DISH's control. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the transition from earlier products to DISH Pro Hybrid ("DPH") products.

**TOPIC NO. 16:**

The operation, functionality, and/or performance of Defendants' DPH technology to communicate a plurality of broadband signals over a single cable as illustrated in DISH00003439.

**RESPONSE TO TOPIC NO. 16:**

In response to Topic 16, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH additionally objects to this Topic at least insofar as it recites the phrases "single cable" and "plurality of broadband signals," which are claim terms, call for a legal conclusion, and are undefined here. DISH additionally objects to this Topic to the extent it is duplicative of Topics 3, 17, and 20. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this

Topic to the extent that it relates to digital channel stacking operations of the DPH42 product.

**TOPIC NO. 17:**

The operation, functionality, and/or performance of Defendants' DPH-enabled outdoor units (ODUs), such as DPH-enabled LNBFs and the DPH42, as discussed in DISH00002108, -002307, -003439.

**RESPONSE TO TOPIC NO. 17:**

In response to Topic 17, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case at least insofar as much of the ODU technology sought for in this Topic are not relevant to the technologies at issue in this case. DISH additionally objects to this Topic to the extent it is duplicative of Topics 3, 16, and 20. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to digital channel stacking operations of DPH products.

**TOPIC NO. 18:**

The operation, functionality, and/or performance of Defendants' Hopper 3 (e.g., ZiP1018) as discussed in DISH00001295, -004192.

**RESPONSE TO TOPIC NO. 18:**

In response to Topic 18, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case, nor proportional to the needs of this case at least insofar as much of the Hopper 3 functionality sought for in this Topic are not

-21-

relevant to the technologies at issue in this case. DISH additionally objects to this Topic to the extent it is duplicative of Topic 3. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to Hopper 3 functionality incorporating the BCM45216 product and to Set-top Box Health.

**TOPIC NO. 19:**

The operation, functionality, and/or performance of Defendants' Joey STBs as discussed in DISH00000456, -003439.

**RESPONSE TO TOPIC NO. 19:**

In response to Topic 19, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case at least insofar as the Joey functionality sought for in this Topic is not relevant to the technologies at issue in this case. DISH additionally objects to this Topic to the extent it is duplicative of Topic 3. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 20:**

The operation, functionality, and/or performance of Defendants' Accused Products performing channel stacking functions as discussed in DISH00002108, -002307.

**<u>RESPONSE TO TOPIC NO. 20</u>:**

In response to Topic 20, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and not relevant at least due to the phrase "operation, functionality, and/or performance," which encompasses material outside the scope of the case. DISH additionally objects to this Topic to the extent it is duplicative of Topics 3, 16, and 17. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to digital channel stacking operations of DPH products.

**<u>TOPIC NO. 21</u>:**

The software implemented in Defendants' Accused Products for executing functions performed by the Accused Products including but not limited to communicating a plurality of broadband signals from, for example, a DPH-enabled ODU to a Hopper 3 over a single cable.

**<u>RESPONSE TO TOPIC NO. 21</u>:**

In response to Topic 21, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH additionally

-23-

objects to this Topic at least insofar as it recites the phrases "single cable" and "plurality of broadband signals, which are claim terms, call for a legal conclusion, and are undefined here. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 22:**

The software implemented in Defendants' Accused Products for executing functions performed by the Accused Products including but not limited to, digitizing and filtering a received broadband signal, and selecting and extracting a plurality of signals to be combined into a composite signal.

**RESPONSE TO TOPIC NO. 22:**

In response to Topic 22, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks functions irrelevant to the needs of this case. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

-24-

**TOPIC NO. 23:**

The design, development, creation, modification, and testing of the software, middleware, and/or firmware for the Accused Products.

**RESPONSE TO TOPIC NO. 23:**

In response to Topic 23, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it appears to seek all software functionality, including those clearly not relevant to the needs of the case. DISH additionally objects to this Topic as being duplicative of Topics 21 and 22. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 21 and 22, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics, and is otherwise willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 24:**

Communications between Defendants' Accused Products, including but not limited to the process by which a DPH-enabled ODU obtains information from the Hopper 3 and the information communicated between the DPH-enabled ODU and Hopper 3 products.

**RESPONSE TO TOPIC NO. 24:**

In response to Topic 24, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and not relevant at least due to the phrase "communications," which encompasses material outside the scope of the case. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to digital channel stacking communications between DPH products and the Hopper 3.

**TOPIC NO. 25:**

The operation and functionality of Defendants' Accused Products to digitize an incoming signal using FBC technologies as described in the '008 Patent.

**RESPONSE TO TOPIC NO. 25:**

In response to Topic 25, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have as least insofar because DISH does not control the structure, features,

-26-

functionality, and/or operation of third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on information known to DISH related to wideband digitization as used in DPH products.

**TOPIC NO. 26:**

The operation and functionality of Defendants' Accused Products to digitize an entire television spectrum as described in the '008 Patent.

**RESPONSE TO TOPIC NO. 26:**

In response to Topic 26, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic at least insofar as it recites the phrase "entire television spectrum," which is a claim term, calls for a legal conclusion, and is undefined here. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have as least insofar because DISH does not control the structure, features, functionality, and/or operation of third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of Topic No. 25.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 27:**

The operation and functionality of Defendants' Accused Products to enable Defendants to remotely monitor Defendants' equipment located at a customer's premises.

**RESPONSE TO TOPIC NO. 27:**

In response to Topic 27, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic at least insofar as it recites the phrase "remotely monitor," which is vague and undefined. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have at least insofar as DISH does not control the structure, features, functionality, and/or operation of third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on information known to DISH related to Set Top Box Health capabilities.

**TOPIC NO. 28:**

The structure, features, functionality, operation, and algorithms of the Grasshopper CSR Architecture described in DISH00001331, including, but not limited to, the "STB H IP Takeover" feature in the Grasshopper architecture.

-28-

**RESPONSE TO TOPIC NO. 28:**

In response to Topic 28, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad at least as to the phrase "structure, features, functionality, operation, and algorithms." DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information that DISH does not have as least insofar because DISH does not control the structure, features, functionality, and/or operation of third-party components. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on information known to DISH related to Grasshopper CSR Architecture, as described in DISH00001331.

**TOPIC NO. 29:**

The software, middleware, firmware, APIs and/or source code related to usage of Broadcom's products and components in communication with Broadcom's products in the Accused Products as described in DISH00000779; DISH00001440; DISH00001830.

**RESPONSE TO TOPIC NO. 29:**

In response to Topic 29, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "software, middleware, firmware, APIs, and/or source code" as incorporating Broadcom products with no relevance to this case. DISH will only provide a witness for this Topic, if at all, as to the BCM4552 and BCM45216 products. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither

-29-

1   relevant to the claims and defenses in this case nor proportional to the needs of this

2   case to the extent it seeks information that DISH does not have as least insofar as to

3   "Broadcom's products," which are in the control of Broadcom.  DISH additionally

4   objects to this Topic as overbroad and unduly burdensome for its lack of temporal

5   boundaries.

6          Subject to and without waiver of the foregoing general and specific

7   objections, DISH responds as follows: DISH is willing to meet and confer with

8   Entropic regarding the appropriate scope of this Topic.

9   **TOPIC NO. 30:**

10          The design, development, creation, modification, and testing of the source

11   code for each of the Accused Products.

12   **RESPONSE TO TOPIC NO. 30:**

13          In response to Topic 30, DISH incorporates the General Objections,

14   Objections to the Definitions, and Objections to the Instructions set forth above.

15   DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

16   "design, development, creation, modification, and testing of source code" as

17   incorporating Broadcom products with no relevance to this case.  DISH will only

18   provide a witness for this Topic, if at all, as to the BCM4552 and BCM45216

19   products.  DISH additionally objects to this Topic as overbroad, unduly burdensome,

20   and neither relevant to the claims and defenses in this case nor proportional to the

21   needs of this case to the extent it seeks information that DISH does not have and/or

22   is better obtained from third parties.  DISH additionally objects to this Topic as

23   duplicative of Topic 29.  DISH additionally objects to this Topic as overbroad and

24   unduly burdensome for its lack of temporal boundaries.

25          Subject to and without waiver of the foregoing general and specific

26   objections, DISH responds as follows: To the extent that DISH agrees to provide a

27   witness to Testify on Topic 29, which overlaps with this Topic, DISH agrees to

28

-30-

prepare and provide a witness to testify to the same scope as it did for the overlapping Topic.

**TOPIC NO. 31:**

Your organizational and corporate structure, and all departments, teams, or groups responsible for the development, engineering, operation, distribution and/or sales of the Accused Instrumentalities.

**RESPONSE TO TOPIC NO. 31:**

In response to Topic 31, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH further objects to this Topic as directed to an irrelevant DISH parent entity, which DISH has previously asked Entropic to dismiss, but has received no response. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and not relevant at least due to the phrase "all departments, teams, or groups responsible for the development, engineering, operation, distribution, and/or sales," which encompasses material outside the scope of the case. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 32:**

The identity of each of the Accused Instrumentalities, including the product's name, internal and external model and version number(s), development names, project names, build IDs, and any other designation or nomenclature used to identify

-31-

the Accused Instrumentalities that you have made, used, sold, offered for sale, or imported into the United States since 2016.

**RESPONSE TO TOPIC NO. 32:**

In response to Topic 32, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as seeking information which is duplicative of an Interrogatory and as seeking information which is better obtained as an Interrogatory response.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.

**TOPIC NO. 33:**

Costs to You associated with the Accused Instrumentalities, including manufacturing costs, marketing and advertising costs, costs of sales, research and development costs, and other costs.

**RESPONSE TO TOPIC NO. 33:**

In response to Topic 33, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad,

-32-

1  unduly burdensome, and neither relevant to the claims and defenses in this case nor

2  proportional to the needs of this case to the extent it seeks information that DISH

3  does not maintain at a product level in the ordinary course of its business, such as

4  certain cost information, *e.g.,* research and development.  DISH additionally objects

5  to this Topic as vague and ambiguous as to the difference between the terms

6  "marketing" and "advertising." DISH additionally objects to this Topic as overbroad

7  and unduly burdensome for its lack of temporal boundaries.  DISH additionally

8  objects to this Topic as duplicative of at least Topic No. 54.

9  Subject to and without waiver of the foregoing general and specific

10  objections, DISH responds as follows: DISH will provide a witness to testify on this

11  Topic for the period of time from March 2016 to the present as to the Hopper 3,

12  DISH Pro Hybrid LNBFs, and DPH42 switch, to the extent such information is

13  maintained by DISH at the product level for these products.

14  **TOPIC NO. 34:**

15  Your sales force as it relates to the Accused Instrumentalities, including

16  training of Your sales personnel and sales policies and practice, demonstrations,

17  quality assurance, quality control, contracts and/or agreements with customers, and

18  questions from customers.

19  **RESPONSE TO TOPIC NO. 34:**

20  In response to Topic 34, DISH incorporates the General Objections,

21  Objections to the Definitions, and Objections to the Instructions set forth above.

22  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

23  "Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will

24  only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid

25  LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and

26  ambiguous as to the terms "demonstrations," "quality assurance"/"quality control,"

27  and "questions from customers.  DISH additionally objects to this Topic as

28  overbroad, vague and ambiguous as it relates to DISH's sales force (personnel), but

-33-

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

purportedly includes information about contracts and customers which are not part of a sales force.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to information about DISH's sales force. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 35:**

Sales or offers for sale in the United States of the Accused Instrumentalities, by or on behalf of Defendants, identified by SKU or model number, including the quantity sold, the selling price per unit, the fixed and variable costs attributed to the sale, the profit realized from each sale, the method used to calculate the profit, and any other financial record related to each Accused Instrumentality, including any other revenue received or contract signed by Defendants related to support, maintenance, installation, development or any other services or products which relate to the Accused Instrumentalities.

**RESPONSE TO TOPIC NO. 35:**

In response to Topic 35, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to all sales or offers for sale in the United States, all

-34-

financial components of each sale/offer, all records relating to such sales, and every contract flowing from a sale. The information sought in this Topic is better suited for a document request and the best source of actual revenues will be a document, not a 30(b)(6) witness. DISH additionally objects to this Topic as vague and ambiguous as to the terms "sales … on behalf of Defendants," "financial record related to each Accused Instrumentality," "support," and "any other services or products which relate to the Accused Instrumentalities." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic Nos. 36, 37, 38, 39, and 64.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 38 and 39, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 36:**

Your revenue model for the Accused Instrumentalities, including revenues from hardware sales compared to other sales (e.g., software, subscription, service, maintenance, and support).

**RESPONSE TO TOPIC NO. 36:**

In response to Topic 36, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the term "revenue model," and as to whether information about actual revenues is within the scope of this Topic, because, if so, DISH additionally

objects to this Topic as duplicative of at least Topic Nos. 35, 37, 38, and 39.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 38 and 39, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 37:**

All revenues, including recurring service or subscription revenues, associated with any network connection that involve an Accused Instrumentality at either the client or server side of the connection.

**RESPONSE TO TOPIC NO. 37:**

In response to Topic 37, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentality" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "revenues … associated with any network connection," "network connection that involve [sic] an Accused Instrumentality," and "client or server side of the connection," particularly because all "Accused Instrumentalities" (Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch) are located at a customer premises.   DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic as duplicative of at least Topic Nos. 36, 37, 38 and 39.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a

-36-

witness to Testify on Topics 38 and 39, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 38:**

For each of the Accused Instrumentalities, the specific revenues, number of units sold, and profit generated directly or indirectly from the Accused Instrumentalities in the Accused Instrumentalities from 2016 to the present, per product, including: (a) units sold; (b) monthly or quarterly service, hardware, software revenue; and (c) recurring revenue, including monthly subscription revenue from customers using the Accused Instrumentality, including service, maintenance, and support revenue.

**RESPONSE TO TOPIC NO. 38:**

In response to Topic 38, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the terms "profits generated directly" and "profits generated … indirectly" "from the Accused Instrumentalities," "customers using the Accused Instrumentality," and "support revenue." DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to, for example, monthly revenue information. The information sought in this Topic is better suited for a document request and the best source of actual revenues will be a document, not a 30(b)(6) witness. DISH additionally objects to this Topic as duplicative of at least Topic Nos. 36, 37, 38, 39 and 64.

-37-

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify regarding the sales volume, revenue, and profit information maintained by DISH since March 2016 for the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.

**TOPIC NO. 39:**

For each of the Accused Instrumentalities, on a monthly basis (or quarterly if monthly is not available) from 2016, per product: (a) number of subscribers, (b) service revenue, (c) hardware revenue, (d) average revenue per user (ARPU), (e) average life of customer, and (f) churn rate.

**RESPONSE TO TOPIC NO. 39:**

In response to Topic 39, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the term "churn rate." DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to, for example, monthly subscriber information. The information sought in this Topic is better suited for a document request and the best source of actual revenues will be a document, not a 30(b)(6) witness.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

-38-

**TOPIC NO. 40:**

The cost to You to install or initiate service at a customer location including the hourly rate of technicians, material cost, and time to complete an installation or set-up.

**RESPONSE TO TOPIC NO. 40:**

In response to Topic 40, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about some unidentified "service" being installed and about some unidentified "material" that is implicated. DISH additionally objects to this Topic as vague and ambiguous as to the term "initiating" service.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to, for example, statistics related to installation anywhere in the United States at any point in the last six years.  The information sought in this Topic is better suited for a document request and the best source of actual revenues will be a document (to the extent such documents exist), not a 30(b)(6) witness.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 41:**

Your practices or policies for documenting or tracking service revenues associated with individual Accused Instrumentalities or Accused Services; for

example, how you document or track the revenues associated with any individual client or server device.

**RESPONSE TO TOPIC NO. 41:**

In response to Topic 41, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the terms "service revenues associated with individual Accused Instrumentalities," "track[ing]," and "client or server device." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to produce a witness for Topic 38, which overlaps with this Topic, DISH agrees to prepare and produce a witness to the same scope as it did for the overlapping Topic.

**TOPIC NO. 42:**

Your pricing strategy for each of the Accused Products and Accused Services, including price lists, pricing policies, and the process for setting the price for each of the Accused Products and Accused Services.

**RESPONSE TO TOPIC NO. 42:**

In response to Topic 42, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

-40-

DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "pricing strategy" and "pricing policies."  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify regarding pricing and the process for setting a price for the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 43:**

Your financial strategy for each of the Accused Products Accused Services, including sales plans, financial plans, budgets, and sales projections.

**RESPONSE TO TOPIC NO. 43:**

In response to Topic 43, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, to the

-41-

extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the terms "financial strategy" and "Accused Products Accused Services" "pricing strategy" and "pricing policies." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic No. 55.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 44:**

The historical, current, and projected market share of and market demand for each of the Accused Products and Accused Services, including the product features responsible for market demand.

**RESPONSE TO TOPIC NO. 44:**

In response to Topic 44, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the term "features responsible for market demand." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

-42-

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 45:**

All marketing, advertising and promotion relating to any of the Accused Products and Accused Services including but not limited to third party marketing materials, marketing through sales representatives, international marketing and advertising, including: (a) sales and marketing strategies; (b) development of sales and marketing materials; (c) content of sales and marketing materials; and (d) identification of all vendors, consultants, and/or agencies that worked on the marketing, advertising, and/or promotions.

**RESPONSE TO TOPIC NO. 45:**

In response to Topic 45, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to, for example, "all" marketing, advertising, and promotion, including identification of "all vendors, consultants and/or agencies" involved in the same.  DISH additionally objects to this Topic as overbroad, unduly

-43-

1  burdensome, and neither relevant to the claims and defenses in this case nor
2  proportional to the needs of this case to the extent it seeks information about DISH's
3  "international marketing and advertising." DISH additionally objects to this Topic
4  as vague and ambiguous as to the terms "strategies," "materials," and "worked on."
5  DISH additionally objects to this Topic as overbroad and unduly burdensome for its
6  lack of temporal boundaries.

7      Subject to and without waiver of the foregoing general and specific
8  objections, DISH responds as follows: DISH is willing to meet and confer with
9  Entropic regarding the appropriate scope of this Topic.

10  **TOPIC NO. 46:**

11      Product requirement documents, market studies, consumer surveys, or other
12  reports or analyses prepared by you, prepared on your behalf, or known by you
13  identifying customer or industry preferences concerning the features and
14  functionality of the Accused Instrumentalities.

15  **RESPONSE TO TOPIC NO. 46:**

16      In response to Topic 46, DISH incorporates the General Objections,
17  Objections to the Definitions, and Objections to the Instructions set forth above.
18  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
19  "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will
20  only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid
21  LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad,
22  unduly burdensome, and neither relevant to the claims and defenses in this case nor
23  proportional to the needs of this case as to all "features and functionality," rather
24  than the functionality accused of infringement, and as to "industry preferences."
25  DISH additionally objects to this Topic as vague and ambiguous as to the term "other
26  reports or analyses." DISH additionally objects to this Topic as overbroad and
27  unduly burdensome for its lack of temporal boundaries.

28

-44-

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on this Topic to the extent that it relates to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 47:**

Agreements or licenses concerning any of the Accused Products and/or Accused Services.

**RESPONSE TO TOPIC NO. 47:**

In response to Topic 47, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about any agreements/licenses related to the Hopper 3, DPH42 and DISH Pro Hybrid LNBFs, rather than those agreements/licenses that relate to the accused functionality.  DISH additionally objects to this Topic as duplicative of at least Topic Nos. 39, 43, 54 and 93.  DISH additionally objects to this Topic to the extent that it seeks testimony regarding any third party's confidential information.  DISH will not provide a witness to testify in detail as to any agreement or license prior to meeting any notice or consent obligation regarding that agreement or license with the relevant third-parties.

-45-

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify and as to any agreements or licenses produced in this case.

**TOPIC NO. 48:**

Your policies, procedures and practices regarding licensing patents and technology, including without limitation how You determine to incorporate patented technology into the Accused Instrumentalities, and the nature and identity of the implementation costs, licensing fees, or other costs and benefits that You consider.

**RESPONSE TO TOPIC NO. 48:**

In response to Topic 48, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to the phrases "determine to incorporate patented technology into the Accused Instrumentalities," "nature and identity," and "other costs and benefits that You consider." DISH additionally objects to this Topic as vague and ambiguous in that the Topic calls for policies, procedures, and practices regarding licensing, but what is purportedly "included" in the Topic is not a policy, procedure or practice, but instead actual costs incurred from licensing. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 49:**

Your patent license agreements, and proposed license agreements, whether or not ultimately executed, related to the Accused Instrumentalities and/or other or services, including but not limited to license agreements, covenants, releases, and settlements.

**RESPONSE TO TOPIC NO. 49:**

In response to Topic 49, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about any licenses related to the Hopper 3, DPH42 and DISH Pro Hybrid LNBs, rather than those licenses that relate to the accused functionality. DISH additionally objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to information about "proposed license agreements" that were "not ultimately executed," and as to license agreements related to "other or services." DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to produce a

-47-

1  witness for Topic 47, which overlaps with this Topic, DISH agrees to prepare and
2  produce a witness to the same scope as it did for the overlapping Topic.

3  **TOPIC NO. 50:**

4  Any license, including patent or technology licenses, that You contend covers
5  technology, patents and/or products that are comparable to the Asserted Patents.

6  **RESPONSE TO TOPIC NO. 50:**

7  In response to Topic 50, DISH incorporates the General Objections,
8  Objections to the Definitions, and Objections to the Instructions set forth above.
9  DISH additionally objects to this Topic as overbroad, unduly burdensome, and
10 neither relevant to the claims and defenses in this case nor proportional to the needs
11 of this case to the extent it seeks information about any agreements/licenses related
12 to the Hopper 3, DPH42 and DISH Pro Hybrid LNBFs, rather than those
13 agreements/licenses that relate to the accused functionality.  DISH additionally
14 objects to this Topic as vague and ambiguous as to the term "products that are
15 comparable to the Asserted Patents."  DISH additionally objects to this Topic to the
16 extent it calls for a legal opinion regarding whether a license "covers" a "technology,
17 patent[] and/or product[]," and whether any "technology, patent[] and/or product" is
18 "comparable to the Asserted Patents."  DISH additionally objects to this Topic to the
19 extent that it seeks testimony regarding any third party's confidential information.
20 DISH will not provide a witness to testify in detail as to any agreement or license
21 prior to meeting any notice or consent obligation regarding that agreement or license
22 with the relevant third-parties.  DISH additionally objects to this Topic to the extent
23 DISH witnesses are unable to testify to any highly confidential or restricted
24 confidential information produced by Entropic that might otherwise be responsive
25 to this Topic.  DISH additionally objects to this Topic as being premature under the
26 scheduling order in this case, as discovery is in its early stages, and further because
27 it is the subject of expert testimony.

28

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: At this time, DISH will not provide a witness to testify on this Topic in view of its objections, including at least because that this Topic is premature.

**TOPIC NO. 51:**

Any litigation settlements or judgments obtained by You in patent litigation and the bases of Your damages claims in those litigations.

**RESPONSE TO TOPIC NO. 51:**

In response to Topic 51, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks testimony about any litigation involving DISH, regardless of the product, technology, or feature at issue. DISH additionally objects to this Topic to the extent DISH witnesses are unable to testify to any highly confidential or restricted confidential information produced in that it might otherwise be responsive to this Topic. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 52:**

Any indemnification agreements relating to the Accused Instrumentalities, including agreements and communications related to those agreements and any demand for indemnification.

**RESPONSE TO TOPIC NO. 52:**

In response to Topic 52, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 53:**

All facts and circumstances relating to all actual or proposed agreements or licenses concerning the manufacture, distribution, marketing, or sale of any of the Accused Products and/or Accused Services, including any express or implied licenses to practice any Patents-in-Suit

**RESPONSE TO TOPIC NO. 53:**

In response to Topic 53, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's

-50-

General Objections.  DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to, for example, "all" facts and circumstances related to any actual or proposed license for the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to "proposed agreements."  DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.  DISH additionally objects to this Topic as duplicative of at least Topic No. 47.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to produce a witness for Topic 47, which overlaps with this Topic, DISH agrees to prepare and produce a witness to the same scope as it did for the overlapping Topic.

**TOPIC NO. 54:**

The relationship between you and any non-party to this litigation that has developed, manufactured, sold and/or marketed the Accused Instrumentalities, including all contracts and agreements between You and such non-party(-ies).

**RESPONSE TO TOPIC NO. 54:**

In response to Topic 54, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid

-51-

LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and ambiguous as to the term "relationship."  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about non-parties whose role in developing the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch does not relate to any functionality accused of infringement, and further to the extent it purports to include "any" non-party that has sold the "Accused Instrumentalities," which includes all retailers, or "any" non-party that has marketed the "Accused Instrumentalities," which includes every marketing partner that has presented an advertisement.  DISH additionally objects to this Topic as duplicative of at least Topic Nos. 13, 47 and 93.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify regarding non-parties relevant to the development of any accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch or relevant to the manufacture, sale or marketing of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.

**TOPIC NO. 55:**

Your business plans, including, but not limited to, strategic plans, operating plans, marketing plans, sales plans, financial plans, and budgets relating to Your Accused Products and Accused Services, including market analyses, competitive analyses (including identification of competitors), business plans, price lists or policies, and projections relating to sales, market share, and revenues.

**RESPONSE TO TOPIC NO. 55:**

In response to Topic 55, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant

to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks business plans about any product or service offered by DISH. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of, the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic Nos. 43, 44, 64, 74 and 77.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify regarding business plans related to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 56:**

The process, from a business perspective, that led to the introduction of the Accused Instrumentalities, including business plans as well as sales and/or profit projections.

**RESPONSE TO TOPIC NO. 56:**

In response to Topic 56, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the terms "business perspective" and "led to the introduction of the

-53-

Accused Instrumentalities." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic Nos. 55, 64, 74 and 77.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topic 55, which overlaps with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for the overlapping Topic.

**TOPIC NO. 57:**

The manner in which the Accused Services are provided, sold, or offered to sold by or on behalf of defendants, including, but not limited to, by volume consumed, time used, premium content offerings, bundling, or packages.

**RESPONSE TO TOPIC NO. 57:**

In response to Topic 57, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, and this functionality is not sold separately from the products themselves.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 58:**

The smallest unit of each Accused Instrumentality that you sell.

**RESPONSE TO TOPIC NO. 58:**

In response to Topic 58, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

1  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
2  "Accused Instrumentality" as set forth in DISH's General Objections.  DISH will
3  only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid
4  LNBFs, and DPH42 switch.  DISH additionally objects to this Topic to the extent it
5  calls for a legal opinion regarding what constitutes the smallest saleable unit.  DISH
6  additionally objects to this Topic as being premature under the scheduling order in
7  this case, as discovery is in its early stages, and further because it is the subject of
8  expert testimony.  DISH additionally objects to this Topic as overbroad and unduly
9  burdensome for its lack of temporal boundaries.

10     Subject to and without waiver of the foregoing general and specific
11  objections, DISH responds as follows: DISH will provide a witness to testify on this
12  Topic to the extent that it relates to the Hopper 3, DISH Pro Hybrid LNBFs, and
13  DPH42 switch, for the period of time from March 2016 to the present.

14  **TOPIC NO. 59:**

15     Apportionment of price between different features in each Accused
16  Instrumentality, including apportionment of price or value the services provided by
17  You, including the portion of services provided by You related to content delivered
18  (e.g., programming), and all other optional features, functionalities that You sell to
19  customers (e.g., DVR services, Pay per View, On Demand content).

20  **RESPONSE TO TOPIC NO. 59:**

21     In response to Topic 59, DISH incorporates the General Objections,
22  Objections to the Definitions, and Objections to the Instructions set forth above.
23  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
24  "Accused Instrumentality" as set forth in DISH's General Objections.  DISH will
25  only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid
26  LNBFs, and DPH42 switch.  DISH additionally objects to this Topic to the extent it
27  calls for a legal opinion regarding apportionment.  DISH additionally objects to this
28  Topic as being premature under the scheduling order in this case, as discovery is in

-55-

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

its early stages, and further because it is the subject of expert testimony. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks apportionment related to programming, DVR services, Pay per View, or On Demand content when none of those services are relevant to the allegedly infringing functionality. DISH additionally objects to this Topic to the extent it assumes that DISH has an official position as to the portion of any price attributable to features within a product. DISH additionally objects to this Topic as vague and ambiguous as to the term "all other optional features," as to whether the Topic seeks apportionment of the price of the "Accused Instrumentality," or as to the price of "services provided by DISH," and further to the extent it suggests that "programming" is not an "optional feature." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 60:**

The difference, if any, in the costs associated with providing the Accused Services based on the manner in which the Accused Services are provided, sold, or offered to sold by or on behalf of defendants, including, but not limited to, by volume consumed, time used, content offerings, service bundling, or packages.

**RESPONSE TO TOPIC NO. 60:**

In response to Topic 60, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH

-56-

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

additionally objects to this Topic as vague and ambiguous as to the phrase "manner in which the Accused Services are provided, sold, or offered to sold [sic]." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 61:**

Standard promotional offerings available to customers that are not associated with the underlying costs associated with providing the Accused Services.

**RESPONSE TO TOPIC NO. 61:**

In response to Topic 61, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague and ambiguous as to the phrase "not associated with the underlying costs." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 62:**

The value of the Accused Instrumentalities to You.

**RESPONSE TO TOPIC NO. 62:**

In response to Topic 62, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

-57-

DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic to the extent it assumes that DISH has an official position on the "value" of the Hopper 3, DISH Pro Hybrid LNBFs, or DPH42, relative to its other products or services. DISH additionally objects to this Topic as vague and ambiguous as to the term "value." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topic 63, which overlaps with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for the overlapping Topic.

**TOPIC NO. 63:**

Studies, reports, research, and surveys on the value (or incremental value) that consumers attribute to the Accused Instrumentalities and the contents thereof, including internal, custom, or syndicated studies, surveys, or reports, concerning the inclusion, use, desirability, or value of the Accused Instrumentalities and the functionality of the Accused Instrumentalities.

**RESPONSE TO TOPIC NO. 63:**

In response to Topic 63, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor

proportional to the needs of this case as to any "functionality of the Accused Instrumentalities" outside of the accused functionality.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "value" and "contents [of]" the Accused Instrumentalities."  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic as duplicative of at least Topic Nos. 65, 87, and 88.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify on reports related to customer feedback and opinions related the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period of time from March 2016 to the present.

**TOPIC NO. 64:**

The commercial success (or lack of commercial success) of the Accused Instrumentalities, including documents showing revenue, profits, quantities of products sold, market information, competitive analyses, press releases, financial reports, financial performance analyses, business plans, industry reports, and analyst reports.

**RESPONSE TO TOPIC NO. 64:**

In response to Topic 64, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "market information" and "financial performance."  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.  DISH additionally objects to this Topic as duplicative of at

least Topic Nos. 35 and 38 (relating to sales information), 55 and 46 (related to business plans), and 63 (related to industry studies and reports).

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topics 38, 55 and 63, which overlap with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for those overlapping Topics.

**TOPIC NO. 65:**

Any surveys, reports, polls, or other documentation regarding customer sentiment, relating to the Accused Instrumentalities or features of the Accused Instrumentalities, including: i) the contents of any such documents, ii) reason for commissioning or otherwise acquiring the document, and iii) any actions taken by Defendant in response to such document.

**RESPONSE TO TOPIC NO. 65:**

In response to Topic 65, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to any "features of the Accused Instrumentalities" outside of the accused functionality. DISH additionally objects to this Topic as vague and ambiguous as to the terms "sentiment," "reason for commissioning or otherwise acquiring the document," and "actions taken … in response to such document." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic Nos. 63, 87, and 88.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: To the extent that DISH agrees to provide a witness to Testify on Topic 63, which overlaps with this Topic, DISH agrees to prepare and provide a witness to testify to the same scope as it did for the overlapping Topic.

**TOPIC NO. 66:**

The metrics and/or analytics regarding usage of (and/or engagement with) the Accused Instrumentalities that Defendant tracks or receives from third parties.

**RESPONSE TO TOPIC NO. 66:**

In response to Topic 66, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Instrumentalities" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "usage of (and/or engagement with)" metrics and/or analytics for third-party information. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic No. 86.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 67:**

The cost savings or benefits realized by You associated with implementing the Accused Instrumentalities or functionalities, including, reduction in hardware

1  cost or the amount of hardware required, reduced maintenance, installation, or
2  service cost to You.

3  **RESPONSE TO TOPIC NO. 67:**

4      In response to Topic 67, DISH incorporates the General Objections,
5  Objections to the Definitions, and Objections to the Instructions set forth above.
6  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
7  "Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will
8  only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid
9  LNBFs, and DPH42 switch.  DISH objects to this Topic as overbroad, unduly
10 burdensome, and neither relevant to the claims and defenses in this case nor
11 proportional to the needs of this case.  DISH additionally objects to this Topic at
12 least insofar as it recites the phrase "cost savings or benefits … including, reduction
13 in hardware cost or the amount of hardware required, reduced maintenance,
14 installation, or service cost," which is overly broad and outside the scope of this case.
15 DISH additionally objects to this Topic as overbroad and unduly burdensome for its
16 lack of temporal boundaries.

17     Subject to and without waiver of the foregoing general and specific
18 objections, DISH responds as follows: DISH is willing to meet and confer with
19 Entropic regarding the appropriate scope of this Topic.

20 **TOPIC NO. 68:**

21     The cost savings or benefits to Your customers associated with implementing
22 the Accused Instrumentalities or functionalities, including increased quality of
23 programming service, increased reliability, reductions in warranty requests, and ease
24 of use.

25 **RESPONSE TO TOPIC NO. 68:**

26     In response to Topic 68, DISH incorporates the General Objections,
27 Objections to the Definitions, and Objections to the Instructions set forth above.
28 DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

-62-

"Accused Instrumentalities" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case.  DISH additionally objects to this Topic at least insofar as it recites the phrase "cost savings or benefits to Your customers … including increased quality of programming service, increased reliability, reductions in warranty requests, and ease of use," which is overly broad and outside the scope of this case.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 69:**

The costs associated with providing the Accused Services, including, but not limited to the costs in terms of customer consumption, e.g. amount of data used, time spent consuming, and volume consumed, and the manner in which YOU calculate these costs.

**RESPONSE TO TOPIC NO. 69:**

In response to Topic 69, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case.  DISH additionally objects to this Topic at least insofar as it recites the phrase "costs in terms of customer consumption, e.g. amount of data used, time spent consuming, and volume consumed," which is overly broad and outside the scope of this case.  DISH

-63-

1  additionally objects to this Topic as overbroad and unduly burdensome for its lack
2  of temporal boundaries.

3  Subject to and without waiver of the foregoing general and specific
4  objections, DISH responds as follows: In view of its objections, DISH will not
5  provide a witness to testify on this Topic.

6  **TOPIC NO. 70:**

7  The profits associated with providing the Accused Services, including, but not
8  limited to the profits in terms of customer consumption, e.g. amount of data used,
9  time spent consuming, and volume consumed, and the manner in which YOU
10 calculate these profits.

11 **RESPONSE TO TOPIC NO. 70:**

12 In response to Topic 70, DISH incorporates the General Objections,
13 Objections to the Definitions, and Objections to the Instructions set forth above.
14 DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
15 "Accused Services" as set forth in DISH's General Objections.  DISH additionally
16 objects to this Topic as overbroad, unduly burdensome, and neither relevant to the
17 claims and defenses in this case nor proportional to the needs of this case with respect
18 to "profits associated with providing the Accused Services."  DISH additionally
19 objects to this Topic as overbroad and unduly burdensome for its lack of temporal
20 boundaries.

21 Subject to and without waiver of the foregoing general and specific
22 objections, DISH responds as follows: The information sought by this Topic is
23 neither relevant nor proportional to the needs of the case, and DISH will not provide
24 a witness to testify on this Topic.

25 **TOPIC NO. 71:**

26 Sales or offers for sale in the United States of the Accused Services, by or on
27 behalf of Defendants, including, but not limited to the identity and details associated
28 with the package of services sold, including, but not limited to, the volume of data,

-64-

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

content offering, and service bundling, the profit realized from each sale, the method used to calculate the profit, and any other financial record related to each sale of Accused Services, including any other revenue received or contract signed by Defendants related to support, maintenance, installation, development or any other services or products which relate to the Accused Services.

**RESPONSE TO TOPIC NO. 71:**

In response to Topic 71, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "[s]ales or offers for sale … of the Accused Services," and further to the extent it seeks financial records and contracts about "each" such sale. DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 72:**

Sales or offers for sales in the United States of the Accused Services by or on behalf of Defendants, to each customer, per year, the selling price per customer, the fixed and variable costs attributed to the sale, and the profit realized from each customer, the method used to calculate the profit, and any other financial record related to the Accused Services.

**RESPONSE TO TOPIC NO. 72:**

In response to Topic 72, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "[s]ales or offers for sale … of the Accused Services," and further to the extent it seeks information such as financial records about "each" such sale.    DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 73:**

Your pricing strategy for the Accused Services, including price lists, pricing policies, and the process for setting the prices for the Accused Services.

**RESPONSE TO TOPIC NO. 73:**

In response to Topic 73, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections.  DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "pricing strategy" and "pricing policies."  DISH additionally objects to this Topic as

-66-

overbroad and unduly burdensome for its lack of temporal boundaries. DISH
additionally objects to this Topic as a lesser-inclusive duplicate of Topic 42.

Subject to and without waiver of the foregoing general and specific
objections, DISH responds as follows: As in Topic No. 42, DISH will provide a
witness to testify regarding pricing and the process for setting a price for the Hopper
3, DISH Pro Hybrid LNBFs, and DPH42 switch, for the period from March 2016 to
the present.

**TOPIC NO. 74:**

Your financial strategy for the Accused Services, including sales plans,
financial plans, budgets, and sales projections.

**RESPONSE TO TOPIC NO. 74:**

In response to Topic 74, DISH incorporates the General Objections,
Objections to the Definitions, and Objections to the Instructions set forth above.
DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
"Accused Services" as set forth in DISH's General Objections. DISH additionally
objects to this Topic as overbroad, unduly burdensome, and neither relevant to the
claims and defenses in this case nor proportional to the needs of this case with respect
to "[y]our financial strategy for the Accused Services." DISH additionally objects
to this Topic as overbroad and unduly burdensome for its lack of temporal
boundaries.

Subject to and without waiver of the foregoing general and specific
objections, DISH responds as follows: The information sought by this Topic is
neither relevant nor proportional to the needs of the case, and DISH will not provide
a witness to testify on this Topic.

**TOPIC NO. 75:**

Ancillary products/services marketed and/or sold with, or applicable to, each
Accused Product, and the manner in which those products or services are sold (e.g.
in bundles or as individual products or services), including the extent to which

-67-

1  derivative sales or services are achieved in conjunction with the sale, lease, loan, or
2  offer of the same of each Accused Product.

3  **RESPONSE TO TOPIC NO. 75:**

4  In response to Topic 75, DISH incorporates the General Objections,
5  Objections to the Definitions, and Objections to the Instructions set forth above.
6  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
7  "Accused Product" as set forth in DISH's General Objections.  DISH will only
8  provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid
9  LNBFs, and DPH42 switch.  DISH objects to this Topic as overbroad, unduly
10 burdensome, and neither relevant to the claims and defenses in this case nor
11 proportional to the needs of this case.  DISH additionally objects to this Topic at
12 least insofar as it recites the phrase "[a]ncillary products/services marketed and/or
13 sold with, or applicable to, each Accused Product," which is overly broad and
14 outside the scope of this case.  DISH additionally objects to this Topic as overbroad
15 and unduly burdensome for its lack of temporal boundaries.

16 Subject to and without waiver of the foregoing general and specific
17 objections, DISH responds as follows: DISH is willing to meet and confer with
18 Entropic regarding the appropriate scope of this Topic.

19 **TOPIC NO. 76:**

20 Any estimate or assessment of the value of the business opportunity associated
21 with providing the Accused Services, including, without limitation, potential sales,
22 revenues, and profits.

23 **RESPONSE TO TOPIC NO. 76:**

24 In response to Topic 76, DISH incorporates the General Objections,
25 Objections to the Definitions, and Objections to the Instructions set forth above.
26 DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
27 "Accused Services" as set forth in DISH's General Objections.  DISH additionally
28 objects to this Topic as overbroad, unduly burdensome, and neither relevant to the

1   claims and defenses in this case nor proportional to the needs of this case with respect

2   to "[a]ny estimate or assessment of the value of the business opportunity associated

3   with providing the Accused Services." DISH additionally objects to this Topic as

4   overbroad and unduly burdensome for its lack of temporal boundaries.

5        Subject to and without waiver of the foregoing general and specific

6   objections, DISH responds as follows: The information sought by this Topic is

7   neither relevant nor proportional to the needs of the case, and DISH will not provide

8   a witness to testify on this Topic.

9        **TOPIC NO. 77:**

10       The historical, current, and projected market share of and market demand for

11   the Accused Services, including the product features responsible for market demand.

12       **RESPONSE TO TOPIC NO. 77:**

13       In response to Topic 77, DISH incorporates the General Objections,

14   Objections to the Definitions, and Objections to the Instructions set forth above.

15   DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

16   "Accused Services" as set forth in DISH's General Objections. DISH will only

17   provide a witness for this Topic, if at all, to the extent it relates to the accused

18   functionality of the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH

19   additionally objects to this Topic as vague and ambiguous as to the term "features

20   responsible for market demand." DISH additionally objects to this Topic as

21   overbroad and unduly burdensome for its lack of temporal boundaries.

22       Subject to and without waiver of the foregoing general and specific

23   objections, DISH responds as follows: To the extent that DISH agrees to provide a

24   witness to Testify on Topic 44, which overlaps with this Topic, DISH agrees to

25   prepare and provide a witness to testify to the same scope as it did for the overlapping

26   Topic.

27

28

**TOPIC NO. 78:**

All marketing and promotion relating to the Accused Services, including: (a) sales and marketing strategies; (b) development of sales and marketing materials; and (c) content of sales and marketing materials.

**RESPONSE TO TOPIC NO. 78:**

In response to Topic 78, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "[a]ll marketing and promotion relating to the Accused Services." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 79:**

Agreements or licenses concerning any of the Accused Services.

**RESPONSE TO TOPIC NO. 79:**

In response to Topic 79, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "[a]greements or licenses concerning any of the Accused Services." DISH

-70-

1  additionally objects to this Topic as overbroad and unduly burdensome for its lack
2  of temporal boundaries.

3      Subject to and without waiver of the foregoing general and specific
4  objections, DISH responds as follows: The information sought by this Topic is
5  neither relevant nor proportional to the needs of the case, and DISH will not provide
6  a witness to testify on this Topic.

7  **TOPIC NO. 80:**

8      All facts and circumstances relating to all actual or proposed agreements or
9  licenses concerning the manufacture, distribution, marketing, or sale of the Accused
10  Services, including any express or implied licenses to practice any Patents-in-Suit.

11  **RESPONSE TO TOPIC NO. 80:**

12      In response to Topic 80, DISH incorporates the General Objections,
13  Objections to the Definitions, and Objections to the Instructions set forth above.
14  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
15  "Accused Services" as set forth in DISH's General Objections.  DISH additionally
16  objects to this Topic as overbroad, unduly burdensome, and neither relevant to the
17  claims and defenses in this case nor proportional to the needs of this case with respect
18  to "manufacture, distribution, marketing, or sale of the Accused Services."  DISH
19  additionally objects to this Topic as overbroad and unduly burdensome for its lack
20  of temporal boundaries.

21      Subject to and without waiver of the foregoing general and specific
22  objections, DISH responds as follows: The information sought by this Topic is
23  neither relevant nor proportional to the needs of the case, and DISH will not provide
24  a witness to testify on this Topic.

25  **TOPIC NO. 81:**

26      Your business plans, including, but not limited to, strategic plans, operating
27  plans, marketing plans, sales plans, financial plans, and budgets relating the Accused
28  Services, including market analyses, competitive analyses (including identification

-71-

1  of competitors), business plans, price lists or policies, and projections relating to
2  sales, market share, and revenues.

3  **RESPONSE TO TOPIC NO. 81:**

4  In response to Topic 81, DISH incorporates the General Objections,
5  Objections to the Definitions, and Objections to the Instructions set forth above.
6  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
7  "Accused Services" as set forth in DISH's General Objections. DISH additionally
8  objects to this Topic as overbroad, unduly burdensome, and neither relevant to the
9  claims and defenses in this case nor proportional to the needs of this case with respect
10 to "business plans … [of] the Accused Services." DISH additionally objects to this
11 Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

12 Subject to and without waiver of the foregoing general and specific
13 objections, DISH responds as follows: The information sought by this Topic is
14 neither relevant nor proportional to the needs of the case, and DISH will not provide
15 a witness to testify on this Topic.

16 **TOPIC NO. 82:**

17 All facts and circumstances related to how You maintain business records in
18 the course of developing service offerings, including for the Accused Services.

19 **RESPONSE TO TOPIC NO. 82:**

20 In response to Topic 82, DISH incorporates the General Objections,
21 Objections to the Definitions, and Objections to the Instructions set forth above.
22 DISH objects to this Topic as vague, ambiguous, and overbroad as to the term
23 "Accused Services" as set forth in DISH's General Objections. DISH additionally
24 objects to this Topic as overbroad, unduly burdensome, and neither relevant to the
25 claims and defenses in this case nor proportional to the needs of this case with respect
26 to "[a]ll facts and circumstances related to how You maintain business records in the
27 course of developing service offerings." DISH additionally objects to this Topic as
28 overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 83:**

The components necessary for YOU to provide the Accused Services to customers at the location at which the Accused Services are provided, including, but not limited to for example, the various Accused Products.

**RESPONSE TO TOPIC NO. 83:**

In response to Topic 83, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the terms "Accused Services" and "Accused Products" as set forth in DISH's General Objections. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "[t]he components necessary for YOU to provide the Accused Services to customers." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 84:**

Of the components necessary for YOU to provide the Accused Services to customers at the location at which the Accused Services are provided, those components that YOU provide, and which YOU expect the customer to obtain from

-73-

1   YOU; for avoidance of doubt, components that the customer can obtain from you,

2   or purchase elsewhere fall within this category.

3   **RESPONSE TO TOPIC NO. 84:**

4   In response to Topic 84, DISH incorporates the General Objections,

5   Objections to the Definitions, and Objections to the Instructions set forth above.

6   DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

7   "Accused Services" as set forth in DISH's General Objections. DISH additionally

8   objects to this Topic as overbroad, unduly burdensome, and neither relevant to the

9   claims and defenses in this case nor proportional to the needs of this case with respect

10  to "the components necessary for YOU to provide the Accused Services to

11  customers." DISH additionally objects to this Topic as overbroad and unduly

12  burdensome for its lack of temporal boundaries.

13  Subject to and without waiver of the foregoing general and specific

14  objections, DISH responds as follows: The information sought by this Topic is

15  neither relevant nor proportional to the needs of the case, and DISH will not provide

16  a witness to testify on this Topic.

17  **TOPIC NO. 85:**

18  Of the components necessary for YOU to provide the Accused Services to

19  customers at the location at which the Accused Services are provided, that YOU

20  provide, but which the customer can obtain elsewhere, the amount provided by YOU

21  as compared to the consumer obtaining elsewhere.

22  **RESPONSE TO TOPIC NO. 85:**

23  In response to Topic 85, DISH incorporates the General Objections,

24  Objections to the Definitions, and Objections to the Instructions set forth above.

25  DISH objects to this Topic as vague, ambiguous, and overbroad as to the term

26  "Accused Services" as set forth in DISH's General Objections. DISH additionally

27  objects to this Topic as overbroad, unduly burdensome, and neither relevant to the

28  claims and defenses in this case nor proportional to the needs of this case with respect

-74-

to "the components necessary for YOU to provide the Accused Services to customers." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is neither relevant nor proportional to the needs of the case, and DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 86:**

A user's experience streaming or receiving satellite transmission on Defendants' TV service, including data about the user's experience, such as quality of experience metrics, quality of performance metrics, quality of service metrics, viewer engagement, or other metrics quantifying, measuring, analyzing, or describing the user's experience, including without limitation the impact of rebuffering or other interruptions on viewer experience, engagement, watch time, or any other metric relevant to Your business.

**RESPONSE TO TOPIC NO. 86:**

In response to Topic 86, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case with respect to "user's experience streaming or receiving satellite transmission" and "viewer experience, engagement, watch time, or any other metric." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries. DISH additionally objects to this Topic as duplicative of at least Topic No. 66.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: The information sought by this Topic is

-75-

1  neither relevant nor proportional to the needs of the case, and DISH will not provide
2  a witness to testify on this Topic.

3  **TOPIC NO. 87:**

4  Customer and media reviews of the Accused Products, Accused
5  Instrumentalities, and Accused Services, related to the technical aspects of the same,
6  including, but not limited to, speed, responsiveness, video quality, sound quality,
7  memory, navigation, and the like.

8  **RESPONSE TO TOPIC NO. 87:**

9  In response to Topic 87, DISH incorporates the General Objections,
10  Objections to the Definitions, and Objections to the Instructions set forth above.
11  DISH objects to this Topic as vague, ambiguous, and overbroad as to the terms
12  "Accused Instrumentalities" and "Accused Products" as set forth in DISH's General
13  Objections.  DISH will only provide a witness for this Topic, if at all, as to the
14  Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects
15  to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services"
16  as set forth in DISH's General Objections.  DISH will only provide a witness for this
17  Topic, if at all, to the extent it relates to the accused functionality of the Hopper 3,
18  DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this
19  Topic as vague and ambiguous as to the terms "technical aspects of the same,"
20  "responsiveness," "speed," "navigation," and "and the like."  DISH additionally
21  objects to this Topic as duplicative of at least Topic Nos. 63, 65 and 88.  DISH
22  additionally objects to this Topic as overbroad and unduly burdensome for its lack
23  of temporal boundaries.  DISH additionally objects to this Topic as overbroad,
24  unduly burdensome, and neither relevant to the claims and defenses in this case nor
25  proportional to the needs of this case to the extent it would require DISH to prepare
26  a 30(b)(6) witness to testify as to any random third-party article or webpage that
27  Entropic is able to locate that constitutes a review of DISH or its products and
28  services.

1
2
3

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

4

**TOPIC NO. 88:**

5
6

Praise, recognition, awards, accolades, with respect to the Accused Products, Accused Instrumentalities, and Accused Services or any functionality thereof.

7

**RESPONSE TO TOPIC NO. 88:**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In response to Topic 88, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the terms "Accused Instrumentalities" and "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Services" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, to the extent it relates to the accused functionality of Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case as to all "functionality" of the "Accused Products, Accused Instrumentalities, and Accused Services," rather than the functionality accused of infringement. DISH additionally objects to this Topic as vague and ambiguous as to the source of the "praise, recognition, etc." and, to the extent the source is a third party, DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to any random third-party article or webpage that Entropic is able to locate that constitutes "praise, recognition, etc." of DISH or its products and services. DISH additionally objects to this Topic as

-77-

duplicative of at least Topic Nos. 63, 65 and 87.  DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 89:**

All facts related to what You contend is a reasonable royalty for any infringement of the patents asserted in this case.

**RESPONSE TO TOPIC NO. 89:**

In response to Topic 89, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic to the extent it calls for a legal opinion regarding what constitutes a reasonable royalty.  DISH additionally objects to this Topic to the extent DISH witnesses are unable to testify to any highly confidential or restricted confidential information produced by Entropic that might otherwise be responsive to this Topic.  DISH additionally objects to this Topic as being premature under the scheduling order in this case, as discovery is in its early stages, and further because it is the subject of expert testimony.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: At this time, DISH will not provide a witness to testify on this Topic in view of its objections, including at least because that this Topic is premature.

**TOPIC NO. 90:**

Your policies, procedures, strategies, and/or programs for the licensing of intellectual property, including licensing in and licensing out.

**RESPONSE TO TOPIC NO. 90:**

In response to Topic 90, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

-78-

DISH objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries, particularly because this Topic is relevant, if at all, proximate to the hypothetical negotiation date. DISH additionally objects to this Topic to the extent it assumes that DISH has official policies, strategies and programs regarding licensing of intellectual property. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it implicates intellectual property beyond patents. DISH additionally objects to this Topic as vague and ambiguous as to the phrase "procedures … for licensing of intellectual property."

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 91:**

Forecasts of unit sales, revenue, gross profit, incremental profit, and operating margin from both domestic and foreign sales (if production provided) of the sales of each Accused Product and related ancillary products/services, including business plans.

**RESPONSE TO TOPIC NO. 91:**

In response to Topic 91, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Product" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad,

unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it includes forecasts beyond those for the "Accused Product[s]," such as "ancillary products/services," and further to the extent actual sales information is available for the "Accused Products" available back to March 2016, and further to the extent it implicates "foreign sales." DISH additionally objects to this Topic as overbroad and unduly burdensome for its lack of temporal boundaries.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will provide a witness to testify as to its current sales projections for the United States market for the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.

**TOPIC NO. 92:**

Your communications and/or interactions with third parties, including, but not limited to MaxLinear and Broadcom concerning Entropic and/or the Asserted Claims.

**RESPONSE TO TOPIC NO. 92:**

In response to Topic 92, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague and ambiguous as to the term "interactions," and as to which Entropic entity is referenced in the Topic. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it would require DISH to prepare a 30(b)(6) witness to testify as to all communications and interactions with any third party. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information, including to the extent the third party is DISH's counsel or other party with which DISH shares a common interest privilege.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 93:**

Your contracts with any third party regarding each of the Accused Products.

**RESPONSE TO TOPIC NO. 93:**

In response to Topic 93, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague, ambiguous, and overbroad as to the term "Accused Products" as set forth in DISH's General Objections. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about any agreements/licenses related to the Hopper 3, DPH42 and DISH Pro Hybrid LNBFs, rather than those agreements/licenses that relate to the accused functionality. DISH additionally objects to this Topic to the extent that it seeks testimony regarding any third party's confidential information. DISH will not provide a witness to testify in detail as to any agreement or license prior to meeting any notice or consent obligation regarding that agreement or license with the relevant third-parties. DISH additionally objects to this Topic as a lesser-inclusive duplicate of Topic Nos. 54 and 47.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH is willing to meet and confer with Entropic regarding the appropriate scope of this Topic.

**TOPIC NO. 94:**

How You communicate with suppliers and/or vendors, including any web-based project collaboration system(s).

-81-

**RESPONSE TO TOPIC NO. 94:**

In response to Topic 94, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH will only provide a witness for this Topic, if at all, as to the Hopper 3, DISH Pro Hybrid LNBFs, and DPH42 switch.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it seeks information about manners of communication, which are extraordinarily vague and not at all relevant to the products accused of infringing.  DISH additionally objects to this Topic to the extent that it seeks testimony regarding any third party's confidential information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: In view of its objections, DISH will not provide a witness to testify on this Topic.

**TOPIC NO. 95:**

The identity and location of persons most knowledgeable about each of the foregoing topics.

**RESPONSE TO TOPIC NO. 95:**

In response to Topic 95, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to the extent DISH is not agreeing to put forth a witness on a particular Topic, or is agreeing to put forth a witness as to only part of a Topic, based on its objections.  DISH will not prepare a witness to identify persons most knowledgeable about Topics, or aspects of Topics, for which DISH objects to producing a witness. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case in view of the extent of preparation it would require of DISH witnesses. The information sought in this Topic is better suited for an interrogatory.

-82-

1  Subject to and without waiver of the foregoing general and specific
2  objections, DISH responds as follows: DISH will not provide a witness to testify as
3  to this Topic, which is better suited as an interrogatory.

4  **TOPIC NO. 96:**

5  All facts and circumstances related to how You maintain business records in
6  the course of developing products.

7  **RESPONSE TO TOPIC NO. 96:**

8  In response to Topic 96, DISH incorporates the General Objections,
9  Objections to the Definitions, and Objections to the Instructions set forth above.
10  DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant
11  to the claims and defenses in this case nor proportional to the needs of this case with
12  respect to "[a]ll facts and circumstances related to how You maintain business
13  records." DISH additionally objects to this Topic as overbroad and unduly
14  burdensome for its lack of temporal boundaries.

15  Subject to and without waiver of the foregoing general and specific
16  objections, DISH responds as follows: DISH is willing to meet and confer with
17  Entropic regarding the appropriate scope of this Topic.

18  **TOPIC NO. 97:**

19  Your search for, collection of, assembly of, and production of documents and
20  things (including electronically stored information) in this Case, including the
21  identities and efforts of persons involved therewith and the custodians of any such
22  collected documents.

23  **RESPONSE TO TOPIC NO. 97:**

24  In response to Topic 97, DISH incorporates the General Objections,
25  Objections to the Definitions, and Objections to the Instructions set forth above.
26  DISH additionally objects to this Topic to the extent that it seeks testimony that is
27  protected by the attorney-client privilege, work product doctrine, or any other
28  applicable privilege, rule, or duty of confidentiality that precludes disclosure of

-83-

information, particularly to the extent it implicates communications with counsel regarding discovery.  DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it calls for "discovery about discovery," which is generally not allowed absent an allegation of spoliation or another discovery abuse.  *See, e.g.*, *Acuna v. Covenant Transport, Inc.*, No. SA-20-CV-01102-XR, 2022 WL 345656 (W.D. Tx. Feb. 3, 2022) (document retention policies not relevant where sole claims are for simple tort liability); *Baugh v. Voyager Indem. Ins. Co*., No. CV 19-14275, 2020 WL 6163682, at *4 (E.D. La. Sept. 15, 2020) ("Topic No. 7 relates to [defendant's] document retention policy. Plaintiff has not alleged any claim such as spoliation of evidence and has not alleged that [defendant] failed to retain any documents. This topic is thus disproportional to the needs of the case."); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363-64 (N.D. Tex. 2013) (denying request for 30(b)(6) deposition on retention policies as irrelevant and overbroad where there had been no threshold showing of discovery abuse); *Cunningham v. Std. Fire Ins. Co.*, No. 07-cv-02538, 2008 WL 2668301, at *5 (D. Colo. July 1, 2008) (granting motion for protective order preventing deposition of witness on storage and preservation of backup e-mails); *India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 192 (E.D. Wis. 2006) (denying plaintiff's motion to compel production of document retention policy as irrelevant to claim or defense).  Because there is no allegation of spoliation or discovery abuse against DISH, this Topic is not permissible.  DISH additionally objects to this Topic as vague and ambiguous as to the terms "assembly of," "production of" and "efforts of persons."   DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it implicates the efforts of any e-discovery personnel who prepared any document production.

1    Subject to and without waiver of the foregoing general and specific

2    objections, DISH responds as follows: DISH will not provide a witness to testify as

3    to this Topic in view of its objections, including at least the privilege and relevance

4    objections regarding "discovery about discovery."

5    **TOPIC NO. 98:**

6    Document retention notices issued in connection with this Case and persons

7    and entities who have received such retention notices.

8    **RESPONSE TO TOPIC NO. 98:**

9    In response to Topic 98, DISH incorporates the General Objections,

10   Objections to the Definitions, and Objections to the Instructions set forth above.

11   DISH additionally objects to this Topic to the extent that it seeks testimony that is

12   protected by the attorney-client privilege, work product doctrine, or any other

13   applicable privilege, rule, or duty of confidentiality that precludes disclosure of

14   information, particularly to the extent it implicates the substance of the document

15   retention notices or the identities of the recipients.  DISH additionally objects to this

16   Topic as overbroad, unduly burdensome, and neither relevant to the claims and

17   defenses in this case nor proportional to the needs of this case to the extent it calls

18   for "discovery about discovery," which is generally not allowed absent an allegation

19   of spoliation or another discovery abuse as set forth regarding Topic 97 above.

20   Because there is no allegation of spoliation or discovery abuse against DISH, this

21   Topic is not permissible.

22   Subject to and without waiver of the foregoing general and specific

23   objections, DISH responds as follows: DISH will not provide a witness to testify as

24   to this Topic in view of its objections, including at least the privilege and relevance

25   objections regarding "discovery about discovery."

26   **TOPIC NO. 99:**

27   The structure and operation of Your document management system(s),

28   including each repository of documents and things (including electronically stored

-85-

information) from which You produced documents and things responsive to discovery requests.

**RESPONSE TO TOPIC NO. 99:**

In response to Topic 99, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information, particularly to the extent it implicates the substance of communications with counsel regarding document collection responsive to document requests. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it calls for "discovery about discovery," which is generally not allowed absent an allegation of spoliation or another discovery abuse as set forth regarding Topic 97 above. Because there is no allegation of spoliation or discovery abuse against DISH, this Topic is not permissible. DISH further objects to this Topic as vague and ambiguous as to the term "repository of documents and things."

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will not provide a witness to testify as to this Topic in view of its objections, including at least the privilege and relevance objections regarding "discovery about discovery."

**TOPIC NO. 100:**

Your policies, procedures, and practices with regard to organization, maintenance, retention, or destruction of documents and things, including but not limited to Your policies, procedures, and practices with respect to the organization, maintenance, retention, archiving, or deletion of electronic files, electronic data, and/or e-mail.

-86-

**RESPONSE TO TOPIC NO. 100:**

In response to Topic 100, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it implicates "policies, procedures, and practices" other than official written and communicated policies by DISH regarding document retention and maintenance. DISH additionally objects to this Topic as overbroad, unduly burdensome, and neither relevant to the claims and defenses in this case nor proportional to the needs of this case to the extent it calls for "discovery about discovery," which is generally not allowed absent an allegation of spoliation or another discovery abuse as set forth regarding Topic 97 above. Because there is no allegation of spoliation or discovery abuse against DISH, this Topic is not permissible. DISH additionally objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will not provide a witness to testify as to this Topic in view of its objections, including at least the relevance objections regarding "discovery about discovery."

**TOPIC NO. 101:**

The factual basis for any purported destruction or loss by You of any documents or things (including electronically stored information) responsive to one of Plaintiff's requests for production.

**RESPONSE TO TOPIC NO. 101:**

In response to Topic 101, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above.

-87-

1   DISH objects to this Topic as premature, as DISH has not identified any such

2   destruction or loss, and further because DISH's obligation to respond to Entropic's

3   Second Set of Requests for Production is forthcoming.  DISH additionally objects

4   to this Topic as overbroad, unduly burdensome, and neither relevant to the claims

5   and defenses in this case nor proportional to the needs of this case to the extent it

6   calls for "discovery about discovery," which is generally not allowed absent an

7   allegation of spoliation or another discovery abuse as set forth regarding Topic 97

8   above.

9        Subject to and without waiver of the foregoing general and specific

10  objections, DISH responds as follows: DISH will not provide a witness to testify as

11  to this Topic in view of its objections, including at least the relevance objections

12  regarding "discovery about discovery."

13       **TOPIC NO. 102:**

14       The identity, source, and location of documents reviewed, relied upon, or

15  consulted in preparation for responding to the Topics listed herein.

16       **RESPONSE TO TOPIC NO. 102:**

17       In response to Topic 102, DISH incorporates the General Objections,

18  Objections to the Definitions, and Objections to the Instructions set forth above.

19  DISH objects to this Topic to the extent that it seeks testimony that is protected by

20  the attorney-client privilege, work product doctrine, or any other applicable

21  privilege, rule, or duty of confidentiality that precludes disclosure of information.

22  DISH additionally objects to this Topic as vague and ambiguous as to the terms

23  "source," and "location," and further as to "consulted in preparation for responding

24  to … Topics," as no documents were "consulted" in preparing DISH's responses to

25  these Topics.

26       Subject to and without waiver of the foregoing general and specific

27  objections, DISH responds as follows: Each witness that DISH provides regarding a

28

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION

Topic, or part of a Topic, will testify as to any non-privileged information responsive to this Topic.

**TOPIC NO. 103:**

Your responses to Entropic's Interrogatories.

**RESPONSE TO TOPIC NO. 103:**

In response to Topic 103, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic to the extent that it seeks testimony that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes disclosure of information. DISH additionally objects to this Topic as lacking particularity.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: DISH will not provide a witness to testify as to this Topic in view of its objections, including at least the particularity objection.

**TOPIC NO. 104:**

Any non-privileged communications made in preparation for responding to the Topics listed herein, including the identity, location, employer, and job title of persons who communicated with Defendants' 30(b)(6) designee(s) in preparation for testifying about the Topics listed herein.

**RESPONSE TO TOPIC NO. 104:**

In response to Topic 104, DISH incorporates the General Objections, Objections to the Definitions, and Objections to the Instructions set forth above. DISH objects to this Topic as vague and ambiguous as to the phrase "in preparation for responding to the Topics herein," as no non-privileged communications were made in preparing DISH's responses to these Topics.

Subject to and without waiver of the foregoing general and specific objections, DISH responds as follows: Each witness that DISH provides regarding a

1  Topic, or part of a Topic, will testify as to any non-privileged communications made
2  in preparation for their 30(b)(6) testimony on the Topic.

3  **TOPIC NO. 105:**

4  For each of the Asserted Patents, the factual basis for your position regarding
5  secondary considerations of non-obviousness such as, but not limited to, commercial
6  success, long-felt need, industry recognition, copying by others, prior failure by
7  others, licensing by others, or unexpected results.

8  **RESPONSE TO TOPIC NO. 105:**

9  In response to Topic 105, DISH incorporates the General Objections,
10  Objections to the Definitions, and Objections to the Instructions set forth above.
11  DISH objects to this Topic to the extent it calls for a legal opinion regarding
12  secondary considerations.    DISH additionally objects to this Topic as being
13  premature under the scheduling order in this case, as discovery is in its early stages,
14  and further because it is the subject of expert testimony.

15  Subject to and without waiver of the foregoing general and specific
16  objections, DISH responds as follows: At this time, DISH will not provide a witness
17  to testify on this Topic in view of its objections, including at least because that this
18  Topic is premature.

19
20
21
22
23
24
25
26
27
28

Dated:  February 7, 2023

**PERKINS COIE LLP**

By: */s/ Adam Hester*
     Adam Hester

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar
(admitted pro hac vice)
ATessar@perkinscoie.com
Trevor Bervik
(admitted pro hac vice)
TBervik@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 140
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Daniel T Keese, Bar No. 280683
DKeese@perkinscoie.com
Perkins Coie LLP
1120 NW Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: +1.503.727.2000
Fax: +1.503.727.2222

Adam Hester, Bar No. 311206
AHester@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Telephone: +1.650.838.4311
Facsimile: +1.650.838.4350

**ATTORNEYS FOR DISH
NETWORK CORPORATION, DISH
NETWORK L.L.C., AND DISH
NETWORK SERVICE L.L.C.**

1

2

## **CERTIFICATE OF SERVICE**

3        The undersigned hereby certifies that a true and correct copy of the above

4   and foregoing document has been served February 7, 2023 to all counsel of record,

5   via email.

6

7                                    */s/  Adam Hester*
                                     Adam Hester

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-92-

No. 2:22-cv-7775-JWH-JEM
DISH DEFENDANTS' RESPONSES & OBJECTIONS TO 30(B)(6) NOTICE OF DEPOSITION