# EXHIBIT R

| | |
|---|---|
| **From:** | Lenning, Nicholas F. |
| **To:** | Hester, Adam (MSN); Krebs, Robert (WDC); Shimota, Jim A.; Engel, Jason A.; Summerfield, George; Beane, Devon Curtis; Bacchus, Raquel A.; EntropicKLG; Ghavimi, Darlene F.; Goodrich, Christina N. |
| **Cc:** | *Entropic-DISH |
| **Subject:** | RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775 |
| **Date:** | Tuesday, March 07, 2023 12:55:05 PM |
| **Attachments:** | image001.png |

Hi Adam,

Apologies for the delay in getting back to you after the meet and confer last week. We re-noticed the depositions because, as my email from last Tuesday stated, DISH again ignored our request for available dates, locations, and designees for depositions.

Below I've outlined clarifications and Entropic's intended scope on various topics including potential compromises. Entropic intends to proceed with the scopes outlined below. As we discussed on the call, if DISH disagrees with any of the below compromises, it is DISH's obligation to explain why these topics are objectionable under LR37 and obtain a protective order. Absent the entry of such a protective order (or otherwise reaching compromise), Entropic intends to take DISH's deposition on these topics as modified below and expects DISH's designee to be so prepared pursuant to the Federal Rules of Civil Procedure.

<u>General issues</u>

Objections to "prematurity": DISH's objection that depositions are somehow "premature", despite this case having been pending for a year, is meritless. Fact discovery is open and has been for a long time. Entropic is entitled to take these depositions under Rule 30 of the Federal Rules of Civil Procedure.

Objections to "Services": To the extent there is any confusion, "Accused Services" referred to in the notice, refers to the same services as the "Accused Satellite Television Services" referred to in

the Complaint. To be more specific, this is referring to those Satellite Television Services that are provided through the Accused Products.

Specific Topics

- Topic 2: This topic does not overlap with Topics 11, 12, and 15. This topic relates to the development of products at DISH, not Broadcom. We intend to proceed on this topic as noticed.

- Topic 4: Entropic intends to proceed on this topic. The intended scope includes supplier information and anything related to third parties involved with assembly or testing.

- Topic 18: DISH appears to be improperly attempting to limit this topic only to "Set-top Box Health" and excluding other Hopper 3 functionalities. We intend to proceed on this topic as noticed. As to scope, Entropic believes this topic includes at least the following:

    o This topic includes the Hopper 3 receiving a composite signal, decodes specific programs, and distributes the programs over a digital LAN to STBs.

    o This topic includes the Grasshopper CSR functionality, STBH IP takeover functionality, STB Health functionality, and all other functionalities listed in Entropic's RFP 15 and, for example, DISH00000967.

    o This topic includes the remote detection of installation issues functionality

- Topic 19: We intend to take this topic as noticed. It is directly

related to the '715 patent, both regarding technical aspects of the case and damages. This topic specifically includes DISH's prior Joey system and the benefits of the successor whole home DVR system with DPH functionality.

- Topics 21 and 22: For these topics, we believe the scope includes information regarding the operation of the DPH system and communications between the DPH ODU and the Hopper 3. This includes transponder select information, forming the composite signal, and sending the composite signal to the Hopper 3. We intend to take these topics as noticed.

- Topic 23: This topic does not overlap with topics 21 and 22. As to scope, we believe it includes how the software that powers the DPH ODU products and the Hopper 3 were developed and if DISH relied on third parties (such as Broadcom) to develop the software.

- Topic 27: This raises the same issues as to Topic 18. We intend to take the topic as noticed, including all of the identified functionalities.

- Topic 28: We want to be clear that the scope of this topic includes the Grasshopper CSR architecture, STB Health, and STBH IP takeover and is not solely limited to DISH00001331. We intend to take this topic as noticed.

- Topic 29: We are okay with limiting the scope of this topic to specific Broadcom chips, if DISH desires, but otherwise we intend to take this topic as noticed. The scope of this topic includes DISH's interactions with Broadcom products and how DISH is incorporating Broadcom source code into its products.

- Topic 30: This topic does not overlap with Topic 29 and we intend to take as noticed. As to scope, we believe it includes any source code that DISH is producing in this case.

- Topic 33: You stated that DISH is limiting its response to the identified costs to the extent they are kept at the product level.  To the extent there are features of the accused instrumentalities that DISH is marketing or advertising regardless of a given product, such costs associated with marketing, advertising, research and development, sales, etc. are responsive even if they are not specifically associated with a given product.

- Topic 34: Entropic is seeking high-level information regarding the manner in which DISH and/or DISH representatives works directly with its customers. Entropic is not seeking specific information relating to a given sales-person or team, but instead the DISH sanctioned training, policies, demonstrations, quality assurance, quality control, contracts and agreements are provided by DISH's sales force as a whole, or based on any categories that exist, such as regions, commercial vs. residential, new customer vs. returning customer, vs. continuing customer.

- Topics 35 through 39: Entropic disagrees that possible overlap in topics entitles DISH to produce a witness on the "lowest common" subject matter. Nevertheless, and without waiving any rights, Entropic describes below the subject matter for these topics as if they were a three separate topics:
    - Sales of Accused Instrumentalities by or on behalf of DISH:
        - SKU No.

- Quantity sold
- Selling price per unit, including any differences between types of sales such as residential or commercial)
- Fixed & variable costs attributable to the sale
- Profit from each sale
- Method to calculate profit
- Revenues for each of the Accused Instrumentalities

o Financial records related to each Accused Instrumentality including
- Revenue received or contract signed by Defendants related to:
  - Maintenance of Accused Instrumentalities
  - Installation of Accused Instrumentalities
  - Development of Accused Instrumentalities
- Any other services or products relating to Accused Instrumentalities such as
  - Monthly or quarterly service, hardware, software revenue
  - Recurring revenue, including monthly subscription revenue
  - Maintenance revenue
  - Support revenue
  - Any differences between revenues associated with services provided to residential as compared to commercial customers.

o Information regarding subscribers, including, but not limited to:
- Number of subscribers on a monthly or quarterly basis
- Average revenue per subscriber on a monthly or quarterly basis
- Average subscription term.

- Average subscriber lifetime value (LTV).
- Churn Rate

- Topic 40: Entropic clarifies that the service being installed or initiated refers to the "Accused Services." The costs associated with such installation is referring to the average costs to perform such installation. This topic includes the average number of rooms or devices connected per location, and such locations are separated to include single-family homes, apartments, apartment buildings, and commercial/office buildings. Please confirm that DISH will provide a witness to testify on Topic No. 40.

- Topic 41: Topic No. 41 is not asking for the underlying data, but instead the processes associated with documenting or tracking service revenue. It does not overlap with Topic No. 38.

- Topic 42: DISH excludes the Accused Services from its response. Pricing Strategy for the Accused Services is discoverable. In light of the clarification of the definition of the Accused Services, please confirm that DISH will produce a witness on this topic for both the Accused Instrumentalities and the Accused Services.

- Topics 43 and 44: Please confirm that DISH will be producing a witness to testify about the Accused Services as well as the Accused Instrumentalities. The Accused Services undoubtedly "related to the [Accused Instrumentalities]." Nevertheless, in order to avoid a dispute at the deposition, we would like confirmation that DISH is not refusing to produce a witness on this topic as it relate to the Accused Services.

- Topics 45, 59, 67, 68, 75, 87, 88, 93, and 96: DISH offers to meet and confer on Topic Nos. 45, 59, 67, 68, 75, 87, 88, 93, 96. With the understanding that the temporal scope of Topic Nos. 45, 59, 67, 68, 75, 87, 88, 93, 96 is from 2016, please provide your position regarding Topic Nos. 45, 59, 67, 68, 75, 87, 88, 93, 96 so we can evaluate and respond.

- Topic 47: As discussed above, Entropic is entitled to discovery into the "Accused Services." As a result, withholding documents or information relating to the "Accused Services" is improper.
- Additionally, please confirm that DISH has begun seeking to satisfy any notice or consent obligation relating to any agreements or licenses. Moreover, to the extent DISH is refusing to produce a license or agreement (and thus refusing to produce a witness related thereto), that has a consent obligation, please confirm that DISH will not oppose a motion to compel such agreement so that Entropic can take a deposition on this topic. Entropic reserves the right to take the deposition of a witness on this topic in the event none is prepared at the date of the depositions on other topics.

- Topic 48: DISH's wholesale refusal to produce a witness on Topic No. 48 is inappropriate. DISH mischaracterizes the Topic as asking for the "actual costs incurred from licensing." This is inaccurate. It seeks the "nature and identity of the implementation costs, licensing fees, or other costs and benefits that You consider." This is not requesting the dollar amount in specific costs for a given license. Furthermore, the "costs incurred from licensing" are within the scope, at least of "practices," but are likewise within the scope of policies and procedures. To the extent it provides additional clarity, the patented technology referred to in this Topic is patented

technology that DISH would have to license in order to incorporate into the Accused Products. Please confirm that DISH will be producing a witness on this Topic. To the extent DISH contends this topic remains overbroad.

- Topics 49, 53, and 80: Entropic is willing to limit these Topics to consummated license agreements, covenants, releases, and settlements. Additionally, as discussed above, the Accused Services are within the scope of discoverable information. Please confirm that DISH will be producing witness relating to such documents relating to the Accused Services as well.

- Topic 50: If DISH refuses to produce a witness to testify regarding comparable technology licenses, Entropic will move to strike any report that refers to any comparable license that was in DISH's possession during discovery.

- Topic 55: DISH excludes the Accused Services from its response. As explained above, Entropic is entitled to discovery into the Accused Services. Please confirm that DISH will likewise produce a witness to testify regarding this topic relating to Accused Services.

- Topic 56: Topic No. 56 requests a witness for information leading up to the introduction of the Accused Instrumentalities. Thus, information after their introduction is not within the scope of Topic No. 56. This is different from Topic 64, which relates to success of the products, i.e. after their introduction. Furthermore Topics 74 and 77 refer to the Accused Services, not the Accused Products. Thus there is no overlap between Topic 56 and Topics 64, 74, and 77. Please confirm that DISH will be producing a witness to testify on Topic 56.

- Topic 57 and 60: DISH's wholesale refusal to provide a witness on Topic Nos. 57 and 60 is improper. As discussed above, Entropic is entitled to discovery into the Accused Services. Furthermore, Entropic is willing to agree to the temporal scope proposed by DISH, i.e. beginning in 2016. Please confirm that DISH will be producing a witness to testify regarding Topic Nos. 57 and 60.

- Topic 61: DISH's refusal to provide a witness on Topic No. 61 is not proper. The Accused Services are clarified above, and are within the scope of proper discovery. The "promotional offerings" referred to in Topic No. 61 refers to offerings such as when HBO is offered for free for a certain period of time, or when a customer receives a promotional discount, that are not associated with the costs to provide the Accused Services.

- Topics 62 and 63: These topics do not overlap. Topic No. 62 is plainly seeking a witness to testify about the value of the Accused Instrumentalities to DISH. Topic No. 63 is referring to the value of the Accused Instrumentalities and their functionality to customers.

- Topics 64, 65, and 77: DISH's refusal to provide a witness to the extent certain topics do not overlap is not appropriate. Please confirm that DISH will produce a witness to testify regarding this topic or provide a basis for limiting the scope of these topics to the scope of other topics.

- Topic 66: Please provide a basis for refusing to produce a witness in response to Topic No. 66.

- Topics 69 through 74, 76, and 78 through 85: As explained

above, Entropic is entitled to a witness to testify regarding the Accused Services. Please confirm it will produce a witness in response to Topic Nos. 69–74, 76, 78–85.

- Topic 86: Entropic is entitled to DISH's knowledge of the user experience with DISH's television service. This Topic identifies various ways it believes that DISH has gathered such information. Entropic is entitled to a witness to testify about this topic.

- Topic 89: Topic No. 89 asks for a witness to testify about the facts underlying what DISH contends reasonable royalty for any infringement of the asserted patents. If DISH refuses to produce a witness Entropic will seek to exclude any fact evidence regarding a reasonable royalty offered at trial.

- Topic 91: As discussed above, Entropic is entitled to discovery into information relating to the Accused Services. The Accused Services are within the "ancillary products/services. Please confirm DISH will produce a witness on this topic.

- Topic 92: Please provide the basis for your refusal to produce a witness on this topic. At least as it relates to MaxLinear, DISH has no common interest privilege. Furthermore, there is a protective order in this case, and thus DISH cannot refuse to comply based on some unidentified confidentiality obligation. Please confirm DISH will be producing a witness in response to this topic.

- Topic 94: Entropic is entitled to understand the manner in which DISH communicates with third parties, such as, for example, via, email, telephone, slack, or other platforms that may be built by DISH or a third party to facilitate direct

communication.

- Topic 95: Please provide a basis for refusing to produce a witness in response to Topic No. 95.

- Topics 97 and 98: DISH's objection includes citations to case-law from courts outside the 9th Circuit relating to "discovery on discovery." Entropic will evaluate these objections if DISH provides authority from the 9th Circuit. Otherwise, Entropic expects DISH to produce a witness.

- Topics 99 through 101: Topic No. 100 seeks information about underlying document retention and not discovery. Please provide the basis for your refusal to provide a witness regarding this topic.

- Topic 103: Please provide the basis for DISH's "particularity" objection.

- Topic 105: Fact discovery has opened in this case, and as a result, this topic is not premature. Please confirm DISH will be providing a witness to testify on this topic.

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Hester, Adam (MSN) <AHester@perkinscoie.com>
**Sent:** Tuesday, March 07, 2023 9:48 AM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>;

EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Hi Nick,

Based on our meet and confer call last Tuesday, and your emails before and after the call in the chain below, we understood that Entropic would be providing a letter clarifying and/or proposing to narrow some of your 105 30(b)(6) Topics, both in view of DISH's objections and what we discussed during the meet and confer. We were confused to receive another 30(b)(6) notice last Friday night with the identical set of Topics. Is Entropic going to provide a written explanation, clarification, narrowing, or otherwise address DISH's objections to those 105 Topics that we served last month? If not, DISH will stand on its objections to the first notice as to the identical 105 Topics and Entropic should consider those objections to apply to last Friday's 30(b)(6) notice (i.e., the one served on March 3, 2023).

Adam

**Adam Hester | Perkins Coie LLP**
ASSOCIATE
33 East Main Street Suite 201
Madison, WI 53703-3095
D. +1.650.838.4311
F. +1.650.838.4350
E. AHester@perkinscoie.com

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Tuesday, February 28, 2023 10:33 PM
**To:** Hester, Adam (MSN) <AHester@perkinscoie.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Hi Adam,

We will be following up later tonight or early tomorrow with further information on the topic scopes that we discussed today.

I also wanted to follow up regarding designees and dates. As we've discussed, Entropic intends to move forward expeditiously with

depositions. To date, we still have not received designees for the 30(b)(6) topics or available dates for the 30()(1) witnesses. Indeed, we have not received any information either about DISH's intended narrowing of witnesses, which it proposed over a month ago and stated on January 26th that DISH "should be in position to serve amended disclosures removing the extra names next week."

Please provide DISH's designees as well as available dates for those designees and the 30(b)(1) witnesses no later than the end of this week. If we do not receive this information by that time, we will re-notice the depositions for dates in March or early April and proceed on those dates. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Lenning, Nicholas F.
**Sent:** Tuesday, February 28, 2023 1:13 PM
**To:** 'Hester, Adam (MSN)' <AHester@perkinscoie.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <Jason.Engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Hi Adam,

We have not had a chance to send that but can follow up after the call. We look forward to speaking shortly.

Best,

Nick Lenning

K&L Gates LLP

(206) 370-6685

He/Him/His

---

**From:** Hester, Adam (MSN) <AHester@perkinscoie.com>
**Sent:** Tuesday, February 28, 2023 12:32 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Hi Nick,

Apologies if I missed it, but have you sent along the "written summary of the specific objections that [Entropic] would like to discuss and why [Entropic] believe[s] [the objections] are improper?" I searched my inbox and didn't see anything on that subject from you since last Wednesday.

Adam

**Adam Hester | Perkins Coie LLP**
ASSOCIATE
33 East Main Street Suite 201
Madison, WI 53703-3095
D. +1.650.838.4311
F. +1.650.838.4350
E. AHester@perkinscoie.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Wednesday, February 22, 2023 6:38 PM
**To:** Hester, Adam (MSN) <AHester@perkinscoie.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Adam,

4 to 5 pm central on Tuesday works for our team. We will circulate an invite.

Before our call, I will try to send a written summary of the specific objections that we would like to discuss and why we believe they are improper.

We would also like to discuss scheduling depositions, both for the 30(b)(6) designees and the witnesses that we noticed over two months ago. We ask that DISH please come prepared with these witnesses' availability for depositions (including designees for the 30(b)(6) topics), as well as an identification of the six witnesses for DISH's narrowing of its initial disclosures. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Hester, Adam (MSN) <AHester@perkinscoie.com>
**Sent:** Wednesday, February 22, 2023 8:27 AM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Nick,

We can be available to meet and confer on DISH's objections next Tuesday or Wednesday. I've

proposed some times below.  Please let us know if there is an hour window on either date that works for your team.

Thanks,
Adam

Tuesday 2/28 – 11AM-12PM, 2PM-3PM, 4PM-5PM (all times CT)
Wednesday 3/1 – Broadly free between 11AM-3PM CT

**Adam Hester | Perkins Coie LLP**
ASSOCIATE
33 East Main Street Suite 201
Madison, WI 53703-3095
D. +1.650.838.4311
F. +1.650.838.4350
E. AHester@perkinscoie.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Monday, February 13, 2023 1:43 PM
**To:** Krebs, Robert (WDC) <RKrebs@perkinscoie.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** Hester, Adam (MSN) <AHester@perkinscoie.com>; *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** RE: Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Counsel,

Could you please provide your availability to meet and confer regarding Dish's objections? Also, could you please let us know when Dish intends to provide its designees, at least to topics 11, 12, 18, 23, and 25-30. Entropic would like to move forward with depositions for those topics. Thank you.

Best,

Nick Lenning

K&L Gates LLP

(206) 370-6685

He/Him/His

**From:** Krebs, Robert (WDC) <RKrebs@perkinscoie.com>
**Sent:** Tuesday, February 07, 2023 5:18 PM
**To:** Shimota, Jim A. <Jim.Shimota@klgates.com>; Engel, Jason A. <jason.engel@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Beane, Devon Curtis <Devon.Beane@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; EntropicKLG <EntropicKLG@klgates.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Cc:** Hester, Adam (MSN) <AHester@perkinscoie.com>; *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** Entropic Communications, LLC v. DISH Network Corp., et al., Case 22-cv-07775

Dear Counsel:

Attached for service is

- DISH DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION

Best regards,

**Bob Krebs** | **Perkins Coie LLP**
SENIOR PARALEGAL
1900 Sixteenth Street Suite 1400
D. +1.303.291.2331
F. +1.303.291.2431
E. RKrebs@perkinscoie.com



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.