# EXHIBIT B

| | |
|---|---|
| **From:** | Lenning, Nicholas F. |
| **To:** | Hester, Adam (MSN) |
| **Cc:** | EntropicKLG; *Entropic-DISH |
| **Subject:** | RE: Entropic v. DISH - DISH"s Portion of Joint Stipulation regarding DISH"s Motion for Protective Order |
| **Date:** | Monday, March 13, 2023 9:07:40 PM |

Hi Adam,

Respectfully, that is wrong.

> Rule 37(d)(2) provides that a failure to appear for a properly noticed deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).' In this Circuit, case law is clear that a pending motion is not sufficient to excuse appearance. The party to be deposed must also obtain a protective order or stay. See Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maint. Assoc., 316 F.R.D. 327, 337 (D. Nev. 2016 ("[T]he fact that the filing of a motion for protective order is <u>necessary</u> to excuse a nonappearance at a deposition does not mean that the filing of a motion for protective order is <u>sufficient</u> to excuse that nonappearance.") (emphasis added). The Nationstar court (id. at 336) noted that a party is not empowered to grant itself the relief it seeks from the Court by delaying a motion until there is insufficient time to obtain a resolution from a court, citing the 9th Circuit decision in Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964) (a rule that a party need not appear if a motion is on file would be an intolerable clog on the discovery process). Nationstar then held, "The mere filing of a protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition." Id. at 336. Similarly, a Court in this District has held, "Unless a party or witness files a motion for a protective order and seeks and obtains a stay <u>prior</u> to the

deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." In re Toys' R Us-Delaware, Inc., 2010 WL 4942645, at * (C.D. Cal.); see also Konanklike Phillips Elec. V. KXD Tech., Inc., 2007 WL 3101248, at *18 (D. Nev. 2007) (deponent must appear absent protective order); Schwarzers, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Proc. Before Trial, ¶ 11:116 (Rutter Group 2010) (must obtain stay before deposition).

Hamilton v. TBC Corp., 2018 WL 9815585, at *3 (C.D. Cal. Mar. 29, 2018) (McDermott, Mag. J.).

> Fifth, the Court rejects Angel Oak's argument that the mere filing of its Application relieved it of the duty to appear for the noticed 30(b)(6) deposition . . . . Angel Oak's assertion is contrary to settled law which establishes that a party needs to obtain a protective order, not just make a motion for one. Pioche Mines Consolidated, Inc. v. Dolman, 33 F.2d 257, 269 (9th Cir. 1964); Livingston v. The Boeing Company, 2013 WL 1213-581, at *1 (C.D. Cal.) (citing Pioche, "It is well-settled that unless a party or witness files a motion for a protective order and seeks and obtains a stay _prior_ to the depositions--a party or witness has no basis to refuse to attend a properly noticed deposition"); Huene v. IRS, 2013 WL 417747, at *3 (E.D. Cal.) (collecting cases); Scott v. Palmer, 2014 WL 6685813, at *2-3 (E.D. Cal. 2014).

Wintrust Mortgage v. Wettstein, 2017 WL 10562962, at *2 (C.D. Cal. Apr. 17, 2017) (McDermott, Mag. J)

If DISH is aware of contrary authority, please let us know.

Best,

## Nick Lenning
## K&L Gates LLP
## (206) 370-6685
## He/Him/His

---

**From:** Hester, Adam (MSN) <AHester@perkinscoie.com>
**Sent:** Monday, March 13, 2023 5:53 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; *Entropic-DISH <Entropic-DISH@perkinscoie.com>
**Subject:** Entropic v. DISH - DISH's Portion of Joint Stipulation regarding DISH's Motion for Protective Order

Hi Nick,

Per the parties' agreement, I attach DISH's portions of the joint stipulation for its motion for protective order, as well as the declaration and exhibits that DISH intends to submit with it.

Thank you for Entropic's agreement to return its portions of the joint stipulation by the end of the day on Thursday (or sooner). We think that the Court will appreciate us working together to avoid an emergency motion.

As DISH has repeatedly made clear, including on today's call, DISH does not intend to present any of its witnesses for deposition on the noticed dates. We are awaiting input from the Court and have staked out our position through the attached protective order motion, as well as our clarification request. On the call, you suggested that DISH's refusal to appear is "sanctionable under Rule 37" unless the Court actually issues an order granting DISH's motion for protective order **before** Monday morning. That is incorrect. *See* FRCP 37(d)(2) ("A failure described in Rule 37(d)(1)(A) [including to appear for a deposition] is not excused on the ground that the discovery sought was objectionable, **unless the party failing to act has a pending motion for a protective order under Rule 26(c)**.") (emphasis added); *Paige v. Consumer Programs, Inc.*, 242 F.R.D. 272, 275 (C.D. Cal. 2008) ("[I]f plaintiff believed he had good cause not to appear for his deposition …, **his recourse was to file a motion for a protective order** ….") (emphasis added). We therefore plan to proceed with a regularly noticed discovery motion, rather than resorting to an emergency motion.

Please let us know if you have any questions, and have a good evening.

Adam

**Adam Hester | Perkins Coie LLP**
ASSOCIATE
33 East Main Street Suite 201
Madison, WI 53703-3095
D. +1.650.838.4311
F. +1.650.838.4350
E. AHester@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.