# EXHIBIT 14

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

*Additional Counsel Listed in Signature Block*

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DIRECTV, LLC and<br>AT&T SERVICES, INC.,<br><br>  Defendants. | No. 2:22-cv-07775-JWH-JEM |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>  Defendants. | No. 2:22-cv-07959-JWH-JEM<br><br>**DISH'S OPPOSED NOTICE OF MOTION AND MOTION TO STAY CASE PENDING *INTER PARTES* REVIEW**<br><br>Motion Hearing:<br> Date: April 14, 2023<br> Time: 9:00 a.m.<br> Crtm: 9D (Reagan Bldg) |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES
I.   INTRODUCTION ............................................................................................ 1
II.  LEGAL STANDARDS ..................................................................................... 3
     A.  The America Invents Act's *Inter Partes* Review Proceeding ....... 3
     B.  This Court's Power To Stay ............................................................. 3
     C.  Courts In This District Frequently Stay Litigation Pre-IPR
         Institution ......................................................................................... 4
III. ANALYSIS ..................................................................................................... 5
     A.  Stay Factor 1: This Case Is In Its Early Stages ............................. 5
     B.  Stay Factor 2: A Stay Of This Case Will Result In Simplification ............. 7
     C.  Stay Factor 3: A Stay In This Case Will Not Unduly Prejudice
         Entropic ............................................................................................ 8
IV.  CONCLUSION ............................................................................................. 10
CERTIFICATE OF CONFERENCE ........................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Aten Int'l Co. v. Emine Tech. Co.*,
No. 09-cv-843-AG, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010)......................4, 5

*Avago Techs. Fiber IP (Singapore) Pte. v. IPtronics Inc.*,
No. 10-cv-2863, 2011 WL 3267768 (N.D. Cal. July 28, 2011) ..............................10

*C.R. Laurence Co. v. Frameless Hardware Co.*,
No. 2:21-cv-1334-JWH, 2022 WL 2035952 (C.D. Cal. Feb. 14, 2022) ...................8

*CF Traverse LLC v. Amprius, Inc.*,
No. 20-cv-484, 2020 WL 6820942 (N.D. Cal. Nov. 6, 2020)...................................5

*Core Optical Techs., LLC v. Fujitsu Network Comm'ns, Inc.*,
No. 16-cv-437-AG, 2016 WL 7507760 (C.D. Cal. Sept. 12, 2016)......................4, 6

*E. Digital Corp. v. Dropcam, Inc.*,
No. 14-cv-4922, 2016 WL 658033 (N.D. Cal. 2016)...............................................9

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)................................................................................................10

*Elekta Ltd. v. ZAP Surgical Sys., Inc.*,
No. 19-cv-2269, 2019 WL 9100404 (N.D. Cal. Nov. 8, 2019)................................5

*Implicit Networks, Inc. v. Advanced Micro Devices*,
No. 08-cv-184, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ..............................10

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936).................................................................................................3

*Limestone v. Micron Tech.*,
No. 15-cv-278-DOC, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016)...............4, 6, 8

*Lodge Mfg. Co. v. Gibson Overseas, Inc.*,
No. 18-cv-8085-PSG, 2019 WL 9443180 (C.D. Cal. Sept. 24, 2019) ....................9

*Neodron, Ltd. v. Lenovo Grp., Ltd.*,
No. 19-cv-5644, 2020 WL 5074308 (N.D. Cal. Aug. 27, 2020).............................5

*Pi-Net Int'l, Inc. v. Hertz Corp.*,
No. 2:12-cv-10012-PSG, 2013 WL 7158011 (C.D. Cal. June 5, 2013)..................8

*Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*,
No. 15-cv-2585-JAK, 2015 WL 12860482 (C.D. Cal. Aug. 20, 2015) ...................4

*Pragmatus AV, LLC v. Facebook, Inc.*,
No. 11-cv-2168, 2011 WL 4802958 (N.D. Cal., Oct. 11, 2011)............................10

*Purecircle USA Inc. v. SweeGen, Inc.*,
No. 18-cv-1679-JVS, 2019 WL 3220021 (C.D. Cal. June 3, 2019)................4, 6, 7

*Qualcomm Inc. v. Apple Inc.*,
No. 3:17-cv-2402, 2018 WL 4104951 (S.D. Cal. Aug. 29, 2018) ............................5

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................................3

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
No. 94-cv-20775, 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ................................8

*TeleSign Corp. v. Twilio, Inc.*,
No. 15-cv-3240-PSG, 2016 WL 6821111 (C.D. Cal. Mar. 9, 2016)........................9

*Tierravision, Inc. v. Google, Inc.*,
No. 11-cv-2170, 2012 WL 559993 (S.D. Cal. Feb. 21, 2012) ................................6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...............................................................4, 5

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
19-cv-1201-RSWL, 2021 WL 663128 (C.D. Cal. Feb. 19, 2021) ..........................6

*Viavi Sol. Inc. v. Platinum Optics Tech. Inc.*,
No. 5:20-cv-5501, 2021 WL 1893142 (N.D. Cal. May 11, 2021) ..........................5

*VirtualAgility Inc v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014).................................................................................7

*Vivint, Inc. v. Skybell Techs., Inc.*,
No. 21-cv-9472-GW, 2022 WL 1858711 (C.D. Cal. Nov. 9, 2022) .....................4, 6

*Wi-Lan, Inc. v. LG Elecs.*,
No. 3:17-cv-358, 2018 WL 2392161 (S.D. Cal. May 21, 2018)..............................5

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*,
No. 14-cv-1153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ..........3, 5, 8, 9

**Statutes**

35 U.S.C. § 315(b) ..........................................................................................................9

37 C.F.R. §§ 42.100 et seq................................................................................................3

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on April 14, 2023 at 9:00 A.M. PT, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable John W. Holcomb, located in the Ronald Regan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor, Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively "DISH") will and hereby do move for this Court to stay this case pending *inter partes* review.

DISH respectfully requests that the Court stay this case pending resolution of petitions for *inter partes* review, which were filed with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), on January 13, 2023, February 6, 2023, and February 21, 2023, respectively, for each of the three patents asserted against DISH in this case. A stay of this case is warranted in view of the preliminary stage of the proceedings, the potential to vastly simplify the relevant issues, and the lack of prejudice to the Plaintiff Entropic Communications, LLC ("Entropic").

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Trevor Bervik ("Bervik Decl.") and the exhibits thereto, the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

## CONCISE STATEMENT OF RELIEF

DISH requests that the Court stay all deadlines in this case pending the outcome of DISH's *inter partes* review petitions, IPR2023-00391, IPR2023-00392, and IPR2023-00393, which challenge the validity of all claims of all three patents asserted in this case, plus additional claims that have not been asserted.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In March of 2022, Entropic filed a patent infringement suit against DISH before Judge Rodney Gilstrap in the Eastern District of Texas,[1] accusing DISH of infringing three patents—U.S. Patent Nos. 7,130,576 ("the '576 patent"), 7,542,715 ("the '715 patent"), and 8,792,008 ("the '008 patent"). These patents, however, are invalid. DISH therefore prepared and filed *inter partes* review ("IPR") petitions for each, with an IPR petition challenging all claims of the '715 patent on January 13, 2023, an IPR petition challenging all claims of the '008 patent on February 6, 2023, and an IPR petition challenging all asserted claims (and more) of the '576 patent on February 21, 2023. In short, these petitions collectively challenge the validity of all asserted claims of all three patents asserted against DISH. DISH respectfully asks the Court to stay this case to allow the PTAB to resolve these petitions. All three factors that courts consider when deciding whether to stay pending IPRs—as well as the totality of the circumstances—weigh in favor of this stay.

First, discovery in this case is far from completion and a trial date has not yet been set. The first eight months of this case in the Eastern District of Texas were primarily directed to transfer-related issues. After transfer to this Court, the Court declined to set deadlines for the substantial completion of document productions and the close of fact discovery. No schedule post-Markman has been set. No summary judgment motions have been filed. No trial date has been set. By staying the case now, the Court can avoid burdening its docket with a schedule and proceedings—including claim construction proceedings—that may be ultimately unnecessary in light of the IPRs. Moreover, the parties will avoid

---

[1] After briefing venue motions and conducing venue discovery, the Eastern District of Texas court transferred this case to the Central District of California, in November 2022.

needlessly engaging in extraneous discovery, further saving the Court from wasting hearing time or otherwise considering additional disputes between these parties, of which it is already apparent that there will be many.

Second, a stay will simplify the issues for trial, if not eliminate the entire case. These IPR petitions may result in the cancellation of some or all relevant claims, mooting the need to address them in this litigation. Further, any statements that Entropic makes in the IPR proceedings will become part of the patents' file histories and could therefore impact the construction of any surviving claim. If the IPRs are instituted, DISH has agreed that it will be estopped from raising invalidity grounds that were or could have been raised in this litigation, further simplifying any eventual trial in this case. In creating the IPR petition process, Congress intended to provide a cheaper, faster alternative to litigation. By staying this case in view of an IPR institution decision, this Court would allow the IPR petition process to perform its congressionally intended function.

Third, a stay will not unduly prejudice Entropic. Entropic does not design or manufacture any product, and it is not a competitor to DISH. It acquired the patents in 2021 at a time when two of the three asserted patents were already nearing expiration. Entropic is only seeking monetary damages, any award of which would be unaffected by a stay. Indeed, this case is like many others where a stay has been granted based on early-filed IPR petitions to simplify issues and save resources. Any prejudicial effect on Entropic is speculative and, as explained below, clearly outweighed by the benefits of granting a stay.

DISH anticipates that Entropic will take the position that no stay should be granted in this case unless and until DISH's IPR petitions are instituted. But there is no reason to wait, and it would be inefficient to blindly rush forward with Markman proceedings in this case when DISH's petitions are strong and any effort here is likely to be wasted. It will only cause a short delay to see what the PTAB

does because the PTAB is statutorily required to decide whether to institute DISH's IPR petitions by July 13, 2023, August 6, 2023, and August 21, 2023, respectively. There is a large body of precedent, including in California federal courts, for staying in exactly these circumstances. No different result is merited here.

## II. LEGAL STANDARDS

### A. The America Invents Act's *Inter Partes* Review Proceeding

Congress created the *inter partes* review proceeding in the America Invents Act ("AIA") to pursue the AIA's goal of "establish[ing] a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. 14-cv-1153-VAP, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015) (quoting H.R. Rep. No. 112-98, 40 (2011)) (codified at 37 C.F.R. §§ 42.100 et seq.)). The IPR procedure is designed to: 1) reduce the amount of time the PTAB spent reviewing post-grant validity decisions, compared with previous USPTO policies; 2) minimize duplicative efforts by increasing coordination between district court litigation and IPR proceedings; and 3) allow limited discovery in the IPR proceedings. *See Wonderland*, 2015 WL 1809309, at *1.

### B. This Court's Power To Stay

District courts have the inherent power to stay their proceedings and "the power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

This power to stay includes the power to stay pending IPR proceedings. When considering whether to stay a case in view of IPR proceedings, courts in this District have typically considered three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in

question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (*quoting Aten Int'l Co. v. Emine Tech. Co.*, No. 09-cv-843-AG, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). Ultimately, "the totality of the circumstances governs." *See Vivint, Inc. v. Skybell Techs., Inc.*, No. 21-cv-9472-GW, 2022 WL 18587113, at *1 (C.D. Cal. Nov. 9, 2022).

**C. Courts In This District Frequently Stay Litigation Pre-IPR Institution.**

Courts in this district typically adopt the majority position that a stay pending an IPR institution decision may be granted if the circumstances warrant. *Purecircle USA Inc. v. SweeGen, Inc.*, No. 18-cv-1679-JVS, 2019 WL 3220021, at *4 (C.D. Cal. June 3, 2019) ("Having considered the totality of the circumstances, the Court **grants** Defendants' motion to stay pending *inter partes* review …."); *see also Core Optical Techs., LLC v. Fujitsu Network Comm'ns, Inc.*, No. 16-cv-437-AG, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) ("[E]ven if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay. Further, as noted, a stay will simplify the issues for trial in most scenarios."); *Limestone v. Micron Tech.*, No. 15-cv-278-DOC, 2016 WL 3598109, at *4-5 (C.D. Cal. Jan. 12, 2016) (granting pre-IPR institution stay because "significant judicial resources will be saved" regardless of institution decision); *Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*, No. 15-cv-2585-JAK, 2015 WL 12860482, at *5 (C.D. Cal. Aug. 20, 2015) ("Knowing whether the USPTO will commence *inter partes* review proceedings will require a relatively short pause in these proceedings, which could result in saving significant, and otherwise unnecessary expenditure of time and resources by the parties and the Court. This provides significant support for the entry of a stay…."); *Wonderland*, 2015 WL

1809309, at *3 (granting a stay pending the PTAB's decision to institute movant's IPR petitions).

Other courts, including other district courts in California, take a similar approach. *See e.g.*, *CF Traverse LLC v. Amprius, Inc.*, No. 20-cv-484, 2020 WL 6820942, at *1-2 (N.D. Cal. Nov. 6, 2020); *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-cv-5644, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020); *Viavi Sol. Inc. v. Platinum Optics Tech. Inc.*, No. 5:20-cv-5501, 2021 WL 1893142, at *1-2 (N.D. Cal. May 11, 2021); *Elekta Ltd. v. ZAP Surgical Sys., Inc.*, No. 19-cv-2269, 2019 WL 9100404, at *2 (N.D. Cal. Nov. 8, 2019); *Qualcomm Inc. v. Apple Inc.*, No. 3:17-cv-2402, 2018 WL 4104951, at *4 (S.D. Cal. Aug. 29, 2018); *Wi-Lan, Inc. v. LG Elecs.*, No. 3:17-cv-358, 2018 WL 2392161, at *2-3 (S.D. Cal. May 21, 2018).

### III. ANALYSIS

All three stay factors—stage of the case, simplification of issues, and potential for undue prejudice—favor staying this case. This case is in its early stages, the institution of DISH's IPR petitions will likely eliminate or substantially streamline the issues to be tried, and Entropic cannot credibly claim it would suffer undue prejudice. As such, the Court should stay this case.

**A. Stay Factor 1: This Case Is In Its Early Stages.**

The early stage of this litigation heavily favors a stay. *See, e.g.*, *Aten*, 2010 WL 1462110, at *6 (granting stay; "No depositions have been taken, no expert discovery has been propounded, and no claim construction has taken place…."); *Wonderland*, 2015 WL 1809309, at *3 (finding stage of litigation weighed in favor of stay where "fact discovery is not yet complete, expert discovery has not yet begun, and a trial date has not yet been set"). Further, there is a "liberal policy of granting motions to stay proceedings pending the outcome of re-examination." *Universal Elecs.*, 943 F. Supp. 2d at 1031. Finally, courts in this District typically

find that this factor favors stay where there is "more work ahead of the parties and the Court than behind [them]." *Limestone*, 2016 WL 3598109, at *3; *see also Tierravision, Inc. v. Google, Inc.*, No. 11-cv-2170, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).

This case is in its early stages, and the costliest stages of litigation have yet to occur. Much fact discovery remains to be completed—and the Court declined to set a deadline for the close of fact discovery at this stage of the case—and a trial date has not yet been set. *See* Status Conf. Tr., Ex. A[2] at 43:18-21. A date for the Markman hearing itself has been set for July 11, 2023—more than four months away. The parties have not yet begun claim construction briefing and still have a substantial amount of other work left to complete before the date of the hearing, including the preparation of technical tutorials. Many costly aspects of patent litigation, including depositions, dispositive motions, and expert discovery, have not begun. In short, much more work lies ahead of the parties and the Court, which weighs in favor of a stay. Indeed, the Central District of California has a long history of staying cases that are further along than the present litigation. *See, e.g.*, *Vivint*, 2022 WL 18587113, at *2-3 (staying case where claim construction order had issued and fact discovery was substantially complete); *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, 19-cv-1201-RSWL, 2021 WL 663128, at *2 (C.D. Cal. Feb. 19, 2021) (staying case where claim construction order had issued and jury trial date had been set); *Purecircle*, 2019 WL 3220021, at *2 (staying case before institution of IPR where expert depositions during claim construction had already occurred, fact discovery close was roughly four months away, and trial date had been set); *Core Optical Techs.*, 2016 WL 7507760, at *1 (staying case before institution of IPR where claim construction was ongoing and dates had been set for the end of fact discovery and trial).

---

[2] All exhibits are attached to the Bervik Declaration submitted with this Motion.

Allowing this litigation to progress would require the parties to expend substantial effort and resources on issues that may well be resolved by the IPR proceedings. And it is clear that significantly more work lies ahead of the parties and the Court than behind them. The very early nature of the proceedings here, and the amount of work ahead of the parties and the Court, strongly favor a stay.

**B.     Stay Factor 2: A Stay Of This Case Will Result In Simplification.**

DISH's IPR petitions could, if granted, dispose of this matter in its entirety or significantly narrow the issues for trial. All of the claims that Entropic asserts against DISH have been challenged in DISH's IPR petitions. In fact, DISH's IPR petitions challenge every claim of the '715 patent (claims 1-19), every claim of the '008 patent (claims 1-18), and all asserted claims of the '576 patent, plus others that are not asserted (claims 8-23 and 34-42). *See* Exs. B, C, and D. It is more likely than not that the PTAB will institute the petitions just based on statistics alone, even ignoring the particularly compelling prior art combinations presented by the present DISH petitions. From the most recent USPTO statistics available, the PTAB's institution rate for petitions concerning all patents is over sixty percent, with the institution rate for electrical/computer patents at over seventy percent. *See* Ex. E (USPTO, "PTAB Trial Statistics October 2022: IPR, PGR" at 6-8 (Oct. 2022)). If the PTAB institutes any of DISH's petitions, which is statistically likely even ignoring their strength, this situation "weighs heavily in favor of granting the stay." *VirtualAgility Inc v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

In this District, courts "have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." *Purecircle*, 2019 WL 3220021, at *2 (granting pre-institution stay). Furthermore, "the risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should the stay be denied and

an IPR subsequently commence." *Wonderland*, 2015 WL 1809309, at *3. Even if the PTAB finds that all challenged claims are not invalid, the PTAB's rulings would likely "facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Limestone*, 2016 WL 3598109, at *3; *see also Pi-Net Int'l, Inc. v. Hertz Corp.*, No. 2:12-cv-10012-PSG, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) ("[T]he assistance of the PTO is particularly helpful when a party has requested PTO review of many claims of the patents-in-suit."); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. 94-cv-20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).

Although this Court denied a pre-institution stay in *C.R. Laurence Co. v. Frameless Hardware Co.*, No. 2:21-cv-1334-JWH, 2022 WL 2035952 (C.D. Cal. Feb. 14, 2022), that case involved significantly different facts than those at issue here—including the presence of many non-patent claims (such as claims of computer fraud, unauthorized access to computer data, and trade secret violations), which obviously implicate different case management and prejudice concerns. In fact, in *C.R. Laurence*, eleven of the twelve claims for relief would ***not*** have been simplified regardless of the ultimate outcome of the movant's IPR petition, diminishing the petition's significance. *Id.*, at *6 ("[T]he Court agrees with [non-movant] that the IPR cannot simplify 11 of [non-movant's] 12 claims for relief."). A stay pending PTAB review of DISH's IPR petitions would certainly simplify the issues and streamline trial, either by narrowing the issues for trial or by providing the Court with the PTAB's conclusions regarding certain matters related to patent invalidity. The simplification factor, therefore, warrants a stay.

C.  **Stay Factor 3: A Stay In This Case Will Not Unduly Prejudice Entropic.**

Granting a stay in this case will not unduly prejudice Entropic. In examining this factor, this District considers "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the

relationship of the parties." *TeleSign Corp. v. Twilio, Inc.*, No. 15-cv-3240-PSG, 2016 WL 6821111, at *4 (C.D. Cal. Mar. 9, 2016) (*quoting E. Digital Corp. v. Dropcam, Inc.*, No. 14-cv-4922, 2016 WL 658033, at *4 (N.D. Cal. 2016)). Notably, courts in this District have found that "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." *Wonderland*, 2015 WL 1809309, at *4.

With respect to the first and second subfactors, DISH diligently filed its IPR petitions and its motion for stay once venue issues were resolved, easily beating the one-year statutory bar date for all three. *See* 35 U.S.C. § 315(b) (establishing one-year deadline to file IPR petitions after service of complaint); *see also Lodge Mfg. Co. v. Gibson Overseas, Inc.*, No. 18-cv-8085-PSG, 2019 WL 9443180, at *4 (C.D. Cal. Sept. 24, 2019) (finding that a gap of approximately 10 months between the complaint and IPR filing is "well within the statutory period" and granting stay). DISH additionally contacted Entropic to confer about its motion for stay less than two weeks after filing its last IPR petition. Entropic cannot claim that the timing of DISH's IPR petitions and stay request are unfairly prejudicial when any delay in this case stems from Entropic's decision to file this case in the Eastern District of Texas, where it did not belong.

With respect to the third subfactor, Entropic also cannot show that it is prejudiced by a stay. Courts in this District "have been reluctant to find that the IPR delay counsels against a stay absent a specific showing of prejudice beyond the prejudice inherent in a stay." *TeleSign*, 2016 WL 6821111, at *4. One factor that is relevant in whether a party is prejudiced by a stay is whether the parties are direct competitors to each other. *See Wonderland*, 2015 WL 1809309, at *4. But DISH and Entropic are not competitors at all, much less direct competitors, rendering this factor inapplicable. Additionally, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages

-9-

provide adequate redress for infringement." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-2168, 2011 WL 4802958, at *4 (N.D. Cal., Oct. 11, 2011) (quoting *Implicit Networks, Inc. v. Advanced Micro Devices*, No. 08-cv-184, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009)). Entropic has not sought injunctive relief in this case, which also undercuts any claim that a stay would harm it. Indeed, two of the three asserted patents will expire shortly, on February 24 and March 5, 2024, before any final decision could issue regardless of the presently contemplated stay, even ignoring that Entropic—as a non-practicing entity—cannot satisfy the *eBay* injunction test. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Entropic, therefore, cannot show that it will be prejudiced by a stay.

Finally, with respect to the fourth subfactor, the relationship of the parties does not support any claim of undue prejudice. While courts are generally reluctant to stay proceedings where the parties are direct competitors, DISH and Entropic are not, as mentioned above; Entropic is a non-practicing entity financed by Fortress. As such, there is no harm to Entropic that is not compensable by "readily calculable money damages," rendering the prejudice to Entropic minimal. *Avago Techs. Fiber IP (Singapore) Pte. v. IPtronics Inc.*, No. 10-cv-2863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

## IV. CONCLUSION

Because all factors favor a stay, and in light of the liberal policy favoring stays pending IPR proceedings, DISH respectfully requests that the Court stay this case pending the outcome of DISH's IPR petitions.

| | |
|---|---|
| Dated: March 15, 2023 | **PERKINS COIE LLP**<br><br>By: */s/ Amanda Tessar*<br>  Amanda Tessar<br><br>Matthew C. Bernstein, Bar No. 199240<br>MBernstein@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Ste 300<br>San Diego, California 92130-2080<br>Telephone: +1.858.720.5700<br>Facsimile: +1.858.720.5799<br><br>Amanda Tessar (admitted *pro hac vice*)<br>ATessar@perkinscoie.com<br>Trevor Bervik (admitted *pro hac vice*)<br>TBervik@perkinscoie.com<br>PERKINS COIE LLP<br>1900 Sixteenth Street, Suite 140<br>Denver, Colorado 80202-5255<br>Telephone: +1.303.291.2300<br>Facsimile: +1.303.291.2400<br><br>Daniel T Keese, Bar No. 280683<br>DKeese@perkinscoie.com<br>PERKINS COIE LLP<br>1120 NW Couch Street 10th Floor<br>Portland, OR 97209-4128<br>Telephone: +1.503.727.2000<br>Fax: +1.503.727.2222<br><br>**ATTORNEYS FOR DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.** |

## CERTIFICATE OF CONFERENCE

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on the 13th day of March, 2023. The undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion and was advised that opposing counsel opposed this Motion. Opposing counsel agreed to waive the seven-day waiting period set by L.R. 7-3 for the filing of this Motion on the condition that the undersigned counsel file this Motion no later than the 15th day of March 2023.

/s/ *Amanda Tessar*
Amanda Tessar