JASON C. LO, SBN 219030
    jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.

[Additional Counsel Listed Below]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>DIRECTV, LLC ET AL.,<br><br>                    Defendants. | CASE NO. 2:22-CV-07775-JWH-JEM<br><br>**DIRECTV, LLC AND AT&T SERVICES, INC.'S NOTICE OF JOINDER TO DISH'S MOTION TO STAY CASE PENDING *INTER PARTES* REVIEW**<br><br>Motion Hearing:<br> Date: April 14, 2023<br> Time: 9:00 a.m.<br> Crtm: 9D (Reagan Bldg) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C,<br><br>                    Defendants. | CASE NO. 2:22-CV-07959-JWH-JEM |

Gibson, Dunn &
Crutcher LLP

BENJAMIN HERSHKOWITZ (admitted *pro hac vice*)
    bhershkowitz@gibsondunn.com
KATHERINE Q. DOMINGUEZ (admitted *pro hac vice*)
    kdominguez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:   212.351.4035

BRIAN BUROKER (admitted *pro hac vice*)
    bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.955.8500

NATHAN R. CURTIS (admitted *pro hac vice*)
    ncurtis@gibsondunn.com
AUDREY YANG (admitted *pro hac vice*)
    ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants DIRECTV, LLC and AT&T Services, Inc. ("Defendants") provide this Notice of Joinder to Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C.'s (collectively, "DISH") Notice of Motion and Motion to Stay Case Pending *Inter Partes* Review (ECF No. 191).

On March 15, 2023, DISH filed a motion to stay the case pending resolution of its recently filed petitions for *inter partes* review ("IPR") of U.S. Patent Nos. 7,130,576, 7,542,715, and 8,792,008 (collectively, "the asserted patents"). The IPRs filed by DISH challenge all claims asserted against Defendants by Plaintiff Entropic Communications, LLC in this case. Although Defendants have not filed any petitions for IPR, nor are Defendants a party (or a privy to a party) in any such proceeding, a stay as to the proceedings against Defendants is warranted for at least the same reasons set forth in DISH's motion to stay. Notably, Defendants stipulate that, if the Court grants the motion to stay, they will not raise in this litigation any grounds actually raised and finally adjudicated in the IPR proceedings. Defendants therefore join DISH's motion to stay and requests a stay of the proceedings against Defendants for the reasons summarized below.

***This Case Is In Its Early Stages.*** Like the *DISH* case, this case is in its early stages with much of fact discovery and all of expert discovery still remaining, which heavily favors a stay. *See, e.g.*, *Aten Int'l Co., Ltd v. Emine Tech. Co.*, No. 09-cv-843, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010). Granting a stay now would relieve the Court of the burden of considering and deciding the construction of terms in claims that the IPR process might modify or cancel. A stay would also allow the parties to avoid the expense of fact and expert discovery and other case development directed at such potentially irrelevant claims.

***A Stay Of This Case Will Result In Simplification.*** All of the claims that Entropic asserts against Defendants have been challenged in DISH's IPR petitions. Thus, these

petitions, could, if granted, dispose of this matter in its entirety or significantly narrow the issues for trial. Even in the unlikely event that all asserted claims survive, Entropic may make statements in its submissions to the Patent Office that impact the scope of the asserted claims. This case could be benefitted "with the expert opinion of the PTO and clarifying the scope of the claims." *Limestone v. Micron Tech.*, No. 15-cv-278, 2016 WL 3598109, at *4–5 (C.D. Cal. Jan. 12, 2016) (granting pre-IPR institution stay because "significant judicial resources will be saved" regardless of institution decision).

Furthermore, even though Defendants are not subject to statutory estoppel under 35 U.S.C. § 315(e)(2), Defendants stipulate that, if the Court grants the motion to stay, they will not raise in this litigation any grounds "actually raised and finally adjudicated in the IPR proceedings." *See E.Digital Corp. v. Arcsoft, Inc.*, No. 15-cv-56, 2016 WL 452152, at *2 (S.D. Cal. Feb. 3, 2016) (finding that simplification factor weighs in favor of stay where non-IPR-filing defendants are "estopped from raising any grounds "actually raised and finally adjudicated in the IPR proceedings"). Not only has this Court has found that this degree of estoppel would simplify the issues before the Court, *see Reversible Connections LLC v. GBT Inc.*, 2018 WL 5116411, at *3 (C.D. Cal. Aug. 21, 2018), courts across the country have consistently come to the same conclusion, *see, e.g.*, *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*, No. 15-cv-00234, 2015 WL 13333678, at *5 (N.D. Cal. May 6, 2015); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. 12-cv-3314, 2013 WL 5425298, at *4 (S.D. Tex. Sept. 26, 2013); *Wildcat Licensing Wi LLC v. Bayerische Motoren Werke AG*, No. CV 19-834-MN-JLH, 2020 WL 6940038, at *1 (D. Del. Nov. 25, 2020).

***A Stay In This Case Will Not Unduly Prejudice Entropic.*** Entropic, a non-practicing entity, is not a competitor (much less a direct competitor) of Defendants. As such, there is no harm to Entropic that is not compensable by "readily calculable money damages." *Avago Techs. Fiber IP (Singapore) Pte. v. IPtronics Inc.*, No. 10-cv-2863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011). Courts in this District have emphasized that "[t]he general prejudice of having to wait for resolution is not a

persuasive reason to deny the motion for stay." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. 14-cv-01153, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015). Such is the case here.

For at least these reasons and those set forth in DISH's motion (ECF No. 191), Defendants' requested stay is appropriate at this time and will reduce the burden on the Court and the parties. Accordingly, to the extent the Court grants the relief requested by DISH in its motion to stay, Defendants request that the action against them be stayed pending the outcome of DISH's IPR petitions as well.

## CERTIFICATE OF CONFERENCE

This Notice of Joinder is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 20, 2023. Counsel for Entropic confirmed that, while it opposes the relief requested, it agrees to waive the requirement under L.R. 7-3 that a conference must take place at least 7 days prior to the filing of a motion.

Dated:  March 21, 2023        Gibson, Dunn & Crutcher LLP

By:  */s/ Jason C. Lo*
       Jason C. Lo
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520
jlo@gibsondunn.com

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Jason C. Lo, an attorney, hereby certify that the foregoing document was filed electronically on March 21, 2023 and has been served to all counsel who have consented to electronic service.

By:  /s/ *Jason C. Lo*
Jason C. Lo

**Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.**

1
CERTIFICATE OF SERVICE