1  | Matthew C. Bernstein, Bar No. 199240
2  | MBernstein@perkinscoie.com
   | PERKINS COIE LLP
3  | 11452 El Camino Real, Ste 300
   | San Diego, California 92130-2080
4  | Telephone:  +1.858.720.5700
   | Facsimile:   +1.858.720.5799
5  |
6  | Amanda Tessar (admitted *pro hac vice*)
   | ATessar@perkinscoie.com
7  | PERKINS COIE LLP
   | 1900 Sixteenth Street, Suite 1400
8  | Denver, Colorado 80202-5255
   | Telephone:  +1.303.291.2357
9  | Facsimile:   +1.303.291.2457

10 | **ATTORNEYS FOR DEFENDANTS DISH NETWORK**
11 | **CORPORATION, DISH NETWORK L.L.C., AND**
   | **DISH NETWORK SERVICE L.L.C.**

12 |
13 | UNITED STATES DISTRICT COURT
   | CENTRAL DISTRICT OF CALIFORNIA
14 |

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | No. 2:22-cv-07775-JWH-JEM |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF DISH'S MOTION FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| DIRECTV, LLC and AT&T SERVICES, INC., | |
| Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC, | No. 2:22-cv-07959-JWH-JEM |
| Plaintiff, | Case Transferred from E.D. Texas (2:22-cv-76-JRG) |
| v. | |
| DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., | |
| Defendants. | |

1   Defendants DISH Network Corporation, DISH Network L.L.C., and DISH
2   Network Service L.L.C. (collectively "DISH," unless the context dictates
3   otherwise) respectfully request leave of the Court to file DISH's First Amended
4   Answer, Affirmative Defenses, and Counterclaims to Plaintiff Entropic
5   Communications LLC's First Amended Complaint.
6   The amendments are primarily directed to accounting for transfer to this
7   District and adding affirmative defenses and/or counterclaims related to: (1)
8   improper venue because such defenses have newly arisen based on the transfer from
9   the Eastern District of Texas to this District rather than a proper and the most
10   convenient venue (the District of Colorado); and (2) noninfringement and invalidity
11   counterclaims conforming to DISH's existing defenses and/or contentions. Good
12   cause exists because the amendments relate to newly arisen facts and to standard
13   declaratory judgment counterclaims in conformance with DISH's existing
14   noninfringement and invalidity defenses and invalidity contentions. Moreover,
15   there will be no prejudice to Entropic Communications LLC ("Entropic" or
16   "Plaintiff") from allowing the requested amendments, as the case is at an early stage
17   and neither discovery nor substantive aspects of the case are far advanced, as well
18   as because the counterclaims reflect the affirmative defenses of invalidity and
19   noninfringement already raised in DISH's answer and/or its invalidity and Section
20   101 Subject Matter Eligibility contentions. The parties will have ample time to
21   obtain discovery regarding these amendments and counterclaims under the schedule
22   entered by the Court, which notably does not yet include a trial date or fact
23   discovery cut-off, which the Court indicated that it would set after a Markman
24   hearing many months from now.

25   ## I. FACTUAL BACKGROUND

26   This case relates to Entropic's accusations that DISH (and, in a consolidated
27   case, DirectTV) infringes three patents that Entropic recently obtained from
28

No. 2:22-cv-07775-JWH-JEM
DISH'S MEMORANDUM ISO MOTION FOR LEAVE TO AMEND

1    MaxLinear.  Specifically, Entropic alleges that the DISH infringes United States
2    Patent Nos. 7,130,576 ("the '576 patent"), 7,542,715 ("the '715 patent"), and
3    8,792,008 ("the '008 patent").  Entropic filed its complaint on March 9, 2022 (ECF
4    1), and a First Amended Complaint, the currently operative complaint, on March
5    30, 2022 (ECF 17).  DISH filed a motion to transfer from the Eastern District of
6    Texas to what DISH contends is the proper venue for this case, the District of
7    Colorado, on April 27, 2022 (ECF 25) and answered the First Amended Complaint
8    on May 16, 2022 (ECF 37).

9          This case was transferred from the Eastern District of Texas on October 27,
10   2022.  ECF 109.  The Court held an initial status conference on December 13, 2022,
11   and adopted a schedule with a claim construction hearing in July 2023.  ECF 176.
12   The Court has not set a deadline for the close of fact discovery or a trial date (*see*
13   *id.*), and it indicated that it would not do so until after it issues its claim construction
14   order late this Summer.

15         DISH seeks to amend its answer to Entropic's First Amended Complaint to
16   make two categories of changes.  First, DISH seeks to add and or modify language
17   relating to venue allegations in the First Amended Complaint and to state an
18   affirmative defense of improper venue.  *See, e.g.*, Keese Decl., Ex. A at ¶¶9, 13, 16-
19   17, 19-22, Sixteenth Affirmative Defense; *see also* ECF 88 at 3-6.  Second DISH
20   seeks to add declaratory judgment counterclaims of noninfringement and invalidity
21   for each of the asserted '715, '576, and '008 patents.  Ex. A at Counterclaims.
22   Noninfringement and invalidity defenses were previously raised in DISH's answer
23   (ECF 37 at 24-25 (Second Affirmative Defense to Seventh Affirmative Defense)
24   and in DISH's invalidity contentions, and the proposed counterclaims correspond
25   to these previously raised defenses.  Ex. A at Counterclaims.

26                              **II.  LEGAL STANDARD**
27         The deadline for amendment of pleadings by right has passed, and the current
28

1  case schedule and this Court's standard Civil Trial Scheduling Order does not

2  establish a separate deadline for amendment of pleadings.  A party may, however,

3  amend the pleadings after the date for amendment of pleadings if it shows good

4  cause under Federal Rule of Civil Procedure 16 to modify the scheduling order and

5  if the standards for amendment of the pleadings under Federal Rule of Civil

6  Procedure 15(a) are satisfied.  *Gould v. Motel 6, Inc.*, No. 09-cv-8157, 2011 WL

7  759472, at *2 (C.D. Cal. Feb. 22, 2011) (Snyder, J.).

8       Rule 15 provides that after a responsive pleading has been filed, "a party may

9  amend its pleading only with the opposing party's written consent or the court's

10  leave.  The court should freely give leave when justice so requires."  Fed. R. Civ.

11  P. 15(a).  Five nonexclusive factors, which overlap significantly with the Federal

12  Rule of Civil Procedure Rule 16 analysis for modification of scheduling orders, are

13  taken into account when resolving a motion for leave to amend:  bad faith, undue

14  delay, prejudice to the opposing party, futility of amendment, and whether a party

15  has previously amended.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

16  Amongst these five, courts sometimes stress prejudice to the opposing party as the

17  key factor.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

18  2003).  As the Ninth Circuit has explained, the policy in favor of granting leave to

19  amend is "to be applied with extreme liberality" and "[a]bsent prejudice, or a strong

20  showing of any of the remaining *Foman* factors, there exists a presumption under

21  Rule 15(a) in favor of granting leave to amend."  *Id.* at 1051-52.

22       Rule 15(a) applies to amendment of pleadings, including to add compulsory

23  counterclaims.  Indeed, in view of the compulsory nature of declaratory judgement

24  counterclaims for noninfringement or invalidity on patents that are asserted, courts

25  "normally will be ***more willing*** to grant leave to amend when a Rule 13(a)

26  counterclaim is involved than when a Rule 13(b) counterclaim is at stake."  *Pac.*

27  *Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def.*

28

*Co.*, 281 F.R.D. 358, 360 (D. Ariz. 2012) (quoting 6 Wright & Miller, Fed. Practice & Procedure, §1430 (3d ed. 2010)) (emphasis added); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) (compulsory counterclaim, such as a counterclaim for infringement in response to a claim for declaratory judgment of noninfringement, "ordinarily should not be refused entry").  This is in part because of the efficiency of resolving claims and counterclaims together and in part because compulsory counterclaims are deemed barred if not pleaded in the same action.  *Id.* at 802-03 ("[I]t is not apparent how [unnecessary delay and expense] might occur, for the counterclaim raised no additional issues, the same patent was the subject of claim and counterclaim, and the parties bore the same evidentiary burdens whether or not the counterclaim was permitted.").

### III.  ARGUMENT:  DISH SHOULD BE GRANTED LEAVE TO AMEND

Application of the five-factor test here demonstrates good cause for granting leave to amend.  As to the first and second factors, there is no bad faith or undue delay here.  DISH seeks to amend its answer and add an affirmative defense to address the recent transfer of the case to this District and to add standard declaratory judgment counterclaims for noninfringement and invalidity.  DISH seeks to amend early in the case, shortly after transfer, and while the case is still at an early stage. Many of the amendments relate directly to the opposed transfer to this venue, which requires different responses and defenses on behalf of DISH for this District than had been raised in the Eastern District of Texas.  The other amendments simply add counterclaims based on defenses that were previously raised in DISH's invalidity contentions and as affirmative defenses in DISH's original answer.  Ex. A at Counterclaims.  There is no undue delay or bad faith in seeking to amend at this early stage based on newly arisen and/or discovered facts and adding standard counterclaims corresponding to previously-raised defenses.  Entropic seeks to make much of the fact that a few months have passed, but nothing has happened during

1    those months that causes any delay to Entropic, as discussed below.

2         Relatedly, regarding the third—and most important—factor, there is no

3    prejudice to Entropic from DISH amending its answer at this early stage of the

4    proceedings.  Much discovery remains to be taken, with both parties recently

5    issuing requests for production and no date set for the close of discovery.

6    Substantively, the case is at an early stage as well because many claim construction

7    deadlines have yet to occur.   For example, the claim construction hearing is set for

8    July of 2023.  *See* ECF No. 176.  There also is no trial date set for the case.  *Id.*

9    Because the case is at such an early stage, there is no prejudice to Entropic from

10   DISH's proposed amendments.

11        The nature of the amendments sought by DISH further demonstrates the lack

12   of potential prejudice here.  The first category of amendments, to DISH's answer

13   and adding one affirmative defense, directly relate to the recent transfer of the case

14   to this District, as sought by Entropic.  Ex. A at ¶¶9, 13, 16-17, 19-22, Sixteenth

15   Affirmative Defense.  Specifically, DISH seeks to amend its answer to conform its

16   answer based on the fact that the case is now in this District and not the Eastern

17   District of Texas and to raise an affirmative defense of improper venue, a position

18   that DISH already made clear that it held during the transfer briefing (*see* ECF No.

19   88 at 3-6).  There is no prejudice from allowing such amendments, which are

20   triggered by the unique procedural posture of the transfer here.

21        The other amendments relate to adding standard declaratory judgment

22   counterclaims of noninfringement and invalidity for the asserted '715, '576, and

23   '008 patents. Ex. A at Counterclaims.  The counterclaims for noninfringement and

24   invalidity especially pose no risk of prejudice because these claims raise the same

25   noninfringement and invalidity issues already raised as defenses to Entropic's

26   claims and that would inevitably be litigated during the case.  Indeed, there will be

27   no significant additional cost from these counterclaims because the issues of

28

No. 2:22-cv-07775-JWH-JEM
DISH'S MEMORANDUM ISO MOTION FOR LEAVE TO AMEND

1   validity and infringement will be litigated, and the burdens of proof will not change.

2   *Vivid Techs.*, 200 F.3d at 802 (citing 12 James Wm. Moore et al., Moore's Federal

3   Practice 57.62[2][d] (3d ed.1997)) ("[I]t is not apparent how [unnecessary delay

4   and expense] might occur, for the counterclaim raised no additional issues, the same

5   patent was the subject of claim and counterclaim, and the parties bore the same

6   evidentiary burdens whether or not the counterclaim was permitted.").

7       Fourth, the amendments here are not futile.  DISH will already raise

8   noninfringement and invalidity defenses in this case, and, as set forth in its

9   counterclaims, DISH's products do not practice multiple different limitations of

10  each of the asserted patents.  Ex. A at First Counterclaim, Second Counterclaim,

11  Third Counterclaim.  The asserted patent claims are also invalid for multiple

12  independent reasons, including under Sections 102 and/or 103 and Section 112.  *Id.*

13  at Fourth Counterclaim, Fifth Counterclaim, Sixth Counterclaim.  Further, DISH's

14  amendments related to improper venue are not futile; none of the DISH entities

15  resides in or has a regular and established place, much less a principal place, of

16  business in this District, and thus venue is not proper as to the named DISH entities

17  here.  *See e.g.*, ECF No. 95 at 1-4; ECF 88 at 3-6.  The amendments here relate to

18  meritorious venue, noninfringement, and invalidity defenses and counterclaims—

19  accordingly, the fourth factor also favors granting leave to amend.

20      The final factor, number of prior amendments, also favors leave to amend.

21  DISH has never before amended its answer.  This is not a situation where DISH has

22  failed to raise these issues in serial amendments.

23      The Ninth Circuit's five-factor test thus heavily favors granting DISH's

24  motion.  DISH respectfully requests the Court grant leave for DISH to file the First

25  Amended Answer attached as Exhibit 1.

26

27

28

Dated:  March 24, 2023

**PERKINS COIE LLP**


By: */s/ Daniel Keese*

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar (admitted pro hac vice)
ATessar@perkinscoie.com
Trevor Bervik (admitted pro hac vice)
TBervik@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 140
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Daniel T Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: +1.503.727.2000
Fax: +1.503.727.2222

**ATTORNEYS FOR DEFENDANTS DISH
NETWORK CORPORATION, DISH
NETWORK L.L.C., AND DISH NETWORK
SERVICE L.L.C.**