Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**ATTORNEYS FOR PLAINTIFF**
**ENTROPIC COMMUNICATIONS, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 2:22-cv-07775-JWH-JEM (Lead Case)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DISH'S MOTION TO STAY THE CASE PENDING *INTER PARTES* REVIEW**<br><br>Date: April 14, 2023<br>Time: 9:00 a.m.<br>Crtm: 9D (Reagan Bldg)<br><br>Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-07959 (Member Case) |

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................... 1

II.   PROCEDURAL BACKGROUND: A STAY WOULD CAUSE
      SIGNIFICANT DELAY. .................................................. 3

III.  ARGUMENT: DISH'S MOTION SHOULD BE DENIED. ......................... 5

      A.    This case is not at an early stage. ........................... 5

            1.    Substantial time and effort have been invested by the
                  parties. ............................................... 5

            2.    Defendants' conduct should not be rewarded. ............ 8

      B.    Before an institution decision, simplification is purely speculative. ...... 9

      C.    Even if institution were granted, this case still will not be
            simplified. ............................................. 11

      D.    Staying the case will unduly prejudice Entropic. ............... 13

IV.   CONCLUSION ........................................... 16

i

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*C.R. Laurence Co., Inc. v. Frameless Hardware Co. LLC*,
  2022 WL 2035952 (C.D. Cal. Feb. 14, 2022) ...........................................5, 6, 10

*CAO Lighting, Inc. v. General Elec. Co.*,
  2022 WL 17752270 (D. Del. Dec. 19, 2022) ...............................................15, 16

*Chrimary Sys., Inc. v. Adtran, Inc.*,
  2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) ...............................................14, 15

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
  No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023).............9

*E-Watch, Inc. v. Lorex Canada, Inc.*,
  2013 WL 5425298 (S.D. Tex. Sept. 26, 2013)...................................................13

*Ellenby Techs., Inc. v. Fireking Security Grp.*,
  533 F. Supp. 3d 656 (N.D. Ill. Apr. 13, 2021) ...................................................9

*Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*,
  No. SA CV 18-2043-DOC, 2020 WL 2084674 (C.D. Cal. Jan. 13,
  2020) ...................................................................................................................14

*Hologram USA, Inc. v. Vntana, 3D, LLC*,
  2015 WL 12791513 (C.D. Cal. Dec. 7, 2015)....................................................10

*Horizon Pharma, Inc. v. Dr. Reddy's Labs., Inc.*,
  2018 WL 3574878 (D.N.J. July 25, 2018) .........................................................15

*Int'l Test Sols., Inc. v. Mipox Int'l Corp.*,
  No. 16-CV-00791-RS, 2017 WL 1316549 (N.D. Cal. Apr. 10, 2017) ..............14

*Intellectual Venture II LLC v. Kemper Corp.*,
  No. 6:16-cv-81, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ........................11

*Ioengine, LLC v. PayPal Holdings, Inc.*,
  No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019).........................9

ii

*JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*,
   No. 2:20-CV-02299-CAS, 2020 WL 6203555 (C.D. Cal. Oct. 19,
   2020) ................................................................................................9, 10

*Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. MaxLite, Inc.*,
   No. CV 19-4047 PSG, 2020 WL 5079051 (C.D. Cal. June 17, 2020) .............14

*Kirsch Research and Development, LLC v. Epilay, Inc.*,
   2021 WL 4732578 (C.D. Cal. May 7, 2021).....................................................10

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
   2022 WL 17484264 (E.D. Tex. July 7, 2022)....................................................16

*Maxell Ltd. v. Apple Inc.*,
   2020 WL 10456915 (E.D. Tex. Apr. 27, 2020) .................................................15

*Motion Games,LLC v. Nintendo Co., Ltd.*,
   2014 WL 11678661 (E.D. Tex. Sept. 23, 2014) ...............................................15

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
   No. 2:13-cv-3560, 2014 WL 12967515 (C.D. Cal. Dec. 16, 2014)..................10

*Network Appliance Inc. v. Sun Microsystems Inc.*,
   No. C-07-06053 EDL, 2008 WL 2168917 (N.D. Cal. May 23, 2008) .............10

*Nike, Inc. v. Skechers U.S.A., Inc.*,
   2021 WL 4925447 (C.D. Cal. June 30, 2021)....................................................13

*Olati LLC v. Haas Automation, Inc.*,
   2020 WL 8512303 (C.D. Cal. Dec. 23, 2020)...................................................14

*Pinn, Inc. v. Apple, Inc.*,
   2020 WL 6064642 (C.D. Cal. Aug. 27, 2020) ..................................................10

*Polaris Innovations Limited v. Kingston Technology Company, Inc.*,
   No. SACV 16-00300-CJC, 2016 WL 7496740 (C.D. Cal. Nov. 17,
   2016) ...........................................................................................................6, 9, 10

*Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*,
   2019 WL 11717183 (C.D. Cal. May 14, 2019)..................................................11

*Realtime Data LLC v. Actian Corp.*,
   2016 WL 3277259 (E.D. Tex. June 14, 2016) ..................................................15

iii
**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
   No. 6:16-CV-00086, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017) ...................11

*Reversible Connections LLC v. GBT Inc.*,
   2018 WL 5116411 (C.D. Cal. Aug, 21, 2018) ....................................................12

*Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Comm'cns
(U.S.A.), Inc.*,
   2015 WL 13333678 ...........................................................................................13

*Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*,
   No. 5:21-cv-02989-EJD, 2022 WL 103552 (N.D. Cal. Jan. 11, 2022)..........9, 15

*Skillz Platform Inc. v. Aviagames Inc.*,
   No. 21-cv-02436-BLF, 2022 WL 1189882 (N.D. Cal. Apr. 21, 2022) .......13, 15

*Software Rights Archive, LLC v. Facebook, Inc.*,
   No. C-12-3971, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) .........................6

*SpeakWare, Inc. v. Microsoft Corp.*,
   2019 WL 1878350 (C.D. Cal. Feb. 21, 2019) ...................................................10

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19,
   2018) ...................................................................................................................7

*Toshiba Tec Corp. v. Katun Corp.*,
   No. 15-cv-0197, 2016 WL 9137646 (C.D. Cal. Sept. 21, 2016) ......................10

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
   No. CV 19-1201-RSWL, 2021 WL 663128 (C.D. Cal. Feb. 19, 2021)............14

*Verinata Health, INc. v. Ariosa Diagnostics, Inc.*,
   No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014).....................10

*Wildcat Licensing Wi LLC v. Bayerische Motoren Werke AG*,
   2020 WL 6940038 (D. Del. Nov. 25, 2020).......................................................13

**Statutes**

35 U.S.C. § 141(c) ......................................................................................................4

35 U.S.C. § 314(b) ......................................................................................................4

35 U.S.C. § 315 .........................................................................................................11

iv

**Other Authorities**

37 C.F.R. § 42.107(b) ................................................................................................4

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

## I.   **Introduction**

DISH's motion to halt this case is straightforward to deny:

- DISH waited to file its IPRs for 10 to 11.5 months after the complaint, despite having prepared those invalidity positions last August for invalidity contentions. *See infra* at p. 3–4.

- The institution deadlines for those IPRs are distant—August 16th (for the '008 patent) and September 20th (for the '715 and '576 patents). *See infra* chart at p. 7.

- By that time, this Court will have construed all disputed claim terms following the July 11 Markman hearing. Dkt. No. 176.

- Fact discovery should be substantially complete by September (in Entropic's view, it should be fully complete, having been open 16 months). *See* Lenning Decl. ¶ 2.

- Institution is unlikely in any event—all three IPRs are based solely on Section 103 obviousness grounds, and one of the patents (the '576) has already been confirmed valid in reexamination over the only primary prior art reference supporting the corresponding IPR petition. *See infra* p. 7.

- IPR estoppel will not simplify anything. DirecTV has not filed IPRs, joined DISH's IPRs, or agreed to be bound by statutory estoppel. *See infra* p. 12 n.2. All validity issues thus will remain in play for trial.

1

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

1        Against these facts, DISH cannot carry its burden to show a stay is appropriate
2  here. Real simplification of this case will come from determining the claim
3  constructions that will control at trial, and the parties knowing where they stand on
4  the facts. But there is more reason to deny this motion beyond just the dry calculus
5  above.

6        The Defendants (DISH in particular) have engaged in a calculated campaign of
7  delay to lay the foundation for this motion. DISH's motion is largely predicated on
8  the idea that because so "little" has occurred in discovery, the Court should halt the
9  case. But the Defendants alone fought to create the circumstances they now rely upon
10  for a stay. For example, Defendants refused to appear for depositions Entropic noticed
11  three months ago, and now tout the lack of depositions. *See* Lenning Decl. ¶¶ 12–17.
12  The Court should give no weight to arguments based on circumstances Defendants
13  contrived in violation of their discovery obligations.

14        Nor is it true that "little" has happened. *First*, both defendants produced
15  significant technical document discovery before transfer to this District—many
16  thousands of documents and pages. *See id.* ¶¶ 8–11.  Those productions were not
17  voluntary. They were made to comply with the automatic disclosure requirements of
18  the Patent Local Rules in the Eastern District of Texas. Those productions are not
19  complete, but they are substantial. *See id.*   *Second*, Entropic has substantially
20  completed its document production and has issued an important third party subpoena
21  to Broadcom. *See id.* ¶ 8.   *Finally*, substantial activity in discovery exists, but is
22  unfortunately embodied in motion practice. Defendants' stonewalling has left
23  Entropic no choice but to use the default Federal Rules to force discovery, particularly
24  depositions using noticed dates. *See id.* ¶¶ 12–17. In turn, this led to a flurry of recent
25  filing activity, including DISH's "Request for Clarification" as well as motion
26  practice before the magistrate on depositions (and still forthcoming disputes
27  regarding Defendants' failure to produce documents).

28

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

At this stage, a stay is premature, speculative, and highly prejudicial to Entropic. And Defendants' intentional delay strategy should not rewarded. This case also stands at a critical juncture because the parties are actively involved in claim construction discovery and opening briefs are due May 12th. *See* Dkt. No. 176. A stay now would be particularly prejudicial by forcing the parties to later restart the claim construction process, amplifying the delay. This case is very likely to culminate in a trial. The Court should deny the motion and allow this case to proceed to a just and speedy determination on the merits.

## II.  Relevant Procedural Background: A stay would cause significant delay.

This case has been long-pending. Entropic filed it on March 9, 2022 and it was transferred to this Court on October 24, 2022. *See* Dkt. Nos. 1 and 110. Entropic served its infringement contentions for both DISH and DIRECTV on May 4, 2022. *See id.* at 5. Those contentions have been supplemented as ordered by the Court in January to add citations to Defendants' own documents, but the infringement theories have narrowed if anything. DISH and DIRECTV served invalidity contentions on August 5, 2022. *See id.* at 6.

DISH waited until nearly the expiration of the one-year time bar to file its IPRs on January 13, 2023, February 6, 2023, and February 21, 2023, sixteen days before the time bar expired. *See* Dkt. No. 191 at 1; *see also*, Lenning Decl. at Exhs. D, E, and F. All six primary references, and five of six secondary references, raised in DISH's petitions were disclosed and charted in Defendants' invalidity contentions last August. *See id.* ¶ 3.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

The anticipated schedules for each proceeding are below:

| IPR | Filing Date (Date Accorded) | Patent Owner Preliminary Response | Institution Decision Deadline | Final Written Decision Deadline |
|---|---|---|---|---|
| '715 Patent | 1/13/2023 (2/16/2023) | 5/16/2023 | 8/16/2023 | 8/16/2024 |
| '008 Patent | 2/6/2023 (3/20/2023) | 6/20/2023 | 9/20/2023 | 9/20/2024 |
| '576 Patent | 2/21/2023 (3/17/2023) | 6/20/2023 | 9/20/2023 | 9/20/2024 |

*See* Lenning Decl. at Exhs. A-F.

As the chart above makes clear, the dates in DISH's brief are wrong. The PTAB is statutorily required to decide whether to institute by August 16th and September 20th, not July 13, 2023, August 6, 2023, and August 21, 2023, as DISH claims. Institution decisions are effectively due six months after the PTAB accords a filing date, not from the actual filing date itself. *See* 37 C.F.R. § 42.107(b) ("The [patent owner's] preliminary response must be filed no later than three months after the date of a notice indicating that the request to institute an *inter partes* review has been granted a filing date."); 35 U.S.C. § 314(b) (requiring the PTO to determine whether to institute an *inter partes* review within three months after receiving a preliminary response, or if no preliminary response is filed, within three months after the last date on which such response may be filed). DISH's IPRs were accorded filing dates on February 16, 2023 (IPR2023-00392), March 17, 2023 (IPR2023-00391), and March 20, 2023 (IPR2023-00393). *See* Lenning Decl. at Exhs. A, B, and C; Dkt. Nos. 191-3, 191-4, 191-5, 191-6 (DISH Exhs. B–D).

Two of the three institution decisions therefore will not be due until approximately six months from now—on September 20, 2023—*when this case will be eighteen months old*. Should any IPRs be instituted, the last Final Written Decision

4

would be due on approximately September 20, 2024, when this case will be two-and-a-half years old. That delay could be still further exacerbated if Defendants appeal the PTAB's decision to the Federal Circuit. 35 U.S.C. § 141(c). All the while, in Defendants' view, the Court should allow the case to languish on its docket while ceding all authority over the outcome of this dispute to the PTAB.

This case is at a critical juncture. If the Court grants a stay now, and no IPRs are instituted as Entropic expects, the claim construction process will have to be restarted again six months from now, significantly delaying this case's time to trial.[1]

## III.   **Argument: Dish's motion should be denied.**

Defendants "bear the burden of demonstrating that a stay is appropriate." *C.R. Laurence Co., Inc. v. Frameless Hardware Co. LLC*, 2022 WL 2035952, at *5 (C.D. Cal. Feb. 14, 2022) (cleaned up). Defendants have failed to do so. All three facts courts consider instead weigh against granting a stay in this case. Specifically, (1) this case is not, despite Defendants' best efforts, "in its early stages," (2) a stay will not result in simplification, and (3) a stay now would unduly prejudice Entropic.

### A.   **This case is not at an early stage.**

#### 1.   Substantial time and effort have been invested by the parties.

This case is *not* in its early stages. It was filed over a year ago. Dkt. No. 1. The parties have exchanged numerous rounds of requests for production and interrogatories and have exchanged significant volumes of documents. *See* Lenning Decl. ¶ 8. Entropic has been substantially complete with its own document productions for at least two months. *See* Lenning Decl. at 8. The parties also have served third-party subpoenas and are actively engaged in third-party discovery. *See id.*

---

[1] Contrary to DISH's rhetoric, their IPR petitions are not "strong." DISH raises only Section 103 obviousness grounds based on multiple combined references, most of which also then still rely on the "general knowledge of a [person of ordinary skill in the art]" to fill in gaps missing from the combinations. The '576 patent also has already been confirmed valid in reexamination over the only primary prior art reference supporting that IPR petition. *See* Lenning Decl. at Exhs. D, E, and F.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

As to DISH, significant discovery does remain outstanding, but only because it has refused to timely produce documents. Until the day after DISH's motion was filed, it had produced only those documents required by the Eastern District of Texas local rules for technical document disclosures, and exactly one document since this case was transferred in November. *See id.* ¶ 9. On March 16, 2023 DISH produced a mere 99 documents. *See id.* ¶ 9. With its "Request for Clarification," filed on March 8th, DISH made clear for the first time why it has refused to produce documents—despite the Court's clear guidance that discovery is open and not limited, DISH believes no written discovery can proceed before the *Markman* hearing in July unless it does "not burden or interfere with the *Markman* briefing or hearing, or related preparations" (in DISH's estimation, of course). Dkt. No. 184 at 4. DISH's failure to timely provide discovery should not weigh in its favor.

DIRECTV, however, has engaged in significant document collection and production work already. To date, it has produced 47,917 documents, including significant productions in November and December, and continuing through February. *See* Lenning Decl. ¶ 10. While deficiencies remain, especially as to damages issues and AT&T (which has produced only 12 documents to date), significant discovery has occurred. *See id*.

The parties also have already engaged in significant work in the claim construction process—having exchanged claim constructions, met and conferred at least twice, filed a joint claim construction statement, and disclosed expert testimony. *See id.* ¶ 11. By the noticed date for this hearing, the parties will be one week away from completing claim construction discovery and four weeks out from simultaneous opening claim construction briefs. Dkt. No. 176.

In such circumstances, courts have determined this factor weighs against granting a stay or is at worst neutral. *C.R. Laurence Co. v. Frameless Hardware Co.*, No. 2:21-cv-1334-JWH, 2022 WL 2035952, at *6 (C.D. Cal. Feb. 14, 2022) (concluding "the parties and the Court already have invested substantial time and

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

effort in this case" when no *Markman* hearing or trial date had been set, and no depositions had occurred, but the parties had briefed a motion to dismiss and engaged in written discovery); *Polaris Innovations Limited v. Kingston Technology Company, Inc.*, No. SACV 16-00300-CJC, 2016 WL 7496740, at *2 (C.D. Cal. Nov. 17, 2016) (recognizing "the parties and the Court ha[d] expended non-trivial resources into" a litigation where "[t]he parties ha[d] exchanged written interrogatories, requests for production, and proposed claim constructions," and "[t]he parties ha[d] also briefed, and th[e] Court ha[d] resolved, two motions filed by [defendant]."); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3971, 2013 WL 5225522, at *3 (N.D. Cal. Sept. 17, 2013) (considering this factor as neutral when "the parties ha[d] spent significant time and resources on discovery," but "discovery [wa]s not near completion, only one witness ha[d] been deposed, claim construction briefing ha[d] not commenced, deadlines for dispositive motions [were] still months out, and the court ha[d] not set a trial date.").

The fact that DISH is moving for a stay *before* an institution decision on the IPRs, or even Entropic's response to those IPRs, also weighs against a stay for this factor. Judge Gilstrap confronted similar facts in *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *2 (E.D. Tex. July 19, 2018). There, "the parties [were] engaged in discovery and the earliest stages of the claim construction process, but ha[d] not yet filed any claim construction briefs, taken (or even noticed) any depositions, or begun expert discovery." *Id*. The claim construction hearing was "two and a half months away and trial [was] nearly eleven months away." *Id*. And the PTAB's institution decision on the IPRs would arrive before the parties would incur "the bulk of the expenses" from "the pretrial period and in going to trial." *Id*. In such circumstances, Judge Gilstrap concluded this factor "weigh[ed] strongly against a stay." *Id*. at *3. Specifically, he held that "the stage of the case [was] not so early that the stay would have no material effect on the district court proceedings; nor [was] the timing so late that delaying a stay until such

1   time as institution actually occurs would not save the Parties the substantial expenses
2   they would occur in the pretrial period and going to trial." *Id*. So too here. The last
3   institution decision on DISH's IPRs is due by September 20, 2023. Considering the
4   *Markman* hearing date of July 11, 2023, and the lack of a discovery cut-off or trial
5   date, Defendants will be able to seek a stay after the institution decisions and still save
6   the bulk of the expenses that stem from expert discovery, the pretrial process, and
7   going to trial.

8   2.   <u>Defendants' conduct should not be rewarded.</u>

9     DISH is correct that "depositions . . . have not begun." Mot. at 6. But this is true
10  only because Defendants have intentionally prevented them. Specifically, both
11  Defendants refused for months to engage in scheduling noticed depositions and
12  ultimately failed to appear for re-noticed depositions without receiving protective
13  orders (or, in the case of DIRECTV, even seeking one). *See* Lenning Decl. ¶¶ 12–19.

14    In December, Entropic served ten 30(b)(1) deposition notices on DISH and
15  twelve on DIRECTV. *See id.* ¶ 12. In January, Entropic served 30(b)(6) notices on
16  both DISH and DIRECTV. *See id.* ¶ 13. For the past three months, Entropic has
17  attempted to engage with Defendants to cooperatively schedule these depositions
18  based on the availability of the witnesses.  *See id.* ¶ 14.  Defendants have refused.
19  Defendants' sole ground for refusal has been the legally improper objection that
20  depositions (all of them!) are "premature." *See id*.  On February 28th, after two
21  months of stonewalling, Entropic tried one last time. Entropic stated that if
22  Defendants continued to refuse engagement, Entropic would be left with no choice
23  but to notice these depositions for dates and locations of its choosing. Defendants
24  ignored the email altogether. *See id.* ¶ 15. Entropic thus moved forward with noticing
25  these depositions for concrete dates, to its dismay at having to do so.

26    Both Defendants failed to comply with these noticed depositions and failed to
27  appear (the first was scheduled to occur March 20, 2023, but Defendants have notified
28  Entropic repeatedly they will not show for any of the dates noticed for March or

8

April).  *See id.* ¶ 17.  DISH filed a motion for a protective order one business day before the first noticed deposition. *See* Dkt. No. 192; Lenning Decl. ¶ 18. DIRECTV did not even bother filing a motion. DIRECTV has begun offering dates for depositions in May and June, while DISH has yet to offer the availability of a single witness.  *See id.* ¶ 19.

In the context of this motion, Defendants' conduct appears to have been a calculated investment to ensure the case did not progress until the IPRs were finally filed and thereafter move to stay the case.[2] There is no other reasonable explanation for Defendants ignoring noticed depositions for three months, failing to appear on noticed dates, and then now touting to the Court that "depositions . . . have not begun." The only reason why the DISH and DIRECTV 30(b)(6) depositions and significant 30(b)(1) depositions have not occurred is because of Defendants' obstruction. Such gamesmanship should not be rewarded.

### B.   Before an institution decision, simplification is purely speculative.

"[T]he most important factor bearing on whether to grant a stay . . . is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *3 (E.D. Tex. Feb. 2, 2023). But "the filing of an IPR request does not by itself simplify the issues in a case." *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, No. 5:21-cv-02989-EJD, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022) (quoting *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015)).  This is because "[u]ntil the PTAB decides whether to grant [Defendants'] IPR petitions, the Court cannot determine whether the IPR process will occur or have any simplifying effect on th[e] litigation." *JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, No. 2:20-CV-02299-CAS, 2020 WL 6203555, at *7 (C.D. Cal. Oct. 19, 2020)

---

[2] DISH filed the IPRs and the motion to stay, but DIRECTV has since indicated its intent to join the motion. Dkt. No. 198.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

(citing *Polaris Innovations Ltd.*, 2016 WL 7496740, at *2). Any simplification therefore is "inherently speculative." *Id.*

This is why "the majority of courts that have addressed [pre-institution motions to stay] have either postponed ruling on stay requests or have denied stay requests when the United States Patent and Trademark Office ('PTAB') has not yet acted on a petition for review." *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, No. 5:21-cv-02989-EJD, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022) (quoting *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5–6 (E.D. Tex. Mar. 11, 2015)); *see also Ioengine, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (noting "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted" and collecting cases) (Bryson, Circuit J.); *Ellenby Techs., Inc. v. Fireking Security Grp.*, 533 F. Supp. 3d 656, 663–65 (N.D. Ill. Apr. 13, 2021) (collecting cases and concluding "[t]he Court's review of the body of available federal decisions on motions for pre-institution stays suggests that the weight of authority favors denying them without prejudice during the time frame before the PTAB's decision on IPR.").[3]

The number of claims and patents on which DISH has filed an IPR also weighs against a stay. DISH's IPR petitions challenge 62 claims in total, including both asserted and unasserted claims from all three patents. *See* Lenning Decl. at Exhs. D, E, and F; *see also* Dkt. No. 191 at 7:8–12. In *SpeakWare, Inc. v. Microsoft Corp.*,

---

[3] For cases within this District similarly denying pre-institution stays, *see C.R. Laurence Co. v. Frameless Hardware Co.*, No. 2:21-cv-1334-JWH, 2022 WL 2035952, at *6 (C.D. Cal. Feb. 14, 2022); *Kirsch Research and Development, LLC v. Epilay, Inc.*, 2021 WL 4732578, at *3 (C.D. Cal. May 7, 2021); *JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, No. 2:20-CV-02299-CAS, 2020 WL 6203555, at *7 (C.D. Cal. Oct. 19, 2020); *Pinn, Inc. v. Apple, Inc.*, 2020 WL 6064642, *2 (C.D. Cal. Aug. 27, 2020); *SpeakWare, Inc. v. Microsoft Corp.*, 2019 WL 1878350, at *3 (C.D. Cal. Feb. 21, 2019); *Polaris Innovations Limited v. Kingston Technology Company, Inc.*, No. SACV 16-00300-CJC, 2016 WL 7496740, at *2 (C.D. Cal. Nov. 17, 2016); *Toshiba Tec Corp. v. Katun Corp.*, No. 15-cv-0197, 2016 WL 9137646 (C.D. Cal. Sept. 21, 2016); *Hologram USA, Inc. v. Vntana, 3D, LLC*, 2015 WL 12791513, at *2–3 (C.D. Cal. Dec. 7, 2015); *MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 2:13-cv-3560, 2014 WL 12967515 (C.D. Cal. Dec. 16, 2014).

10

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

1  Google similarly sought IPR for more than fifty claims. No. SA CV 18-1293-DOC,

2  2019 WL 1878350, at *3 (C.D. Cal. Feb. 21, 2019). In denying the motion to stay,

3  Judge Carter stated, "the PTAB may decide to review some or none of the challenged

4  claims." *Id.* Similarly, Entropic's Complaint involves multiple patents that DISH has

5  challenged in multiple IPR petitions, which are "less likely to be resolved by a PTO

6  decision." *Verinata Health, INc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014

7  WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (quoting *Kilopass Tech., Inc. v. Sidense*

8  *Corp.*, No. C 10-02066 SI,  2011 WL 13153233, at *8 (N.D. Cal. Feb. 8, 2011); *see*

9  *also Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2008

10  WL 2168917, at *9–10 (N.D. Cal. May 23, 2008) ("Staying the case as to the three

11  patents in reexamination is not nearly as likely to significantly simplify . . . litigation

12  as much as [do] stays issued in . . . single patent cases.").

13      **C.**    <u>**Even if institution were granted, this case still will not be simplified.**</u>

14      Even setting aside that the PTAB's institution decision is many months away,

15  the second factor *still* weighs against a stay because no simplification will occur. This

16  is because DIRECTV is not a party to the IPRs and has not "agree[d] to be bound by

17  the full estoppel provisions of [35 U.S.C.] § 315." *Realtime Data, LLC v. Hewlett*

18  *Packard Enter. Co.*, No. 6:16-CV-00086, 2017 WL 3712916, at *4 (E.D. Tex. Feb.

19  3, 2017) (quoting *Intellectual Venture II LLC v. Kemper Corp.*, No. 6:16-cv-81, 2016

20  WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016)). Specifically, DIRECTV has expressly

21  agreed to be bound by estoppel only on "any grounds actually raised and finally

22  adjudicated in the IPR proceedings," Dkt. No. 198 at 1, in contrast with Section 315,

23  which bars "any ground that the petitioner raised *or reasonably could have raised*

24  during that inter partes review." That refusal to be bound by the full estoppel of

25  Section 315 destroys any simplification that could be gained in this consolidated case,

26  even if any of the IPRs were instituted in six months.

27      In such circumstances, the second factor as to simplification weighs against a

28  stay because the "IPR may not actually simplify the issues at all." *Realtime Data*,

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

2017 WL 3712916, at *4. "The absence of a full statutory estoppel not only increases the ability of litigants to 'game the system' and devise an unfair second bite at the apple, it also has the potential to increase rather than reduce the complexity of the validity issues that may come before the Court." *Id*. For example, "barring an estoppel agreement commensurate with that of the statute," DIRECTV "could raise new obvious combinations using old prior art the PTO considered, provided at least one new (perhaps inane) reference not previously considered by the PTO is used to meet one claim element." *Intellectual Venture II LLC*, 2016 WL 7634422, at *3. In other words, DIRECTV "would be free to rehash many of the same invalidity arguments based on references already considered by the PTO" which would "either add to the issues before the Court or render the estoppel effect meaningless." *Id*.; *see also Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*, 2019 WL 11717183, at *4 (C.D. Cal. May 14, 2019) ("[T]he fact that [defendant] has only filed an IPR petition for one of the seven asserted patents, and does not agree to be bound by the full statutory estoppel provisions for the third-party IPRs filed against the asserted patents, strongly warrants against a stay. . . . [Defendant]'s election not to [join the existing IPRs as an 'understudy'], let alone to be bound by the full scope of IPR statutory estoppel relevant to those petitions, significantly decreases the likelihood of issue simplification and increases the likelihood of delay in this action.").

DIRECTV's assertion that "this Court has found that this degree of estoppel would simplify the issues before the Court" is wrong—indeed, the case DIRECTV cites, *Reversible Connections LLC v. GBT Inc.*, 2018 WL 5116411, at *3 (C.D. Cal. Aug, 21, 2018), supports Entropic's position. That case involved one asserted patent and five defendants, one of which had filed an IPR that had been instituted, while the remaining four had either filed IPRs that were pending or had agreed to be bound by the full statutory estoppel as to those *later-filed* IPRs. *See id.* The remaining four had not agreed to be bound by full statutory estoppel as to the first instituted IPR, however, instead having only given the same commitment as DIRECTV does here.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

*See id*.  In those circumstances, the *Reversible Connections* court recognized that "at least some prejudice would flow from the fact that [the other four] Defendants have not agreed to be bound by the IPR statutory estoppel provisions to the same extent as [the first-filing defendant]." *Id*. The Court ultimately concluded this factor weighed in favor of a stay only because "it [was] less speculative" to presume the later-filed IPRs would be instituted given that the first-filed IPR, on the same patent, already had been instituted, and the court therefore concluded that the simplification factor weighed in favor of a stay on those facts because "the [later four defendants] would also be bound by [full] statutory estoppel" when the later-filed IPRs were instituted. *Id*. That logic flatly does not apply here. There is no instituted IPR. *See*  Lenning Decl. at Exhs. E, F, and G. DIRECTV has not filed IPRs and its one-year time bar for doing so has passed.  35 U.S.C. § 315(b). Unless DIRECTV is granted leave to join the DISH IPRs, it will never be bound by the full extent of Section 315's statutory estoppel unless it agrees to such estoppel or the Court imposes it.[4]

### D.  <u>Staying the case will unduly prejudice Entropic.</u>

The final factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Nike, Inc. v. Skechers U.S.A., Inc.*, 2021 WL 4925447, at *7 (C.D. Cal. June 30, 2021). When considering this factor, courts often consider four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the

---

[4] The other cases cited by DIRECTV similarly do not support its position. In *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Comm'cns (U.S.A.), Inc.*, 2015 WL 13333678, at *5, the Court accepted the limited estoppel only because "Defendants persuasively argued during the hearing that they had no involvement in drafting the IPR petition or deciding what positions to take before the PTAB." *Id*. DIRECTV makes no such representation here. In *E-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, at *4–5 (S.D. Tex. Sept. 26, 2013), the defendant had filed its own IPR on one of three patents and, similar to *Rothschild*, had no relationship with the other petitioner and was "neither privy to the information known by [the other petitioner] nor in control of the arguments made." *Id*. And, finally, in *Wildcat Licensing Wi LLC v. Bayerische Motoren Werke AG*, 2020 WL 6940038, at *1 (D. Del. Nov. 25, 2020) (Hall, M.J.), the case involved eight sets of defendants, four of which had filed IPRs against both asserted patents. And those IPRs had been instituted. In any event, the *Wildcat* case is unpersuasive also because it contains no substantive analysis of the estoppel issue nor any citations to authority.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

relationship of the parties." *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-cv-02436-BLF, 2022 WL 1189882, at \*4 (N.D. Cal. Apr. 21, 2022) (quoting *Uniloc USA Inc. v. LG Elecs. USA Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at \*5 (N.D. Cal. Apr. 29, 2019)).

Here, the first two sub-factors weigh against a stay because DISH has engaged in overtly dilatory tactics. Here, Defendants served invalidity contentions at the beginning of last August (which itself was three months after service of Entropic's infringement contentions last May). *See* Lenning Decl. ¶ 3, 6. Those contentions charted every single primary reference asserted in DISH's IPRs and all but one of the secondary references. *See id.; see also id.* at Exhs. A, B, and C. Despite that, DISH waited over six months to file its IPRs, and only *after* it had lost transfer to its preferred venue of Colorado. *See id.* at Exhs. D, E, and F; Dkt. No. 110. Indeed, DISH filed its last IPR a mere 16 days before the one-year time bar. 35 U.S.C. § 315(b). Even after that delay, DISH waited another two weeks after filing its last IPR to first raise the issue of a stay—asking Entropic to waive the waiting periods under the local rules so DISH could hurry to get its motion on file before the noticed depositions. *See* Dkt. No 191.

The parties filed a status report with this Court last November and appeared for a status conference in December—neither defendant mentioned IPRs or a stay. Dkt. 169. Instead, DISH has waited until the eve of claim construction briefing to file its IPRs and now seek a stay. Dkt. No. 176.

Courts have concluded that such delay weighs against a stay because it is prejudicial. *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. CV 19-1201-RSWL, 2021 WL 663128, at \*3 (C.D. Cal. Feb. 19, 2021) (finding seven-month delay weighed against a stay); *Olati LLC v. Haas Automation, Inc.*, 2020 WL 8512303, at \*4 (C.D. Cal. Dec. 23, 2020) (finding plaintiff had made "a specific showing of prejudice beyond the delay necessarily inherent in any stay" where defendant had waited "more than eight months" after the complaint to file its IPR and the delay "would have been

14

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

substantially reduced" if defendant had not delayed); *Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. MaxLite, Inc.*, No. CV 19-4047 PSG, 2020 WL 5079051, at *4 (C.D. Cal. June 17, 2020) (finding six-month delay weighed against a stay); *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-00791-RS, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017) (finding seven-month delay after infringement contentions were served weighed against a stay); *Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*, No. SA CV 18-2043-DOC, 2020 WL 2084674, at *2 (C.D. Cal. Jan. 13, 2020) (finding eleven-month delay weighed against a stay); *Chrimary Sys., Inc. v. Adtran, Inc.*, 2016 WL 4080802, at *3 (E.D. Tex. Aug. 1, 2016) ("[Defendant] has not explained why it waited over ***seven months*** to file the first IPR petition on the patents-in-suit") (emphasis in original).

As to the status of the review proceedings, that sub-factor too weighs against a stay. Specifically, this sub-factor considers the length of delay and, when the IPRs are pre-institution, the significant risk that the stay will result in no benefit at all.

When the delay is significant, and especially when the IPR is pre-institution, courts conclude that this sub-factor weighs against a stay. *See CAO Lighting, Inc.*, 2022 WL 17752270, at *3 (finding a 10-month delay until a Final Written Decision to "disfavor[] a stay"); *Skillz Platform Inc. v. Aviagames Inc.*, 2022 WL 1189882, at *5 (N.D. Cal. Apr. 21, 2022) (concluding a five-month delay until an institution decision will issue "disfavors a stay" because "since the PTAB may decide not to institute IPR, there is a possibility that a 5-month stay would only delay the case without any benefit to the Court or the parties"); *Maxell Ltd. v. Apple Inc.*, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020) ("Assuming the PTAB institutes at least one IPR petition, the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]."); *Horizon Pharma, Inc. v. Dr. Reddy's Labs., Inc.*, 2018 WL 3574878, at *2 (D.N.J. July 25, 2018) ("a stay could delay these consolidated cases by one to two years, which is certainly substantial prejudice"); *Chrimar Sys., Inc. v. Adtran, Inc.*, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016)

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

(where a final IPR decision would not issue for thirteen months, even assuming institution, "[s]uch a lengthy delay will result in significant prejudice to [plaintiff]."); *Realtime Data LLC v. Actian Corp.*, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) (finding a delay of one year until a Final Written Decision to be a "lengthy delay" that "will result in significant prejudice to [plaintiff].").

The final sub-factor is neutral or weighs slightly in favor of a stay. Entropic "has an interest in the timely enforcement of its patent rights," *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022), and the mere fact that it is a non-practicing entity does not "preclude [Entropic] from experiencing prejudice," *Realtime Data LLC v. Actian Corp.*, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016). *See also Motion Games,LLC v. Nintendo Co., Ltd.*, 2014 WL 11678661, at *3 (E.D. Tex. Sept. 23, 2014) ("Regardless of the type of entity, the Court has an obligation 'to secure the just, speedy, and inexpensive determination of every action.'") (quoting Fed. R. Civ. Pro. 1). "[C]ourts have recognized that 'delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor.'" *CAO Lighting, Inc. v. General Elec. Co.*, 2022 WL 17752270, at *3 (D. Del. Dec. 19, 2022) (collecting cases). And "a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor." *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022). This is particularly true when the IPRs are pre-institution, meaning (1) the potential delay is significantly longer; and (2) there is a strong potential that institution will be denied, meaning this case will have been stayed at a critical juncture, and Entropic's day in court delayed, with zero attendant benefit.

**IV.   <u>Conclusion</u>**

Defendants have failed to carry their burden of demonstrating that a stay is appropriate at this juncture—on the eve of claim construction briefing and six months before the PTAB must decide whether to institute. The Court should deny the motion

without prejudice until after the PTAB has issued its last institution decision and, in the meantime, allow the case to continue progressing through claim construction and fact discovery.

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**

Dated:  March 24, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com

James Shimota
(admitted *pro hac vice*)
Jason Engel
(admitted *pro hac vice*)
George Summerfield
(*pro hac vice* application pending)
Katherine L. Allor
(admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning
(admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
Matthew Blair (admitted *pro hac vice*)
**K&L GATES LLP**

18

2801 Via Fortuna, Suite #650
Austin, TX 78746
(512) 482-6919
(512) 482-6859
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS,
LLC**

19
**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**