1  Christina N. Goodrich (SBN 261722)
   christina.goodrich@klgates.com
2  K&L Gates LLP
   10100 Santa Monica Boulevard
3  Eighth Floor
   Los Angeles, California 90067
4  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
5

6  **ATTORNEYS FOR PLAINTIFF
   ENTROPIC COMMUNICATIONS, LLC**
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 2:22-cv-07775-JWH-JEM<br>(Lead Case)<br><br>**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING *INTER PARTES* REVIEW**<br><br>Date: April 14, 2023<br>Time: 9:00 a.m.<br>Crtm: 9D (Reagan Bldg)<br><br>Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-07959<br>(Member Case) |

**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE**

## DECLARATION OF NICHOLAS F. LENNING

I, Nicholas F. Lenning, declare:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am a Partner with the law firm of K&L Gates LLP, and I am counsel of record for Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") in the above-captioned matter. I am submitting this declaration in support of Plaintiff's Opposition to Defendants' Motion to Stay Case Pending *Inter Partes* Review (the "Motion"). I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2. If not interrupted, fact discovery should be substantially complete by September (in Entropic's view, it should be fully complete, having been open for 16 months by September).

3. All three of DISH's IPRs are based solely on Section 103 obviousness grounds, and one of the patents (the '576) has already been confirmed valid in reexamination over the only primary prior art reference supporting the corresponding IPR petition. All six primary references, and five of six secondary references, raised in DISH's petitions were disclosed and charted in Defendants' invalidity contentions last August.

4. Entropic has substantially completed its document production and has issued an important third party subpoena to Broadcom.

5. Entropic served its infringement contentions for both DISH and DIRECTV on May 4, 2022.

6. DISH and DIRECTV served invalidity contentions on August 5, 2022. Those contentions have been supplemented as ordered by the Court in January to add citations to Defendants' own documents, but the infringement theories have narrowed if anything. DISH and DIRECTV served invalidity contentions on August 5, 2022.

7. DISH's IPRs were accorded filing dates on February 16, 2023 (IPR2023-00392), March 17, 2023 (IPR2023-00391), and March 20, 2023 (IPR2023-00393).

8. Entropic has been substantially complete with its own document productions for at least two months. The parties have exchanged numerous rounds of requests for production and interrogatories and have exchanged significant volumes of documents. The parties also have served third-party subpoenas and are actively engaged in third-party discovery.

9. Until the day after DISH's motion was filed, it had produced only those documents required by the Eastern District of Texas local rules for technical document disclosures, and exactly one document (other than alleged prior art) since this case was transferred in November. In total, DISH has produced 652 documents. On March 16, 2023 DISH produced a mere 99 documents.

10. To date, DIRECTV has produced 47,917 documents, including significant productions in November and December, and continuing through February. While deficiencies remain, especially as to damages issues and AT&T (which has produced only 12 documents to date), significant discovery has occurred.

11. The parties also have already engaged in significant work in the claim construction process—having exchanged claim constructions, met and conferred at least twice, filed a joint claim construction statement, and disclosed expert testimony.

12. In December, Entropic served ten 30(b)(1) deposition notices on DISH and twelve on DIRECTV. Those deposition notices did not contain specific dates and instead stated they would "be conducted at a time and date to be agreed upon by the parties." Specifically, for DISH, Entropic noticed: Dan Minnick, Edmund Petruzelli, Gregg Martch, Harold Jaramello, James Brunner, Jason Rychlick, Paul Langer, Ryan Flores, Scott Fillingim, and William Beals. Specifically, for DIRECTV, Entropic noticed: Alan Smith, Ben Mui, Brandon Johnson, Darrel Palmer, Dipak Shah, Ernest Chen, Jeff Seto, Joe Santoru, John Norin, Michael Santogrossi, Robert Popoli, and Tom James.

3
**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE**

13. In January, Entropic served 30(b)(6) notices on both DISH and DIRECTV. Those deposition notices did not contain specific dates and instead stated they would "be conducted at a time and date to be agreed upon by the parties."

14. For the past three months, Entropic has attempted to engage with Defendants to cooperatively schedule these depositions based on the availability of the witnesses. Defendants have refused. Entropic understands that Defendants' sole ground for refusal has been the legally improper objection that depositions (all of them!) are "premature." This is the only objection Defendants have raised.

15. On February 28th, after two months of stonewalling, Entropic tried one last time. Entropic stated that if Defendants continued to refuse engagement, Entropic would be left with no choice but to notice these depositions for dates and locations of its choosing. Defendants ignored the email altogether.

16. On March 3, 2023, Entropic served amended deposition notices for all of the DISH and DIRECTV 30(b)(1) deponents and for the 30(b)(6) topics. Entropic selected dates beginning on March 20, 2023 continuing through March 30, 2023, for the 30(b)(1) deponents, and from April 10, 2023 through April 17, 2023 for the Rule 30(b)(6) depositions.

17. Both Defendants failed to appear to appear for these depositions (the first was scheduled to occur March 20, 2023, but Defendants have notified Entropic repeatedly they will not show for any of the dates noticed for March or April).

18. DISH filed a motion for a protective order one business day before the first noticed deposition.

19. DIRECTV did not file a motion for a protective order. After the first noticed deposition, DIRECTV has begun offering dates for depositions in May and June. DISH has yet to offer the availability of a single witness.

20. Attached as Exhibit A is a true and correct copy of the Notice of Filing Date Accorded to Petition related to DISH's petition for *inter partes* review of U.S.

4
**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE**

1. Patent No. 7,542,715, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00392, Paper 5 (PTAB February 16, 2023).

21. Attached as Exhibit B is a true and correct copy of the Notice of Filing Date Accorded to Petition related to DISH's petition for *inter partes* review of U.S. Patent No. 7,130,576, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00391, Paper 5 (PTAB March 17, 2023).

22. Attached as Exhibit C is a true and correct copy of the Notice of Filing Date Accorded to Petition related to DISH's petition for *inter partes* review of U.S. Patent No. 8,792,008, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00393, Paper 5 (PTAB March 20, 2023).

23. On March 24, 2023 I visited the PTAB's website at ptacs.uspto.gov/ptacts/ui/home and accessed the Docket for DISH's petition for *inter partes* review of U.S. Patent No. 7,542,715. Attached as Exhibit D is a true and correct copy of the docket for DISH's petition for *inter partes* review of U.S. Patent No. 7,542,715, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00392, Paper 5 (PTAB February 16, 2023).

24. On March 24, 2023 I visited the PTAB's website at ptacs.uspto.gov/ptacts/ui/home and accessed the Docket for DISH's petition for *inter partes* review of U.S. Patent No. 7,130,576. Attached as Exhibit E is a true and correct copy of the docket for DISH's petition for *inter partes* review of U.S. Patent No. 7,130,576, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00391, Paper 5 (PTAB March 17, 2023).

25. On March 24, 2023 I visited the PTAB's website at ptacs.uspto.gov/ptacts/ui/home and accessed the Docket for DISH's petition for *inter partes* review of U.S. Patent No. 8,792,008. Attached as Exhibit F is a true and correct copy of the docket for DISH's petition for *inter partes* review of U.S. Patent No. 8,792,008, *Dish Network Corp. et al. v. Entropic Communications, LLC*, IPR2023-00393, Paper 5 (PTAB March 20, 2023).

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 24th day of March, 2023.

Nicholas F. Lenning

**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE**