JASON C. LO, SBN 219030
    jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

BENJAMIN HERSHKOWITZ (admitted *pro hac vice*)
    bhershkowitz@gibsondunn.com
KATHERINE Q. DOMINGUEZ (admitted *pro hac vice*)
    kdominguez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:   212.351.4000
Facsimile:   212.351.4035

Attorneys for Defendants DIRECTV, LLC and AT&T Services, Inc.

[Additional Counsel Listed Below]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>DIRECTV, LLC ET AL.,<br><br>                    Defendants. | CASE NO. 2:22-CV-07775-JWH-JEM<br><br>**DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.'S REPLY IN SUPPORT OF MOTION TO STAY THE CASE PENDING *INTER PARTES* REVIEW** |

BRIAN BUROKER (admitted *pro hac vice*)
    bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.955.8500

NATHAN R. CURTIS (admitted *pro hac vice*)
    ncurtis@gibsondunn.com
AUDREY YANG (admitted *pro hac vice*)
    ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

Entropic's arguments fail to detract from a simple truth: there are meaningful advantages to the Court, the parties, and several third parties in staying this case pending resolution of DISH's IPR petitions.  Entropic's insistence that a stay would not simplify the issues before the Court ignores the case law and reality.  Notably, DIRECTV and AT&T stipulated to a degree of estoppel that courts across the country have almost unanimously found *will simplify a case*.  Indeed, courts in this District have found a stay pending Patent Office proceedings is likely to simplify a case even where defendants are not subject to any estoppel at all.  Setting aside estoppel, Entropic fails to acknowledge that statements made during the IPRs by Entropic and the Board on the scope of the claims could help inform—and potentially significantly narrow—the issues for trial, regardless of whether the Board institutes the IPRs.

Entropic also aspirationally argues that fact discovery will be "substantially complete" when the final institution decision issues; that, however, fails to address that discovery is in its nascent stages with much of fact discovery and all of expert discovery still remaining, and the claim construction hearing still a few months away.  A stay now would relieve all involved in this case of significant burdens—including the Court, of the burden of deciding the construction of terms that could be modified or cancelled via the IPR, and the parties, from significant discovery on claims that are likely to be invalidated or, at a minimum, whose scope will be clarified.

***A Stay Would Simplify the Issues Regardless of Estoppel and Whether the IPRs Are Instituted***.  Entropic is incorrect that simplification is "purely speculative."  Opp. at 9.  To the contrary, "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay."  *Purecircle USA Inc. v. SweeGen, Inc.*, No. SACV 18-1679, 2019 WL 3220021, at *3 (C.D. Cal. June 3, 2019) (citing cases and granting pre-institution stay).  This is because, no matter what, this case will benefit from the "the expert opinion of the PTO and clarifying the scope of the claims."  *Limestone v. Micron Tech.*, No. 15-cv-278, 2016

1   WL 3598109, at *4–5 (C.D. Cal. Jan. 12, 2016) (granting pre-IPR institution stay

2   because "significant judicial resources will be saved" regardless of institution decision).

3          Entropic's analysis of estoppel is also flawed.  As explained in Defendants' Notice

4   of Joinder, Defendants stipulate that they will not raise any grounds "actually raised and

5   finally adjudicated" in the IPR proceedings, which will certainly simplify the issues

6   before the Court.  *E.Digital Corp. v. Arcsoft, Inc.*, No. 15-CV-56, 2016 WL 452152, at

7   *2 (S.D. Cal. Feb. 3, 2016).  This Court and courts across the country have determined

8   this degree of estoppel would simplify the issues before the Court.  *See* ECF No. 198

9   at 2 (collecting cases).  Indeed, this Court has determined that a stay pending Patent

10  Office proceedings is likely to simplify a case even where no estoppel whatsoever

11  attaches to the defendants.  *See Pi-Net Int'l, Inc. v. Hertz Corp*, No. CV 12-10012 PSG,

12  2013 WL 7158011, *3–4 (C.D. Cal. June 5, 2013) (staying case pending IPR because

13  "the issues would likely be simplified and would promote judicial efficiency," even

14  where IPR filed by non-party and defendants not subject to estoppel); *see also Coho*

15  *Licensing LLC v. Glam Media*, No. C 14-01576 JSW, 2014 WL 4681699, at *3 (N.D.

16  Cal. Sept. 17, 2014) (staying a case pending an *ex parte* reexamination and finding

17  simplification of issues despite no statutory estoppel or stipulation to be estopped).

18         Entropic's efforts to distinguish the numerous cases cited by Defendants in their

19  Notice of Joinder fall short.  For example, Entropic is incorrect that *Reversible*

20  *Connections* "supports Entropic's position."  Opp. at 12.  In *Reversible Connections*, the

21  Court found that the simplification factor weighed in favor of a stay where non-IPR-

22  filing defendants agreed to limited estoppel.  Although it is true that those defendants

23  had filed IPRs that had not yet been instituted, the Court found that the stipulated limited

24  estoppel weighed in favor of a stay—with no guarantee those IPRs would be instituted

25  and statutory estoppel would attach.  *Reversible Connections LLC v. GBT Inc.*, No. 2:17-

26  CV-05383, 2018 WL 5116411, at *3 (C.D. Cal. Aug. 21, 2018).  Separately, Entropic

27  attempts to distinguish *Rothschild Storage* on the basis that defendants in that case "had

28  no involvement in drafting the IPR petition or deciding what positions to take before the

PTAB," and that "DIRECTV makes no such representations here." Opp. at 13. To the contrary, Defendants explained in their Notice of Joinder that the IPRs were filed *by DISH* and that Defendants are *not* real parties-in-interest. To put to rest Entropic's innuendo, if the Court deems it necessary, DIRECTV and AT&T are prepared to supply a declaration confirming they have had no involvement in the IPRs—whether drafting the petitions, selecting the art, or deciding what positions to take before the Board. Defendants here are thus positioned exactly like the defendants in *Rothschild Storage*. The overwhelming weight of case law on simplification supports Defendants.

***Significant Work Remains in This Case***. This case is in its early stages with much of fact discovery and all of expert discovery still remaining, which heavily favors a stay. *See, e.g.*, *Aten Int'l Co., Ltd v. Emine Tech. Co.*, No. 09-cv-843, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010). Entropic's suggestion that the case is where it is because Defendants engaged in dilatory tactics is both irrelevant and untrue. The case remains in its early stages because Entropic first filed in an inappropriate venue, then wasted several months fighting transfer (forcing lengthy venue discovery and briefing), only to ultimately concede that transfer was appropriate. But throughout the case, Defendants have been working diligently and cooperatively on discovery issues, producing documents and, most recently, coordinating schedules of witnesses— including multiple third-party witnesses. Entropic's accusation is unfounded.

Entropic's argument that DIRECTV has "engaged in significant document collection" and "significant work" has been done in the claim construction process exaggerates the amount of work to date. Opp. at 6. Although Entropic is correct that DIRECTV produced numerous documents, those documents relate to technical issues and prior art; significant document discovery on other issues remains. And although Entropic, which is largely a shell company created to acquire and exploit patents, represents that it is "substantially complete" with its own limited document production, to date, it has produced a total of only 139 documents to DIRECTV, with over 80 of

those documents being the invalidity contentions served by DISH on Entropic.  Much work remains to be done on document production, from both the parties and third parties.

Significant work on depositions is also in front of the parties.  Entropic served a Rule 30(b)(6) deposition notice on DIRECTV with *108* topics, and DIRECTV is in the process of identifying witnesses to address all non-objectionable topics.  DIRECTV has provided deposition dates—beginning in May—for six witnesses so far, with dates for additional witnesses forthcoming as necessary to cover all 108 topics.  Not a single deposition of a party or third-party witness has occurred to date.

And regarding claim construction, the parties have exchanged proposed constructions, but opening briefs are not due for another six weeks.  Granting a stay now would relieve the Court from having to decide construction of terms in claims that could be modified or cancelled via the IPRs and allow the parties to avoid the expense of fact discovery, including depositions of third-party witnesses, directed at potentially invalid claims.

For at least the foregoing reasons, Defendants respectfully request that the action be stayed pending the outcome of DISH's IPR petitions.

1

Dated:  March 31, 2023                          GIBSON, DUNN & CRUTCHER LLP

2

3                                               By:  */s/ Jason C. Lo*
                                                     Jason C. Lo
4                                               GIBSON, DUNN & CRUTCHER LLP
                                                333 South Grand Avenue, Suite 5400
5                                               Los Angeles, CA  90071-3197
                                                Telephone:  213.229.7000
6                                               Facsimile:   213.229.7520
7                                               jlo@gibsondunn.com

8                                               Attorney for Defendants DIRECTV, LLC and
                                                AT&T Services, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Nathan R. Curtis, an attorney, hereby certify that the foregoing document was filed electronically on March 31, 2023 and has been served to all counsel who have consented to electronic service.

By:  /s/ *Jason C. Lo*
Jason C. Lo

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.