Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

*Additional Counsel Listed in Signature Block*

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and<br>AT&T SERVICES, INC.,<br><br>Defendants. | No. 2:22-cv-07775-JWH-JEM<br><br>**DISH DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW PURSUANT TO LOCAL RULE 37-2.3 IN SUPPORT OF DISH DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Motion Hearing:<br><br>Date: April 18, 2023<br>Time: 10:00 a.m.<br>Crtm: 640 (Roybal Bldg) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | No. 2:22-cv-07959-JWH-JEM<br><br>Case Transferred from E.D. Texas (2:22-cv-76-JRG) |

DISH submits this Supplemental Memorandum under L.R. 37-2.3 to respond to arguments made in Entropic's portions of the Joint Stipulation (Dkt. 192) and to update the Court regarding discovery and case activities since the filing of the Joint Stipulation.

Entropic spends the majority of its portion of the Joint Stipulation painting itself as a victim that would be happy to cooperate with DISH, if not for DISH's "blatant gamesmanship" and "calculated investment" to intentionally delay this case. (*See* Dkt. 192 at 6.) While Entropic casts stones, it is clear that Entropic is actually the party being unreasonable—not the other way around. DISH is more than willing to work with Entropic, and DISH has been proceeding with document productions and making arrangements to make a huge volume of source code available for Entropic's review even as its motion to stay is now fully briefed and pending before the Court. DISH, however, is not willing to capitulate to Entropic's unreasonable efforts to strongarm its way through this litigation—particularly when there is no need to proceed at such a blinding rate. Most specifically, Entropic cannot have it both ways: if it wants to proceed with depositions at this premature stage, before document productions are complete and the Court has issued its claim construction order, it cannot hold open the door to repeating them again later.

## I. SINCE FILING THE JOINT STIPULATION, DISCOVERY HAS CONTINUED TO PROGRESS, AND DISH'S MOTION TO STAY IS NOW FULLY BRIEFED

DISH's motion to stay in light of its patent validity challenges is now fully briefed and will be heard on April 14, 2023. If granted, then the Court need not address this protective order motion now.[1]

Despite that, DISH has not stopped producing documents or working with Entropic on discovery. In the past month, for instance, DISH has produced dozens of technical and marketing documents, as well as agreements. (Bervik Decl., ¶¶ 4-5.) It is working towards producing sales data. (*Id.*, ¶ 6.) And, in the face of evolving demands from

---

[1] Additionally, the Court just issued an order proposing the use of a special master in this matter for discovery disputes. (Dkt. 209.) If that approach is adopted, then a special master presumably could resolve this motion for protective order.

1 Entropic about what source code it seeks, DISH has collected massive volumes of such
2 code (>40 GB) and is in the process of providing notices to third parties whose confidential
3 code is intermixed with DISH's so that the code can be made available soon—hopefully
4 before the hearing on this motion.  (*Id.*, ¶ 7.)

5 It is only deposition discovery that is contested, with the debate primarily resting
6 on Entropic's:  (a) use of depositions as a tool to impose burden on DISH; and (b)
7 Entropic's refusal to agree that it will not get a second bite at re-deposing witnesses after
8 productions are complete and a claim construction order issues.  But for those issues, the
9 parties might have been able to work out their differences without Court intervention.
10 (*E.g.*, Dkt. 192-20 at 10 (admitting that DISH's concern that witnesses would have to be
11 deposed multiple times "is not unfounded").)  Entropic's behavior makes DISH's motion
12 here necessary.

13 **II.    ENTROPIC'S CONDUCT FORCED DISH'S MOTION FOR PROTECTIVE ORDER**

14 Entropic begins its portion of the Joint Stipulation by selectively quoting Judge
15 Holcomb to suggest that he approved Entropic's approach to depositions.  (*See* Dkt. 192
16 at 4.)  But this ignores Judge Holcomb's comments made during other points of the status
17 conference.  (*See* Dkt. 192-2 at 6 ("[L]et me again cut to the chase.  The way I'm going to
18 handle this case is let's do claim construction.   Then you can turn to your fact
19 discovery.").)  Although Judge Holcomb ultimately agreed to permit at least some fact
20 discovery, DISH did not understand him to suggest that all DISH depositions should be
21 completed by an arbitrary April deadline, or even that such depositions should or would
22 happen before claim construction and completion of document productions.  Indeed, Judge
23 Holcomb refused to impose any deadline for the substantial completion of fact discovery.
24 (*See id.* at 10-11.)  It is precisely because of the way that Entropic is interpreting Judge
25 Holcomb's comments that DISH filed its Request for Clarification.  (*See* Dkt. 184.)

26 **III.   DISH HAS IDENTIFIED MULTIPLE BURDENS AND EXPENSES SUFFICIENT TO
27 ESTABLISH GOOD CAUSE**

28 Entropic additionally argues that DISH has not shown "good cause" for its

requested relief.  As evidence of this, Entropic claims that "DISH does not even mention undue burden or expense" in its argument.  (*See* Dkt. 192 at 9.)  But, in fact, DISH identifies many burdens and expenses, including the burdens to DISH and witnesses of having seven individual depositions and a 30(b)(6) deposition with ***105 topics*** within a 3-week period, the possibility of Entropic recalling DISH witnesses for multiple depositions, and the burden of cramming all fact discovery into the months of March and April.  (*See* Dkt. 192 at 5-7.)

## IV.   ENTROPIC'S CITED CASES ARE DISTINGUISHABLE

Entropic's portions of the Joint Stipulation cite several cases that supposedly support its position.  Each of these cases are distinguishable and none stand for the proposition that all depositions should occur early in fact discovery.

First, Entropic cites *Moorhead v. Emp. Screenings Servs., Inc.*, arguing that this case stands for the proposition that DISH's "deficient" document production should not delay depositions.  No. 17-cv-1830, 2018 WL 3533267 (S.D. Cal. July 23, 2018).  *Moorhead*, however, is concerned with the separate question of the standard for showing of "good cause" required to amend a complaint after the deadline to file an amended pleading had passed.  Moorhead is entirely silent on the question of whether witnesses should be deposed multiple times and/or deposed before a *Markman* hearing and completion of document productions.  It is irrelevant to the issues here.

Second, *Brotherhood Mut. Ins. Co. v. Vinkov*, No. 19-cv-1821-SB, 2021 WL 1152896, at *2 (C.D. Cal. Jan. 13, 2021), is likewise inapplicable.  In *Vinkov*, the non-appearing party failed to file a motion for protective order or the joint stipulation required by L.R. 37-2.4.  These procedural deficiencies were fatal.  DISH, by contrast, has complied with all applicable provisions of the Local Rules.

Third, Entropic cites and relies heavily on *C.R. Laurence Co., Inc. v. Frameless Hardware*, characterizing the case as having "nearly identical facts" to those here.  No. 21-cv-1334-JWH, 2022 WL 2035955 (C.D. Cal. Jan. 13, 2022).  That is not correct, however.  In *C.R. Laurence*, the deposing party initially sought a deposition of ***one*** witness

-3-

(not, as here, to complete all depositions on all topics and to take all 30(b)(1) and fact and Rule 30(b)(6) depositions)).  More importantly, the deposing party in *C.R. Laurence* fully accepted and embraced the reality that—having chosen to take a pre-*Markman* deposition—it would not be able to re-depose witnesses twice.  (*See id.* at *3 ("In choosing to proceed with depositions at this time, Plaintiff faces some risk it may not be able to fully question a deponent and the Court may not permit a second deposition.  However, that decision is for Plaintiff to make ….").)  Here, Entropic wants to have its cake and eat it too, deposing witnesses now and leaving open its option to do so again later.  That position is what creates the dispute here.

## V. ENTROPIC'S THREAT OF SANCTIONS BOTH MISREADS THE CASES AND APTLY ILLUSTRATES HOW IT IS APPROACHING DISCOVERY IN THIS MATTER

Entropic spends a significant portion of its Joint Stipulation explaining that DISH's conduct—*i.e.*, telling Entropic that it would not appear on the noticed deposition dates and then filing this Joint Stipulation to get relief from the Court on this issue—"*is* sanctionable.*"  (Dkt. 192 at 14 (emphasis in original).)  Entropic further insinuates that it could "appear … at the noticed locations, with court reporters and videographers in tow, thus generating expenses and then ask the Court to order compensation."  *Id.*

Entropic's cited cases, however, do not support its position.  All were either decided *before* amendment of the Federal Rules in relevant part or are plainly distinguishable on their facts.  For instance, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964), was decided in 1964, well before the current language of Fed. R. Civ. P. 37(d)(2) was adopted.  Even on its merits, *Pioche Mines* is of limited use when applied to this case. In *Pioche Mines*, the non-appearing party ignored the court's specific direction to attend scheduled depositions.  *Id.* at 269 ("The court kept the door open until it became very clear that [deponent] would depose only upon his own terms, regardless of what the court's terms might be.").  Here, the Court has issued no similar direction.  In fact, DISH is currently seeking the Court's guidance on this very issue.

The other cases that Entropic cites are likewise inapplicable, have clearly distinguishable facts, and, in most, the non-appearing party did not move for a protective order. *See, e.g.*, *Hamilton v. TBC Corp.*, No. 17-cv-1060-DMG, 2018 WL 9815585 (C.D. Cal. Mar. 29, 2018) (non-appearing party did not move for protective order and did not inform opposing party of non-appearance until day of scheduled deposition); *Rosenfeld v. Talamantes*, No. 22-cv-497-DSF, 2022 WL 16944021 (C.D. Cal. Nov. 14, 2022) (non-appearing party did not move for protective order; sanctions denied); *Jackson v. Nat'l Express Transit Corp.*, No. 21-cv-9231-MEMF-JC, 2022 WL 18216005 (C.D. Cal. Oct. 11, 2022) (non-appearing party filed plainly deficient *ex parte* application); *Paine v. Inv. & Admin. Comm. of the Walt Disney Co. Sponsored Qualified Benefit Plans*, 2022 WL 1584495 (C.D. Cal. Mar. 30, 2022) (non-appearing party was uncooperative and attempted to reschedule when Plaintiff's counsel was expecting birth of child); *Gibbs v. Anderson*, No. 19-cv-7455-RGK, 2021 WL 6618835 (C.D. Cal. Oct. 8, 2021) (sanctions denied); *Gillenwater v. Tommy Hilfiger Retail, LLC*, No. 16-cv-5903-ODW, 2017 WL 11633491, at *1 (C.D. Cal. Aug. 17, 2017) (not related to sanctions); *Helo Energy, LLC v. Hoggan*, No. 14-cv-6648-DSF, 2016 WL 11744946, at *5 n.6 (C.D. Cal. Mar. 7, 2016) (same).

## VI.   CONCLUSION

DISH respectfully requests that the Court quash Entropic's deposition notices and issue an order limiting pre-*Markman* depositions or, at minimum, quash Entropic's deposition notices pending the Court's guidance in response to DISH's Request for Clarification (Dkt. 184).

Dated:  April 4, 2023                    **PERKINS COIE LLP**

By: */s/ Amanda Tessar*
    Matthew C. Bernstein, Bar No. 199240
    MBernstein@perkinscoie.com
    PERKINS COIE LLP
    11452 El Camino Real, Ste 300
    San Diego, California 92130-2080
    Telephone: +1.858.720.5700
    Facsimile: +1.858.720.5799

    Amanda Tessar
    (admitted *pro hac vice*)
    ATessar@perkinscoie.com
    Trevor Bervik
    (admitted *pro hac vice*)
    TBervik@perkinscoie.com
    PERKINS COIE LLP
    1900 Sixteenth Street, Suite 140
    Denver, Colorado 80202-5255
    Telephone: +1.303.291.2300
    Facsimile: +1.303.291.2400

    Daniel T Keese, Bar No. 280683
    DKeese@perkinscoie.com
    PERKINS COIE LLP
    1120 NW Couch Street 10th Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000
    Fax: +1.503.727.2222

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**