# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, LLC and<br>AT&T Services, Inc.,<br><br>　　　　Defendants. | No. 2:22-cv-07775-JWH-JEM<br>No. 2:22-cv-07959-JWH-JEM<br><br>**ORDER REGARDING MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW [ECF No. 191]** |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISH NETWORK CORPORATION,<br>DISH NETWORK, LLC, and<br>DISH NETWORK SERVICE LLC,<br><br>　　　　Defendants. | |

## I. INTRODUCTION

Before the Court is the motion of Defendants DISH Network Corporation, DISH Network LLC, and Dish Network Services LLC (collectively, "DISH"), joined by Defendants DirecTV, LLC ("DirecTV") and AT&T Services, Inc. ("AT&T") (together with DISH, "Defendants"), to stay the instant cases filed by Plaintiff Entropic Communications LLC pending *inter partes* review ("IPR") before the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("PTAB").[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** the Motion without prejudice.

## II. BACKGROUND

In March 2022, Entropic filed two complaints in the United States District Court for the Eastern District of Texas, thereby commencing actions against DirecTV and AT&T and against DISH.[3] Entropic alleges that Entropic Communications Inc.—the predecessor-in-interest to Entropic—specialized in "satellite signal acquisition, digital signal stacking, and signal distribution."[4] In 2007, Entropic Communications Inc. acquired RF Magic, Inc., a company specializing in Direct Broadcast Satellite Outdoor Unit technology and hardware.[5] This technology "simplified the installation required to support simultaneous reception of multiple channels from multiple satellites over a

---

[1] Notice of Motion and Motion to Stay Case Pending *Inter Partes* Review (the "Motion") [ECF No. 191]; Joinder in Notice of Motion and Motion to Stay Case Pending *Inter Partes* Review (the "Joinder") [ECF No. 198].

[2] The Court considered the documents of record, including the following papers: (1) Motion; (2) Joinder; (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 200]; (4) Def.'s Reply in Supp. of the Motion [ECF No. 206]; and (5) Joinder in Reply [ECF No. 207].

[3] *See* Compls. [ECF No. 1 in both Case Nos. 22-07775 and 22-07959].

[4] First Am. Compl. [ECF No. 20 in Case No. 22-07775] ¶ 95.

[5] *Id*. at ¶ 94.

single cable."[6]  Entropic avers that Defendants "relied upon products produced in whole or in part by Entropic Communications Inc. [] to enable their services for customers," thereby infringing Entropic's patents.[7]  Specifically, Entropic alleges that Defendants' activities infringe U.S. Patent Nos. 7,130,576 (the "'576 Patent"); 7,542,715 (the "'715 Patent"); and 8,792,008 (the "'008 Patent") (collectively, the "Asserted Patents").[8]

       Judge J. Rodney Gilstrap of the Eastern District of Texas ordered the consolidation of Entropic's action against DISH with its action against DirecTV and AT&T for all pretrial purposes.[9]  In October 2022, Judge Gilstrap granted DirecTV's motion to transfer venue to this District.[10]  After transfer, this Court consolidated Case Nos. 2:22-cv-07775 (DirecTV and AT&T) and 2:22-cv-07959 (DISH) for all pretrial purposes and set case deadlines through the Claim Construction hearing.[11]  The parties recently filed their Joint Claim Construction and Prehearing Statement.[12]  Claim construction briefs are due on May 12, 2023, and June 9, 2023,[13] and the claim construction hearing is set for July 11, 2023.[14]

       Defendants now move for a stay pending the resolution of three petitions for IPR filed by DISH.[15]  The petitions seek to invalidate all asserted claims of

---

[6]     *Id.* at ¶ 96.
[7]     *Id.* at ¶¶ 98 & 99.
[8]     *Id.* at ¶¶ 110, 121, & 140.
[9]     *See* Consolidation Order [ECF No. 21].
[10]    *See* Order re Defendants' Motions to Transfer [ECF No. 109].
[11]    Order re Post-Transfer Matters [ECF No. 176] ¶¶ 1 & 5.
[12]    *See* Joint Claim Construction and Prehearing Statement [ECF No. 195].
[13]    Order re Post-Transfer Matters [ECF No. 176] ¶ 5.
[14]    *Id.*
[15]    Motion 1:7-11; Opposition 4:1-11.

the Asserted Patents.[16] The PTAB has yet to institute review. The following table lists the PTAB proceeding numbers and relevant dates:

|  | **Patent** | **Filing Date** | **Institution Decision Due** |
|---|---|---|---|
| IPR2023-00391 | '576 Patent | February 21, 2023 | September 20, 2023 |
| IPR2023-00392 | '715 Patent | January 13, 2023 | August 16, 2023 |
| IPR2023-00393 | '008 Patent | February 6, 2023 | September 20, 2023 |

### III.  LEGAL STANDARDS

District courts have broad discretion to stay cases in the interests of judicial economy and to ensure the orderly and efficient management of litigation. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."). District courts may find a stay to be efficient and fair. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Three factors guide the Court's consideration of whether to stay an action pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). The inquiry, however, is not limited to those factors and "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). "The moving party bears the

---

[16]     Motion 1:11-13.

burden of demonstrating that a stay is appropriate." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (internal citations omitted).

## IV.  DISCUSSION

Defendants argue that the Court should grant a stay because (1) the case is in its early stages;[17] (2) a stay will simplify issues before the Court;[18] and (3) a stay would not unduly prejudice Entropic.[19]

The Court finds that a stay is not appropriate here.  This case is in its early stages,[20] but any simplification of the issues is speculative because the PTAB has not yet decided to institute review of DISH's petitions.  *See Purecircle USA, Inc. v. SweeGen, Inc.*, 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019).  It is this Court's practice to deny motions to stay until after the PTAB decides to institute review.  *See Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2016 WL 7496740, at *2 (C.D. Cal. Nov. 17, 2016).  Presently, the Court can only speculate regarding whether the PTAB will grant review and, if so, the extent of the review.  *See DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("[T]he question of whether a stay will simplify and streamline the issues depends entirely on whether the PTAB decides to grant the IPR petition.").  Accordingly, the Court adopts its usual practice here and **DENIES** Defendants' motion to stay the case.  *See id.* at

---

[17]  Motion 5:20-25.
[18]  *Id.* at 7:6-8.
[19]  *Id.* at 8:24-25.
[20]  This case is in its early stages.  The Court has not yet set dates for the close of fact discovery or for trial.  *See Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (finding stage of litigation favored stay where fact discovery was not yet complete, a trial date had not yet been set, and the parties had submitted claim construction briefs but the *Markman* hearing had not yet occurred).  "[T]here is more work ahead of the parties and the Court than behind." *Realtime Data LLC v. Teradata Operations, Inc.*, 2017 WL 3453295, at *2 (C.D. Cal. Feb. 27, 2017) (internal citations omitted).

*1 ("A court is under no obligation to stay proceedings pending parallel litigation in the PTAB.").

The Court has considered the parties' arguments regarding each factor, and it still finds that the circumstances here weigh against granting a stay. Although this consolidated case is in its early stages and Defendants' arguments regarding the absence of prejudice appear persuasive,[21] the Court finds that a lack of simplification outweighs those considerations at this time. *See DiCon Fiberoptics*, 2015 WL 12859346, at *2.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to stay **without prejudice**.

**IT IS SO ORDERED.**

Dated: April 17, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[21] Defendants argue that a stay would not prejudice Entropic because: (1) Entropic and DISH are not direct competitors, and, in fact, Entropic is a non-practicing entity; (2) monetary damages would provide adequate redress for infringement; (3) Entropic did not seek an injunction; and (4) two of the Asserted Patents will expire next year. Motion at 9:22-10:11. Entropic argues that it would suffer prejudice due to a stay at least because DISH waited 10 to 11 months after Entropic filed this action to file its petitions for IPR. Opposition at 1:4-6. If the PTAB institutes review of DISH's petitions and Defendants renew this Motion, the Court will revisit these arguments.