Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**[Additional counsel listed on signature page]**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

DIRECTV, LLC and AT&T SERVICES, INC.,

Defendants.

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

vs.

DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; and DISH NETWORK SERVICE L.L.C,

Defendants.

Case No.: 2:22-cv-07775-JWH-JEM

[Assigned to the Hon. John W. Holcomb]

**ENTROPIC'S OPPOSITION TO DISH'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 7.1-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: June 9, 2023
Time: 9:00 a.m.
Courtroom: 9D

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

Page


**I. INTRODUCTION** .......... 1

**II. RELEVANT BACKGROUND** .......... 2

**III. ARGUMENT** .......... 5

- **A. Entropic has complied with Local Rule 7.1-1, and the Court has sufficient information to identify any possible conflict.** .......... 5
- **B. Entropic is the real party in interest.** .......... 8
- **C. Entropic cannot produce more information because it has already produced the information in its possession, custody, or control concerning indirect investors.** .......... 9
- **D. DISH has not complied with the very rule it contends applies here.** .......... 9

**IV. CONCLUSION** .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Central Telephone Co. v. Sprint Comm'cns. Co.*, 715 F.3d 501 (4th Cir. 2013) .......... 6

*In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999) .......... 9

*Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 4758055 (N.D. Cal. Sept. 4, 2013) .......... 9

*Haddock v. Countrywide Bank, NA*, 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015) .......... 7

*Hall v. Swift*, 2022 WL 17078439 (C.D. Cal. Sept. 21, 2022) .......... 7

*Harris v. Wells Fargo Bank, N.A.*, 2016 WL 11486587 (C.D. Cal. July 14, 2016) .......... 6, 7

*Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 2023 WL 2162382 (E.D. La. Feb. 22, 2023) .......... 6

*MDCM Holdings, Inc., v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158 (S.D.N.Y. 2002) .......... 7

*Nat'l Grange of the Ord. of Patrons of Husbandry v. California Guild*, 334 F. Supp. 3d 1057 (E.D. Cal. 2018) .......... 8

*VLSI Tech. LLC v. Intel Corp.*, Case No. 5:17-cv-05671-BLF, ECF No. 471 (N.D. Cal. May 8, 2023) .......... 1

**Statutes**

28 U.S.C. § 455 .......... 5, 6

28 U.S.C. § 455(b)(4) .......... 2, 6

**Other Authorities**

Federal Rule of Civil Procedure 7.1 .......... 4

https://www.fortress.com/about .......... 3

https://www.fortress.com/shareholders/news/2017-12-27-softbank-group-completes-acquisition-of-fortress-investment-group .......... 3

https://www.ft.com/content/f7b3b356-3774-11e8-8b98-2f31af407cc8 .......... 3

L.R. 3-15 .......... 7

Local Rule 7.1-1 .......... *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For six months after this case was docketed in this Court (and 14 months after the original filing in Texas), DISH[1] has expressed zero concern that the Court might be incapable of judging whether Your Honor should recuse himself. Suddenly, having lost its motion to stay, DISH raises this argument and asks for relief in the form of various information (that Plaintiff Entropic Communications LLC ("Entropic") does not have) and, most interestingly, a delay of the case. (ECF No. 232-5.) *Specifically, DISH demands the impending tech tutorial scheduled in June should not move forward until this issue is resolved.*

This latest delay tactic relies upon an interpretation of Local Rule 7.1-1 that is both without legal precedent, and impossible. It is without precedent because no case in this District[2] has ever held that Rule 7.1-1 requires a party to disclose the entire chain of ownership of third-party entities. *Indeed, just recently, Judge Freeman in the Northern District of California squarely rejected the same argument that DISH is making here related to a similar rule with the same purpose.* (Goodrich Decl., ¶ 12, Ex. B, at 3-8 (*VLSI Tech. LLC v. Intel Corp.*, Case No. 5:17-cv-05671-BLF, ECF No. 471 (N.D. Cal. May 8, 2023)).) Disclosing the entire chain of ownership of third-party entities is impossible because a party like Entropic is only obligated to provide information it has, not somehow obtain information it does not have and has no right to demand.

In reality, Entropic has fully complied with both the letter and spirit of Local Rule 7.1-1. Entropic has identified its parent and disclosed what more it knows: (1) its parent is owned by private investment funds, which are managed by—not owned by—Fortress Investment Group LLC ("Fortress"); and (2) the prior owner of the Asserted Patents has a pecuniary interest in the outcome of the litigation. Local Rule 7.1-1 does not require

[1] Defendants Dish Network Corporation, Dish Network L.L.C., and Dish Network Service L.L.C. are collectively referred to herein as "DISH."

[2] Entropic has searched for, but has not found, such a case.

any further information. This information is sufficient for the Court to work backward from what it knows about its own interests to determine any potential reason for recusal. It appears that this Court's financial disclosures show no direct ownership of any party or any fund managed by Fortress. As a matter of law, such indirect financial interests alone do not create conflicts. *See* 28 U.S.C. § 455(b)(4). (Goodrich Decl., ¶ 12, Ex. B, at 6-7.)

Accordingly, DISH's far-too-late motion should be denied for pressing an unsupported and unsupportable interpretation of Local Rule 7.1-1.

## II. RELEVANT BACKGROUND

DISH's motion demands four pieces of information on the basis that such information is purportedly necessary to disclose in order for the Court to assess possible disqualification or recusal under Local Rule 7.1-1:

1. The private investment funds that own Entropic Holdings LLC, the parent company of Entropic;
2. The investors in those funds with more than 10% ownership of Entropic;[3]
3. The wholly-owned subsidiaries of Fortress that act as investment advisors for the investment funds; and
4. The owners of Fortress itself.

Entropic is a Delaware LLC. (*See* Compl., ¶ 2.) It was formed to license the foundational, industry-changing technologies developed and patented by Entropic Communications Inc. and MaxLinear, Inc. (*See* Teksler Decl., ¶ 1.) Entropic is owned by Entropic Holdings LLC (*Id.*, ¶ 5), [REDACTED] [REDACTED] (Goodrich Decl., ¶ 5). Entropic produced this information to DISH on May 11, 2023, after Entropic obtained permission to produce

[3] It is unclear from DISH's motion whether it seeks the investors with more than 10% ownership in an individual fund, or the investors who ultimately own 10% or more of Entropic Holdings LLC, if any.

the third-party production made by Fortress and marked "Attorneys' Eyes Only" in a related litigation at DISH's request. (*Id.*, ¶ 10.)

Based on publicly available information, Entropic understands Fortress is an investment manager that manages approximately $45.8 billion of assets for over 1,900 institutional clients and private investors.[4] Investors include private and public pensions, wealth funds, large institutions, and private clients.[5] Fortress's managed investments include credit and private equity investments across many industries and asset types, from restaurants to real estate to energy to retail to intellectual property.[6] Since 2017, it has been wholly owned by SoftBank Group Corp.,[7] though Softbank has no day-to-day control over Fortress.[8]

Entropic understands that Fortress or its subsidiaries act as investment advisors and manage the funds that in turn own Entropic Holdings LLC. (Teksler Decl., ¶ 9.) Entropic does not know the identities of the investors in those funds. (*Id.*, ¶ 10.) And Entropic does not know the names of the specific subsidiaries, if any, that advise and manage the funds. (*Id.*)

Entropic is managed by or under the direction of a board of managers who further delegate authority to the Officers or to others to act on behalf of Entropic, subject to Board oversight. (*Id.*, ¶ 4.) Only limited activities, like merger or dissolution, require consent of the parent, Entropic Holdings LLC. (*Id.*, ¶ 5.) The governing LLC Agreement specifies that Entropic's Officers, including its CEO Boris Teksler and others, are "authorized to perform the day-to-day ordinary course operations of the Company." (*Id.*)

Entropic initiated this action on March 9, 2022 in the Eastern District of Texas. (ECF No. 1.) The Texas district court then transferred this action to this District last

---

[4] *See* https://www.fortress.com/about.
[5] *See* https://www.fortress.com/about.
[6] *See* https://www.fortress.com/about.
[7] *See* https://www.fortress.com/shareholders/news/2017-12-27-softbank-group-completes-acquisition-of-fortress-investment-group.
[8] *See e.g.,* https://www.ft.com/content/f7b3b356-3774-11e8-8b98-2f31af407cc8.

October. (ECF Nos. 21 and 109.) DISH never challenged Entropic's Federal Rule of Civil Procedure 7.1 disclosures in Texas. (Goodrich Decl., ¶ 2.) On March 28, *after* DISH sought to stay this case through a "Request for Clarification" and *after* DISH filed its motion to stay the case pending IPR, DISH requested that Entropic file an amended disclosure statement under this District's Local Rule 7.1-1. (Goodrich Decl., ¶ 3.) Entropic agreed to submit a Rule 7.1-1 disclosure statement. (*Id.*)

[redacted]

Entropic filed its Rule 7.1-1 disclosure statement on April 17th. (ECF No. 219.) In its disclosure statement, Entropic identified itself; its parent company, Entropic Holdings LLC; MaxLinear; and Fortress. (*Id.*) As explained in the statement, Fortress and/or its wholly-owned subsidiaries are investment advisors to private investment funds that own Entropic Holdings LLC, and may have an interest in the outcome of the action. (*Id.*) Entropic lacks any knowledge whatsoever of the identity of Fortress's subsidiaries or the identities of the investors in the private investment funds that own Entropic Holdings LLC. (Teksler Decl., ¶ 10.)

At a hearing held before this Court on April 21, 2023, counsel for DISH raised what it deemed to be insufficient Rule 7.1-1 disclosures by Entropic.[9] (Goodrich Decl., ¶¶ 6-7, Ex. A, at 2.) Counsel for Entropic stated that while DISH clearly wanted to learn the identity of the investors in and subsidiaries of Fortress, Entropic simply did not have that information. (*Id.*, at 4.) The Court instructed that if "DISH wants this information," it should "file an appropriate motion or serve discovery." (*Id.*, at 5.) Counsel for DISH

[9] Tellingly, DISH only raised this issue with the Court after both their request to stay the action and their "Request for Clarification"—which essentially sought a stay of discovery—were denied. (Goodrich Decl., ¶¶ 2-3.)

responded that DISH "did seek discovery on this" and alleged that "[Entropic] stiffed" them. (*Id.*) However, Entropic cannot produce what it does not have.

On May 4, 2023, counsel for Entropic and DISH met and conferred on this issue. (*Id.*, ¶ 8.) During that conference, counsel for Entropic explained that it had already disclosed—or would shortly disclose to DISH, in the case of the private investment funds that own Entropic Holdings LLC—all the information within Entropic's possession about the entities who may have a pecuniary interest in the outcome of this action. (*Id.*) Counsel for DISH responded, first, that she did not believe that Entropic had disclosed everything within its knowledge. (*Id.*, ¶ 9.) Counsel for Entropic repeated that this was incorrect. (*Id.*) Second, counsel for DISH stated that she believed that Entropic was required to go out and discover the identity of any entities that have an interest in the entities disclosed on Entropic's disclosure statement, through third-party discovery if needed. (*Id.*) DISH asserted that Entropic must dismiss the lawsuit against DISH if it could not provide the information DISH requested. (*Id.*) Counsel for Entropic disagreed. (*Id.*, ¶ 10.)

On May 11, 2023, as promised, Entropic produced to DISH a third-party production that was made by Fortress and marked "Attorneys' Eyes Only" in a related litigation in Texas after obtaining permission from Fortress. (*Id.*, ¶ 11.) [REDACTED] (*Id.*) DISH thereafter filed the instant motion on May 12. (*Id.*)

## III. ARGUMENT

### A. Entropic has complied with Local Rule 7.1-1, and the Court has sufficient information to identify any possible conflict.

DISH justifies its motion by claiming that the information it seeks—now, more than a year after the case was filed—"is necessary to ensure that the Court has the information needed to evaluate potentially disqualifying conflicts under 28 U.S.C. § 455, to avoid any appearance of impropriety, and to ensure open and transparent

proceedings for the public." (Def.'s Mot. at 1:5-7.) DISH claims that *Harris v. Wells Fargo Bank, N.A.*, 2016 WL 11486587 (C.D. Cal. July 14, 2016), supports its interpretation of Local Rule 7.1-1. It does the opposite. *Harris* instead illustrates why the information the Court already possesses is sufficient. Unlike here, *Harris* involved a direct financial interest. *Id.*, at *2. The judge in *Harris* owned stock in Berkshire Hathaway, a publicly traded company, which owned more than 10% of Wells Fargo, the defendant. *Id.* In other words, the judge in *Harris* had a direct financial interest through the ownership of stock (as opposed to an interest through a mutual or common investment fund).

28 U.S.C. § 455 governs the disqualification of judges. Section 455(b)(4) requires disqualification where a judge, or her spouse or minor child, has a financial interest in the subject matter in controversy or in a party to the proceeding. But an indirect financial interest alone does not qualify as a "financial interest." Specifically, § 455(d)(4) clarifies that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." This makes sense—if a judge has no control or participation in the management of indirect investments, the financial interest is too tenuous, and the judge's impartiality cannot reasonably be questioned.[10] This distinction was recognized by Judge Freeman in the recent VLSI decision, which rejected proposed disclosure requirements similar to the ones DISH advances. (Goodrich Decl., ¶ 12, Ex. B, at 5-6 (quoting *MDCM Holdings, Inc., v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d

[10] *See Central Telephone Co. v. Sprint Comm'cns. Co.*, 715 F.3d 501, 516 (4th Cir. 2013) (noting "the core elements" of a "common investment fund" under § 455 are "assets held together in trust in order to provide 'satisfactory diversification' and a 'reduction of administrative expenses'"); *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 2023 WL 2162382, at *3 (E.D. La. Feb. 22, 2023) (concluding that ownership in common investment fund, absent participation in the management of the same, was insufficient to trigger disqualification); Guide to Judiciary Policy, Vol. 2B, Ch. 2, § 220 No. 57 (Dec. 2017) (explaining that a useful benchmark for assessing control is whether the company in which the judge owns stock itself owns 10% or more of the party's stock).

158 (S.D.N.Y. 2002)) ("The key question is whether the company in which the judge owns stock has effective control over the party to the litigation.")).

Nonetheless, DISH appears to ask this Court to impose an obligation on Entropic to disclose the full chain of indirect ownership, regardless of whether Entropic knows that information, referencing as support one court's "disclosure requirements" in the District of Delaware. (Def.'s Mot. 5:7-17.) Whatever those requirements may be, they are not mandated by the Local Rules of this District, and are not the rule in the Northern District of California. *See* N.D. Cal. L.R. 3-15. When the Northern District was pressed in the VLSI case to follow the Delaware district court, it declined: "The Court finds Intel's alternative argument based on disclosure requirements of other courts unpersuasive. As an initial matter, the disclosure requirements Intel identifies go beyond those required in this District." (Goodrich Decl., ¶ 11, Ex. B, at 7-8.) This logic supports the same ruling here.

To put it plainly, ***direct*** financial interests are potentially disqualifying; ***indirect*** financial interests alone are not. Even assuming *arguendo* that the Court or a close family member had an indirect interest through a mutual fund or common investment fund such as a pension fund in Entropic Holdings (or, even more likely, DISH), that alone would ***not*** be disqualifying as a matter of law. *See Hall v. Swift*, 2022 WL 17078439, at *3 (C.D. Cal. Sept. 21, 2022) ("Defendants have not gone as far as concealing alter ego parties and have complied with the local rule, which primarily exists for recusal purposes by forcing the disclosure of the publicly-traded parent."); *Haddock v. Countrywide Bank, NA*, 2015 WL 9257316, at *24 n.18 (C.D. Cal. Oct. 27, 2015) ("[P]arties are not required to list subsidiaries on corporate disclosure forms."); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158, 162 (S.D.N.Y. 2002) (explaining that "[t]he key question is whether the company in which the judge owns stock has effective control over the party to the litigation—that is, at least 50% of the voting stock or a majority of the capital interest in the party").

The information Entropic has provided complies with Local Rule 7.1-1 because this Court and the public are fully able to evaluate disqualifying conflicts. This Court's financial disclosures clearly show that this Court does not have a direct ownership interest in DISH, any other defendant, Entropic, Entropic Holdings LLC, or any private investment fund. Indeed, the financial disclosures do not show any direct ownership interests in any securities at all, but rather ownership of shares of mutual funds and exchange-traded funds. Any financial interest would therefore have to be indirect, and thus not disqualifying.

**B. Entropic is the real party in interest.**

DISH's suggestion that the private investment funds, or Fortress, are "the real parties in interest" in this case is simply false. A party in interest is not merely an entity whose "value [is] directly tied to the outcome of th[e] litigation." (Def.'s Mot. at 5:10-12.) Rather, a real party in interest "is the person who has the right to sue under the substantive law." *Nat'l Grange of the Ord. of Patrons of Husbandry v. California Guild*, 334 F. Supp. 3d 1057, 1064 (E.D. Cal. 2018). "In general, the real party is the person holding title to the claim or property involved, and not merely others who may be interested in or benefit from the litigation." *Id.* (citing *U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986)). Indeed, by DISH's logic, every private equity investor would be a real party in interest, along with all investment and mutual funds. Entropic holds all rights, title, and interest in the Asserted Patents, Entropic controls this litigation, and it is Entropic's rights that DISH is violating through its ongoing willful infringement of the Asserted Patents. Entropic is the real, and only, party in interest. *Id.* (citing *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004)) ("Actions asserting the rights of a corporation ordinarily must be brought by the corporation itself.").

**C. Entropic cannot produce more information because it has already produced the information in its possession, custody, or control concerning indirect investors.**

Even if the information relating to investors is relevant to Local Rule 7.1-1 (it is not), Entropic does not have any information beyond what it has already shared with DISH. DISH neglects to tell the Court that it already possesses half of the information it seeks. Specifically, [REDACTED], was disclosed on May 11. (Goodrich Decl., ¶ 11.) Additionally, the owner of Fortress (Softbank) is publicly known.

Entropic does not have any information regarding investors of the funds that own Entropic's parent company in its possession, custody or control. (Teksler Decl., ¶ 10.) DISH has known this for a long time because DISH sought this information (specifically the investors) in prior discovery, and Entropic told DISH the same. (Goodrich Decl., ¶ 8.) Indeed, DISH does not meaningfully dispute that this information is not in Entropic's possession. Entropic simply does not have this information, nor does it have the right to access this information. DISH's request for an order to compel Entropic to produce information that is not in its possession, custody, or control is directly contrary to Ninth Circuit precedent. *See, e.g.*, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("Control is defined as the legal right to obtain documents upon demand."); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 4758055, at *2 (N.D. Cal. Sept. 4, 2013).

**D. DISH has not complied with the very rule it contends applies here.**

Entropic is reticent to ascribe to DISH ulterior motives for its motion, but it is difficult to escape certain facts. This motion was filed:

- Fourteen months after the case began;
- Six months after the case was docketed to this Court;

- After this Court had invested substantial time and effort and made a variety of rulings; and
- Nearly immediately following the Court's denial of DISH's motion to stay the case.

It is only logical to wonder why DISH, assuming it is truly concerned that recusal may be warranted, did not press the issue until now.

Be that as it may, DISH appears to set a demand for disclosure that it is unwilling to meet itself, suggesting such disclosures are not, in fact, needed for the Court to evaluate recusal issues. After all, the Court could have interests in DISH just as easily as it could have interests in Entropic. DISH has not disclosed the identity of all of DISH's shareholders, institutional and individual, including DISH's founder, Charlie Ergen, and numerous undisclosed entities that own controlling shares of DISH to the benefit of Mr. Ergen and his family.[11] Since DISH proposes that even indirect financial interests fall within Local Rule 7.1-1, why has DISH not provided full disclosure of the ownership of Dodge & Cox Inc., a mutual fund company, which is one of DISH's largest shareholders? The same argument applies to Vanguard, Blackrock, Invesco, and the countless other mutual fund and private equity companies that hold major stakes in DISH. Where does it stop? The answer is that it stops with direct financial interests, limited by what a party knows. The Court is well-positioned to know its own financial interests, and with the reasonable scope of Rule 7.1-1's disclosure requirements, the Court can evaluate any potential recusal issues without requiring the disclosure of every shareholder to the level of natural persons.

## IV. CONCLUSION

Entropic has complied with Local Rule 7.1-1. This Court already possesses sufficient information to assess disqualification and possible conflicts. The Court's public financial disclosures reveal no possible direct financial interests. Entropic has already produced all the information in its possession, custody, or control on this issue.

[11] *See* https://ir.dish.com/static-files/60402420-adfe-44ea-826f-4e9252b399f8.

For the foregoing reasons, Entropic respectfully requests that this Court deny DISH's motion.

Dated: May 19, 2023

Respectfully Submitted,

By: */s/ Christina N. Goodrich*

Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel.: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter Soskin (SBN 280347)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield (*pro hac vice* application pending)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Nicholas F. Lenning
(admitted *pro hac vice*)

**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 623-7580
Fax: (206) 370-6006
nicholas.lenning@klgates.com

Darlene F. Ghavimi
(admitted *pro hac vice*)
Matthew Blair
(admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 3392 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 19, 2023

Respectfully Submitted,

By: /s/ Christina N. Goodrich

Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel.: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter Soskin (SBN 280347)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield (*pro hac vice* application pending)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Nicholas F. Lenning

(admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 623-7580
Fax: (206) 370-6006
nicholas.lenning@klgates.com

Darlene F. Ghavimi
(admitted *pro hac vice*)
Matthew Blair
(admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**