# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

**HONORABLE JOHN W. HOLCOMB, U.S. DISTRICT JUDGE**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, ) | |
| ) | Case No. |
| Plaintiff, ) | 2:22-cv-07775-JWH-JEM |
| ) | Related Cases: |
| vs. ) | 2:23-cv-01043-JWH-KES |
| ) | 2:23-cv-01049-JWH-KES |
| DISH NETWORK CORPORATION, et al., ) | 2:23-cv-01048-JWH-KES |
| ) | 2:23-cv-01050-JWH-KES |
| Defendants. ) | 2:23-cv-01047-JWH-KES |
| ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS
ORDER TO SHOW CAUSE RE CONSOLIDATION
FRIDAY, APRIL 21, 2023
8:59 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

```
 1   company.  And if you want the case number, I'll have that to
 2   you momentarily.  We'll come back to that.  FIGS -- you can
 3   look at a case -- well, look at that one as a -- as an example
 4   of what I've used in the past.
 5            MR. PADMANABHAN:  Your Honor, I think we'll find it
 6   on PACER.  That shouldn't be a problem.
 7            THE COURT:  19-2286.  19-2286.
 8            So again, hopefully you'll present to me a
 9   stipulation and a proposed order that I would enter in all
10   three cases after -- well, before or after consolidating.  I
11   don't know that it matters.  Good.
12            And again, if it's not Mr. Keyzer, that's fine.  If
13   you've got somebody else in mind, again, see if you can
14   coalesce around him or her and submit that.  And if it's okay
15   with me, then I'll probably approve that.
16            That may run through everything I had on my agenda.
17   It made it easier with the request for guidance hopefully
18   mooted.  So tell me what else you all would like to discuss
19   after having traveled all this way -- which I appreciate.
20            MS. TESSAR:  For DISH, we had one other thing that
21   we wanted to raise to get the Court's guidance on.  You may
22   have noticed that Entropic filed earlier this week amended
23   Rule 7.1-1 statements.  And they did that at our request
24   because the rules in this district require every party to
25   disclose anyone who has a pecuniary interest in the outcome of
```

**UNITED STATES DISTRICT COURT**

1  the case.

2  In their disclosures, their updated disclosures,
3  they identify Fortress Investment Group as a company that acts
4  as an investment advisor to investment funds but have an
5  interest in the outcome of this case, but they didn't identify
6  the funds.  We've asked them to supplement to include that
7  information, and they have refused and said they're not
8  required to.

9  We think the rule is pretty clear here, and we'd
10 just like the Court's guidance on how to proceed because, you
11 know, our concern obviously is if there's investors or
12 investment funds out there that have a pecuniary interest,
13 we're all entitled to know who those are, and particularly the
14 Court and Mr. Keyzer is going to need to know later and for
15 purposes of the jury as well.

16 THE COURT:  Is this the issue that Judge Connolly
17 has been facing and dealing with in Delaware?

18 MS. TESSAR:  It's precisely the issue.  And one of
19 the other Fortress affiliates, when faced with that rule,
20 decided to drop their cases rather than comply and identify the
21 interested investors.

22 THE COURT:  You wouldn't want that to happen.

23 MS. TESSAR:  I mean, it would be a tragedy.  But we
24 do very much want to know who's behind this, and we think the
25 Court needs to know that information, and that's clearly what's

```
 1  required by the Local Rules.
 2              THE COURT: Okay.  Mr. Shimota, do you want to
 3  respond?
 4              MR. SHIMOTA:  I do.
 5              So, you know, Rule 71 is concerning conflicts of
 6  interest by you, Your Honor.  You know, so -- and you know who
 7  the parties are in this case.  We updated our disclosure to
 8  identify that Fortress is the parent of Entropic, the plaintiff
 9  in this lawsuit.
10              What DISH is talking about is what they want and
11  it's information that we simply don't have actually.  It's who
12  are the investors in Fortress?  Who were the pension funds?
13  Who were the teachers' retirement funds who were the -- you
14  know, the teachers' retirement funds who put money into
15  Fortress?  And I don't know of any case in the land which would
16  suggest that because of that, information like that, that you
17  would need to recuse yourself.  But, you know, we feel like
18  we've complied with the rule and provided you information which
19  is sufficient for you to make a determination.
20              I'm not going to ask you about your personal
21  financial holdings for you to make a determination as to
22  whether or not, you know, there's need -- you need more.  But I
23  don't -- I simply don't know who is invested in Fortress,
24  right?  They're not my client in this matter.  And so we've
25  provided what we can in this matter.  And to the extent there's
```

|  |  |
|---|---|
| 1 | more, we'll obviously do what we can. |
| 2 | But, you know, that's -- and I just would note as |
| 3 | well -- I mean, I think that Rule 71, there's reasonableness to |
| 4 | it, right?  DIRECTV is owned by a private equity fund, for |
| 09:26AM 5 | example.  They've identified that private equity fund.  They |
| 6 | haven't taken a step in this matter to identify all the |
| 7 | investors in that private equity fund.  What they've done |
| 8 | instead is to provide the level of reasonable information which |
| 9 | is necessary for you to be able to determine whether or not you |
| 09:27AM 10 | have a conflict of interest in this matter. |
| 11 | I mean, the only case I'm aware of is the |
| 12 | *Cisco/Centripetal Networks* case, and that is one in which the |
| 13 | judge's wife held some shares in Cisco, direct owner.  What |
| 14 | DISH is talking about is going steps and steps in the chain of |
| 09:27AM 15 | investors that we don't know about for some conflict.  And so |
| 16 | it doesn't seem necessary to us.  We believe we've complied. |
| 17 | But if Your Honor thinks more is necessary, we'll do whatever |
| 18 | we can. |
| 19 | THE COURT:  So two questions.  I'm having to decide |
| 09:27AM 20 | this issue.  I'm not going to decide this issue now, but you |
| 21 | say you don't know the information about Fortress that DIRECTV |
| 22 | apparently presently seeks.  But that information is knowable; |
| 23 | right?  Fortress presumably knows? |
| 24 | MR. SHIMOTA:  Right.  They can solve that issue |
| 09:28AM 25 | right now. |

```
 1                THE COURT:  Who's "they"?
 2                MR. SHIMOTA:  DISH could.  They can serve discovery.
 3                THE COURT:  On Fortress and ask for that information
 4   and then --
 5                MR. SHIMOTA:  If they believe it's relevant and
 6   important to the case, they can do that.  But Entropic -- I
 7   can't give Your Honor something that I don't have.
 8                THE COURT:  And then the issue is -- and the issue
 9   in what I'm calling the Judge Connolly cases is control over
10   the litigation; is that correct?
11                MS. TESSAR:  I think that's part of the issue, but I
12   don't think that's the only issue by any means.  I think it's
13   also important for the Court to understand, you know, who is
14   benefiting from the litigation so that they can evaluate
15   conflicts as Mr. Shimota identified.  I'd also say the way he
16   described the relationship with Fortress is not the same way
17   that is described in their notice of interested parties.
18   Rather than saying here that Fortress is the ultimate parent,
19   it's that Fortress is the investment advisor for funds that
20   control Entropic.
21                THE COURT:  You're going to double-team?
22                MS. GOODRICH:  If I may, Your Honor.  Precisely it
23   says:
24                "FIGS LLC and/or its wholly owned
25            subsidiaries or investment advisors to private
```

```
 1            investment funds that own Entropic holdings and may
 2            have an interest in the outcome of the action."
 3                 THE COURT:  Okay.  Well, as I said, I'm not going to
 4   decide this today.  If DIRECTV wants -- if DISH wants this
 5   information, file an appropriate motion or serve discovery,
 6   whatever you deem the best way to go, and I'll -- I'll take
 7   full briefing and decide it.
 8                 MS. TESSAR:  Okay.  So just for clarity, because we
 9   did seek discovery on this and they stiffed us, to be frank,
10   but I'm not envisioning that this would be a discovery motion
11   that would go to the special master.  This is instead a motion
12   about compliance with the Local Rules.
13                 THE COURT:  Then file an appropriate motion.  Not
14   going to decide it today.  I appreciate learning of the
15   dispute.
16                 MS. TESSAR:  Okay.
17                 THE COURT:  If you can't work it out, Local
18   Rule 7-3, then file an appropriate motion, and I'll deal with
19   it after full briefing.
20                 MS. TESSAR:  That sounds good.  Thank you for that
21   guidance.
22                 THE COURT:  Thank you.
23                 What else?  This is a chance -- I mean you all --
24   clients have spent a lot of money having you here, and I'm very
25   happy to see you.  What else can we accomplish here today ?
```

**UNITED STATES DISTRICT COURT**

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date: May 4, 2023*

/S/ DEBBIE HINO-SPAAN

*Debbie Hino-Spaan, CSR No. 7953*
*Federal Official Court Reporter*