Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants.<br><br>ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; and DISH NETWORK SERVICE L.L.C,<br><br>Defendants. | Case No.: 2:22-cv-07775-JWH-JEM<br><br>[Assigned to the Hon. John W. Holcomb]<br><br>**DECLARATION OF CHRISTINA N. GOODRICH IN SUPPORT OF ENTROPIC'S OPPOSITION TO DISH'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 7.1-1**<br><br>Date:         June 9, 2023<br>Time:        9:00 a.m.<br>Courtroom: 9D<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

**RECYCLED PAPER**

**DECLARATION OF CHRISTINA N. GOODRICH**

## DECLARATION OF CHRISTINA N. GOODRICH

I, Christina N. Goodrich, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and I am a partner at the law firm of K&L Gates LLP. I am one of the attorneys responsible for K&L Gates's representation of Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") in the above-entitled action. I have personal knowledge of the matters set forth in this declaration and could and would competently testify to these matters. Among other things, I have reviewed the docket in this action (including before it was transferred to this District), the documents referred to this declaration, correspondence relating to the disclosures made in this action, and other documents relevant to this action.

2. This action was initially brought against Defendants Dish Network Corporation, Dish Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH") in the Eastern District of Texas, where Entropic filed a corporate disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. DISH never challenged Entropic's Rule 7.1 disclosures in Texas.

3. On March 28th, *after* DISH sought to stay this case through a "Request for Clarification" and *after* DISH filed its motion to stay the case pending IPR, DISH requested that Entropic file an amended disclosure statement under this District's Local Rule 7.1-1. Entropic agreed to submit a revised disclosure statement.

4. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5. ████████████████████████████████████████

1 ██████████████████████████████████████
2 ██████████████████████████████████████
3 ████████████████

4   6.   At a hearing held before this Court on April 21, 2023, counsel for DISH first raised the issue of what it deemed to be insufficient disclosures by Entropic. Tellingly, DISH only raised this issue after both their request to stay the action and their "request for clarification"—which essentially sought a stay of discovery—were denied. I understand from my co-counsel (Jim Shimota) who has litigated this case since its inception that DISH had not raised a concern about recusal when the case was before the Eastern District of Texas, nor when the case was initially transferred to this District.

  7.   At the hearing, counsel for Entropic stated that while DISH clearly wanted to learn the identity of the investors in Fortress, Entropic simply did not have that information. The Court instructed that if "DISH wants this information," it should "file an appropriate motion or serve discovery." Counsel for DISH responded that DISH "did seek discovery on this and [Entropic] stiffed" them. Attached hereto as **Exhibit A** is a true and correct copy of the transcript from the April 21, 2023 hearing.

  8.   On May 4, 2023, counsel for Entropic and DISH met and conferred on this issue. During that conference, I and my co-counsel Nick Lenning explained that Entropic had already disclosed—or would shortly disclose to DISH, in the case of the private investment funds that own Entropic Holdings LLC—all the information within Entropic's possession about the entities who may have a pecuniary interest in the outcome of this action.

  9.   Counsel for DISH responded, first, that she did not believe that Entropic had disclosed everything within its knowledge. I responded that this was incorrect. Second, counsel for DISH stated that she believed that Entropic was required to go out and discover the identity of any entities that have an interest in the entities disclosed on Entropic's disclosure statement, through third-party discovery if needed. DISH asserted

**DECLARATION OF CHRISTINA N. GOODRICH**

1. that Entropic must dismiss the lawsuit against DISH if it could not provide the information DISH requested.

10. I stated that I did not agree with DISH's position. However, in an effort to confer in good faith and potentially resolve the issue without need for this motion, Entropic went above and beyond its duty to identify the investors of Entropic's parent company, Entropic Holdings LLC.

11. On May 11, 2023, as promised, Entropic produced a third-party production marked "Attorneys' Eyes Only" made by Fortress in a related litigation in Texas to DISH after obtaining permission from Fortress. ███████████████████████████████████████████████████████████████████████████████████████████ DISH thereafter filed the instant Motion on May 12th.

12. Recently, Judge Freeman in the Northern District of California squarely rejected the same argument that DISH is making here. *VLSI Tech. LLC v. Intel Corp.*, Case No. 5:17-cv-05671-BLF, DE 471 (N.D. Cal. May 8, 2023). Attached hereto as **Exhibit B** is a true and correct copy of the *VLSI* opinion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate.

Dated: May 19, 2023                    By: */s/ Christina N. Goodrich*
                                             Christina N. Goodrich

**DECLARATION OF CHRISTINA N. GOODRICH**

RECYCLED PAPER