# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC and AT&T SERVICES, INC., <br><br> Defendants. | CASE NO. 2:22-CV-07775-JWH-JEM <br><br> **PROPOSED ORDER APPOINTING DAVID KEYZER, ESQ. AS SPECIAL MASTER FOR DISCOVERY PURPOSES** <br><br> Assigned to the Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br> Defendants. | CASE NO. 2:22-CV-07959-JWH-JEM (Member Case) |

**[PROPOSED] ORDER APPOINTING DAVID KEYZER, ESQ. AS SPECIAL MASTER FOR DISCOVERY PURPOSES**

315482211.1

The Court, having considered: (i) Joint Stipulation to Request Appointment of David Keyzer, Esq. as Special Master for Discovery Purposes submitted by Plaintiff Entropic Communications, LLC ("Entropic"); Defendants DIRECTV, LLC and AT&T Services, Inc. ("DIRECTV"); and Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH") (collectively, "Defendants") (together with Entropic, the "Parties"); (ii) the positions of the Parties during the Hearing on the Court's Order to Show Cause Re: Appointment of Special Master held on April 21, 2023, and (iii) the Affidavit of David Keyzer, Esq. Pursuant to Fed. R. Civ. P. 53(b)(3)(A), and good cause shown, it is hereby **ORDERED** as follows:

1. **Appointment:** The Court determines that the appointment of David Keyzer, Esq. (the "Special Master") is appropriate under Rule 53(a)(1)(C) to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district.

2. **Scope of Authority:** The Special Master shall have authority to preside over the following:

   a. any disputes related to discovery, including disputes arising from fact and expert discovery, subpoenas, written discovery, depositions, and confidentiality designation of document productions; and

   b. any other matters referred to the Special Master by the Court.

   The Special Master may apply to the Court at any time for guidance or clarification regarding the scope of the Special Master's authority.

3. **Procedure for Submission of Disputes:** Within seven (7) days of the entry of this order appointing a Special Master (or, if the Special Master is not available within seven (7) days, at the earliest time that is convenient for him), the Parties shall conduct a preliminary conference with the Special Master to discuss the background of the case, what materials would be useful to provide to the Special Master to educate him regarding the action, and the procedures for submitting disputes.

The Special Master shall have discretion to set forth the procedure for submission and resolution of disputes, including briefing schedules, page limitations, and the form of any submissions. Unless directed by the Court, or in connection with an objection to or appeal of an order of the Special Master as set forth below, submissions to the Special Master shall not be filed on the publicly available Electronic Case Filing ("ECF") docket. Accordingly, the procedures of Local Rule 79-5 shall not apply to such submissions unless and until public filing is directed or ordered.

4. **Written Decisions:** Within seven (7) days from the later of the completion of briefing or hearing of disputes, the Special Master shall serve on the Parties and file on the publicly available ECF docket any written orders, findings, and recommendations, with appropriate redactions to protect the confidentiality of information designated pursuant to the Stipulated Protective Order. The Parties shall confer with the Special Master during the preliminary conference referenced above regarding procedures for ensuring that orders of the Special Master are publicly filed with appropriate redactions. However, the seven (7) day deadline to issue a written decision may be extended at the Special Master's discretion.

5. **Transcription:** The initial preliminary conference with the Special Master shall be transcribed. Although the Court is of the view that it would best facilitate the just and speedy resolution of disputes for all of the Parties' appearances before the Special Master to be transcribed, the Special Master shall retain discretion to determine whether future hearings and conferences shall be transcribed. If transcription is allowed by the Special Master, the moving party shall have responsibility for arranging transcription of the hearing/conference and distributing the transcription to the opposing party or Parties and the Special Master. For the initial preliminary conference, the Parties shall coordinate in good faith to arrange transcription and distribution of the transcription to all Parties.

**6.     *Ex Parte* Communications:** The Special Master shall not communicate *ex parte* with any of the Parties, counsel for the Parties, or any employee or agent of the Parties unless specifically authorized by the Court or by express written consent of all of the Parties.  However, the Special Master may communicate *ex parte* with either the Court or Magistrate Judge John E. McDermott for any purpose relating to the duties described herein.

**7.     Preservation of Records:** The Special Master shall maintain orderly files consisting of all documents and communications submitted to him by the Parties and any of his written orders and findings.

**8.     Review of Special Master's Orders:** Any objections to the Special Master's orders shall be reviewed by District Judge John W. Holcomb under the standards of review set forth in Rule 53(f)(3)-(5).  Any such objection shall be filed within ten (10) days of entry of the Special Master's written decision.  Any response to the objection shall be filed within seven (7) days of the objection.  Upon receipt of a Party's response to an objection, the Court may rule regarding the propriety of a reply.  In the event that the Court does not so rule, a reply is optional and shall be filed within two (2) days of the response.  The Parties need not reserve a hearing date for objections, and the Court will schedule a hearing in its discretion.

Memoranda of points and authorities in support of objections and responses shall be limited to ten (10) pages of substantive text, and memoranda of points and authorities in support of replies shall be limited to five (5) pages of substantive text.

The formatting and typeface rules described in Local Rule 11-3 shall apply to briefing requesting review of the Special Master's Order under Rule 53(f)(2).

**9.     Apportionment of Special Master's Fees and Costs:** For all motions or conferences involving all parties, the Special Master's fees and costs shall be shared equally between the sides, with Entropic paying one-half, and DIRECTV and DISH splitting equally the other half.  For motions or conferences involving fewer than all of

the parties, the Special Master's fees and costs shall be split evenly amongst the Parties involved.  Each Party shall be responsible for paying in full the initial non-refundable Case Management Fee allocated to it.  However, pursuant to Rule 53(c)(2), the Special Master shall have authority to shift reasonable fees and costs to a Party in conjunction with the imposition of sanctions thereunder.

**IT IS SO ORDERED.**

Dated: _____             _____
                                                                              John W. Holcomb
                                                                              UNITED STATES DISTRICT JUDGE