Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 2:22-cv-07775-JWH-KES (Lead Case)<br><br>Case No. 2:22-cv-07959-JWH-KES (Member Case)<br><br>**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**<br><br>*Markman* **Hearing:**<br><br><u>Date</u>: July 11, 2023<br><u>Time</u>: 10:00 a.m.<br><u>Crtm</u>: 9D (Ronald Reagan Bldg) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | |

Plaintiff Entropic Communications, LLC submits the following brief discussion pursuant to the Court's Order granting the parties request to submit supplemental *Markman* briefing (*see* ECF No. 276) relating to the term "decodes specific programs" of U.S. Patent No. 7,542,715 (the "'715 Patent").

On January 13, 2023, DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH")[1] filed a Petition requesting an *inter partes* review ("IPR") of claims 1–19 of the '715 Patent. On August 11, 2023, the Patent Trial and Appeal Board ("PTAB") denied institution of the IPR of the '715 Patent ("Decision Denying IPR"). (*See* ECF No. 274-1). IPR proceedings—even denials—are part of the intrinsic record for purposes of claim construction. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361–62 (Fed. Cir. 2017); *Polaris PowerLED Techs., LLC v. Hisense Elecs. Mfg. Co. of Am. Corp.*, No. SACV2000123JVSDFMX, 2020 WL 6064638, at *3 (C.D. Cal. Aug. 26, 2020) ("[T]he record developed during the IPR even if institution is denied could inform the claim construction process."); *Polaris PowerLED Techs., LLC v. LG Elecs., Inc.*, No. SACV2000125JVSDFMX, 2020 WL 6064964, at *3 (C.D. Cal. Aug. 26, 2020).

In the present litigation, DISH alleges that the phrase "decodes specific programs" is indefinite. (*See* ECF No. 234 at 29). Plaintiff Entropic contends that the term is not indefinite and should be afforded its plain meaning, explaining at the July 11, 2023 *Markman* hearing in this matter that the phrase refers to decoding (by the gateway) of the program content requested by one or more client devices, such as set top boxes, in communication with the gateway (in accordance with Fig. 11). The PTAB understood "decodes specific programs" consistently with Entropic's explanation of the plain meaning and applied that understanding to the prior art allegations.

---

[1] The Defendants in this case are DISH along with Defendants DIRECTV, LLC and AT&T Services, Inc. ("DIRECTV").

To begin, the PTAB recognized that DISH—in its IPR Petition—"contend[ed] that the claim terms should be given their plain and ordinary meaning at this stage of the proceeding." (ECF No. 274-1 at 9). The PTAB accepted DISH's position, and analyzed the claim terms, including "decodes specific programs," against the prior art without any finding (or *even* a suggestion) that any terms were indefinite. (ECF No. 274-1 at 9). While the PTAB cannot cancel challenged claims for indefiniteness during an IPR (*see Samsung Elecs. Am., Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1353 (Fed. Cir. 2020)), the PTAB must discuss indefiniteness issues if they arise and impact a decision. *See Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 814 (Fed. Cir. 2021) ("If the Board determines both that there is indefiniteness and that such indefiniteness renders it impossible to adjudicate the prior-art challenge on its merits, then the Board should conclude that it is impossible to reach a decision on the merits of the challenge and so state in its decision.").

There is zero discussion by the PTAB of any confusion as to the meaning of "decodes specific programs." Furthermore, the PTAB substantively engaged with this element in its overall analysis of claim 9. In fact, the PTAB's Decision Denying IPR extensively discusses the claimed invention of the '715 Patent and the alleged prior art with respect to "programs," the "decoding" of programs, as well as requests for "specific" satellite television programs by client devices. (*See, e.g.*, ECF No. 274-1 at 3, 10, 11, 14, 15, 16, 17, 18).

With respect to "programs," the PTAB routinely used this phrase consistently with the plain meaning of television programs. (*See*, *e.g.*, ECF No. 274-1 at 17 ("Fisk also discloses distributing television signals to different locations using 'a server capable of providing digital television/video signals for a plurality of ***programmes***'")[2]; *id.* at 17 ("Petitioner [DISH] does not direct us to any disclosure in Fisk suggesting that the LCU requests would change the lineup of available channels or ***programs***.")).

---

[2] All emphasis added unless otherwise stated.

3

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

| | |
|---|---|
| 1 | With respect to "specific" programs, as that phrase is used in the final element of claim 9 of the '715 Patent, the PTAB addressed DISH's contention that the prior art disclosed the element. DISH contended that its identified prior art combination disclosed client devices, called "LCU's," allegedly equivalent to the STBs of the '715 Patent. The LCU's are served by a "server 56" in the art, similarly to the STBs being served by the gateway in the '715 Patent (*see* Fig. 11). DISH alleged that the LCU's make requests for particular television programs from server 56, again allegedly equivalent to the STBs requesting specific programs from the gateway of the '715 Patent. (ECF No. 274-1 at 15 (PTAB stating that "[DISH] contends that [the prior art reference] 'Fisk's server 56 receives requests from the LCUs for ***specific satellite television programs***,' and '[i]n the combined system of Fisk and Carnero, the server of Fisk directs the microprocessor of Carnero to select from the received broadband LNB signals each transponder signal containing the ***requested television programs***.'")). Ultimately the prior art combination failed, but the important point here is that the PTAB gave no indication that it did not understand DISH's contention regarding the specific programs being requested and then decoded, nor that it did not understand what the claims of the '715 Patent required. |

The PTAB's Decision Denying IPR makes clear that the phrase "decodes specific programs" is easily understood to a POSITA. Therefore, the Court should find that the phrase "decodes specific programs" of the '715 Patent is not indefinite and should be given its plain and ordinary meaning as set forth by Entropic in its claim construction briefing (*see* ECF No. 233 at 27–29; *see also* ECF No. 253 at 17–18), and as argued at the *Markman* hearing (*see* ECF No. 256).

Dated:  August 25, 2023              By:    /s/ Christina N. Goodrich
                                                          Christina N. Goodrich (SBN 261722)
                                                          Connor J. Meggs (SBN 336159)
                                                          **K&L GATES LLP**
                                                          10100 Santa Monica Blvd., 8th Fl.
                                                          Los Angeles, CA 90067

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

James Shimota
(admitted *pro hac vice*)
Jason Engel
(admitted *pro hac vice*)
George Summerfield
*(*admitted *pro hac vice*)
Katherine L. Allor
(admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning
(admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
Matthew Blair (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
(512) 482-6919
(512) 482-6859
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

5

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS,
LLC**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 963 words, which complies with the word limit of L.R. 11-6.1.

Dated:  August 25, 2023   By:   /s/ *Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield (admitted *pro hac vice*)
Katherine L. Allor (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

Darlene F. Ghavimi (admitted *pro hac vice*)
Matthew Blair (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
(512) 482-6919
(512) 482-6859
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

8
**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**