UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>    Defendants. | Case No. 2:22-cv-07775-JWH-JEMx;<br>Case No. 2:22-cv-07959-JWH-JEMx<br><br>**ORDER ON DISH DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH L.R. 7.1** |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>    Defendants. | |

Before the Court is the motion of Defendants DISH Network Corporation, DISH Network L.L.C., and DISH Network Service L.L.C. (collectively, "DISH") to compel Plaintiff Entropic Communications, LLC to comply with L.R. 7.1-1.[1] After considering the papers filed in support and in opposition,[2] as well as the argument by counsel at the hearing, the Court **GRANTS in part** DISH's Motion. Consistent with L.R. 7.1-1 and *Harris v. Wells Fargo Bank, N.A.*, 2016 WL 11486587 (C.D. Cal. July 14, 2016), Entropic is **DIRECTED** to file an updated Notice of Interested Parties that includes certain additional information, as detailed below.

## I. BACKGROUND

In March 2022, Entropic filed two complaints in the United States District Court for the Eastern District of Texas, thereby commencing patent infringement actions against Defendants DirecTV, LLC and AT&T Services, Inc. (the "DirecTV Case") and against DISH (the "DISH Case").[3] Judge Rodney Gilstrap of that court ordered the consolidation of the DirecTV Case and the DISH Case for all pretrial purposes.[4] In October 2022, Judge Gilstrap granted DirecTV's motion to transfer venue to the United States District Court for the Central District of California.[5] This Court received the DirecTV Case and the DISH Case and again consolidated them for all pretrial purposes.[6]

---

[1] DISH's Mot. to Compel Entropic's Compliance with L.R. 7.1-1 (the "Motion") [ECF No. 232].

[2] The Court considered the documents of record in this action, including the following papers: (1) Motion; (2) Entropic's Opp'n to the Motion (the "Opposition") [ECF Nos. 241 & 243-1 (sealed)]; (3) DISH's Reply in Supp. of the Motion (the "Reply") [ECF No. 246]; and (4) Entropic's Not. of Suppl. Authority re the Motion (the "Notice of Supplemental Authority") [ECF No. 249].

[3] *See* Compl. (the "Complaint") [ECF No. 1].

[4] *See* Consolidation Order [ECF No. 21].

[5] *See* Order re Defendants' Motions to Transfer [ECF No. 109].

[6] *See* Order re Post-Transfer Matters [ECF No. 176] ¶¶ 1 & 5.

As required by this District's Local Rules, Entropic filed its Notice of Interested Parties in April 2023.[7] In that document, Entropic identifies the following parties as potentially having a pecuniary interest in the outcome of this litigation: Entropic Communications LLC (*i.e.*, itself) and non-parties Entropic Holdings LLC; Fortress Investment Group ("Fortress"); MaxLinear, Inc.; and MaxLinear Communications LLC.[8] Entropic discloses that it is a wholly owned subsidiary of private company Entropic Holdings LLC.[9] Entropic also discloses that Fortress and/or its wholly-owned subsidiaries act as investment advisors to the private investment funds that own Entropic Holdings LLC.[10] Entropic does not name those funds nor disclose their relative percentage ownership of Entropic Holdings LLC. DISH presently moves to compel Entropic to comply with the disclosure requirements of L.R. 7.1-1. The matter is fully briefed, and the Court conducted a hearing on the Motion on June 9, 2023.

## II. LEGAL STANDARD

This Court's Local Rules require parties to "file with their first appearance a Notice of Interested Parties, which shall list all persons, associations of persons, firms, partnerships, and corporations . . . that may have a pecuniary interest in the outcome of the case." L.R. 7.1-1. As the *Harris* court explained, the stated purpose of this requirement is "[t]o enable the Court to evaluate possible disqualification or recusal." *Harris*, 2016 WL 11486587, at *2.

## III. ANALYSIS

DISH argues that Entropic's Notice of Interested Parties does not meet the requirements of L.R. 7.1-1 because Entropic omitted the following: (1) the

---

[7]   *See* Entropic's Not. of Interested Parties (the "Notice of Interested Parties") [ECF No. 219].
[8]   *Id.*
[9]   *Id.*
[10]  *Id.*

particular private investment funds that own Entropic Holdings LLC; (2) the investors within those private investment funds that have more than a 10% ownership interest; (3) the wholly-owned subsidiaries of Fortress that act as investment advisors for the private investment funds; and (4) any persons with an interest or ownership stake in Fortress.[11]

Entropic responds that its disclosure is sufficient because (1) it identified its parent company: Entropic Holdings LLC; (2) it disclosed that its parent company is owned by private investment funds; and (3) it disclosed that Fortress manages those funds.[12] Entropic further asserts that it produced a list of the private investment funds, with their respective ownership percentages, to DISH.[13] DISH counters that merely producing the list of funds under the protective order is insufficient; rather, Entropic must publicly disclose the list to meet its obligations under L.R. 7.1-1.[14]

It appears that few courts within this District have explored the scope of L.R. 7.1-1. In *Harris*, the court concluded that Defendant Wells Fargo Bank should have disclosed that Berkshire Hathaway, Inc. and Warren Buffet owned more than 10% of Wells Fargo's parent company, Wells Fargo & Company. *See Harris*, 2016 WL 11486587, at *2. The *Harris* court rejected Wells Fargo's argument that it did not need to disclose that information because the parent company, Wells Fargo & Company, was not a party to the litigation. *See id.* The *Harris* court based its decision on recusal considerations under 28 U.S.C. § 455. *See id.*

---

[11]  *See* Motion 5:7-17.
[12]  Opposition 1:22-25.
[13]  *Id.* at 9:7-11.
[14]  Reply 5 n.2.

Here, Entropic disclosed that Entropic Holdings, LLC is its parent company.[15] Following *Harris*, for the reasons explained below, this Court concludes that Entropic must also disclose the identity of any investment funds or individual investors who own more than 10% of that parent company, Entropic Holdings LLC.

Entropic contends that *Harris* is inapposite because the judge in *Harris* owned stock in Berkshire Hathaway, a publicly traded company that owned more than 10% of the defendant.[16] Entropic characterizes the *Harris* judge's stock ownership as a ***direct*** financial interest[17]—in contrast to any potential non-stock ownership interest in Entropic or its parent company, similar to a mutual fund or common investment fund, which would be a mere ***indirect*** interest.[18]

Entropic's argument is not persuasive because the *Harris* court did not distinguish between ***direct*** and ***indirect*** financial interests. Moreover, the *Harris* court determined that Defendant Wells Fargo's failure to disclose the ownership interests of both Berkshire Hathaway and Warren Buffet—an individual who owned more than 10% of the defendant—was improper. *Harris*, 2016 WL 11486587, at *2. Thus, a ***direct*** financial interest, such as stock ownership, is not the only basis for recusal. A relationship with or bias concerning an individual, like Warren Buffet in the *Harris* case, could also pose a recusal issue. *See* 28 U.S.C. § 455. Accordingly, the Court finds Entropic's distinctions unpersuasive and requires additional disclosures.

The parties also debate the import of two out-of-district decisions concerning another Fortress-managed company, VLSI.

---

[15] *See* Notice of Interested Parties.
[16] Opposition 6:5-9.
[17] *Id*.
[18] *See id*.

- In *VLSI Technology LLC v. Intel Corporation*, Case No. 18-966-CFC-CJB (D. Del. Aug. 1, 2022), the court found that, under its Disclosure Order, VLSI needed to identify the six individual funds that had an indirect ownership interest in VLSI and needed to indicate the legal status of each.[19]
- In *VLSI Tech. Corp. v. Intel Corp.*, Case No. 17-cv-5671-BLF (N.D. Cal. May 8, 2023), the court found it sufficient for recusal purposes for VLSI to identify the parent company, as well as the funds owning the parent company, and to confirm that no individual investor owned more than 10% of the parent company.[20]

This District's L.R. 7.1-1 is more akin to the rule at issue in the N.D. Cal. Case, which specifically ties disclosure to 28 U.S.C. § 455, than to the extensive Disclosure Order at issue in the Delaware Case.[21] L.R. 7.1-1 does not require the disclosure of the full chain of ownership nor extensive details regarding litigation funders, because its purpose is to address recusal concerns. *See GoTV Streaming, LLC v. Netflix, Inc.*, Case No. 2:22-cv-07556-RGK-SHK (C.D. Cal. May 24, 2023).[22] In the N.D. Cal. Case, VLSI disclosed the names of the investment funds involved and confirmed that no person or entity owned more than 10% of the funds.[23] This Court will require a similar scope of disclosure here, consistent with *Harris*.

---

[19] Decl. of Trevor Bervik in Supp. of the Motion (the "<u>Bervik Declaration</u>"), Ex. B (the "<u>Delaware Case</u>") [ECF No. 232-4] 2.

[20] Bervik Declaration, Ex. A (the "<u>N.D. Cal. Case</u>") [ECF No. 241-3] 4:10-18.

[21] DISH's argument that L.R. 7.1-1 is not necessarily tied to recusal is not persuasive. L.R. 7.1-1 requires disclosure "[t]o enable the Court to evaluate possible disqualification or recusal." L.R. 7.1-1.

[22] *See* Notice of Suppl. Authority, Ex. A [ECF No. 249-1] 16.

[23] Delaware Case 2:1-12.

Finally, the Court regards the 10% threshold as an appropriate cutoff for recusal purposes, in view of related authorities. For instance, the Federal Rules of Civil Procedure require corporate litigants to "identif[y] any parent corporation and any publicly held corporation owning 10% or more of its stock." Fed. R. Civ. P. 7.1(a)(1)(A). Legislators adopted the 10% threshold in 2002, drawing inspiration from Rule 26.1 of the Federal Rules of Appellate Procedure, which in turn adopted the 10% threshold in 1998 from the disclosure requirements of the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. Civ. P. 7.1 advisory committee's note to 2002 adoption; Fed. R. App. P. 26.1 advisory committee's note to 1998 amendment ("The 10% threshold ensures that the corporation in which the judge may own stock is itself sufficiently invested in the party that a judgment adverse to the party could have an adverse impact upon the investing corporation in which the judge may own stock. This requirement is modeled on the Seventh Circuit's disclosure requirement.").

For those reasons, the Court concludes that the 10% threshold strikes an appropriate balance for evaluating recusal issues under L.R. 7.1-1.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. DISH's Motion is **GRANTED in part**.

2. Entropic is **DIRECTED** to file, on or before September 8, 2023, an updated Notice of Interested Parties as follows:

    a. to the extent that any investment fund owns more than 10% of Entropic Holdings LLC, Entropic shall identify such fund and its proportional ownership interest;

    b. to the extent that any individual investor owns more than 10% of Entropic Holdings LLC, Entropic shall likewise identify such individual investor and his or her proportional ownership interest; and

   c. to the extent that no investment fund or individual investor owns more than 10% of Entropic Holdings LLC, Entropic shall so indicate.

  3. Entropic is also **DIRECTED** promptly to file a Supplemental Notice of Interested Parties if and when any required information changes.

**IT IS SO ORDERED.**

Dated: August 23, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE