Jason C. Lo, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

**ATTORNEY FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

*Additional Counsel Listed on Signature Block*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>    Defendants. | No. 2:22-cv-07775-JWH-KES<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**<br><br>Hon. John W. Holcomb |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>    Defendants. | No. 2:22-cv-07959-JWH-JEM<br><br>Case Transferred from E.D. Texas (2:22-cv-76-JRG) |

The term "decodes specific programs" renders claim 9 of the '715 patent indefinite, as explained in Defendants' prior briefing and as the Court recognized in its tentative *Markman* order. Nothing in the IPR decision[1] is to the contrary. In fact, the Board did not address the term "decodes specific programs" at all. Entropic's supplemental *Markman* briefing wrongly treats the Board's silence as an endorsement of Entropic's view that "decodes specific programs" is definite. But this fundamentally misapprehends what the Board did (and did not) decide in the IPR decision.

Preliminarily, there is no inconsistency between Defendants' telling this Court that "decodes specific programs" is indefinite while DISH sought IPR review. This precise scenario happens regularly, without any raised eyebrows. Although the Board cannot declare a patent indefinite (only a court can do that), it can and does happen that prior art is within the scope of claims that are, nevertheless, indefinite. In other words, there are often situations in which, even though the full limits and bounds of a claim term cannot be discerned sufficiently to pass muster under Section 112, it still can be readily apparent that the prior art falls squarely within that scope. *See, e.g., HID Global Corp. v. Morphotrust USA, LLC*, Case No. IPR2017-01939 at *42, *45-*46 (PTAB Mar. 11, 2019) (proposed substitute claims 22 and 23 found to be indefinite due to ambiguous language amenable to several "alternative readings" but also obvious based on showing by petitioner that prior art suggested one such reading); *see also Vibrant Media, Inc. v. General Electric Co.*, No. IPR2013-00172, at *6 (PTAB Jul. 28, 2014) (notwithstanding apparent violation of indefiniteness statute in claim directed to an apparatus and method step, the Board determined "on the issue of patentability based on the [prior art] evidence" that challenged claims were invalid), *aff'd,* 626 Fed. App'x. 1010 (Fed. Cir. Dec. 17, 2015) (*per curiam*). Here, however, the Board did not get far enough to reach that issue. The Board simply never analyzed the term "decodes specific programs" because it denied institution on a basis having nothing to do with "decodes specific programs."

---

[1] PTAB Decision dated August 11, 2023, filed at Dkt. No. 274-01 ("IPR decision").

1  In its IPR petition, DISH challenged asserted claims 9-12 as obvious in view of two combinations of prior art references. The Board rejected one combination on procedural grounds but analyzed the other (patents by Fisk and Carnero) against what it referred to as limitations 9[a] and 9[b] of claim 9. (*See* Dkt. No. 274-01 at 13-25.) Critically, the Board did not analyze, let alone discuss, any other limitation of claim 9 for the Fisk-Carnero combination, and thus did not analyze the limitation that includes the term "decodes specific programs" (*i.e.*, limitation 9[g], *see id.* at 8). The Board's analysis and holding were narrow and did not relate to the meaning (or indefiniteness of) "decodes specific programs."

In an attempt to save the '715 claims from an indefiniteness finding in this Court, Entropic tries to tell this Court that what the Board ***did not say***—i.e., the Board's admitted silence—is somehow dispositive (or even relevant) here. (*See, e.g.,* Dkt. No. 277 at 3 (Entropric admitted that "[t]here is zero discussion by the PTAB of any confusion as to the meaning of 'decodes specific programs'").) That is simply wrong. Entropic does not cite any authority in support of its position. The Board said nothing on the subject, and it means exactly that here.

While Entropic is correct that the "PTAB must discuss indefiniteness issues if they arise and impact a decision" (Dkt. No. 277 at 3), that rule is inapplicable in this case because the indefiniteness issue ***did not*** impact and was not necessary to its decision. The Board resolved DISH's IPR petition based on a different limitation and had no obligation to generate ***dicta*** about the meaning of different claim terms that did not affect its analysis.

Entropic also points to the Board's use of the separate words "decodes," "specific," and "programs" individually throughout its decision (*id.* at 3-4), but those examples are irrelevant. As Entropic recognized in its earlier claim construction briefing, "terms used in patent claims are not construed in the abstract, but in the context in which the term was presented and used by the patentee." (*See* Dkt. No. 233 at 31 (*quoting Fenner Invs., Ltd. v. Cellco P'ship*, 778 F.3d 1320, 1322–23 (Fed. Cir. 2015).) Whether the Board knew how to use the individual words when discussing the '715 patent specification or prior

art does not bear on whether a person or ordinary skill would understand the "boundaries of the claim" limitation "decodes specific programs" when those words are used together. *See Amgen Inc. v. F. Hoffman-La Roche Ltd*, 580 F.3d 1340, 1371 (Fed. Cir. 2009).

Entropic's remaining argument about what DISH argued in its IPR petition retreads ground from its briefing and therefore violates the Court's order here about the scope of supplemental briefing. (Dkt. No. 276 (text only order) ("The briefing shall be limited in scope to address only new arguments raised as a result of the" IPR decision). That some examples within the claim scope can be identified (Dkt. No. 277 at 4) is inadequate to save claims 9-12 because the bounds of the full scope of those claims are indefinite. As explained earlier and above, the fact that Entropic in its briefing (or DISH in its IPR petition) can identify some *examples* of specific programs that are decoded by a gateway (*e.g.*, in prior art) does not resolve the question of definiteness. Instead, the Court must determine whether the *boundaries* of the claim can be reasonably discerned to a person of skill. (*See* Dkt. 252 (Defendants' Response Brief) at 21-22; *see also Amgen*, 580 F.3d at 1371.) The unrebutted testimony of Dr. Steffes confirms that the boundaries of claim 9 are not reasonably clear in view of this term, and the claim is thus indefinite.

Dated: September 1, 2023

By: /s/ Jason C. Lo

Jason C. Lo, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Benjamin Hershkowitz (*pro hac vice*)
bhershkowitz@gibsondunn.com
Katherine Q. Dominguez (*pro hac vice*)
kdominguez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Brian Buroker (*pro hac vice*)
bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.955.8500

Nathan R. Curtis (*pro hac vice*)
ncurtis@gibsondunn.com
Audrey Yang (*pro hac vice*)
ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

**ATTORNEYS FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

By: /s/ Amanda Tessar

MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar (*pro hac vice*)
ATessar@perkinscoie.com
Trevor Bervik (*pro hac vice*)
TBervik@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 140
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Daniel T Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street 10th Floor
Portland, OR 97209-4128
Telephone: +1.503.727.2000
Fax: +1.503.727.2222

Adam G. Hester, Wisconsin 1128794
AHester@perkinscoie.com
PERKINS COIE LLP
33 East Main Street Suite 201
Madison, WI 53703-3095
Tel: +1.650.838.4311
Fax: +1650.838.4350

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**