Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br>  Plaintiff, <br><br> vs. <br><br> DIRECTV, LLC and AT&T SERVICES, INC., <br><br>  Defendants. | Case No. 2:22-cv-07775-JWH-KES (Lead Case) <br><br> Case No. 2:22-cv-07959-JWH-KES (Member Case) <br><br> **PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING** <br><br> *Markman* **Hearing:** <br><br> <u>Date</u>: July 11, 2023 <br> <u>Time</u>: 10:00 a.m. <br> <u>Crtm</u>: 9D (Ronald Reagan Bldg) |
| ENTROPIC COMMUNICATIONS, LLC, <br><br>  Plaintiff, <br><br> vs. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br>  Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

Plaintiff Entropic Communications, LLC submits the following brief discussion pursuant to the Court's Order granting the parties request to submit supplemental *Markman* briefing (*see* ECF No. 290) relating to the term "selected and extracted transponder channels" of U.S. Patent No. 7,130,576 (the "'576 Patent").

On February 21, 2023, DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH")[1] filed a Petition requesting *inter partes* review ("IPR") of claims 8–23 and 34–42 of the '576 Patent. On September 15, 2023, the Patent Trial and Appeal Board ("PTAB") denied institution of the IPR of the '576 Patent ("Decision Denying IPR"). (*See* ECF No. 289-1). IPR proceedings—even denials—are part of the intrinsic record for purposes of claim construction. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361–62 (Fed. Cir. 2017); *Polaris PowerLED Techs., LLC v. Hisense Elecs. Mfg. Co. of Am. Corp.*, No. SACV2000123JVSDFMX, 2020 WL 6064638, at *3 (C.D. Cal. Aug. 26, 2020) ("[T]he record developed during the IPR even if institution is denied could inform the claim construction process."); *Polaris PowerLED Techs., LLC v. LG Elecs., Inc.*, No. SACV2000125JVSDFMX, 2020 WL 6064964, at *3 (C.D. Cal. Aug. 26, 2020).

In the present litigation, DISH alleges that the phrase "selected and extracted transponder channels" is indefinite. (*See* ECF No. 234 at 17–18). Plaintiff Entropic contends that the term is not indefinite and should be afforded its plain meaning, as explained at the July 11, 2023 *Markman* hearing in this matter. The PTAB understood "transponder channels" to be used interchangeably with "transponder signals," consistently with Entropic's explanation of the plain meaning and applied that understanding to the prior art allegations.

To begin, the PTAB recognized that DISH—in its IPR Petition—"contend[ed] that the claim terms should be interpreted according to their plain and ordinary meanings as understood by a person of ordinary skill in the art at the time of the

---

[1] The Defendants in this case are DISH along with Defendants DIRECTV, LLC and AT&T Services, Inc. ("DIRECTV").

invention in view of the specification and the prosecution history." (ECF No. 289-1 at 11–12). The PTAB accepted DISH's position, and analyzed the claim terms, including "selected and extracted transponder channels," against the prior art without any finding (or *even* a suggestion) that any terms were indefinite. (ECF No. 289-1 at 19–20). While the PTAB cannot cancel challenged claims for indefiniteness during an IPR (*see Samsung Elecs. Am., Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1353 (Fed. Cir. 2020)), the PTAB must discuss indefiniteness issues if they arise and impact a decision. *See Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 814 (Fed. Cir. 2021) ("If the Board determines both that there is indefiniteness and that such indefiniteness renders it impossible to adjudicate the prior-art challenge on its merits, then the Board should conclude that it is impossible to reach a decision on the merits of the challenge and so state in its decision.").

There is zero discussion by the PTAB of any confusion as to the meaning of "selected and extracted transponder channels." Specifically, the PTAB uses the terms "transponder signal" and "transponder channel" ***interchangeably*** throughout its decision, especially while explaining the digital selection process: "Digital filtering 340 selects one or more ***transponder output signals***. ['576 Patent] at 5:13–14. The digital filter may operate by applying a bandpass filter transfer function to the broadband signal to isolate a single transponder channel. *Id*. at 5:15–16. The selected transponder channel is then frequency translated to a new carrier frequency. *Id*. at 5:30–31." (ECF No. 289-1 at 5) (emphasis added). Importantly, the PTAB's quoted discussion using "transponder signal" and "transponder channel" interchangeably is directed at the subject matter of claims 39 and 41 (regarding the details of how digital selection works). This is indicative of the PTAB's understanding and use of the plain and ordinary meaning of "transponder signal" and "transponder channel." For reference, the Parties' argument regarding these issues at the *Markman* Hearing appears at Reporter's Tr. of July 11, 2023 Hr'g at 8:6–21:25, 68:6–69:21, 101:6–103:5

1  (Entropic's argument); and 67:11–68:5, 70:2–75:25, 117:4–11 (Defendants'
2  argument).
3    Ultimately the prior art combination failed, but the important point is that the
4  PTAB gave no indication that it did not understand DISH's contention regarding the
5  selected and extracted "transponder channels," nor was it confused by the reference in
6  the claims to "transponder signals."
7    The PTAB's Decision Denying IPR makes clear that the phrase "selected and
8  extracted transponder channels" is easily understood to a POSITA. Therefore, the
9  Court should find that the phrase "selected and extracted transponder channels" of the
10 '576 Patent is not indefinite and should be given its plain and ordinary meaning as set
11 forth by Entropic in its claim construction briefing (*see* ECF No. 233 at 17–21; *see
12 also* ECF No. 253 at 11–14), and as argued at the *Markman* hearing (*see* ECF No.
13 256).

Dated: September 27, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

James Shimota
(admitted *pro hac vice*)
Jason Engel
(admitted *pro hac vice*)
George Summerfield
(admitted *pro hac vice*)
Katherine L. Allor
(admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300

4

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning
(admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
Matthew Blair (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
(512) 482-6919
(512) 482-6859
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 822 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 27, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

James Shimota (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
George Summerfield (admitted *pro hac vice*)
Katherine L. Allor (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

**PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING**

| | |
|---|---|
| 1 | Darlene F. Ghavimi (admitted *pro hac vice*) |
| 2 | Matthew Blair (admitted *pro hac vice*) |
| 3 | **K&L GATES LLP** |
| 4 | 2801 Via Fortuna, Suite #650 |
|   | Austin, TX 78746 |
| 5 | (512) 482-6919 |
| 6 | (512) 482-6859 |
|   | Darlene.ghavimi@klgates.com |
| 7 | Matthew.blair@klgates.com |

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**