Jason C. Lo, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

**ATTORNEY FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

*Additional Counsel Listed on Signature Block*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | No. 2:22-cv-07775-JWH-KES<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL *MARKMAN* BRIEFING ['576 PATENT]**<br><br>Hon. John W. Holcomb<br><br>Case Transferred from E.D. Texas (2:22-cv-75-JRG) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | No. 2:22-cv-07959-JWH-JEM<br><br>Case Transferred from E.D. Texas (2:22-cv-76-JRG) |

1    Entropic's second supplemental *Markman* brief bears a striking similarity to its
2    first—and makes the same mistakes.  By way of background, certain dependent claims of
3    the '576 patent[1] that refer to "selected" and/or "extracted" "transponder channels" are
4    indefinite, as explained in Defendants' prior briefing and as the Court tentatively found
5    before the *Markman* hearing.  Nothing in the '576 IPR decision[2] is to the contrary.  In fact,
6    the Board did not address what the "selected" and/or "extracted" "transponder channels"
7    are at all.

8    As Defendants already explained in response to Entropic's first supplemental
9    *Markman* brief, the Board often resolves petitions for *inter partes* review without
10   addressing indefiniteness.  (*See* Dkt. No. 279.)  By statute, the Board cannot find a claim
11   indefinite in an IPR proceeding.  But the Board can find that—whatever the boundaries of
12   a claim are—that specific prior art falls within those boundaries, which renders the claims
13   unpatentable.  (*See id.* (citing exemplary decisions).)  In some instances, the Board may
14   decline to institute IPR without ever analyzing claim language because, for example, the
15   Board determined that a person of ordinary skill in the art ("POSITA") would not have
16   been motivated to combine the prior art raised in the IPR in a manner that renders the
17   challenged claims obvious.  That is what happened here.  Because the Board found that
18   DISH failed to adequately show that a POSITA would have been motivated to combine
19   the Williams and Pugel references, it ***never analyzed*** independent claim 14 and claim 14's
20   recitation of "selecting" and "extracting" transponder signals, let alone the confusing
21   subsequent recitation of "selected" and/or "extracted" "transponder channels" in the
22   dependent claims.  (*See* '576 IPR decision at 18-27.)  Although Entropic is correct that the
23   Board must discuss indefiniteness issues ***if they arise and impact a decision*** (Dkt. 293 at
24   3 (citing *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 814 (Fed. Cir. 2021))), that rule is
25   inapplicable here because the Board reached its decision denying IPR without analyzing

27   [1]  Claims 16, 17, 21, 39, and 41-42.
28   [2]  PTAB Decision dated September 15, 2023, at Dkt. No. 284-01 ("'576 IPR decision").

-1-

1    any of the indefinite dependent claims.  The Board's silence regarding the indefinite claim

2    language is therefore merely indicative of not reaching an issue that did not impact its

3    decision, and nothing else.

4          Entropic's remaining argument—that the Board used the terms "transponder

5    signal" and "transponder channel" interchangeably throughout its decision (specifically,

6    in discussing the background of the '576 patent)—is not only irrelevant, but it is also

7    misleading and duplicative of Entropic's arguments in briefing.  It is irrelevant because

8    the Board's use of **portions** of claim language in the abstract does not establish that a

9    POSITA would, in the context of the challenged claim, understand the precise boundaries

10   of the claim language.  (*See* Dkt. No. 279 at 2-3.)  It is misleading because the Board was

11   merely parroting portions of the specification (albeit without quotation marks), rather than

12   analyzing the meaning of that specification language.  (*Compare, e.g.,* Dkt No. 289-1 at 5

13   ("Digital filtering 340 selects one or more transponder output signals.") *with* Dkt. 241-01

14   ('576 patent) at 5:12–13 ("Digital filtering 340 is used to select one or more of the

15   transponder output signals.").  In other words, the Board seems to have been merely

16   attempting to keep its language choices consistent with the patent, rather than adjudicating

17   the meaning of the language in question.  Consistent with this, Entropic does not and

18   cannot point to any discussion of "transponder signals" or "transponder channels" in the

19   Board's "Analysis" section—because there is none (*see* Dkt No. 289-1 at 24-27).  Finally,

20   Entropic's duplicative arguments about the specification's use of the terms "transponder

21   signal" and "transponder channel" is something that Entropic has already briefed at length.

22   (*See, e.g.,* Dkt. No. 233 at 17-21.)  It was not authorized to repeat those arguments in this

23   supplemental briefing.  (*See* Dkt. No. 276 (text only order) ("The briefing shall be limited

24   in scope to address only new arguments raised as a result of the" '576 IPR decision.).

25         In short, the specification fails to resolve the pertinent inquiry: would a POSITA be

26   able to determine what "transponder channel[s]" in the dependent claims were selected

27   simply by knowing the selected transponder signals from the independent claim.  The

28   answer is "no," so the challenged dependent claims are indefinite.

-2-

1

2

Dated:  October 4, 2023

3

By: */s/ Jason C. Lo*                           By: */s/ Adam G. Hester*

4

Jason C. Lo, SBN 219030                                 MBernstein@perkinscoie.com

jlo@gibsondunn.com                                     PERKINS COIE LLP

5

GIBSON, DUNN & CRUTCHER LLP        11452 El Camino Real, Ste 300

333 South Grand Avenue, Suite 5400       San Diego, California 92130-2080

6

Los Angeles, CA  90071-3197               Telephone: +1.858.720.5700

Telephone:  213.229.7000                  Facsimile: +1.858.720.5799

7

Facsimile:    213.229.7520

8

Benjamin Hershkowitz (*pro hac vice*)     Amanda Tessar (*pro hac vice*)

9

bhershkowitz@gibsondunn.com         ATessar@perkinscoie.com

Katherine Q. Dominguez (*pro hac vice*)   Trevor Bervik (*pro hac vice*)

10

kdominguez@gibsondunn.com          TBervik@perkinscoie.com

GIBSON, DUNN & CRUTCHER LLP        PERKINS COIE LLP

11

200 Park Avenue                            1900 Sixteenth Street, Suite 140

New York, NY 10166-0193              Denver, Colorado 80202-5255

12

Telephone:  212.351.4000                Telephone: +1.303.291.2300

13

Facsimile:    212.351.4035                Facsimile: +1.303.291.2400

14

Brian Buroker (*pro hac vice*)          Daniel T Keese, Bar No. 280683

15

bburoker@gibsondunn.com              DKeese@perkinscoie.com

GIBSON, DUNN & CRUTCHER LLP        PERKINS COIE LLP

16

1050 Connecticut Ave., N.W.            1120 NW Couch Street 10th Floor

Washington, D.C. 20036                Portland, OR 97209-4128

17

Telephone:  202.955.8500                Telephone: +1.503.727.2000

Fax: +1.503.727.2222

18

Nathan R. Curtis (*pro hac vice*)       Adam G. Hester, Wisconsin 1128794

19

ncurtis@gibsondunn.com               AHester@perkinscoie.com

Audrey Yang (*pro hac vice*)           PERKINS COIE LLP

20

ayang@gibsondunn.com                33 East Main Street Suite 201

GIBSON, DUNN & CRUTCHER LLP        Madison, WI 53703-3095

21

2001 Ross Ave., Suite 2100             Tel: +1.650.838.4311

Dallas, TX 75201                      Fax: +1650.838.4350

22

Telephone:  214.698.3100

23

Facsimile:  214.571.2900

24

**ATTORNEYS FOR DEFENDANTS DIRECTV,
LLC AND AT&T SERVICES, INC.**

25

**ATTORNEYS FOR DEFENDANTS
DISH NETWORK CORPORATION,
DISH NETWORK L.L.C., AND DISH
NETWORK SERVICE L.L.C.**

26

27

28

No. 2:22-cv-07775-JWH-KES
RESPONSE TO SUPPLEMENTAL '576 *MARKMAN* BRIEF