1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3        HONORABLE JOHN W. HOLCOMB, U.S. DISTRICT JUDGE

4    ENTROPIC COMMUNICATIONS, LLC,      )
                                        )
5                                       )
                                        )
6                      Plaintiff,       )
                                        )
7                                       )
                                        )
8         Vs.                           )   No. CV22-07775-JWH
                                        )
9                                       )
                                        )
10   DIRECTTV, LLC, ET AL.,             )
                                        )
11                                      )
                                        )
12                     Defendants.      )
                                        )
13   _____  )

14

15

16            REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                    STATUS CONFERENCE

18                   SANTA ANA, CALIFORNIA

19              TUESDAY, DECEMBER 13, 2022

20

21

22

23          MIRIAM V. BAIRD, CSR 11893, CCRA
          OFFICIAL U.S. DISTRICT COURT REPORTER
24               350 WEST FIRST STREET
                    FOURTH FLOOR
25          LOS ANGELES, CALIFORNIA 90012
                  MVB11893@aol.com

1                         **A P P E A R A N C E S**

2

3     **ON BEHALF OF THE PLAINTIFF,**       CHRISTINA N. GOODRICH
      **ENTROPIC COMMUNICATIONS:**          K AND L GATES LLP
4                                           10100 SANTA MONICA
                                            BOULEVARD, 8TH FLOOR
5                                           LOS ANGELES, CA 90067

6                                           JAMES A. SHIMOTA
                                            K AND L GATES LLP
7                                           70 WEST MADISON STREET,
                                            SUITE 3100
8                                           CHICAGO, IL 60602

9

10

11

12

13    **ON BEHALF OF THE DEFENDANT,**       JASON C. LO
      **DIRECTTV, LLC, ET AL:**             GIBSON DUNN AND CRUTCHER
14                                          LLP
                                            333 SOUTH GRAND AVENUE
15                                          LOS ANGELES, CA 90071-3197

16    **ON BEHALF OF THE DEFENDANT,**       AMANDA TESSAR
      **DISH NETWORK:**                     PERKINS COIE LLP
17                                          1900 SIXTEENTH STREET,
                                            SUITE 1400
18                                          DENVER, CO 80202

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

```
 1      SANTA ANA, CALIFORNIA; TUESDAY, DECEMBER 13, 2022; 1:00 P.M.

 2                              ---

 3           THE CLERK:  Calling CV-22-07775-JWH, Entropic

 4  Communications, LLC., vs. DIRECTV, LLC, et al; and case

 5  number CV-22-07959-JWH, Entropic Communications, LLC, vs.

 6  Dish Network Corporation, et al.

 7           Counsel, please state your appearance for the

 8  record, beginning with the plaintiff.

 9           MR. SHIMOTA:  James Shimota appearing on behalf of

10  plaintiff Entropic from the law firm of K&L Gates.

11           THE COURT:  All right.  Good afternoon,

12  Mr. Shimota.

13           MS. GOODRICH:  Good afternoon, Your Honor.

14  Christina Goodrich, K&L Gates, for plaintiffs.

15           THE COURT:  All right.  Good afternoon,

16  Ms. Goodrich.

17           MR. LO:  Good afternoon, Your Honor.  In the 7775

18  case, Jason Lo from Gibson Dunn for the DIRECTV and the AT&T

19  defendants.

20           THE COURT:  All right.  Mr. Lo, good afternoon.

21           MR. LO:  Good afternoon.

22           MS. TESSAR:  Hello.  Amanda Tessar from Perkins

23  Coie on behalf of the DISH defendants.

24           THE COURT:  All right.  And good afternoon,

25  Ms. Tessar.
```

1          Counsel, thank you very much for being here in

2     person.  I hope it won't take this long, but I've allotted an

3     hour for us.  I've got a 2:00 criminal calendar.  I didn't

4     mean to be facetious.  I hope we can get through, everything

01:02PM  5     we need to do, within an hour.

6          Thank you very much for the joint report or

7     reports.  They appear to be identical.  Were there any

8     differences in the later filed one which was filed in the

9     DISH specific case?

01:02PM  10         MS. TESSAR:  They're substantially similar,

11    Your Honor.

12         THE COURT:  Okay.  I looked at them again this

13    morning and I didn't see any major differences.  Okay.

14         Well, let's start with consolidation.  It didn't

01:02PM  15    seem to be that there was any major pushback on the notion of

16    consolidation.  I think the issue was for how long do these

17    cases stay consolidate.

18         It seems to me that I should formally consolidate

19    these cases for all pretrial purposes but try them

01:03PM  20    separately.  I think it's particularly important to

21    consolidate the cases for the purposes of claim construction

22    and, I think, discovery thereafter.

23         I know there are -- the parties have issues about

24    -- I guess the defendants -- each of your confidential

01:03PM  25    information sharing with the other.  But it seems like you've

```
 1    got that -- you have worked it out so far, or have you not
 2    produced anything that you regard as that confidential?
 3              Ms. Tessar, do you want to respond?
 4              MS. TESSAR:  Yeah.  So first of all, Your Honor, I
 5    will say we'll do this however you want and however this
 6    Court is going to find it to be most convenient.  We have a
 7    protective order in place in the Eastern District of Texas
 8    that I believe everyone has agreed will continue to govern,
 9    and maybe we need to put a new caption on it or do something
10    like that.
11              THE COURT:  Forgive me for interrupting you.  I
12    want to hear the rest.  That's one of the items on my list of
13    things to discuss.  And, yes, let's keep your protective
14    order in place.  I do not think it needs another caption.
15              So my minute order reflecting or memorializing this
16    hearing will simply say that the protective order entered in
17    the cases while they were pending in the Eastern District of
18    Texas as ECF64, I believe, remains in effect.
19              Anybody have a problem with that?
20              MR. SHIMOTA:  No objection, Your Honor.
21              THE COURT:  Okay.  That's great.
22              Ms. Tessar, please continue.
23              MS. TESSAR:  Yeah.  So far the parties have -- so I
24    should start by saying DISH and DIRECTV are fierce
25    competitors.  We are not related in any way.  In no normal
```

01:03PM (line 5)
01:04PM (line 10)
01:04PM (line 15)
01:04PM (line 20)
01:04PM (line 25)

circumstances would Mr. Lo, much as I appreciate and respect

him, have DISH confidential, technical, or financial

information.

THE COURT:  But you're sitting right next to him at

counsel table.

MS. TESSAR:  I know.  I do like him personally.

So we -- what I would say is this.  We have each

produced technical documents so far separately.  We have not

produced our documents to each other.  We have only produced

them to the plaintiff.

In the Eastern District of Texas there are very

specific ways that the Court handles related cases.  And

specifically, it consolidates them pretrial, and then

everything is filed in the document of the lead case number.

We certainly can do that here, but it seems to us

that it might cause -- there might just be a little bit less

confusion in terms of having to redact totally separate

summary judgment motions or motions to compel or things of

that nature where there's really no overlap.  It might make

sense to keep it on separate dockets.

Certainly I think everyone has agreed that there is

going to be efficiencies that we shall coordinate in some way

for Markman.

THE COURT:  Did the -- do the respective defendants

anticipate producing more of their respective confidential

1    information to the plaintiff in connection with the claim

2    construction process?

3         MS. TESSAR:  I don't know about in connection with

4    claim construction.  But certainly as the case unfolds, there

01:06PM  5    will be financial information, more technical information, I

6    would imagine, things of that nature.  There will be separate

7    depositions, things like that.

8         THE COURT:  So my preference -- and I'm willing to

9    hear responses to this.  My preference would be to

01:06PM  10   consolidate the cases at this point, and we can revisit it

11   after I issue the claim construction order.  It may make

12   sense at that time to sever them again.  I think they should

13   be severed for the purposes of trial, but that's even further

14   down the road.

01:06PM  15        MS. TESSAR:  Well, agreed completely.  And I think

16   the AIA would say they have to be separate for trial.

17        So I think we're all on the same page there.  I

18   think it's just the cleanliness of whether we have -- you

19   know, if there's appeals later, where things are found in

01:07PM  20   dockets and how many dockets you have to go to to find

21   things.

22        THE COURT:  Well, I'm going to issue an order.  My

23   minute order will say that the cases are consolidated at this

24   point -- to the extent that they were not already.  I know

01:07PM  25   there was some discussion in the joint report about how do we

```
01:07PM

01:08PM

01:08PM

01:08PM

01:08PM

01:08PM
```

1    treat the fact that they were consolidated in the Eastern

2    District of Texas.  To remove all doubt, my order will say

3    the cases are consolidated and all filings shall be made in

4    the low numbered case, the 7775 case, and keep the joint

5    caption.

6         And if -- two things.  We'll revisit consolidation,

7    as I said, after I issue the claim construction order.

8    That's one thing.  Two is any party can move at any time to

9    sever the cases if something arises.

10        And number three, if there's an issue about a

11   defendant producing or filing information that that defendant

12   regards as confidential vis-a-vis a codefendant, try to work

13   it out consensually.  If you need an order of some sort,

14   please see if you can stipulate to it.

15        And if you absolutely can't, then come to me for

16   guidance.  If it's discovery related, of course, you go to

17   the magistrate judge.  Is it Judge -- no, it's not Judge

18   McCormick.  Who is the magistrate judge assigned to this

19   case?

20             THE CLERK:  Judge McDermott.

21             THE COURT:  Judge McDermott.  Got it.  Thank you.

22   So go to Judge McDermott.

23             MS. TESSAR:  That sounds good.  Thank you.

24             THE COURT:  Okay.  So any major pushback?

25             MS. TESSAR:  No.  I think we should be able to work

01:09PM

01:09PM

01:09PM

01:09PM

01:10PM

1     it out.  To the extent that there are filings were, for

2     instance, Entropic would want to have both DISH and DIRECTV

3     confidential information, I assume that they'll need to

4     create redacted versions for each of us, and we'll be able to

5     solve it that way.

6              THE COURT:  That sounds good.  Hopefully you can

7     work that out.

8              Mr. Lo, you look a little bit pensive.

9              I'm happy with you staying at counsel table,

10    whichever is more convenient, as long as you stand if you're

11    able and you're close to a microphone.

12             MR. LO:  No, Your Honor.  That all works for the

13    DIRECTV defendants.  Our only view was post-Markman, we would

14    like to be heard on some of the substantive issues in terms

15    of do we have to file the same MSJ, because our view would be

16    because these are two separate cases with two different

17    technologies, we'd file independently.  But through Markman

18    that all makes sense to us.

19             THE COURT:  If you're referring to my standing

20    order requirement, one, summary judgment motion, I would have

21    to look at the exact language that I use.  But I sort of

22    regard it as one per party or one per related party.  Here

23    it's crystal clear that DISH on the one hand and DIRECTV,

24    AT&T, are not related parties --

25             MR. LO:  Thank you, Your Honor.

1          THE COURT:  -- for that purpose.  Okay.

2          But, yeah.  Let's -- if I forget it, remind me when

3     we get past claim construction, and we'll revisit this issue

4     of consolidation.

01:10PM   5          MR. LO:  Sure.  Thank you.

6          THE COURT:  Okay.  Let's talk about -- the other

7     three issues that are on my agenda for us to address are the

8     discovery order ECF50, the case schedule, at least through

9     claim construction process, and the Eastern District of Texas

01:10PM  10     patent rules.

11          Let's talk about the discovery order first.  That

12     may be the easiest of the three.  I have reviewed discovery

13     order that Judge Gilstrap entered in your cases I think back

14     on, was it, June 2nd of this year?  It's ECF50 is what I'm

01:11PM  15     looking at.

16          Okay.  Everybody is nodding.  I did not go through

17     this with a fine-tooth comb, but nothing in here gave me

18     heartburn -- let me put it that way -- other than perhaps

19     paragraph nine and maybe part -- paragraph 12C and paragraph

01:11PM  20     13.  So let me explain in more detail where I'm coming from.

21          Paragraph five makes a lot of sense to me.  I

22     didn't have any -- I did not have any problems with it.  I'm

23     not sure to the extent to which you agreed to this and Judge

24     Gilstrap blessed it, as it were, or if he imposed this on

01:12PM  25     you.

1        Go ahead, Ms. Tessar.  Which way was it?

2        MS. TESSAR:  I believe that this was a paragraph we

3    were not allowed to edit.

4        THE COURT:  Okay.  Well, that having been said, let

01:12PM  5    me pause there.  Do the parties like paragraph five?  It

6    looked fine to me, but do you hate it or do you like it?

7        MR. SHIMOTA:  You know, I think we've been

8    operating in sticking with it, Your Honor.  My recollection

9    is that, you know, the judge provided this, but we were able

01:12PM  10   to meet and confer and discuss whether we wanted to make any

11   modifications to it.  For example, the deposition limits,

12   we've been operating under that.  So we would like to stick

13   with it, Your Honor.

14       THE COURT:  Okay.

01:12PM  15       MR. SHIMOTA:  In fact, we've asked opposing counsel

16   -- we've met and conferred a number of times and said:  Do

17   you have any problems with this?  They said they -- they

18   didn't identify any issues they had with it.  They just said

19   they wanted to leave it to you to decide whether to depart

01:13PM  20   from it.  So We would propose to stick with it, Your Honor.

21       THE COURT:  So I do want to hear from defendant's

22   counsel.  Let me say this.  I do regard Rule 29.  I read that

23   pretty broadly.  Anybody know what Rule 29 is?

24       MR. SHIMOTA:  You've caught me, Your Honor.

01:13PM  25       THE COURT:  Well, I won't leave you in suspense.

01:13PM

01:14PM

01:14PM

01:14PM

01:14PM

01:14PM

1   Rule 29 is a rule that says that the parties can stipulate to

2   change -- to do things in discovery that they want to do as

3   long as it's not contrary to a Court order.  Sorry.  Give me

4   a second.  Rule 29 is entitled:  Stipulations about discovery

5   procedure.  Unless the Court orders otherwise, the parties

6   may stipulate that A and B.  A is deposition may be taken

7   before any person, et cetera, et cetera.  And B, other

8   procedures governing or limiting discovery may be modified,

9   et cetera, et cetera.

10          I am perfectly happy with you two to agree, for

11  example, if you wanted to agree to have 30 interrogatories

12  instead of 25, if you agreed to it, fine.  Don't bother me

13  with a stipulation and proposed order.  Just do it under

14  Rule 29.  I don't regard that as contrary to anything that I

15  have imposed or Judge Gilstrap has imposed.

16          So that might be tangential to what you said, but

17  that may provide the parties with some guidance.

18          MR. SHIMOTA:  I understand.  That's how I think the

19  parties -- you know, as long as it doesn't conflict with the

20  Court's docket, the parties should work amongst themselves to

21  conduct discovery.

22          THE COURT:  Right.  You can't stipulate to extend

23  discovery cutoff --

24          MR. SHIMOTA:  Correct.

25          THE COURT:  -- by a year, for example.

| | |
|---|---|
| 1 | MR. SHIMOTA:  We don't want that anyways. |
| 2 | THE COURT:  But you could stipulate -- in my view |
| 3 | you could stipulate to do a deposition the day after |
| 4 | discovery cutoff.  You may not get any assistance from the |
| 01:15PM 5 | Court in terms if there were disputes if you didn't get that |
| 6 | blessed ahead of time, but that's -- that probably goes a |
| 7 | little bit beyond Rule 29, but it's the sort of thing that I |
| 8 | expect parties to just work out and do. |
| 9 | MR. SHIMOTA:  Understood.  Thank you, Your Honor. |
| 01:15PM 10 | THE COURT:  Okay.  Mr. Lo, did you want to respond |
| 11 | on paragraph five? |
| 12 | MR. LO:  Yeah.  On paragraph five I think what we |
| 13 | would suggest is to take the Court's suggestion and have the |
| 14 | parties talk about it.  We are -- for DIRECTV and AT&T, we |
| 01:15PM 15 | are generally okay with everything in five.  We're not going |
| 16 | to suggest anything dramatically different. |
| 17 | What we would like to do is just have a brief |
| 18 | conversation because, among other things, we have now |
| 19 | recognized that, for example, third-party discovery might |
| 01:15PM 20 | actually be more important than first party.  So we might |
| 21 | switch the hours.  So it's minor things like that that I |
| 22 | think we'll be able to work out and, as Your Honor said, work |
| 23 | out pursuant to Rule 29. |
| 24 | THE COURT:  Sounds good. |
| 01:16PM 25 | Ms. Tessar. |

01:16PM

01:16PM

01:16PM

01:17PM

01:17PM

1    MS. TESSAR:  Yes.  So, apologies first.  I thought

2    you said paragraph nine before.  The parties were allowed to

3    negotiate paragraph five.  So I just would echo what Mr. Lo

4    said.  We've raised with Entropic already the idea that, you

5    know, they said in their briefing on the venue motions that

6    the reason -- one of the main reasons that DISH should be

7    here in the Central District of California is because a lot

8    of the third-party witnesses are here, and they're going to

9    be particularly critical.  So in light of that, I think we

10   need to do a little bit of shifting on the hours on the

11   depositions.

12       THE COURT:  Okay.  Well, meet and confer on that

13   and see if it's a Rule 29 issue, wonderful.  If you can't

14   agree and you want the Court, some sort of relief from the

15   Court, file an appropriate motion.

16       Okay.  So I'm not going to tinker with paragraph

17   five.  Now, paragraph nine of ECF50, I'm going to use the

18   word problematic.  It's fine as far as it goes, but it's

19   contrary to the way that this Court, the Central District of

20   California, the format, the procedure that this Court

21   establishes for resolving discovery disputes.  So what I

22   would do is jettison paragraph nine and substitute local

23   Rule 37.

24       And Judge McDermott -- I should have looked on his

25   website.  I did not.  He may have a streamlined process for

UNITED STATES DISTRICT COURT

1    resolving discovery disputes.  I see people nodding.  So

2    perhaps he's one of the magistrate judges that does that.

3    Please go ahead.

4            MS. GOODRICH:  Yes, Your Honor.  Happy to.  I

01:18PM  5    believe that we met and conferred about the parties having to

6    comply with local Rule 37.  So I don't see this as an issue

7    at all.

8            THE COURT:  Okay.  Does Judge McDermott have that

9    streamlined procedure?  Nobody quite knows.  That's all

01:18PM  10   right.  He either does or he does not.  I know a number of

11   the magistrate judges have what I'm calling a streamlined

12   procedure.  Instead of going through the full-blown local

13   Rule 37 process, which is pretty involved, some of the

14   magistrate judges permit the parties to simply contact

01:18PM  15   chambers and say we have a dispute.

16           Then the magistrate judge will have some process,

17   either letter briefs or a telephone conference, to see if it

18   can be resolved quickly.  I'm not sure if Judge McDermott

19   does or not.  Do whatever he requires.

01:19PM  20           Okay.  So other response in terms of jettisoning

21   off paragraph nine of ECF50 going with local Rule 37?

22           MR. LO:  Nothing for DIRECTV, Your Honor.

23           MS. TESSAR:  That's exactly what we would expect

24   here.

01:19PM  25           THE COURT:  Roger.  Okay.  I called out rule --

|       |                                                                        |
|-------|------------------------------------------------------------------------|
| 1     | paragraph 12C, but then I subsequently re-reviewed your joint          |
| 2     | stipulation -- I'm sorry, your joint report that sets forth            |
| 3     | the case schedule that was established in the Eastern                  |
| 4     | District of Texas.  I think all of paragraph 12 of the                 |

01:19PM

5     discovery order depends on what we do with the case schedule

6     and the Eastern District of Texas rules.  So let's come back

7     to that.

8          Then finally paragraph 13, I have my own standing

9     order which I think has been entered in both of these cases.

01:20PM 10    I see people nodding.  So let's go with my standing order and

11    not the old standing order.

12          One thing you'll notice in my standing order if you

13    have not already is I've got a more involved procedure for

14    summary judgment motions.  If you have not reviewed that yet,

01:20PM 15    please do.  I mean, that's a ways down the road, but it would

16    be worthwhile I think to you to be aware that it's more

17    involved.

18          In particular, I require a party who wants to file

19    a summary judgment motion to meet and confer very thoroughly

01:20PM 20    with the opposing party and pretty much prepare all the

21    papers ahead of time.  There is one document called the joint

22    exhibit, which is a compendium of all of the declarations,

23    deposition transcripts, deposition exhibits, what have you,

24    in the way of evidence.  It compiles it all into one

01:21PM 25    document, which may be massive.  It may have to be filed, ECF

filed, in several parts.

But it's one document, so it's easy to cite to, you know, joint exhibit part B, page 237, line 17.  That's one of the big reasons I do that.  Then there's also a joint statement which has all of the material facts and whether they are disputed or undisputed and what evidence from the joint exhibit supports that fact from either side, whether it's, as I say, disputed or undisputed, and the objections thereto.

It's an involved process, particularly for a case like this, so it would behoove one to start early on that process rather than later.  Now, I'm not saying do that before we finish the claim construction process, but don't wait until the last minute -- same as my college professors used to say in my engineering classes, much to my chagrin.

Anyway, so let's come back to paragraph 12 of the discovery order, and let's go to the case schedule --

MS. TESSAR:  Your Honor, before we leave the discovery order, can I just raise two other issues?

THE COURT:  Yes.

MS. TESSAR:  So the first is paragraph 11.  This is just really a housekeeping issue, but I think that's inconsistent with your practice in this court.  And so we'll have a contradiction between your standing order and the current paragraph 11 on filings, courtesy copies.

1    THE COURT:  That's a good point.  I overlooked

2    that.  Let's go with my procedures for paragraph 11.  So I

3    presently require mandatory chamber's copies of everything,

4    if -- virtually everything if not everything that the parties

01:22PM  5    file.  Let's do that.

6    MS. TESSAR:  Okay.

7    THE COURT:  So paragraph 11 of ECF50, we will not

8    go with that.  I'll come back and summarize all of this.

9    MS. TESSAR:  Okay.  And then paragraph three, this

01:23PM  10   is a little more substantive.

11   THE COURT:  Paragraph three of the discovery order?

12   MS. TESSAR:  Uh-huh.  So we may have to come back

13   to this one because I'm sure you're going to get to this, but

14   it incorporates requirements of the Eastern District of Texas

01:23PM  15   local rules.  So we may need some adjustment to that,

16   particularly when that's read in combination with the duty to

17   supplement.

18   THE COURT:  Okay.  Let's come back to that.  Good

19   point.  All right.  Let's go to the case schedule.  And to be

01:23PM  20   clear, I'm looking at the first joint status report ECF169 in

21   the 7775 case, page 11.

22   Now, preliminary thing, the parties have been

23   operating under this schedule, correct?

24   MR. SHIMOTA:  Yes, Your Honor, we have.  I mean, we

01:24PM  25   -- you know, there's a deadline for -- and this is one of the

01:24PM

01:24PM

01:25PM

01:25PM

01:25PM

01:25PM

```
 1   reasons why we wanted to have the scheduling conference
 2   early.  There was a deadline for the exchange of proposed
 3   terms for claim construction.  We think this is a very simple
 4   case and no terms need to be construed at all.  And we told
 5   defendants that.
 6           They didn't on that date -- we asked them for their
 7   proposals on claim construction.  They didn't provide us any
 8   terms.  So, I mean, we're not sure, but we're hopeful that
 9   there are no terms to be construed at all and that we could
10   skip the Markman process and just move forward.  I assume
11   they'll have something different to say, but we've been
12   operating under the schedule, Your Honor.
13           THE COURT:  Hold on one second.  Let me get copies
14   of the patents in suit here.
15           MS. TESSAR:  When you get to them, you'll know
16   they're not simple.
17           THE COURT:  Well, I did look at the patents when I
18   got this case assigned to me.  I will confess I didn't study
19   them for claim construction purposes yet.  Okay.  So I'm
20   looking at the -- start with the '576 patent --
21           MR. SHIMOTA:  Yep.
22           THE COURT:  -- 23 claims.  Which of the 23 claims
23   is plaintiff asserting against each party?
24           MS. TESSAR:  There's actually more than that
25   because there was a reissue.  So if you keep going, you'll
```

|  | 1 | see there's a whole bunch more. |
|---|---|---|
|  | 2 | THE COURT:  Should I look at the ex parte |
|  | 3 | reexamination certificate? |
|  | 4 | MS. TESSAR:  That's right. |
| 01:25PM | 5 | THE COURT:  Okay. |
|  | 6 | MS. TESSAR:  And then you have to look at actually |
|  | 7 | both because the ex parte re-exam certificate says some of |
|  | 8 | them are kept and some of them are canceled, and then here's |
|  | 9 | some additional claims. |
| 01:26PM | 10 | THE COURT:  Okay.  I'm looking at ECF17-1, page 28 |
|  | 11 | of 29, which I think is the -- it's the ex parte |
|  | 12 | reexamination certificate.  I think this is -- this sets |
|  | 13 | forth the claims that remain as amended in the '576 patent, |
|  | 14 | correct? |
| 01:26PM | 15 | MS. TESSAR:  That's my understanding. |
|  | 16 | MR. SHIMOTA:  So, Your Honor, to answer your |
|  | 17 | question, for the '576 patent it's claims 14 through 23. |
|  | 18 | THE COURT:  Hold on a second, please. |
|  | 19 | MR. SHIMOTA:  Sure. |
| 01:26PM | 20 | THE COURT:  The independent claims are 14 -- it's |
|  | 21 | harder than that, isn't it, because I've got to look back at |
|  | 22 | the '576 patent. |
|  | 23 | MR. SHIMOTA:  I should have had the patent here, |
|  | 24 | but I do not.  I apologize.  So it's claim 14. |
| 01:27PM | 25 | THE COURT:  I think it's just 14, and 14 through |

23.

MR. SHIMOTA:  That's correct.  And then again real quick -- I apologize, Your Honor.

MS. TESSAR:  It's also claims 34 to 42, if that would help.

MR. SHIMOTA:  Well, it's the -- do you have the other independent claim?  I think there's two independent claims.

MS. TESSAR:  I think it's 34, but I actually think there's a couple in that last set.

THE COURT:  If it's 34 through 42, looking at ECF17-1, page 29 of 29, none of those is an independent claim.

MR. SHIMOTA:  Give me one second, Your Honor.  I think you're right.

THE COURT:  Well, we don't have to dwell on this.  Let's look at claim 14.  So plaintiff's position is -- to take this as an example, plaintiff's position is none of the limitations in claim 14 need to be construed?

MR. SHIMOTA:  That's correct, Your Honor.  I mean, this is a situation -- I don't dispute the fact that these are not simple patent claims.  I mean, these are, you know, pretty pioneering inventions.

The point here is that this isn't one of these patent cases in which the accused products sort of exist at

the boundaries in the margins of the patents.  They're right

in the middle.  It's like a bull's eye.  So there is no

reason to fight over, you know, things like an outdoor unit

or an LNB.

01:29PM      If you look at our contentions -- and this is an

issue that was brought up -- I'm happy to show you a copy of

them today.  You know, the accused features are squarely in

their documents.  It's a really simple patent case.  We've --

candidly, for the '576 and '715 patent, we've considered

01:29PM   moving for summary judgment already.  We think the case is

that clear on the facts and the evidence.

So it's just not a situation where we think that,

you know, there's oftentimes where parties try to stretch the

claims and monkey around with elements to try to expand them

01:29PM   to catch things.  This just simply isn't that case here.

That's why we think that the terms do not need to be

construed and can be presented very simply and efficiently to

a jury soon, as soon as possible ideally.

THE COURT:  On the '715 patent, which are the

01:29PM   asserted claims that are independent claims?

MR. SHIMOTA:  On the '715 patent we are asserting

claims -- so it's claims 1 -- so it's asserted claim 1.

MS. TESSAR:  I think for DISH it's claims 9 through

12.  It may be different for DIRECTV.

01:30PM   THE COURT:  It's only 9 through 12?

| | |
|---|---|
| 1 | MR. SHIMOTA:  Yeah, that's right.  That's right. |
| 2 | Yeah, yeah.  That's right.  That's correct.  Yep. |
| 3 | MS. TESSAR:  Yep. |
| 4 | THE COURT:  Okay.  So claim -- |
| 01:30PM  5 | MR. SHIMOTA:  -- 9. |
| 6 | THE COURT:  Claim 9. |
| 7 | MS. TESSAR:  I think it may be -- is it different |
| 8 | for you? |
| 9 | MR. SHIMOTA:  No.  No -- |
| 01:30PM 10 | MR. LO:  The claims are identical -- |
| 11 | THE COURT:  Hold on.  One at a time, and talk to |
| 12 | me. |
| 13 | Mr. Lo, go ahead. |
| 14 | MR. LO:  I believe it's the same claims, 9 |
| 01:30PM 15 | through 12. |
| 16 | THE COURT:  Okay.  So looking at claim 9, the only |
| 17 | independent claim among those three or four, same position? |
| 18 | Nothing -- no limitation in claim 9 needs to be construed -- |
| 19 | MR. SHIMOTA:  That's correct. |
| 01:31PM 20 | THE COURT:  -- from plaintiff's perspective? |
| 21 | MR. SHIMOTA:  Yes.  That's a hundred percent |
| 22 | correct. |
| 23 | THE COURT:  And let's look quickly at the '008. |
| 24 | MR. SHIMOTA:  '008 patent. |
| 01:31PM 25 | THE COURT:  What are the asserted independent |

1    claims there?

2              MR. SHIMOTA:  My recollection is there are two

3    independent claims asserted there.

4              MS. TESSAR:  That one is unrelated to the first two

01:31PM 5    patents, for reference.

6              MR. SHIMOTA:  Yeah.  The first two are -- one is

7    the continuation of the other.  In that patent it's claims 1

8    to 5, 7, 9 to 13, 5, 17, and 18.  I believe there's two

9    independent claims.  Claim 1 is an independent claim, and I

01:31PM 10   think 9 is the other independent as well.  It's a method and

11   apparatus claim.

12             THE COURT:  It's not 9.  11?

13             MR. SHIMOTA:  Yeah, 11.  I'm sorry.

14             THE COURT:  Again, plaintiff's position is none of

01:31PM 15   the limitations in claims 1 or 11 of the '008 patent require

16   construction?

17             MR. SHIMOTA:  That's correct.  We think they -- the

18   terms should be given their plain and ordinary meaning,

19   Your Honor.

01:32PM 20             THE COURT:  Okay.

21             Ms. Tessar, just because you're standing, you can

22   go first.  Your thoughts on these questions that I've raised?

23             MS. TESSAR:  So first of all, I think the question

24   you raised was about the schedule and whether it's in effect.

01:32PM 25             THE COURT:  Right.  And one thing that affects the

| | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| 01:32PM | 5 |

1    schedule is how extensive the claim construction exercise is.

2    What I'm hearing is plaintiff is not seeking the construction

3    of any limitation.  So --

4              MS. TESSAR:  Yep.

5              THE COURT:  -- given that plaintiff has indicated

6    which are the asserted claims of these three patents, what

7    limitations from defendants' perspective, plural, need to be

8    construed?

9              MS. TESSAR:  So first of all, I don't speak for

10   DIRECTV.

11             THE COURT:  I understand.  I'm going to ask Mr. Lo

12   separately.

13             MS. TESSAR:  So what happened was that the case was

14   transferred here.  Then there was an order from you asking

15   the parties to put in their positions about whether the

16   schedule was in effect.

17             So we took the position that it was not in effect

18   meanwhile and so didn't serve notices of the claims we want

19   construed.  There are certainly claims that we will want

20   construed.  We certainly disagree that these technologies or

21   the way that terms are used in these claims are simple or

22   straightforward.

23             I think there's going to be a lot of issues to be

24   worked out, some of which we may be able to agree on.  But

25   about how technical words need to be explained to the jury so

```
 1    that they can understand, I think we will have some disputes.
 2              We do not think that this is a simple case where
 3    we're squarely in the middle of the infringement range, or
 4    however Mr. Shimota said it.  We hotly contest infringement.
 5    In fact, we are considering our own MSJ's noninfringement.
 6              So I don't have a specific list.  We would need to
 7    work together since we've talked about consolidating the
 8    Markman proceedings to work with DIRECTV, I think, to come up
 9    with a single list to propose.  And I don't have that list
10    for you right now.
11              THE COURT:  Mr. Lo, concur?
12              MR. LO:  Yes, Your Honor.  So I would answer
13    Your Honor's questions directly first, and I'll give you a
14    little bit of context.  Number one, it's the same for DIRECTV
15    as it is for DISH.  We do believe that there are terms that
16    need to be construed.  We are not prepared right now to list
17    what those are, in part because we just got new infringement
18    contentions from the other side.  I don't know if DISH did.
19    I'm seeing Ms. Tessar nod her head, so I'm assuming they did,
20    too.
21              MS. TESSAR:  Friday night.
22              MR. LO:  And that's a tricky coordination issue
23    because we need to coordinate without looking at each other's
24    infringement contentions.  So we need to go through that
25    process.
```

1      In terms of Your Honor's first question, were we

2 abiding by the old timelines before the case was transferred?

3 And I'll say the answer to that was yes and no.  Yes, in the

4 sense that of course this was an order of the Court in the

01:35PM  5 Eastern District of Texas.  No, in the sense that ultimately

6 the defendants moved to transfer and the plaintiff

7 cross-moved to transfer.

8      So everybody knew that the case was leaving, and so

9 much so that when they filed -- when the plaintiffs served

01:35PM  10 their new infringement contentions under the old rules, they

11 wouldn't have been permitted to do that.  They would have had

12 to have leave or they would have had to have done that well

13 before any of these deadlines were coming up.

14      So both sides effectively have not been abiding by

01:35PM  15 those deadlines and have been treating it as if we are going

16 to have to figure out what the new deadlines are in the case.

17      THE COURT:  Okay.  In the interest of time, I know

18 you have a substantive response and stipulated that you don't

19 agree with everything that defendants' counsel said.  I was

01:36PM  20 inclined to adopt this schedule, but I think it does not make

21 sense in view of the way the parties have -- I don't mean to

22 be accusatory, but the way the parties have not complied with

23 the December 1st deadline and I presume are not quite

24 prepared to comply with a December 22nd deadline.

01:36PM  25      What if we took this schedule -- I'm going to call

UNITED STATES DISTRICT COURT

```
 1    it the Eastern District of Texas schedule -- and moved it

 2    back 30 days, 45 days, 60 days, but kept basically the same

 3    deltas between the various events?

 4           Ms. Tessar, you -- she stood up first -- so you get

 5    to talk first.

 6           MS. TESSAR:  Thank you.  So DISH's view is, you

 7    know, there's a particular reason that plaintiffs filed in

 8    the Eastern District of Texas, and it's to get a particular

 9    set of rules and a particular approach to scheduling that is

10    very -- I don't want to say cookie cutter, but every case is

11    treated the same.

12           THE COURT:  Right.  And it's a tight schedule.

13           MS. TESSAR:  It's a very tight schedule.

14           THE COURT:  Is this schedule too tight for your

15    client?

16           MS. TESSAR:  It is too tight.  You know, we -- we

17    had a very unusual posture on venue because we moved to

18    transfer venue, and then they cross-moved.  They admitted

19    that the case really shouldn't be in the Eastern District of

20    Texas.

21           THE COURT:  I know.  I read that argument.  And

22    that's fine.  Again, to cut to the chase, I do not treat

23    patent cases as cookie cutter.  I mean to cast no aspersions

24    on those venues that have standard rules.  My personal view

25    is there are cases where, you know, a schedule like this
```

```
 1   makes perfect sense.  There are cases where it doesn't for a
 2   variety of reasons.
 3          So let's pick a schedule that works for these
 4   parties.  What I'll -- I do like moving forward smartly and
 5   getting this process completed.  I'm going to hear from
 6   Mr. Shimota next.  I suspect he's going to say he likes the
 7   schedule or something close to it; is that correct?
 8          MR. SHIMOTA:  Your Honor, I mean, this notion that
 9   we filed in Texas should never have been there --
10          THE COURT:  I don't care.  I get it, right?  I
11   don't care.
12          MR. SHIMOTA:  We filed in Texas because we think
13   it's a case that should move forward efficiently, right?
14   Like I said, we're ready.  I'm not kidding.  We don't think
15   the terms need to be construed.  We're ready to try this case
16   as soon as possible, Your Honor.
17          THE COURT:  Well, but --
18          MR. SHIMOTA:  And I get that defendants want to
19   have a longer schedule, but if you want to extend the
20   schedule by 30 days, that would be more than fine with us --
21   45 days.  We would like to stick with the schedule as much as
22   possible, Your Honor.
23          THE COURT:  I was inclined -- Mr. Lo, did you have
24   anything to add?
25          MR. LO:  Sure.  I wanted to point out one thing.
```

| | |
|---|---|
| 1 | The plaintiff's proposed claim construction would happen in |
| 2 | April of 2023.  As we said in the joint filing, the |
| 3 | defendants suggest a Markman sometime in the summer of 2023. |
| 4 | So when it comes to the Markman, we're actually not that far |
| 01:39PM 5 | apart especially if the Court is saying, you know, we'll move |
| 6 | everything by 30 days. |
| 7 | Here's the big difference in approach in the two |
| 8 | sides.  What the plaintiffs would do is to simultaneously |
| 9 | have fact discovery end at about the same time.  So while we |
| 01:39PM 10 | are still working through their new infringement contentions, |
| 11 | figuring out how to coordinate between the two defendants to |
| 12 | figure out what terms to construe and get them construed, |
| 13 | they would have all of us jam in the fact discovery at the |
| 14 | same time. |
| 01:39PM 15 | So our approach is different from that.  Our |
| 16 | approach is under the typical -- I use that in quotations -- |
| 17 | Central District approach, we would not be jamming everything |
| 18 | in at the same time.  So we would suggest that we do the |
| 19 | Markman sometime in the summer of 2023, and then we proceed |
| 01:40PM 20 | with the rest of fact discovery, the rest of expert |
| 21 | discovery, which leads us sometime into the middle of 2024 |
| 22 | for trial.  So that's the real difference in approaches |
| 23 | between the two sides. |
| 24 | THE COURT:  Go ahead, Mr. Shimota. |
| 01:40PM 25 | MR. SHIMOTA:  Your Honor, this whole notion that |

we've somehow changed our infringement theories is just

incorrect.  We've supplemented based on the evidence.  If

anything, our theories are narrower.  There are no new

products accused.  It's the exact same products.  We've

01:40PM  gotten discovery from defendants in this case.  We've --

obviously, you know, when we filed the case, it was based on

public information.

We've added in information based on confidential

information for the various defendants.  Nothing has changed.

01:40PM  There's no reason why we cannot proceed in this schedule, and

to drag -- what they're suggesting is to basically drag this

case out another year.

We told them that we wanted to proceed in the

schedule.  We told them there are no terms to be construed.

01:40PM  They claim that there are terms they want construed.  No

products has changed.  You asked them today.  They can't

identify them for Your Honor.  It's not that complicated of a

case.  There's not one term they can identify they want

construed.

01:41PM  THE COURT:  I don't know that I asked them that

question.

MR. SHIMOTA:  You did.  You did ask them and said:

What terms do you want construed?  We went through the terms,

and you said:  What terms do you want construed?  They said

01:41PM  they're not ready to go.  They're not ready to provide those

|   | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| 01:41PM | 5 |

        1    to you today.

        2             THE COURT:  Okay.

        3             Ms. Tessar.

        4             MS. TESSAR:  I was just going to point out that

01:41PM 5    we're requesting a trial in the summer of 2024, which is not

        6    long over two years from when this case was filed.  We had a

        7    situation here where we spent four or five months doing venue

        8    discovery and briefing venue issues.  So to me that seems

        9    like a pretty prompt and reasonable time to trial.

01:41PM 10            THE COURT:  Well, forgive me for interrupting you,

        11   but let me again cut to the chase.  The way I'm going to

        12   handle this case is let's do claim construction.  Then you

        13   can turn to your fact discovery.

        14            Now, that doesn't preclude plaintiff from making a

01:42PM 15   summary judgment motion -- well, you've got to comply with

        16   the local rules and my standing order.  But under local Rule

        17   7-3, you can file it seven days after you have a meet and

        18   confer.  You can have a meet and confer today and file it a

        19   week from today.

01:42PM 20            But you get one summary judgment motion.  I'll give

        21   you, kind of one per related party, one for DISH and one for

        22   DIRECTV.

        23            If you want to file it immediately, you know, good

        24   luck with that, but that's your shot.  So I'm not precluding

01:42PM 25   you from doing that.

|   | |
|---|---|
| 1 | MR. SHIMOTA:  Am I correct in understanding, |
| 2 | Your Honor, that fact discovery is going to stop until we do |
| 3 | Markman, or are we going to move forward with fact discovery |
| 4 | concurrently? |
| 01:42PM  5 | THE COURT:  Well, is anybody asking for an order |
| 6 | limiting the discovery that can be done? |
| 7 | MR. SHIMOTA:  We certainly are not. |
| 8 | THE COURT:  You're not.  Are defendants? |
| 9 | MS. TESSAR:  We would love that if you're amenable |
| 01:43PM 10 | to that.  I think it makes a ton of sense to wait and know |
| 11 | with the constructions are before we keep going with a lot of |
| 12 | expensive discovery. |
| 13 | THE COURT:  What discovery is plaintiff going to do |
| 14 | of defendants' so-called fact discovery, not claim |
| 01:43PM 15 | construction related? |
| 16 | MR. SHIMOTA:  We would -- there are -- I believe we |
| 17 | understand their products, but there's obviously at the -- |
| 18 | you know, at the places where there are ambiguities and |
| 19 | things, we'd like to take depositions.  We'd like to start |
| 01:43PM 20 | doing that. |
| 21 | I actually do have a question for Your Honor, just |
| 22 | logistically -- |
| 23 | THE COURT:  Well, hold on one second.  So under the |
| 24 | Eastern District rules and schedule set up there, you could |
| 01:43PM 25 | have done that, correct? |

| | |
|---|---|
| 1 | MR. SHIMOTA:  Well, we -- we have their technical |
| 2 | documents.  We're still getting some of those.  They're still |
| 3 | completing their production of their technical -- |
| 4 | THE COURT:  So if Judge Gilstrap had denied the |
| 01:43PM 5 | motions to transfer, you would -- |
| 6 | MR. SHIMOTA:  Yes, we certainly could have taken |
| 7 | depositions. |
| 8 | THE COURT:  Today you'd be doing fact discovery? |
| 9 | MR. SHIMOTA:  Correct.  And the question I have, if |
| 01:44PM 10 | I could ask, is this one thing that we want to figure out |
| 11 | concerning local practices.  We intend to serve a 30(b)(6) |
| 12 | notice on specific technical topics.  We'd like Your Honor's |
| 13 | guidance as to whether or not we need to file one omnibus |
| 14 | 30(b)(6) notice or if you can serve them, you know, break |
| 01:44PM 15 | them up into discrete topics to be efficient.  We can do it |
| 16 | either way, but that's something that we're -- |
| 17 | THE COURT:  Have you met and conferred about this? |
| 18 | MR. SHIMOTA:  We will -- |
| 19 | THE COURT:  I'm sorry? |
| 01:44PM 20 | MR. SHIMOTA:  No, we have not, Your Honor. |
| 21 | THE COURT:  Okay.  Meet and confer on it. |
| 22 | MR. SHIMOTA:  Okay.  Thank you. |
| 23 | THE COURT:  If you -- if you cannot reach an |
| 24 | agreement, then a party can file an appropriate motion or |
| 01:44PM 25 | seek guidance from Judge McDermott or me as may be |

1    appropriate.

2            Okay.  So I am not going to limit discovery at this

3    time.  If defendants want to file an appropriate motion and

4    establish good cause, I'll listen to that.  Meet and confer

01:45PM  5    first.

6            The status quo of the default is that there is no

7    limitation on discovery that can be taken once you get past

8    your Rule 26(f) conference, which you did some time ago.

9            Okay.  So ordinarily I would hear more from you.

01:45PM  10   But to move this along, I'm inclined to have the parties

11   stick with the patent rules established in the Eastern

12   District of Texas with -- but I wanted to discuss a couple of

13   things.

14           One was local patent rule 3-1, which has already

01:46PM  15   been the topic of conversation.  And 3-3, invalidity

16   contentions, mostly a timing issue there.  And 3-6, amending

17   contentions; 3-7, opinion of counsel defenses.  Then these

18   are scheduling issues -- 4-1, 4-2, 4-3, 4-4 and 4-5, and 4-6.

19   Those are all scheduling issues.

01:46PM  20           So I guess what I'm saying is substantively I'm

21   happy with the Eastern District of Texas rules that you've

22   been operating under, but schedule wise let's relax the

23   schedule set forth in here a bit.  And ordinarily I would

24   tell you to go meet and confer and see if you can come up

01:46PM  25   with a schedule.

1        I'm concerned that that will not be a successful

2   endeavor, so I'm contemplating just imposing dates on you

3   now.  Hearing silence, let me do that.  So I'm looking at the

4   schedule set forth in the joint status report, page 11.  This

01:47PM   5   is ECF169 in the 7775 case.  So, exchange proposed claim

6   terms for construction, I'm hearing that was not done.  I'm

7   not saying that in an accusatory way, but it was not done.

8        Can that be done by mid-January, plaintiff?

9        MR. SHIMOTA:  Yes, Your Honor.

01:47PM  10        MR. LO:  Yes, for defendants.

11        THE COURT:  You sure?

12        MR. LO:  We prefer February, but...

13        THE COURT:  Why don't we say January 27th.  We'll

14   make it the end of January.  So January 27th, 2023, exchange

01:48PM  15   proposed claim terms for construction and, as probably less

16   clear than I want it to be, follow the Eastern District rules

17   in terms of what that means and what that requires.

18        The next event is exchange preliminary claim

19   constructions.  Under the Eastern District rules that occurs

01:48PM  20   three weeks later.  Is three weeks enough time to prepare for

21   and do that under the circumstances of this case?

22        MS. TESSAR:  Yes, Your Honor.

23        MR. SHIMOTA:  Yes, Your Honor.

24        THE COURT:  Okay.  So that would be February 17th.

01:48PM  25   File joint construction statement, that's, what, four weeks,

|  | 1 | four weeks later -- my back of the envelope here?  That was |

1    four weeks later -- my back of the envelope here?  That was

2    three weeks and three days.  So, say, is four weeks enough

3    time if we took that to February -- I'm sorry, March 17th,

4    file joint claim construction statement?

01:49PM    5    MR. SHIMOTA:  That would be fine, Your Honor.

6    MR. LO:  Yes, Your Honor.

7    THE COURT:  Okay -- St. Patrick's Day.  And then

8    the same day, disclosure of expert testimony for claim

9    construction, March 17th?

01:50PM    10    MR. SHIMOTA:  Yes, Your Honor.

11    MS. TESSAR:  Good for DISH.

12    MR. LO:  Same for DIRECTV.

13    THE COURT:  Okay.  The next event is file amended

14    pleadings.  As the parties noted or at least I think

01:50PM    15    defendants noted in the joint statement, I don't set a

16    separate date for that.  I'd say follow Rule 15 and Rule 16

17    if a party wants to amend pleadings.  So I'm not going to set

18    a date there.

19    The next event is disclosure of rebuttal expert

01:50PM    20    testimony for claim construction.  That looks like two and a

21    half weeks later, two and a half weeks after disclosure of

22    expert testimony for claim construction.  Let's go three

23    weeks.  So one, two -- April 7th.

24    MR. SHIMOTA:  That's fine, Your Honor.

01:50PM    25    MR. LO:  Fine for DIRECTV, Your Honor.

```
 1              MS. TESSAR:  Good for DISH.

 2              THE COURT:  Okay.  The next item is response to

 3       amended pleadings.  For the same reason I noted a moment ago,

 4       that's not applicable.

 5              Next, complete claim construction discovery.  That

 6       looks like it's not quite two weeks after the disclosure of

 7       rebuttal expert testimony.  Let's go two weeks, April 7th to

 8       April 21st.  Any issues?  Problems?

 9              MR. SHIMOTA:  No problem, Your Honor.  Thank you.

10              MS. TESSAR:  I think that should work.

11              THE COURT:  Okay.  The next event is complete

12       document production and exchange privilege logs.  It looks

13       like it's two weeks later.  So if we go April 21st to

14       May 5th.

15              MS. TESSAR:  Your Honor, that's one where unless

16       it's limited to claim construction, I think probably that is

17       very, very soon to have that deadline for all fact discovery

18       before we have a Markman hearing.  We would suggest -- I

19       mean, that would not be normally a date that would be imposed

20       in this district, so we would suggest for that one that we

21       just remove it like we did for the --

22              THE COURT:  Oh, so you're saying that the Eastern

23       District of Texas deadline to complete document production

24       and exchange privilege logs pertains not merely to claim

25       construction but all discovery?
```

1          MS. TESSAR:  That's correct.

2          THE COURT:  Okay.  Plaintiff, concur?

3          MR. SHIMOTA:  I mean, we're fine moving the fact

4     discovery date as long as we stick with the general schedule.

01:52PM  5     If they want to push fact discovery out further, we're fine

6     with that.

7          THE COURT:  Okay.  So I'm not going to set this

8     deadline.  I thought it pertained only to claim construction

9     discovery.

01:52PM 10          MR. SHIMOTA:  I -- I might suggest, Your Honor,

11     just for efficiency that we set a date for exchanging

12     privilege logs, though.  Is that fine for us to have, to use

13     that date?

14          MS. TESSAR:  Why don't we confer about that.

01:53PM 15          THE COURT:  Meet and confer on that one.

16          MR. SHIMOTA:  Okay.

17          THE COURT:  Now, we've got claim construction

18     briefs.  My preference here is to have simultaneous opening

19     briefs and simultaneous responsive briefs.  If we do that,

01:53PM 20     under this schedule that first brief is due two weeks after

21     complete claim construction discovery.  Is that enough time,

22     or should there be a little bit longer time?

23          MS. TESSAR:  I think for the defendants we'll need

24     longer because we're going to -- I'm assuming you want a

01:53PM 25     joint submission from us.  So the process of coordinating

1   with each other and clients can be -- well, if you want a

2   joint submission, that makes it easier.  We may be able to do

3   it faster.

4           THE COURT:  I was -- I was not thinking that it

01:54PM  5   would be a joint submission as between the two defendants.

6   You may have very different positions on some things.  I have

7   no idea.  You may not know at this point either.

8           MS. TESSAR:  That is absolutely true, Your Honor.

9   I think in the Eastern District of Texas we would have to do

01:54PM  10   it together.  But if you prefer it separate, we're happy to

11   do it separate.

12           THE COURT:  I wouldn't say I prefer it separate.

13   If you want to do it separately, I think you can and should.

14   If for some reason you want to do it jointly, that's better

01:54PM  15   for me.  It's one less brief to read.  But do it separately

16   if you'd like.

17           MS. TESSAR:  Okay.  That sounds good.  And then I

18   would just say I do think two weeks is a little bit tight.

19           THE COURT:  I think it is, too, but -- Mr. Shimota?

01:54PM  20           MR. SHIMOTA:  You know, if you think it's tight,

21   Your Honor, I mean, at the risk of stating the obvious, we

22   would like to move the schedule as quickly as possible.  But

23   if you think you need more time --

24           THE COURT:  Well, note that there is only two

01:55PM  25   rounds of briefing, not three.

1            MR. SHIMOTA:  So three weeks, does that sound --

2            THE COURT:  Three weeks sounds about right to me.

3            MR. SHIMOTA:  Okay.

4            THE COURT:  May 12th?  Defendants?

01:55PM  5            MS. TESSAR:  We can make May 12th work.

6            THE COURT:  So May 12th will be the deadline for

7       the parties, each party to file its opening claim

8       construction brief.  When I say parties, it should be

9       apparent, but I regard AT&T and DIRECTV as related, so their

01:55PM  10      submission would be together.

11            MR. LO:  Yes, Your Honor.  We understand that.

12            THE COURT:  Okay.  All right.  So how much time for

13      the responsive claim construction brief?  Three weeks?

14            MR. SHIMOTA:  Three weeks would be fine with us,

01:55PM  15      Your Honor.

16            MS. TESSAR:  I think if we could have a month, that

17      would be better.  As you pointed out, we'd get a little time

18      back because of the reply brief that we're not doing.

19            THE COURT:  So let's go four weeks, June 9th.  That

01:56PM  20      would be the deadline for the parties' respective responsive

21      claim construction briefs.  And then file joint claim

22      construction chart, that looks like it was a week after the

23      last brief.  Is that enough time, or two -- because this will

24      be joint plaintiff and defendants?

01:56PM  25            MS. TESSAR:  Yeah.  I think that that's usually

|   | |
|---|---|
| 1 | quick for us to put together, but is that something that you |
| 2 | want?  The format is just -- it's just a way of summarizing |
| 3 | the positions with the constructions.  Okay. |
| 4 | THE COURT:  I think it would be helpful, yes. |
| 01:56PM 5 | MS. TESSAR:  Okay. |
| 6 | THE COURT:  So let's make that a one-week exercise. |
| 7 | So that will be due June 16th.  Then the claim construction |
| 8 | hearing, I'm going to want at least two weeks.  That takes us |
| 9 | to June 30th.  Let me set this not on a Friday.  We've got |
| 01:57PM 10 | the 4th of July the next week. |
| 11 | Who among you is coming from out of town?  Okay. |
| 12 | MR. SHIMOTA:  My mom and dad live in L.A., so I'm |
| 13 | more than happy to come on the 4th, Your Honor. |
| 14 | THE COURT:  If you want to -- |
| 01:57PM 15 | MS. TESSAR:  I would prefer for me and my own |
| 16 | vacation schedule if we could do it that week after the 4th |
| 17 | of July. |
| 18 | THE COURT:  Okay.  Let's do that.  Let's say |
| 19 | July 11th.  Let me look at my calendar and make sure that's |
| 01:57PM 20 | okay. |
| 21 | (Pause in proceedings) |
| 22 | MR. LO:  Sorry.  I had to check a couple dockets |
| 23 | here. |
| 24 | THE COURT:  Okay.  Let's say July 11th at |
| 01:58PM 25 | 10:00 a.m.  For the time being, let's say 90 minutes per |

|   | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| 01:59PM | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| 01:59PM | 10 |

1    side.  When I say side, I am grouping defendants.  We'll play

2    it by ear when we get there.  If it takes more time, it takes

3    more time, but that's what you should anticipate in terms if

4    you're going to have a PowerPoint presentation or whatever

5    you're going to do.  I obviously will have read and done my

6    best to digest your respective filings.

7              Yes.  Question?

8              MS. TESSAR:  Just a question.  What is your view on

9    technical tutorials?  Do you want something live?  Do you

10   want CDs submitted beforehand?  What is your preference?

11             THE COURT:  We've done it different ways.  Why

12   don't you meet and confer.  And if you have -- if it becomes

13   apparent to the parties jointly that a tech tutorial would be

14   beneficial, see if you can suggest something in advance of

15   this July 11th hearing.

16             MR. SHIMOTA:  We'll do that, Your Honor.  Thank

17   you.

18             THE COURT:  All right.  That's the last deadline

19   I'm going to set at this point.  Let's see what the world

20   looks like when I issue my claim construction order, and then

21   I'll set a case schedule after that.

22             I don't want to take another year and a half from

23   there.  I will expect you to be, you know, once you get the

24   claim construction order teed up for summary judgment

25   motions, if it can be resolved that way, or prepare for

1    trial.

2          Okay.  So, summarizing, the protective order

3    entered ECF64 will remain in place.  Cases are consolidated

4    for pretrial purposes, and everything will be filed in the

02:01PM  5    low-numbered case at this point.  Any party can make a motion

6    at any time to sever.  We'll expect to revisit consolidation

7    after we get through the Markman -- the claim construction

8    process.

9          You look pensive, Ms. Tessar.

02:01PM  10         MS. TESSAR:  Well, I know that you've got another

11   hearing.  I was going to suggest that for the discovery

12   order, perhaps we can get together following the directions

13   you've given us, submit a proposed order just to make it

14   easier for you since we had a number of issues.

02:01PM  15         THE COURT:  I think that's a good suggestion.  Any

16   opposition to that from plaintiff?

17         MR. SHIMOTA:  No opposition, Your Honor.

18         THE COURT:  I think that's a good idea.  You kind

19   of know what I'm thinking.  So what I'll say in this minute

02:02PM  20   order is that the parties expect to file a stipulated

21   discovery order that will replace ECF50.  I mean, in some

22   instances it may be identical, and that's fine.

23         We talked about the case schedule as far as I'm

24   going to go at this point, and the patent rules.  Is it

02:02PM  25   enough for me to say that the substance of the Eastern

1    District patent rules will remain in effect?  The schedule

2    set forth in the patent rules are modified as I've indicated

3    in my -- in the schedule that I've set forth?  Will that --

4    is that sufficient?

02:02PM 5            MS. TESSAR:  For now.  I imagine there may be

6    situations where we'll need clarification because of

7    conflicts.

8            MR. SHIMOTA:  Yes.  That's fine, Your Honor.  Thank

9    you.

02:03PM 10            THE COURT:  Okay.  Let's go with that for now.

11   Please do meet and confer and try to narrow the issues that

12   are in dispute.  I appreciate that this is a hard-fought

13   case, and that's what we're here for is to resolve disputes.

14   So I'm happy to do that, but let's narrow them to the extent

02:03PM 15   we can and not fight about things that don't need to be

16   fought about and in particular not expend the Court's

17   resources on those issues.

18            Okay.  What else do we need to accomplish today?

19            MS. TESSAR:  Nothing from DISH.

02:03PM 20            MR. SHIMOTA:  Nothing from our perspective,

21   Your Honor.  Thank you for your time.

22            MR. LO:  Nothing for DIRECTV as well.  Thank you.

23            THE COURT:  One other quick thing.  I always raise

24   this at Rule 16 conferences, and that is the prospects of

02:03PM 25   settlement.  It strikes me it might be too early to talk

1   about that.  I see nods -- at least some nods.

2          MS. TESSAR:  I don't know about that, but I was

3   going to suggest that you set a date for the parties to

4   provide their ADR election which normally would have happened

02:04PM   5   under your local rules.

6          THE COURT:  Well, have you met and conferred about

7   -- so there are three ADR options, as you probably know, the

8   magistrate judge assigned to the case, somebody from the ADR

9   panel, or private mediation.

02:04PM   10          MS. TESSAR:  And we have not conferred, and that's

11   why I was suggesting you set a date.

12          THE COURT:  Well, put that aside.  The method of

13   ADR, put that aside for a moment.  What about the prospect of

14   having some sort of a conference?  Where I'm coming from,

02:04PM   15   just to be clear, is if you jointly told me, oh, yes, we

16   think we should have a hard settlement date of X because we

17   think there's -- that would be helpful, great.  I would set

18   that.

19          What I thought you would tell me is that it's a

02:05PM   20   little too early until we know what claim construction looks

21   like, and so I would postpone setting -- issuing any orders.

22   But I would offer that if jointly the parties wanted some

23   help from the Court, like, for example, appointing a

24   magistrate judge, either Judge McDermott who's assigned to

02:05PM   25   this case or other another magistrate judge who has -- we

have a few who have extensive patent experience.  If you

wanted help from one them for free, I would do everything I

could to get that arranged.

So all that having been said, does it make sense

for me to make an order right now, or should I just wait and

hope that you will contact me and say please help us?

MR. SHIMOTA:  Your Honor, from our perspective, I'd

like to discuss with my client.  One thing I would say is

that, I mean, it is early.  My client has had discussions

with both of their respective parties.  They're doing that

individually.

So I -- I'm always happy to have the Court help us.

I just want to confer with my client first to see if that

would help or if other past work, you know, are more

productive.  So if I could just talk with my client, I would

appreciate that.

MS. TESSAR:  And we'll defer to the plaintiff on

this.

THE COURT:  Mr. Lo, concur?

MR. LO:  Yes, Your Honor.

THE COURT:  Okay.  All right.  Well, I'll do

nothing in that regard.  If, for example, you want help from

a magistrate judge or I can help in some other way, contact

my courtroom deputy and I'll do everything I can to set that

up.

| | |
|---|---|
| 1 | Okay.  I think I already asked you this.  Anything |
| 2 | else we need to accomplish today? |
| 3 | Yes, Mr. Lo? |
| 4 | MR. LO:  Your Honor, I apologize.  There was one |
| 02:06PM 5 | other deadline which we didn't cover which is -- because they |
| 6 | served supplemental infringement contentions, typically we |
| 7 | would serve supplemental invalidity contentions.  We didn't |
| 8 | discuss a date for that, and we would suggest sometime in |
| 9 | February. |
| 02:06PM 10 | MR. SHIMOTA:  If that's what they need.  On the |
| 11 | schedule they proposed, they proposed 30 days, a month after |
| 12 | we served our contentions.  We've served our contentions now. |
| 13 | If they need more time, I -- I guess we won't object, |
| 14 | Your Honor. |
| 02:07PM 15 | THE COURT:  So we're talking about one additional |
| 16 | date for me to set? |
| 17 | MR. LO:  Yes, Your Honor. |
| 18 | THE COURT:  Deadline for -- deadline for? |
| 19 | MR. LO:  Supplemental invalidity contentions. |
| 02:07PM 20 | THE COURT:  And what date are you proposing? |
| 21 | MR. LO:  February 16th. |
| 22 | MR. SHIMOTA:  We would prefer to have them earlier, |
| 23 | particularly in light of the claim construction process. |
| 24 | But, you know, so -- if they could get it to us earlier.  As |
| 02:07PM 25 | things stand now, you know, we're exchanging terms.  I think |

we should know that in advance.  They have our contentions

now.  If they could get it to us by the 15th of January, I

think that would be very helpful.

THE COURT:  Yes.  Isn't this something that should

be served before parties exchange proposed claim terms for

construction?

MR. LO:  It -- I don't know that it has to be,

Your Honor.  It doesn't always occur that way.  Unlike other

things, this is not necessarily a lawyer-driven thing in the

invalidity contentions.  We've got to work with experts and

things like that.  And I'm just foreseeing the holiday season

coming up, which is why I'm asking for February 16th.

MS. TESSAR:  I would just add to that, that this is

a little bit driven by when we're getting the supplemental

infringement contentions.  They weren't -- they wanted to

send supplemental infringement contentions at the beginning

of September, and that's been three months.  We've had them

for one day, so it's a little hard for us to evaluate.

THE COURT:  So the supplemental infringement

contentions, plaintiff served those yesterday?

MR. SHIMOTA:  No.  Friday, Your Honor.

MS. TESSAR:  One business day.  Sorry.

THE COURT:  So 12/9?

MR. SHIMOTA:  12 /9, Your Honor.

THE COURT:  Let's go January 20th, January 20th

|       | 1  | deadline for supplemental invalidity contentions.              |

1    deadline for supplemental invalidity contentions.

2         MR. LO:  Thank you.

3         THE COURT:  That gives you more than a month in

4    view of the holidays and still gets them in plaintiff's hands

02:09PM  5    before the 27th.

6         MR. LO:  We will do that, Your Honor.

7         THE COURT:  Okay.

8         Anything else?

9         MR. SHIMOTA:  No, Your Honor.  Thank you.

02:09PM  10        MS. TESSAR:  No, Your Honor.  Thank you.

11        MR. LO:  No.  Thank you, Your Honor.

12        THE COURT:  Madam clerk, did you get all those

13   dates?

14        THE CLERK:  Yes.

02:09PM  15        MS. TESSAR:  Do you want us to build the schedule

16   into the proposed order as well to make it easier for

17   everyone?

18        THE COURT:  The proposed discovery order?

19        MS. TESSAR:  I think we'd probably do it separately

02:09PM  20   as a proposed scheduling order.

21        THE COURT:  No.  I'm going to put this in my minute

22   order memorializing this hearing.

23        Okay.  Hearing nothing else, counsel, thank you

24   very much.  Thanks for traveling in.  It's good to see you

02:10PM  25   and meet you.  I think I met some of you before.  So I wish

```
 1    you a very happy holiday season, and good luck with your

 2    respective meets and confers.

 3              MS. TESSAR:  Thank you, your Honor.

 4              MR. LO:  Thank you, Your Honor.

 5              MR. SHIMOTA:  Thank you, Your Honor.

 6              THE COURT:  Okay.  Thank you.  We'll take a recess

 7    now.

 8                 (Proceedings adjourned at 2:10 p.m.)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                           CERTIFICATE

2     I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

3     TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN

4     THE ABOVE MATTER.

5     FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

6     REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

7     REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

8

9     /s/ Miriam V. Baird          01/25/2024

10    MIRIAM V. BAIRD                      DATE
      OFFICIAL REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**'**

**'008** [3] - 23:23, 23:24, 24:15
**'576** [5] - 19:20, 20:13, 20:17, 20:22, 22:9
**'715** [3] - 22:9, 22:19, 22:21

**/**

**/9** [1] - 49:24
**/s** [1] - 52:9

**1**

**1** [5] - 22:22, 24:7, 24:9, 24:15
**10100** [1] - 2:4
**10:00** [1] - 42:25
**11** [9] - 17:21, 17:25, 18:2, 18:7, 18:21, 24:12, 24:13, 24:15, 36:4
**11893** [1] - 1:23
**11th** [3] - 42:19, 42:24, 43:15
**12** [6] - 16:4, 17:16, 22:24, 22:25, 23:15, 49:24
**12/20/2022** [1] - 52:9
**12/9** [1] - 49:23
**12C** [2] - 10:19, 16:1
**12th** [3] - 41:4, 41:5, 41:6
**13** [5] - 1:19, 3:1, 10:20, 16:8, 24:8
**14** [7] - 20:17, 20:20, 20:24, 20:25, 21:17, 21:19
**1400** [1] - 2:17
**15** [1] - 37:16
**15th** [1] - 49:2
**16** [2] - 37:16, 45:24
**16th** [3] - 42:7, 48:21, 49:12
**17** [2] - 17:3, 24:8
**17th** [3] - 36:24, 37:3, 37:9
**18** [1] - 24:8
**1900** [1] - 2:17
**1:00** [1] - 3:1
**1st** [1] - 27:23

**2**

**2022** [2] - 1:19, 3:1
**2023** [4] - 30:2, 30:3, 30:19, 36:14
**2024** [2] - 30:21, 32:5
**20th** [2] - 49:25
**21st** [2] - 38:8, 38:13
**22nd** [1] - 27:24
**23** [4] - 19:22, 20:17, 21:1
**237** [1] - 17:3
**25** [1] - 12:12
**26(f** [1] - 35:8
**27th** [3] - 36:13, 36:14, 50:5
**28** [1] - 20:10

**29** [1] - 11:22, 11:23, 12:1, 12:4, 12:14, 13:7, 13:23, 14:13, 20:11, 21:12
**2:00** [1] - 4:3
**2:10** [1] - 51:8
**2nd** [1] - 10:14

**3**

**3-1** [1] - 35:14
**3-3** [1] - 35:15
**3-6** [1] - 35:16
**3-7** [1] - 35:17
**30** [5] - 12:11, 28:2, 29:20, 30:6, 48:11
**30(b)(6** [2] - 34:11, 34:14
**30th** [1] - 42:9
**3100** [1] - 2:7
**333** [1] - 2:14
**34** [3] - 21:4, 21:9, 21:11
**350** [1] - 1:24
**37** [4] - 14:23, 15:6, 15:13, 15:21

**4**

**4-1** [1] - 35:18
**4-2** [1] - 35:18
**4-3** [1] - 35:18
**4-4** [1] - 35:18
**4-5** [1] - 35:18
**4-6** [1] - 35:18
**42** [2] - 21:4, 21:11
**45** [2] - 28:2, 29:21
**4th** [3] - 42:10, 42:13, 42:16

**5**

**5** [2] - 24:8
**5th** [1] - 38:14

**6**

**60** [1] - 28:2
**60602** [1] - 2:8

**7**

**7** [1] - 24:8
**7-3** [1] - 32:17
**70** [1] - 2:7
**7775** [4] - 3:17, 8:4, 18:21, 36:5
**7th** [2] - 37:23, 38:7

**8**

**80202** [1] - 2:18
**8TH** [1] - 2:4

**9**

**9** [10] - 22:23, 22:25, 23:5, 23:6, 23:14, 23:16, 23:18, 24:8, 24:10, 24:12
**90** [1] - 42:25
**90012** [1] - 1:25
**90067** [1] - 2:5
**90071-3197** [1] - 2:15
**9th** [1] - 41:19

**A**

**a.m** [1] - 42:25
**abiding** [2] - 27:2, 27:14
**able** [7] - 8:25, 9:4, 9:11, 11:9, 13:22, 25:24, 40:2
**ABOVE** [1] - 52:4
**absolutely** [2] - 8:15, 40:8
**accomplish** [2] - 45:18, 48:2
**accusatory** [2] - 27:22, 36:7
**accused** [3] - 21:25, 22:7, 31:4
**add** [2] - 29:24, 49:13
**added** [1] - 31:8
**additional** [2] - 20:9, 48:15
**address** [1] - 10:7
**adjourned** [1] - 51:8
**adjustment** [1] - 18:15
**admitted** [1] - 28:18
**adopt** [1] - 27:20
**ADR** [4] - 46:4, 46:7, 46:8, 46:13
**advance** [2] - 43:14, 49:1
**affects** [1] - 24:25
**afternoon** [7] - 3:11, 3:13, 3:15, 3:17, 3:20, 3:21, 3:24
**agenda** [1] - 10:7
**ago** [2] - 35:8, 38:3
**agree** [5] - 12:10, 12:11, 14:14, 25:24, 27:19
**agreed** [5] - 5:8, 6:21, 7:15, 10:23, 12:12
**agreement** [1] - 34:24
**ahead** [6] - 11:1, 13:6, 15:3, 16:21, 23:13, 30:24
**AIA** [1] - 7:16
**AL** [2] - 1:10, 2:13
**al** [2] - 3:4, 3:6
**allotted** [1] - 4:2
**allowed** [2] - 11:3, 14:2
**Amanda** [1] - 3:22
**AMANDA** [1] - 2:16
**ambiguities** [1] - 33:18
**amenable** [1] - 33:9
**amend** [1] - 37:17
**amended** [3] - 20:13, 37:13, 38:3
**amending** [1] - 35:16

**ANA** [2] - 1:18, 3:1
**AND** [4] - 2:3, 2:6, 2:13, 52:2
**AND/OR** [1] - 52:6
**ANGELES** [3] - 1:25, 2:5, 2:15
**answer** [3] - 20:16, 26:12, 27:3
**anticipate** [2] - 6:25, 43:3
**ANY** [1] - 52:5
**anyway** [1] - 17:16
**anyways** [1] - 13:1
**apart** [1] - 30:5
**apologies** [1] - 14:1
**apologize** [3] - 20:24, 21:3, 48:4
**apparatus** [1] - 24:11
**apparent** [2] - 41:9, 43:13
**appeals** [1] - 7:19
**appear** [1] - 4:7
**appearance** [1] - 3:7
**appearing** [1] - 3:9
**applicable** [1] - 38:4
**appointing** [1] - 46:23
**appreciate** [3] - 6:1, 45:12, 47:16
**approach** [5] - 28:9, 30:7, 30:15, 30:16, 30:17
**approaches** [1] - 30:22
**appropriate** [4] - 14:15, 34:24, 35:1, 35:3
**April** [5] - 30:2, 37:23, 38:7, 38:8, 38:13
**ARE** [1] - 52:6
**argument** [1] - 28:21
**arises** [1] - 8:9
**arranged** [1] - 47:3
**aside** [2] - 46:12, 46:13
**aspersions** [1] - 28:23
**asserted** [5] - 22:20, 22:22, 23:25, 24:3, 25:6
**asserting** [2] - 19:23, 22:21
**assigned** [3] - 8:18, 19:18, 46:8, 46:24
**assistance** [1] - 13:4
**assume** [2] - 9:3, 19:10
**assuming** [2] - 26:19, 39:24
**AT&T** [4] - 3:18, 9:24, 13:14, 41:9
**AVENUE** [1] - 2:14
**aware** [1] - 16:16

**B**

**BAIRD** [2] - 1:23, 52:10
**Baird** [1] - 52:9
**based** [3] - 31:2, 31:6, 31:8
**becomes** [1] - 43:12
**beforehand** [1] - 43:10
**beginning** [2] - 3:8, 49:16

**BEHALF** [3] - 2:3, 2:13, 2:16
**behalf** [2] - 3:9, 3:23
**behoove** [1] - 17:11
**beneficial** [1] - 43:14
**best** [1] - 43:6
**better** [2] - 40:14, 41:17
**between** [5] - 17:24, 28:3, 30:11, 30:23, 40:5
**beyond** [1] - 13:7
**big** [2] - 17:4, 30:7
**bit** [9] - 6:16, 9:8, 13:7, 14:10, 26:14, 35:23, 39:22, 40:18, 49:14
**blessed** [2] - 10:24, 13:6
**blown** [1] - 15:12
**bother** [1] - 12:12
**BOULEVARD** [1] - 2:4
**boundaries** [1] - 22:1
**break** [1] - 34:14
**brief** [7] - 13:17, 39:20, 40:15, 41:8, 41:13, 41:18, 41:23
**briefing** [3] - 14:5, 32:8, 40:25
**briefs** [5] - 15:17, 39:18, 39:19, 41:21
**broadly** [1] - 11:23
**brought** [1] - 22:6
**build** [1] - 50:15
**bull's** [1] - 22:2
**bunch** [1] - 20:1
**business** [1] - 49:22
**but..** [1] - 36:12

21:25, 28:23, 28:25, 29:1, 44:3
**cast** [1] - 28:23
**catch** [1] - 22:15
**caught** [1] - 11:24
**CCRA** [1] - 1:23
**CDs** [1] - 43:10
**CENTRAL** [1] - 1:2
**Central** [3] - 14:7, 14:19, 30:17
**certainly** [7] - 6:15, 6:21, 7:4, 25:19, 25:20, 33:7, 34:6
**certificate** [3] - 20:3, 20:7, 20:12
**CERTIFICATE** [1] - 52:1
**CERTIFY** [1] - 52:2
**cetera** [4] - 12:7, 12:9
**chagrin** [1] - 17:15
**chamber's** [1] - 18:3
**chambers** [1] - 15:15
**change** [1] - 12:2
**changed** [3] - 31:1, 31:9, 31:16
**CHARGED** [1] - 52:5
**chart** [1] - 41:22
**chase** [2] - 28:22, 32:11
**check** [1] - 42:22
**CHICAGO** [1] - 2:8
**christina** [1] - 3:14
**CHRISTINA** [1] - 2:3
**CIRCUIT** [1] - 52:5
**circumstances** [2] - 6:1, 36:21
**cite** [1] - 17:2
**claim** [54] - 4:21, 7:1, 7:4, 7:11, 8:7, 10:3, 10:9, 17:13, 19:3, 19:7, 19:19, 20:24, 21:7, 21:13, 21:17, 21:19, 22:22, 23:4, 23:6, 23:16, 23:17, 23:18, 24:9, 24:11, 25:1, 30:1, 31:15, 32:12, 33:14, 36:5, 36:15, 36:18, 37:4, 37:8, 37:20, 37:22, 38:5, 38:16, 38:24, 39:8, 39:17, 39:21, 41:7, 41:13, 41:21, 42:7, 43:20, 43:24, 44:7, 46:20, 48:23, 49:5
**claims** [26] - 19:22, 20:9, 20:13, 20:17, 20:20, 21:4, 21:8, 21:22, 22:14, 22:20, 22:22, 22:23, 23:10, 23:14, 24:1, 24:3, 24:7, 24:9, 24:15, 25:6, 25:18, 25:19, 25:21
**clarification** [1] - 45:6
**classes** [1] - 17:15
**cleanliness** [1] - 7:18
**clear** [5] - 9:23, 18:20, 22:11, 36:16, 46:15

**CLERK** [3] - 3:3, 8:20, 50:14
**clerk** [1] - 50:12
**client** [5] - 28:15, 47:8, 47:9, 47:13, 47:15
**clients** [1] - 40:1
**close** [2] - 9:11, 29:7
**CO** [1] - 2:18
**codefendant** [1] - 8:12
**Coie** [1] - 3:23
**COIE** [1] - 2:16
**college** [1] - 17:14
**comb** [1] - 10:17
**combination** [1] - 18:16
**coming** [5] - 10:20, 27:13, 42:11, 46:14, 49:12
**COMMUNICATIONS** [2] - 1:4, 2:3
**Communications** [2] - 3:4, 3:5
**compel** [1] - 6:18
**compendium** [1] - 16:22
**competitors** [1] - 5:25
**compiles** [1] - 16:24
**complete** [4] - 38:5, 38:11, 38:23, 39:21
**completed** [1] - 29:5
**completely** [1] - 7:15
**completing** [1] - 34:3
**complicated** [1] - 31:17
**complied** [1] - 27:22
**comply** [3] - 15:6, 27:24, 32:15
**concerned** [1] - 36:1
**concerning** [1] - 34:11
**concur** [2] - 26:11, 39:2, 47:19
**concurrently** [1] - 33:4
**conduct** [1] - 12:21
**confer** [13] - 11:10, 14:12, 16:19, 32:18, 34:21, 35:4, 35:24, 39:14, 39:15, 43:12, 45:11, 47:13
**CONFERENCE** [2] - 1:17, 52:7
**conference** [4] - 15:17, 19:1, 35:8, 46:14
**conferences** [1] - 45:24
**conferred** [5] - 11:16, 15:5, 34:17, 46:6, 46:10
**confers** [1] - 51:2
**confess** [1] - 19:18
**confidential** [7] - 4:24, 5:2, 6:2, 6:25, 8:12, 9:3, 31:8
**conflict** [1] - 12:19
**conflicts** [1] - 45:7
**CONFORMANCE** [1] - 52:6
**confusion** [1] - 6:17
**connection** [2] - 7:1, 7:3
**consensually** [1] - 8:13

**considered** [1] - 22:9
**considering** [1] - 26:5
**consolidate** [4] - 4:17, 4:18, 4:21, 7:10
**consolidated** [4] - 7:23, 8:1, 8:3, 44:3
**consolidates** [1] - 6:13
**consolidating** [1] - 26:7
**consolidation** [5] - 4:14, 4:16, 8:6, 10:4, 44:6
**construction** [41] - 4:21, 7:2, 7:4, 7:11, 8:7, 10:3, 10:9, 17:13, 19:3, 19:7, 19:19, 24:16, 25:1, 25:2, 30:1, 32:12, 33:15, 36:6, 36:15, 36:25, 37:4, 37:9, 37:20, 37:22, 38:5, 38:16, 38:25, 39:8, 39:17, 39:21, 41:8, 41:13, 41:21, 41:22, 42:7, 43:20, 43:24, 44:7, 46:20, 48:23, 49:6
**constructions** [3] - 33:11, 36:19, 42:3
**construe** [1] - 30:12
**construed** [16] - 19:4, 19:9, 21:19, 22:17, 23:18, 25:8, 25:19, 25:20, 26:16, 29:15, 30:12, 31:14, 31:15, 31:19, 31:23, 31:24
**contact** [3] - 15:14, 47:6, 47:23
**contemplating** [1] - 36:2
**contentions** [18] - 22:5, 26:18, 26:24, 27:10, 30:10, 35:16, 35:17, 48:6, 48:7, 48:12, 48:19, 49:1, 49:10, 49:15, 49:16, 49:20, 50:1
**contest** [1] - 26:4
**context** [1] - 26:14
**continuation** [1] - 24:7
**continue** [2] - 5:8, 5:22
**contradiction** [1] - 17:24
**contrary** [3] - 12:3, 12:14, 14:19
**convenient** [2] - 5:6, 9:10
**conversation** [2] - 13:18, 35:15
**cookie** [2] - 28:10, 28:23
**coordinate** [3] - 6:22, 26:23, 30:11
**coordinating** [1] - 39:25
**coordination** [1] - 26:22
**copies** [3] - 17:25, 18:3, 19:13
**copy** [1] - 22:6
**Corporation** [1] - 3:6
**correct** [14] - 12:24, 18:23, 20:14, 21:2, 21:20, 23:2, 23:19, 23:22, 24:17, 29:7, 33:1, 33:25, 34:9, 39:1

## C

**CA** [2] - 2:5, 2:15
**calendar** [2] - 4:3, 42:19
**California** [2] - 14:7, 14:20
**CALIFORNIA** [4] - 1:2, 1:18, 1:25, 3:1
**canceled** [1] - 20:8
**candidly** [1] - 22:9
**cannot** [2] - 31:10, 34:23
**caption** [3] - 5:9, 5:14, 8:5
**care** [2] - 29:10, 29:11
**case** [43] - 3:4, 3:18, 4:9, 6:14, 7:4, 8:4, 8:19, 10:8, 16:3, 16:5, 17:10, 17:17, 18:19, 18:21, 19:4, 19:18, 22:8, 22:10, 22:15, 25:13, 26:2, 27:2, 27:8, 27:16, 28:10, 28:19, 29:13, 29:15, 31:5, 31:6, 31:12, 31:18, 32:6, 32:12, 36:5, 36:21, 43:21, 44:5, 44:23, 45:13, 46:8, 46:25
**cases** [17] - 4:17, 4:19, 4:21, 5:17, 6:12, 7:10, 7:23, 8:3, 8:9, 9:16, 10:13, 16:9,

**CORRECT** [1] - 52:2
**counsel** [9] - 3:7, 4:1, 6:5, 9:9, 11:15, 11:22, 27:19, 35:17, 50:23
**couple** [3] - 21:10, 35:12, 42:22
**course** [2] - 8:16, 27:4
**Court** [13] - 5:6, 6:12, 12:3, 12:5, 13:5, 14:14, 14:15, 14:19, 14:20, 27:4, 30:5, 46:23, 47:12
**COURT** [133] - 1:1, 1:23, 3:11, 3:15, 3:20, 3:24, 4:12, 5:11, 5:21, 6:4, 6:24, 7:8, 7:22, 8:21, 8:24, 9:6, 9:19, 10:1, 10:6, 11:4, 11:14, 11:21, 11:25, 12:22, 12:25, 13:2, 13:10, 13:24, 14:12, 15:8, 15:25, 17:20, 18:1, 18:7, 18:11, 18:18, 19:13, 19:17, 19:22, 20:2, 20:5, 20:10, 20:18, 20:20, 20:25, 21:11, 21:16, 22:19, 22:25, 23:4, 23:6, 23:11, 23:16, 23:20, 23:23, 23:25, 24:12, 24:14, 24:20, 24:25, 25:5, 25:11, 26:11, 27:17, 28:12, 28:14, 28:21, 29:10, 29:17, 29:23, 30:24, 31:20, 32:2, 32:10, 33:5, 33:8, 33:13, 33:23, 34:4, 34:8, 34:17, 34:19, 34:21, 34:23, 36:11, 36:13, 36:24, 37:7, 37:13, 38:2, 38:11, 38:22, 39:2, 39:7, 39:15, 39:17, 40:4, 40:12, 40:19, 40:24, 41:2, 41:4, 41:6, 41:12, 41:19, 42:4, 42:6, 42:14, 42:18, 42:24, 43:11, 43:18, 44:15, 44:18, 45:10, 45:23, 46:6, 46:12, 47:19, 47:21, 48:15, 48:18, 48:20, 49:4, 49:19, 49:23, 49:25, 50:3, 50:7, 50:12, 50:18, 50:21, 51:6
**court** [1] - 17:23
**Court's** [3] - 12:20, 13:13, 45:16
**courtesy** [1] - 17:25
**courtroom** [1] - 47:24
**cover** [1] - 48:5
**create** [1] - 9:4
**criminal** [1] - 4:3
**critical** [1] - 14:9
**cross** [2] - 27:7, 28:18
**cross-moved** [2] - 27:7, 28:18
**CRUTCHER** [1] - 2:13
**crystal** [1] - 9:23
**CSR** [1] - 1:23

**current** [1] - 17:25
**cut** [2] - 28:22, 32:11
**cutoff** [2] - 12:23, 13:4
**cutter** [2] - 28:10, 28:23
**CV-22-07775-JWH** [1] - 3:3
**CV-22-07959-JWH** [1] - 3:5
**CV22-07775-JWH** [1] - 1:8

**D**

**dad** [1] - 42:12
**date** [13] - 19:6, 37:16, 37:18, 38:19, 39:4, 39:11, 39:13, 46:3, 46:11, 46:16, 48:8, 48:16, 48:20
**DATE** [1] - 52:10
**dates** [2] - 36:2, 50:13
**days** [9] - 28:2, 29:20, 29:21, 30:6, 32:17, 37:2, 48:11
**deadline** [14] - 18:25, 19:2, 27:23, 27:24, 38:17, 38:23, 39:8, 41:6, 41:20, 43:18, 48:5, 48:18, 50:1
**deadlines** [3] - 27:13, 27:15, 27:16
**DECEMBER** [2] - 1:19, 3:1
**December** [2] - 27:23, 27:24
**decide** [1] - 11:19
**declarations** [1] - 16:22
**default** [1] - 35:6
**defendant** [2] - 8:11
**DEFENDANT** [2] - 2:13, 2:16
**defendant's** [1] - 11:21
**defendants** [22] - 1:12, 3:19, 3:23, 4:24, 6:24, 9:13, 19:5, 27:6, 29:18, 30:3, 30:11, 31:5, 31:9, 33:8, 35:3, 36:10, 37:15, 39:23, 40:5, 41:4, 41:24, 43:1
**defendants'** [3] - 25:7, 27:19, 33:14
**defenses** [1] - 35:17
**defer** [1] - 47:17
**deltas** [1] - 28:3
**denied** [1] - 34:4
**DENVER** [1] - 2:18
**depart** [1] - 11:19
**DEPOSIT** [1] - 52:6
**deposition** [5] - 11:11, 12:6, 13:3, 16:23
**depositions** [4] - 7:7, 14:11, 33:19, 34:7
**deputy** [1] - 47:24
**detail** [1] - 10:20
**difference** [2] - 30:7, 30:22
**differences** [2] - 4:8, 4:13
**different** [8] - 9:16, 13:16, 19:11, 22:24, 23:7, 30:15, 40:6, 43:11
**digest** [1] - 43:6

**directions** [1] - 44:12
**directly** [1] - 26:13
**DIRECTTV** [2] - 1:10, 2:13
**DIRECTV** [17] - 3:4, 3:18, 5:24, 9:2, 9:13, 9:23, 13:14, 15:22, 22:24, 25:10, 26:8, 26:14, 32:22, 37:12, 37:25, 41:9, 45:22
**disagree** [1] - 25:20
**disclosure** [4] - 37:8, 37:19, 37:21, 38:6
**discovery** [44] - 4:22, 8:16, 10:8, 10:11, 10:12, 12:2, 12:4, 12:8, 12:21, 12:23, 13:4, 13:19, 14:21, 15:1, 16:5, 17:17, 17:19, 18:11, 30:9, 30:13, 30:20, 30:21, 31:5, 32:8, 32:13, 33:2, 33:3, 33:6, 33:12, 33:13, 33:14, 34:8, 35:2, 35:7, 38:5, 38:17, 38:25, 39:4, 39:5, 39:9, 39:21, 44:11, 44:21, 50:18
**discrete** [1] - 34:15
**discuss** [5] - 5:13, 11:10, 35:12, 47:8, 48:8
**discussion** [1] - 7:25
**discussions** [1] - 47:9
**DISH** [15] - 2:16, 3:23, 4:9, 5:24, 6:2, 9:2, 9:23, 14:6, 22:23, 26:15, 26:18, 32:21, 37:11, 38:1, 45:19
**Dish** [1] - 3:6
**DISH's** [1] - 28:6
**dispute** [3] - 15:15, 21:21, 45:12
**disputed** [2] - 17:6, 17:8
**disputes** [5] - 13:5, 14:21, 15:1, 26:1, 45:13
**DISTRICT** [4] - 1:1, 1:2, 1:3, 1:23
**District** [23] - 5:7, 5:17, 6:11, 8:2, 10:9, 14:7, 14:19, 16:4, 16:6, 18:14, 27:5, 28:1, 28:8, 28:19, 30:17, 33:24, 35:12, 35:21, 36:16, 36:19, 38:23, 40:9, 45:1
**district** [1] - 38:20
**docket** [1] - 12:20
**dockets** [4] - 6:20, 7:20, 42:22
**document** [6] - 6:14, 16:21, 16:25, 17:2, 38:12, 38:23
**documents** [4] - 6:8, 6:9, 22:8, 34:2
**done** [8] - 27:12, 33:6, 33:25, 36:6, 36:7, 36:8, 43:5, 43:11
**doubt** [1] - 8:2
**down** [2] - 7:14, 16:15

**drag** [2] - 31:11
**dramatically** [1] - 13:16
**driven** [2] - 49:9, 49:14
**due** [2] - 39:20, 42:7
**DUNN** [1] - 2:13
**Dunn** [1] - 3:18
**duty** [1] - 18:16
**dwell** [1] - 21:16

**E**

**ear** [1] - 43:2
**early** [5] - 17:11, 19:2, 45:25, 46:20, 47:9
**easier** [3] - 40:2, 44:14, 50:16
**easiest** [1] - 10:12
**Eastern** [20] - 5:7, 5:17, 6:11, 8:1, 10:9, 16:3, 16:6, 18:14, 27:5, 28:1, 28:8, 28:19, 33:24, 35:11, 35:21, 36:16, 36:19, 38:22, 40:9, 44:25
**easy** [1] - 17:2
**ECF** [1] - 16:25
**ECF169** [2] - 18:20, 36:5
**ECF17-1** [2] - 20:10, 21:12
**ECF50** [6] - 10:8, 10:14, 14:17, 15:21, 18:7, 44:21
**ECF64** [2] - 5:18, 44:3
**echo** [1] - 14:3
**edit** [1] - 11:3
**effect** [5] - 5:18, 24:24, 25:16, 25:17, 45:1
**effectively** [1] - 27:14
**efficiencies** [1] - 6:22
**efficiency** [1] - 39:11
**efficient** [1] - 34:15
**efficiently** [2] - 22:17, 29:13
**either** [6] - 15:10, 15:17, 17:7, 34:16, 40:7, 46:24
**election** [1] - 46:4
**elements** [1] - 22:14
**end** [2] - 30:9, 36:14
**endeavor** [1] - 36:2
**engineering** [1] - 17:15
**entered** [4] - 5:16, 10:13, 16:9, 44:3
**entitled** [1] - 12:4
**ENTROPIC** [2] - 1:4, 2:3
**Entropic** [5] - 3:3, 3:5, 3:10, 9:2, 14:4
**envelope** [1] - 37:1
**especially** [1] - 30:5
**establish** [1] - 35:4
**established** [2] - 16:3, 35:11
**establishes** [1] - 14:21
**et** [6] - 3:4, 3:6, 12:7, 12:9
**ET** [2] - 1:10, 2:13

evaluate [1] - 49:18
event [4] - 36:18, 37:13, 37:19, 38:11
events [1] - 28:3
evidence [4] - 16:24, 17:6, 22:11, 31:2
ex [3] - 20:2, 20:7, 20:11
exact [2] - 9:21, 31:4
exactly [1] - 15:23
exam [1] - 20:7
example [7] - 11:11, 12:11, 12:25, 13:19, 21:18, 46:23, 47:22
exchange [7] - 19:2, 36:5, 36:14, 36:18, 38:12, 38:24, 49:5
exchanging [2] - 39:11, 48:25
exercise [2] - 25:1, 42:6
exhibit [3] - 16:22, 17:3, 17:7
exhibits [1] - 16:23
exist [1] - 21:25
expand [1] - 22:14
expect [5] - 13:8, 15:23, 43:23, 44:6, 44:20
expend [1] - 45:16
expensive [1] - 33:12
experience [1] - 47:1
expert [5] - 30:20, 37:8, 37:19, 37:22, 38:7
experts [1] - 49:10
explain [1] - 10:20
explained [1] - 25:25
extend [1] - 12:22, 29:19
extensive [2] - 25:1, 47:1
extent [4] - 7:24, 9:1, 10:23, 45:14
eye [1] - 22:2

**F**

facetious [1] - 4:4
fact [16] - 8:1, 11:15, 17:7, 21:21, 26:5, 30:9, 30:13, 30:20, 32:13, 33:2, 33:3, 33:14, 34:8, 38:17, 39:3, 39:5
facts [2] - 17:5, 22:11
far [6] - 5:1, 5:23, 6:8, 14:18, 30:4, 44:23
faster [1] - 40:3
features [1] - 22:7
February [6] - 36:12, 36:24, 37:3, 48:9, 48:21, 49:12
FEE [1] - 52:5
FEES [1] - 52:5
few [1] - 47:1
fierce [1] - 5:24
fight [2] - 22:3, 45:15
figure [3] - 27:16, 30:12,

34:10
figuring [1] - 30:11
file [17] - 9:15, 9:17, 14:15, 16:18, 18:5, 32:17, 32:18, 32:23, 34:13, 34:24, 35:3, 36:25, 37:4, 37:13, 41:7, 41:21, 44:20
filed [12] - 4:8, 6:14, 16:25, 17:1, 27:9, 28:7, 29:9, 29:12, 31:6, 32:6, 44:4
filing [2] - 8:11, 30:2
filings [4] - 8:3, 9:1, 17:25, 43:6
finally [1] - 16:8
financial [2] - 6:2, 7:5
fine [15] - 10:17, 11:6, 12:12, 14:18, 28:22, 29:20, 37:5, 37:24, 37:25, 39:3, 39:5, 39:12, 41:14, 44:22, 45:8
fine-tooth [1] - 10:17
finish [1] - 17:13
firm [1] - 3:10
FIRST [1] - 1:24
first [18] - 5:4, 10:11, 13:20, 14:1, 17:21, 18:20, 24:4, 24:6, 24:22, 24:23, 25:9, 26:13, 27:1, 28:4, 28:5, 35:5, 39:20, 47:13
five [8] - 10:21, 11:5, 13:11, 13:12, 13:15, 14:3, 14:17, 32:7
FLOOR [2] - 1:24, 2:4
follow [2] - 36:16, 37:16
following [1] - 44:12
FOR [1] - 52:5
FOREGOING [1] - 52:2
foreseeing [1] - 49:11
forget [1] - 17:24
forgive [2] - 5:11, 32:10
formally [1] - 4:18
format [2] - 14:20, 42:2
forth [6] - 16:2, 20:13, 35:23, 36:4, 45:2, 45:3
forward [4] - 19:10, 29:4, 29:13, 33:3
fought [2] - 45:12, 45:16
four [6] - 23:17, 32:7, 36:25, 37:1, 37:2, 41:19
FOURTH [1] - 1:24
free [1] - 47:2
Friday [3] - 26:21, 42:9, 49:21
full [1] - 15:12
full-blown [1] - 15:12

**G**

Gates [2] - 3:10, 3:14
GATES [2] - 2:3, 2:6
general [1] - 39:4

generally [1] - 13:15
GIBSON [1] - 2:13
Gibson [1] - 3:18
Gilstrap [4] - 10:13, 10:24, 12:15, 34:4
given [3] - 24:18, 25:5, 44:13
GOODRICH [3] - 2:3, 3:13, 15:4
Goodrich [2] - 3:14, 3:16
govern [1] - 5:8
governing [1] - 12:8
GRAND [1] - 2:14
great [2] - 5:21, 46:17
grouping [1] - 43:1
guess [3] - 4:24, 35:20, 48:13
guidance [4] - 8:16, 12:17, 34:13, 34:25

**H**

half [3] - 37:21, 43:22
hand [1] - 9:23
handle [1] - 32:12
handles [1] - 6:12
hands [1] - 50:4
happy [10] - 9:9, 12:10, 15:4, 22:6, 35:21, 40:10, 42:13, 45:14, 47:12, 51:1
hard [3] - 45:12, 46:16, 49:18
hard-fought [1] - 45:12
harder [1] - 20:21
hate [1] - 11:6
head [1] - 26:19
hear [5] - 5:12, 7:9, 11:21, 29:5, 35:9
heard [1] - 9:14
hearing [10] - 5:16, 25:2, 36:3, 36:6, 38:18, 42:8, 43:15, 44:11, 50:22, 50:23
heartburn [1] - 10:18
Hello [1] - 3:22
help [8] - 21:5, 46:23, 47:2, 47:6, 47:12, 47:14, 47:22, 47:23
helpful [3] - 42:4, 46:17, 49:3
HEREBY [1] - 52:2
HOLCOMB [1] - 1:3
hold [4] - 19:13, 20:18, 23:11, 33:23
holiday [2] - 49:11, 51:1
holidays [1] - 50:4
Honor [67] - 3:13, 3:17, 4:11, 5:4, 5:20, 9:12, 9:25, 11:8, 11:13, 11:20, 11:24, 13:9, 13:22, 15:4, 15:21, 17:18, 18:24, 19:12, 20:16, 21:3, 21:14, 21:20, 24:19, 26:12, 29:8, 29:16, 29:22, 30:25, 31:17, 33:2, 33:21, 34:20,

36:9, 36:22, 36:23, 37:5, 37:6, 37:10, 37:24, 37:25, 38:9, 38:15, 39:10, 40:8, 40:21, 41:11, 41:15, 42:13, 43:16, 44:17, 45:8, 45:21, 47:7, 47:20, 48:4, 48:14, 48:17, 49:8, 49:21, 49:24, 50:6, 50:9, 50:10, 50:11, 51:3, 51:4, 51:5
Honor's [3] - 26:13, 27:1, 34:12
HONORABLE [1] - 1:3
hope [3] - 4:2, 4:4, 47:6
hopeful [1] - 19:8
hopefully [1] - 9:6
hotly [1] - 26:4
hour [2] - 4:3, 4:5
hours [2] - 13:21, 14:10
housekeeping [1] - 17:22
hundred [1] - 23:21

**I**

idea [3] - 14:4, 40:7, 44:18
ideally [1] - 22:18
identical [3] - 4:7, 23:10, 44:22
identify [3] - 11:18, 31:17, 31:18
IL [1] - 2:8
imagine [2] - 7:6, 45:5
immediately [1] - 32:23
important [2] - 4:20, 13:20
imposed [4] - 10:24, 12:15, 38:19
imposing [1] - 36:2
IN [2] - 52:3, 52:6
inclined [3] - 27:20, 29:23, 35:10
inconsistent [1] - 17:23
incorporates [1] - 18:14
incorrect [1] - 31:2
independent [11] - 20:20, 21:7, 21:12, 22:20, 23:17, 23:25, 24:3, 24:9, 24:10
independently [1] - 9:17
indicated [2] - 25:5, 45:2
individually [1] - 47:11
information [10] - 4:25, 6:3, 7:1, 7:5, 8:11, 9:3, 31:7, 31:8, 31:9
infringement [11] - 26:3, 26:4, 26:17, 26:24, 27:10, 30:10, 31:1, 48:6, 49:15, 49:16, 49:19
instance [1] - 9:2
instances [1] - 44:22
instead [2] - 12:12, 15:12
intend [1] - 34:11
interest [1] - 27:17

**interrogatories** [1] - 12:11
**interrupting** [2] - 5:11, 32:10
**invalidity** [5] - 35:15, 48:7, 48:19, 49:10, 50:1
**inventions** [1] - 21:23
**involved** [4] - 15:13, 16:13, 16:17, 17:10
**IS** [1] - 52:2
**issue** [13] - 4:16, 7:11, 7:22, 8:7, 8:10, 10:3, 14:13, 15:6, 17:22, 22:6, 26:22, 35:16, 43:20
**issues** [13] - 4:23, 9:14, 10:7, 11:18, 17:19, 25:23, 32:8, 35:18, 35:19, 38:8, 44:14, 45:11, 45:17
**issuing** [1] - 46:21
**item** [1] - 38:2
**items** [1] - 5:12

## J

**jam** [1] - 30:13
**JAMES** [1] - 2:6
**James** [1] - 3:9
**jamming** [1] - 30:17
**January** [7] - 36:8, 36:13, 36:14, 49:2, 49:25
**Jason** [1] - 3:18
**JASON** [1] - 2:13
**jettison** [1] - 14:22
**jettisoning** [1] - 15:20
**JOHN** [1] - 1:3
**joint** [20] - 4:6, 7:25, 8:4, 16:1, 16:2, 16:21, 17:3, 17:4, 17:7, 18:20, 30:2, 36:4, 36:25, 37:4, 37:15, 39:25, 40:2, 40:5, 41:21, 41:24
**jointly** [4] - 40:14, 43:13, 46:15, 46:22
**judge** [8] - 8:17, 8:18, 11:9, 15:16, 46:8, 46:24, 46:25, 47:23
**JUDGE** [1] - 1:3
**Judge** [14] - 8:17, 8:20, 8:21, 8:22, 10:13, 10:23, 12:15, 14:24, 15:8, 15:18, 34:4, 34:25, 46:24
**judges** [3] - 15:2, 15:11, 15:14
**judgment** [8] - 6:18, 9:20, 16:14, 16:19, 22:10, 32:15, 32:20, 43:24
**JUDICIAL** [1] - 52:7
**July** [5] - 42:10, 42:17, 42:19, 42:24, 43:15
**June** [4] - 10:14, 41:19, 42:7, 42:9
**jury** [2] - 22:18, 25:25

## K

**K&L** [2] - 3:10, 3:14
**keep** [5] - 5:13, 6:20, 8:4, 19:25, 33:11
**kept** [2] - 20:8, 28:2
**kidding** [1] - 29:14
**kind** [2] - 32:21, 44:18
**knows** [1] - 15:9

## L

**L.A** [1] - 42:12
**language** [1] - 9:21
**last** [4] - 17:14, 21:10, 41:23, 43:18
**law** [1] - 3:10
**lawyer** [1] - 49:9
**lawyer-driven** [1] - 49:9
**lead** [1] - 6:14
**leads** [1] - 30:21
**least** [4] - 10:8, 37:14, 42:8, 46:1
**leave** [4] - 11:19, 11:25, 17:18, 27:12
**leaving** [1] - 27:8
**LESS** [1] - 52:5
**less** [3] - 6:16, 36:15, 40:15
**letter** [1] - 15:17
**light** [2] - 14:9, 48:23
**limit** [1] - 35:2
**limitation** [3] - 23:18, 25:3, 35:7
**limitations** [3] - 21:19, 24:15, 25:7
**limited** [1] - 38:16
**limiting** [2] - 12:8, 33:6
**limits** [1] - 11:11
**line** [1] - 17:3
**list** [5] - 5:12, 26:6, 26:9, 26:16
**listen** [1] - 35:4
**live** [2] - 42:12, 43:9
**LLC** [6] - 1:4, 1:10, 2:13, 3:4, 3:5
**LLP** [4] - 2:3, 2:6, 2:14, 2:16
**LNB** [1] - 22:4
**LO** [31] - 2:13, 3:17, 3:21, 9:12, 9:25, 10:5, 13:12, 15:22, 23:10, 23:14, 26:12, 26:22, 29:25, 36:10, 36:12, 37:6, 37:12, 37:25, 41:11, 42:22, 45:22, 47:20, 48:4, 48:17, 48:19, 48:21, 49:7, 50:2, 50:6, 50:11, 51:4
**Lo** [12] - 3:18, 3:20, 6:1, 9:8, 13:10, 14:3, 23:13, 25:11, 26:11, 29:23, 47:19, 48:3
**local** [10] - 14:22, 15:6, 15:12, 15:21, 18:15, 32:16,

34:11, 35:14, 46:5
**logistically** [1] - 33:22
**logs** [3] - 38:12, 38:24, 39:12
**look** [11] - 9:8, 9:21, 19:17, 20:2, 20:6, 20:21, 21:17, 22:5, 23:23, 42:19, 44:9
**looked** [3] - 4:12, 11:6, 14:24
**looking** [8] - 10:15, 18:20, 19:20, 20:10, 21:11, 23:16, 26:23, 36:3
**looks** [6] - 37:20, 38:6, 38:12, 41:22, 43:20, 46:20
**LOS** [3] - 1:25, 2:5, 2:15
**love** [1] - 33:9
**low** [2] - 8:4, 44:5
**low-numbered** [1] - 44:5
**luck** [2] - 32:24, 51:1

## M

**madam** [1] - 50:12
**MADISON** [1] - 2:7
**magistrate** [10] - 8:17, 8:18, 15:2, 15:11, 15:14, 15:16, 46:8, 46:24, 46:25, 47:23
**main** [1] - 14:6
**major** [3] - 4:13, 4:15, 8:24
**mandatory** [1] - 18:3
**March** [2] - 37:3, 37:9
**margins** [1] - 22:1
**Markman** [11] - 6:23, 9:13, 9:17, 19:10, 26:8, 30:3, 30:4, 30:19, 33:3, 38:18, 44:7
**massive** [1] - 16:25
**material** [1] - 17:5
**MATTER** [1] - 52:4
**McCormick** [1] - 8:18
**McDermott** [8] - 8:20, 8:21, 8:22, 14:24, 15:8, 15:18, 34:25, 46:24
**mean** [14] - 4:4, 16:15, 18:24, 19:8, 21:20, 21:22, 27:21, 28:23, 29:8, 38:19, 39:3, 40:21, 44:21, 47:9
**meaning** [1] - 24:18
**means** [1] - 36:17
**meanwhile** [1] - 25:18
**mediation** [1] - 46:9
**meet** [12] - 11:10, 14:12, 16:19, 32:17, 32:18, 34:21, 35:4, 35:24, 39:15, 43:12, 45:11, 50:25
**meets** [1] - 51:2
**memorializing** [2] - 5:15, 50:22
**merely** [1] - 38:24
**met** [5] - 11:16, 15:5, 34:17, 46:6, 50:25
**method** [2] - 24:10, 46:12

**microphone** [1] - 9:11
**mid** [1] - 36:8
**mid-January** [1] - 36:8
**middle** [3] - 22:2, 26:3, 30:21
**might** [8] - 6:16, 6:19, 12:16, 13:19, 13:20, 39:10, 45:25
**minor** [1] - 13:21
**minute** [5] - 5:15, 7:23, 17:14, 44:19, 50:21
**minutes** [1] - 42:25
**MIRIAM** [2] - 1:23, 52:10
**Miriam** [1] - 52:9
**modifications** [1] - 11:11
**modified** [2] - 12:8, 45:2
**mom** [1] - 42:12
**moment** [2] - 38:3, 46:13
**MONICA** [1] - 2:4
**monkey** [1] - 22:14
**month** [3] - 41:16, 48:11, 50:3
**months** [2] - 32:7, 49:17
**morning** [1] - 4:13
**most** [1] - 5:6
**mostly** [1] - 35:16
**motion** [8] - 9:20, 14:15, 16:19, 32:15, 32:20, 34:24, 35:3, 44:5
**motions** [6] - 6:18, 14:5, 16:14, 34:5, 43:25
**move** [7] - 8:8, 19:10, 29:13, 30:5, 33:3, 35:10, 40:22
**moved** [5] - 27:6, 27:7, 28:1, 28:17, 28:18
**moving** [3] - 22:10, 29:4, 39:3
**MR** [98] - 3:9, 3:17, 3:21, 5:20, 9:12, 9:25, 10:5, 11:7, 11:15, 11:24, 12:18, 12:24, 13:1, 13:9, 13:12, 15:22, 18:24, 19:21, 20:16, 20:19, 20:23, 21:2, 21:6, 21:14, 21:20, 22:21, 23:1, 23:5, 23:9, 23:10, 23:14, 23:19, 23:21, 23:24, 24:2, 24:6, 24:13, 24:17, 26:12, 26:22, 29:8, 29:12, 29:18, 29:25, 30:25, 31:22, 33:1, 33:7, 33:16, 34:1, 34:6, 34:9, 34:18, 34:20, 34:22, 36:9, 36:10, 36:12, 36:23, 37:5, 37:6, 37:10, 37:12, 37:24, 37:25, 38:9, 39:3, 39:10, 39:16, 40:20, 41:1, 41:3, 41:11, 41:14, 42:12, 42:22, 43:16, 44:17, 45:8, 45:20, 45:22, 47:7, 47:20, 48:4, 48:10, 48:17, 48:19, 48:21, 48:22, 49:7, 49:21, 49:24, 50:2, 50:6, 50:9, 50:11, 51:4, 51:5

**MS** [68] - 3:13, 3:22, 4:10, 5:4, 5:23, 6:6, 7:3, 7:15, 8:23, 8:25, 11:2, 14:1, 15:4, 15:23, 17:18, 17:21, 18:6, 18:9, 18:12, 19:15, 19:24, 20:4, 20:6, 20:15, 21:4, 21:9, 22:23, 23:3, 23:7, 24:4, 24:23, 25:4, 25:9, 25:13, 26:21, 28:6, 28:13, 28:16, 32:4, 33:9, 36:22, 37:11, 38:1, 38:10, 38:15, 39:1, 39:14, 39:23, 40:8, 40:17, 41:5, 41:16, 41:25, 42:5, 42:15, 43:8, 44:10, 45:5, 45:19, 46:2, 46:10, 47:17, 49:13, 49:22, 50:10, 50:15, 50:19, 51:3
**MSJ** [1] - 9:15
**MSJ's** [1] - 26:5
**MVB11893@aol.com** [1] - 1:25

### N

**narrow** [2] - 45:11, 45:14
**narrower** [1] - 31:3
**nature** [2] - 6:19, 7:6
**necessarily** [1] - 49:9
**need** [25] - 4:5, 5:9, 8:13, 9:3, 14:10, 18:15, 19:4, 21:19, 22:16, 25:7, 25:25, 26:6, 26:16, 26:23, 26:24, 29:15, 34:13, 39:23, 40:23, 45:6, 45:15, 45:18, 48:2, 48:10, 48:13
**needs** [2] - 5:14, 23:18
**negotiate** [1] - 14:3
**NETWORK** [1] - 2:16
**Network** [1] - 3:6
**never** [1] - 29:9
**new** [6] - 5:9, 26:17, 27:10, 27:16, 30:10, 31:3
**next** [9] - 6:4, 29:6, 36:18, 37:13, 37:19, 38:2, 38:5, 38:11, 42:10
**night** [1] - 26:21
**nine** [5] - 10:19, 14:2, 14:17, 14:22, 15:21
**nobody** [1] - 15:9
**none** [3] - 21:12, 21:18, 24:14
**noninfringement** [1] - 26:5
**normal** [1] - 5:25
**normally** [2] - 38:19, 46:4
**note** [1] - 40:24
**noted** [3] - 37:14, 37:15, 38:3
**nothing** [9] - 10:17, 15:22, 23:18, 31:9, 45:19, 45:20, 45:22, 47:22, 50:23
**notice** [3] - 16:12, 34:12,

34:14
**notices** [1] - 25:18
**notion** [3] - 4:15, 29:8, 30:25
**number** [6] - 3:5, 6:14, 8:10, 11:16, 15:10, 44:14
**Number** [1] - 26:14
**numbered** [2] - 8:4, 44:5

### O

**object** [1] - 48:13
**objection** [1] - 5:20
**objections** [1] - 17:8
**obvious** [1] - 40:21
**obviously** [3] - 31:6, 33:17, 43:5
**occur** [1] - 49:8
**occurs** [1] - 36:19
**OF** [18] - 1:2, 1:16, 2:3, 2:13, 2:16, 52:3, 52:7
**offer** [1] - 46:22
**OFFICIAL** [2] - 1:23, 52:10
**oftentimes** [1] - 22:13
**old** [3] - 16:11, 27:2, 27:10
**omnibus** [1] - 34:13
**ON** [3] - 2:3, 2:13, 2:16
**once** [2] - 35:7, 43:23
**one** [48] - 4:8, 5:12, 8:8, 9:20, 9:22, 9:23, 14:6, 15:2, 16:12, 16:21, 16:24, 17:2, 17:3, 17:11, 18:13, 18:25, 19:13, 21:14, 21:24, 23:11, 24:4, 24:6, 24:25, 26:14, 29:25, 31:18, 32:20, 32:21, 33:23, 34:10, 34:13, 35:14, 37:23, 38:15, 38:20, 39:15, 40:15, 42:6, 45:23, 47:2, 47:8, 48:4, 48:15, 49:18, 49:22
**one-week** [1] - 42:6
**opening** [2] - 39:18, 41:7
**operating** [5] - 11:8, 11:12, 18:23, 19:12, 35:22
**opinion** [1] - 35:17
**opposing** [2] - 11:15, 16:20
**opposition** [2] - 44:16, 44:17
**options** [1] - 46:7
**order** [41] - 5:7, 5:14, 5:15, 5:16, 7:11, 7:22, 7:23, 8:2, 8:7, 8:13, 9:20, 10:8, 10:11, 10:13, 12:3, 12:13, 16:5, 16:9, 16:10, 16:11, 16:12, 17:17, 17:19, 17:24, 18:11, 25:14, 27:4, 32:16, 33:5, 43:20, 43:24, 44:2, 44:12, 44:13, 44:20, 44:21, 47:5, 50:16, 50:18, 50:20, 50:22
**orders** [2] - 12:5, 46:21
**ordinarily** [1] - 35:9, 35:23

**ordinary** [1] - 24:18
**otherwise** [1] - 12:5
**outdoor** [1] - 22:3
**overlap** [1] - 6:19
**overlooked** [1] - 18:1
**own** [3] - 16:8, 26:5, 42:15

### P

**P.M** [1] - 3:1
**p.m** [1] - 51:8
**page** [6] - 7:17, 17:3, 18:21, 20:10, 21:12, 36:4
**panel** [1] - 46:9
**papers** [1] - 16:21
**paragraph** [24] - 10:19, 10:21, 11:2, 11:5, 13:11, 13:12, 14:2, 14:3, 14:16, 14:17, 14:22, 15:21, 16:1, 16:4, 16:8, 17:16, 17:21, 17:25, 18:2, 18:7, 18:9, 18:11
**part** [3] - 10:19, 17:3, 26:17
**parte** [3] - 20:2, 20:7, 20:11
**particular** [5] - 16:18, 28:7, 28:8, 28:9, 45:16
**particularly** [5] - 4:20, 14:9, 17:10, 18:16, 48:23
**parties** [31] - 4:23, 5:23, 9:24, 11:5, 12:1, 12:5, 12:17, 12:19, 12:20, 13:8, 13:14, 14:2, 15:5, 15:14, 18:4, 18:22, 22:13, 25:15, 27:21, 27:22, 29:4, 35:10, 37:14, 41:7, 41:8, 43:13, 44:20, 46:3, 46:22, 47:10, 49:5
**parties'** [1] - 41:20
**parts** [1] - 17:1
**party** [14] - 8:8, 9:22, 13:19, 13:20, 14:8, 16:18, 16:20, 19:23, 32:21, 34:24, 37:17, 41:7, 44:5
**past** [3] - 10:3, 35:7, 47:14
**patent** [22] - 10:10, 19:20, 20:13, 20:17, 20:22, 20:23, 21:22, 21:25, 22:8, 22:9, 22:19, 22:21, 23:24, 24:7, 24:15, 28:23, 35:11, 35:14, 44:24, 45:1, 45:2, 47:1
**patents** [5] - 19:14, 19:17, 22:1, 24:5, 25:6
**Patrick's** [1] - 37:7
**Pause** [1] - 42:21
**pause** [1] - 11:5
**pending** [1] - 5:17
**pensive** [2] - 9:8, 44:9
**people** [2] - 15:1, 16:10
**per** [4] - 9:22, 32:21, 42:25
**percent** [1] - 23:21

**perfect** [1] - 29:1
**perfectly** [1] - 12:10
**perhaps** [3] - 10:18, 15:2, 44:12
**PERKINS** [1] - 2:16
**Perkins** [1] - 3:22
**permit** [1] - 15:14
**permitted** [1] - 27:11
**person** [2] - 4:2, 12:7
**personal** [1] - 28:24
**personally** [1] - 6:6
**perspective** [4] - 23:20, 25:7, 45:20, 47:7
**pertained** [1] - 39:8
**pertains** [1] - 38:24
**pick** [1] - 29:3
**pioneering** [1] - 21:23
**place** [3] - 5:7, 5:14, 44:3
**places** [1] - 33:18
**plain** [1] - 24:18
**plaintiff** [16] - 3:8, 3:10, 6:10, 7:1, 19:23, 25:2, 25:5, 27:6, 32:14, 33:13, 36:8, 39:2, 41:24, 44:16, 47:17, 49:20
**Plaintiff** [1] - 1:6
**PLAINTIFF** [1] - 2:3
**plaintiff's** [6] - 21:17, 21:18, 23:20, 24:14, 30:1, 50:4
**plaintiffs** [4] - 3:14, 27:9, 28:7, 30:8
**play** [1] - 43:1
**pleadings** [3] - 37:14, 37:17, 38:3
**plural** [1] - 25:7
**point** [11] - 7:10, 7:24, 18:1, 18:19, 21:24, 29:25, 32:4, 40:7, 43:19, 44:5, 44:24
**pointed** [1] - 41:17
**position** [5] - 21:17, 21:18, 23:17, 24:14, 25:17
**positions** [3] - 25:15, 40:6, 42:3
**possible** [4] - 22:18, 29:16, 29:22, 40:22
**post** [1] - 9:13
**post-Markman** [1] - 9:13
**postpone** [1] - 46:21
**posture** [1] - 28:17
**PowerPoint** [1] - 43:4
**practice** [1] - 17:23
**practices** [1] - 34:11
**preclude** [1] - 32:14
**precluding** [1] - 32:24
**prefer** [5] - 36:12, 40:10, 40:12, 42:15, 48:22
**preference** [4] - 7:8, 7:9, 39:18, 43:10
**preliminary** [2] - 18:22,

36:18
**prepare** [3] - 16:20, 36:20, 43:25
**prepared** [2] - 26:16, 27:24
**presentation** [1] - 43:4
**presented** [1] - 22:17
**presently** [1] - 18:3
**presume** [1] - 27:23
**pretrial** [3] - 4:19, 6:13, 44:4
**pretty** [5] - 11:23, 15:13, 16:20, 21:23, 32:9
**private** [1] - 46:9
**privilege** [3] - 38:12, 38:24, 39:12
**problem** [2] - 5:19, 38:9
**problematic** [1] - 14:18
**problems** [3] - 10:22, 11:17, 38:8
**procedure** [5] - 12:5, 14:20, 15:9, 15:12, 16:13
**procedures** [2] - 12:8, 18:2
**proceed** [3] - 30:19, 31:10, 31:13
**Proceedings** [1] - 51:8
**PROCEEDINGS** [2] - 1:16, 52:3
**proceedings** [2] - 26:8, 42:21
**process** [14] - 7:2, 10:9, 14:25, 15:13, 15:16, 17:10, 17:12, 17:13, 19:10, 26:25, 29:5, 39:25, 44:8, 48:23
**produced** [4] - 5:2, 6:8, 6:9
**producing** [2] - 6:25, 8:11
**production** [3] - 34:3, 38:12, 38:23
**productive** [1] - 47:15
**products** [5] - 21:25, 31:4, 31:16, 33:17
**professors** [1] - 17:14
**prompt** [1] - 32:9
**proposals** [1] - 19:7
**propose** [2] - 11:20, 26:9
**proposed** [12] - 12:13, 19:2, 30:1, 36:5, 36:15, 44:13, 48:11, 49:5, 50:16, 50:18, 50:20
**proposing** [1] - 48:20
**prospect** [1] - 46:13
**prospects** [1] - 45:24
**protective** [4] - 5:7, 5:13, 5:16, 44:2
**provide** [4] - 12:17, 19:7, 31:25, 46:4
**provided** [1] - 11:9
**public** [1] - 31:7
**purpose** [1] - 10:1
**purposes** [5] - 4:19, 4:21, 7:13, 19:19, 44:4
**pursuant** [1] - 13:23

**push** [1] - 39:5
**pushback** [2] - 4:15, 8:24
**put** [7] - 5:9, 10:18, 25:15, 42:1, 46:12, 46:13, 50:21

**Q**

**questions** [3] - 24:22, 26:13
**quick** [3] - 21:3, 42:1, 45:23
**quickly** [3] - 15:18, 23:23, 40:22
**quite** [3] - 15:9, 27:23, 38:6
**quo** [1] - 35:6
**quotations** [1] - 30:16

**R**

**raise** [2] - 17:19, 45:23
**raised** [3] - 14:4, 24:22, 24:24
**range** [1] - 26:3
**rather** [1] - 17:12
**re** [2] - 16:1, 20:7
**re-exam** [1] - 20:7
**re-reviewed** [1] - 16:1
**reach** [1] - 34:23
**read** [5] - 11:22, 18:16, 28:21, 40:15, 43:5
**ready** [2] - 29:14, 29:15, 31:25
**real** [2] - 21:2, 30:22
**really** [4] - 6:19, 17:22, 22:8, 28:19
**reason** [6] - 14:6, 22:3, 28:7, 31:10, 38:3, 40:14
**reasonable** [1] - 32:9
**reasons** [4] - 14:6, 17:4, 19:1, 29:2
**rebuttal** [2] - 37:19, 38:7
**recess** [1] - 51:6
**recognized** [1] - 13:19
**recollection** [2] - 11:8, 24:2
**record** [1] - 3:8
**RECORDED** [1] - 52:3
**redact** [1] - 6:17
**redacted** [1] - 9:4
**REDUCTION** [1] - 52:6
**reexamination** [2] - 20:3, 20:12
**reference** [1] - 24:5
**referring** [1] - 9:19
**reflecting** [1] - 5:15
**regard** [6] - 5:2, 9:22, 11:22, 12:14, 41:9, 47:22
**regards** [1] - 8:12
**REGULATIONS** [1] - 52:7
**reissue** [1] - 19:25
**related** [8] - 5:25, 6:12, 8:16, 9:22, 9:24, 32:21, 33:15, 41:9

**relax** [1] - 35:22
**relief** [1] - 14:14
**remain** [3] - 20:13, 44:3, 45:1
**remains** [1] - 5:18
**remind** [1] - 10:2
**remove** [2] - 8:2, 38:21
**replace** [1] - 44:21
**reply** [1] - 41:18
**report** [5] - 4:6, 7:25, 16:2, 18:20, 36:4
**REPORTER** [1] - 1:23, 52:10
**REPORTER'S** [1] - 1:16
**reports** [1] - 4:7
**requesting** [1] - 32:5
**require** [3] - 16:18, 18:3, 24:15
**requirement** [1] - 9:20
**requirements** [1] - 18:14
**requires** [2] - 15:19, 36:17
**resolve** [1] - 45:13
**resolved** [2] - 15:18, 43:25
**resolving** [2] - 14:21, 15:1
**resources** [1] - 45:17
**respect** [1] - 6:1
**respective** [6] - 6:24, 6:25, 41:20, 43:6, 47:10, 51:2
**respond** [2] - 5:3, 13:10
**response** [3] - 15:20, 27:18, 38:2
**responses** [1] - 7:9
**responsive** [3] - 39:19, 41:13, 41:20
**rest** [3] - 5:12, 30:20
**reviewed** [3] - 10:12, 16:1, 16:14
**revisit** [4] - 7:10, 8:6, 10:3, 44:6
**risk** [1] - 40:21
**road** [2] - 7:14, 16:15
**Roger** [1] - 15:25
**rounds** [1] - 40:25
**Rule** [17] - 11:22, 11:23, 12:1, 12:4, 12:14, 13:7, 13:23, 14:13, 14:23, 15:6, 15:13, 15:21, 32:16, 35:8, 37:16, 45:24
**rule** [3] - 12:1, 15:25, 35:14
**rules** [16] - 10:10, 16:6, 18:15, 27:10, 28:9, 28:24, 32:16, 33:24, 35:11, 35:21, 36:16, 36:19, 44:24, 45:1, 45:2, 46:5

**S**

**SANTA** [3] - 1:18, 2:4, 3:1
**schedule** [39] - 10:8, 16:3, 16:5, 17:17, 18:19, 18:23, 19:12, 24:24, 25:1, 25:16, 27:20, 27:25, 28:1, 28:12,

28:13, 28:14, 28:25, 29:3, 29:7, 29:19, 29:20, 29:21, 31:10, 31:14, 33:24, 35:22, 35:23, 35:25, 36:4, 39:4, 39:20, 40:22, 42:16, 43:21, 44:23, 45:1, 45:3, 48:11, 50:15
**scheduling** [5] - 19:1, 28:9, 35:18, 35:19, 50:20
**season** [2] - 49:11, 51:1
**second** [5] - 12:4, 19:13, 20:18, 21:14, 33:23
**see** [14] - 4:13, 8:14, 14:13, 15:1, 15:6, 15:17, 16:10, 20:1, 35:24, 43:14, 43:19, 46:1, 47:13, 50:24
**seeing** [1] - 26:19
**seek** [1] - 34:25
**seeking** [1] - 25:2
**seem** [1] - 4:15
**send** [1] - 49:16
**sense** [10] - 6:20, 7:12, 9:18, 10:21, 27:4, 27:5, 27:21, 29:1, 33:10, 47:4
**separate** [9] - 6:17, 6:20, 7:6, 7:16, 9:16, 37:16, 40:10, 40:11, 40:12
**separately** [6] - 4:20, 6:8, 25:12, 40:13, 40:15, 50:19
**September** [1] - 49:17
**serve** [4] - 25:18, 34:11, 34:14, 48:7
**served** [6] - 27:9, 48:6, 48:12, 49:5, 49:20
**set** [19] - 21:10, 28:9, 33:24, 35:23, 36:4, 37:15, 37:17, 39:7, 39:11, 42:9, 43:19, 43:21, 45:2, 45:3, 46:3, 46:11, 46:17, 47:24, 48:16
**sets** [2] - 16:2, 20:12
**setting** [1] - 46:21
**settlement** [2] - 45:25, 46:16
**seven** [1] - 32:17
**sever** [3] - 7:12, 8:9, 44:6
**several** [1] - 17:1
**severed** [1] - 7:13
**shall** [2] - 6:22, 8:3
**sharing** [1] - 4:25
**shifting** [1] - 14:10
**SHIMOTA** [69] - 2:6, 3:9, 5:20, 11:7, 11:15, 11:24, 12:18, 12:24, 13:1, 13:9, 18:24, 19:21, 20:16, 20:19, 20:23, 21:2, 21:6, 21:14, 21:20, 22:21, 23:1, 23:5, 23:9, 23:19, 23:21, 23:24, 24:2, 24:6, 24:13, 24:17, 29:8, 29:12, 29:18, 30:25, 31:22, 33:1, 33:7, 33:16, 34:1, 34:6, 34:9, 34:18,

34:20, 34:22, 36:9, 36:23, 37:5, 37:10, 37:24, 38:9, 39:3, 39:10, 39:16, 40:20, 41:1, 41:3, 41:14, 42:12, 43:16, 44:17, 45:8, 45:20, 47:7, 48:10, 48:22, 49:21, 49:24, 50:9, 51:5

**Shimota** [6] - 3:9, 3:12, 26:4, 29:6, 30:24, 40:19

**shot** [1] - 32:24

**show** [1] - 22:6

**side** [4] - 17:7, 26:18, 43:1

**sides** [3] - 27:14, 30:8, 30:23

**silence** [1] - 36:3

**similar** [1] - 4:10

**simple** [6] - 19:3, 19:16, 21:22, 22:8, 25:21, 26:2

**simply** [4] - 5:16, 15:14, 22:15, 22:17

**simultaneous** [2] - 39:18, 39:19

**simultaneously** [1] - 30:8

**single** [1] - 26:9

**sitting** [1] - 6:4

**situation** [3] - 21:21, 22:12, 32:7

**situations** [1] - 45:6

**SIXTEENTH** [1] - 2:17

**skip** [1] - 19:10

**smartly** [1] - 29:4

**so-called** [1] - 33:14

**solve** [1] - 9:5

**sometime** [4] - 30:3, 30:19, 30:21, 48:8

**soon** [4] - 22:18, 29:16, 38:17

**sorry** [7] - 12:3, 16:2, 24:13, 34:19, 37:3, 42:22, 49:22

**sort** [6] - 8:13, 9:21, 13:7, 14:14, 21:25, 46:14

**sound** [1] - 41:1

**sounds** [5] - 8:23, 9:6, 13:24, 40:17, 41:2

**SOUTH** [1] - 2:14

**specific** [4] - 4:9, 6:12, 26:6, 34:12

**specifically** [1] - 6:13

**spent** [1] - 32:7

**squarely** [2] - 22:7, 26:3

**St** [1] - 37:7

**stand** [2] - 9:10, 48:25

**standard** [1] - 28:24

**standing** [8] - 9:19, 16:8, 16:10, 16:11, 16:12, 17:24, 24:21, 32:16

**start** [5] - 4:14, 5:24, 17:11, 19:20, 33:19

**state** [1] - 3:7

**statement** [4] - 17:5, 36:25, 37:4, 37:15

**STATES** [2] - 1:1, 52:7

**stating** [1] - 40:21

**status** [3] - 18:20, 35:6, 36:4

**STATUS** [1] - 1:17

**stay** [1] - 4:17

**staying** [1] - 9:9

**STENOGRAPHICALLY** [1] - 52:3

**stick** [5] - 11:12, 11:20, 29:21, 35:11, 39:4

**sticking** [1] - 11:8

**still** [4] - 30:10, 34:2, 50:4

**stipulate** [6] - 8:14, 12:1, 12:6, 12:22, 13:2, 13:3

**stipulated** [2] - 27:18, 44:20

**stipulation** [2] - 12:13, 16:2

**stipulations** [1] - 12:4

**stood** [1] - 28:4

**stop** [1] - 33:2

**straightforward** [1] - 25:22

**streamlined** [3] - 14:25, 15:9, 15:11

**STREET** [3] - 1:24, 2:7, 2:17

**stretch** [1] - 22:13

**strikes** [1] - 45:25

**study** [1] - 19:18

**submission** [4] - 39:25, 40:2, 40:5, 41:10

**submit** [1] - 44:13

**submitted** [1] - 43:10

**subsequently** [1] - 16:1

**substance** [1] - 44:25

**substantially** [1] - 4:10

**substantive** [3] - 9:14, 18:10, 27:18

**substantively** [1] - 35:20

**substitute** [1] - 14:22

**successful** [1] - 36:1

**sufficient** [1] - 45:4

**suggest** [11] - 13:13, 13:16, 30:3, 30:18, 38:18, 38:20, 39:10, 43:14, 44:11, 46:3, 48:8

**suggesting** [2] - 31:11, 46:11

**suggestion** [2] - 13:13, 44:15

**suit** [1] - 19:14

**SUITE** [2] - 2:7, 2:17

**summarize** [1] - 18:8

**summarizing** [2] - 42:2, 44:2

**summary** [6] - 6:18, 9:20, 16:14, 16:19, 22:10, 32:15, 32:20, 43:24

**summer** [3] - 30:3, 30:19, 32:5

**supplement** [1] - 18:17

**supplemental** [7] - 48:6, 48:7, 48:19, 49:14, 49:16,

49:19, 50:1

**supplemented** [1] - 31:2

**supports** [1] - 17:7

**suspect** [1] - 29:6

**suspense** [1] - 11:25

**switch** [1] - 13:21

## T

**table** [2] - 6:5, 9:9

**tangential** [1] - 12:16

**tech** [1] - 43:13

**technical** [8] - 6:2, 6:8, 7:5, 25:25, 34:1, 34:3, 34:12, 43:9

**technologies** [2] - 9:17, 25:20

**teed** [1] - 43:24

**telephone** [1] - 15:17

**term** [1] - 31:18

**terms** [26] - 6:17, 9:14, 13:5, 15:20, 19:3, 19:4, 19:8, 19:9, 22:16, 24:18, 25:21, 26:15, 27:1, 29:15, 30:12, 31:14, 31:15, 31:23, 31:24, 36:6, 36:15, 36:17, 43:3, 48:25, 49:5

**TESSAR** [67] - 2:16, 3:22, 4:10, 5:4, 5:23, 6:6, 7:3, 7:15, 8:23, 8:25, 11:2, 14:1, 15:23, 17:18, 17:21, 18:6, 18:9, 18:12, 19:15, 19:24, 20:4, 20:6, 20:15, 21:4, 21:9, 22:23, 23:3, 23:7, 24:4, 24:23, 25:4, 25:9, 25:13, 26:21, 28:6, 28:13, 28:16, 32:4, 33:9, 36:22, 37:11, 38:1, 38:10, 38:15, 39:1, 39:14, 39:23, 40:8, 40:17, 41:5, 41:16, 41:25, 42:5, 42:15, 43:8, 44:10, 45:5, 45:19, 46:2, 46:10, 47:17, 49:13, 49:22, 50:10, 50:15, 50:19, 51:3

**Tessar** [11] - 3:22, 3:25, 5:3, 5:22, 11:1, 13:25, 26:19, 28:4, 32:3, 44:9

**tessar** [1] - 24:21

**testimony** [4] - 37:8, 37:20, 37:22, 38:7

**Texas** [18] - 5:7, 5:18, 6:11, 8:2, 10:9, 16:4, 16:6, 18:14, 27:5, 28:1, 28:8, 28:20, 29:9, 29:12, 35:12, 35:21, 38:23, 40:9

**THAT** [1] - 52:2

**THE** [143] - 2:3, 2:13, 2:16, 3:3, 3:11, 3:15, 3:20, 3:24, 4:12, 5:11, 5:21, 6:4, 6:24, 7:8, 7:22, 8:20, 8:21, 8:24,

9:6, 9:19, 10:1, 10:6, 11:4, 11:14, 11:21, 11:25, 12:22, 12:25, 13:2, 13:10, 13:24, 14:12, 15:8, 15:25, 17:20, 18:1, 18:7, 18:11, 18:18, 19:13, 19:17, 19:22, 20:2, 20:5, 20:10, 20:18, 20:20, 20:25, 21:11, 21:16, 22:19, 22:25, 23:4, 23:6, 23:11, 23:16, 23:20, 23:23, 23:25, 24:12, 24:14, 24:20, 24:25, 25:5, 25:11, 26:11, 27:17, 28:12, 28:14, 28:21, 29:10, 29:17, 29:23, 30:24, 31:20, 32:2, 32:10, 33:5, 33:8, 33:13, 33:23, 34:4, 34:8, 34:17, 34:19, 34:21, 34:23, 36:11, 36:13, 36:24, 37:7, 37:13, 38:2, 38:11, 38:22, 39:2, 39:7, 39:15, 39:17, 40:4, 40:12, 40:19, 40:24, 41:2, 41:4, 41:6, 41:12, 41:19, 42:4, 42:6, 42:14, 42:18, 42:24, 43:11, 43:18, 44:15, 44:18, 45:10, 45:23, 46:6, 46:12, 47:19, 47:21, 48:15, 48:18, 48:20, 49:4, 49:19, 49:23, 49:25, 50:3, 50:7, 50:12, 50:14, 50:18, 50:21, 51:6, 52:2, 52:3, 52:4, 52:6, 52:7

**themselves** [1] - 12:20

**theories** [2] - 31:1, 31:3

**thereafter** [1] - 4:22

**thereto** [1] - 17:9

**thinking** [2] - 40:4, 44:19

**third** [2] - 13:19, 14:8

**third-party** [2] - 13:19, 14:8

**THIS** [1] - 52:5

**thoroughly** [1] - 16:19

**thoughts** [1] - 24:22

**three** [19] - 8:10, 10:7, 10:12, 18:9, 18:11, 23:17, 25:6, 36:20, 37:2, 37:22, 40:25, 41:1, 41:2, 41:13, 41:14, 46:7, 49:17

**tight** [2] - 28:12, 28:13, 28:14, 28:16, 40:18, 40:20

**timelines** [1] - 27:2

**timing** [1] - 35:16

**tinker** [1] - 14:16

**today** [8] - 22:7, 31:16, 32:1, 32:18, 32:19, 34:8, 45:18, 48:2

**together** [5] - 26:7, 40:10, 41:10, 42:1, 44:12

**ton** [1] - 33:10

**took** [3] - 25:17, 27:25, 37:3

**tooth** [1] - 10:17

**topic** [1] - 35:15

**topics** [2] - 34:12, 34:15
**totally** [1] - 6:17
**town** [1] - 42:11
**TRANSCRIPT** [3] - 1:16, 52:3, 52:5
**transcripts** [1] - 16:23
**transfer** [4] - 27:6, 27:7, 28:18, 34:5
**transferred** [2] - 25:14, 27:2
**traveling** [1] - 50:24
**treat** [2] - 8:1, 28:22
**treated** [1] - 28:11
**treating** [1] - 27:15
**trial** [6] - 7:13, 7:16, 30:22, 32:5, 32:9, 44:1
**tricky** [1] - 26:22
**TRUE** [1] - 52:2
**true** [1] - 40:8
**try** [6] - 4:19, 8:12, 22:13, 22:14, 29:15, 45:11
**TUESDAY** [2] - 1:19, 3:1
**turn** [1] - 32:13
**tutorial** [1] - 43:13
**tutorials** [1] - 43:9
**two** [27] - 8:6, 8:8, 9:16, 12:10, 17:19, 21:7, 24:2, 24:4, 24:6, 24:8, 30:7, 30:11, 30:23, 32:6, 37:20, 37:21, 37:23, 38:6, 38:7, 38:13, 39:20, 40:5, 40:18, 40:24, 41:23, 42:8
**typical** [1] - 30:16
**typically** [1] - 48:6

**U**

**U.S** [2] - 1:3, 1:23
**ultimately** [1] - 27:5
**under** [13] - 11:12, 12:13, 18:23, 19:12, 27:10, 30:16, 32:16, 33:23, 35:22, 36:19, 36:21, 39:20, 46:5
**understood** [1] - 13:9
**undisputed** [2] - 17:6, 17:8
**unfolds** [1] - 7:4
**unit** [1] - 22:3
**UNITED** [2] - 1:1, 52:7
**unless** [2] - 12:5, 38:15
**unlike** [1] - 49:8
**unrelated** [1] - 24:4
**unusual** [1] - 28:17
**up** [10] - 22:6, 26:8, 27:13, 28:4, 33:24, 34:15, 35:24, 43:24, 47:25, 49:12

**V**

**vacation** [1] - 42:16
**variety** [1] - 29:2
**various** [2] - 28:3, 31:9

**venue** [5] - 14:5, 28:17, 28:18, 32:7, 32:8
**venues** [1] - 28:24
**versions** [1] - 9:4
**view** [8] - 9:13, 9:15, 13:2, 27:21, 28:6, 28:24, 43:8, 50:4
**virtually** [1] - 18:4
**vis** [2] - 8:12
**vis-a-vis** [1] - 8:12
**Vs** [1] - 1:8
**vs** [2] - 3:4, 3:5

**W**

**wait** [3] - 17:14, 33:10, 47:5
**wants** [2] - 16:18, 37:17
**ways** [3] - 6:12, 16:15, 43:11
**website** [1] - 14:25
**week** [5] - 32:19, 41:22, 42:6, 42:10, 42:16
**weeks** [20] - 36:20, 36:25, 37:1, 37:2, 37:21, 37:23, 38:6, 38:7, 38:13, 39:20, 40:18, 41:1, 41:2, 41:13, 41:14, 41:19, 42:8
**WEST** [2] - 1:24, 2:7
**whichever** [1] - 9:10
**whole** [2] - 20:1, 30:25
**willing** [1] - 7:8
**wise** [1] - 35:22
**wish** [1] - 50:25
**WITH** [1] - 52:6
**witnesses** [1] - 14:8
**wonderful** [1] - 14:13
**word** [1] - 14:18
**words** [1] - 25:25
**works** [2] - 9:12, 29:3
**world** [1] - 43:19
**worthwhile** [1] - 16:16

**Y**

**year** [4] - 10:14, 12:25, 31:12, 43:22
**years** [1] - 32:6
**yesterday** [1] - 49:20