Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2357
Facsimile: +1.303.291.2457

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | No. 2:22-cv-07775-JWH-KES<br><br>**DISH'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Motion Hearing:<br><br>Date: March 15, 2024<br>Time: 9:00 a.m.<br>Crtm: 9D (Reagan Bldg) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | No. 2:22-cv-07959-JWH-KES |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 15, 2024, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable John W. Holcomb, located in the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor, Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively "DISH," unless the context dictates otherwise) will and hereby do move for this Court for leave to file DISH's Second Amended Answer, Affirmative Defenses and Counterclaims to Entropic Communications, LLC's ("Entropic" or "Plaintiff") First Amended Complaint.

Pursuant to Fed. R. Civ. P. 16(b) and 15(a)(2), as well as L.R. 15-1 to 15-3 and 16-14, DISH seeks leave to amend its answer to conform to newly arisen facts and to add defenses based on such facts and/or in conformance with DISH's defenses and invalidity contentions. As detailed in the attached memorandum in support, DISH seeks to amend to add defenses and counter claims based on the doctrines of equitable estoppel and implied waiver arising from the misleading conduct, statements, and/or silence of previous owners of the asserted patents.

Fed. R. Civ. P. 16(b) provides that a scheduling order may be modified for good cause. Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, good cause exists to amend DISH's Answer, Affirmative Defenses, and Counterclaims. There is no prejudice to Entropic from this amendment, given the early stage of this case, and that the facts underlying these changes are or should be known to Entropic.

The proposed amendments are set forth below:

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| Caption and Footer | Replaces "JEM" with "KES" wherever the case number is used | Accounts for the reassignment of this case to Magistrate Judge Karen E. Scott |
| 2:3, 2:5 (introductory paragraph) | Replaces "First Amended Answer" and "First Amended Affirmative Defenses and Counterclaims" with "Second Amended Answer" and "Second Amended Affirmative Defenses and Counterclaims" | Makes clear that this is the Second Amended Answer |
| 2:15-20 (¶ 1) | Removes "8,792,008 ('the '008 patent')" from the definition of "the patents-in-suit" and Adds sentence beginning with "Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), DISH and Entropic stipulated to dismissal …" | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008 |
| 3:20-21 (¶ 13) | Deletes the word "and" and Adds two commas | Editorial change for grammatical purposes |
| 7:16 (¶ 35) | Adds ", Inc." after "MaxLinear" | Specifies that the "MaxLinear" entity referenced is the corporate entity known as "MaxLinear, Inc." |
| 9:8-9 | Replaces diacritical mark preceding "715" | Editorial change for stylistic consistency |
| 10:18-25 (¶¶ 80-100) | Adds sentence beginning with "Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), DISH and Entropic stipulated to dismissal …" and Deletes paragraphs 81 through 100 | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008 |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 12:20-25 (Sixth Affirmative Defense) | Deletes previously labeled Sixth and Seventh Affirmative Defenses (Noninfringement of the '008 Patent and Invalidity of the '008 Patent, respectively) and Renumbers previously labeled Eighth Affirmative Defense to Sixth Affirmative Defense (Equitable Defenses) | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008; Editorial changes to account for removal of defenses related to United States Patent No. 8,792,008 |
| 13:1-6 (Seventh Affirmative Defense) | Adds new Seventh Affirmative Defense (Unenforceability of the '576 Patent Due to Equitable Estoppel) | Adds defense of unenforceability of the '576 patent due to equitable estoppel, where DISH contends that all claims of the '576 patent are unenforceable against DISH |
| 13:7-12 (Eighth Affirmative Defense) | Adds new Eighth Affirmative Defense (Unenforceability of the '715 Patent Due to Equitable Estoppel) | Adds defense of unenforceability of the '715 patent due to equitable estoppel, where DISH contends that all claims of the '715 patent are unenforceable against DISH |
| 13:13-18 (Ninth Affirmative Defense) | Adds new Ninth Affirmative Defense (Unenforceability of the '576 Patent Due to Implied Waiver) | Adds defense of unenforceability of the '576 patent due to implied waiver, where DISH contends that all claims of the '576 patent are unenforceable against DISH |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 13:19-24 (Tenth Affirmative Defense) | Adds new Tenth Affirmative Defense (Unenforceability of the '715 Patent Due to Implied Waiver) | Adds defense of unenforceability of the '715 patent due to implied waiver, where DISH contends that all claims of the '715 patent are unenforceable against DISH |
| 13:25-14:3 (Eleventh Affirmative Defense) | Renumbers previously labeled Ninth Affirmative Defense to Eleventh Affirmative Defense (Prosecution History Estoppel) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 14:4-12 (Twelfth Affirmative Defense) | Renumbers previously labeled Tenth Affirmative Defense to Twelfth Affirmative Defense (Limitation on Damages and Costs) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 14:13-18 (Thirteenth Affirmative Defense) | Renumbers previously labeled Eleventh Affirmative Defense to Thirteenth Affirmative Defense (No Entitlement to Enhanced Damages) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 14:19-24 (Fourteenth Affirmative Defense) | Renumbers previously labeled Twelfth Affirmative Defense to Fourteenth Affirmative Defense (No Entitlement to Attorneys' Fees) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 14:25-15:2 (Fifteenth Affirmative Defense) | Renumbers previously labeled Thirteenth Affirmative Defense to Fifteenth Affirmative Defense (No Entitlement to a Finding of Exceptional Case) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 15:3-10 (Sixteenth Affirmative Defense) | Renumbers previously labeled Fourteenth Affirmative Defense to Sixteenth Affirmative Defense (Lack of Standing) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 15:11-16 (Seventeenth Affirmative Defense) | Renumbers previously labeled Fifteenth Affirmative Defense to Seventeenth Affirmative Defense (Time Limitation on Damages) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 15:17-16:4 (Eighteenth Affirmative Defense) | Renumbers previously labeled Sixteenth Affirmative Defense to Eighteenth Affirmative Defense (Improper Venue) | Editorial change to account for deletion of previously labeled Sixth and Seventh Affirmative Defenses and addition of currently labeled Seventh, Eighth, Ninth, and Tenth Affirmative Defenses |
| 16:6 (¶ 1 of Counterclaims) | Deletes "in" | Editorial change for grammatical purposes |
| 17:16 (¶ 10 of Counterclaims | Deletes "in" | Editorial change for grammatical purposes |
| 19:10 (¶ 19 of Counterclaims | Deletes "in" | Editorial change for grammatical purposes |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 20:11-21:27 (Third Claim for Relief) | Deletes previously labeled Third Claim for Relief (Noninfringement of '008 Patent) and Renumbers previously labeled Fourth Claim for Relief to Third Claim for Relief (Invalidity of '576 Patent) | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008; Editorial changes to account for removal of counterclaims related to United States Patent No. 8,792,008 |
| 22:1-24:28 (Fourth Claim for Relief) | Renumbers previously labeled Fifth Claim for Relief to Fourth Claim for Relief | Editorial change to account for deletion of previously labeled Third Claim for Relief |
| 22:3 (¶ 35 of Counterclaims | Deletes "in" | Editorial change for grammatical purposes |
| 25:1-30:13 (Fifth Claim for Relief) | Deletes previously labeled Sixth Claim for Relief (Invalidity of '008 Patent) and Adds new Fifth Claim for Relief (Unenforceability of '576 and '715 Patents Due to Equitable Estoppel) | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008; Adds counterclaim of unenforceability of the '576 and '715 patents due to equitable estoppel, where DISH contends that all claims of the '576 and '715 patents are unenforceable against DISH |

| LOCATION IN AMENDED PLEADING | CHANGE | EFFECT OF AMENDMENT |
|---|---|---|
| 30:14-35:14 (Sixth Claim for Relief) | Adds new Sixth Claim for Relief (Unenforceability of '576 and '715 Patents Due to Implied Waiver) | Adds counterclaim of unenforceability of the '576 and '715 patents due to implied waiver, where DISH contends that all claims of the '576 and '715 patents are unenforceable against DISH |
| 35:22-24 (element ii of Prayer for Relief) | Deletes reference to '008 patent | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008 |
| 35:25-27 (element iii of Prayer for Relief) | Deletes reference to '008 patent | Accounts for the joint stipulation between parties dismissing all claims, defenses, and counterclaims arising from United States Patent No. 8,792,008 |
| 36:3-4 (element v of Prayer for Relief) | Adds phrase reading "a declaration that Entropic is prohibited from asserting any claim of the '576 and '715 patents against DISH" | Adds request to the Court arising from DISH's addition of defenses and counterclaims related to unenforceability of '576 and '715 patents under the doctrines of equitable estoppel and implied waiver |
| 36:5-8 (elements vi and viii of Prayer for Relief) | Renumbers DISH's requests to the Court | Editorial changes resulting from the addition of element v of Prayer for Relief |

For these reasons, DISH respectfully requests that the Court grant it leave to file its Second Amended Answer, Affirmative Defenses, and Counterclaims, attached hereto, to Entropic's First Amended Complaint.

DISH conferred with counsel for Entropic by videoconference on February 9, 2024 and Entropic opposes this motion. This motion is made following the conference of counsel on February 9, 2024 pursuant to L.R. 7-3.

-10-

No. 2:22-cv-07775-JWH-KES
DISH'S SECOND NOTICE OF MOTION AND MOTION TO AMEND ANSWER

Dated: February 16, 2024

**PERKINS COIE LLP**

By: /s/ *Amanda Tessar*

    Matthew C. Bernstein, Bar No. 199240
    MBernstein@perkinscoie.com
    PERKINS COIE LLP
    11452 El Camino Real, Ste 300
    San Diego, California 92130-2080
    Telephone: +1.858.720.5700
    Facsimile: +1.858.720.5799

    Amanda Tessar (admitted pro hac vice)
    ATessar@perkinscoie.com
    Trevor Bervik (admitted pro hac vice)
    TBervik@perkinscoie.com
    PERKINS COIE LLP
    1900 Sixteenth Street, Suite 140
    Denver, Colorado 80202-5255
    Telephone: +1.303.291.2300
    Facsimile: +1.303.291.2400

    Daniel T Keese, Bar No. 280683
    DKeese@perkinscoie.com
    PERKINS COIE LLP
    1120 NW Couch Street 10th Floor
    Portland, OR 97209-4128
    Telephone: +1.503.727.2000
    Fax: +1.503.727.2222

    Adam G. Hester, Bar No. 311206
    AHester@perkinscoie.com
    PERKINS COIE LLP
    33 East Main Street Suite 201
    Madison, WI 53703-3095
    Tel: +1.650.838.4311
    Fax: +1650.838.4350

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**