DAVID M. KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br> Plaintiff, <br> v. <br> DIRECTV, LLC and AT&T SERVICES, INC., <br> Defendants. | Case No. 2:22-cv-07775-JWH-JEM <br> (Lead Case) <br><br> Case No. 2:22-cv-07959-JWH-JEM <br> (Member Case) <br><br> Hon. John W. Holcomb <br> Special Master David M. Keyzer |
| ENTROPIC COMMUNICATIONS, LLC, <br> Plaintiff, <br> v. <br> DISH NETWORK CORPORATION, DISH NETWORK LLC, and DISH NETWORK SERVICE LLC, <br> Defendants. | **SPECIAL MASTER ORDER** <br><br> **No. SM-14** <br><br> [Docketed in Lead Case Only] |

1  Pursuant to authority provided by the July 25, 2023 Order Appointing David
2  Keyzer, Esq. as Special Master for Discovery Purposes (*see* Dkt. 260), and further
3  pursuant to correspondence with counsel on February 18 and 19, 2024, the Special
4  Master received letter briefing regarding Entropic's emergency motion to postpone the
5  deposition of non-party witness Mr. Patrick Hentry, which DISH intends to take on
6  February 22, 2024.  The Special Master exercises discretion to address this dispute
7  outside of the normal agreed-upon discovery dispute resolution procedure set forth in
8  Special Master Order No. SM-2 (Dkt. 272-1), and the Special Master finds, pursuant to
9  Local Rule 7-15, that this motion is appropriate for resolution without an oral hearing.

## I.  LEGAL PRINCIPLES

Federal Rule of Civil Procedure ("Rule") 45 governs discovery on non-party witnesess.  "A party generally lacks standing to challenge a subpoena issued to a nonparty, except as to claims of privilege relating to the documents being sought." *Struck v. Gao*, No. 2:22-cv-02415-SPG-MAA, 2023 WL 4155373, at *7 (C.D. Cal. Mar. 15, 2023) (Audero, J.) (citation and internal quotation marks omitted).  "[A] party can move for a protective order under Rule 26(c) in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party . . . which seek irrelevant information." *Id.*

Regarding relevance, Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *Struck v. Gao*, 2023 WL 4155373, at *7.

## II.  THE PARTIES' POSITIONS

Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") submitted a letter brief to the Special Master on February 19, 2024.

Defendants Dish Network Corporation, Dish Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH" or "DISH Defendants") submitted a letter brief to the Special Master on February 20, 2024.

Entropic argues that although DISH served Plaintiff's counsel with notice of a non-party subpoena to Mr. Patrick Henry nine months ago on May 17, 2023, DISH did not inform Plaintiff until February 14, 2024, that DISH had scheduled Mr. Henry's deposition for February 22, 2024.  (Feb. 19, 2024 Entropic Ltr. at 1.)  Entropic argues that DISH failed to consult with Entropic as required by the agreed-upon discovery order, which provides that "[t]he parties agree to consult with each other before scheduling any third-party deposition."  (*Id.* (citing Dkt. 178-1, § 12(b)).)  Entropic also submits that "several courts have recognized that a party can move for a protective order under Rule

26(c) 'in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party . . . which seek irrelevant information.'" *Struck*, 2023 WL 4155373, at *7.  Entropic argues that it will be unfairly prejudiced in being required to prepare for Mr. Henry's deposition with only one week of notice and "without having any clear idea what relevant information DISH believes Mr. Henry may possess."  (Feb. 19, 2024 Entropic Ltr. at 3.)  Entropic urges:

> Entropic is seeking to postpone this deposition merely until the Court rules on DISH's motion to amend to add the counterclaims and, if leave is granted, Entropic has the opportunity to conduct initial discovery on DISH's new claims. To be clear, Entropic is not seeking to prevent DISH from ever deposing Mr. Henry. And Entropic is not seeking to control DISH's taking of discovery. Entropic only wants Mr. Henry's deposition to occur after DISH actually coordinates with Entropic and when Entropic has the fair opportunity to prepare for that deposition.

(*Id.*)

DISH responds that Entropic has been on notice of DISH's subpoena as to Mr. Henry since May 2023, that Entropic has not objected to that subpoena until now, and that, after DISH communicated extensively with a series of attorneys representing Mr. Henry, DISH "immediately provided th[e deposition] date to Entropic once it had been set."  (Feb. 20, 2024 DISH Ltr. at 1–2.)

### III.  DISCUSSION

Because DISH gave Entropic notice of its subpoena in May 2023, Entropic has in fact had nine months to prepare, as Entropic acknowledges that Mr. Henry will eventually be deposed.  (Feb. 19, 2024 Entropic Ltr. at 3.)  Moreover, Entropic is

represented by a team of able attorneys, and Mr. Henry is a former executive of Entropic's own predecessor, both of which suggest that, even accepting Entropic's characterization of the deposition as being on short notice, any prejudice to Entropic is minimal.

Finally, as to relevance, DISH identifies various topics, including DISH'S assertion of equitable defenses. (Dkt. 217, Apr. 17, 2023 First Amended Answer at p. 14 ("As an eighth and separate affirmative defense to each and every cause of action stated in Entropic's Amended Complaint, DISH alleges that Entropic's claims for relief are barred, in whole or in part, by waiver, laches, unclean hands, fraud, and/or other equitable doctrines.").) Although DISH's recent Motion for Leave to File Second Amended Answer (Dkts. 304, 305) includes additional allegations regarding equitable defenses, DISH persuasively argues that equitable estoppel, for example, is within the scope of what DISH has already alleged. Entropic's argument that Mr. Henry's deposition should be postponed until after the Court rules on DISH's recent Motion for Leave (and/or until after DISH responds to an initial round of discovery) is therefore unpersuasive.

DISH thus seeks relevant information from Mr. Henry, and DISH has satisfied its obligation under the agreed-upon discovery order to consult with Entropic regarding DISH's efforts to obtain evidence from Mr. Henry. Entropic also does not justify limiting the timing and sequence in which DISH takes discovery. *See* Fed. R. Civ. P. 26(d)(3).

1  Entropic therefore does not meet its burden to show good cause for a protective
2  order as to DISH conducting a deposition of non-party Mr. Patrick Henry on or about
3  February 22, 2024. *See Struck*, 2023 WL 4155373, at *7.
4  Entropic's motion for a protective order to postpone Mr. Patrick Henry's
5  deposition is therefore **DENIED**.
6  IT IS SO ORDERED.

Dated: February 21, 2024        By: *David Keyzer*
                                     David M. Keyzer
                                     Special Master