Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Cassidy Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

Attorneys for Plaintiff Entropic Communications, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC and AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 2:22-cv-07775-JWH-JEM (Lead Case)<br><br>**JOINT STATUS REPORT**<br><br>Date: September 13, 2024<br>Time: 11:00 a.m.<br>Courtroom: 9D |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-07959-JWH-JEM (Member Case) |

**1**
**JOINT STATUS REPORT**

On August 6, 2024, the Court ordered Plaintiff Entropic Communications, LLC ("Entropic") and Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH") and Defendants DIRECTV, LLC and AT&T Services, Inc. ("DIRECTV") to "meet and confer regarding the case schedule and to file no later than August 16, 2024, a Joint Status Report that contains a proposed case schedule" and set the Scheduling Conference for August 30, 2024, at 11:00 a.m. ECF No. 339. On August 13, 2024, the parties filed a Stipulation to Reschedule Status Report and Scheduling Conference Hearing. ECF No. 340. On August 14, 2024, the Court approved the parties' Stipulation, with modifications to the dates proposed, and ordered the parties "to file a Joint Status Report containing a proposed case schedule no later than August 30, 2024" and continued the Scheduling Conference to September 13, 2024, at 11:00 a.m. ECF No. 342.

The parties conferred via email, exchanging proposals, and also met and conferred by videoconference on August 28, 2024, but were not able to reach an agreement. The parties' respective positions regarding the case schedule are as follows:

| Event | Entropic's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Fact Discovery Cut-off | January 17, 2025 | April 10, 2025 |
| Expert Disclosure (Initial) | February 7, 2025 | May 8, 2025 |
| Expert Disclosure (Rebuttal) | March 7, 2025 | June 5, 2025 |
| All Discovery Cut-off (including hearing all discovery motions) | April 4, 2025 | June 26, 2025 |
| Dispositive Motions | April 18, 2025 | July 17, 2025 |
| Responses to Dispositive Motions | May 9, 2025 | August 7, 2025 |
| Replies ISO Dispositive Motions | May 23, 2025 | August 28, 2025 |

| Event | Entropic's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Last Date to Hear Non-Discovery Motions | June 6, 2025, at 9:00 a.m. (or at the Court's convenience) | September 11, 2025, at 9:00 a.m. (or at the Court's convenience) |
| Hearing on Motions *in Limine* | August 1, 2025 | To be determined after resolution of Motions for Summary Judgments |
| Final Pretrial Conference | August 8, 2025 | To be determined after resolution of Motions for Summary Judgments |
| Jury Trial | August 25, 2025, at 9:00 a.m. (or at the Court's convenience) Estimate: 5 days | To be determined after resolution of Motions for Summary Judgments |

**Entropic's Position:**

Entropic's proposal should be adopted because it follows this Court's prior guidance and sets out a reasonable timetable for resolution of both fact discovery and the cases overall.

First, Entropic's proposal is consistent with both this Court's general practice and its prior statements regarding scheduling in this case. The Court's sample scheduling order contemplates setting a trial date at this stage, as the Court has done in prior cases. *See, e.g.*, *Gene Pool Techs. vs. Costal Harvest, LLC*, Case No. 5:21-cv-01328-JWH-SHK (Dkt. 94) (scheduling order setting trial for October 23, 2023, one month after issuing Markman order on October 22, 2022). Entropic's proposal follows this practice, proposing a trial date approximately one year after the date of the Markman order. Indeed, Defendants themselves previously proposed that the Court set a trial date for "summer of 2024," one year after "a Markman sometime in the summer of 2023." *See* Transcript of 12/13/2022 Hearing at 29:25–30:23; 32:4–9. The Court also told the parties that it "[didn't] want to take another year and a half" after issuing its claim construction order to reach trial. *See* Transcript of 12/13/2022 Hearing at

43:19–44:1. The Court further explained that "once you get the claim construction order," the Court "will expect" the parties to be closer to summary judgment and trial than to the start of discovery. *See id.* This clear guidance is flatly contrary to Defendants' suggestion, based on a single comment taken out of the context above, that the "Court's purpose" was to push fact discovery until after that order. Defendants' proposal disregards the Court's prior guidance by failing to propose a trial date and by delaying resolution beyond what this Court—and Defendants themselves—previously indicated was appropriate.

Second, Entropic's proposal provides ample time to complete fact discovery without unnecessary delay. Discovery has already been open in this case for 27 months, dating back to the Rule 26(f) conference. *See* Transcript of 12/13/2022 Hearing at 35:6–8. During that time, the parties have conducted substantial document and written discovery, and they have taken over a dozen fact depositions. Any discovery that remains, such as party depositions related to damages or remaining technical issues, can be completed in the over four months between now and January 17, 2025.

While Defendants contend that they intend to take substantial third-party discovery, they fail to show that they cannot complete this discovery with ordinary diligence by January 17, 2025. As to third parties that Defendants have already served with subpoenas, such as Fortress, Defendants offer no basis to conclude that they cannot schedule and complete whatever depositions remain by that date. The potential for motion practice is no excuse, particularly when Defendants served those subpoenas well over a year ago and could have moved long ago, but did not. And as to third parties that Defendants have indicated they intend to serve but have not yet done so, such as their own suppliers, Defendants again cannot use their lack of diligence to delay the close of fact discovery.

Lastly, the Court should give no weight to Defendants' remarks regarding a potential stay motion. As Entropic will discuss more fully if and when Defendants file that motion, the Defendants had all facts necessary to bring their *ex parte*

reexamination request as of the day this case was filed, or at minimum over a year ago when the Federal Circuit issued its decision in *In re Cellect*. Yet Defendants tactically waited to bring that request, and now seek to use it as a means of delaying the case. Just as Defendants' lack of diligence in fact discovery cannot justify a request to delay the schedule, Defendants' deliberate decision to hold back the filing of their reexamination request cannot justify a stay. In any event, the discovery that remains would have to occur regardless of whether one of the two patents-in-suit is held invalid, so there is no efficiency benefit to a stay.

**Defendants' Position(s):**

There are only two related patents left in this case ('576 and '715 patents), both of which are expired.  Just over a month ago, in mid-July, the Patent and Trademark Office granted an *ex parte* reexamination request relating to one of them, the '715 patent.  The arguments in that reexamination request were presented under the new Federal Circuit precedent of *In re Cellect*, 81 F. 4th 1216, 1229 (2023), which has the effect of making the claims of the '576 patent prior art against the claims of the related '715 patent.  Given that reality, it is unlikely that the '715 patent will survive, and it would a substantial waste of the Court's time and resources to move forward with a schedule that does not take that into account. Defendants intend to file a motion to stay the case based on the *ex parte* reexamination of the asserted '715 patent and expect to have done so before the status conference.  In view of the forthcoming motion, Defendants respectfully believe that this Court need not implement a new case schedule at this time.  At a minimum, it makes little sense to have expert discovery and then a trial go forward with questions lingering about the '715 patent's validity.

In the event the case is not stayed and the Court wants to move forward with setting a close for fact discovery, Entropic's proposed timeline seeks to cram the remainder of fact discovery into just four months, including over the Thanksgiving and Christmas holidays.  This is fundamentally unworkable and not consistent with the Court's purpose in having patent litigation parties turn to fact discovery after having

the benefit of the Court's *Markman* Order. *See* Transcript of 12/13/2022 Hearing at 32:10-13 ("THE COURT: Well, forgive me for interrupting you [DISH's counsel], but let me again cut to the chase. The way I'm going to handle this case is let's do claim construction. ***Then you can turn to your fact discovery***." (emphasis added)). Here, although progress has already been made on fact discovery while the parties awaited the Court's Markman order, substantial work remains, including technical and non-technical discovery. The parties need to prepare for depositions relating to all issues for DIRECTV, depositions relating to financial, sales, and marketing issues for DISH, and depositions relating to financial and a host of other issues for Entropic. Entropic's emphasis on solely the bare amount of time that discovery has been open is also inappropriate. For example, Entropic ignores that motion practice was necessary to compel attendance at deposition for witnesses, such as Anton Monk, that Entropic identified in its initial disclosures but who refused to provide a deposition date even after almost a year of requests.

With respect to third-party discovery, a significant amount of work remains to be done, including with respect to one of the two surviving inventors, MaxLinear (the assignee of the patents), Fortress (backer of New Entropic), and Defendants' suppliers. With respect to MaxLinear and Fortress, Defendants unfortunately anticipate that there will need to be motions to compel, as both entities have been uncooperative to date, and despite subpoenas served have refused to produce relevant documents. Furthermore, MaxLinear has even so far refused to agree to have discovery disputes in this case (where MaxLinear is not formally a party) heard by the court-appointed Special Master, which will force the filing of a whole new action to enforce the subpoenas.

There is no need to attempt to fit this amount of discovery into such a short period of time, especially in light of the fact that the asserted patents have expired, and no injunction is possible. Entropic's proposed close of fact discovery—in mid-January—also ignores the limited availability that often arises in November and

December because of major holidays. And counsel for both Defendants have a number of trials and arbitrations already scheduled for the remainder of this year and early 2025, including for DIRECTV and AT&T[1] *SPEX Technologies, Inc. v. Western Digital Corporation* (C.D. CA) scheduled for October 8, 2024; *Regents of the University of Minnesota v. AT&T Mobility LLC, et al.* 14-cv-04666-JRT-TNL (D. Minn.) scheduled for December 2, 2024; *In the Matter of Certain High-Strength Aluminum or Aluminum Alloy-Coated Steel, and Automotive Products and Automobiles Containing Same,* Investigation No. 337-TA-1402 (ITC) scheduled for March 3, 2025, as well as a confidential international arbitration under the auspices of the ICC – International Court of Arbitration scheduled for February 24, 2025. DISH itself also has trials scheduled in cases involving the same in-house attorneys managing this litigation in both Germany and the United Kingdom during the time period proposed by Entropic for fact discovery. Defendants simply could not have known the foregoing details, or how discovery would unfold, when they last discussed the schedule with the Court in 2022. Defendants therefore respectfully request seven months to complete all remaining fact discovery.

Defendants also respectfully request that, for the sake of efficiency, the Court only implement a schedule through summary judgment motions, assuming that the case is not stayed and the Court wants to set any schedule beyond the close of fact discovery. Defendants believe that by resolving summary judgment motions first, the parties may avoid the burden and expense of *Daubert* motions, motions *in limine*, and trial preparation. Furthermore, Defendants believe the Court is best positioned to schedule the trials when appropriate for the Court, rather than proposing a specific date for the Court.

---

[1] Counsel for DIRECTV and AT&T also anticipate having trial in *SharkNinja Operating LLC et al. v. Dyson, Inc., et al.,* 1:23-cv-11277-ABD (D. Mass.) in January or February, 2025.

| | | |
|---|---|---|
| Dated: August 30, 2024 | | Respectfully Submitted, |
| | By: | /s/ *Christina N. Goodrich* |
| | | Christina N. Goodrich (SBN 261722) |
| | | Cassidy T. Young (SBN 342891) |
| | | **K&L GATES LLP** |
| | | 10100 Santa Monica Blvd., 8th Fl. |
| | | Los Angeles, CA 90067 |
| | | Tel: (310) 552-5547 |
| | | Fax: (310) 552-5001 |
| | | christina.goodrich@klgates.com |
| | | cassidy.young@klgates.com |
| | | |
| | | James A. Shimota (admitted *phv*) |
| | | Jason A. Engel (admitted *phv*) |
| | | Nathan J. Fuller (admitted *phv*) |
| | | **K&L GATES LLP** |
| | | 70 W. Madison Street, Suite 3300 |
| | | Chicago, IL 60602 |
| | | Tel.: (312) 372-1121 |
| | | Fax: (312) 827-8000 |
| | | jim.shimota@klgates.com |
| | | jason.engel@klgates.com |
| | | nathan.fuller@klgates.com |
| | | |
| | | Nicholas F. Lenning (admitted *phv*) |
| | | **K&L GATES LLP** |
| | | 925 Fourth Avenue, Suite 2900 |
| | | Seattle, WA 98104 |
| | | Tel: (206) 623-7580 |
| | | Fax: (206) 370-6006 |
| | | nicholas.lenning@klgates.com |
| | | |
| | | Caroline M. Vermillion (admitted *phv*) |
| | | **K&L GATES LLP** |
| | | 599 Lexington Avenue |
| | | New York, NY 10022 |
| | | Tel: (212) 536-3987 |
| | | Fax: (212) 536-3901 |
| | | caroline.vermillion@klgates.com |

|   |   |   |
|---|---|---|
| | | ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC |
| | By: | /s/ *Amanda Tessar* |
| | | Matthew C. Bernstein, Bar No. 199240 |
| | | MBernstein@perkinscoie.com |
| | | **PERKINS COIE LLP** |
| | | 11452 El Camino Real, Suite 300 |
| | | San Diego, CA 92130 |
| | | Tel: (858) 720-5700 |
| | | Fax: (858) 720-5799 |
| | | |
| | | Amanda Tessar (admitted *phv*) |
| | | ATessar@perkinscoie.com |
| | | Trevor Bervik (admitted *phv*) |
| | | TBervik@perkinscoie.com |
| | | **PERKINS COIE LLP** |
| | | 1900 Sixteenth Street, Suite 140 |
| | | Denver, CO 80202 |
| | | Tel: (303) 291-2300 |
| | | Fax: (303) 291-2400 |
| | | |
| | | Daniel T. Keese, Bar No. 280683 |
| | | DKeese@perkinscoie.com |
| | | **PERKINS COIE LLP** |
| | | 1120 NW Couch Street, 10th Floor |
| | | Portland, OR 97209 |
| | | Tel: (503) 727-2000 |
| | | Fax: (503) 727-2222 |
| | | |
| | | Adam G. Hester, Bar No. 311206 |
| | | AHester@perkinscoie.com |
| | | **PERKINS COIE LLP** |
| | | 33 East Main Street, Suite 201 |
| | | Madison, WI 53703 |
| | | Tel: (650) 838-4311 |
| | | Fax: (650) 838 4350 |

|   |   |
|---|---|
|   | ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C. |
| By: | /s/ *Jason C. Lo* |
|   | Jason C. Lo, SBN 219030 |
|   | jlo@gibsondunn.com |
|   | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 333 South Grand Avenue, Suite 5400 |
|   | Los Angeles, CA 90071 |
|   | Tel: (213) 229-7000 |
|   | Fax: (213) 229-7520 |
|   |   |
|   | Benjamin Hershkowitz (admitted *phv*) |
|   | bhershkowitz@gibsondunn.com |
|   | Katherine Q. Dominguez (admitted *phv*) |
|   | kdominguez@gibsondunn.com |
|   | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 200 Park Avenue |
|   | New York, NY 10166 |
|   | Tel: (212) 351-4000 |
|   | Fax: (212) 351-4035 |
|   |   |
|   | Brian Buroker (admitted *phv*) |
|   | bburoker@gibsondunn.com |
|   | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 1050 Connecticut Avenue, N.W. |
|   | Washington, D.C. 20036 |
|   | Tel: (202) 955-8500 |
|   |   |
|   | Nathan R. Curtis (admitted *phv*) |
|   | ncurtis@gibsondunn.com |
|   | Audrey Yang (admitted *phv*) |
|   | ayang@gibsondunn.com |
|   | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 2001 Ross Avenue, Suite 2100 |
|   | Dallas, TX 75201 |
|   | Tel: (214) 698-3100 |
|   | Fax: (214) 571-2900 |

**ATTORNEYS FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**