Jason C. Lo, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

**ATTORNEY FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:  +1.858.720.5700
Facsimile:   +1.858.720.5799

**ATTORNEY FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

*Additional Counsel Listed on Signature Block*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>DIRECTV, LLC ET AL.,<br><br>    Defendants. | CASE NO. 2:22-CV-07775-JWH-JEM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THE CASE PENDING *EX PARTE* REEXAMINATION**<br><br>Motion Hearing:<br> Date: October 4, 2024<br> Time: 9:00 a.m.<br> Crtm: 9D (Reagan Bldg) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>    Defendants. | CASE NO. 2:22-CV-07959-JWH-JEM |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on October 4, 2024 at 9:00 a.m. PT, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable John W. Holcomb, located in the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor, Defendants DIRECTV, LLC and AT&T Services, Inc. (collectively, "DIRECTV") and DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH") (all together, "Defendants") will and hereby do move for this Court to stay this case pending *ex parte* reexamination of U.S. Patent No. 7,542,715 ("the '715 patent").

Defendants respectfully request that the Court stay this case pending resolution of the *ex parte* reexamination of the '715 patent, which the United States Patent and Trademark Office ("USPTO") granted on July 12, 2024. A stay of this case is warranted in view of the substantively early stage of the proceedings, the potential to simplify the relevant issues, and the lack of prejudice to the Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff").

This motion is based on the accompanying Memorandum of Points and authorities, the Declaration of Nathan Curtis ("Curtis Decl.") and exhibits thereto, the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

## CONCISE STATEMENT OF RELIEF

Defendants request that the Court stay all deadlines in this case pending the outcome of the now-granted request for *ex parte* reexamination (No. 90/019,484) of U.S. Patent No. 7,542,715, which challenges the validity of all remaining claims of one of the two patents remaining in this case.

Dated:  September 6, 2024

**GIBSON, DUNN & CRUTCHER LLP**

BY:  */s/ Jason C. Lo*
        Jason C. Lo

Jason C. Lo, Bar No. 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA  90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Benjamin Hershkowitz (admitted *phv*)
bhershkowitz@gibsondunn.com
Katherine Q. Dominguez (admitted *phv*)
kdominguez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Brian Buroker (admitted *phv*)
bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500

Nathan R. Curtis (admitted *phv*)
ncurtis@gibsondunn.com
Audrey Yang (admitted *phv*)
ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

Attorneys for Defendants DIRECTV, LLC and
AT&T Services, Inc.

1    Dated:  September 6, 2024          **PERKINS COIE LLP**

2                                       BY:  _/s/ Amanda Tessar_
3                                             Amanda Tessar

4                                       Matthew C. Bernstein, Bar No. 199240
                                        MBernstein@perkinscoie.com
5                                       PERKINS COIE LLP
                                        11452 El Camino Real, Ste 300
6                                       San Diego, California 92130-2080
                                        Telephone: +1.858.720.5700
7                                       Facsimile: +1.858.720.5799

8
                                        Amanda Tessar (admitted _pro hac vice_)
9                                       ATessar@perkinscoie.com
                                        Trevor Bervik (admitted _pro hac vice_)
10                                      TBervik@perkinscoie.com
                                        PERKINS COIE LLP
11                                      1900 Sixteenth Street, Suite 140
                                        Denver, CO 80202-5255
12                                      Tel: +1.303.291.2300
                                        Fax: +1.303.291.2400
13

14
                                        Daniel T. Keese, Bar No. 280683
15                                      DKeese@perkinscoie.com
                                        PERKINS COIE LLP
16                                      1120 NW Couch Street, 10th Floor
                                        Portland, OR 97209
17                                      Tel: +1.503.727.2000
                                        Fax: +1.503.727.2222
18

19                                      Adam G. Hester, Bar No. 311206
                                        AHester@perkinscoie.com
20                                      PERKINS COIE LLP
                                        33 East Main Street, Suite 201
21                                      Madison, WI 53703-3905
                                        Tel: +1.650.838.4311
22                                      Fax: +1.650.838.4350
23

24                                      Attorneys for Defendants DISH Network
                                        Corporation, DISH Network L.L.C., and DISH
25                                      Network Service L.L.C.

26

27

28

Jason C. Lo, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, Suite 5400
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

**ATTORNEY FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:  +1.858.720.5700
Facsimile:   +1.858.720.5799

**ATTORNEY FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

*Additional Counsel Listed on Signature Block*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>DIRECTV, LLC ET AL.,<br><br>            Defendants. | CASE NO. 2:22-CV-07775-JWH-JEM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY THE CASE PENDING *EX PARTE* REEXAMINATION** |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C.,<br><br>           Defendants. | CASE NO. 2:22-CV-07959-JWH-JEM |

5

# TABLE OF CONTENTS

Page

I.   Introduction ..................................................................................................... 12

II.  Legal Standards ............................................................................................... 14

     A.   The Purpose of the *Ex Parte* Reexamination ........................................... 14

     B.   This Court's Power to Stay ................................................................... 14

     C.   Courts In This District Frequently Stay Litigation When a USPTO
          Proceeding is Instituted or Granted on Fewer Than All Patents.............. 15

III. Analysis .......................................................................................................... 16

     A.   Stay Factor 1: This Case Is in Its Early Stages ....................................... 16

     B.   Stay Factor 2: A Stay of This Case Will Result in Simplification. ......... 18

     C.   Stay Factor 3: A Stay in This Case Will Not Unduly Prejudice
          Entropic ................................................................................................ 20

IV.  Conclusion ..................................................................................................... 21

1

TABLE OF AUTHORITIES

2

CASES

3
*ACQIS, LLC v. EMC Corp.*,
4
    109 F. Supp. 3d 352 (D. Mass. 2015)................................................... 17, 19

5
*Alloc, Inc. v. Unilin Decor N.V.*,
6
    No. 03-cv-253, 2003 WL 21640372 (D. Del. July 11, 2003) ................................. 19

7
*ASCII Corp. v. STD Ent. USA, Inc.*,
8
    844 F. Supp. 1378 (N.D. Cal. 1994).................................................. 14, 15

9
*Aten Int'l Co. v. Emine Tech. Co.*,
    No. 09-cv-843-AG, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) .................. 15, 17
10

11
*Avago Techs. Fiber IP (Singapore) Pte. v. IPtronics Inc.*,
    No. 10-cv-2863, 2011 WL 3267768 (N.D. Cal. July 28, 2011)............................... 21

12

13
*Brass Smith, LLC v. Advanced Design Mfg. LLC*,
    No. CV 10-4945 PSG, 2010 WL 5363808 (C.D. Cal. Dec. 20, 2010) ................... 18

14

15
*Brit. Telecommunications PLC v. IAC/InterActiveCorp*,
    No. 18-cv-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ....................... 16

16

17
*CallWave Commc'ns, LLC v. AT&T Mobility LLC*,
    Nos. 12-cv-1702, 2015 WL 1284203 (D. Del. Mar. 18, 2015)............................... 17

18

19
*In re Cellect, LLC*,
    81 F.4th 1216 (2023) ........................................................................................ 12

20
*Clinicomp Int'l, Inc. v. Cerner Corp.*,
    No. 17-cv2479-GPC, 2018 WL 5617694 (S.D. Cal. Oct. 30, 2018) ..................... 16
21

22
*E. Digital Corp. v. Dropcam, Inc.*,
    No. 14-cv-4922, 2016 WL 658033 (N.D. Cal. 2016) ........................................... 20

23

24
*e.Digital Corp. v. Arcsoft, Inc.*,
    Case No. 15-cv-56, 2016 WL 452152 (S.D. Cal. Feb. 3, 2016) ............................ 16

25

26
*FastVDO LLC v. AT&T Mobility LLC*,
    No. 3:16-cv-02499, 2017 WL 2323003 (S.D. Cal. Jan. 23, 2017).................... 16, 19

27
*Gould v. Control Laser Corp.*,
28
    705 F.2d 1340 (Fed.Cir.1983) ............................................................................ 14

7

*Implicit Networks, Inc. v. Advanced Micro Devices*,
    No. 08-cv-184, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ................................ 21

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 18-cv-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ........................ 16

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ........................................................................................ 14, 15

*Longitude Licensing Ltd. v. Amazon.com, Inc.*,
    No. 8:23-cv-00039, ECF No. 80 (C.D. Cal. Feb. 26, 2024) ........................ 15, 18, 19

*Media Techs. Licensing LLC v. The Upper Deck Company, et al.*,
    No. 01-cv-1198, Dkt. 920 (C.D. Cal. Jul. 27, 2006) ......................................... 14, 15

*Monitoring v. Get-Grin Inc.*,
    No. 22-cv-647-WCB, 2024 WL 1603403 (D. Del. Apr. 9, 2024) .................... 15, 19

*Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*,
    No. 17-cv-03125-PHX, 2018 WL 6242280 (D. Ariz. Nov. 29, 2018) .................... 16

*Pragmatus AV, LLC v. Facebook, Inc.*,
    No. 11-cv-2168, 2011 WL 4802958 (N.D. Cal., Oct. 11, 2011) .............................. 21

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
    No. 08-cv-0930, 2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) ............................. 19

*Purecircle USA Inc. v. Sweegen, Inc.*,
    No. SACV 18–1679 JVS, 2019 WL 3220021 (C.D. Cal. June 3, 2019) ............... 17

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997) ................................................................. 14, 15

*Smartflash LLC v. Apple Inc.*,
    621 F. App'x 995 (Fed. Cir. 2015) .......................................................................... 17

*SMT Sols., Inc. v. ExpoEvent Supply LLC*,
    No. 11-6225, 2012 WL 3526830 (D.N.J. Aug. 15, 2012) ....................................... 19

*SPEX Techs., Inc. v. Kingston Tech. Corp.*,
    No. 16-cv-07349 JVS, 2018 WL 2446801 (C.D. Cal. May 16, 2018) .............. 16, 17

*TeleSign Corp. v. Twilio, Inc.*,
    No. 15-cv-3240-PSG, 2016 WL 6821111 (C.D. Cal. Mar. 9, 2016) ................ 20, 21

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
    No. 19-cv-1201-RSWL, 2021 WL 663128 (C.D. Cal. Feb. 19, 2021) ................... 16

*Versata Software, Inc. v. Configit A/S*,
    No. LA-CV-2009019, 2022 WL 3598158 (C.D. Cal. Apr. 27, 2022) ... 13, 15, 18, 19

*Vivint, Inc. v. SkyBell Techs., Inc.*,
    No. 21-cv-9472-GW, 2022 WL 18587113 (C.D. Cal. Nov. 9, 2022).......... 15, 16, 17

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
    No. 14-01153-VAP (SPx), 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ........... 20, 21

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '576 patent | U.S. Patent No. 7,130,576 |
| '715 patent | U.S. Patent No. 7,542,715 |
| '008 patent | U.S. Patent No. 8,792,008 |
| Defendants | DIRECTV and DISH, collectively |
| DIRECTV | Defendants DIRECTV, LLC and AT&T Services, Inc. |
| DISH | Defendants DISH Network L.L.C., Dish Network Corporation, and Dish Network Service L.L.C. |
| Entropic | Plaintiff Entropic Communications, LLC |
| ODP | Obviousness-type double patenting |
| PTA | Patent Term Adjustment |
| PTAB | Patent Trial and Appeal Board |
| Tr. | Transcript |
| USPTO | United States Patent and Trademark Office |

1

## TABLE OF EXHIBITS

2

3

| Exhibit | Description |
|---------|-------------|
| A | Statutory Disclaimer Filed Under 37 CFR § 1.321(a) as Ex. 2001 in *DISH Network Corporation et al. v. Entropic Communications, LLC*, IPR 2023-00392 (May 16, 2023) |
| B | Grant of *Ex Parte* Reexamination App. No. 90/019,484 for U.S. Patent No. 7,542,715 (July 12, 2024) |
| C | December 13, 2022 Status Conference Transcript |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

# I. Introduction

Entropic filed two patent infringement suits—one against DIRECTV and another against DISH—alleging infringement of three patents—U.S. Patent Nos. 7,130,576 ("the '576 patent"), 7,542,715 ("the '715 patent"), and 8,792,008 ("the '008 patent"). The '008 patent has since been dismissed with prejudice against all defendants, leaving two asserted patents—the related '576 and '715 patents.

On April 15, 2024, DISH filed a request for *ex parte* reexamination on all remaining claims of the '715 patent.[1] This reexamination is based on *In re Cellect, LLC*, an August 2023 case in which the Federal Circuit ruled that a patent's expiration date after a Patent Term Adjustment ("PTA") should be used to determine if there is obviousness-type double patenting ("ODP"). 81 F.4th 1216, 1229 (2023). The Court held that, if a patent family has different expiration dates due to PTA (as the '576 and '715 patents here do), the earlier-expiring family member (here, the '576 patent) can be used to challenge the validity of a later-expiring family member (here, the '715 patent). This means that the closely related claims of the related '576 patent become prior art to the '715 claims themselves, creating a near-certainty that the '715 claims will fall, particularly when combined with another reference that was not previously before the examiner.

On July 12, 2024, the USPTO granted DISH's request for *ex parte* reexamination. *See* Ex. B (grant of *ex parte* reexamination request). The USPTO is thus currently considering the validity of all remaining claims of the '715 patent.

Accordingly, Defendants respectfully request the Court stay this case to allow the USPTO to resolve the reexamination. All three factors that courts consider when deciding whether to stay pending an *ex parte* reexamination—as well as the totality of the circumstances—weigh in favor of this stay: (1) discovery is not near completion and

---

[1] In IPR2023-00392 on the '715 patent, Entropic filed a statutory disclaimer of claims 1–8 and 13–19 of the '715 patent, leaving only claims 9–12 at issue. *See* Ex. A (IPR 2023-00392, Ex. 2001). The PTAB denied institution of the IPR, which was based on invalidity grounds unrelated to those in the pending reexamination on the '715 patent.

trial date has not been set; (2) a stay will simplify the issues in question and trial of the case; and (3) a stay would not unfairly prejudice Entropic, a non-practicing entity asserting expired patents. Indeed, in this District, "[t]here is a near uniform line of authority [reflecting the principle that] after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed," even where fewer than all patents at issue in the case are under review. *Versata Software, Inc. v. Configit A/S*, No. LA-CV-2009019-JAK, 2022 WL 3598158, at *3 (C.D. Cal. Apr. 27, 2022) (internal quotations omitted). The Court should follow the same practice here.

First, discovery in this case is far from completion and a trial date has not yet been set. The first eight months of this case in the Eastern District of Texas were primarily directed to transfer-related issues. After transfer to this Court, the Court declined to set deadlines for the substantial completion of document productions and the close of fact discovery until after *Markman* proceeding. A *Markman* order issued last month, and the parties anticipate that the Court will address scheduling issues at a case management conference set for September 13, 2024. Fact discovery is open, no summary judgment motions have been filed, and there is no set trial date. Thus, by staying the case now, the Court can avoid burdening its docket with a schedule and proceedings that may be unnecessary in light of the *ex parte* reexamination. Furthermore, the parties may very likely avoid needlessly engaging in extraneous and burdensome discovery (both fact and expert) with respect to the '715 patent.

Second, a stay will simplify the issues for trial. The *ex parte* reexamination may result in the cancellation of some or all remaining claims of the '715 patent, mooting the need to address them in this litigation. In creating the *ex parte* reexamination process, Congress allowed the USPTO to hear substantial new questions of patentability of issued patent claims in an administrative proceeding that could cancel claims. By staying this case in view of an *ex parte* reexamination, this Court would allow the USPTO to fulfill its intended role, and examine the validity of the '715 patent in light of art it recognizes is important.

Third, a stay will not unduly prejudice Entropic.  Entropic does not design or manufacture any products and is not a competitor to Defendants.  As a non-practicing entity, Entropic acquired the patents in 2021—when both remaining asserted patents were already nearing expiration.  Now, both patents have expired.  And, as Entropic is only seeking monetary damages, any award would be unaffected by a stay.  Indeed, this case is like many others where a stay has been granted based on instituted *inter partes* review petitions or granted requests for *ex parte* reexamination—even when only some of the patents at issue are being challenged—to simplify issues and save resources.  Any prejudicial effect on Entropic is speculative and, as explained below, clearly outweighed by the benefits of granting a stay.

This Court previously declined to grant a stay when DISH's petitions for *inter partes* review had been filed, but not instituted.  Now, however, DISH's request for *ex parte* reexamination regarding the '715 patent has been granted and the reexamination is under way.  There is a large body of precedent, including in this District, for staying in exactly these circumstances.  No different result is merited here.

## II.  LEGAL STANDARDS

### A.    The Purpose of the *Ex Parte* Reexamination

The primary "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Media Techs. Lic. LLC v. The Upper Deck Company, et al.*, No. 01-cv-1198, Dkt. 920 (C.D. Cal. Jul. 27, 2006); *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

### B.    This Court's Power to Stay

District courts have the inherent power to stay their proceedings, and the " power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants.'"  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

This power to stay includes the power to stay pending *ex parte* reexamination. When considering whether to stay a case in view of USPTO and PTAB proceedings, courts in this district have typically considered three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten Int'l Co. v. Emine Tech. Co.*, No. 09-cv-843-AG, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010); *Media Techs.*, No. 01-cv-1198, Dkt. 920; *ASCII Corp.*, 844 F. Supp. at 1380.[2]  Ultimately, "the totality of the circumstances governs."  *See Vivint, Inc. v. Skybell Techs., Inc.*, No. 21-cv-9472-GW, 2022 WL 18587113, at *1 (C.D. Cal. Nov. 9, 2022), adopted as final ruling in *Vivint, Inc. v. Skybell Techs., Inc.*, No. 21-cv-0472, Dkt. 174 (C.D. Cal. Nov. 10, 2022).

## C.   Courts In This District Frequently Stay Litigation When a USPTO Proceeding is Instituted or Granted on Fewer Than All Patents

Courts in this district typically adopt the majority position that a stay is proper when a request for *ex parte* reexamination has been granted or a request for *inter partes* review has been instituted, even when the USPTO proceedings do not involve all the patents at issue.  *See Longitude Licensing Ltd. v. Amazon.com, Inc.*, No. 8:23-cv-00039, ECF No. 80 at 2, 8 (C.D. Cal. Feb. 26, 2024) (granting a renewed motion to stay pending an instituted IPR on only three of the four asserted patents); *Versata Software*, 2022 WL 3598158, at *3 (stating that "[e]ven when IPR proceedings are instituted on fewer than all the claims at issue, district courts frequently issue stays").

---

[2] Although some of the case law cited in this brief relates to stays pending *inter partes* review, "given the close parallels between *inter partes* review and other forms of post-grant proceedings, courts have applied similar stay analysis in the context of reexaminations, such as the *ex parte* reexamination at issue in this case." *Monitoring v. Get-Grin Inc.*, No. 22-cv-647-WCB, 2024 WL 1603403, at *4 (D. Del. Apr. 9, 2024) (Bryson, C.J., sitting by designation).  Indeed, "courts have found that the policy considerations governing the issuance of stays [pending *ex parte* reexamination] are similar with respect to all post-grant proceedings." *Id.*

Other courts, including other district courts in California, take a similar approach. *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-cv-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019) ("More generally, district courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all the claims asserted in the related litigation."); *FastVDO LLC v. AT&T Mobility LLC*, No. 3:16-cv-02499-HWVG, 2017 WL 2323003, at *4 (S.D. Cal. Jan. 23, 2017) ("The standard is simplification of the district court case, not complete elimination of it by the [PTAB]."); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-cv-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019); *Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, No. 17-cv-03125-PHX-DWL, 2018 WL 6242280, at *5 (D. Ariz. Nov. 29, 2018); *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17-cv2479-GPC(BLM), 2018 WL 5617694, at *4–5 (S.D. Cal. Oct. 30, 2018); *e.Digital Corp. v. Arcsoft, Inc.*, No. 15-cv-56, 2016 WL 452152, at *1–2 (S.D. Cal. Feb. 3, 2016).

### III. ANALYSIS

All three stay factors—stage of the case, simplification of issues, and potential for undue prejudice—favor staying this case. Significant discovery remains, the granted request for *ex parte* reexamination is likely to substantially streamline the issues to be tried, and Entropic cannot credibly claim it would suffer undue prejudice. As such, the Court should stay this case.

### A.    Stay Factor 1: This Case Is in Its Early Stages

The stage of this litigation favors a stay because there is "more work ahead of the parties and the Court than behind them." *See Vivint, Inc.*, 2022 WL 18587113, at *2 (granting stay even though parties had already noticed depositions, exchanged final infringement and invalidity contentions, a claim construction order had been entered, and fact discovery closed eleven days after the hearing on the Motion to Stay); *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. 19-cv-1201-RSWL, 2021 WL 663128, at *2 (C.D. Cal. Feb. 19, 2021) (staying case where claim construction order had issued and jury trial date had been set); *SPEX Techs., Inc. v. Kingston Tech. Corp.*, No. 16-cv-07349, 2018

WL 2446801, at *2–3 (C.D. Cal. May 16, 2018) (granting stay pending IPR after Markman hearing).  Further, there is a "liberal policy . . . of granting motions to stay proceedings pending the outcome of re-examination."  *Aten Int'l Co.*, 2010 WL 1462110, at *6.

The work in this case is still in its early stages, with the costliest stages still ahead.  The Court just issued its *Markman* claim construction order, and substantial fact discovery remains to be completed, including depositions relating to all issues for DIRECTV, depositions relating to financial, sales, and marketing issues for DISH, and depositions relating to financial and a host of other issues for Entropic.  Much third-party discovery remains, moreover, including with respect to one of the two surviving inventors, MaxLinear (the assignee of the patents), Fortress (backer of New Entropic), and Defendants' suppliers.  The Court has not set a deadline for the close of fact discovery, nor has a trial date been set.  *See* Ex. C (Status Conf. Tr.) at 43:18–21.  Many costly aspects of patent litigation have not begun.  In short, much more work lies ahead of the parties and the Court, which weighs in favor of a stay.  Indeed, courts have a long history of staying cases that are as far or even further along than the present litigation. *See, e.g.*, *Vivint, Inc.*, 2022 WL 18587113, at *2; *Purecircle USA Inc. v. Sweegen, Inc.*, No. SACV 18–1679 JVS (JDEx), 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019) (staying case where close of fact discovery was four months away and the trial date had been set); *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (holding that the district court abused its discretion when it denied a stay based on CBM proceedings mere months away from trial, because "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come"); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356–57 (D. Mass. 2015) (granting a stay "[n]otwithstanding the fact that substantial document and written discovery ha[d] already occurred, and a claim construction opinion ha[d] been issued"); *CallWave Commc'ns, LLC v. AT&T Mobility LLC*, No. 12-cv-1702, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting a stay where "[d]iscovery is more advanced than would

be ideal, but . . . few depositions have been taken and expert discovery has not yet begun").

Allowing this litigation to progress would require the parties to expend significant effort and resources on a patent that may be invalidated by the *ex parte* reexamination. It is clear that significantly more work lies ahead of the parties and the Court than behind them.  Accordingly, the stage of the proceedings here strongly favors a stay.

**B.    Stay Factor 2: A Stay of This Case Will Result in Simplification.**

DISH's granted request for *ex parte* reexamination could significantly narrow the issues for trial.  Entropic has already disclaimed claims 1–8 and 13–19 of the '715 patent. *See* Ex. A (IPR 2023-00392, Ex. 2001).  The granted request for *ex parte* reexamination concerns claims 9 (an independent claim) and claims 10–12 (dependent on claim 9), which are the only remaining claims of the '715 patent.  *See* Ex. B (grant of *ex parte* reexamination request).  Now that the request for *ex parte* reexamination has been granted, the situation weighs heavily in favor of granting the stay.  *Longitude Licensing Ltd,* No. 8:23-cv-00039, ECF No. 80 at 5 ("the PTAB instituted review . . . [i]n light of the fact that those petitions involve most of the patent claims asserted in this action, a stay will likely offer at least some simplification. Moreover, simplification is likely even though the PTAB will not address all claims of all asserted patents.");*Brass Smith, LLC v. Advanced Design Mfg. LLC*, No. CV 10-4945 PSG (FFMx), 2010 WL 5363808, at *1 (C.D. Cal. Dec. 20, 2010) ("Cancellation of some or all of the claims [through reexamination] would obviously streamline or end the litigation. Alteration of the claims could change the case in ways that would foster settlement or simplify the case.").

In this District, "[t]here is a 'near uniform line of authority [reflecting the principle that] after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed.'"  *Versata Software, Inc.*, 2022 WL 3598158, at *3.  The fact that only one of two asserted patents is under reexamination does not mean that a stay will not result in simplification.  The USPTO granted reexamination to determine whether the remaining claims of the '715 patent are invalid due to obvious-

18

type double patenting over the '576 patent and a single other prior art reference.  A determination by the USPTO that the claims of the '715 patent are invalid would "save the resources of the parties and the court that would otherwise be expended in addressing claims that are no longer in the case."  *Monitoring*, 2024 WL 1603403, at *6 ("[A]ny decisions cancelling claims from the first three patents at issue will doubtlessly simplify the case before this court.").

As noted above, courts in this district frequently issue stays "[e]ven when IPR proceedings are instituted on fewer than all the claims at issue."  *Versata Software, Inc.*, 2022 WL 3598158, at *3; *see also Longitude Licensing*, No. 23-cv-00039, ECF No. 80 at 2, 8.  Other courts nationwide agree.  For example, in *ACQIS*, the court stayed an entire case in which eleven patents were asserted where only two patents were undergoing *inter partes* review, in view of the "significant overlap among the patents-in-suit."  *ACQIS, LLC*, 109 F. Supp. 3d at 357–58.  In *SMT Sols.*, the court determined that a case would be simplified by a stay, even though not "all of the patents-in-suit are under reexamination," because "the patents-in-suit all share nearly identical disclosures."  *SMT Sols., Inc. v. ExpoEvent Supply LLC*, No. 11-6225, 2012 WL 3526830, at *4 (D.N.J. Aug. 15, 2012).  And, in *Alloc*, the court issued a stay where "there is a sufficient correlation among all of the patents," even though the asserted patent was not undergoing review.  *Alloc, Inc. v. Unilin Decor N.V.*, No. 03-cv-253, 2003 WL 21640372, at *2 (D. Del. July 11, 2003); *see also Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, No. 08-cv-0930, 2008 WL 3833576, at *1 (N.D. Cal. Aug. 15, 2008) (staying case because a "closely related" and "sufficiently similar" patent was undergoing reexamination).  This is because "[t]he standard is simplification of the district court case, not complete elimination of it by the [USPTO]."  *FastVDO LLC*, 2017 WL 2323003, at *4.

Accordingly, the simplification factor weighs heavily in favor of a stay.

**C.    Stay Factor 3: A Stay in This Case Will Not Unduly Prejudice Entropic**

Granting a stay in this case will not unduly prejudice Entropic.  To determine whether this factor weighs in favor of granting a stay, courts in this district consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *TeleSign Corp. v. Twilio, Inc.*, No. 15-cv-3240-PSG, 2016 WL 6821111, at *4 (C.D. Cal. Mar. 9, 2016) (quoting *E. Digital Corp. v. Dropcam, Inc.*, No. 14-cv-4922, 2016 WL 658033, at *4 (N.D. Cal. 2016)).  No single consideration is binding, and critically the "general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay."  *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. 14-01153-VAP (SPx), 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015).  Here, these factors also weigh in favor of a stay.

With respect the first subfactor, DISH diligently filed its request for reexamination.  Specifically, DISH's request was filed shortly after the Federal Circuit's decision in *In re Cellect*, which held that a later-filed, later-expiring patent can be invalidated under the doctrine of obviousness-type double patenting based on an earlier-filed, earlier-expiring patent—which is the exact situation with the '576 and '715 patents.  Indeed, DISH filed its reexamination request on April 15, 2024—immediately after the two asserted patents expired without Entropic having filed the terminal disclaimer that otherwise would have cured the issue.  DISH could not have made its request for reexamination any earlier.

With respect to the second subfactor, Defendants have diligently sought this stay.  The USPTO granted the request for *ex parte* reexamination on July 12, 2024.  Defendants raised the idea of a stay with Entropic two weeks later during a meet-and-confer on July 30.  Entropic responded several weeks later, on August 22, 2024, that it would not agree to a stay.  Defendants and Entropic thereafter met and conferred regarding a stay on August 28, 2024.  The parties could not come to an agreement and,

following the seven-day waiting period under L.R. 7-3, Defendants filed this motion. The present request was therefore diligently filed.

With respect to the third subfactor, Entropic cannot show that it would be prejudiced by a stay. Courts in this District are "reluctant to find that the IPR delay counsels against a stay *absent a specific showing of prejudice beyond the prejudice inherent in a stay*." *TeleSign*, 2016 WL 6821111, at *4 (emphasis added). One factor that is relevant to whether a party is prejudiced by a stay is whether the parties are direct competitors to each other. *See Wonderland*, 2015 WL 1809309, at *4. But Entropic is a non-practicing entity. Accordingly, this factor is inapplicable—Defendants and Entropic are not competitors at all. Additionally, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Pragmatus AV, LLC v. Facebook, Inc*., No. 11-cv-2168, 2011 WL 4802958, at *4 (N.D. Cal. Oct. 11, 2011) (alterations in original) (quoting *Implicit Networks, Inc. v. Advanced Micro Devices*, No. 08-cv-184, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009)). This is especially true in cases like this one, where both asserted patents have already expired and no injunction is possible. Entropic cannot show that it will be prejudiced by a stay.

Finally, with respect to the fourth subfactor, the relationship of the parties does not support any claim of undue prejudice. While courts are generally reluctant to stay proceedings where the parties are direct competitors, Defendants and Entropic are not, as mentioned above; Entropic is a non-practicing entity. As such, there is no harm to Entropic that is not compensable by "readily calculable money damages," rendering the prejudice to Entropic minimal. *Avago Techs. Fiber IP (Singapore) Pte. v. IPtronics Inc.*, No. 10-cv-2863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

## IV. CONCLUSION

Because all factors favor a stay, and in light of the liberal policy favoring stays pending ongoing USPTO proceedings, Defendants' respectfully requests that the Court stay this case pending the outcome of the *ex parte* reexamination.

1    Dated:  September 6, 2024          **GIBSON, DUNN & CRUTCHER LLP**

2                                      BY:  _/s/ Jason C. Lo_

3                                             Jason C. Lo

4                                      Jason C. Lo, Bar No. 219030
                                       jlo@gibsondunn.com
5                                      GIBSON, DUNN & CRUTCHER LLP
                                       333 South Grand Avenue, Suite 5400
6                                      Los Angeles, CA  90071-3197
                                       Telephone: (213) 229-7000
7                                      Facsimile: (213) 229-7520

8
                                       Benjamin Hershkowitz (admitted *phv*)
9                                      bhershkowitz@gibsondunn.com
                                       Katherine Q. Dominguez (admitted *phv*)
10                                     kdominguez@gibsondunn.com
                                       GIBSON, DUNN & CRUTCHER LLP
11                                     200 Park Avenue
                                       New York, NY 10166
12                                     Tel: (212) 351-4000
                                       Fax: (212) 351-4035
13

14                                     Brian Buroker (admitted *phv*)
15                                     bburoker@gibsondunn.com
                                       GIBSON, DUNN & CRUTCHER LLP
16                                     1050 Connecticut Avenue, N.W.
                                       Washington, D.C. 20036
17                                     Tel: (202) 955-8500

18
                                       Nathan R. Curtis (admitted *phv*)
19                                     ncurtis@gibsondunn.com
                                       Audrey Yang (admitted *phv*)
20                                     ayang@gibsondunn.com
                                       GIBSON, DUNN & CRUTCHER LLP
21                                     2001 Ross Avenue, Suite 2100
                                       Dallas, TX 75201
22                                     Tel: (214) 698-3100
                                       Fax: (214) 571-2900
23

24                                     Attorneys for Defendants DIRECTV, LLC and
25                                     AT&T Services, Inc.

26

27

28

1  Dated:  September 6, 2024          **PERKINS COIE LLP**

2                                      BY:  */s/ Amanda Tessar*
                                            Amanda Tessar
3

4                                      Matthew C. Bernstein, Bar No. 199240
                                       MBernstein@perkinscoie.com
5                                      PERKINS COIE LLP
                                       11452 El Camino Real, Ste 300
6                                      San Diego, California 92130-2080
                                       Telephone: +1.858.720.5700
7                                      Facsimile: +1.858.720.5799

8
                                       Amanda Tessar (admitted *pro hac vice*)
9                                      ATessar@perkinscoie.com
                                       Trevor Bervik (admitted *pro hac vice*)
10                                     TBervik@perkinscoie.com
                                       PERKINS COIE LLP
11                                     1900 Sixteenth Street, Suite 140
                                       Denver, CO 80202-5255
12                                     Tel: +1.303.291.2300
                                       Fax: +1.303.291.2400
13

14                                     Daniel T. Keese, Bar No. 280683
15                                     DKeese@perkinscoie.com
                                       PERKINS COIE LLP
16                                     1120 NW Couch Street, 10th Floor
                                       Portland, OR 97209
17                                     Tel: +1.503.727.2000
                                       Fax: +1.503.727.2222
18

19                                     Adam G. Hester, Bar No. 311206
                                       AHester@perkinscoie.com
20                                     PERKINS COIE LLP
                                       33 East Main Street, Suite 201
21                                     Madison, WI 53703-3905
                                       Tel: +1.650.838.4311
22                                     Fax: +1.650.838.4350

23
                                       Attorneys for Defendants DISH Network
24                                     Corporation, DISH Network L.L.C., and DISH
                                       Network Service L.L.C.
25

26

27

28

# CERTIFICATE OF CONFERENCE

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 28, 2024.  The undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion and was advised that Plaintiff opposed the relief sough herein.

By: /s/ *Nathan R. Curtis*
Nathan R. Curtis

Attorney for Defendants DIRECTV, LLC and AT&T Services, Inc.

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

1

### CERTIFICATE OF SERVICE

2        I, Nathan R. Curtis, an attorney, hereby certify that the foregoing document was

3   filed electronically on September 6, 2024, and has been served to all counsel who have

4   consented to electronic service.

5

6                                        By: /s/ *Nathan R. Curtis*
                                             Nathan R. Curtis
7
                                         Attorney for Defendants DIRECTV, LLC and
8                                        AT&T Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28