Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

Attorneys for Plaintiff Entropic Communications, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC and AT&T SERVICES, INC., <br><br> Defendants. | Case No. 2:22-cv-07775-JWH-JEM (Lead Case) <br><br> **JOINT PROPOSED CASE SCHEDULE** |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br> Defendants. | Case No. 2:22-cv-07959-JWH-JEM (Member Case) |

On January 29, 2025, the Court ordered Plaintiff Entropic Communications, LLC ("Entropic") and Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH") and Defendants DIRECTV, LLC and AT&T Services, Inc. ("DIRECTV") to "meet and confer forthwith and to file no later than February 14, 2025, a joint proposed case schedule." Dkt. 356.

The parties conferred via email, exchanging proposals, and also met and conferred by videoconference on February 14, 2025, but were not able to reach an agreement. The parties' respective positions regarding the case schedule are as follows:

| Event | Entropic's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Supplemental Invalidity Contentions | Agreed | March 7, 2025 |
| Fact Discovery Cut-off | July 17, 2025 | October 9, 2025 |
| Expert Disclosure (Initial) | August 7, 2025 | November 6, 2025 |
| Expert Disclosure (Rebuttal) | September 2, 2025 | December 18, 2025 |
| All Discovery Cut-off | September 30, 2025 | January 30, 2026 |
| Dispositive Motions | October 14, 2025 | February 26, 2026 |
| Responses to Dispositive Motions | November 6, 2025 | March 26, 2026 |
| Replies ISO Dispositive Motions | November 20, 2025 | April 16, 2026 |
| Last Date to Hear Non-Discovery Motions | December 12, 2025, at 9:00 a.m. (or at the Court's convenience) | May 8, 2026, at 9:00 a.m. (or at the Court's convenience) |
| Hearing on Motions *in Limine* | February 6, 2026 | To be scheduled after the Court's ruling on non-discovery motions |
| Final Pretrial Conference | February 13, 2026 | |
| Jury Trial | March 2, 2026, at 9:00 a.m. (or at the Court's convenience) Estimate: 5 days | |

**2**
**JOINT PROPOSED CASE SCHEDULE**

**Entropic's Position:**

Entropic's proposal should be adopted because it follows this Court's prior guidance and sets out a reasonable timetable for resolution of both fact discovery and the cases overall.

First, Entropic's proposal is consistent with both this Court's general practice and its prior statements regarding scheduling in this case. The Court's sample scheduling order contemplates setting a trial date at this stage, as the Court has done in prior cases. *See, e.g.*, *Gene Pool Techs. vs. Costal Harvest, LLC*, Case No. 5:21-cv-01328-JWH-SHK (Dkt. 94) (scheduling order setting trial for October 23, 2023, one month after issuing Markman order on October 22, 2022). Entropic's proposal follows this practice, proposing a trial date approximately one year after the date of the scheduling order. Indeed, Defendants themselves previously proposed that the Court set a trial date for "summer of 2024," one year after "a Markman sometime in the summer of 2023." *See* Transcript of 12/13/2022 Hearing at 29:25–30:23; 32:4–9. The Court also told the parties that it "[didn't] want to take another year and a half" after issuing its claim construction order to reach trial. *See* Transcript of 12/13/2022 Hearing at 43:19–44:1. The Court further explained that "once you get the claim construction order," the Court "will expect" the parties to be closer to summary judgment and trial than to the start of discovery. *See id.* Defendants' proposal disregards the Court's prior guidance by failing to propose a trial date and by delaying resolution beyond what this Court—and Defendants themselves—previously indicated was appropriate.

Second, Entropic's proposal provides ample time to complete fact discovery without unnecessary delay. Discovery has already been open in this case for 32 months, dating back to the Rule 26(f) conference. *See* Transcript of 12/13/2022 Hearing at 35:6–8. During that time, the parties have conducted substantial document and written discovery, and they have taken over a dozen fact depositions. Any discovery that remains, such as party depositions related to damages or remaining technical issues, can be completed in the over five months between now and July 17, 2025.

Defendants' schedule should be rejected. First, while Defendants contend that they intend to take substantial third-party discovery, they fail to show that they cannot complete this discovery with ordinary diligence by July 17, 2025. But secondly, Defendants' schedule is simply an attempt to grant themselves the stay this Court just denied. Specifically, Defendants seek to rely upon the fact that they did not diligently pursue discovery during the pendency of their stay motion to justify further delay. In August 2024, Defendants proposed a close of fact discovery in April 2025 (less than seven and a half months). *See* ECF 344. Now, in February 2025, Defendants propose a close of fact discovery in October 2025 (nearly eight months). Defendants cannot plausibly claim that they have acted diligently and yet are even ***further*** from wrapping up fact discovery today than they were six months ago. Defendants also have buried an apparent motion for reconsideration of the Court's recent Order, stating that all deadlines will be "extended" indefinitely after the close of fact discovery until "the *ex parte* reexamination on the '715 patent" has concluded. This is exactly the relief this Court denied merely 15 days ago. Defendants have made no showing that they cannot complete discovery with ordinary diligence by July 17, 2025, and, to the extent they cannot, that is the result of their apparent lack of diligence during the pendency of their stay motion.

**Defendants' Position(s):**

Defendants' proposed schedule should be adopted because it a realistic schedule in view of the significant amount of party and third-party discovery that remains, as well as the reality that this suit involves the assertion of two patents that are expired (and one of which currently has all claims rejected in *ex parte* reexamination). Setting a realistic schedule now is intended to minimize the need for extensions later and works no prejudice to Entropic.

Although the parties have conducted some discovery, significant and time-consuming discovery remains, especially if discovery disputes have to be addressed by the Special Master, as has already occurred and is likely to occur again. Defendants

anticipate supplementing productions that were made months ago, and there are many depositions to still to take place. For instance, no Rule 30(b)(6) depositions of Entropic witnesses have occurred, and only limited Rule 30(b)(6) depositions of Defendants have taken place. Some parties are still discussing and negotiating search terms for ESI discovery, and some e-discovery productions remain to be completed. Numerous third-party subpoenas remain pending for documents and/or depositions—including on MaxLinear (the prior patent owner of the asserted patents), Broadcom (a manufacturer of components accused of infringement), Fortress Investment Group (an investor in Entropic), and named inventor Itzhak Gurantz (who DIRECTV has not yet deposed)—and DISH expects to serve additional third-party subpoenas relating to its estoppel defenses.[1] Defendants also anticipate serving updated Rule 26(a)(1) disclosures that reflect the reality that witnesses have changed over the course of this case due to personnel turnover and also as facts have developed and the patents in suit have changed. Defendants believe that an 8-month schedule for fact discovery is more realistic and therefore appropriate.[2]

Entropic relies on the schedule in *Gene Pool Techs. v. Costal Harvest, LLC*, Case No. 5:21-cv-01328-JWH-SHK (C.D. Cal.), but Entropic ignores that, as the close of fact discovery approached, the parties there were forced to seek to extend both fact and expert discovery deadlines because the originally entered scheduled proved untenable. *See* ECF Nos. 103–108, 114–115, 120, 123, 126–127, 129–130. Indeed, in many other cases the parties have extended fact and expert discovery deadlines after initially agreeing to shorter discovery periods like Entropic seeks here. *E.g.*, *Wonderland Nurserygoods Co., Ltd. (Taiwan) v. Baby Trend Inc.*, Case No. 5:21-cv-

---

[1] Defendants continue to search for named inventor Ladd El Wardani, who Defendants have been unable to serve with a subpoena due to his unknown location. Entropic has been unable to provide any address except a PO box.

[2] Entropic's argument that Defendants should not be proposing the same amount of time they did for fact discovery as in their proposal last fall is not well founded. Entropic, too, proposes the same amount of time for additional fact discovery (around five months) that it did in August 2024. *See* ECF 344.

01983, ECF No. 203 (C.D. Cal.); *Pensmore Reinforcement Techn., LLC v. Cornerstone Mfg. & Distribution, Inc.*, Case No. 5:21-cv-01556, ECF No. 93–94 (C.D. Cal.). Defendants prefer setting a realistic schedule now, so they minimize the likelihood of having to seek extensions from the Court.

   Defendants have proposed a schedule through dispositive motions for all parties. Defendants' proposed schedule allows for the Court to make its determinations on summary judgment motions before the parties engage in expensive pre-trial procedures, which may otherwise be obviated or reduced. Further, given the Court's recent denial of Defendants' motion to stay (an order that was signed before the Patent Office rejected all of the asserted '715 claims in the reexamination, *see* ECF 355-1), to the extent that rejection stands after the close of fact discovery, Defendants believe it would be wasteful and counterproductive to conduct expert discovery on the '715 patent in those circumstances. In other words, it would be a waste of party and Court resources to prepare expert reports on infringement and invalidity of claims that the Patent Office has already found invalid. Defendants may therefore return to the Court at the close of fact discovery to raise the status of the '715 patent reexamination. Given the circumstances of this case, Defendants' proposed schedule is both reasonable and necessary. The patents at issue have expired, reducing the urgency of resolving the parties' dispute and providing flexibility to ensure that the discovery process is thorough and complete. Some of the deadlines for expert discovery fall around major holidays, and therefore Defendants have built in extra time in the schedule to avoid overlap and allow effective coordination of counsel, witnesses, and experts due to reduced availability during those time periods. This works no prejudice to Entropic, and Entropic has not identified any. Defendants' proposed schedule will promote efficiency by allowing the parties to focus on the relevant issues in discovery without being constrained by impractical deadlines.

| | | |
|---|---|---|
| Dated: February 14, 2025 | | Respectfully Submitted, |
| | By: | /s/ *Christina N. Goodrich* |

Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (admitted *phv*)
Jason A. Engel (admitted *phv*)
Nathan J. Fuller (admitted *phv*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
nathan.fuller@klgates.com

Nicholas F. Lenning (admitted *phv*)
Courtney A. Neufeld (admitted *phv*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel: (206) 623-7580
Fax: (206) 370-6006
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

| | | |
|---|---|---|
| 1 | By: | /s/ *Amanda Tessar* |
| 2 | | Joseph Reid |
| | | JReid@perkinscoie.com |
| 3 | | **PERKINS COIE LLP** |
| 4 | | 11452 El Camino Real, Suite 300 |
| | | San Diego, CA 92130 |
| 5 | | Tel: (858) 720-5700 |
| 6 | | Fax: (858) 720-5799 |

Amanda Tessar (admitted *phv*)
ATessar@perkinscoie.com
Trevor Bervik (admitted *phv*)
TBervik@perkinscoie.com
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 140
Denver, CO 80202
Tel: (303) 291-2300
Fax: (303) 291-2400

Daniel T. Keese, Bar No. 280683
DKeese@perkinscoie.com
**PERKINS COIE LLP**
1120 NW Couch Street, 10th Floor
Portland, OR 97209
Tel: (503) 727-2000
Fax: (503) 727-2222

Adam G. Hester, Bar No. 311206
AHester@perkinscoie.com
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, WI 53703
Tel: (650) 838-4311
Fax: (650) 838 4350

**ATTORNEYS FOR DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.**

|     |     |
| --- | --- |
|     | By:  /s/ *Jason C. Lo* |

        Jason C. Lo, SBN 219030
        jlo@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        333 South Grand Avenue, Suite 5400
        Los Angeles, CA 90071
        Tel: (213) 229-7000
        Fax: (213) 229-7520

        Benjamin Hershkowitz (admitted *phv*)
        bhershkowitz@gibsondunn.com
        Katherine Q. Dominguez (admitted *phv*)
        kdominguez@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        200 Park Avenue
        New York, NY 10166
        Tel: (212) 351-4000
        Fax: (212) 351-4035

        Brian Buroker (admitted *phv*)
        bburoker@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        Tel: (202) 955-8500

        Nathan R. Curtis (admitted *phv*)
        ncurtis@gibsondunn.com
        Audrey Yang (admitted *phv*)
        ayang@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        2001 Ross Avenue, Suite 2100
        Dallas, TX 75201
        Tel: (214) 698-3100
        Fax: (214) 571-2900
        **ATTORNEYS FOR DEFENDANTS DIRECTV, LLC AND AT&T SERVICES, INC.**

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Christina N. Goodrich, attest that all other signatories listed herein and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

Dated: February 14, 2025        */s/ Christina N. Goodrich*
                                Christina N. Goodrich