THE YOCCA LAW FIRM LLP
MARK W. YOCCA, State Bar No. 137189
myocca@yocca.com
PAUL KIM, State Bar No. 157608
pkim@yocca.com
JARED GLICKSMAN, State Bar No. 247124
jglicksman@yocca.com
18881 Von Karman Ave, Suite 1620
Irvine, California 92612
Telephone:   (949) 253-0800
Facsimile:    (949) 253-0870

Attorneys for Third-Parties,
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>DIRECTV, LLC et al.,<br><br>                    Defendants. | Civil Action No. 2:22-cv-07775-JWH-KES<br><br>Case Transferred from E.D. Texas (2:22-cv-75-JRG) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C. AND DISH NETWORK SERVICE L.L.C.,<br><br>                    Defendants. | Civil Action No. 2:22-cv-07959-JWH-KES<br><br>Case Transferred from E.D. Texas (2:22-cv-76-JRG)<br><br>**DECLARATION OF PAUL KIM PURSUANT TO LOCAL RULE 79-5.2.2(b)(i) IN SUPPORT OF SEALING MAXLINEAR'S CONFIDENTIAL INFORMATION AND DOCUMENTS IN CONNECTION WITH THE PARTIES' DISPOSITIVE MOTIONS** |

DECLARATION OF PAUL KIM IN SUPPORT OF SEALING MAXLINEAR'S
CONFIDENTIAL INFORMATION AND DOCUMENTS

I, Paul Kim, declare:

1.     I am an attorney duly admitted to practice before all Courts of the State of California, and the United States District Court, for the Central District of California.  I am a partner with The Yocca Law Firm LLP, attorneys of record for third-parties, MaxLinear, Inc. and MaxLinear Communications LLC (collectively "MaxLinear").  I submit this declaration pursuant to Local Rule 79-5.2.2(b)(i) in support of sealing MaxLinear's confidential information and documents attached to or referenced in Plaintiff Entropic Communications, LLC's and Defendant DIRECTV, LLC's dispositive motions (hereinafter collectively, the "Parties").  I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2.     I have reviewed the documents and information attached to and/or referenced in the Parties' dispositive motions that were designated by MaxLinear as "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY."  This material contains MaxLinear's highly confidential, proprietary, and commercially sensitive information, including highly sensitive technical information concerning the design, architecture, functionality, and operation of MaxLinear's products, as well as proprietary and commercially sensitive sales presentations and data, which disclose, among other things, market analyses, direct customer names, end customer names, sales dates, shipment dates, sales regions, product IDs, quantities sold, sales prices, and gross revenue per order.  The public does not have an interest in accessing this confidential material and public disclosure would place MaxLinear at a competitive disadvantage by revealing confidential technical and business information to competitors and other market participants.  Public disclosure would also provide competitors insight into MaxLinear's business relationships, product development, technical implementation, and commercial strategies, thereby causing

1

DECLARATION OF PAUL KIM IN SUPPORT OF SEALING MAXLINEAR'S CONFIDENTIAL INFORMATION AND DOCUMENTS

concrete and particularized competitive harm. I am informed and believe that this material has been maintained in confidence and is not available through public sources.

3.     Good cause and/or compelling reasons exist to seal MaxLinear's above referenced confidential information and documents. *See Aya Healthcare Servs. v. Amn Healthcare, Inc.* (S.D.Cal. Apr. 20, 2020, No. 17cv205-MMA (MDD)) 2020 WL 1911502, at *5 ("The Court agrees that compelling reasons exist to seal references . . . to Defendants' proprietary business records that detail sensitive financial terms, proprietary business strategies, and confidential negotiations and agreements with third parties."); *Roberts v. Bloom Energy Corp.* (N.D.Cal. Oct. 21, 2020, No. 19-cv-02935-HSG) 2020 WL 6162117, at *4 (granting application to seal information related to confidential third-party agreement); *In re Qualcomm Litig.* (S.D.Cal. Apr. 10, 2019) 2019 WL 1557656, at *3 (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'").

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on this date, in Irvine, California.

_____
/s/ Paul Kim
Paul Kim

2

DECLARATION OF PAUL KIM IN SUPPORT OF SEALING MAXLINEAR'S CONFIDENTIAL INFORMATION AND DOCUMENTS